**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re<br><br>Diamond Comic Distributors, Inc.,<br><br>　　　　Debtor.<br><br>Tax I.D. No. 52-1243450 | Case No. 25-10308 (___)<br><br>Chapter 11 |
| In re<br><br>Diamond Select Toys & Collectibles, Inc.,<br><br>　　　　Debtor.<br><br>Tax I.D. No. 52-2146585 | Case No. 25-10312 (___)<br><br>Chapter 11 |
| In re<br><br>Comic Holdings, Inc.,<br><br>　　　　Debtor.<br><br>Tax I.D. No. 52-1837457 | Case No. 25-10311(___)<br><br>Chapter 11 |
| In re<br><br>Comic Exporters, Inc.,<br><br>　　　　Debtor.<br><br>Tax I.D. No. 52-1837458 | Case No. 25-10309 (___)<br><br>Chapter 11 |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER DIRECTING THE JOINT
ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their undersigned counsel, respectfully move (this "Motion") as follows:

**Relief Requested**

1.　The Debtors respectfully request entry of an order, substantially in the form attached as **Exhibit A**, directing joint administration of these cases for procedural purposes only.

53186084.4

2. The Debtors also request that (a) the Court maintain one file and one docket for the jointly-administered chapter 11 cases under the case number assigned to Diamond Comic Distributors, Inc., and (b) these chapter 11 cases be administered under a consolidated caption, substantially as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re<br><br>Diamond Comic Distributors, Inc. *et al*,<br><br>Debtors.[1] | Case No. 25-10308 (___)<br><br>Chapter 11<br><br>(Joint Administration Requested) |

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

3. The Debtors request that the Court find that the proposed caption satisfies the requirements of section 342(c)(1) of title 11 of the United States Code (as amended, the "<u>Bankruptcy Code</u>").

4. The Debtors also request that the Court make separate docket entries in each of the Debtors' chapter 11 cases (except that of Diamond Comic Distributors, Inc.) to reflect the joint administration of these cases, substantially similar to the following:

> An order has been entered in this case consolidating this case with the case of Diamond Comic Distributors, Inc. (Case No. 25-10308 (___)) for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 25-10308 (___) should be consulted for all matters affecting this case.

53186084.4

**Jurisdiction and Venue**

5. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and *Standing Order 2012-05* from the United States District Court for the District of Maryland. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory predicate for the relief requested herein are sections 105(a) and 342(c) of the Bankruptcy Code, as supplemented by rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 1015-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland (the "Local Bankruptcy Rules").

**Background**

7. On the date hereof, (the "Petition Date"), each Debtor commenced a case under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

8. A description of the Debtors' business, the reasons for commencing these cases, the relief sought from the Court, and the facts and circumstances supporting this Motion are set forth in the *Declaration of Robert Gorin in Support of Chapter 11 Petitions and First Day Relief* (the "First Day Declaration") filed concurrently with this Motion and incorporated herein by reference.

**Basis for Relief Requested**

9. Bankruptcy Rule 1015(b) provides that, if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of

3

the estates." Fed. R. Bankr. P. 1015(b). The Debtors in these cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code:

> The term "affiliate" means—
>
> (A) entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . .
>
> (B) corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . .
>
> (C) person whose business is operated under a lease or operating agreement by a debtor, or person substantially all of whose property is operated under an operating agreement with the debtor; or
>
> (D) entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement.

10. As identified in the First Day Declaration, all of the Debtors are direct or indirect subsidiaries of non-debtor Stephen A. Geppi Revocable Trust and non-debtor Stephen A. Geppi Irrevocable Trust. Diamond Comic Distributors, Inc., is owned by non-debtor SG Resource LLC (99%) and non-debtor Stephen A. Geppi Revocable Trust (1%). Debtors Comic Holdings Inc., and Comic Exporters Inc., are wholly owned by Debtor Diamond Comic Distributors, Inc., and in turn each own 50% of non-debtor affiliate Diamond Comic Distributors UK. Debtor Diamond Select Toys & Collectibles, Inc., is owned by non-debtor DST Investments, LLC (99%) and non-debtor Stephen A. Geppi Revocable Trust (1%).

11. Additionally, Local Rule 1015-1 provides that this Court may order joint administration, upon the filing by the debtors of a motion for joint administration, supported by a declaration, "which establishes that the joint administration of two or more cases pending in the Court under Title 11 is warranted and will ease the administrative burden for the Court and the parties." Md. L. Bankr. R. 1015-1(b).

12.     Section 105(a) of the Bankruptcy Code further provides the Court with the power to grant the relief requested herein by permitting the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a).

13.     Joint administration of the Debtors' cases is warranted because it will ease the administrative burden on the Court and the parties.  In particular, joint administration of the Debtors' cases will eliminate the need for duplicative pleadings, notices, and orders in each of the respective dockets and will save the Court, the Debtors, and other parties in interest substantial time and expense when preparing and filing such documents. Further, joint administration will protect parties in interest by ensuring that they will be apprised of the various motions filed with the Court with respect to each of the Debtors' cases.  Joint administration of these cases will not adversely affect the Debtors' respective constituencies because this Motion requests only administrative, not substantive, consolidation of the Debtors' estates.

