**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | |
|---|---|
| In re<br><br>Diamond Comic Distributors, Inc., *et al.*,<br><br>Debtors.[1] | Case No. 25-10308 (____)<br><br>Chapter 11<br><br>(Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS**
**TO (I) FILE (A) A CONSOLIDATED CREDITOR MATRIX AND (B) A**
**CONSOLIDATED LIST OF THE DEBTORS' TOP THIRTY CREDITORS; (II)**
**REDACT INDIVIDUAL CUSTOMER INFORMATION; AND (III) PROVIDE NOTICES**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their undersigned counsel, hereby move (this "Motion") as follows:

**Relief Requested**

1.      The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") authorizing the Debtors or their noticing and claims agent, as applicable, to (i) file a single consolidated list of creditors (the "Consolidated Creditor Matrix") and a consolidated list of the Debtors' 30 largest unsecured creditors (the "Consolidated Top 30 List");[2] (ii) redact the Individual Customer Information (as defined below); (iii) complete all mailings of notices, including notices of the commencement of these cases and of the meeting of creditors pursuant to section 341 of the Bankruptcy Code (as defined below); and (iv) granting such other and further relief as the Court deems just and proper.

---

[1]     The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585).  The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

[2]     In connection with this request, the Debtors also request authority to submit one declaration under Bankruptcy Rule 1008 verifying the validity of the Consolidated Creditor Matrix and Consolidated Top 30 List.

**Jurisdiction and Venue**

2.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and *Standing Order 2012-05* from the United States District Court for the District of Maryland. This is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory bases for the relief requested are sections 105(a), 107, and 521 of title 11 of the United States Code ("Bankruptcy Code"), as supplemented by rules 1007 and 9018 of the Federal Rules of Bankruptcy Procedures ( the "Bankruptcy Rules"), and Local Bankruptcy Rule 1007-1 of the United States Bankruptcy Court for the District of Maryland (the "Local Rules").

**Background**

4.     On the date hereof (the "Petition Date"), each Debtor commenced a case under chapter 11 of the Bankruptcy Code.  The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

5.     A description of the Debtors' business, the reasons for commencing the chapter 11 cases, the relief sought from the Court, and the facts and circumstances supporting this Motion are set forth in the *Declaration of Robert Gorin in Support of Chapter 11 Petitions and First Day Relief* (the "First Day Declaration") filed concurrently with this Motion and incorporated herein by reference.

**Basis for Relief**

I. **Request for authority to file the Consolidated Creditor Matrix and Consolidated Top 30 List.**

6. Pursuant to section 521(a)(1)(A) of the Bankruptcy Code, Bankruptcy Rule 1007(a), and Local Rule 1007-1, each chapter 11 debtor must file with its voluntary petition a creditor matrix setting forth the names and addresses of the debtor's creditors. The Debtors presently maintain various computerized lists of the names and addresses of their respective creditors, contract and lease counterparties and other parties that are or may be entitled to receive notices and other documents in these chapter 11 cases. The Debtors believe that the information may be consolidated and utilized efficiently to provide interested parties with the notices and other similar documents.

7. Given the affiliated nature of the Debtors, the Debtors submit that permitting them to maintain a single consolidated Creditor Matrix, in lieu of filing a separate creditor matrix for each Debtor, is warranted. Particularly in light of the size and scope of these chapter 11 cases and the number of the Debtors' creditors, segregating the Debtors' records to a specific creditor matrix format would be an unnecessarily burdensome task. Many creditors are creditors of more than one Debtor, and thus failure to maintain a single consolidated Creditor Matrix would result in duplicate mailings and confusion. In addition, filing a single consolidated Creditor Matrix would facilitate the U.S. Trustee's review of creditors' claims and its appointment of a creditors' committee in these cases. Under these circumstances, the exercise of satisfying the literal requirements of Bankruptcy Rule 1007(a) would only serve to frustrate its intended purpose.

8. In the absence of any corresponding benefit, the Debtors request authority to file a consolidated Creditor Matrix in lieu of filing separate lists for each Debtor. The Debtors believe

that such relief is appropriate under the circumstances for the efficient and orderly administration of these cases.

