# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
## (Baltimore Division)

| | |
|---|---|
| In re | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc., *et al.*, | Chapter 11 |
| Debtors.[1] | (Joint Administration Requested) |

## DEBTORS' APPLICATION TO APPOINT OMNI AGENT SOLUTIONS, INC., AS CLAIMS AND NOTICING AGENT EFFECTIVE AS OF THE PETITION DATE

The above captioned debtors and debtors in possession (collectively the "Debtors") respectfully state as follows in support of this application (the "Application"):

## Relief Requested

1.  The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order") appointing Omni Agent Solutions, Inc., ("Omni") as claims and noticing agent in the Debtors' chapter 11 cases effective as of the Petition Date (as defined below). In support of this application, the Debtors rely upon the declaration of Paul H. Deutch, Omni's Executive Vice President, which is attached hereto as **Exhibit B** (the "Deutch Declaration").

## Jurisdiction and Venue

2.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and *Standing Order 2012-05* from the United States District Court for the District of Maryland. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

53465039.4

3.      The statutory bases for the relief requested herein are section 156(c) of title 28 of the United States Code and section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), and rule 9013-4(d) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland (the "Local Bankruptcy Rules").

### Background

4.      On the date hereof (the "Petition Date"), each Debtor commenced a case under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in the chapter 11 cases, and no committees have been appointed or designated.

5.      A description of the Debtors' businesses, the reasons for commencing the chapter 11 cases, the relief sought from the Court, and the facts and circumstances supporting this Motion are set forth in the *Declaration of Robert Gorin in Support of Chapter 11 Petitions and First Day Relief* (the "First Day Declaration") filed concurrently with this Motion and incorporated herein by reference.

### Omni's Qualifications

6.      The terms of Omni's retention are set forth in the Standard Services Agreement dated December 3, 2024, a copy of which is attached hereto as **Exhibit C** (the "Engagement Agreement"); provided, however, that Omni is seeking approval solely of the terms and provisions as set forth in this Application and the proposed order attached hereto.

7.      Omni is comprised of leading industry professionals with significant experience in the administrative aspects of large, complex chapter 11 cases.  Omni's professionals have experience in noticing, claims administration, solicitation, balloting, and facilitating other

2

administrative aspects of chapter 11 cases and experience in matters of this size and complexity. Omni has served as debtors' official claims and noticing agent and/or administrative agent in many large bankruptcy cases nationwide including: *See, e.g.*, *In re True Value Company*, L.L.C., No. 24-12337 (KBO) (Bankr. D. Del. Oct. 14, 2024); *In re Accuride Corporation*, No. 24-12289 (JKS) (Bankr. D. Del. Oct. 9, 2024); *In re Jordan Health Products I, Inc.*, No. 24-12271 (TMH) (Bankr. D. Del. Oct. 8, 2024); *In re Edgio, Inc.,* No. 24-11985 (KBO) (Bankr. D. Del. Sept. 9, 2024); *In re Guardian Elder Care at Johnstown, LLC*, No. 24-70299 (JAD) (Bankr. W.D. Pa. July 29, 2024); *In re Vyaire Medical Inc.*, No. 24-11217 (BLS) (Bankr. D. Del. June 11, 2024); *In re Turning Points For Children*, Case No. 24-11479 (AMC) (Bankr. E.D. Pa. May 1, 2024); *In re Never Slip Holdings, Inc.*, No. 24-10663 (LSS) (Bankr. D. Del. Apr. 1, 2024); *In re Hornblower Holdings LLC*, Case No. 24-90061 (MI) (Bankr. S.D. Tex. Feb. 21, 2024); *In re Senior Choice, Inc.*, Case No. 24-70040 (JAD) (Bankr. W.D. Pa. Feb. 16, 2024); *In re PM Management - Killeen I NC LLC*, Case No. 24-30240 (SGCJ) (Bankr. N.D. Tex. Jan. 29, 2024); *In re Impel Pharmaceuticals Inc.*, Case No. 23-80016 (SGJ) (Bankr. N.D. Tex. Dec. 19, 2023); *In re Ebix, Inc.*, Case No. 23-80004 (SWE) (Bankr. N.D. Tex. Dec. 17, 2023); *In re Sunlight Financial Holdings Inc.*, Case No. 23-11794 (MFW) (Bankr. D. Del. Oct. 30, 2023); *In re Shift Technologies, Inc.*, Case No. 23-30687 (HLB) (Bankr. N. D. Cal. Oct. 9, 2023); *In re UpHealth Holdings, Inc.*, Case No. 23-11476 (LSS) (Bankr. D. Del. Sept. 19, 2023); *In re AmeriFirst Financial, Inc.*, Case No. 23-11240 (TMH) (Bankr. D. Del. Aug. 24, 2023); *In re Roman Catholic Archbishop of San Francisco*, Case No. 23-30564 (DM) (Bankr. N.D. Cal. Aug. 21, 2023); *In re AeroFarms, Inc.*, Case No. 23-10737 (MFW) (Bankr. D. Del. June 8, 2023); *In re Bittrex, Inc.*, Case No. 23-10597 (BLS) (Bankr. D. Del. May 8, 2023); *In re Lannett Company, Inc.*, Case No. 23-10559 (JKS) (Bankr. D. Del. May 2, 2023); *In re DeCurtis Holdings LLC*, Case No. 23-10548 (JKS) (Bankr. D. Del. Apr. 30, 2023); *In re*

