## Exhibit A

**Proposed Interim Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re<br><br>Diamond Comic Distributors, Inc., *et al.*,<br><br>Debtors.[1] | Case No. 25-10308 (DER)<br><br>Chapter 11<br><br>(Joint Administration Requested) |

**INTERIM ORDER (I) APPROVING DEBTORS' PROPOSED FORM OF
ADEQUATE ASSURANCE OF PAYMENT TO UTILITY COMPANIES,
(II) ESTABLISHING PROCEDURES TO RESOLVE REQUESTS FOR
ADDITIONAL ASSURANCE AND (III) PROHIBITING UTILITY COMPANIES
FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE**

Upon consideration of the motion (the "Motion")[2] for entry of an interim order (this "Interim Order") (i) approving Debtors' proposed form of adequate assurance of payment to the Utility Companies, (ii) establishing procedures for resolving requests by any Utility Company for additional adequate assurance of payment, and (iii) prohibiting utility companies from altering, refusing, or discontinuing service or discriminating against the Debtors solely on the basis of the

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

53127228.12

commencement of these cases or that the Debtors did not pay a debt when due prepetition, all as more fully set forth in the Motion; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and upon consideration of the First Day Declaration in support thereof; and the Court having found that consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue of this proceeding in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Motion as set forth therein is sufficient under the circumstances; and the Court having reviewed the Motion and having considered statements in support of the Motion on an interim basis at the hearing held before this Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein on an interim basis.

2. The final hearing on the Motion shall be held on _____, 2025, at __:__ _.m. (prevailing Eastern Time) at the United States Bankruptcy Court for the District of Maryland, 101 W Lombard St, Suite 8530, Baltimore, Maryland 21201.  Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m. (prevailing Eastern Time), on _____, 2025.  If no responses or objections are filed to the Motion and entry of this Interim Order on a final basis, the Court may enter a final order without further notice or hearing.

3. Responses or objections to the Motion and entry of a final order with respect to the Motion must: (i) be made in writing; (ii) state with particularity the grounds for the response or objection; (ii) conform to the Bankruptcy Rules and the Local Rules; and (iv) be served upon (a)

proposed counsel to the Debtors, Saul Ewing LLP, 1500 Market Street, 38th Floor, Philadelphia, Pennsylvania 19102, Attn: Jeffrey C. Hampton (jeffrey.hampton@saul.com) and Adam H. Isenberg (adam.isenberg@saul.com), and 1201 N. Market Street, Suite 2300, Wilmington, Delaware 19801, Attn: Paige N. Topper (paige.topper@saul.com); (b) counsel to DIP Lender, Troutman Pepper Locke LLP, 111 Huntington Avenue, 9th Floor, Boston, Massachusetts 02199, Attn: Jonathan W. Young (jonathan.young@troutman.com), David Ruediger (david.ruediger@troutman.com), and Katherine Culbertson (katherine.culbertson@troutman.com) (c) the Office of the United States Trustee for the District of Maryland, Attn: Gerard R. Vetter (gerard.r.vetter@usdoj.com); and (d) any statutory committee appointed in these cases.

4.     The Debtors shall, within 20 days of the Petition Date, furnish Utility Companies with adequate assurance of payment for postpetition services by establishing the Adequate Assurance Deposit in the amount of $28,000 and depositing such amount in the Adequate Assurance Deposit Account.  The Adequate Assurance Deposit Account shall comply with section 345(b) of the Bankruptcy Code.  The foregoing amount may be adjusted by the Debtors as follows: (i) reducing the amount held in the Adequate Assurance Deposit Account to account for the payment and termination of Utility Services by the Debtors for any given account; (ii) modifying the amount held in the Adequate Assurance Deposit Account on the basis of agreements reached with Utility Companies regarding Additional Assurance Requests, including, to the extent any Utility Company receives any other value from the Debtors as adequate assurance of payment, reducing the Adequate Assurance Deposit maintained in the Adequate Assurance Deposit Account on account of such Utility Company by the amount of such other value; and (iii) adding additional

amounts in the event the Debtors amend the Utility Companies List to add one or more additional Utility Companies.

5. The Debtors are authorized to pay on a timely basis, in accordance with their prepetition practices, all undisputed invoices for Utility Services rendered by the Utility Companies to the Debtors on and after the Petition Date.

6. Absent compliance with the Additional Assurance Procedures set forth in the Motion and this Interim Order, the Utility Companies are prohibited from (a) altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtors on the basis of the commencement of these chapter 11 cases or on account of any unpaid prepetition charges; or (b) requiring additional adequate assurance of payment other than the Adequate Assurance Deposit, in conjunction with the Debtors' ability to pay for future Utility Services in the ordinary course of business (collectively, the "Proposed Adequate Assurance"), as a condition of the Debtors receiving such Utility Service.

