Entered: January 16th, 2025
Signed: January 16th, 2025

**SO ORDERED**



DAVID E. RICE
U. S. BANKRUPTCY JUDGE

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc., *et al.*, | Chapter 11 |
| Debtors.[1] | (Joint Administration Requested) |

**ORDER AUTHORIZING RETENTION AND APPOINTMENT
OF OMNI AGENT SOLUTIONS, INC., AS CLAIMS AND
NOTICING AGENT EFFECTIVE AS OF PETITION DATE**

Upon consideration of the Application (the "Application"),[2] pursuant to 28 U.S.C. § 156(c)

and section 105(a) of the Bankruptcy Code for an order authorizing the retention and appointment

of Omni Agent Solutions, Inc. ("Omni"), as claims and noticing agent to (i) distribute required

notices to parties in interest, (ii) receive, maintain, docket and otherwise administer the proofs of

claim filed in the Debtors' chapter 11 cases, and (iii) provide such other administrative services –

as required by the Debtors – that would fall within the purview of services to be provided by the

---

[1]     The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification
numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc.
(7458); and Diamond Select Toys & Collectibles, LLC (6585).  The Debtors' mailing address is: 10150 York
Road, Suite 300, Hunt Valley, Maryland 21030.

[2]     Capitalized terms used but not otherwise defined herein are defined in the Application.

Clerk's Office; and upon the First Day Declaration and the Deutch Declaration submitted in support of the Application; and the Court being authorized under 28 U.S.C. § 156(c) to utilize, at the Debtors' expense, outside agents and facilities to provide notices to parties in chapter 11 cases and to receive, docket, maintain, photocopy and transmit proofs of claim; and the Court being satisfied that Omni has the capability and experience to provide such services and that Omni does not hold an interest adverse to the Debtors or the estates respecting the matters upon which it is to be engaged; and good and sufficient notice of the Application having been given; and no other or further notice being required; and it appearing that the employment of Omni is in the best interests of the Debtors, their estates and their creditors; and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.　　Notwithstanding the terms of the Engagement Agreement attached to the Application, the Application is approved solely as set forth in this Order.

2.　　The Debtors are authorized to retain Omni effective as of the Petition Date under the terms of the Engagement Agreement, and Omni is authorized and directed to perform noticing services and to receive, maintain, record and otherwise administer the proofs of claim filed in these chapter 11 cases, and all related tasks, all as described in the Application (the "Claims and Noticing Services").

3.　　The Clerk shall provide Omni with Electronic Case Filing ("ECF") credentials that allow Omni to receive ECF notifications, file certificates of service and affidavits of service.

4.　　Omni shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in these chapter 11 cases and is authorized and directed to maintain official Claims Registers for each of the Debtors, to provide public access to

2

every proof of claim unless otherwise ordered by the Court and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

5.  Omni is authorized and directed to obtain a post office box or address for the receipt of proofs of claim.

6.  Omni is authorized to take such other action to comply with all duties set forth in the Application.

7.  Omni shall comply with all requests of the Clerk and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c).

8.  The Clerk is directed to terminate the ability of parties to file electronic claims with the Court as soon as practicable after the entry of this Order.

9.  Any claims filed with either Omni or the Clerk's Office shall be deemed filed as of the date the claim is received by Omni or the Clerk's office.  The Clerk's Office shall transmit any claims it receives with a filed date stamp to Omni via postage prepaid envelopes provided by Omni to the Clerk's Office.

10. The Debtors are authorized to compensate Omni in accordance with the terms of the Engagement Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by Omni and the rates charged for each, and to reimburse Omni for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Omni to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses; provided that, at the time Omni sends its invoices to the Debtors, Omni shall also provide its invoices to the office of the United States Trustee and counsel for any official committee appointed in these cases.

11.     Omni will not seek any compensation from the United States government for or in connection with any services it provides in accordance with this Order.

12.     Omni shall maintain records of all services showing dates, categories of services, fees charged, and expenses incurred, and shall serve monthly invoices on the Debtors, counsel for the Debtors, the Office of the United States Trustee, counsel for JPMorgan Chase Bank, N.A., counsel for any official committee, and any party in interest who specifically requests service of the monthly invoices.

13.     The parties shall meet and confer in an attempt to resolve any dispute that may arise relating to the Engagement Agreement or monthly invoices, and the parties may seek resolution of the matter from the Court if resolution is not achieved.

14.     Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Omni under this Order shall be an administrative expense of the Debtors' estates.

15.     Omni may apply its retainer to all pre-petition invoices, which retainer shall be replenished to the original retainer amount, and thereafter, Omni may hold its retainer under the Engagement Agreement during the chapter 11 cases as security for the payment of fees and expenses incurred under the Engagement Agreement.

16.     The Debtors shall indemnify Omni  under the terms of the Engagement Agreement subject to the modifications set forth herein.

17.     Omni shall not be entitled to indemnification, contribution, or reimbursement for services other than the services provided under the Engagement Agreement, as modified pursuant to this Order.  All requests of Omni for payment of indemnity pursuant to the Engagement Agreement shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms

of the Engagement Agreement and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought; *provided*, *however*, that in no event shall Omni be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct.

18.     In the event that Omni seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Engagement Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Omni's own applications, both interim and final, but determined by this Court after notice and a hearing.

19.     After entry of an order terminating Omni's services, upon the close of these chapter 11 cases, or for any other reason, Omni shall be responsible for archiving all proofs of claim with the Federal Archives Record Administration, if applicable, or as otherwise directed, and shall be compensated by the Debtors for such archiving services.

20.     In the event Omni is unable to provide the services set out in this Order, Omni will immediately notify the Clerk and Debtors' counsel and cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and Debtors' counsel.

21.     The Debtors may submit a separate retention application, pursuant to 11 U.S.C. § 327 and any applicable law, for work that is to be performed by Omni but is not specifically authorized by this Order.

22.     Notwithstanding anything to the contrary in the Engagement Agreement or this Order, Omni recognizes that for purposes of these chapter 11 cases, it is being retained solely by the Debtors and not by any of the Debtors' professionals.  Only the Debtors shall have the ability

5

to terminate Omni's retention in these chapter 11 cases pursuant to the provisions of the Engagement Agreement and subject to the approval of the Court.

23.     Notwithstanding anything to the contrary in the Engagement Agreement, Omni shall not seek reimbursement of any fees or costs arising from the prosecution or defense of any of Omni's monthly fee statements or fee applications in these chapter 11 cases.

24.     Notwithstanding anything to the contrary in the Engagement Agreement, any invoices that remain unpaid after thirty (30) days shall not incur any interest charges in these chapter 11 cases.

25.     The Debtors and Omni are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

26.     Notwithstanding anything to the contrary in the Engagement Agreement, the Court shall have jurisdiction over Omni's engagement during the pendency of these chapter 11 cases, and any binding or mandatory arbitration provisions shall not apply during these chapter 11 cases.

27.     All parties in interest shall retain the right to object to any demand by Omni for indemnification, contribution, or reimbursement.

28.     Omni shall not cease providing claims processing services during the chapter 11 case(s) for any reason, including nonpayment, without an order of the Court; provided, however, that Omni may seek the entry of such an order on an expedited basis.

29.     In the event of any inconsistency between the Engagement Agreement, the Application and this Order, this Order shall govern.

**END OF ORDER**