Entered: January 16th, 2025
Signed: January 16th, 2025

**SO ORDERED**



DAVID E. RICE
U. S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | |
|---|---|
| In re<br><br>Diamond Comic Distributors, Inc., *et al.*,<br><br>Debtors.¹ | Case No. 25- 10308 (DER)<br><br>Chapter 11<br><br>(Joint Administration Requested) |

**INTERIM ORDER (I) AUTHORIZING DEBTORS TO (A) CONTINUE INSURANCE POLICIES AND AGREEMENTS RELATING THERETO, (B) HONOR CERTAIN PREPETITION OBLIGATIONS IN RESPECT THEREOF, AND (C) RENEW, REVISE, EXTEND, SUPPLEMENT OR ENTER INTO NEW INSURANCE COVERAGE, AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")² for entry of an interim order (this "Interim Order") authorizing the Debtors to (i) continue their insurance policies and agreements relating thereto, (ii) honor certain prepetition obligations in respect thereof, and (iii) renew, revise, extend, supplement or enter into new insurance coverage as needed in their business judgment; and the Court having found that it has jurisdiction to consider the Motion and the relief requested

---

¹ The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

² Capitalized terms used but not defined herein are defined in the Motion.

53732180.2 01/15/2025

therein pursuant to 28 U.S.C. §§ 157 and 1334; and upon consideration of the First Day Declaration in support thereof; and the Court having found that consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue of this proceeding in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Motion as set forth therein is sufficient under the circumstances; and the Court having reviewed the Motion and having considered statements in support of the Motion on an interim basis at the hearing held before this Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein on an interim basis.

2. The final hearing on the Motion shall be held on February 6, 2025, at 10:00 a.m. (prevailing Eastern Time) at the United States Bankruptcy Court for the District of Maryland, 101 W Lombard St, Suite 8530, Baltimore, Maryland 21201.  Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m. (prevailing Eastern Time), on February 3, 2025.  If no responses or objections are filed to the Motion and entry of this Interim Order on a final basis, then the Court may enter a final order without further notice or hearing.

3. Responses or objections to the Motion and entry of a final order with respect to the Motion must: (i) be made in writing; (ii) state with particularity the grounds for the response or objection; (ii) conform to the Bankruptcy Rules and the Local Rules; and (iv) be served upon (a) proposed counsel to the Debtors, Saul Ewing LLP, 1500 Market Street, 38th Floor, Philadelphia, Pennsylvania 19102, Attn: Jeffrey C. Hampton (jeffrey.hampton@saul.com) and Adam H.

Isenberg (adam.isenberg@saul.com), and 1201 N. Market Street, Suite 2300, Wilmington, Delaware 19801, Attn: Paige N. Topper (paige.topper@saul.com); (b) counsel to DIP Lender, Troutman Pepper Locke LLP, 111 Huntington Avenue, 9th Floor, Boston, Massachusetts 02199, Attn: Jonathan W. Young (jonathan.young@troutman.com), David Ruediger (david.ruediger@troutman.com), and Katherine Culbertson (katherine.culbertson@troutman.com); (c) the Office of the United States Trustee for the District of Maryland, Attn: Gerard R. Vetter (gerard.r.vetter@usdoj.com); and (d) any statutory committee appointed in these cases.

4.      The Debtors are authorized, but not directed, to pay and honor all prepetition obligations on account of the Insurance Obligations in amounts not to exceed $75,000 in the aggregate on an interim basis. Additionally, the Debtors are authorized, but not directed, to maintain their Insurance Policies and to pay the Insurance Obligations arising under or in connection with the Insurance Policies in the ordinary course of business as such Insurance Obligations become due, without regard to whether such Insurance Policies are listed on <u>Exhibit C</u> to the Motion.

5.      The Debtors are authorized, but not directed, to enter into new insurance policies or programs in the ordinary course of business through the renewal, supplement, revision, or extension of the Insurance Policies or the purchase of new insurance policies to the extent that the Debtors determine that such action is necessary or appropriate in their business judgment.

6.      This Interim Order shall not create any obligation on the part of the Debtors or their officers, directors, attorneys or agents to pay any of the obligations discussed herein or in the Motion, and none of the foregoing persons shall have any liability on account of any decision by the Debtors not to pay such obligations, and nothing in this Interim Order shall be deemed to

increase, reclassify, elevate to an administrative expense status or otherwise affect such obligations to the extent they are not paid.

7. All applicable banks and other financial institutions are hereby authorized and required to receive, process, honor, and pay any and all checks and transfer requests evidencing amounts paid by the Debtors under this Interim Order whether presented prior to or after the Petition Date, provided that sufficient funds are on deposit in the applicable accounts to cover such payments. Such banks and financial institutions are authorized to rely on the representations of the Debtors as to which checks are issued or authorized to be paid pursuant to this Interim Order.

8. Notwithstanding anything to the contrary in this Interim Order, any payment made or action taken by any of the Debtors pursuant to the authority granted in this Interim Order must be in compliance with, and shall be subject to any orders: (i) approving the Debtors' use of cash collateral and/or any postpetition financing facilities and (ii) approving the Debtors' continued use of their cash management system.

9. Nothing in this Interim Order or the Motion is intended or shall be construed to grant relief from the automatic stay pursuant to section 362 of the Bankruptcy Code.

10. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (i) an admission as to the validity of any prepetition claim against a Debtor entity; (ii) a waiver of the Debtors' right to dispute any prepetition claim on any grounds; (iii) a promise or requirement to pay any prepetition claim; (iv) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (v) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (vi) a waiver or limitation of the Debtors' rights or the rights of any other person under the Bankruptcy Code or

any other applicable law; or (vii) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their right to contest the extent, validity, or perfection, or to seek avoidance of all such liens.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

12. The requirements of Bankruptcy Rule 6003(a) are satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

13. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and, to the extent possible, the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice.

14. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

15. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**END OF ORDER**

53732180.2 01/15/2025