

DAVID E. RICE
U. S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | |
|---|---|
| In re | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc., *et al.*, | Chapter 11 |
| Debtors.[1] | (Joint Administration Requested) |

### INTERIM ORDER AUTHORIZING THE DEBTORS TO (I) PAY CERTAIN PREPETITION TAXES AND FEES, AND (II) GRANTING RELATED RELIEF

Upon the motion ("Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order") (i) authorizing, but not directing, the Debtors to remit and pay certain prepetition taxes and fees that will become payable during the pendency of these chapter 11 cases in the ordinary course of business, and (ii) granting related relief, all as more fully set forth the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

[2] Capitalized terms used but not defined herein are defined in the Motion.

proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and the evidence in support thereof, including the First Day Declaration, and having heard the statements in support of the relief requested in the Motion at a hearing before this Court (the "Hearing"), if any; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth herein.

2. The final hearing on the Motion shall be held on February 6, 2025, at 10:00 a.m. (prevailing Eastern Time) at the United States Bankruptcy Court for the District of Maryland, 101 W Lombard St, Baltimore, Maryland 21201.  Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m. (prevailing Eastern Time), on February 3, 2025.  If no responses or objections are filed to the Motion and entry of this Interim Order on a final basis, the Court may enter a final order without further notice or hearing

3. Responses or objections to the Motion and entry of a final order with respect to the Motion must: (i) be made in writing; (ii) state with particularity the grounds for the response or objection; (iii) conform to the Bankruptcy Rules and the Local Bankruptcy Rules; and (iv) be served upon (a) proposed counsel to the Debtors, Saul Ewing LLP, 1500 Market Street, 38th Floor, Philadelphia, Pennsylvania 19102, Attn: Jeffrey C. Hampton (jeffrey.hampton@saul.com) and Adam H. Isenberg (adam.isenberg@saul.com), and 1201 N. Market Street, Suite 2300,

Wilmington, Delaware 19801, Attn: Paige N. Topper (paige.topper@saul.com); (b) counsel to DIP Lender, Troutman Pepper Locke LLP, 111 Huntington Avenue, 9th Floor, Boston, Massachusetts 02199, Attn: Jonathan W. Young (jonathan.young@troutman.com), David Ruediger (david.ruediger@troutman.com), and Katherine Culbertson (katherine.culbertson@troutman.com); (c) the Office of the United States Trustee for the District of Maryland, Attn: Gerard R. Vetter (gerard.r.vetter@usdoj.gov); and (d) any statutory committee appointed in these cases.

4. The Debtors are authorized, but not directed, to: (i) pay or remit the Taxes and Fees that accrued prior to the Petition Date and that will become payable in the ordinary course during the pendency of these chapter 11 cases at such time when the Taxes and Fees are payable, in an amount not to exceed $290,000; and (ii) pay Taxes and Fees that arise or accrue in the ordinary course of business on a postpetition basis.

5. The Debtors' banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized, but not directed, to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

6. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

7. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (i) an admission as to the validity of any claim against a Debtor entity; (ii) a waiver of the Debtors' rights to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (v) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (vi) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (vii) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of any or all such liens.

8. Nothing in this Interim Order authorizes the Debtors to remit any "catch-up" payments, late penalties or similar fees to any of the Taxing Authorities.

9. The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and the relief requested herein is necessary to avoid immediate and irreparable harm.

10. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

12. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**END OF ORDER**