Entered: January 16th, 2025
Signed: January 16th, 2025

**SO ORDERED**



**DAVID E. RICE**
**U. S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | |
|---|---|
| In re | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc., *et al.*, | Chapter 11 |
| Debtors.[1] | (Joint Administration Requested) |

**ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY PREPETITION EMPLOYEE WAGES, BENEFITS, AND OTHER COMPENSATION OBLIGATIONS AND (B) MAINTAIN THE COMPENSATION AND BENEFITS PROGRAMS, AND (II) GRANTING RELATED RELIEF**

Upon the motion ("Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (i) authorizing the Debtors to (a) pay and honor certain prepetition wages, benefits and other compensation obligations and (b) continue to administer their employee programs, benefits and policies in the ordinary course of business, and (ii) granting related relief, all as more fully set forth in the Motion; and this Court

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

[2] Capitalized terms used but not defined herein are defined in the Motion.

having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and the evidence in support thereof, including the First Day Declaration, and having heard the statements in support of the relief requested in the Motion at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Debtors are authorized, but not directed, to (i) pay and otherwise honor the Workforce Obligations, and (ii) honor and continue the Employee Programs in the ordinary course of business; provided, that aggregate payments on account of prepetition Workforce Obligations will not exceed $1,235,500 pursuant to this Order.

3.      The Debtors are authorized, but not directed, to issue postpetition checks or to effect postpetition fund transfer requests in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed to their Employees.

4.      The Debtors' banks and other financial institutions are hereby authorized, when requested by the Debtors' in the Debtors' sole discretion, to receive, process, honor, and pay any and all checks presented for payment and electronic transfer requests made by the Debtors related to the payment of the obligations described in the Motion and approved herein, whether such checks were presented or such electronic transfer requests were submitted before, or are presented or submitted after, the Petition Date.  All such banks and financial institutions are further directed to rely on the Debtors' designation of any particular check or electronic payment request as approved pursuant to this Order.

5.      Subject to the requirements of this Order, the Debtors are authorized, but not directed, to modify, change or discontinue any of the Employee Programs or implement new Employee Programs in the ordinary course of business during the pendency of these chapter 11 cases in their discretion without the need for further Court approval.  Notwithstanding the foregoing, nothing in this Order authorizes or approves any payments or transfers subject to section 503(c) of the Bankruptcy Code, and the Debtors shall seek separate court approval of any modification that would implicate any portion of section 503(c) of the Bankruptcy Code.  Further, nothing in this Order shall be deemed to violate or permit a violation of section 503(c) of the Bankruptcy Code.

6.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (i) an admission as to the validity, amount or priority of any claim against the Debtors; (ii) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (v) a waiver of the Debtors' or any other party in interest's

rights under the Bankruptcy Code or any other applicable law; or (vi) a concession by the Debtors that any lien (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion is valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of any lien.

7.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

8.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**END OF ORDER**