IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re<br><br>Diamond Comic Distributors, Inc., *et al.*,<br><br>Debtors.[1] | Case No. 25-10308 (DER)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>**Re: D.I. 68** |

**DEBTORS' MOTION TO SHORTEN NOTICE OF THE DEBTORS' MOTION FOR AN ORDER (I) AUTHORIZING AND APPROVING BIDDING PROCEDURES FOR THE SALE OF ALL OR SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, (II) APPROVING BID PROTECTIONS, (III) SCHEDULING AN AUCTION AND A SALE HEARING, (IV) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, AND (V) ESTABLISHING NOTICE AND PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND LEASES**

Diamond Comic Distributors, Inc., and its affiliated debtors and debtors in possession (collectively, the "Debtors"), having filed contemporaneously the *Debtors' Motion for an Order (I) Authorizing and Approving Bidding Procedures for the Sale of All or Substantially All of the Debtors' Assets, (II) Approving Bid Protections, (III) Scheduling an Auction and a Sale Hearing, (IV) Approving the Form and Manner of Notice Thereof, and (V) Establishing Notice and Procedures for the Assumption and Assignment of Certain Executory Contracts and Leases* (D.I. 68) (the "Bid Procedures Motion"), respectfully submit this motion (the "Motion to Shorten"), pursuant to sections 102(1) and 105 of title 11 of the United States Code (the "Bankruptcy Code"), rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rules 9006-1 and 9013-6 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

of Maryland (the "Local Bankruptcy Rules"), for entry of an order shortening the time for notice of the hearing to consider the Bid Procedures Motion so that the Bid Procedures Motion may be considered by the Court at the hearing on February 6, 2025, at 10:00 a.m. (prevailing Eastern Time) (the "Hearing"), with any objections to the Bid Procedures Motion to be filed on or before February 3, 2025, at 4:00 p.m. (prevailing Eastern Time) (the "Proposed Objection Deadline"). In support of this Motion to Shorten, the Debtors respectfully represent as follows:

### Relief Requested

1. The Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, shortening notice of the hearing to consider the Bid Procedures Motion so that the motion can be considered at the Hearing, with any objections to the Bid Procedures Motion to be filed by the Proposed Objection Deadline.

### Background

2. On January 14, 2025 (the "Petition Date"), the Debtors each commenced a case under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the chapter 11 cases, and no committees have been appointed or designated.

3. A description of the Debtors' businesses, the reasons for commencing the chapter 11 cases, the relief sought from the Court, and the facts and circumstances supporting this Motion are set forth in the *Declaration of Robert Gorin in Support of Chapter 11 Petitions and First Day Relief* (D.I. 20) (the "First Day Declaration") and incorporated herein by reference.

4. On January 16, 2025, the court entered the *Interim Order (I) Authorizing the Debtors to Obtain Postpetition Senior Secured Financing and the Use of Cash Collateral; (II)*

*Granting Adequate Protection; (III) Granting Liens and Superpriority Administrative Expense Claims; (IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief* (D.I. 54) (the "<u>Interim DIP Order</u>"), authorizing, among other things, the Debtors to enter into a DIP financing credit agreement and obtain DIP financing to continue their business operations and administer these chapter 11 cases. The Interim DIP Order requires the Debtors to meet certain milestones (the "<u>DIP Milestones</u>"), including to obtain entry of an order approving bidding procedures no later than twenty-five days after the Petition Date (i.e., February 8, 2025). *See* Interim DIP Order ¶ 6(l). Failure to meet a DIP Milestone constitutes an event of default under the terms of the Debtors' DIP financing credit agreement and the Interim DIP Order. *Id.*

## Basis for Relief Requested

5. Section 102(1) of the Bankruptcy Code provides that the phrase "after notice and hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances." 11 U.S.C. § 102(1). Section 105(a) of the Bankruptcy Code, in turn, authorizes the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

6. Pursuant to Bankruptcy Rule 9006(c), "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). In exercising such discretion, the court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Phila. Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting the commonality of such motions "given the accelerated time frame of bankruptcy proceedings").

7. Local Bankruptcy Rule 9006-1 provides that all motions be served at least twenty-one days before the hearing date. Md. L. Bankr. R. 9006-1. However, Local Bankruptcy Rule

9013-6 permits a movant to shorten notice with respect to any motion, provided that "the movant shall file contemporaneously a separate motion requesting that the Court shorten the time within which responses may be filed and/or requesting that the Court set an expedited hearing." Md. L. Bankr. R. 9013-6.

8. The Debtors submit that good cause exists to warrant expedited consideration of the Bid Procedures Motion, and that a prompt hearing is in the best interests of the Debtors, their estates, and their creditors. The Debtors must timely comply with the DIP Milestones set forth in the Interim DIP Order to avoid triggering a default. To satisfy the DIP Milestone with respect to the entry of an order granting the Bid Procedures Motion, the Debtors must schedule the Bid Procedures Motion for a hearing before February 8, 2025. Moreover, and as detailed in the Bid Procedures Motion, the Debtors intend to conduct a competitive sale process for all or substantially all their assets to maximize value for their estates and creditors. The requested shortened notice of the Hearing will allow the Debtors to proceed with their postpetition sale process on the timeline contemplated in the Interim DIP Order as well as the proposed stalking horse asset purchase agreement. For these reasons, consideration of the Bid Procedures Motion on shortened notice is in the best interest of the Debtors' estates and creditors and is appropriate under the circumstances.

9. In addition, parties will not be prejudiced by shortening the notice because the Debtors are requesting that all objections be filed and served no later than February 3, 2025, at 4:00 p.m. (prevailing Eastern Time), which is only one day shorter than the objection deadline as set forth in Local Bankruptcy Rule 9006-1. The Proposed Objection Deadline still provides parties in interest with ample time to review and respond to the relief requested in the Bid Procedures Motion.

**Notice**

10. Notice of this Motion to Shorten will be given to the following parties, or, in lieu thereof, to their counsel: (i) the Office of the United States Trustee for the District of Maryland; (ii) the Debtors' 30 largest unsecured creditors on a consolidated basis; (iii) counsel to JPMorgan Chase Bank, N.A.; (iv) the United States Attorney for the District of Maryland; (v) the offices of the attorneys general for the states in which the Debtors operate; (vi) the Internal Revenue Service; and (vii) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors request entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as is appropriate under the circumstances.

Dated: January 21, 2025                                              **SAUL EWING LLP**

By: */s/ Jordan D. Rosenfeld*
Jordan D. Rosenfeld (MD Bar No. 13694)
1001 Fleet Street, 9th Floor
Baltimore, MD 21202
Telephone: (410) 332-8600
Email: jordan.rosenfeld@saul.com

-and-

Jeffrey C. Hampton (admitted *pro hac vice*)
Adam H. Isenberg (admitted *pro hac vice*)
Turner N. Falk (admitted *pro hac vice*)
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Email: jeffrey.hampton@saul.com
        adam.isenberg@saul.com
        turner.falk@saul.com

-and-

Mark Minuti (admitted *pro hac vice*)
Paige N. Topper (admitted *pro hac vice*)
Nicholas Smargiassi (admitted *pro hac vice*)
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
Telephone: (302) 421-6800
Email: mark.minuti@saul.com
paige.topper@saul.com
nicholas.smargiassi@saul.com

*Proposed Counsel for Debtors and Debtors in Possession*