IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re<br><br>Diamond Comic Distributors, Inc., *et al.*,<br><br>Debtors.[1] | Case No. 25-10308 (DER)<br><br>Chapter 11<br><br>(Jointly Administered) |

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF SAUL EWING LLP AS BANKRUPTCY COUNSEL TO THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE**

The above-captioned debtors and debtors in possession (the "Debtors"), hereby apply (the "Application") to the Court as follows:

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) authorizing the Debtors to retain and employ Saul Ewing LLP ("Saul Ewing" or the "Firm") as bankruptcy counsel to the Debtors in these chapter 11 cases, effective as of the Petition Date (as defined below).

2. In support of this Application, the Debtors rely on and incorporate by reference the *Declaration of Jeffrey C. Hampton in Support of the Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Saul Ewing LLP as Bankruptcy Counsel to the Debtors, Effective as of the Petition Date* (the "Hampton Declaration"), attached hereto as **Exhibit B**, and the *Declaration of Robert Gorin in Support of the Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Saul Ewing LLP as Bankruptcy Counsel to*

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

53787372.4

*the Debtors, Effective as of the Petition Date* (the "Gorin Declaration"), attached hereto as **Exhibit C**. In further support of this Application, the Debtors respectfully state as follows:

### Jurisdiction and Venue

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and *Standing Order 2012-05* from the United States District Court for the District of Maryland. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are sections 327(a), 328, 330, and 1107 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland (the "Local Bankruptcy Rules"), and Appendix D to the *Compensation Guidelines for Professionals in the United States Bankruptcy Court for the District of Maryland* (the "Compensation Guidelines").

### Background

5. On January 14, 2025 (the "Petition Date"), each Debtor commenced a case under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the chapter 11 cases, and no committees have been appointed or designated.

6. A description of the Debtors' businesses, the reasons for commencing the chapter 11 cases, the relief sought from the Court, and the facts and circumstances supporting this Motion are set forth in the *Declaration of Robert Gorin in Support of Chapter 11 Petitions and First Day Relief* [D.I. 20] (the "First Day Declaration") which is incorporated herein by reference.

53787372.4

**Basis for Relief Requested**

7.     The Debtors seek to retain Saul Ewing as their bankruptcy counsel because of the firm's extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code.  The Debtors believe that Saul Ewing's expertise and experience will enable the firm to work in an efficient and cost-effective manner on behalf of the Debtors' estates.  Additionally, Saul Ewing has worked closely with the Debtors since July 2024 in connection with assessing their restructuring alternatives and pursuing such efforts and, more recently, in preparing for these chapter 11 cases.  Saul Ewing has thus become intricately familiar with the Debtors' businesses and many of the potential legal issues that may arise in connection with these chapter 11 cases.  Accordingly, the Debtors believe that Saul Ewing is well-qualified to represent them as bankruptcy counsel in these chapter 11 cases.

**Services to be Performed**

8.     The professional services that Saul Ewing will render to the Debtors in these chapter 11 cases will include, but shall not be limited to, the following:

(a)  providing legal advice with respect to the Debtors' powers and duties as debtors in possession in the continued operation of their businesses and management of their properties;

(b)  preparing and pursuing confirmation of a plan and approval of a disclosure statement;

(c)  preparing, on behalf of the Debtors, necessary applications, motions, answers, orders, reports, and other legal papers;

(d)  appearing in Court and protecting the interests of the Debtors before the Court;

(e)  providing assistance, advice, and representation concerning any investigation of the assets, liabilities, and financial condition of the Debtors that may be required under local, state, or federal law or orders of this or any other court of competent jurisdiction;

3

(f) providing counseling and representation with respect to the assumption or rejection of executory contracts and leases, transfers of assets, and other bankruptcy-related matters arising from these chapter 11 cases; and

(g) performing all other services assigned by the Debtors to Saul Ewing as counsel to the Debtors, and to the extent the firm determines that such services fall outside of the scope of services historically or generally performed by Saul Ewing as counsel in a bankruptcy proceeding, Saul Ewing will file a supplemental declaration pursuant to Bankruptcy Rule 2014.

9. By separate application or motion, the Debtors have requested, or will request, Court approval of the retentions of: (i) Getzler Henrich & Associates LLC, to provide interim management services and a chief restructuring officer; (ii) Omni Agent Solutions, Inc., as claims and noticing agent and administrative advisor; (iii) Raymond James & Associates, Inc., as investment banker; and (iv) Stephenson Harwood LLP, as UK counsel. The Debtors also may file motions or applications to employ additional professionals.

10. These professionals work, and will continue to work, under the direction of the Debtors' management. The Debtors' management is committed to minimizing duplication of services to reduce professional costs. The Debtors further understand that Saul Ewing is prepared to work closely with each professional to ensure that there is no unnecessary duplication of effort or cost.

## Terms of Retention

11. The terms of Saul Ewing's employment provide generally that certain attorneys and other personnel within the firm will undertake this representation at their standard hourly rates, and that Saul Ewing will be reimbursed for reasonable and necessary expenses, subject to the approval of the Court in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Compensation Guidelines, and other applicable orders of this Court.

12. The present hourly rates for attorneys and paralegals of the firm are set forth in the Hampton Declaration attached hereto. These hourly rates are subject to periodic adjustments to reflect economic and other conditions and to reflect increased expertise and experience in one's area of law.

