## Exhibit A

## Proposed Order

53787372.4

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re<br><br>Diamond Comic Distributors, Inc., *et al.*,<br><br>Debtors.[1] | Case No. 25-10308 (DER)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>**Re: D.I.** |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF
SAUL EWING LLP AS BANKRUPTCY COUNSEL TO THE DEBTORS,
EFFECTIVE AS OF THE PETITION DATE**

Upon consideration of the application (the "Application")[2] of the Debtors for entry of an Order, pursuant to section 327(a), 328 and 1107 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rule 2016-1, authorizing the employment and retention of Saul Ewing LLP as counsel to the Debtors, effective as of the Petition Date, as more fully described in the Application; and upon consideration of the Hampton Declaration and the Gorin Declaration; and this Court having jurisdiction to consider the Application and the relief requested therein

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

[2] Capitalized terms used but not defined herein are defined in the Application.

53787372.4

pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided under the particular circumstances; and it appearing that no other or further notice need be provided; and, based upon the Hampton Declaration, this Court finding that Saul Ewing is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code and that the retention and employment of Saul Ewing is in the best interests of the Debtors and their estates; and this Court having found that good and sufficient cause exists for the relief granted by this Order,

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. Pursuant to section 327(a) of the Bankruptcy Code, the Debtors are hereby authorized to retain and employ Saul Ewing as counsel in these chapter 11 cases, effective as of the Petition Date.

3. Saul Ewing shall apply for compensation and professional services rendered and reimbursement of expenses incurred in connection with these chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code, and applicable provisions of the Bankruptcy Rules, the Local Bankruptcy Rules, the Compensation Guidelines, and such other orders as this Court may direct, including, without limitation, any order of this Court establishing procedures for interim compensation and reimbursement of professionals retained in these chapter 11 cases.

4. Prior to applying any increases in its hourly rates beyond the rates set forth in the Application, Saul Ewing shall provide ten (10) days' notice of any such increases to the Debtors, the U.S. Trustee and counsel to any official committee appointed in these cases. The U.S. Trustee

53787372.4

retains all rights to object to any rate increase on all grounds, including, but not limited to, the reasonableness standard provided for in Bankruptcy Code section 330, and this Court retains the right to review any rate increase pursuant to Bankruptcy Code section 330.

5. Saul Ewing shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines in connection with any interim and final fee applications to be filed by Saul Ewing in these chapter 11 cases.

6. Saul Ewing shall exhaust the Retainer in satisfaction of allowed compensation and reimbursement awarded before seeking additional payments from the Debtors on account of such allowed awards.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

8. This Court retains jurisdiction over any and all matters arising, from or related to the interpretation or implementation of this Order.

53787372.4