IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re<br><br>Diamond Comic Distributors, Inc., *et al.*,<br><br>Debtors.[2] | Case No. 24-10308 (DER)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>**Hearing Date**:<br>March 5, 2025 at 2:00 p.m. (ET)<br>**Objection Deadline**:<br>February 19, 2025 |

**DEBTORS' APPLICATION PURSUANT TO 11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014 FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF OMNI AGENT SOLUTIONS, INC., AS ADMINISTRATIVE AGENT, EFFECTIVE AS OF THE PETITION DATE**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows:

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") appointing Omni Agent Solutions, Inc., ("Omni"), as administrative agent in the Debtors' chapter 11 cases effective as of the Petition Date (as defined below). In support of this application, the Debtors rely upon the declaration of Paul H. Deutch, Omni's Executive Vice President, which is attached hereto as **Exhibit B** (the "Deutch Declaration").

---

[2] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

**Jurisdiction and Venue**

2. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334, and *Standing Order 2012-05* from the United States District Court for the District of Maryland. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the application is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 327(a), 328(a), 329, 330, and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland (the "Local Bankruptcy Rules"), and Appendix D *the Compensation Guidelines for Professionals in the United States Bankruptcy Court for the District of Maryland*.

**Background**

4. On January 14, 2025 (the "Petition Date"), the Debtors each commenced a case under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the chapter 11 cases; on January 29, 2025 the Office of the United States Trustee appointed a committee of unsecured creditors.

5. A description of the Debtors' businesses, the reasons for commencing the chapter 11 cases, the relief sought from the Court, and the facts and circumstances supporting this Application are set forth in the *Declaration of Robert Gorin in Support of Chapter 11 Petitions and First Day Relief* (D.I. 20) (the "First Day Declaration"), which is incorporated herein by reference.

**Omni's Retention and Qualifications**

6. On the Petition Date, the Debtors filed an application (the "Section 156(c) Application") for an order appointing Omni as claims and noticing agent pursuant to 28 U.S.C. § 156(c) and section 105(a) of the Bankruptcy Code. The Court granted the Section 156(c) Application at the first day hearing in these cases. *See Order Authorizing Retention and Appointment of Omni Agent Solutions, Inc., as Claims and Noticing Agent Effective as of the Petition Date* (D.I. 43)

7. The Debtors believe that the administration of these cases will require Omni to perform duties outside the scope requested in the Section 156(c) Application. Therefore, to enable Omni to provide services outside the scope of the order approving the Section 156(c) Application, the Debtors submit this Application, for an order authorizing the Debtors to employ and retain Omni as administrative agent for the Debtors in accordance with the engagement agreement attached hereto as **Exhibit C** (the "Engagement Agreement").

8. Omni is comprised of leading industry professionals with significant experience in the administrative aspects of large, complex chapter 11 cases. Omni's professionals have experience in noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity. Omni has served as debtors' official claims and noticing agent and/or administrative agent in many large bankruptcy cases nationwide including: *See, e.g.*, *In re Prospect Medical Holdings, Inc.*, No. 25-80002 (SGCJ) (Bankr. N.D. Tx. Jan. 11, 2025); *In re Wilson Creek Energy, LLC.*, No. 25-70001 (JAD) (Bankr. W.D. Pa. Jan. 6, 2025); *In re Ligado Networks LLC*, No. 25-10006 (TMH) (Bankr. D. Del. Jan. 5, 2025); *In re The Little Mint, Inc.*, No. 24-04510 (JNC) (Bankr. E.D.N.C. Dec. 31, 2024); *In re First Mode Holdings, Inc.*, Case No. 24-12794 (KBO) (Bankr. D. Del. Dec.

