**Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re<br><br>Diamond Comic Distributors, Inc., *et al.*,<br><br>Debtors.[1] | Case No. 25-10308 (DER)<br><br>Chapter 11<br><br>(Jointly Administered) |

**ORDER AUTHORIZING RETENTION AND APPOINTMENT
OF OMNI AGENT SOLUTIONS, INC., AS ADMINISTRATIVE AGENT FOR THE
DEBTORS, EFFECTIVE AS OF THE PETITION DATE**

Upon the Debtors' application (the "Application") pursuant to sections 327(a), 328(a), 330, and 331 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rule 2016-1 on the terms and conditions set forth in the Engagement Agreement, and upon the Declaration of Paul H. Deutch, Omni's Executive Vice President, submitted in support of the Section 327 Application (the "Deutch Declaration"), for an order authorizing the retention and appointment of Omni Agent Solutions, Inc. ("Omni"), as administrative agent for the Debtors, and the Court being satisfied that Omni has the capability and experience to provide such services and

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

that Omni does not hold an interest adverse to the Debtors or their estates respecting the matters upon which it is to be engaged; and it appearing that the Court has jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. § 1334; and it appearing that this matter is core pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that Omni is disinterested and eligible for retention pursuant to sections 101(14) and 327(a) of the Bankruptcy Code and that the terms of the Engagement Agreement are reasonable and appropriate; and good and sufficient notice of the Application having been given and no other or further notice being required; and it appearing that the employment of Omni as administrative agent is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted to the extent set forth herein.

2. The Debtors are authorized to employ and retain Omni as their administrative agent on the terms and conditions set forth in the Engagement Agreement, effective as of the Petition Date.

3. Omni is authorized to provide the administrative services warranted in these chapter 11 cases, including assisting in the preparation of the Debtors' Schedules of Assets and Liabilities and the Statement of Financial Affairs, plan solicitation, balloting and tabulation, distributions, and any other service which may be agreed upon by the parties.

4. Omni shall apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, Appendix D to the Local

53464924.1

Rules, and any orders entered in these cases regarding professional compensation and reimbursement of expenses.

5. The Debtors shall indemnify Omni under the terms of the Engagement Agreement, as modified pursuant to this Order.

6. Omni shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Agreement for services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution or reimbursement therefor are approved by the Court.

7. Notwithstanding anything to the contrary in the Engagement Agreement, the Debtors shall have no obligation to indemnify Omni, or provide contribution or reimbursement to Omni, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Omni's gross negligence, willful misconduct or actual fraud; (ii) for a contractual dispute in which the Debtors allege the breach of Omni's contractual obligations if the Court determines that indemnification, contribution or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003) and *In re Baltimore Emergency Servs. II, LLC*, 291 B.R. 382 (Bankr. D. Md. 2003); or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which Omni should not receive indemnity, contribution or reimbursement under the terms of the Engagement Agreement as modified by this Order.

8. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the chapter 11 cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing the chapter 11 cases, Omni believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or

reimbursement obligations under the Engagement Agreement (as modified by this Order), including the advancement of defense costs, Omni must file an application therefor in this Court, and the Debtors may not pay any such amounts to Omni before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Omni for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Omni. All parties in interest shall retain the right to object to any demand by Omni for indemnification, contribution or reimbursement.

9. The Debtors and Omni are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

10. In the event that these cases convert to cases under chapter 7 of the bankruptcy code, the chapter 7 trustee shall have no obligation to continue to retain Omni for any services, and Omni shall not be paid for any services rendered after conversion unless and until the chapter 7 trustee files an application to retain Omni, and such application is approved by order of the Court.

11. Notwithstanding any term in the Engagement Agreement to the contrary, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order or the engagement of Omni during the course of these bankruptcy cases.

12. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

13. In the event of any inconsistency between the Engagement Agreement, the Application and the Order, the Order shall govern.

**END OF ORDER**

53464924.1