IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re<br><br>Diamond Comic Distributors, Inc., *et al.*,<br><br>Debtors.[1] | Case No. 25-10308 (DER)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>Hearing Date:<br>March 5, 2025 at 2:00 p.m. (ET)<br>Objection Deadline:<br>February 19, 2025 |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectively move (the "Motion") as follows:

**Relief Requested**

1. The Debtors request entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"): (a) approving the Compensation Procedures (as defined herein) for an orderly, regular process for the allowance and payment of compensation and reimbursement of expenses incurred by attorneys and other professionals retained in these chapter 11 cases; and (b) granting related relief.

**Jurisdiction and Venue**

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and *Standing Order 2012-05* from the United States District Court for the District of Maryland.

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

53530601.1

This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a), 330, and 331 of title 11 of the United States Code (the "Bankruptcy Code"), as supplemented by rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2016-1 and Appendix D of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland (the "Local Bankruptcy Rules").

### Background

4. On January 14, 2025 (the "Petition Date"), each Debtor commenced a case under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases. On January 29, 2025, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee").

5. A description of the Debtors' business, the reasons for commencing the chapter 11 cases, the relief sought from the Court, and the facts and circumstances supporting this Motion are set forth in the *Declaration of Robert Gorin in Support of Chapter 11 Petitions and First Day Relief* (D.I 20) (the "First Day Declaration") and incorporated herein by reference.

### Retention of Professionals

6. The Debtors have filed or will file applications to retain certain professionals in these chapter 11 cases, including (a) Saul Ewing LLP, as restructuring counsel; (b) Raymond James & Associates, Inc., as investment banker; (c) Omni Agent Solutions, Inc., as claims and noticing agent and administrative advisor; and (d) Stephenson Harwood LLP, as special counsel

(each a "Professional," and collectively, with any other subsequently retained professionals under section 327 and/or 1103 of the Bankruptcy Code, the "Professionals"). The Debtors anticipate they also may retain other professionals pursuant to sections 327 or 328 of the Bankruptcy Code during the course of these chapter 11 cases as the need arises, and that the Committee will retain Professionals.

**The Proposed Compensation Procedures**

7. The Debtors propose that the monthly payment of compensation and reimbursement of expenses of the Professionals (the "Compensation Procedures") be structured as follows:

    (a)    Following the month or months for which compensation is sought, each Professional seeking compensation may file an application pursuant to Local Bankruptcy Rule 2016-1 and Appendix D of the Local Bankruptcy Rules for interim allowance of compensation for services rendered and reimbursement of expenses incurred during any preceding month (each, a "Monthly Fee Application") and serve such Monthly Fee Application on each of the following parties (collectively, the "Notice Parties"):

        i.    Diamond Comic Distributors, Inc., c/o Robert Gorin, CRO, Getzler Henrich & Associates LLC, 1110 Brickell Avenue, 400-64, Miami, Florida 33131 (rgorin@getzlerhenrich.com);

        ii.    the Debtors' proposed counsel, Saul Ewing LLP, 1500 Market Street, 38th Floor, Philadelphia, Pennsylvania 19102, Attn: Jeffrey C. Hampton (jeffrey.hampton@saul.com), Adam H. Isenberg (adam.isenberg@saul.com), and Turner N. Falk (turner.falk@saul.com) and 1201 North Market Street, Suite 2300, Wilmington, Delaware 19801, Attn: Paige N. Topper (paige.topper@saul.com) and Nicholas Smargiassi (nicholas.smargiassi@saul.com);

        iii.    the Office of the United States Trustee for the District of Maryland, Attn: Gerard R. Vetter (gerard.r.vetter@usdoj.gov) and Hugh M. Bernstein (hugh.m.bernstein@usdoj.gov);

        iv.    proposed counsel to the Committee, (i) Lowenstein Sandler LLP, 1251 Avenue of the Americas, New York, New York

       10020, Attn: Bruce S. Nathan (bnathan@lowenstein.com) and Gianfranco Finizio (gfinizio@lowenstein.com), and (ii) Tydings & Rosenberg LLP, One E. Pratt St., Suite 901, Baltimore, Maryland 21202, Attn: Stephen B. Gerald (sgerald@tydings.com); and

    v.    counsel to JPMorgan Chase Bank, N.A., Troutman Pepper Locke LLP, 111 Huntington Ave., 9th Floor, Boston, Massachusetts 02199, Attn: Jonathan W. Young (jonathan.young@troutman.com), David Ruediger (david.ruediger@troutman.com), and Katherine Culbertson (katherine.culbertson@troutman.com).

