**Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re<br><br>Diamond Comic Distributors, Inc., *et al.*,<br><br>Debtors.[1] | Case No. 25-10308 (DER)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>Re: D.I. |

**ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order establishing procedures for interim compensation and reimbursement of expenses for Professionals, all as more fully set forth in the Motion; it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

[2] Capitalized terms used but not otherwise defined herein are defined in the Motion.

being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED:

1. The Motion is GRANTED as set forth herein.

2. Except as may otherwise be provided in Court orders authorizing the retention of specific Professionals, all Professionals in these chapter 11 cases may seek monthly compensation in accordance with the following procedures:

   (a) Following the month or months for which compensation is sought, each Professional seeking compensation may file an application pursuant to Local Bankruptcy Rule 2016-1 and Appendix D of the Local Bankruptcy Rules for interim allowance of compensation for services rendered and reimbursement of expenses incurred during any preceding month (each, a "Monthly Fee Application") and serve such Monthly Fee Application on each of the following parties (collectively, the "Notice Parties"):

   i. Diamond Comic Distributors, Inc., c/o Robert Gorin, CRO, Getzler Henrich & Associates LLC, 1110 Brickell Avenue, 400-64, Miami, Florida 33131 (rgorin@getzlerhenrich.com);

   ii. the Debtors' proposed counsel, Saul Ewing LLP, 1500 Market Street, 38th Floor, Philadelphia, Pennsylvania 19102, Attn: Jeffrey C. Hampton (jeffrey.hampton@saul.com), Adam H. Isenberg (adam.isenberg@saul.com), and Turner N. Falk (turner.falk@saul.com) and 1201 North Market Street, Suite 2300, Wilmington, Delaware 19801, Attn: Paige N. Topper (paige.topper@saul.com) and Nicholas Smargiassi (nicholas.smargiassi@saul.com);

   iii. the Office of the United States Trustee for the District of Maryland, Attn: Gerard R. Vetter (gerard.r.vetter@usdoj.gov) and Hugh M. Bernstein (hugh.m.bernstein@usdoj.gov);

   iv. proposed counsel to the Committee, (i) Lowenstein Sandler LLP, 1251 Avenue of the Americas, New York, New York 10020, Attn: Bruce S. Nathan (bnathan@lowenstein.com) and Gianfranco Finizio (gfinizio@lowenstein.com), and (ii) Tydings

2

       & Rosenberg LLP, One E. Pratt St., Suite 901, Baltimore, Maryland 21202, Attn: Stephen B. Gerald (sgerald@tydings.com); and

    v.    counsel to JPMorgan Chase Bank, N.A., Troutman Pepper Locke LLP, 111 Huntington Ave., 9th Floor, Boston, Massachusetts 02199, Attn: Jonathan W. Young (jonathan.young@troutman.com), David Ruediger (david.ruediger@troutman.com), and Katherine Culbertson (katherine.culbertson@troutman.com).

(b)    Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application that includes a request for compensation earned or expenses incurred during previous months. All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and applicable orders of this Court.

(c)    Parties in interest will have 14 days (or the next business day if such day is not a business day) after service of a Monthly Fee Application (the "Objection Deadline") to object to the requested fees and expenses in accordance with the procedures described in subparagraph (d) below. After expiration of the Objection Deadline, each Professional may file a certificate of no objection ("CNO") with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application. After a CNO is filed, the Debtors are authorized to pay the Professional an amount (the "Actual Monthly Payment") equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application (the "Maximum Monthly Payment") or (ii) 80% of the fees and 100% of the expenses not subject to an objection pursuant to subparagraph (d) below.

(d)    If any party in interest wishes to object to a Professional's Monthly Fee Application, it must (i) file a written objection (each, an "Objection") with the Court on or before the Objection Deadline and (ii) serve the Objection on the affected Professional and each of the other Notice Parties so that it is actually received by the other Notice Parties on or before the Objection Deadline. Any such Objection shall identify, with specificity, the objectionable fees and/or expenses, including the amount of such objected to fees and/or expenses, and the basis for such Objection. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection within 14 days after service of the Objection, then the affected Professional may either: (i) file a request with the Court for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly

3

Payment made to the affected Professional (the "Incremental Amount"), or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and rule on the Objection if requested by the parties. Payment of the Incremental Amount will be allowed upon the Court's disposal of the Objection.

(e) Each Professional may submit its first Monthly Fee Application on or after March 1, 2025. This initial Monthly Fee Application will cover the period from the Petition Date through February 28, 2025. Thereafter, the Professionals may file Monthly Fee Applications in the manner described above.

(f) At three-month intervals or such other intervals convenient to the Court (the "Interim Fee Period"), each Professional may file and serve on the Notice Parties an interim fee application (each, an "Interim Fee Application") for compensation and reimbursement of expenses sought by such Professional in its Monthly Fee Applications, including any holdbacks filed during the Interim Fee Period, pursuant to section 331 of the Bankruptcy Code. The Interim Fee Application must include a brief summary identifying (i) the Monthly Fee Applications that are the subject of the request; (ii) the amount of fees and expenses requested; (iii) the amount of fees and expenses approved to date or subject to an Objection; and (iv) any other information requested by the Court or required by the Bankruptcy Rules or Local Bankruptcy Rules, including Appendix D to the Local Bankruptcy Rules.

Each Professional shall file its first Interim Fee Application on or before April 30, 2025, and the first Interim Fee Application shall cover the period from the Petition Date through March 31, 2025. Thereafter, each Professional must file its Interim Fee Application within 30 days after the end of the applicable Interim Fee Period.

(g) The Debtors will request that the Court schedule a hearing on Interim Fee Applications at least once every three months or at such other intervals as the Court deems appropriate. Parties in interest will have 14 days after the service of an Interim Fee Application to file an Objection. The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing upon the Professional's filing of a CNO. Upon allowance by the Court of a Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all allowed fees (including the 20% holdback) and expenses not previously paid.

(h) A pending Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of

compensation or reimbursement of expenses under the Compensation Procedures. Any Professional that fails to file an Interim Fee Application when permitted will be ineligible to receive further interim payments of fees or expenses under the Compensation Procedures until such time as an Interim Fee Application is submitted by the Professional.

(i)    Neither (i) the payment of or the failure to pay, in whole or in part, compensation for services and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of or the failure to file an Objection to any Monthly Fee Application or Interim Fee Application will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation for services and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals in accordance with the Compensation Procedures are subject to disgorgement until final allowance by the Court.

(j)    Professionals shall file final applications for compensation and reimbursement (collectively, the "<u>Final Fee Applications</u>") by such deadline as may be established in a confirmed chapter 11 plan or in an order of the Court. All Final Fee Applications shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any applicable orders of this Court.

3.    In each Interim Fee Application and Final Fee Application, all attorneys who have been or are hereafter retained pursuant to sections 327 or 1103 of the Bankruptcy Code shall comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* effective as of November 1, 2013.

4.    The Professionals shall only be required to serve the Applications on the Notice Parties. All other parties that have filed a notice of appearance with the clerk of the Court and requested notice of pleadings in these Chapter 11 Cases shall be entitled to receive only the notice of hearings of the applicable Application.

5. All notices given in accordance with the Compensation Procedures shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules.

6. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7. Notwithstanding anything to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

**END OF ORDER**