Entered: February 10th, 2025
Signed: February 10th, 2025

**SO ORDERED**



**DAVID E. RICE**
**U. S. BANKRUPTCY JUDGE**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | |
|---|---|
| In re<br><br>Diamond Comic Distributors, Inc., *et al.*,<br><br>Debtors.[1] | Case No. 25-10308 (DER)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>**Re: D.I. 67** |

**ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF
RAYMOND JAMES & ASSOCIATES, INC. AS THE DEBTORS'
INVESTMENT BANKER, EFFECTIVE AS OF THE PETITION DATE,
AND (II) GRANTING RELATED RELIEF**

Upon the application (the "<u>Application</u>")[2] of the debtors and debtors in possession (collectively, the "<u>Debtors</u>") for entry of an order (this "<u>Order</u>") authorizing the retention of Raymond James as their investment banker, effective as of the Petition Date, as more fully set forth in the Application; and upon consideration of the Richards Declaration and the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2);

---

[1]     The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585).  The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

[2]     Capitalized terms used but not defined herein are defined in the Application.

and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court finding that the terms and conditions of Raymond James's employment, including, but not limited to, the Fee Structure and Indemnification Provisions set forth in the Engagement Letter and summarized in the Application, are reasonable as required by section 328(a) of the Bankruptcy Code; and this Court finding that Raymond James does not hold or represent interests materially adverse to the Debtors' estates and is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code; and it appearing that the employment of Raymond James is in the best interests of the Debtors and their estates and creditors; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application and having heard any statements in support of the relief requested therein at any hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Application is GRANTED as set forth herein.

2.      The Debtors are authorized, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, effective as of the Petition Date, to employ and retain Raymond James as their investment banker in accordance with the terms and conditions set forth in the Application and the Engagement Letter, subject to the terms of this Order.

3.      The terms of the Engagement Letter, attached to the Application as <u>Exhibit B</u>, are approved in all respects except as limited or modified herein.

4.      All of Raymond James's compensation set forth in the Engagement Letter, including, without limitation, the Fee and Expense Structure, is approved pursuant to section 328(a) of the Bankruptcy Code and Raymond James shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of the Engagement Letter, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the *Compensation Guidelines for Professionals in the United States Bankruptcy Court for the District of Maryland* (the "<u>Compensation Guidelines</u>"), and any other applicable orders of this Court.

5.      Raymond James shall file applications for allowance of compensation and reimbursement of expenses pursuant to and in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Compensation Guidelines, and any other applicable orders of this Court; *provided, however*, that the fees and expenses payable to Raymond James pursuant to the Engagement Letter shall be subject to review pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code; *provided, further*, that the Debtors are authorized to pay the monthly Advisory Fees to Raymond James each month when required under the Engagement Letter without a prior fee application.

6.      Raymond James shall include in its fee applications, among other things, time records setting forth, in a summary format, a description of the services rendered by each professional, and the amount of time spent on each date by each such individual in rendering

3

services on behalf of the Debtors in half-hour increments, but Raymond James shall not be required to provide or conform to any schedule of hourly rates.

7.     The Debtors shall cause to be paid as a cost of a Transaction, and not solely out of proceeds thereof, and placed in escrow for the sole benefit of Raymond James at the time of consummation of any Transaction(s) the amount(s) of the Transaction Fee(s) and Raymond James's expenses pending the filing of and the Court's approval of any Raymond James fee application (other than as to monthly Advisory Fees, which shall be paid prior to Court approval), and upon approval of any such Raymond James fee application by the Bankruptcy Court, Raymond James shall be paid and/or may apply the amount(s) from the funds held in the escrow as and when awarded by the Court.

8.     For the avoidance of doubt, in the event of multiple Business Combination Transactions, Raymond James's maximum Business Combination Transaction Fees for all Business Combination Transactions shall be the greater of (i) $1,250,000 or (ii) the sum of (A) three and one-half percent (3.5%) of the aggregate Transaction Value of all such Business Combination Transactions up to and including $35,000,000 and (B) five percent (5.0%) of the portion (if any) of the aggregate Transaction Value of all such Business Combination Transactions in excess of $35,000,000.

9.     Notwithstanding any provision to the contrary in this Order, the U.S. Trustee shall have the right to object to Raymond James's request for compensation and reimbursement based on the reasonableness standard provided in section 330 of the Bankruptcy Code, not section 328(a) of the Bankruptcy Code; *provided, however*, that "reasonableness" shall be evaluated by comparing (among other things) the fees payable in these cases to fees paid to comparable investment banking firms with similar experience and reputation offering comparable services in

other chapter 11 cases and shall not be evaluated primarily on an hourly or length-of-case based criteria.

      10.    The Indemnification Provisions set forth in the Engagement Letter are approved, subject during the pendency of these chapter 11 cases to the following:

      a.    Subject to the provisions of subparagraphs (b) and (c) below, the Debtors are authorized to indemnify, contribute, or reimburse, and shall indemnify, contribute, or reimburse Raymond James for any claims arising from, related to, or in connection with services to be provided by Raymond James as specified in the Application, but not for any claim arising from, related to, or in connection with Raymond James's post-petition performance of any other services other than those in connection with the engagement, unless such post-petition services and the indemnification, contribution, or reimbursement therefor are approved by this Court;

      b.    The Debtors shall have no obligation to indemnify Raymond James, or provide contribution or reimbursement to Raymond James, for any claim or expense that is either: (i) judicially determined (the determination having become final and non-appealable) to have arisen from Raymond James's gross negligence, willful misconduct, breach of fiduciary duty, if any, bad faith, or self-dealing; (ii) for a contractual dispute in which the Debtors allege the breach of Raymond James's contractual obligations, unless this Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and hearing pursuant to subparagraph (c) below, to be a claim or expense for which Raymond James should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter as modified by this Order; and

      c.    If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, Raymond James believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, or reimbursement obligations under the Engagement Letter (as modified by this Order), including, without limitation, the advancement of defense costs, Raymond James must file an application in this Court, and the Debtors may not pay any such amounts to Raymond James before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by Raymond James for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Raymond James. All parties in interest shall retain the right to object to any demand by Raymond James for indemnification,

contribution, or reimbursement, and not as a provision limiting the duration of the Debtors' obligation to indemnify Raymond James.

11.      In the event that during the pendency of these chapter 11 cases, Raymond James requests reimbursement for any attorneys' fees or expenses, the invoices and supporting time records from such attorneys shall be included in Raymond James's fee applications, and such invoices and time records shall be paid in compliance with the Local Bankruptcy Rules, the Compensation Guidelines, and standards of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorney's services satisfy section 330(a)(3)(C) of the Bankruptcy Code.  Notwithstanding the foregoing, Raymond James shall be reimbursed for legal fees incurred in connection with these chapter 11 cases only to the extent permitted under applicable law and the decisions of this Court.

12.      In the event of any inconsistency between the Engagement Letter, the Application, and this Order, this Order shall govern.

13.      The Debtors and Raymond James are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

14.      Notwithstanding the possible applicability of Bankruptcy Rule 6004, 7062 or 9014, or any other provision in the Bankruptcy Rules to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15.      The relief granted herein shall be binding upon any chapter 11 trustee appointed in these chapter 11 cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these chapter 11 cases to cases under chapter 7.

16.    This Court retains exclusive jurisdiction and power with respect to all matters arising from or related to interpretation, implementation and enforcement of this Order.

**END OF ORDER**