Entered: February 11th, 2025
Signed: February 11th, 2025

**SO ORDERED**



DAVID E. RICE
U. S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (BALTIMORE DIVISION)

| | |
|---|---|
| In re: | Chapter 11 |
| DIAMOND COMIC DISTRIBUTORS, INC., *et al.*[1] | Case No. 25-10308 (DER) |
| | (Jointly Administered) |
| Debtors. | **Re: D.I. 19 & 54** |

**SUPPLEMENTAL INTERIM ORDER (I) AUTHORIZING THE DEBTORS
TO OBTAIN POSTPETITION SENIOR SECURED FINANCING AND THE
USE OF CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION;
(III) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE
EXPENSE CLAIMS; (IV) MODIFYING THE AUTOMATIC STAY;
(V) SCHEDULING A FINAL HEARING; AND (VI) GRANTING RELATED RELIEF**

Upon further consideration of the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Senior Secured Financing and the Use of Cash Collateral; (II) Granting Adequate Protection; (III) Granting Liens and Superpriority Administrative Expense Claims; (IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief* [Docket No. 19] (the "**Motion**"), filed by the above-captioned debtors, as debtors-in-possession (the "**Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), and the Court having issued, on January 16, 2025, an *Interim Order (I)*

---

[1] The Debtors in these chapter 11 cases and the last four (4) digits of each Debtor's federal taxpayer identification number are as follows: Diamond Comic Distributors, Inc. (3450), Comic Exporters, Inc (7457), Comic Holdings, Inc. (7458), and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

*Authorizing the Debtors to Obtain Postpetition Senior Secured Financing and the Use of Cash Collateral; (II) Granting Adequate Protection; (III) Granting Liens And Superpriority Administrative Expense Claims; (IV) Modifying The Automatic Stay; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief* [Docket No. 54] (the "**Interim Order**"); and it appearing that, subsequent to the entry of the Interim Order, an Official Committee of Unsecured Creditors (the "**Committee**") has been appointed; and it appearing that the Committee has entered into certain discussions with the Debtors and with JPMorgan Chase Bank, N.A., as lender and DIP lender (collectively, the "**Lender**") regarding the relief sought in the Motion, and this Court having heard the statements in support of the relief granted herein at a hearing before this Court; and this Court having determined that just cause exists for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. Capitalized terms used herein shall have the meanings ascribed to them in the Interim Order.

2. The Interim Order is hereby modified as follows:

    a. The third sentence of paragraph 6(a) of the Interim Order is hereby replaced with the following:

    All DIP Loans made under the Interim Facility shall be due and payable on the date that is the earlier of (a) thirty-six (36) days after the entry of the Interim Order, (the "**Interim Facility Maturity Date**") unless a Final Order shall have been entered on or before each such date (*provided, however*, that the Interim Facility Maturity Date may be extended from time to time by the prior written consent of the DIP Lender) and (b) the occurrence of an Event of Default.

    b. Paragraph 6(f) of the Interim Order is hereby replaced with the following:

    Letter of Credit and Commercial Credit Cards.  Upon entry of the Interim Order, (i) the letter of credit in favor of BC Industrial Exchange Portfolio II in the amount of $1,000,000 that is issued and outstanding under the Prepetition Credit Agreement shall be deemed issued under the DIP Credit Agreement, (ii) the Lender

is hereby authorized to issue an additional letter of credit in the amount of $200,000 on account of a surety bond provided in connection with the Debtors' obligations regarding custom duties and/or import taxes; and (iii) the DIP Lender shall maintain the Debtors' commercial credit card programs under the terms and conditions of those programs. Upon entry of this Order, the Borrower shall immediately borrow $1,510,000 under the DIP Credit Agreement, with such proceeds to be held by DIP Lender in a segregated blocked account maintained by and in the name of the DIP Lender (the "***LC and Commercial Card Collateral Account***") as cash collateral to secure (A) the Borrower's reimbursement obligations in connection with any draws under the letter of credit, (B) the Borrower's payment obligations in connection with the commercial credit card programs and (C) the Borrower's other obligations under the DIP Credit Agreement, including, but not limited to, the obligation to repay the Aggregate Credit Obligations in full.

    c.    Paragraph 6(l)(d), (e) and (f) of the Interim Order are hereby replaced with the following:

        (d)    no later than thirty-six (36) days after the Petition Date, the Bankruptcy Court shall have entered the Final Order;

        (e)    no later than thirty (30) days after the Petition Date, the Bankruptcy Court shall have entered an order, in form and substance reasonably acceptable to the DIP Lender, approving (i) the Bidding Procedures and (ii) seeking approval of a stalking horse asset purchase agreement as the stalking horse bid for the purchase of the Debtors' assets (the "***Sale Transaction***"), which asset purchase agreement shall be in form and substance reasonably acceptable to the DIP Lender (the "***Bidding Procedures Order***");

        (f)    no later than <u>thirty (30)</u> ~~twenty-five (25)~~ days after the Petition Date, the Bankruptcy Court shall have entered an order, in form and substance reasonably acceptable to the DIP Lender, approving the Debtors' retention of Raymond James;

    d.    The references in paragraphs 6(a) and 12(3) of the Interim Order to "$5,500,000" are hereby replaced with "$6,500,000".

    3.    All notices to be provided under the Interim Order to the Creditors Committee shall be sent to:

        Bruce S. Nathan, Esq.
        Gianfranco Finizio, Esq.
        Lowenstein Sandler LLP

1251 Avenue of the Americas
New York, New York 10020
bnathan@lowenstein.com
gfinizio@lowenstein.com

-and-

Michael Papandrea, Esq.
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068
mpapandrea@lowenstein.com

-and-

Dennis J. Shaffer, Esq.
Tydings & Rosenberg LLP
One East Pratt Street, Suite 901
Baltimore, Maryland 21202
dshaffer@tydings.com

4. For the avoidance of doubt, the Debtors and the Lender are hereby authorized to enter into an amendment of the DIP Loan Documents to reflect, as appropriate, the terms and provisions of this Supplemental Order. The Debtors shall file such amendment with the Court and provide a copy of any such amendment to counsel for the Committee before filing the amendment with the Court.

5. The Interim Order shall remain in full force and effect, except as modified herein.

6. The Court shall conduct a Final Hearing on the Motion commencing on February 18, 2025 at 3:00 p.m. (Eastern). Any objection by the Committee to the Motion shall be filed on or before noon (Eastern) on February 17, 2025. All of the Committee's rights to object to approval of the Motion on a final basis are hereby preserved.

**END OF ORDER**

55079145.4