Entered: February 11th, 2025
Signed: February 11th, 2025

**SO ORDERED**



DAVID E. RICE
U. S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | |
|---|---|
| In re<br><br>Diamond Comic Distributors, Inc., *et al.*,<br><br>Debtors.[1] | Case No. 25-10308 (DER)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>**Re: D.I. 16** |

**FINAL ORDER AUTHORIZING THE DEBTORS TO ADMINISTER
EXISTING CUSTOMER PROGRAMS IN THE ORDINARY COURSE OF BUSINESS**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order"), authorizing but not directing the Debtors to administer the existing Customer Programs in the ordinary course of business and consistent with past practice, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, as more fully set forth in the Motion; and the Court having previously entered the Interim Order; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and the evidence in support thereof and having heard the statements in support of the relief requested in the Motion at a hearing before this Court ("Hearing"), if any; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, to maintain and administer the Customer Programs and honor and pay any related prepetition obligations in the ordinary course of business and consistent with their prepetition practice, as necessary and appropriate in the Debtors' business judgment.

3. The Debtors are authorized, but not directed, to continue paying the Processing Obligations in the ordinary course of business pursuant to the terms of the Payment Processing Agreements. The Payment Processing Companies may continue to set off the Processing Obligations against amounts remitted to the Debtors, whether arising before or after the Petition Date, in a manner consistent with the Debtors' historical practices.

4. The Debtors are authorized to renew, modify, terminate or replace, in their discretion, their Customer Programs, after consultation with the Official Committee of Unsecured Creditors, without further order of the Court.

5. The Debtors' banks and financial institutions are authorized, when requested by the Debtors in the Debtors' sole discretion, to receive, process, honor and pay all checks presented for payment, and to honor all funds transfer requests made by the Debtors related to any claims paid pursuant to this Order, regardless of whether such checks were presented or funds transfer requests were submitted prior to, on or after the Petition Date; *provided*, *however*, that (a) funds are available in the Debtors' accounts to cover such checks and funds transfers and (b) the Debtors' banks are authorized to rely on Debtors' designation of any particular check or wire transfer as approved by this Final Order.

6. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (i) an admission as to the validity of any claim against a Debtor entity; (ii) a waiver of the Debtors' rights to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (v) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (vi) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of any or all such liens.

7. The notice requirement set forth in Bankruptcy Rule 6004(a) is satisfied.

8. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Final Order shall be immediately effective and enforceable upon its entry.

9. The Debtors are authorized to take all steps necessary or appropriate to carry out this Final Order.

10. With the exception of the intercompany transactions disclosed in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Continued Use of Existing Cash Management System, Bank Accounts, and Business Forms and Payment of Related Prepetition Obligations, (II) Authorizing Continuation of Ordinary Course Intercompany Transactions, (III) Extending Time to Comply with the Requirements of 11 U.S.C. § 345(b), and (IV) Granting Related Relief* (D.I. 14) (the "Cash Management Motion"), and subject to the terms of any order approving the Cash Management Motion on a final basis, nothing in this Order permits the transfer of cash or any interest in property to any insiders or non-Debtor affiliate, including any entities controlled by or affiliated with current or former insiders of the Debtors, in connection with the Customer Programs.

11. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation or enforcement of this Final Order.

**END OF ORDER**