Entered: February 11th, 2025
Signed: February 11th, 2025

**SO ORDERED**



DAVID E. RICE
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | |
|---|---|
| In re<br><br>Diamond Comic Distributors, Inc., *et al.*,<br><br>Debtors.[1] | Case No. 25-10308 (DER)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>**Re: D.I. 17** |

### FINAL ORDER (I) AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION CLAIMS OF SHIPPERS AND FREIGHT FORWARDERS, AND (II) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order"), (i) authorizing, but not directing, the Debtors to pay prepetition amounts in the ordinary course owing on account of certain prepetition claims of Shippers and Freight Forwarders, (ii) continuing to honor obligations to Shippers and Freight Forwarders on a postpetition basis in the ordinary course of business and consistent with historical practice, and (iii) granting related relief, all as

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

[2] Capitalized terms used but not otherwise defined herein are defined in the Motion.

more fully set forth in the Motion; and the Court having previously entered the Interim Order; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and the evidence in support thereof and having heard the statements in support of the relief requested in the Motion at a hearing before this Court ("Hearing"), if any; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on a final basis as set forth in this Final Order.

2.      The Debtors are authorized, but not directed, to: (a) pay prepetition amounts in the ordinary course owing on account of prepetition claims of Shippers and Freight Forwarders, in an amount not to exceed $585,000, and (b) continue to honor obligations to Shippers and Freight Forwarders on a postpetition basis in the ordinary course of business and consistent with historical practice.  The Debtors shall provide bi-weekly reporting to the Official Committee of Unsecured Creditors and the Office of the United States Trustee regarding any payments on account of prepetition claims made to Shippers and Freight Forwarders.

3.      The Debtors' banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are

authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

4.      Nothing contained herein is intended to be or shall be construed as (i) an admission as to the validity or priority of any claim against the Debtors, (ii) a waiver of the Debtors' rights to dispute any claim, including the validity or priority thereof, or (iii) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Likewise, any payment made pursuant to this Final Order is not intended and should be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

5.      Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Final Order shall be immediately effective and enforceable upon its entry.

6.      The Debtors are authorized to take all steps necessary or appropriate to carry out this Final Order.

7.      With the exception of the intercompany transactions disclosed in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Continued Use of Existing Cash Management Systems, Bank Accounts, and Business Forms and Payment of Related Prepetition Obligations, (II) Authorizing Continuation of Ordinary Course Intercompany Transactions, (III) Extending Time to Comply with the Requirements of 11 U.S.C. § 345(b), and (IV) Granting Related Relief* (D.I. 14) (the "Cash Management Motion"), and subject to the terms of any order approving the Cash Management Motion on a final basis, nothing in this Order permits the transfer of cash or any interest in property to any insiders or non-Debtor affiliate, including any entities controlled

by or affiliated with current or former insiders of the Debtors, in connection with the Debtors'

obligations to Shippers and Freight Forwarders.

8.     This Court retains jurisdiction to hear and determine all matters arising from or

related to the implementation, interpretation or enforcement of this Final Order.

**END OF ORDER**