IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re<br><br>Diamond Comic Distributors, Inc., *et al.*,<br><br>Debtors.[1] | Case No. 25-10308 (DER)<br><br>Chapter 11<br><br>(Jointly Administered) |

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING
THE EMPLOYMENT AND RETENTION OF STEPHENSON HARWOOD LLP, AS
SPECIAL COUNSEL TO THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE**

The above-captioned debtors and debtors in possession (the "Debtors"), hereby apply (the "Application") to the Court as follows:

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) authorizing the Debtors to retain and employ Stephenson Harwood LLP ("Stephenson Harwood" or the "Firm") as special counsel to the Debtors in these chapter 11 cases, effective as of the Petition Date (as defined below).

2. In support of this Application, the Debtors rely on and incorporate by reference the *Declaration of Tal Goldsmith in Support of the Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Stephenson Harwood LLP, as Special Counsel to the Debtors, Effective as of the Petition Date* (the "Goldsmith Declaration"), attached hereto as **Exhibit B,** and the *Declaration of Robert Gorin in Support of the Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Stephenson Harwood LLP, as Special*

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

53317520.4

*Counsel to the Debtors, Effective as of the Petition Date* (the "Gorin Declaration"), attached hereto as **Exhibit C**. In further support of this Application, the Debtors respectfully state as follows:

### Jurisdiction and Venue

3. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334, and *Standing Order 2012-05* from the United States District Court for the District of Maryland. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Application is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are sections 327(e), 328, 330, and 1107 of Title 11 of the United States Code (the "Bankruptcy Code"), as supplemented by Rule 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland (the "Local Bankruptcy Rules"), and the *Compensation Guidelines for Professionals in the United States Bankruptcy Court for the District of Maryland* (the "Compensation Guidelines").

### Background

5. On January 14, 2025 (the "Petition Date"), each Debtor commenced a case under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the chapter 11 cases. On January 29, 2025, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee").

6. A description of the Debtors' businesses, the reasons for commencing the chapter 11 cases, the relief sought from the Court, and the facts and circumstances supporting this

Application are set forth in the *Declaration of Robert Gorin in Support of Chapter 11 Petitions and First Day Relief* [D.I. 20] (the "<u>First Day Declaration</u>") and incorporated herein by reference.

## Services to be Performed

7. The professional services that Stephenson Harwood will render to the Debtors in these chapter 11 cases will include, but shall not be limited to, providing English law advice with respect to the impact of the chapter 11 cases for non-debtor affiliate Diamond Comic Distributors, an unlimited company incorporated in England & Wales ("<u>Diamond UK</u>"). In providing such legal advice, Stephenson Harwood will work closely with Saul Ewing LLP ("<u>Saul Ewing</u>"), the Debtors' bankruptcy counsel in these chapter 11 cases, so as to protect the legal rights of the Debtors and ensure that there is no unnecessary duplication or services performed or charged to the Debtors' estates.

## Terms of Retention

8. The terms of Stephenson Harwood's employment provide generally that certain attorneys and other personnel within the firm will undertake this representation at their standard hourly rates, and that Stephenson Harwood will be reimbursed for reasonable and necessary expenses, subject to the approval of the Court in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Compensation Guidelines, and other applicable orders of this Court.

9. The present hourly rates for attorneys and paralegals of the firm are set forth in the Goldsmith Declaration attached hereto. These hourly rates are subject to periodic adjustments to reflect economic and other conditions and to reflect increased expertise and experience in one's area of law.

10. Stephenson Harwood will also seek reimbursement for reasonable and necessary expenses incurred, which may include, among other things, travel expenses, courier charges, communication charges, travelling expenses, search, registration and court fees and other out-of-pocket expenses incurred in providing professional services to the Debtors. Stephenson Harwood will charge for these expenses in a manner and at rates consistent with charges made generally to its other clients.

11. Stephenson Harwood will file fee applications with the Court, and be paid in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Compensation Guidelines and orders of this Court. Stephenson Harwood also intends to make a reasonable effort to comply with the Office of the United States Trustee's requests for information and additional disclosures, as set forth in the *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under United States Code by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines").

**Retainers**

12. In December 2024, the Debtors retained Stephenson Harwood to provide advice regarding restructuring options, and in connection with such matters, received a retainer in the amount of £35,000 (as replenished, the "Retainer"). Stephenson Harwood has drawn down on the Retainer, and the Debtors have replenished the Retainer, on several occasions since then, which detail is set forth in the Goldsmith Declaration.

13. On January 7, 2025, in anticipation of the Debtors' chapter 11 filings, Stephenson Harwood drew down on the Retainer balance in the amount of £32,545.50 to settle fees and expenses incurred to date. The remainder of the Retainer, in the amount of £2,454.50 was then

53317520.4

further replenished with an additional £35,000 resulting in Stephenson Harwood holding the aggregate sum of £27,454.50 as the Retainer. On January 29, 2025, Stephenson Harwood drew down on the Retainer balance in the amount of £6,192 to settle a further expense incurred in connection with a survey of certain premises leased by Diamond UK. The remainder of the Retainer, in the amount of £31,262.50, will constitute an advance security retainer to be applied against Stephenson Harwood's allowed fees and expenses, as permitted by the Court.

14. As set forth in the Goldsmith Declaration, Stephenson Harwood has not shared or agreed to share any of its compensation from the Debtors with any other person, other than as permitted by section 504 of the Bankruptcy Code.

