**Exhibit A**

**Proposed Order**

53317520.4

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re<br><br>Diamond Comic Distributors, Inc., *et al.*,<br><br>Debtors.[1] | Case No. 25-10308 (DER)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>**Re: D.I. ___** |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF
STEPHENSON HARWOOD LLP, AS SPECIAL COUNSEL TO THE
DEBTORS, EFFECTIVE AS OF THE PETITION DATE**

Upon consideration of the application (the "Application")[2] of the Debtors for entry of an order, pursuant to section 327(e), 328 and 1107 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rule 2016-1, authorizing the employment and retention of Stephenson Harwood LLP, as special counsel to the Debtors, effective as of the Petition Date, as more fully described in the Application; and upon consideration of the Goldsmith Declaration and the Gorin Declaration; and this Court having jurisdiction to consider the Application and the relief

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

[2] Capitalized terms used but not defined herein are defined in the Application.

53317520.4

requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided under the particular circumstances; and it appearing that no other or further notice need be provided; and this Court finding that Stephenson Harwood does not hold any interest adverse to the Debtors or estates regarding the matters for which Stephenson Harwood is to be employed, as required by section 327(e) of the Bankruptcy Code and that the retention and employment of Stephenson Harwood as special counsel is in the best interests of the Debtors and their estates; and this Court having found that good and sufficient cause exists for the relief granted by this Order,

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. Pursuant to section 327(e) of the Bankruptcy Code, the Debtors are hereby authorized to retain and employ Stephenson Harwood as special counsel in these chapter 11 cases, to represent and advise the Debtors with respect to the services set forth in the Application, effective as of the Petition Date.

3. Stephenson Harwood shall apply for compensation and professional services rendered and reimbursement of expenses incurred in connection with these chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code, and applicable provisions of the Bankruptcy Rules, the Local Bankruptcy Rules, the Compensation Guidelines, and such other orders as this Court may direct, including, without limitation, any order of this Court establishing procedures for interim compensation and reimbursement of professionals retained in these chapter 11 cases.

4. Prior to applying any increases in its hourly rates beyond the rates set forth in the Application, Stephenson Harwood shall provide ten (10) days' notice of any such increases to the Debtors, the U.S. Trustee and counsel to any official committee appointed in these cases. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and this Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

5. Stephenson Harwood shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines in connection with any interim and final fee applications to be filed by Stephenson Harwood in these chapter 11 cases.

6. Stephenson Harwood shall exhaust the Retainer in satisfaction of allowed compensation and reimbursement awarded before seeking additional payments from the Debtors on account of such allowed awards.

7. Stephenson Harwood shall use its reasonable best efforts to avoid duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases. In order to avoid any duplication of effort and provide services to the Debtors in the most efficient and cost-effective manner, Stephenson Harwood shall coordinate with Saul Ewing regarding their respective responsibilities in these chapter 11 cases.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

9. This Court retains jurisdiction over any and all matters arising, from or related to the interpretation or implementation of this Order.

53317520.4