IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re<br><br>Diamond Comic Distributors, Inc., *et al.*,<br><br>Debtors.[1] | Case No. 25-10308 (DER)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>**Hearing Date**:<br>March 5, 2025 at 2:00 p.m. (ET)<br>**Objection Deadline**:<br>February 26, 2025 |

## DEBTORS' MOTION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS EFFECTIVE AS OF THE PETITION DATE

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully move (the "Motion") as follows:

### Relief Requested

1. The Debtors request entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the Debtors to employ and compensate certain professionals utilized in the ordinary course of business (each an "Ordinary Course Professional" and, collectively, the "Ordinary Course Professionals") effective as of January 14, 2025, (the "Petition Date"). In the ordinary course of the Debtors' business, the Debtors employ Ordinary Course Professionals, including attorneys and advisors. The Ordinary Course Professionals provide services which are unrelated to the administration of these chapter 11 cases, but are

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

55019375.3

nevertheless important to the day-to-day operation of the Debtors' business. A list of the Debtors' current Ordinary Course Professionals is attached as **Exhibit 1** to the Proposed Order.[2]

2.      The Ordinary Course Professionals provide services to the Debtors on a variety of issues. Moreover, the Ordinary Course Professionals are familiar with the Debtors' business and have institutional knowledge of the Debtors' operations. Because the Ordinary Course Professionals are an integral part of the Debtors' ordinary business, and may be unwilling to provide services to the Debtors postpetition if not paid on a regular basis or if required to adhere to the formal retention and fee requirements, the Debtors believe that their continued employment and compensation subject to the procedures set forth herein is in the best interests of the Debtors' estates, creditors, and other parties in interest.

## Jurisdiction

3.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and *Standing Order 2012-05* from the United States District Court for the District of Maryland. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are sections 105(a), 327, 328, 330, and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), as supplemented by rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

[2] The Debtors reserve the right to remove or retain additional Ordinary Course Professionals in their sole discretion during these chapter 11 cases by filing with the Court and serving on the Notice Parties (as defined below) a list of such additional professionals subject to the same retention and compensation procedures set forth herein. The inclusion of any person or entity on Exhibit 1 to the Proposed Order as an Ordinary Course Professional is not intended to be, and should not be deemed, an admission by the Debtors that such person or entity is a "professional" within the meaning of section 327 of the Bankruptcy Code.

**Background**

5. On January 14, 2025, each Debtor commenced a case under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the chapter 11 cases. On January 29, 2025, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee").

6. A description of the Debtors' businesses, the reasons for commencing these chapter 11 cases, the relief sought from the Court, and the facts and circumstances supporting this Motion are set forth in the *Declaration of Robert Gorin in Support of Chapter 11 Petitions and First Day Relief* (D.I. 20) (the "First Day Declaration") and incorporated herein by reference.

**Retention of Ordinary Course Professionals**

7. The Debtors seek to retain and employ the Ordinary Course Professionals without the need to file formal retention or fee applications under sections 327, 328, and 330 of the Bankruptcy Code effective as of the Petition Date. Given the significant costs associated with the preparation of these applications in relation to the Ordinary Course Professionals' fees, the Debtors believe that the process set forth herein will be more efficient and less costly for the Debtors' estates. The Debtors will be relieved of the administrative burden of applying separately to the Court for approval of each Ordinary Course Professional's retention and the Court will be relieved of reviewing and approving each such professional's application for compensation and reimbursement of expenses.

8. The Debtors propose that they be authorized to pay, without formal application to the Court by any Ordinary Course Professional, 100% of the fees and expenses of each Ordinary

55019375.3

Course Professional upon the submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date (an "Invoice"), provided that such fees and expenses shall not exceed $30,000 (the "Individual Fee Cap") in a particular month for any given Ordinary Course Professional on **Exhibit 1** to the Proposed Order.  Should the payment of fees and expenses to any one Ordinary Course Professional exceed the Individual Fee Cap, such Ordinary Course Professional may be required to apply to the Court for allowance of compensation and reimbursement of expenses for the applicable month pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland (the "Local Bankruptcy Rules"), and any applicable orders of the Court.

9. Each Ordinary Course Professional shall file with the Court a verified statement made pursuant to Rule 2014 of the Bankruptcy Rules, substantially in the form attached as **Exhibit 2** to the Proposed Order (the "Rule 2014 Statement"), and serve such Rule 2014 Statement on the following (collectively, the "Notice Parties"); (a) proposed counsel to the Debtors, Saul Ewing LLP, 1500 Market Street, 38th Floor, Philadelphia, Pennsylvania 19102, Attn: Jeffrey C. Hampton (jeffrey.hampton@saul.com) and Adam H. Isenberg (adam.isenberg@saul.com), and 1201 N. Market Street, Suite 2300, Wilmington, Delaware 19801, Attn: Paige N. Topper (paige.topper@saul.com); (b) counsel to the DIP Lender, Troutman Pepper Locke LLP, 111 Huntington Avenue, 9th Floor, Boston, Massachusetts 02199, Attn: Jonathan W. Young (jonathan.young@troutman.com), David Ruediger (david.ruediger@troutman.com), and Katherine Culbertson (katherine.culbertson@troutman.com); (c) the Office of the United States Trustee for the District of Maryland, Attn: Gerard R. Vetter (gerard.r.vetter@usdoj.gov) and Hugh M. Bernstein (hugh.m.bernstein@usdoj.gov); and (d) proposed counsel to the Committee, (i)

