**Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re<br><br>Diamond Comic Distributors, Inc., *et al.*,<br><br>Debtors.[1] | Case No. 25-10308 (DER)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>**Re: D.I.** |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF
PROFESSIONALS USED IN THE ORDINARY COURSE OF
BUSINESS EFFECTIVE AS OF THE PETITION DATE**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") seeking entry of an order (this "Order") authorizing the Debtors to retain, employ, compensate, and reimburse expenses of certain professionals provided on the list attached hereto as **Exhibit 1** used in the ordinary course of the Debtors' business effective as of the Petition Date; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334, and *Standing Order 2012-05* from the

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

[2] Capitalized terms used but not defined herein are defined in the Motion.

United States District Court for the District of Maryland; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given; and it appearing that the relief requested by the Motion is in the best interest of the Debtors' estates, the Debtors' creditors, and other parties in interest; and the Court having reviewed the Motion and, if necessary, considered the arguments made at the hearing; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. The Debtors are hereby authorized to retain and pay the Ordinary Course Professionals listed on **Exhibit 1** attached hereto, in the ordinary course of business, in accordance with the compensation procedures set forth herein effective as of the Petition Date.

3. Each Ordinary Course Professional shall file with the Court a verified statement pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Rule 2014 Statement") in substantially the form attached hereto as **Exhibit 2**, and serve such Rule 2014 Statement on the following: (collectively the "Notice Parties"): (a) proposed counsel to the Debtors, Saul Ewing LLP, 1500 Market Street, 38th Floor, Philadelphia, Pennsylvania 19102, Attn: Jeffrey C. Hampton (jeffrey.hampton@saul.com) and Adam H. Isenberg (adam.isenberg@saul.com), and 1201 N. Market Street, Suite 2300, Wilmington, Delaware 19801, Attn: Paige N. Topper (paige.topper@saul.com); (b) counsel to DIP Lender, Troutman Pepper Locke LLP, 111 Huntington Avenue, 9th Floor, Boston, Massachusetts 02199, Attn: Jonathan W. Young (jonathan.young@troutman.com), David Ruediger (david.ruediger@troutman.com), and Katherine Culbertson (katherine.culbertson@troutman.com); (c) the Office of the United States

Trustee for the District of Maryland, Attn: Gerard R. Vetter (gerard.r.vetter@usdoj.gov) and Hugh M. Bernstein (hugh.m.bernstein@usdoj.gov); and (d) proposed counsel to the Committee, (i) Lowenstein Sandler LLP, 1251 Avenue of the Americas, New York, New York 10020, Attn: Bruce S. Nathan (bnathan@lowenstein.com) and Gianfranco Finizio (gfinizio@lowenstein.com), and (ii) Tydings & Rosenberg LLP, One E. Pratt St., Suite 901, Baltimore, Maryland 21202, Attn: Stephen B. Gerald (sgerald@tydings.com).

4. The Notice Parties shall have fourteen (14) days after receipt of each Ordinary Course Professional's Rule 2014 Statement to file and serve an objection to the retention of such Ordinary Course Professional (the "Objection Deadline"). Any objection shall be served upon the respective Ordinary Course Professional and the Notice Parties on or before the Objection Deadline. If an objection is timely filed and served and cannot be resolved within fourteen (14) days of its receipt, the matter shall be scheduled for hearing before the Court at the next regularly scheduled hearing or on such other date otherwise agreeable to the parties. If following the hearing, the Court overrules any such objection, the terms of this Order shall govern the retention and compensation of such Ordinary Course Professional.

5. If no objection is received from the Notice Parties by the Objection Deadline with respect to any particular Ordinary Course Professional, the Debtors are authorized to retain such Ordinary Course Professional effective as of the Petition Date without further notice, hearing, or order of the Court and the Debtors shall be authorized to pay such Ordinary Course Professional subject to the limitations set forth herein.

6. The Debtors shall be permitted to make payments to an Ordinary Course Professional that has filed its Rule 2014 Statement upon immediate entry of this Order and upon receipt of the invoice, so long as no objection to the retention of the Ordinary Course Professional

3

has been received at the time of payment. Should any such payments be made to an Ordinary Course Professional prior to the Objection Deadline, and a timely objection is served after such payment is made and such objection cannot be resolved, the matter shall be scheduled for a hearing before the Court at the next regularly scheduled hearing date or on such other date otherwise agreeable to the parties. In the event the retention of the Ordinary Course Professional is not authorized by the Court, such professional may be required to disgorge any payments received from the Debtors for postpetition services.

