**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re<br><br>Diamond Comic Distributors, Inc., *et al.*,<br><br>Debtors.[1] | Case No. 25-10308 (DER)<br><br>Chapter 11<br><br>(Jointly Administered) |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS,
METHODOLOGY, AND DISCLAIMER REGARDING
DEBTORS' SCHEDULES AND STATEMENTS**

The Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements") filed by Diamond Comic Distributors, Inc., and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Court") were prepared pursuant to section 521 of title 11 of the United States Code, 11 U.S.C. 101–1532 (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 1007 by the Debtors' management, under the supervision of the Debtors' chief restructuring officers (the "Co-CROs"), and are unaudited. While the members of management responsible for the preparation of the Schedules and Statements have made a reasonable effort to ensure that the Schedules and Statements are accurate and complete based on information known to them at the time of preparation and after reasonable inquiries, inadvertent errors may exist and/or the subsequent receipt of information may result in material changes to financial and other data contained in the Schedules and Statements that may warrant amendment of the same. Moreover, because the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, there can be no assurance that these Schedules and Statements are complete or accurate.

These Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding Debtors' Schedules and Statements (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of, the Debtors' Schedules and Statements. In the event of any inconsistency between the Global Notes and the Schedules and Statements, the Global Notes shall control and govern.

The Schedules and Statements have been signed by an authorized representative of the Debtors. In reviewing and signing the Schedules and Statements, this representative relied upon the efforts, statements and representations of the Debtors' other personnel and professionals. The representative has not (and could not have) personally verified the accuracy of each such

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

statement and representation, including, for example, statements and representations concerning amounts owed to creditors and their addresses.

1. **Case**. On January 14, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Unless otherwise indicated, the information provided is as of the close of business on January 13, 2025.

2. **Amendments**. The Debtors reserve the right to amend the Schedules and Statements in all respects at any time as may be necessary or appropriate, including, without limitation, the right to dispute or to assert offsets or defenses to any claim reflected on the Schedules and Statements as to amount, liability, or classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Any failure to designate a claim as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim is not "contingent," "unliquidated," or "disputed."

3. **Estimates and Assumptions**. The preparation of the Schedules and Statements requires the Debtors to make estimates and assumptions that affect the reported amounts of assets and liabilities, the disclosures of contingent assets and liabilities on the date of the Schedules and Statements, and the reported amounts of revenues and expenses during the reporting period. Actual results could differ from those estimates.

4. **Unknown Amounts**. Some of the scheduled liabilities are unknown and unliquidated at this time. In such cases, the amounts are listed as "Unknown" or "Unliquidated." Because certain scheduled liabilities are unknown and unliquidated, the Schedules and the Statements do not accurately reflect the aggregate amount of the Debtors' liabilities.

5. **Pre-Petition vs. Post-Petition**. The Debtors have sought to allocate liabilities between the pre-petition and post-petition periods based on the information derived from research and investigation conducted during the preparation of these Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between pre-petition and post-petition periods may change. The liabilities listed on the Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

6. **GAAP**. Given the difference between the information requested in the Schedules and Statements, and the financial information utilized under generally accepted accounting principles in the United States ("GAAP"), the aggregate asset values and claim amounts set forth in the Schedules and Statements do not necessarily reflect the amounts that would be set forth in a balance sheet prepared in accordance with GAAP.

7. **Asset Values**. It would be prohibitively expensive, unduly burdensome, inefficient, and time-consuming to obtain additional market valuations of the Debtors' property interests. Accordingly, to the extent any asset value is listed herein, and unless otherwise noted therein, net book values rather than current market values of the Debtors' property interests are reflected in the applicable Schedule. As applicable, assets that have been fully depreciated or

were expensed for accounting purposes have no net book value.  Unless otherwise indicated, all asset amounts and claim amounts are listed as of January 13, 2025.  The Debtors reserve the right to amend or adjust the value of each asset or liability as set forth herein.

8. **Setoff or Recoupment Rights**. The Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights, deposits posted by or on behalf of the Debtors, or inchoate statutory lien rights. The Debtors routinely incur setoffs and net payments in the ordinary course of business. Due to the nature of setoffs and nettings, it would be burdensome and costly for the Debtors to list each such transaction. Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for and, as such, are or may be excluded from the Schedules and Statements. In addition, some amounts listed in the Schedules and Statements may have been affected by setoffs or nettings by third parties of which the Debtors are not yet aware. The Debtors reserve all rights to challenge any setoff or recoupment rights that may be asserted.