14.     For the foregoing reasons, the Debtors submit that the relief requested is necessary and appropriate and in the best interests of the Debtors, their estates, creditors and other parties in interest, and should be granted.

## Waiver of Memorandum of Law

15.     Pursuant to Local Rule 9013-2, the Debtors state that, in lieu of submitting a memorandum in support of this Motion, they will rely solely upon the grounds and authorities set forth herein.

## Notice

16.     Notice of this Motion will be given to the following parties, or, in lieu thereof, to their counsel: (i) the Office of the United States Trustee for the District of Maryland; (ii) the

Debtors' 30 largest unsecured creditors on a consolidated basis; (iii) counsel to JPMorgan Chase Bank, N.A.; (iv) the United States Attorney for the District of Maryland; (v) the offices of the attorneys general for the states in which the Debtors operate; (vi) the Internal Revenue Service; and (vii) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

[*Remainder of Page Left Intentionally Blank*]

53186084.4

**WHEREFORE**, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: January 14, 2025					**SAUL EWING LLP**

By: *Jordan D. Rosenfeld*
Jordan D. Rosenfeld (MD Bar No. 13694)
1001 Fleet Street, 9th Floor
Baltimore, MD 21202
Telephone: (410) 332-8600
Email: jordan.rosenfeld@saul.com

-and-

Jeffrey C. Hampton (*pro hac vice* pending)
Adam H. Isenberg (*pro hac vice* pending)
Turner N. Falk (*pro hac vice* pending)
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Email: jeffrey.hampton@saul.com
		adam.isenberg@saul.com
		turner.falk@saul.com

-and-

Mark Minuti (*pro hac vice* pending)
Paige N. Topper (*pro hac vice* pending)
Nicholas Smargiassi (*pro ha vice* pending)
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
Telephone: (302) 421-6800
Email: mark.minuti@saul.com
		paige.topper@saul.com
		nicholas.smargiassi@saul.com

*Proposed Counsel for Debtors and Debtors in Possession*

# Exhibit A

# Proposed Order

53186084.4

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re<br><br>Diamond Comic Distributors, Inc.,<br><br>Debtor.<br><br>Tax I.D. No. 52-1243450 | Case No. 25-10308 (___)<br><br>Chapter 11 |
| In re<br><br>Diamond Select Toys & Collectibles, Inc.,<br><br>Debtor.<br><br>Tax I.D. No. 52-2146585 | Case No. 25-10312 (___)<br><br>Chapter 11 |
| In re<br><br>Comic Holdings, Inc.,<br><br>Debtor.<br><br>Tax I.D. No. 52-1837457 | Case No. 25-10311 (___)<br><br>Chapter 11 |
| In re<br><br>Comic Exporters, Inc.,<br><br>Debtor.<br><br>Tax I.D. No. 52-1837458 | Case No. 25-10309 (___)<br><br>Chapter 11 |

**ORDER DIRECTING JOINT ADMINISTRATION OF THE
<u>DEBTORS' CHAPTER 11 CASES</u>**

53186084.4

Upon consideration of the motion (the "Motion")[1] for entry of an order, pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b) and Local Bankruptcy Rule 1015-1, directing the Debtors' chapter 11 cases to be jointly administered for procedural purposes only and granting related relief, all as more fully set forth in the Motion; and notice of the Motion was adequate and appropriate under the circumstances; and the Court having reviewed the Motion and the First Day Declaration in support thereof; and the Court having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing held before this Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED, as set forth herein.

2. The above-captioned cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 25-10308.

3. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases.

4. The Clerk of the Court shall maintain one file and one docket for the Debtors' chapter 11 cases, which file and docket shall be the file and docket for Diamond Comic Distributors, Inc., Case No. 25-10308.

5. The caption of the jointly administered cases shall read as follows:

---

[1] Capitalized terms used but not defined herein are defined in the Motion.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re<br><br>Diamond Comic Distributors, Inc., *et al*,<br><br>Debtors.[1] | Case No. 25-10308(___)<br><br>Chapter 11<br><br>(Joint Administration Requested) |

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

6. All pleadings and other papers filed in these chapter 11 cases shall bear the foregoing consolidated caption. All original docket entries shall be made in the case of Diamond Comic Distributors, Inc., Case No. 25-10308.

7. The foregoing consolidated caption satisfies the requirements of section 342(c) of the Bankruptcy Code.

8. The Clerk of Court shall make a docket entry in each of the Debtors' cases (except that of Diamond Comic Distributors, Inc.), substantially similar to the following:

> An order has been entered in this case consolidating this case with the case of Diamond Comic Distributors, Inc. (Case No. 25-10308 (___)) for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 25-10308 (___) should be consulted for all matters affecting this case.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

53186084.4

**END OF ORDER**

4