## II.     Request for authority to file Consolidated Top 30 List.

9.     Bankruptcy Rule 1007(d) provides that a chapter 11 debtor must file with its voluntary petition a list setting forth the names, addresses and claim amounts of the creditors, excluding insiders, that hold the 20 largest unsecured claims in the debtor's case (a "Top 20 List"). The Top 20 List is primarily used by the Office of the United States Trustee (the "U.S. Trustee") to evaluate the types and amounts of unsecured claims against a debtor and thus identify potential candidates to serve on an official committee of unsecured creditors appointed pursuant to section 1102 of the Bankruptcy Code.[3]

10.     The Debtors submit that a single consolidated list of their combined 30 largest unsecured creditors in these cases would be more reflective of the body of unsecured creditors that have the greatest stake in these cases than separate lists for each of the Debtors.  The Debtors believe that the Consolidated Top 30 List will alleviate administrative burdens, costs, and the possibility of duplicative service.

## III.     Request for authority to redact Individual Customer Information.

### A.     Individual Customer Information is confidential commercial information that must be protected from disclosure.

11.     Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information.  Specifically, section 107(b) provides in part that:

---

[3]     "The purpose of the separate list of 20 largest creditors required by this provision in the rules is to enable the clerk to identify members and the court to appoint immediately an unsecured creditors' committee in compliance with 11 U.S.C. § 1102(a)(1)."  *In re Dandy Doughboy Donuts, Inc.*, 66 B.R. 457, 458 (Bankr. S.D. Fla. 1986); *see also* 9 COLLIER ON BANKRUPTCY ¶ 1007.04 (Alan N. Resnick et al. eds., 16th ed. rev. 2012) ("[T]he larger [unsecured creditor] list and information about the claims of the creditors on the list enables the United States Trustee to determine the different types of claims existing in order to assure that a fully representative committee is appointed.").

> On the request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

12.    In addition, under section 105(a) of the Bankruptcy Code, the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

13.    Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code, and provides that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires to . . . protect the estate or any entity regarding a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018(a)(1).

14.    Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See, e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994); *Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995). Rather, a party seeking the protection of section 107(b) need only demonstrate that the information is "confidential" and "commercial" in nature. *In re Orion Pictures Corp.*, 21 F.3d at 27; *see also In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (recognizing that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Once it is established that the subject information qualifies as "commercial information" under section 107(b)(1), the Bankruptcy Code

mandates that this information be protected from disclosure.  *In re Orion Pictures Corp.*, 21 F.3d at 27.

15.    Many of the Debtors' customers are individuals who have disclosed their names and residential addresses (the "Individual Customer Information") to the Debtors pursuant to applicable privacy policies limiting disclosure of this information.  Individual Customer Information is primarily associated with the Collectible Grading Authority and FandomWorld business segments, which segments have a heavier direct-to-consumer focus than the retailer and wholesaler focus of the other business segments.  The Individual Customer Information is valuable commercial information, used in the operation of the Debtors' businesses, that if revealed to the Debtors' competitors could harm the Debtors' business operations.  Accordingly, the Debtors request authority to redact the Individual Customer Information.

### B.    Individual Customer Information is personally identifiable information that should be redacted from public filings.

16.    Section 107(c) of the Bankruptcy Code provides that the Court "for cause, may protect an individual with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft . . . any means of identification . . . contained in a paper filed, or to be filed in a case under" the Bankruptcy Code. 11 U.S.C. § 107(c)(1)(A).

17.    The Debtors respectfully submit that cause exists to authorize the Debtors to redact Individual Customer Information because such information could be used to perpetrate identity theft, harassment, or for other unwanted or improper purposes.

18.    Courts have granted relief similar to the relief requested in this Motion, and in doing so have expounded on the importance of authorizing debtors to redact individual creditors' personally identifiable information.  In *In re Promise Healthcare Grp., LLC*, Case No. 18-12491

(CSS) [D.I. 221] (Bankr. D. Del. Dec. 4, 2018), the Bankruptcy Court for the District of Delaware

authorized the debtors to seal their employees' home addresses, noting:

> The issue is not one of morale; it is one of protection and protecting
> the identity of the employees. . . . [I]t becomes a balancing act: what
> are we trying to protect versus what are we trying to preserve. And
> certainly, preserving the transparency of a bankruptcy and the
> identity of the creditors being revealed is part of that . . . . [T]he other
> side of that, the risk to those employees, is quite high.

*Transcript of Dec. 4, 2018 Hearing* [D.I. 228] at 18:5–7, 19:7–10, 19:14–15.  Separately, in *In re*

*L.K. Bennett U.S.A., Inc.*, Case No. 19-10760 (KG) [D.I. 46] (Bankr. D. Del. Apr. 9, 2019), the

court reiterated the balancing act noted in *Promise Healthcare*, finding that "privacy concerns win

out in this particular circumstance" and authorizing the debtor to redact employee addresses from

its creditor matrix.  *Transcript of Apr. 9, 2019 Hearing*, at 17:2–6.