*Lincoln Power, LLC*, Case No. 23-10382 (LSS) (Bankr. D. Del. Apr. 3, 2023); *In re Independent Pet Partners Holdings, LLC*, Case No. 23-10153 (LSS) (Bankr. D. Del. Feb. 5, 2023); *In re Performance Powersports Group Investor, LLC*, Case No. 23-10047 (LSS) (Bankr. D. Del. Jan. 18, 2023).

8.     The distribution of notices and the processing of claims will be expedited, and the clerk's office will be relieved of the administrative burden of processing what may be an overwhelming number of claims by the appointment of Omni as the claims and noticing agent.

9.     Notably, this Application pertains only to the work to be performed by Omni under the Clerk's delegation of duties permitted by 28 U.S.C. § 156(c).  Any work to be performed by Omni outside of this scope is not covered by this Application or by any order granting approval hereof.  The Debtors intend to file a separate application to retain Omni as their administrative agent under section 327(a) of the Bankruptcy Code.

## <u>Scope of Services</u>

10.     Omni will perform the following tasks in its role as claims and noticing agent (the "<u>Claims and Noticing Services</u>"), as well as all quality control relating thereto:

(a)     Prepare and serve required notices and documents in the chapter 11 cases in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") in the form and manner directed by the Debtors and/or the Court, including (i) notice of the commencement of the chapter 11 cases and the initial meeting of creditors under Bankruptcy Code § 341(a), (ii) notice of any claims bar date, (iii) notices of transfers of claims, (iv) notices of objections to claims and  objections to transfers of claims, (v) notices of any hearings on a disclosure statement and confirmation of the Debtors' plan or plans of reorganization, including under Bankruptcy Rule 3017(d), (vi) notice of the effective date of any plan and (vii) all other notices, orders, pleadings, publications and other documents as the Debtors or Court may deem necessary or appropriate for an orderly administration of the chapter 11 cases;

53465039.4

(b)    Maintain an official copy of the Debtors' schedules of assets and liabilities and statement of financial affairs (collectively, "Schedules"), listing the Debtors' known creditors and the amounts owed thereto;

(c)    Maintain (i) a list of all potential creditors, equity holders and other parties in interest in accordance with Local Bankruptcy Rule 1007-1; and (ii) a "core" mailing list consisting of all parties described in sections 2002(i), (j) and (k) and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010; update said lists and make said lists available upon request by a party in interest or the Clerk;

(d)    Furnish a notice to all potential creditors of the last date for the filing of proofs of claim and a form for the filing of a proof of claim, after such notice and form are approved by this Court, and notify said potential creditors of the existence, amount and classification of their respective claims as set forth in the Schedules, which may be effected by inclusion of such information (or the lack thereof, in cases where the Schedules indicate no debt due to the subject party) on a customized proof of claim form provided to potential creditors;

(e)    Maintain a post office box or address for the purpose of receiving claims and returned mail, and process all mail received;