7. The following Adequate Assurance Procedures are approved:

   a. Any Utility Company desiring assurance of future payment for Utility Services beyond the Proposed Adequate Assurance must serve a request (an "Additional Assurance Request") upon the Debtors at the following addresses: (i) Diamond Comic Distributors, Inc., c/o Robert Gorin, CRO, Getzler Henrich & Associates LLC, 1110 Brickell Avenue, 400-64, Miami, Florida 33131 (rgorin@getzlerhenrich.com), and proposed counsel to the Debtors, Saul Ewing LLP, 1500 Market Street, 38th Floor, Philadelphia, Pennsylvania 19102, Attn: Jeffrey C. Hampton (jeffrey.hampton@saul.com) and Adam H. Isenberg (adam.isenberg@saul.com), and 1201 N. Market Street, Suite 2300, Wilmington, Delaware 19801, Attn: Paige N. Topper (paige.topper@saul.com) and Nicholas Smargiassi (nicholas.smargiassi@saul.com) (together, the "Notice Parties").

   b. Any Additional Assurance Request must: (i) specify the amount and nature of assurance of payment that would be satisfactory to the Utility Company; (ii) be made in writing; (iii) set forth the location(s) for which Utility Services are provided and the relevant account number(s); (iv) describe any deposits or other security currently held by the requesting Utility Company; (v) explain whether the Debtors prepay for the Utility Company's services; (vi) describe any payment delinquency

or irregularity by the Debtors for the postpetition period, if any; and (vii) explain why the requesting Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

c. Upon the Notice Parties' receipt of an Additional Assurance Request at the addresses set forth in subparagraph (a) above, the Debtors shall promptly negotiate with such Utility Company to resolve such Utility Company's Adequate Assurance Request.

d. The Debtors, in their discretion, may resolve any Additional Assurance Request by mutual agreement with the requesting Utility Company and without further order of the Court, and may, in connection with any such resolution, in their discretion, provide the requesting Utility Company with additional assurance of future payment in a form satisfactory to the Utility Company, including, but not limited to, cash deposits, prepayments, other forms of security, or any combination of the above, if the Debtors believe such additional assurance is reasonable.

e. If the Debtors determine that an Additional Assurance Request is not reasonable, and the parties are not able to resolve such request, the Debtors will request a hearing before the Court to determine the adequacy of assurances of payment made to the requesting Utility Company (the "Determination Hearing"), pursuant to section 366(c)(3)(A) of the Bankruptcy Code.

f. Pending the resolution of the Additional Assurance Request at a Determination Hearing, the Utility Company making such request shall be restrained from discontinuing, altering, or refusing service to, or discriminating against, the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

g. Any Utility Company that does not comply with the Adequate Assurance Procedures is prohibited from discontinuing, altering, or refusing service to, or discriminating against, the Debtors on account of any unpaid prepetition charges, or requiring additional assurance of payment beyond the Proposed Adequate Assurance.

8. The Debtors are authorized, in their sole discretion, to amend the Utility Companies List to add or delete any Utility Company, and this Interim Order, including the Adequate Assurance Procedures, shall apply to any Utility Company that is subsequently added to the Utility Companies List. Any such amended Utility Companies List shall be filed with the Court and served with this Interim Order.

9. No money may be withdrawn from the Adequate Assurance Deposit Account except (a) in compliance with the Adequate Assurance Procedures or this Interim Order, (b) by mutual agreement of the Debtors and the applicable Utility Company, or (c) by further order of the Court. If the Debtors fail to pay for any legitimate postpetition Utility Services when due, then a Utility Company may access only that portion of the Adequate Assurance Deposit owing to it in the Adequate Assurance Deposit Account.

10. Notwithstanding anything to the contrary in any other order of this Court, including any DIP financing order, no creditor, including the DIP lender, shall have any interest in or lien on the Adequate Assurance Deposit; provided that the Debtors' interest in any unused or refunded portion of the Adequate Assurance Deposit shall be subject to any liens granted to the DIP lender in accordance with any DIP financing order.

11. Nothing in the Motion or this Interim Order, including the Debtors' payment of any claims pursuant to this Interim Order, shall be deemed or construed as (i) an admission as to the validity or priority of any claim against the Debtors, (ii) a waiver of the Debtors' right to dispute any claim, or an approval or assumption, or rejection of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, or (iii) an admission as to whether any particular Utility Company is or is not a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtors' rights and defenses wither respect thereto are reserved and preserved.

12. All funds held in the Adequate Assurance Deposit Account shall be returned to Debtors upon the earlier of: (i) the sale of all or substantially all of the Debtors' assets; (ii) the effective date of a chapter 11 plan; or (iii) the date these cases are dismissed.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

53127228.12

14. The requirements of Bankruptcy Rule 6003(b) are satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

15. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and, to the extent possible, the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice.

16. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

17. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**END OF ORDER**