13. Saul Ewing will also seek reimbursement for reasonable and necessary expenses incurred, which may include, among other things, travel expenses, work-related meals, telephone and facsimile (outgoing only), tolls and other charges, mail and express or overnight mail charges, special or hand delivery charges, document processing, photocopying (not to exceed $0.10 per page), scanning and printing charges, vendor charges, computerized research, transcription costs, filing fees, non-ordinary overhead expenses (which shall *not* include secretarial or other overtime) and other out-of-pocket expenses incurred in providing professional services to the Debtors. Saul Ewing will charge for these expenses in a manner and at rates consistent with charges made generally to its other clients.

14. As noted above, Saul Ewing will file fee applications with the Court, and be paid in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Compensation Guidelines and orders of this Court. Saul Ewing also intends to make a reasonable effort to comply with the Office of the United States Trustee's requests for information and additional disclosures, as set forth in the *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under United States Code by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines").

## The Retainers

15. In July 2024, the Debtors retained Saul Ewing to provide advice regarding restructuring options, and in connection with such matters, received a retainer (as replenished, the

53787372.4

"Retainer"). Saul Ewing has drawn down on the Retainer, and the Debtors have replenished the Retainer, on several occasions since then. The remainder of the Retainer, in the amount of $317,989.78 as of the Petition Date, will constitute an advance security retainer to be applied against Saul Ewing's allowed fees and expenses, as permitted by the Court.

16. As set forth in the Hampton Declaration, Saul Ewing has not shared or agreed to share any of its compensation from the Debtors with any other person, other than as permitted by section 504 of the Bankruptcy Code.

### Saul Ewing's Disinterestedness

17. The standard for a debtor in possession to employ attorneys as general bankruptcy counsel is set forth in sections 327(a) and 1107 of the Bankruptcy Code, as interpreted by the Fourth Circuit. Those sections provide that a debtor in possession, with the court's approval, may employ attorneys "that do not hold or represent an interest adverse to the estate," and that are "disinterested persons." 11 U.S.C. § 327(a); *see also* 11 U.S.C. § 1107; *In re Harold & Williams Dev. Co.*, 977 F.2d 906, 909 (4th Cir. 1992) (noting that the Bankruptcy Code "vests in the bankruptcy trustee the immediate power to select candidates for employment by the bankruptcy estate"). A "disinterested person" is defined as one who does not have an interest materially adverse to the interest of the estate, by reason of any direct or indirect relationship with the debtor, or for any other reason. *See* 11 U.S.C. § 101(14).

18. As described in detail in the Hampton Declaration, Saul Ewing has conducted a search of its conflict database with respect to the Debtors and the list of parties in interest and potential parties in interest in these chapter 11 cases. The scope of that conflicts search is set out on Schedule 1 to the Hampton Declaration and the results of the conflicts search are set forth on Schedule 2 to the Hampton Declaration. Based on the results of the conflicts search, Saul Ewing

has informed the Debtors that, except as may be set forth in the Hampton Declaration, Saul Ewing (a) does not hold or represent any interest adverse to the Debtors' estates, and (b) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

19. Saul Ewing has also informed the Debtors that it will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered or arise, Saul Ewing will supplement its disclosure to the Court.

20. For the reasons set forth above, the Debtors submit that Saul Ewing's employment is necessary and in the best interests of the Debtors and their estates.

### **Post-Hoc Retention**

21. Retention of an estate professional under sections 327(a), 328, 329, 330, and 331 of the Bankruptcy Code effective as of the filing of a bankruptcy petition is commonly authorized in the Fourth Circuit via a "'post-hoc' or 'after-the-fact' application." *David v. King*, 109 F.4th 653, 664 & n.6 (4th Cir. 2024). "[P]rofessionals sometimes begin work before receiving the bankruptcy court's approval. As a result, trustees must sometimes apply for retroactive permission to employ their professionals." *Id*. at 664; *see also In re Neogenix Oncology, Inc.*, No. 12-23557 (TJC), 2013 WL 12576085, at *1 (Bankr. D. Md. Oct. 1, 2013) (approving retention effective as of the petition date). Given the Debtors' need to have Saul Ewing commence work immediately, the Debtors were not able to seek approval of Saul Ewing's retention before Saul Ewing began work. Under these circumstances, no party will be prejudiced, and Saul Ewing's retention effective as of the Petition Date should be approved.

**Waiver of Memorandum of Law**

22. Pursuant to Local Bankruptcy Rule 9013-2, the Debtors state that, in lieu of submitting a memorandum in support of this Application, the Debtors will rely solely upon the grounds and authorities set forth herein.

**Notice**

23. Notice of this Application will be given to the following parties, or, in lieu thereof, to their counsel: (i) the Office of the United States Trustee for the District of Maryland; (ii) the Debtors' 30 largest unsecured creditors on a consolidated basis; (iii) counsel to JPMorgan Chase Bank, N.A.; (iv) the United States Attorney for the District of Maryland; (v) the offices of the attorneys general for the states in which the Debtors operate; (vi) the Internal Revenue Service; and (vii) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request the entry of an order: (i) authorizing and approving the employment and retention of Saul Ewing as bankruptcy counsel to the Debtors, effective as of the Petition Date; and (ii) granting such other and further relief as the Court deems appropriate.

Diamond Comic Distributors, Inc.,
(*on behalf of itself and its affiliated debtors in possession*)

By: */s/ Robert Gorin*
Name: Robert Gorin
Title: Co-Chief Restructuring Officer