15, 2024); *In re True Value Company, L.L.C.*, No. 24-12337 (KBO) (Bankr. D. Del. Oct. 14, 2024); *In re Accuride Corporation*, No. 24-12289 (JKS) (Bankr. D. Del. Oct. 9, 2024); *In re Jordan Health Products I, Inc.*, No. 24-12271 (TMH) (Bankr. D. Del. Oct. 8, 2024); *In re Edgio, Inc.*, No. 24-11985 (KBO) (Bankr. D. Del. Sept. 9, 2024)*; Guardian Elder Care at Johnstown, LLC*, Case No. 24-70299 (JAD) (Bankr. W.D. Pa. Aug. 1, 2024); *In re Vyaire Medical Inc.*, No. 24-11217 (BLS) (Bankr. D. Del. June 11, 2024); *In re South Hills Operations*, Case No. 24-21217 (JAD) (Bankr. W.D. Pa. May 21, 2024)*; In re Weiss Multi-Strategy Advisers LLC*, Case No. 24-10743 (MG) (Bankr. S.D.N.Y. Apr. 29, 2024); *In re Never Slip Holdings, Inc.*, No. 24-10663 (LSS) (Bankr. D. Del. Apr. 1, 2024); *Hornblower Holdings LLC*, Case No. 24-90061 (MI) (Bankr. S.D. Tex. Feb. 21, 2024)*; In re PM Management - Killeen I NC LLC*, Case No. 24-30240 (SGCJ) (Bankr. N.D. Tex. Jan. 29, 2024); *In re Impel Pharmaceuticals Inc.*, Case No. 23-80016 (SGJ) (Bankr. N.D. Tex. Dec. 19, 2023); *In re Ebix, Inc.*, Case No. 23-80004 (SWE) (Bankr. N.D. Tex. Dec. 17, 2023); *In re Sunlight Financial Holdings, Inc.*, No. 23-11794 (MFW) (Bankr. D. Del. Nov. 1, 2023); *In re UpHealth Holdings, Inc.*, No. 23-11476 (LSS) (Bankr. D. Del. Oct. 24, 2023); *In re Shift Technologies, Inc.*, Case No. 23-30687 (HLB) (Bankr. N. D. Cal. Oct. 9, 2023); *In re AmeriFirst Financial, Inc.*, Case No. 23-11240 (TMH) (Bankr. D. Del. Aug. 24, 2023); *In re Roman Catholic Archbishop of San Francisco*, Case No. 23-30564 (DM) (Bankr. N.D. Cal. Aug. 21, 2023); *In re AeroFarms, Inc.*, Case No. 23-10737 (MFW) (Bankr. D. Del. June 8, 2023); *In re Desolation Holdings, LLC*, No. 23-10597 (BLS) (Bankr. D. Del. May 10, 2023)*; In re Bittrex, Inc.*, Case No. 23-10597 (BLS) (Bankr. D. Del. May 8. 2023); *In re Lannett Co., Inc.*, No. 23-10559 (JKS) (Bankr. D. Del. May 5, 2023); *In re DeCurtis Holdings LLC*, Case No. 23-10548 (JKS) (Bankr. D. Del. Apr. 30, 2023)*; In re Lincoln Power, LLC*, No. 23-10382 (LSS) (Bankr. D. Del. Apr. 3, 2023); *In re Independent Pet Partners Holdings, LLC*, No. 23-10153 (LSS) (Bankr.

D. Del. Feb. 5, 2023); *In re Performance Powersports Group Investor, LLC*, 23-10047 (LSS) (Bankr. D. Del. Jan. 18, 2023).

9. Accordingly, the Debtors believe that Omni is well qualified to serve as administrative agent in these cases.

## Scope of Services

10. The Debtors seek to retain Omni to provide, among other things and only upon the Debtors' specific request, the following bankruptcy administrative services: assisting in the preparation of the Debtors' bankruptcy Schedules of Assets and Liabilities and the Statement of Financial Affairs, plan solicitation, balloting and tabulation, distributions, and any other service which may be agreed upon by the parties.

11. The services that Omni may provide to the Debtors are necessary to enable the Debtors to maximize the value of their estates. The Debtors believe that the services would not duplicate the services that other professionals will be providing to the Debtors. Specifically, Omni would carry out unique functions and use reasonable efforts to coordinate with the Debtors' other retained professionals to avoid the unnecessary duplication of services.

## Compensation

12. The fees that Omni will charge in connection with providing services to the Debtors are set forth in the Engagement Agreement. Prior to the Petition Date, the Debtors provided Omni a retainer in the amount of $50,000, which, consistent with the Engagement Agreement, was applied to pre-petition invoices. Omni seeks to hold the balance of retainer under the Engagement Agreement during the chapter 11 cases as security for the payment of fees and expenses incurred under the Engagement Agreement.

13. The Debtors respectfully submit that Omni's rates are competitive and comparable to the rates that its competitors charge for similar services. Indeed, the Debtors conducted a review and competitive comparison of the rates of two other firms before selecting Omni as administrative agent. The Debtors believe Omni's rates are reasonable given the quality of Omni's services and its professionals' bankruptcy expertise. Additionally, Omni will seek reimbursement from the Debtors for reasonable expenses in accordance with the terms of the Engagement Agreement.

14. Omni intends to apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in connection with the services it provides as administrative agent pursuant to the Engagement Agreement. Omni will comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and Appendix D to the Local Bankruptcy Rules, and any orders entered in the chapter 11 cases regarding professional compensation and reimbursement of expenses.

15. Additionally, under the terms of the Engagement Agreement, the Debtors have agreed to indemnify, defend, and hold harmless Omni and its members, officers, employees, representatives, and agents under certain circumstances specified in the Engagement Agreement, except in circumstances resulting solely from Omni's gross negligence or willful misconduct or as otherwise provided in the Engagement Agreement or the order granting this Application. The Debtors believe that such an indemnification obligation is customary, reasonable, and necessary to retain the services of an administrative agent in the chapter 11 cases.