(b)    Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application that includes a request for compensation earned or expenses incurred during previous months. All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and applicable orders of this Court.

(c)    Parties in interest will have 14 days (or the next business day if such day is not a business day) after service of a Monthly Fee Application (the "Objection Deadline") to object to the requested fees and expenses in accordance with the procedures described in subparagraph (d) below. After expiration of the Objection Deadline, each Professional may file a certificate of no objection ("CNO") with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application. After a CNO is filed, the Debtors are authorized to pay the Professional an amount (the "Actual Monthly Payment") equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application (the "Maximum Monthly Payment") or (ii) 80% of the fees and 100% of the expenses not subject to an objection pursuant to subparagraph (d) below.

(d)    If any party in interest wishes to object to a Professional's Monthly Fee Application, it must (i) file a written objection (each, an "Objection") with the Court on or before the Objection Deadline and (ii) serve the Objection on the affected Professional and each of the other Notice Parties so that it is actually received by the other Notice Parties on or before the Objection Deadline. Any such Objection shall identify, with specificity, the objectionable fees and/or expenses, including the amount of such objected to fees and/or expenses, and the basis for such Objection. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection within 14 days after service of the Objection, then the affected Professional may either:

4

        (i) file a request with the Court for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Professional (the "Incremental Amount"), or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and rule on the Objection if requested by the parties. Payment of the Incremental Amount will be allowed upon the Court's disposal of the Objection.

(e)    Each Professional may submit its first Monthly Fee Application on or after March 1, 2025. This initial Monthly Fee Application will cover the period from the Petition Date through February 28, 2025. Thereafter, the Professionals may file Monthly Fee Applications in the manner described above.

(f)    At three-month intervals or such other intervals convenient to the Court (the "Interim Fee Period"), each Professional may file and serve on the Notice Parties an interim fee application (each, an "Interim Fee Application") for compensation and reimbursement of expenses sought by such Professional in its Monthly Fee Applications, including any holdbacks filed during the Interim Fee Period, pursuant to section 331 of the Bankruptcy Code. The Interim Fee Application must include a brief summary identifying (i) the Monthly Fee Applications that are the subject of the request; (ii) the amount of fees and expenses requested; (iii) the amount of fees and expenses approved to date or subject to an Objection; and (iv) any other information requested by the Court or required by the Bankruptcy Rules or Local Bankruptcy Rules, including Appendix D to the Local Bankruptcy Rules.

    Each Professional shall file its first Interim Fee Application on or before April 30, 2025, and the first Interim Fee Application shall cover the period from the Petition Date through March 31, 2025. Thereafter, each Professional must file its Interim Fee Application within 30 days after the end of the applicable Interim Fee Period.

(g)    The Debtors will request that the Court schedule a hearing on Interim Fee Applications at least once every three months or at such other intervals as the Court deems appropriate. Parties in interest will have 14 days after the service of an Interim Fee Application to file an Objection. The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing upon the Professional's filing of a CNO. Upon allowance by the Court of a Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all allowed fees (including the 20% holdback) and expenses not previously paid.

(h) A pending Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures. Any Professional that fails to file an Interim Fee Application when permitted will be ineligible to receive further interim payments of fees or expenses under the Compensation Procedures until such time as an Interim Fee Application is submitted by the Professional.

(i) Neither (i) the payment of or the failure to pay, in whole or in part, compensation for services and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of or the failure to file an Objection to any Monthly Fee Application or Interim Fee Application will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation for services and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals in accordance with the Compensation Procedures are subject to disgorgement until final allowance by the Court.

(j) Professionals shall file final applications for compensation and reimbursement (collectively, the "<u>Final Fee Applications</u>") by such deadline as may be established in a confirmed chapter 11 plan or in an order of the Court. All Final Fee Applications shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any applicable orders of this Court.

8. The Debtors request that the Court limit service of the Monthly Fee Applications, Interim Fee Applications and Final Fee Applications (collectively, the "<u>Applications</u>") to the Notice Parties and that all other parties that have filed a notice of appearance with the Clerk of this Court and requested notice of pleadings in these chapter 11 cases be entitled to receive only notice of hearings on the Applications (the "<u>Hearing Notice</u>"). Serving the Applications and the Hearing Notices in this manner will permit the parties most active in these chapter 11 cases to review and object to the Professionals' fees and expenses, and save unnecessary administrative and mailing expenses.