### Basis for Relief Requested

15. A debtor in possession "may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e). "The key difference between employment under section 327(a) and employment under section 327(e) is that the conflict of interest standard in section 327(e) is more relaxed . . . ." and the scope of representation is limited. *In re WWMV, LLC*, 661 B.R. 782, 788 (Bankr. S.D. W. Va. 2024) (*quoting In re J.S. II, L.L.C.*, 371 B.R. 311, 317 (Bankr. N.D. Ill. 2007)).

16. "[T]he court must examine the interests of the estate and those of special counsel only as they relate to the specific matter for which special counsel is to be employed." *In re WWMV, LLC*, 661 B.R. at 788. "Special counsel need not be a disinterested party, but counsel must avoid actual conflicts of interest. 11 U.S.C. § 327(e). Generally, bankruptcy courts will approve an appointment of special counsel who previously represented the debtor, when

appointing special counsel is in the best interest of the estate." *In re Bowman*, 181 B.R. 836, 847 (Bankr. D. Md. 1995) (*citing In re Iorizzo*, 35 B.R. 465, 468 (Bankr.E.D.N.Y.1983)).

17.     The Debtors seek to retain Stephenson Harwood as their special counsel because of the firm's extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under the laws of the England & Wales. The Debtors believe that Stephenson Harwood's expertise and experience will enable the firm to work in an efficient and cost-effective manner on behalf of the Debtors' estates.  Additionally, Stephenson Harwood has worked closely with the Debtors since December 2024 in connection with assessing the restructuring of Diamond UK and the impact thereof on these chapter 11 cases.  Stephenson Harwood has thus become intricately familiar with the relevant aspects of the Debtors' businesses and many of the potential legal issues that may arise in connection with these chapter 11 cases. Accordingly, the Debtors believe that Stephenson Harwood is well-qualified to represent them as special counsel in these chapter 11 cases to address English law-related matters.

18.     As described in detail in the Goldsmith Declaration, Stephenson Harwood has conducted a search of its conflict database with respect to the Debtors and a list of parties in interest and potential parties in interest in these chapter 11 cases.  The scope of that conflicts search is set out on <u>Schedule 1</u> to the Goldsmith Declaration and the results of the conflicts search are set forth on <u>Schedule 2</u> to the Goldsmith Declaration.  Based on the results of the conflicts search, Stephenson Harwood has informed the Debtors that, except as may be set forth in the Goldsmith Declaration, Stephenson Harwood does not hold any interest adverse to the Debtors or estates regarding the matters for which Stephenson Harwood is to be employed.

19.     Stephenson Harwood has also informed the Debtors that it will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise.  If

6

any new material facts or relationships are discovered or arise, Stephenson Harwood will supplement its disclosure to the Court.

20. To the best of the Debtors' knowledge, information, and belief, Stephenson Harwood: (i) does not hold or represent any interest which is adverse to the Debtors' estates with respect to the matters on which Stephenson Harwood is to be retained, and (ii) is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code for the purpose of the representation described.

21. For the reasons set forth above, the Debtors submit that Stephenson Harwood's employment as special counsel is necessary and in the best interests of the Debtors and their estates.

## Post-Hoc Retention

22. Retention of an estate professional under sections 327(e) and 328 of the Bankruptcy Code effective as of the filing of a bankruptcy petition is commonly authorized in the Fourth Circuit via a "'post-hoc' or 'after-the-fact' application." *David v. King*, 109 F.4th 653, 664 & n.6 (4th Cir. 2024). "[P]rofessionals sometimes begin work before receiving the bankruptcy court's approval. As a result, trustees must sometimes apply for retroactive permission to employ their professionals." *Id*. at 664; *see also In re Neogenix Oncology, Inc.*, No. 12-23557 (TJC), 2013 WL 12576085, at *1 (Bankr. D. Md. Oct. 1, 2013) (approving retention effective as of the petition date). Given the Debtors' need to have Stephenson Harwood commence work immediately, the Debtors were not able to seek approval of Stephenson Harwood's retention before Stephenson Harwood began work. Under these circumstances, no party will be prejudiced, and Stephenson Harwood's retention effective as of the Petition Date should be approved.

## Waiver of Memorandum of Law

7

53317520.4

23. Pursuant to Local Bankruptcy Rule 9013-2, the Debtors state that, in lieu of submitting a memorandum in support of this Application, the Debtors will rely solely upon the grounds and authorities set forth herein.

**Notice**

24. Notice of this Application will be given to the following parties, or, in lieu thereof, to their counsel: (i) the Office of the United States Trustee for the District of Maryland; (ii) the Committee; (iii) counsel to JPMorgan Chase Bank, N.A.; (iv) the United States Attorney for the District of Maryland; (v) the offices of the attorneys general for the states in which the Debtors operate; (vi) the Internal Revenue Service; and (vii) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request the entry of an order: (i) authorizing and approving the employment and retention of Stephenson Harwood as special counsel to the Debtors, effective as of the Petition Date; and (ii) granting such other and further relief as the Court deems appropriate.

Diamond Comic Distributors, Inc.,
(*on behalf of itself and its affiliated debtors in possession*)

By: */s/ Robert Gorin*
Name: Robert Gorin
Title: Co-Chief Restructuring Officer

53317520.4