Lowenstein Sandler LLP, 1251 Avenue of the Americas, New York, New York 10020, Attn: Bruce S. Nathan (bnathan@lowenstein.com) and Gianfranco Finizio (gfinizio@lowenstein.com), and (ii) Tydings & Rosenberg LLP, One E. Pratt St., Suite 901, Baltimore, Maryland 21202, Attn: Stephen B. Gerald (sgerald@tydings.com).

10. The Notice Parties shall have fourteen (14) days after service of each Ordinary Course Professional's Rule 2014 Statement to file and serve an objection to the retention of such Ordinary Course Professional (the "Objection Deadline"). Any such objection shall be served upon the respective Ordinary Course Professional and the Notice Parties on or before the Objection Deadline.

11. If an objection is timely filed and served and cannot be resolved within fourteen (14) days of its receipt, the matter shall be scheduled for hearing before the Court at the next regularly scheduled hearing date or on such other date otherwise agreeable to the parties. If no objection is received from the Notice Parties by the Objection Deadline with respect to any particular Ordinary Course Professional, the Debtors are authorized to retain such Ordinary Course Professional, effective as of the Petition Date, without further notice, hearing, or order of the Court, and to pay such Ordinary Course Professional subject to the limitations set forth herein.

12. Upon entry of an order approving this Motion, the Debtors shall be permitted to make payments to an Ordinary Course Professional that has filed its respective Rule 2014 Statement and that has submitted its Invoice to the Debtors, so long as no objection to the retention of an Ordinary Course Professional has been received at the time of payment. Should any such payments be made to an Ordinary Course Professional prior to the Objection Deadline, and a timely objection is served after such payment is made and such objection cannot be resolved, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus

hearing date or on such other date otherwise agreeable to the parties.  In the event that the Court does not authorize the retention of the Ordinary Course Professional, such professional may be required to discourage any payments received from the Debtors for postpetition services.

13. The Debtors also request that they be authorized and empowered to employ and retain additional Ordinary Course Professionals during these chapter 11 cases should the need arise, without having to file individual retention or compensation applications for each, by filing with the Court and serving on the Notice Parties a supplement to **Exhibit 1** to the Proposed Order and without the need for any further hearing or notice to any party.  Any such additional Ordinary Course Professional shall be subject to the same procedures set forth herein, including the requirement to file and serve a Rule 2014 Statement.

14. Beginning on March 31, 2025, and in three-month intervals thereafter while these chapter 11 cases are pending, the Debtors shall file with the Court and serve on the Notice Parties a statement with respect to each Ordinary Course Professional paid during the three-month period, which shall include the following information about them: (i) name; (ii) aggregate amount paid during that time period; and (iii) a general description of the services rendered to the Debtors.

**Basis for Relief Requested**

15. Section 327 of the Bankruptcy Code requires court approval for the employment of "professional persons," retained to represent or perform services of the estate.  11 U.S.C. § 327(a). In determining whether an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code, courts generally consider whether such entity is involved in the actual reorganization effort, rather than a debtor's ongoing business operations.  *See In re First Merchs. Acceptance Corp.*, 1997 WL 873551, at *2–3 (D. Del. Dec. 15, 1997); *In re Fretheim*, 102 B.R. 298, 299 (Bankr. D. Conn. 1989); *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp.*

55019375.3

(*In re Johns-Manville Corp.*), 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1986) ("[T]he phrase 'professional persons,' as used in § 327(a), is a term of art reserved for those persons who play an intimate role in the reorganization of a debtor's estate."). In making this determination, courts often consider the following factors in determining whether an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code:

    a. whether the entity controls, manages, administers, invests, purchases or sells the assets that are significant to the debtor's reorganization;

    b. whether the entity is involved in negotiating the terms of a plan of reorganization;

    c. whether the entity is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations;

    d. whether the entity is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the debtor's estate;

    e. the extent of the entity's involvement in the administration of the debtor's estate; and

    f. whether the entity's services involve some degree of special knowledge or skill, such that it can be considered a "professional" within the ordinary meaning of the term.

*See, e.g.*, *In re First Merchs. Acceptance Corp.*, 1997 WL 873551, at *3.

    16. Consistent with these factors, other courts have held that only those professionals intimately involved with administration of the debtor's estate or the actual reorganization of the debtor's business must obtain prior court approval for their retention under section 327 of the Bankruptcy Code. *See, e.g.*, *In re Johns-Manville Corp.*, 60 B.R. at 619 (finding that only those professionals involved in the actual reorganization effort, rather than the debtor's ongoing business, require approval under section 327); *In re That's Entm't Mktg. Group, Inc.*, 168 B.R.