7. The Debtors shall not make any payments to an Ordinary Course Professional until such professional has filed its respective Rule 2014 Statement. Upon satisfaction of the foregoing, and upon receipt of a reasonably detailed invoice from any such Ordinary Course Professional describing the services rendered postpetition in accordance with the parties' customary billing practices, the Debtors are authorized, but not directed, to pay for each Ordinary Course Professional listed on **Exhibit 1** up to $30,000 per month per such Professional (the "Individual Fee Cap"). The Debtors shall retain the right to dispute the amount of any invoices received from any Ordinary Course Professional, and if the parties are unable to resolve their dispute within fourteen (14) days, the matter shall be scheduled for a hearing before the Court at the next regularly scheduled hearing date or on such other date otherwise agreeable to the parties.

8. Should the payment of fees and expenses to any Ordinary Course Professional exceed the Individual Fee Cap, such Ordinary Course Professional shall file a fee application for the applicable month in which its fees and expenses exceed the Individual Fee Cap pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any applicable orders of the Court.

9. The Debtors are authorized and empowered to employ and retain additional Ordinary Course Professionals during these chapter 11 cases should the need arise, without having to file individual retention or compensation applications for each, by filing with the Court and serving on the Notice Parties a supplement to **Exhibit 1** attached hereto without the need for any further hearing or notice to any other party.  Any such additional Ordinary Course Professional shall be subject the same procedures set forth herein, including the requirement to file and serve a Rule 2014 Statement in a form substantially similar to that attached to this order as **Exhibit 2**.

10. Beginning on March 31, 2025, and in three-month intervals thereafter while these chapter 11 cases are pending, the Debtors shall file with the Court and serve on the Notice Parties a statement with respect to each Ordinary Course Professional paid during the three-month period, which shall include the following information about them: (i) name; (ii) aggregate amount paid during that time period; and (iii) a general description of the services rendered to the Debtors.

11. This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court.

12. The Debtors are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

13. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14. This Court shall retain jurisdiction with respect to all matters relating to the interpretation of this Order.

**END OF ORDER**

**Exhibit 1**

**List of Ordinary Course Professionals**

**List of Ordinary Course Professionals Subject to  
$30,000 Per Month Per Professional Cap**

| Name | Services Provided |
|---|---|
| Baylinson, Kudysh, Greenberg & Helt, LLC | Collections Counsel |
| Katz A. Bosch | 401(k) Auditing Services |
| Offit Kurman P.A. | Employment Counsel |
| Stanton Public Relations & Marketing | Public Relations |

**Exhibit 2**

**Rule 2014 Statement**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re<br><br>Diamond Comic Distributors, Inc., *et al.*,<br><br>Debtors.[1] | Case No. 25-10308 (DER)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>**Re: D.I.** |

**VERIFIED STATEMENT OF _____ PURSUANT TO
FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014**

I, _____, declare under penalty of perjury:

I am the _____ [title] of _____ [firm] located at _____ (the "Firm").

The Firm has been retained by the above-captioned debtors and debtors in possession (the "Debtors") pursuant to this Court's Order dated _____ authorizing the Debtors to retain, employ, compensate, and reimburse the expenses of certain professionals used in the ordinary course of the Debtors' business (the "Ordinary Course Professionals") to provide _____ [description] services to the Debtors.

Pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure, the Firm hereby confirms that, to the best of its knowledge and belief, and except as may be set forth on an exhibit attached hereto, other than in connection with these cases, the Firm does not have any material connection with the Debtors, the Debtors' creditors, or any other party in interest, or their respective attorneys or accountants, with an actual or potential interest in these chapter 11 cases in connection with the matters on which it is retained by the Debtors. The Firm hereby confirms that it does not represent any interest adverse to the Debtors or the Debtors' estates in the matters upon which it is engaged.

The Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to these chapter 11 cases for persons that are parties in interest in these chapter 11 cases. The Firm does not perform services for any such person in connection with these chapter 11 cases or have a relationship with any such person or their attorneys or accountants that would be adverse to the Debtors or the Debtors' estates.

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

   Neither I nor any principal, partner, director, officer of or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

   Neither I nor any principal, partner, director, officer etc. of or professional employed by the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or the Debtors' estates with respect to the matters on which the Firm is to be employed.

   The Debtors owe the Firm $[_____] for pre-petition services, the payment of which is subject to the provisions of the United States Bankruptcy Code, 11 U.S.C. § 101–1532.

   If during the course of the Firm's employment, the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this statement.

   Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____, 2025

                    _____
                     [Firm Name]


                     _____
                     [Declarant]