9. **Co-Obligors**. No claim set forth on the Schedules and Statements of the Debtors is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by another party.

10. **Collectibles with Disputed Ownership.**  As reflected on Schedule A/B question 42, Debtor Diamond Comic Distributors, Inc., has certain collectibles subject to an ownership dispute between Diamond Comic Distributors Inc., and Stephen Geppi.  The Debtors reserve all rights with respect to title of these collectibles.

11. **Causes of Action**.  The Debtors reserve all of their causes of action.  Neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such cause of action.  Likewise, the failure to list a cause of action in question 74 of Schedule A/B or SOFA question 7 shall not be deemed a waiver of any such cause of action.  Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to these chapter 11 cases, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant nonbankruptcy laws to recover assets or avoid transfers.

12. **Other Contingent and Unliquidated Claims or Causes of Action**. The failure to list any such claims or causes of action in the Schedules and Statements, including in response to Schedule A/B question 75, is not an admission that such cause of action, claim, or right does not exist, and should not be construed as a waiver of such cause of action, claim, or right.

13. **Insiders**. The listing of a party as an insider is not intended to be, nor should it be, construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved.  Further, employees have been included in this disclosure for informational purposes only and should not be deemed to be "insiders" in terms of control of the Debtors, management responsibilities or functions, decision-making or corporate authority and/or as otherwise defined by applicable law, including, without limitation, the federal securities laws, or

3

with respect to any theories of liability or for any other purpose.

14. **Intercompany Claims**. As described more fully in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Continued Use of Existing Cash Management System, Bank Accounts, and Business Forms and Payment of Related Prepetition Obligations, (II) Authorizing Continuation of Ordinary Course Intercompany Transactions, (III) Extending Time to Comply with the Requirements of 11 U.S.C. § 345(b), and (IV) Granting Related Relief* [D.I. 14] (the "Cash Management Motion"), the Debtors regularly engage in a range of intercompany transactions in the ordinary course of business. The Bankruptcy Court authorized the Debtors to continue such intercompany transactions in the ordinary course of business pursuant to the order granting the Cash Management Motion [D.I. 130]. Intercompany transactions are included in the Schedules as reflected on the Debtors' books and records. The Debtors reserve all rights as to how the intercompany transactions are characterized.

15. **Receivable from Stephen Geppi**. The Debtors have listed a receivable from the Debtors' Chief Executive Officer and ultimate principal, Stephen Geppi, in response to Schedule A/B question 77 for Debtor Diamond Comic Distributors, Inc. The amount listed is an estimate and remains subject to the Debtors' ongoing review and analysis. The Debtors reserve all rights with respect to any receivables owed to the Debtors by Mr. Geppi.

16. **Intellectual Property**. The exclusion of any intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred. The Debtors reserve all rights with respect to the legal status of any and all such intellectual property rights.

17. **Fiscal Year**. The Debtors' fiscal year ends on December 31.

18. **Currency**. All amounts are reflected in U.S. dollars.

19. **Summary of Significant Reporting Policies and Practices**. The following conventions were adopted by the Debtors in preparation of the Schedules and Statements:

    (a)    Fair Market Value; Book Value. Unless otherwise noted therein, the Schedules and Statements reflect the carrying value of the liabilities as listed in the Debtors' books and records. Where the current market value of assets is unknown, the Debtors have based their valuation on book values net of depreciation. The Debtors reserve the right to amend or adjust the value of each asset or liability set forth herein.

    (b)    Leased Real and Personal Property. In the ordinary course of business, certain of the Debtors may enter into agreements titled as leases for property, other real property interests, and equipment from third party lessors for use in the daily operation of their business. The Debtors believe

that all such leases are set forth in the Schedules and Statements. Any known prepetition obligations of the Debtors for equipment or similar leases have been listed on Schedule E/F, the underlying lease agreements are listed on Schedule G, or, if the leases are in the nature of real property interests under applicable state laws, such interests are reflected on Schedule A/B. The Schedules and Statements do not reflect any right-of-use assets. Nothing in the Schedules or Statements is or shall be construed as an admission or determination as to legal status of any lease (including whether to assume and assign or reject such lease or whether it is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to all such issues.