19.     Moreover, in *Clover Technologies Group*, the court emphasized the importance of

protecting individuals from unnecessary disclosure of such information:

> To me it is common sense. I don't need evidence that there is, at
> best, a risk of identity theft and worse a risk of personal injury from
> listing someone's name and address on the internet by way of the
> court's electronic case filing system and, of course, the claims
> agent's website. . . . The court can completely avoid contributing to
> the risk by redacting the addresses. And while there is, of course, an
> important right of access we routinely redact sensitive and
> confidential information for corporate entities and redact
> individual's home addresses.

Case No. 19-12680 (KBO) [D.I. 146], 24:21–26:13.

20.     In this case, the risk of identity theft or injury to individual creditors outweighs the

presumption in favor of public access to judicial records and papers.  *See In re Continental Airlines*,

150 B.R. 334, 341 (D. Del. 1993).  There is minimal, if any, benefit to the public disclosure of the

Debtors' individual creditors' names and home addresses in these chapter 11 cases.  To publicly

disclose each creditor's name and home address would create an undue risk of identity theft for

the individual as well as other potential risks to their welfare.  Moreover, the Debtors' claims and noticing agent will serve the individual creditors at their personal home addresses, so these creditors will receive the same notice in these chapter 11 cases without the unnecessary public disclosure of their personal home address.

21.     Thus, despite the presumption in favor of public access, the privacy concerns at issue here support an order authorizing the Debtors or their noticing and claims agent, Omni Agent Solutions, Inc., to redact the Individual Customer Information from all of the Debtors' public filings, and provide an unredacted version of any filing containing the redacted Individual Customer Information to: (a) the Office of the United States Trustee for the District of Maryland; (b) counsel to any official committee appointed in these cases; (c) the Court; and (d) any other party that the Court may direct.

**IV.      Mailings.**

22.     In lieu of effecting service through the Office of the Clerk of this Court, the Debtors also request that they or their claims and noticing agent, Omni Agent Solutions, Inc. (the "Agent"), be approved and authorized to complete all mailings to creditors and equity holders in these cases, including notice of the commencement of these cases and notice of the meeting of creditors pursuant to section 341 of the Bankruptcy Code.  Allowing the Debtors, or their Agent, to complete their own mailings will save significant time, cost and expense for the Court and its personnel.

### Waiver of Memorandum of Law

23.     Pursuant to rule 9013-2 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland, the Debtors state that, in lieu of submitting a memorandum in support of this Motion, they will rely solely upon the grounds and authorities set forth herein.

**<u>Notice</u>**

24.     Notice of this Motion will be given to the following parties, or, in lieu thereof, to their counsel: (i) the Office of the United States Trustee for the District of Maryland; (ii) the Debtors' 30 largest unsecured creditors on a consolidated basis; (iii) counsel to JPMorgan Chase Bank, N.A.; (iv) the United States Attorney for the District of Maryland; (v) the offices of the attorneys general for the states in which the Debtors operate; (vi) the Internal Revenue Service; and (vii) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.


[*Remainder of Page Left Intentionally Blank*]

WHEREFORE, the Debtors respectfully request entry of the Proposed Order, granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: January 14, 2025

**SAUL EWING LLP**

By: */s/ Jordan D. Rosenfeld*
    Jordan D. Rosenfeld (MD Bar No. 13694)
    1001 Fleet Street, 9th Floor
    Baltimore, MD 21202
    Telephone: (410) 332-8600
    Email: jordan.rosenfeld@saul.com

    -and-

    Jeffrey C. Hampton (*pro hac vice* pending)
    Adam H. Isenberg (*pro hac vice* pending)
    Turner N. Falk (*pro hac vice* pending)
    1500 Market Street, 38th Floor
    Philadelphia, PA 19102
    Telephone: (215) 972-7777
    Email: jeffrey.hampton@saul.com
        adam.isenberg@saul.com
        turner.falk@saul.com

    -and-

    Mark Minuti (*pro hac vice* pending)
    Paige N. Topper (*pro hac vice* pending)
    Nicholas Smargiassi (*pro hac vice* pending)
    1201 N. Market Street, Suite 2300
    Wilmington, DE 19801
    Telephone: (302) 421-6800
    Email: mark.minuti@saul.com
        paige.topper@saul.com
        nicholas.smargiassi@saul.com

    *Proposed Counsel for Debtors and Debtors in Possession*