(f)    For *all* notices, motions, orders or other pleadings or documents served by Omni, prepare and file or caused to be filed with the Clerk an affidavit or certificate of service, consistent with Local Bankruptcy Rule 9013-4(d), within seven (7) business days of service which includes (i) either a copy of the notice served or the docket numbers(s) and title(s) of the pleading(s) served, (ii) a list of persons to whom it was mailed (in alphabetical order) with their addresses, (iii) the manner of service, and (iv) the date served;

(g)    Process all proofs of claim received, including those received by the Clerk's Office, and check said processing for accuracy, and maintain the original proofs of claim in a secure area;

(h)    Maintain the official claims register for each Debtor (the "Claims Registers") on behalf of the Clerk on a case specific website, and upon the Clerk's request, provide the Clerk with certified, duplicate unofficial Claims Registers; and specify in the Claims Registers the following information for each claim docketed: (i) the claim number assigned, (ii) the date received, (iii) the name and address of the claimant and agent, if applicable, who filed the claim, (iv) the amount asserted, (v) the asserted classification(s) of the claim (*e.g.*, secured, unsecured, priority, *etc.*), (vi) the applicable Debtor, and (vii) any disposition of the claim;

(i)    Provide public access to the Claims Registers, including complete proofs of claim with attachments, if any, without charge;

53465039.4

(j)    Implement necessary security measures to ensure the completeness and integrity of the Claims Registers and the safekeeping of the original claims;

(k)    Record all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e);

(l)    Relocate, by messenger or overnight delivery, all of the court-filed proofs of claim to the offices of Omni, not less than weekly;

(m)    Upon completion of the docketing process for all claims received to date for each case, turn over to the Clerk copies of the Claims Registers for the Clerk's review (upon the Clerk's request);

(n)    Monitor the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed and make necessary notations on and/or changes to the Claims Registers;

(o)    Assist in the dissemination of information to the public and respond to requests for administrative information regarding the case as directed by the Debtors or the Court, including through the use of a case website and/or call center;

(p)    If the case is converted to chapter 7, contact the Clerk's Office within three (3) days of the notice to Omni of entry of the order converting these cases;

(q)    Thirty (30) days prior to the close of these cases, to the extent practicable, request that the Debtors submit to the Court a proposed order dismissing Omni and terminating the services of Omni upon completion of its duties and responsibilities and upon the closing of these cases; and

(r)    Within seven (7) days of notice to Omni of entry of an order closing the chapter 11 cases, provide to the Court the final version of the Claims Registers as of the date immediately before the close of the chapter 11 cases.

11.    Omni shall not employ any past or present employee of the Debtors for work that involves the Debtors' bankruptcy cases.

## **Compensation**

12.    The Debtors respectfully request that the undisputed fees and expenses incurred by Omni in the performance of the above services be treated as administrative expenses of the Debtors' chapter 11 estates pursuant to 28 U.S.C. § 156(c) and section 503(b)(1)(A) of the Bankruptcy Code and be paid in the ordinary course of business without further application to or order of the Court.

53465039.4

13.    Omni agrees to maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and to serve monthly invoices on the Debtors, counsel for the Debtors, the office of the United States Trustee, counsel to JPMorgan Chase Bank, N.A., and counsel for any official committee.  If any dispute arises relating to the Engagement Agreement or monthly invoices, the parties shall meet and confer in an attempt to resolve the dispute; if resolution is not achieved, the parties may seek resolution of the matter from the Court.

14.    Prior to the Petition Date, the Debtors provided Omni a retainer in the amount of $50,000, which, consistent with the Engagement Agreement, was applied to pre-petition invoices. Omni seeks to hold the retainer under the Engagement Agreement during the chapter 11 cases as security for the payment of fees and expenses incurred under the Engagement Agreement.

**Omni's Disinterestedness**

15.    In connection with its retention as claims and noticing agent, Omni represents in the Deutch Declaration, among other things, that:

    (a)    Omni will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the claims and noticing agent in the chapter 11 cases;

    (b)    By accepting employment in the chapter 11 cases, Omni waives any rights to receive compensation from the United States government in connection with the Debtors' chapter 11 cases;

    (c)    In its capacity as the claims and noticing agent in the chapter 11 cases, Omni will not be an agent of the United States and will not act on behalf of the United States; and

    (d)    It is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is to be engaged.

16.    To the extent that there is any inconsistency between this Application, the Order and the Engagement Agreement, the Order shall govern.