## **Omni's Disinterestedness**

16. To the best of the Debtors' knowledge, except as disclosed in the Deutch Declaration, Omni (i) does not have any adverse connection with the Debtors, the Debtors' creditors, or any other party in interest or its respective attorneys and accountants, or the office of

the United States Trustee; and (ii) does not hold or represent an interest adverse to the Debtors' estates.

17. Based on the Deutch Declaration and to the best of the Debtors' knowledge, other than in connection with these cases, neither Omni nor any employee thereof has any connection with the Debtors, their creditors, the office of the United States Trustee, or any other party in interest herein; it is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code; and it does not hold or represent any interest adverse to the Debtors' estates, except as set forth herein and in the Deutch Declaration.

18. Omni will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

## Basis for Relief Requested

19. The Debtors submit that the employment and retention of Omni as administrative agent is appropriate under section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a). Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

20. Bankruptcy Rule 2014(a)(2) requires that an application for retention include:

> (A) the need for the employment; (B) the name of the person to be employed; (C) the reasons for the selection; (D) the professional services to be rendered; (E) any proposed arrangement for compensation; and (F) to the best of the applicant's knowledge, all the person's connections with: the debtor; creditors; any other party in interest; their respective attorneys and accountants; the United States trustee; and any person employed in the United States trustee's office.

Fed. R. Bankr. P. 2014(a)(2)(A-F).

21. In light of the size and complexity of these cases, the Debtors respectfully submit that retaining and employing Omni pursuant to the terms of the Engagement Agreement is necessary and in the best interests of the Debtors' estates and all parties in interest. The Debtors also believe that the terms and conditions of the Engagement Agreement are reasonable in light of the anticipated volume of creditors and other parties in interest that will be involved in these cases.

22. Accordingly, to help manage administrative tasks with respect to the creditors and other parties in interest that are expected to be involved in the Debtors' chapter 11 cases, and the complexity of such cases, the Debtors respectfully request the Court enter an order authorizing the employment and retention of Omni as the administrative agent in the chapter 11 cases pursuant to sections 327(a), 328, 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Bankruptcy Rule 2016-1.

**Post-Hoc Retention**

23. Retention of an estate professional under sections 327(a), 328, 329, 330, and 331 of the Bankruptcy Code effective as of the filing of a bankruptcy petition is commonly authorized in the Fourth Circuit via a "'post-hoc' or 'after-the-fact" application.'" *David v. King*, 109 F.4th 653, 664 & n.6 (4th Cir. 2024). "[P]rofessionals sometimes begin work before receiving the bankruptcy court's approval. As a result, trustees must sometimes apply for retroactive permission to employ their professionals." *Id*. at 664; *see also In re Neogenix Oncology, Inc.*, No. 12-23557 (TJC), 2013 WL 12576085, at *1 (Bankr. D. Md. Oct. 1, 2013) (approving retention effective as of the petition date).

**Waiver of Memorandum of Law**

24. Pursuant to Local Rule 9013-2, the Debtors state that, in lieu of submitting a memorandum in support of this Application, the Debtors will rely on the grounds and authorities set forth herein.

**Notice**

25. Notice of this Application will be given to the following parties, or, in lieu thereof, to their counsel: (i) the Office of the United States Trustee for the District of Maryland; (ii) the Debtors' 30 largest unsecured creditors on a consolidated basis; (iii) counsel to JPMorgan Chase Bank, N.A.; (iv) the United States Attorney for the District of Maryland; (v) the offices of the attorneys general for the states in which the Debtors operate; (vi) the Internal Revenue Service; and (vii) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

[*Remainder of Page Left Intentionally Blank*]

Dated: February 5, 2025

**SAUL EWING LLP**

By: /s/ *Jordan D. Rosenfeld*
Jordan D. Rosenfeld (MD Bar No. 13694)
1001 Fleet Street, 9th Floor
Baltimore, MD 21202
Telephone: (410) 332-8600
Email: jordan.rosenfeld@saul.com

-and-

Jeffrey C. Hampton (admitted *pro hac vice*)
Adam H. Isenberg (admitted *pro hac vice*)
Turner N. Falk (admitted *pro hac vice*)
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Email: jeffrey.hampton@saul.com
       adam.isenberg@saul.com
       turner.falk@saul.com

-and-

Mark Minuti (admitted *pro hac vice*)
Paige N. Topper (admitted *pro hac vice*)
Nicholas Smargiassi (admitted *pro hac vice*)
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
Telephone: (302) 421-6800
Email: mark.minuti@saul.com
       paige.topper@saul.com
       nicholas.smargiassi@saul.com

*Proposed Counsel for Debtors and Debtors in Possession*