**Basis for Relief**

9. Section 330 of the Bankruptcy Code provides, in relevant part, that:

> After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328 and 329, the court may award to . . . a professional person employed under section 327 or 1103 (A) reasonable compensation for actual, necessary services rendered . . . and (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330.

10. Section 331 of the Bankruptcy Code provides, in relevant part, as follows:

> [A] debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days . . . or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331. Under section 331, professionals are limited to seeking payment of fees and expenses to no more than three times per year. However, section 331 also expressly allows a court to permit the more frequent filing of such applications. In that vein, "[c]ourts have generally recognized that in large cases it is appropriate to allow payment of professionals more frequently." *In re Mariner Post-Acute Network, Inc.*, 257 B.R. 723, 727 (Bankr. D. Del. 2000).

11. In addition, section 105(a) of the Bankruptcy Code authorizes the court to issue any order "necessary or appropriate to carry out the provisions of" the Bankruptcy Code, thereby codifying the bankruptcy court's inherent equitable powers. 11 U.S.C. § 105(a).

12. Interim compensation procedures are necessary to avoid having professionals fund the bankruptcy cases. *See In re Mariner Post-Acute Network, Inc.*, 257 B.R. at 727–28 (approving entry of such an order and explaining that more frequent payment avoids imposing an "intolerable burden" and "a significant economic disadvantage" on the debtors' professionals, while also

permitting debtors to "better manage their cash flow"). Crucial factors to consider in establishing interim compensation procedures include "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of [the attorneys for the debtors] in providing services necessary to achieve a successful reorganization of the debtors." *See In re Int'l Horizons, Inc.*, 10 B.R. 895, 897 (Bankr. N.D. Ga. 1981) (establishing procedures for monthly interim compensation).

13. Implementing the proposed Compensation Procedures is justified and in the best interest of the Debtors' estates and their creditors, especially given the complexity of these chapter 11 cases. The proposed Compensation Procedures will (i) permit the Court and all other parties to effectively monitor the fees and expenses incurred by the Professionals in these cases, (ii) reduce the burden imposed on the Court by avoiding the need for immediate review of Monthly Fee Applications, and (iii) eliminate undue financial burdens on the Professionals. The proposed Compensation Procedures will further simplify the professional fee application and review process and preempt unnecessary Court involvement and expenditure of judicial resources. Accordingly, the Debtors submit the relief requested herein is necessary, appropriate, and in the bests interests of the Debtors, their estates, and their creditors, and should be granted.

### Waiver of Memorandum of Law

14. Pursuant to Local Bankruptcy Rule 9013-2, the Debtors state that, in lieu of submitting a memorandum in support of this Motion, the Debtors will rely on the grounds and authorities set forth herein.

### Notice

15. Notice of this Motion will be given to the following parties, or, in lieu thereof, to their counsel: (i) the Office of the United States Trustee for the District of Maryland; (ii) the

Committee; (iii) counsel to JPMorgan Chase Bank, N.A.; (iv) the United States Attorney for the District of Maryland; (v) the offices of the attorneys general for the states in which the Debtors operate; (vi) the Internal Revenue Service; and (vii) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto granting the relief requested herein, and such other and further relief as the Court deems just and proper.

[*Remainder of Page Left Intentionally Blank*]

Dated: February 5, 2025 **SAUL EWING LLP**

By: /s/ *Jordan D. Rosenfeld*
Jordan D. Rosenfeld (MD Bar No. 13694)
1001 Fleet Street, 9th Floor
Baltimore, MD 21202
Telephone: (410) 332-8600
Email: jordan.rosenfeld@saul.com

-and-

Jeffrey C. Hampton (admitted *pro hac vice*)
Adam H. Isenberg (admitted *pro hac vice*)
Turner N. Falk (admitted *pro hac vice*)
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Email: jeffrey.hampton@saul.com
         adam.isenberg@saul.com
         turner.falk@saul.com

-and-

Mark Minuti (admitted *pro hac vice*)
Paige N. Topper (admitted *pro hac vice*)
Nicholas Smargiassi (admitted *pro hac vice*)
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
Telephone: (302) 421-6800
Email: mark.minuti@saul.com
         paige.topper@saul.com
         nicholas.smargiassi@saul.com

*Proposed Counsel for Debtors and Debtors in Possession*