226, 230 (N.D. Cal. 1994) (holding that only the retention of professionals whose duties are central to the administration of the estate require prior court approval under section 327 of the Bankruptcy Code).

17. Based on these considerations, the Debtors do not believe that the Ordinary Course Professionals are "professionals" within the meaning of section 327 of the Bankruptcy Code because their services are not directly related to the administration of the Debtors' bankruptcy cases, but rather are connected to the Debtors' ongoing business operations. However, in an abundance of caution given the essential nature of the Ordinary Course Professionals' services to the Debtors' businesses, the Debtors seek the relief requested in this Motion to establish procedures for their retention and payment.

18. It is in the best interest of the Debtors, their estates, creditors and other parties in interest to continue to retain and compensate the Ordinary Course Professionals during these chapter 11 cases. The retention of the Ordinary Course Professionals is necessary for the Debtors to maintain their ordinary course operations. Moreover, the Ordinary Course Professionals are well equipped to provide services to the Debtors in an efficient and expert manner because of their prior services and familiarity with the Debtors' operations. The Debtors further submit that, in light of the costs associated with the preparation of retention applications and related papers, for professionals who will receive relatively small fees, it would be impractical, inefficient, and unnecessarily costly for the Debtors to submit individual applications proposed retention orders for each such professionals. Although some of the Ordinary Course Professionals may hold unsecured prepetition claims against the Debtors in connection with services rendered prepetition, the Debtors do not believe that any of the Ordinary Course Professionals have an interest materially

adverse to the Debtors as a result.  In any event, the Ordinary Course Professionals, will be required to attest to this before being compensated in their Rule 2014 Statement.

19. Without the Ordinary Course Professionals' services, the Debtors would incur additional and unnecessary expenses because they would be forced to retain other professionals who lack the Ordinary Course Professionals' background and experience with the Debtors. Therefore, the Debtors believe that it is in the best interest of the Debtors' estates, the Debtors' creditors, and all other parties in interest to retain and compensate the Ordinary Course Professionals in accordance with the procedures set forth herein to prevent any disruption in the services that are required for the Debtors' day-to-day operations.

## Post-Hoc Retention

20. Retention of an estate professional under sections 327(a), 328, and 330 of the Bankruptcy Code effective as of the filing of a bankruptcy petition is commonly authorized in the Fourth Circuit via a "'post-hoc' or 'after-the-fact' application." *David v. King*, 109 F.4th 653, 664 & n.6 (4th Cir. 2024).  "[P]rofessionals sometimes begin work before receiving the bankruptcy court's approval.  As a result, trustees must sometimes apply for retroactive permission to employ their professionals." *Id*. at 664; *see also In re Neogenix Oncology, Inc.*, No. 12-23557 (TJC), 2013 WL 12576085, at *1 (Bankr. D. Md. Oct. 1, 2013) (approving retention effective as of the petition date).

## Waiver of Memorandum of Law

21. Pursuant to Local Rule 9013-2, the Debtors state that, in lieu of submitting a memorandum in support of this Motion, the Debtors will rely on the grounds and authorities set forth herein.

**Notice**

22.     Notice of this Motion will be given to the following parties, or, in lieu thereof, to their counsel: (i) the Office of the United States Trustee for the District of Maryland; (ii) the Committee; (iii) counsel to JPMorgan Chase Bank, N.A.; (iv) the civil process clerk of the United States Attorney for the District of Maryland; (v) the United States Attorney General; (vi) the offices of the attorneys general for the states in which the Debtors operate; (vii) the Internal Revenue Service; (viii) each of the Ordinary Course Professionals listed on **Exhibit 1** to the Proposed Order attached hereto as **Exhibit A** and (ix) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and granting such other relief as the Court deems appropriate.

[*Remainder of Page Left intentionally Blank*]

Dated: February 12, 2025

**SAUL EWING LLP**

By: */s/ Jordan D. Rosenfeld*
Jordan D. Rosenfeld (MD Bar No. 13964)
1001 Fleet Street, 9th Floor
Baltimore, MD 21202
Telephone: (410) 332-8600
Email: jordan.rosenfeld@saul.com

-and-

Jeffrey C. Hampton (admitted *pro hac vice*)
Adam H. Isenberg (admitted *pro hac vice*)
Turner N. Falk (admitted *pro hac vice*)
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Email: jeffrey.hampton@saul.com
           adam.isenberg@saul.com
           turner.falk@saul.com

-and-

Mark Minuti (admitted *pro hac vice*)
Paige N. Topper (admitted *pro hac vice*)
Nicholas Smargiassi (admitted *pro hac vice*)
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
Telephone: (302) 421-6800
Email: mark.minuti@saul.com
           paige.topper@saul.com
           nicholas.smargiassi@saul.com

*Proposed Counsel for Debtors and Debtors in Possession*