(c) <u>Disputed, Contingent and/or Unliquidated Claims</u>. Schedules D, E, and F permit the Debtors to designate a claim as disputed, contingent, and/or unliquidated. A failure to designate a claim on any of these Schedules and Statements as disputed, contingent, and/or unliquidated does not constitute an admission that such claim is not subject to objection. The Debtors reserve the right to dispute, or assert offsets or defenses to, any claim reflected on these Schedules and Statements as to amount, liability, or status.

(d) <u>Payments Made within 90 Days prior to the Petition Date and Payments to Insiders within One Year of Petition Date</u>. Payments made in the ordinary course of the Debtors' business to employees for salaries, wages, bonuses, commissions, and employee benefits, payroll taxes and sales taxes were omitted from the SOFA question 3. Payments to insiders within one year of the Petition Date, including transfers within 90 days of the Petition Date, are listed in response to SOFA question 4 and are not separately set forth in response to SOFA question 3. In preparing their responses to SOFA question 4, and in the interest of full disclosure, the Debtors used an expansive interpretation of the term "insider." Inclusion or omission of a creditor as an "insider" on the Debtors' response to SOFA question 4 is not determinative as to whether a creditor is actually an "insider," as such term is defined in the Bankruptcy Code and the Debtors reserve all of their rights with respect to such characterization. Moreover, payments are listed in response to SOFA questions 3 and 4 without regard as to whether such payments were made on account of antecedent debt, and the Debtors reserve all of their rights with respect to such issue.

(e) <u>Statement of Financial Affairs – Payments to Professionals.</u> The Debtor's response to SOFA question 3 does not include transfers to bankruptcy professionals, which transfers appear in response to SOFA question 11.

(f) <u>Statement of Financial Affairs – Payments to Insiders</u>. Both questions 4 and 30 in the SOFAs request information regarding payments to insiders,

and all such information is provided in response to question 4. The Debtors reserve all rights with respect to the characterization of payments listed in response to questions 4 and 30.

(g) <u>Statement of Financial Affairs – Suits and Administration Proceedings</u>. Although the Debtors have attempted to list in question 7 all known claimants with pending suits or administrative proceedings, certain actions may have been inadvertently omitted. The Debtors reserve all of their rights with respect to any such claims or causes of action they may have and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

(h) <u>Statement of Financial Affairs - Inventory</u>. Inventories are valued in the Schedules and Statements at the values indicated on the Debtors' books and records. In answering SOFA question 27, the Debtors have not performed a formal physical inventory within two years of the Petition Date. However, the operations managers at each Debtor facility perform cycle counts daily and these counts are reflected in the Debtors' warehouse management system.

20. **Schedule D**. Although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the recharacterization of the structure of any such transaction or any document or instrument related to such creditor's claim except as otherwise agreed to pursuant to a stipulation or an agreed order or any other order entered by the Bankruptcy Court. No claim set forth on Schedule D is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. The descriptions provided in Schedule D are intended only as a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. The Debtors reserve all rights to amend Schedule D to the extent that the Debtors determine that any claims associated with such agreements should be reported on Schedule D. Nothing herein shall be construed as an admission by the Debtors of the legal rights of a claimant or a waiver of the Debtors' rights to recharacterize or reclassify a claim or contract.

21. **Schedule E/F**. The Debtors' analysis of potential priority claims is ongoing, and any amounts listed as priority claims on Schedule E/F remain subject to such analysis. Amendments will be made to Schedule E/F as necessary. Although reasonable efforts have been made to identify the date of incurrence of each claim, determining the date upon which each claim on Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive, and therefore, the Debtors either do not list a date or list "various" for the date for each claim on Schedule E/F.

Schedule E/F may contain potential claims on account of pending litigation involving the Debtors. Any potential claim associated with any such pending litigation is marked as

6

contingent, unliquidated and disputed in the Schedules and Statements. Some of the potential litigation listed on Schedule E/F may be subject to subordination pursuant to section 510 of the Bankruptcy Code. In addition, workers' compensation claims that are covered in full under the Debtors' insurance policies are not included on Schedule E/F. Any information contained in Schedule E/F with respect to pending or potential litigation is not a binding representation of the Debtors' liabilities with respect to any of the potential suits and proceedings included therein.

Schedule E/F reflects prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of executory contracts and unexpired leases. Schedule E/F does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected in the future.