## Basis for Relief Requested

17.    Bankruptcy Rule 2002(f) generally regulates what notices must be given to creditors and other parties in interest in bankruptcy cases.  Under Bankruptcy Rule 2002(f), the Court may direct that some person other than the clerk give notice of the various matters described below.  Furthermore, section 156(c) of title 28 of the United States Code, which governs the staffing and expenses of a bankruptcy court, authorizes the Court to use "facilities" or "services" other than the Clerk for administration of these bankruptcy cases.  Specifically, the statute provides in relevant part:

> Any court may utilize facilities or services, either on or off the court's premises, which pertain to the provision of notices, dockets, calendars, and other administrative information to parties in cases filed under the provisions of title 11, United States Code, where the costs of such facilities or services are paid for out of the assets of the estate and are not charged to the United States. The utilization of such facilities or services shall be subject to such conditions and limitations as the pertinent circuit council may prescribe.

28 U.S.C. § 156(c).

18.    Accordingly, Bankruptcy Rule 2002(f) and section 156(c) of title 28 of the United States Code enable the court to utilize outside agents and facilities for notice and claims purposes, provided that the Debtors' estates bear the cost of such services.

19.    Before the selection of Omni, the Debtors reviewed and compared engagement proposals from two other court-approved claims and noticing agents to ensure selection through a competitive process.  The Debtors submit, based on the engagement proposals obtained and reviewed, that Omni's rates are competitive and reasonable given its quality of services and expertise.  Although the Debtors have not yet filed their schedules of assets and liabilities, they anticipate that there will be over 1,300 parties in interest to be noticed in these cases.  In view of the number of anticipated claimants and the complexity of the Debtors' businesses, the

8

appointment of a claims and noticing agent is both necessary and in the best interests of the Debtors' estates and their creditors because the Debtors will be relieved of the burdens associated with the Claims and Notice Services. Accordingly, the Debtors will be able to devote their attention and resources to their restructuring efforts.

20.     Moreover, relief as of the Petition Date is warranted. In accordance with the Debtors' request, Omni has agreed to serve as the Debtors' claims and noticing agent on and after the Petition Date with assurances that the Debtors would seek approval of its employment and retention, effective as of the Petition Date, so that Omni can be compensated for services rendered before approval of this Application. The Debtors believe that no party in interest will be prejudiced by the granting of relief as of the Petition Date as proposed in this Application, because Omni has provided and continues to provide valuable services to the Debtors' estates during the interim period.

21.     Accordingly, the Debtors respectfully request entry of an order authorizing the Debtors to retain and employ Omni as claims and noticing agent effective as of the Petition Date.

## Waiver of Memorandum of Law

22.     Pursuant to Local Bankruptcy Rule 9013-2, the Debtors state that, in lieu of submitting a memorandum in support of this Motion, the Debtors will rely on the grounds and authorities set forth herein.

## Notice

23.     Notice of this Motion will be given to the following parties, or, in lieu thereof, to their counsel: (i) the Office of the United States Trustee for the District of Maryland; (ii) the Debtors' 30 largest unsecured creditors on a consolidated basis; (iii) counsel to JPMorgan Chase Bank, N.A.; (iv) the United States Attorney for the District of Maryland; (v) the offices of the

attorneys general for the states in which the Debtors operate; (vi) the Internal Revenue Service; and (vii) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

Dated: January 14, 2025

SAUL EWING LLP

By: */s/ Jordan D. Rosenfeld*
Jordan D. Rosenfeld (MD Bar No. 13694)
1001 Fleet Street, 9th Floor
Baltimore, MD 21202
Telephone: (410) 332-8600
Email: jordan.rosenfeld@saul.com

-and-

Jeffrey C. Hampton (*pro hac vice* pending)
Adam H. Isenberg (*pro hac vice* pending)
Turner N. Falk (*pro hac vice* pending)
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Email: jeffrey.hampton@saul.com
          adam.isenberg@saul.com
          turner.falk@saul.com

-and-

Mark Minuti (*pro hac vice* pending)
Paige N. Topper (*pro hac vice* pending)
Nicholas Smargiassi (*pro hac vice* pending)
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
Telephone: (302) 421-6800
Email: mark.minuti@saul.com
          paige.topper@saul.com
          nicholas.smargiassi@saul.com

*Proposed Counsel for Debtors and Debtors in Possession*