Pursuant to the *Order (I) Authorizing the Debtors to (A) Pay Prepetition Employee Wages, Benefits, and Other Compensation Obligations and (B) Maintain the Compensation and Benefits Programs, and (II) Granting Related Relief* [D.I. 50] (the "Wages Order"), the Debtors were authorized to pay, and did pay, certain pre-petition claims for employee wages and other related obligations. To the extent parties were paid pre-petition amounts owed to such parties pursuant to the authority granted in the Wages Order, such parties are not listed in the Schedules.

Likewise, pursuant to the *Final Order Authorizing the Debtors to (I) Pay Certain Prepetition Taxes and Fees, and (II) Granting Related Relief* [D.I. 129] (the "Tax Order"), the Debtors were authorized to pay, and did pay, certain pre-petition claims for outstanding taxes and fees. To the extent parties were paid prepetition amounts pursuant to the authority granted in the Tax Order, such parties are not listed in the Schedules.

19. **Schedule G**. Although reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors may have occurred. Certain information, such as the contact information of the counterparty, may not be included where such information could not be obtained using reasonable efforts. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement was an executory contract or unexpired lease as of the Petition Date, or that it is valid or enforceable. The Debtors hereby reserve all rights to dispute or challenge the validity, status or enforceability of any contracts, agreements or leases set forth on Schedule G, including contracts, agreements or leases that may have expired or may have been modified, amended, and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents that may not be listed on Schedule G, and to amend or supplement Schedule G as necessary. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth separately on Schedule G. The Debtors reserve all rights with respect to such agreements.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including but not limited to, purchase orders, amendments, restatements, waivers, letters and other documents that may not be listed on Schedule G or that may be listed as a single entry. In some cases, the same vendor or provider may appear multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such

7

supplier or provider.  The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract, or multiple, severable or separate contracts.  Certain of the executory agreements may not have been memorialized in writing and could be subject to dispute.  In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as subordination agreements, supplemental agreements, settlement agreements, amendments/letter agreements, and confidentiality agreements.  Such documents may not be set forth on Schedule G.  The Debtors also reserve all rights to dispute or challenge the characterization of the structure of any transaction, or any document or instrument related to a creditor's claim.  Further, the Debtors reserve all rights to later amend the Schedules and Statements to the extent that additional information regarding the Debtor obligor to an executory contract becomes available.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease.  The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.  Any and all of the Debtors' rights, claims, and causes of action regarding the contracts and agreements listed on Schedule G are reserved and preserved.  Schedule G may be amended at any time to add any omitted contract, agreement or lease.

20.  **Schedule H**. For ease of review and user-friendliness, Schedule H for each Debtor contains a list of co-obligors for all of the Debtors and a description of the relevant obligations, and is not limited to specific debts of the Debtor.  The Debtors have not listed any litigation-related co-defendants on Schedule H.  The Debtors also may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements.  The Debtors reserve all rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

Neither the Debtors, their agents, nor their attorneys guarantee or warrant the accuracy, the completeness, or correctness of the data that is provided herein or in the Schedules and Statements, and neither are they liable for any loss or injury arising out of, or caused in whole or in part by, the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information herein.  While every effort has been made to provide accurate and complete information herein, inadvertent errors or omissions may exist.  The Debtors and their agents, attorneys and advisors expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised or re-categorized.  In no event shall the Debtors or their agents, attorneys and advisors be liable to any third party for any direct, indirect, incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not, and however caused, even if the Debtors or their agents, attorneys and advisors are advised of the possibility of such damages.

| Fill in this information to identify the case: | |
|---|---|
| Debtor name: **Comic Exporters, Inc.** | |
| United States Bankruptcy Court for the **Baltimore** Division, District of **Maryland** | ☐ Check if this is an amended filing |
| Case number (If known): **25-10309** | |

# Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

### Part 1:    Income

**1. Gross revenue from business**

☒ None

**2. Non-business revenue**
Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☒ None

### Part 2:    List Certain Transfers Made Before Filing for Bankruptcy

**3. Certain payments or transfers to creditors within 90 days before filing this case**
List payments or transfers including expense reimbursements to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☒ None

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31)

☒ None

**5. Repossessions, foreclosures, and returns**
List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6

☒ None

**6. Setoffs**
List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt

☒ None

### Part 3:    Legal Actions or Assignments

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity-within 1 year before filing this case

☒ None

**8. Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case

☒ None

### Part 4:    Certain Gifts and Charitable Contributions

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☒ None

### Part 5:    Certain Losses

**10. All losses from fire, theft, or other casualty within 1 year before filing this case**

☒ None

**Part 6:** Certain Payments or Transfers

**11. Payments related to bankruptcy**
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

**12. Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device. Do not include transfers already listed on this statement.

☑ None

**13. Transfers not already listed on this statement**
List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

**Part 7:** Previous Locations

**14. Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ None

**Part 8:** Health Care Bankruptcies

**15. Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
--- diagnosing or treating injury, deformity, or disease, or
--- providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ None

**Part 9:** Personally Identifiable Information

**16. Does the debtor collect and retain personally identifiable information of customers?**
☑ No.
☐ Yes. State the nature of the information collected and retained.

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**
☑ No. Go to Part 10
☐ Yes. Does the debtor serve as plan administrator?

**Part 10:** Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

**18. Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred? Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

**19. Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

**20. Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

**Part 11:** Property the Debtor Holds or Controls That the Debtor Does Not Own

**21. Property held for another**

☑ None

# Part 12: Details About Environmental Information

**22.** Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.
- ☑ No.
- ☐ Yes. Provide details below

**23.** Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?
- ☑ No.
- ☐ Yes. Provide details below

**24.** Has the debtor notified any governmental unit of any release of hazardous material?
- ☑ No.
- ☐ Yes. Provide details below

# Part 13: Details About the Debtor's Business or Connections to Any Business

**25.** Other businesses in which the debtor has or has had an interest
- ☐ None

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| **25.1** Diamond Comic Distributors UK, Unlimited Corporation<br>Name<br>Canalside Warrington Road, Manor Park<br>Street<br>Runcorn, Cheshire   WA7 1SN<br>City   State   ZIP Code<br>United Kingdom<br>Country | Comic Distribution | EIN: N/A<br>**Dates business existed**<br>From 01/01/1995   To Present |

**26.** Books, records, and financial statements

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
- ☐ None

**26a.1.**

| Name and address | Dates of service |
|---|---|
| Larry Swanson<br>Name<br>10150 York Rd<br>Street<br>Cockeysville   MD   21030<br>City   State   ZIP Code<br>United States<br>Country | From 06/22/1987   To Present |

**26a.2.**

| Name and address | Dates of service |
|---|---|
| Tom Garey<br>Name<br>10150 York Rd<br>Street<br>Cockeysville   MD   21030<br>City   State   ZIP Code<br>United States<br>Country | From 11/14/1996   To Present |

**26a.3.**

| Name and address | Dates of service |
|---|---|
| Henry Priller<br>Name<br>10150 York Rd<br>Street<br>Cockeysville   MD   21030<br>City   State   ZIP Code<br>United States<br>Country | From 08/24/1992   To 06/13/2023 |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.
- ☑ None

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.
☒ None

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.
☐ None

26d.1.

**Name and address**

JPMorgan Chase Bank, N.A.
Name
P.O. Box 69165
Street
Baltimore              MD          21264-9165
City                   State       ZIP Code
United States
Country

## 27. Inventories
☒ No.
☐ Yes. Give the details about the two most recent inventories.

## 28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Diamond Comic Distributors, Inc. | 10150 York Rd, Cockeysville, MD 21030 | Member | 100 |
| Steven Geppi | 10150 York Rd, Cockeysville, MD 21030 | Board Director | |
| Chuck Parker | 10150 York Rd, Cockeysville, MD 21030 | Board Director | |
| Larry Swanson | 10150 York Rd, Cockeysville, MD 21030 | Board Director | |
| Robert Gorin | c/o Getzler Henrich, 295 Madison Ave, 20th Fl., New York, NY 10017 | Co-CRO | |
| William Henrich | c/o Getzler Henrich, 295 Madison Ave, 20th Fl., New York, NY 10017 | Co-CRO | |

## 29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?
☒ No.
☐ Yes. Identify below.

## 30. Payments, distributions, or withdrawals credited or given to insiders
☒ No.
☐ Yes. Identify below.

## 31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?
☐ No.
☒ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| Diamond Comic Distributors, Inc. | EIN: 52-1243450 |

## 32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?
☒ No.
☐ Yes. Identify below.

**Part 14:    Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this Statement of Financial Affairs and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct

Executed on      02/17/2025
                 MM / DD / YYYY

/s/ Robert Gorin                                          Printed name   Robert Gorin
Signature of individual signing on behalf of the debtor

Position or relationship to debtor      Chief Restructuring Officer

**Are additional pages to Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (Official Form 207) attached?**
☒ No
☐ Yes