**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc., *et al.*, | Chapter 11 |
| Debtors.[1] | (Jointly Administered) |

### GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTORS' SCHEDULES AND STATEMENTS

The Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements") filed by Diamond Comic Distributors, Inc., and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Court") were prepared pursuant to section 521 of title 11 of the United States Code, 11 U.S.C. 101–1532 (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 1007 by the Debtors' management, under the supervision of the Debtors' chief restructuring officers (the "Co-CROs"), and are unaudited. While the members of management responsible for the preparation of the Schedules and Statements have made a reasonable effort to ensure that the Schedules and Statements are accurate and complete based on information known to them at the time of preparation and after reasonable inquiries, inadvertent errors may exist and/or the subsequent receipt of information may result in material changes to financial and other data contained in the Schedules and Statements that may warrant amendment of the same. Moreover, because the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, there can be no assurance that these Schedules and Statements are complete or accurate.

These Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding Debtors' Schedules and Statements (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of, the Debtors' Schedules and Statements. In the event of any inconsistency between the Global Notes and the Schedules and Statements, the Global Notes shall control and govern.

The Schedules and Statements have been signed by an authorized representative of the Debtors. In reviewing and signing the Schedules and Statements, this representative relied upon the efforts, statements and representations of the Debtors' other personnel and professionals. The representative has not (and could not have) personally verified the accuracy of each such

---

[1]    The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

statement and representation, including, for example, statements and representations concerning amounts owed to creditors and their addresses.

1.    **Case**. On January 14, 2025 (the "<u>Petition Date</u>"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Unless otherwise indicated, the information provided is as of the close of business on January 13, 2025.

2.    **Amendments**. The Debtors reserve the right to amend the Schedules and Statements in all respects at any time as may be necessary or appropriate, including, without limitation, the right to dispute or to assert offsets or defenses to any claim reflected on the Schedules and Statements as to amount, liability, or classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Any failure to designate a claim as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim is not "contingent," "unliquidated," or "disputed."

3.    **Estimates and Assumptions**. The preparation of the Schedules and Statements requires the Debtors to make estimates and assumptions that affect the reported amounts of assets and liabilities, the disclosures of contingent assets and liabilities on the date of the Schedules and Statements, and the reported amounts of revenues and expenses during the reporting period. Actual results could differ from those estimates.

4.    **Unknown Amounts**. Some of the scheduled liabilities are unknown and unliquidated at this time. In such cases, the amounts are listed as "Unknown" or "Unliquidated." Because certain scheduled liabilities are unknown and unliquidated, the Schedules and the Statements do not accurately reflect the aggregate amount of the Debtors' liabilities.

5.    **Pre-Petition vs. Post-Petition**. The Debtors have sought to allocate liabilities between the pre-petition and post-petition periods based on the information derived from research and investigation conducted during the preparation of these Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between pre-petition and post-petition periods may change. The liabilities listed on the Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

6.    **GAAP**. Given the difference between the information requested in the Schedules and Statements, and the financial information utilized under generally accepted accounting principles in the United States ("<u>GAAP</u>"), the aggregate asset values and claim amounts set forth in the Schedules and Statements do not necessarily reflect the amounts that would be set forth in a balance sheet prepared in accordance with GAAP.

7.    **Asset Values**. It would be prohibitively expensive, unduly burdensome, inefficient, and time-consuming to obtain additional market valuations of the Debtors' property interests. Accordingly, to the extent any asset value is listed herein, and unless otherwise noted therein, net book values rather than current market values of the Debtors' property interests are reflected in the applicable Schedule. As applicable, assets that have been fully depreciated or

were expensed for accounting purposes have no net book value.  Unless otherwise indicated, all asset amounts and claim amounts are listed as of January 13, 2025.  The Debtors reserve the right to amend or adjust the value of each asset or liability as set forth herein.

8.    **Setoff or Recoupment Rights**.  The Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights, deposits posted by or on behalf of the Debtors, or inchoate statutory lien rights. The Debtors routinely incur setoffs and net payments in the ordinary course of business. Due to the nature of setoffs and nettings, it would be burdensome and costly for the Debtors to list each such transaction. Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for and, as such, are or may be excluded from the Schedules and Statements. In addition, some amounts listed in the Schedules and Statements may have been affected by setoffs or nettings by third parties of which the Debtors are not yet aware. The Debtors reserve all rights to challenge any setoff or recoupment rights that may be asserted.

9.    **Co-Obligors**.  No claim set forth on the Schedules and Statements of the Debtors is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by another party.

10.    **Collectibles with Disputed Ownership**.  As reflected on Schedule A/B question 42, Debtor Diamond Comic Distributors, Inc., has certain collectibles subject to an ownership dispute between Diamond Comic Distributors Inc., and Stephen Geppi.  The Debtors reserve all rights with respect to title of these collectibles.

11.    **Causes of Action**.  The Debtors reserve all of their causes of action.  Neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such cause of action.  Likewise, the failure to list a cause of action in question 74 of Schedule A/B or SOFA question 7 shall not be deemed a waiver of any such cause of action.  Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to these chapter 11 cases, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant nonbankruptcy laws to recover assets or avoid transfers.

12.    **Other Contingent and Unliquidated Claims or Causes of Action**. The failure to list any such claims or causes of action in the Schedules and Statements, including in response to Schedule A/B question 75, is not an admission that such cause of action, claim, or right does not exist, and should not be construed as a waiver of such cause of action, claim, or right.

13.    **Insiders**. The listing of a party as an insider is not intended to be, nor should it be, construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved.  Further, employees have been included in this disclosure for informational purposes only and should not be deemed to be "insiders" in terms of control of the Debtors, management responsibilities or functions, decision-making or corporate authority and/or as otherwise defined by applicable law, including, without limitation, the federal securities laws, or

with respect to any theories of liability or for any other purpose.

14. **Intercompany Claims**. As described more fully in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Continued Use of Existing Cash Management System, Bank Accounts, and Business Forms and Payment of Related Prepetition Obligations, (II) Authorizing Continuation of Ordinary Course Intercompany Transactions, (III) Extending Time to Comply with the Requirements of 11 U.S.C. § 345(b), and (IV) Granting Related Relief* [D.I. 14] (the "Cash Management Motion"), the Debtors regularly engage in a range of intercompany transactions in the ordinary course of business. The Bankruptcy Court authorized the Debtors to continue such intercompany transactions in the ordinary course of business pursuant to the order granting the Cash Management Motion [D.I. 130]. Intercompany transactions are included in the Schedules as reflected on the Debtors' books and records. The Debtors reserve all rights as to how the intercompany transactions are characterized.

15. **Receivable from Stephen Geppi**. The Debtors have listed a receivable from the Debtors' Chief Executive Officer and ultimate principal, Stephen Geppi, in response to Schedule A/B question 77 for Debtor Diamond Comic Distributors, Inc. The amount listed is an estimate and remains subject to the Debtors' ongoing review and analysis. The Debtors reserve all rights with respect to any receivables owed to the Debtors by Mr. Geppi.

16. **Intellectual Property**. The exclusion of any intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred. The Debtors reserve all rights with respect to the legal status of any and all such intellectual property rights.

17. **Fiscal Year**. The Debtors' fiscal year ends on December 31.

18. **Currency**. All amounts are reflected in U.S. dollars.

19. **Summary of Significant Reporting Policies and Practices**. The following conventions were adopted by the Debtors in preparation of the Schedules and Statements:

    (a)    Fair Market Value; Book Value. Unless otherwise noted therein, the Schedules and Statements reflect the carrying value of the liabilities as listed in the Debtors' books and records. Where the current market value of assets is unknown, the Debtors have based their valuation on book values net of depreciation. The Debtors reserve the right to amend or adjust the value of each asset or liability set forth herein.

    (b)    Leased Real and Personal Property. In the ordinary course of business, certain of the Debtors may enter into agreements titled as leases for property, other real property interests, and equipment from third party lessors for use in the daily operation of their business. The Debtors believe

4

that all such leases are set forth in the Schedules and Statements. Any known prepetition obligations of the Debtors for equipment or similar leases have been listed on Schedule E/F, the underlying lease agreements are listed on Schedule G, or, if the leases are in the nature of real property interests under applicable state laws, such interests are reflected on Schedule A/B. The Schedules and Statements do not reflect any right-of-use assets. Nothing in the Schedules or Statements is or shall be construed as an admission or determination as to legal status of any lease (including whether to assume and assign or reject such lease or whether it is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to all such issues.

(c)     <u>Disputed, Contingent and/or Unliquidated Claims</u>. Schedules D, E, and F permit the Debtors to designate a claim as disputed, contingent, and/or unliquidated. A failure to designate a claim on any of these Schedules and Statements as disputed, contingent, and/or unliquidated does not constitute an admission that such claim is not subject to objection. The Debtors reserve the right to dispute, or assert offsets or defenses to, any claim reflected on these Schedules and Statements as to amount, liability, or status.

(d)     <u>Payments Made within 90 Days prior to the Petition Date and Payments to Insiders within One Year of Petition Date</u>. Payments made in the ordinary course of the Debtors' business to employees for salaries, wages, bonuses, commissions, and employee benefits, payroll taxes and sales taxes were omitted from the SOFA question 3. Payments to insiders within one year of the Petition Date, including transfers within 90 days of the Petition Date, are listed in response to SOFA question 4 and are not separately set forth in response to SOFA question 3. In preparing their responses to SOFA question 4, and in the interest of full disclosure, the Debtors used an expansive interpretation of the term "insider." Inclusion or omission of a creditor as an "insider" on the Debtors' response to SOFA question 4 is not determinative as to whether a creditor is actually an "insider," as such term is defined in the Bankruptcy Code and the Debtors reserve all of their rights with respect to such characterization. Moreover, payments are listed in response to SOFA questions 3 and 4 without regard as to whether such payments were made on account of antecedent debt, and the Debtors reserve all of their rights with respect to such issue.

(e)     <u>Statement of Financial Affairs – Payments to Professionals.</u> The Debtor's response to SOFA question 3 does not include transfers to bankruptcy professionals, which transfers appear in response to SOFA question 11.

(f)     <u>Statement of Financial Affairs – Payments to Insiders</u>. Both questions 4 and 30 in the SOFAs request information regarding payments to insiders,

and all such information is provided in response to question 4. The Debtors reserve all rights with respect to the characterization of payments listed in response to questions 4 and 30.

(g)     <u>Statement of Financial Affairs – Suits and Administration Proceedings</u>. Although the Debtors have attempted to list in question 7 all known claimants with pending suits or administrative proceedings, certain actions may have been inadvertently omitted.  The Debtors reserve all of their rights with respect to any such claims or causes of action they may have and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

(h)     <u>Statement of Financial Affairs - Inventory</u>.  Inventories are valued in the Schedules and Statements at the values indicated on the Debtors' books and records.  In answering SOFA question 27, the Debtors have not performed a formal physical inventory within two years of the Petition Date.  However, the operations managers at each Debtor facility perform cycle counts daily and these counts are reflected in the Debtors' warehouse management system.

20.     **Schedule D**. Although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the recharacterization of the structure of any such transaction or any document or instrument related to such creditor's claim except as otherwise agreed to pursuant to a stipulation or an agreed order or any other order entered by the Bankruptcy Court.  No claim set forth on Schedule D is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.  The descriptions provided in Schedule D are intended only as a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens.  Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.  The Debtors reserve all rights to amend Schedule D to the extent that the Debtors determine that any claims associated with such agreements should be reported on Schedule D.  Nothing herein shall be construed as an admission by the Debtors of the legal rights of a claimant or a waiver of the Debtors' rights to recharacterize or reclassify a claim or contract.

21.     **Schedule E/F**. The Debtors' analysis of potential priority claims is ongoing, and any amounts listed as priority claims on Schedule E/F remain subject to such analysis. Amendments will be made to Schedule E/F as necessary.  Although reasonable efforts have been made to identify the date of incurrence of each claim, determining the date upon which each claim on Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive, and therefore, the Debtors either do not list a date or list "various" for the date for each claim on Schedule E/F.

Schedule E/F may contain potential claims on account of pending litigation involving the Debtors.  Any potential claim associated with any such pending litigation is marked as

contingent, unliquidated and disputed in the Schedules and Statements. Some of the potential litigation listed on Schedule E/F may be subject to subordination pursuant to section 510 of the Bankruptcy Code. In addition, workers' compensation claims that are covered in full under the Debtors' insurance policies are not included on Schedule E/F. Any information contained in Schedule E/F with respect to pending or potential litigation is not a binding representation of the Debtors' liabilities with respect to any of the potential suits and proceedings included therein.

Schedule E/F reflects prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of executory contracts and unexpired leases. Schedule E/F does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected in the future.

Pursuant to the *Order (I) Authorizing the Debtors to (A) Pay Prepetition Employee Wages, Benefits, and Other Compensation Obligations and (B) Maintain the Compensation and Benefits Programs, and (II) Granting Related Relief* [D.I. 50] (the "Wages Order"), the Debtors were authorized to pay, and did pay, certain pre-petition claims for employee wages and other related obligations. To the extent parties were paid pre-petition amounts owed to such parties pursuant to the authority granted in the Wages Order, such parties are not listed in the Schedules.

Likewise, pursuant to the *Final Order Authorizing the Debtors to (I) Pay Certain Prepetition Taxes and Fees, and (II) Granting Related Relief* [D.I. 129] (the "Tax Order"), the Debtors were authorized to pay, and did pay, certain pre-petition claims for outstanding taxes and fees. To the extent parties were paid prepetition amounts pursuant to the authority granted in the Tax Order, such parties are not listed in the Schedules.

19. **Schedule G**. Although reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors may have occurred. Certain information, such as the contact information of the counterparty, may not be included where such information could not be obtained using reasonable efforts. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement was an executory contract or unexpired lease as of the Petition Date, or that it is valid or enforceable. The Debtors hereby reserve all rights to dispute or challenge the validity, status or enforceability of any contracts, agreements or leases set forth on Schedule G, including contracts, agreements or leases that may have expired or may have been modified, amended, and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents that may not be listed on Schedule G, and to amend or supplement Schedule G as necessary. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth separately on Schedule G. The Debtors reserve all rights with respect to such agreements.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including but not limited to, purchase orders, amendments, restatements, waivers, letters and other documents that may not be listed on Schedule G or that may be listed as a single entry. In some cases, the same vendor or provider may appear multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such

7

supplier or provider. The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract, or multiple, severable or separate contracts. Certain of the executory agreements may not have been memorialized in writing and could be subject to dispute. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as subordination agreements, supplemental agreements, settlement agreements, amendments/letter agreements, and confidentiality agreements. Such documents may not be set forth on Schedule G. The Debtors also reserve all rights to dispute or challenge the characterization of the structure of any transaction, or any document or instrument related to a creditor's claim. Further, the Debtors reserve all rights to later amend the Schedules and Statements to the extent that additional information regarding the Debtor obligor to an executory contract becomes available.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission. Any and all of the Debtors' rights, claims, and causes of action regarding the contracts and agreements listed on Schedule G are reserved and preserved. Schedule G may be amended at any time to add any omitted contract, agreement or lease.

20. **Schedule H**. For ease of review and user-friendliness, Schedule H for each Debtor contains a list of co-obligors for all of the Debtors and a description of the relevant obligations, and is not limited to specific debts of the Debtor. The Debtors have not listed any litigation-related co-defendants on Schedule H. The Debtors also may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements. The Debtors reserve all rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

Neither the Debtors, their agents, nor their attorneys guarantee or warrant the accuracy, the completeness, or correctness of the data that is provided herein or in the Schedules and Statements, and neither are they liable for any loss or injury arising out of, or caused in whole or in part by, the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information herein. While every effort has been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors and their agents, attorneys and advisors expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised or re-categorized. In no event shall the Debtors or their agents, attorneys and advisors be liable to any third party for any direct, indirect, incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not, and however caused, even if the Debtors or their agents, attorneys and advisors are advised of the possibility of such damages.

**Fill in this information to identify the case:**

Debtor name: <u>**Comic Exporters, Inc.**</u>

United States Bankruptcy Court for the <u>**Baltimore**</u> Division, District of <u>**Maryland**</u>

Case number (If known): <u>**25-10309**</u>

☐ Check if this is an amended filing

## Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

12/15

| Part 1: | Summary of Assets |
| --- | --- |

1. ***Schedule A/B: Assets—Real and Personal Property*** (Official Form 206A/B)

| | |
| --- | --- |
| 1a. **Real property:**<br>Copy line 88 from Schedule A/B | $ 0.00 |
| 1b. **Total personal property:**<br>Copy line 91A from Schedule A/B | $ 0.00 |
| 1c. **Total of all property:**<br>Copy line 92 from Schedule A/B | $ 0.00 |

| Part 2: | Summary of Liabilities |
| --- | --- |

2. ***Schedule D: Creditors Who Have Claims Secured by Property:*** (Official Form 206D)
   Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D — $ 31,019,347.89

3. ***Schedule E/F: Creditors Who Have Unsecured Claims:*** (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of Schedule E/F — $ 0.00

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F — + $ 0.00

4. **Total liabilities:**
   Lines 2 + 3a + 3b — $ 31,019,347.89

**Fill in this information to identify the case:**

Debtor name: Comic Exporters, Inc.

United States Bankruptcy Court for the __Baltimore__ Division, District of  __Maryland__

Case number (If known): 25-10309

☐ Check if this is an amended filing

## Official Form 206A/B

## Schedule A/B: Assets Real and Personal Property                                12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
| --- | --- |

1. **Does the debtor have any cash or cash equivalents?**

   ☑ No. Go to Part 2.

   ☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
| --- | --- |

2. **Cash on hand**

3. **Checking, savings, money market, or financial brokerage accounts**

4. **Other cash equivalents (Identify all)**

5. **Total of Part 1**

   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.                          $ 0.00

| Part 2: | Deposits and prepayments |
| --- | --- |

6. **Does the debtor have any deposits or prepayments?**

   ☑ No. Go to Part 3.

   ☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
| --- | --- |

7. **Deposits, including security deposits and utility deposits**

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

9. **Total of Part 2.**

   Add lines 7 through 8. Copy the total to line 81.                          $ 0.00

**Part 3:**   Accounts receivable

10. **Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.

☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

11. Accounts receivable

11 a. 90 days old or less: _____ - _____ = → _____

   face amount          doubtful or uncollectible accounts

11 b. Over 90 days old: _____ - _____ = → _____

   face amount          doubtful or uncollectible accounts

12. **Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.

$ 0.00

---

**Part 4:**   Investments

13. **Does the debtor own any investments?**

☐ No. Go to Part 5.

☑ Yes. Fill in the information below.

| Valuation method used for current value | Current value of debtor's interest |
|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity:          % of ownership:

15.1. Diamond Comic Distributors UK, Unlimited Company      50      $      Undetermined

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

17. **Total of Part 4**

Add lines 14 through 16. Copy the total to line 83.

$ 0.00

---

**Part 5:**   Inventory, excluding agriculture assets

18. **Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

19. **Raw materials**

20. **Work in progress**

21. **Finished goods, including goods held for resale**

22. **Other inventory or supplies**

23. **Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.

| $ 0.00 |
| --- |

24. **Is any of the property listed in Part 5 perishable?**

☐ No.

☐ Yes.

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
| --- | --- |

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (where available) | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- |

28. **Crops-either planted or harvested**

29. **Farm animals Examples: Livestock, poultry, farm-raised fish**

30. **Farm machinery and equipment (Other than titled motor vehicles)**

31. **Farm and fishing supplies, chemicals, and feed**

32. **Other farming and fishing-related property not already listed in Part 6**

33. **Total of Part 6.**

Add lines 28 through 32. Copy the total to line 85.

| $ 0.00 |
| --- |

34. **Is the debtor a member of an agricultural cooperative?**

☐ No.

☐ Yes. Is any of the debtor's property stored at the cooperative?

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No.

☐ Yes. Is any of the debtor's property stored at the cooperative?

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No.

☐ Yes.

37. Has any of the property listed in Part 6 been appraised by a professional within the last year?

☐ No.

☐ Yes.

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |
|---|---|

38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

39. Office furniture

40. Office fixtures

41. Office equipment, including all computer equipment and communication systems equipment and software

42. Collectibles Examples: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

43. Total of Part 7.

Add lines 39 through 42. Copy the total to line 86.

| $ 0.00 |
|---|

44. Is a depreciation schedule available for any of the property listed in Part 7?

☐ No.

☐ Yes.

45. Has any of the property listed in Part 7 been appraised by a professional within the last year?

☐ No.

☐ Yes.

| Part 8: | Machinery, equipment, and vehicles |
|---|---|

46. Does the debtor own or lease any machinery, equipment, or vehicles?

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description Include year, make, mode, and identification numbers (i.e VIN, HIN) | Net book value of debtor's interest (where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles

48. Watercraft, trailers, motors, and related accessories Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

49. Aircraft and accessories

50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)

51. Total of Part 8.

Add lines 47 through 50. Copy the total to line 87.

| $ 0.00 |
|---|

**52. Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No.

☐ Yes.

**53. Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

| Part 9: | Real property |
| --- | --- |

**54. Does the debtor own or lease any real property?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

| Description and location of property | Nature and extent of debtor's interest in property | Net book value of debtor's interest (where available) | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- | --- |

**55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

**56. Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$ 0.00

**57. Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No.

☐ Yes.

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

| Part 10: | Intangibles and intellectual property |
| --- | --- |

**59. Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (where available) | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- |

**60. Patents, copyrights, trademarks, and trade secrets**

**61. Internet domain names and websites**

**62. Licenses, franchises, and royalties**

**63. Customer lists, mailing lists, or other compilations**

**64. Other intangibles, or intellectual property**

**65. Goodwill**

**66. Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$ 0.00

67. **Do your lists or records include personally identifiable information of customers (as defined in 11 U.S.C. §§ 101(41A) and 107)?**

  ☐ No.

  ☐ Yes.

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

  ☐ No.

  ☐ Yes.

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

  ☐ No.

  ☐ Yes.

| Part 11: | All other assets |
|---|---|

70. **Does the debtor own any other assets that have not yet been reported on this form?**

  ☑ No. Go to Part 12.

  ☐ Yes. Fill in the information below.

71. **Notes receivable**

72. **Tax refunds and unused net operating losses (NOLs)**

73. **Interests in insurance policies or annuities**

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

76. **Trusts, equitable or future interests in property**

77. **Other property of any kind not already listed Examples: Season tickets, country club membership**

78. **Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.

                                                     $ 0.00

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

  ☐ No.

  ☐ Yes.

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80 . Cash, cash equivalents, and financial assets. Copy line 5, Part 1. | $ 0.00 | |
| 81 . Deposits and prepayments. Copy line 9, Part 2. | $ 0.00 | |
| 82 . Accounts receivable. Copy line 12, Part 3. | $ 0.00 | |
| 83 . Investments. Copy line 17, Part 4. | $ 0.00 | |
| 84 . Inventory. Copy line 23, Part 5. | $ 0.00 | |
| 85 . Farming and fishing-related assets.Copy line 33, Part 6. | $ 0.00 | |
| 86 . Office furniture, fixtures, and equipment; and collectibles. Copy line 43, Part 7. | $ 0.00 | |
| 87 . Machinery, equipment, and vehicles. Copy line 51, Part 8. | $ 0.00 | |
| 88 . Real property. Copy line 56, Part 9. | | $ 0.00 |
| 89 . Intangibles and intellectual property.Copy line 66, Part 10. | $ 0.00 | |
| 90 . All other assets. Copy line 78, Part 11. | $ 0.00 | |

91 . Total. Add lines 80 through 90 for each column.

91a. $ 0.00  +  91b. $ 0.00

92 . Total of all property on Schedule A/B. Lines 91a + 91b = 92

0.00

Fill in this information to identify the case:

Debtor name: **Comic Exporters, Inc.**

United States Bankruptcy Court for the **Baltimore** Division, District of **Maryland**

Case number (If known): **25-10309**

☐ Check if this is an amended filing

# Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in all of the information below.

| Part 1: | List Creditors Who Have Secured Claims |
| --- | --- |

**2.** **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>Amount of claim<br>Do not deduct the value of collateral | Column B<br>Value of collateral that supports this claim |
| --- | --- | --- | --- |
| **2.1** **Creditor's name**<br>JPMorgan Chase Bank, N.A.<br>**Creditor's mailing address**<br>P.O. Box 69165<br>Baltimore, MD 21264-9165<br>**Creditor's email address, if known** | **Describe debtor's property that is subject to a lien**<br>Substantially all of Debtor's assets<br>**Describe the lien**<br>First Priority Lien<br>**Is the creditor an insider or related party?**<br>☑ No.<br>☐ Yes. | $31,019,347.89 | Undetermined |
| **Date debt was incurred** 05/16/2019<br>**Last 4 digits of account number** __ __ __ __<br>**Do multiple creditors have an interest in the same property?**<br>☑ No.<br>☐ Yes. Have you already specified the relative priority?<br>　☐ No. Specify each creditor, including this creditor, and its relative priority.<br>　☐ Yes. The relative priority of creditors is specified on lines | **Is anyone else liable on this claim?**<br>☐ No.<br>☑ Yes. Fill out Schedule H. Codebtors (Official Form 206H).<br>**As of the petition filing date, the claim is:**<br>Check all that apply<br>☐ Contingent<br>☑ Unliquidated<br>☐ Disputed | | |

**3.** Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any. | $31,019,347.89

Official Form 206D　　Schedule D: Creditors Who Have Claims Secured by Property　　Page 1 of 2

Debtor    Comic Exporters, Inc.    _____
                                    Case number (if known) _____
          Name

| Part 2: | List Others to Be Notified for a Debt Already Listed in Part 1 |
|---|---|

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| Troutman Pepper Locke, LLP Attn: Jonathan Young, David Ruediger 111 Huntington Ave, 9th Fl., Boston, MA 02199 | Line 2.1 | __ __ __ __ |

| Official Form 206D | Official Part 2 of **Schedule D: Creditors Who Have Claims Secured by Property** | Page 2 of 2 |
|---|---|---|

**Fill in this information to identify the case:**

Debtor name: <u>Comic Exporters, Inc.</u>

United States Bankruptcy Court for the <u>Baltimore</u> Division, District of <u>Maryland</u>

Case number (If known): <u>25-10309</u>

☐ Check if this is an amended filing

## Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
| --- | --- |

**1. Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☑ No. Go to Part 2.

☐ Yes. Go to line 2.

2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part. If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1

| | Total Claim | Priority Amount |
| --- | --- | --- |

Name

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
|---|---|

3. List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2

**Part 3:** List Others to Be Notified About Unsecured Claims

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

Debtor    Comic Exporters, Inc. _____    Case number _(if known)_____
Name

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |

5.  **Add the amounts of priority and nonpriority unsecured claims.**

| | | | Total of claim amounts |
|---|---|---|---|
| 5.a **Total claims from Part 1.** | 5a | | $0.00 |
| 5.b **Total claims from Part 2.** | 5b | + | $0.00 |
| 5.c **Total of Parts 1 and 2** Lines 5a + 5b = 5c | 5c | + | $0.00 |

**Fill in this information to identify the case:**

Debtor name: **Comic Exporters, Inc.**

United States Bankruptcy Court for the **Baltimore** Division, District of **Maryland**

Case number (If known): **25-10309**

☐ Check if this is an amended filing

Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases

12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**1. Does the debtor have any executory contracts or unexpired leases?**

☑ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☐ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

**2. List all contracts and unexpired leases**

State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease

Fill in this information to identify the case:

Debtor name: __Comic Exporters, Inc.__

United States Bankruptcy Court for the __Baltimore__ Division, District of __Maryland__

Case number (if known): __25-10309__

☐ Check if this is an amended filing

# Official Form 206H

# Schedule H: Codebtors 12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☑ Yes.

**2.** **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |
| 2.1 Diamond Comic Distributors UK | Canalside Warrington Road Manor Park Runcorn, Cheshire WA7 1SN United Kingdom | JPMorgan Chase Bank, N.A. | ☑ D ☐ E/F ☐ G |
| 2.2 Rosebud Entertainment, LLC | c/o DLA Piper Attn: Kevin Kobbe 650 S Exeter St, Ste 1100 Baltimore, MD 21202-4576 | JPMorgan Chase Bank, N.A. | ☑ D ☐ E/F ☐ G |
| 2.3 Game Consolidators, LLC | 10150 York Rd, Cockeysville, MD 21030 | JPMorgan Chase Bank, N.A. | ☑ D ☐ E/F ☐ G |
| 2.4 Renegade Games, LLC | c/o DLA Piper Attn: Kevin Kobbe 650 S Exeter St, Ste 1100 Baltimore, MD 21202-4576 | JPMorgan Chase Bank, N.A. | ☑ D ☐ E/F ☐ G |
| 2.5 Stephen Geppi | c/o DLA Piper Attn: Kevin Kobbe 650 S Exeter St, Ste 1100 Baltimore, MD 21202-4576 | JPMorgan Chase Bank, N.A. | ☑ D ☐ E/F ☐ G |
| 2.6 Diamond Comic Distributors, Inc. | 10150 York Rd, Ste 300 Cockeysville, MD 21030 | JPMorgan Chase Bank, N.A. | ☑ D ☐ E/F ☐ G |
| 2.7 Comic Holdings, Inc | 10150 York Rd, Ste 300 Cockeysville, MD 21030 | JPMorgan Chase Bank, N.A. | ☑ D ☐ E/F ☐ G |
| 2.8 Diamond Select Toys & Collectibles, LLC | 10150 York Rd, Ste 300 Cockeysville, MD 21030 | JPMorgan Chase Bank, N.A. | ☑ D ☐ E/F ☐ G |

| | |
|---|---|
| Debtor name: <u>**Comic Exporters, Inc.**</u> | |
| United States Bankruptcy Court for the <u>**Baltimore**</u> Division, District of <u>**Maryland**</u> | |
| Case number (If known): <u>**25-10309**</u> | |

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING - Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. 152, 1341, 1519, and 3571.

| | |
|---|---|
| ███ | Declaration and signature |

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- [✓] *Schedule A/B: Assets-Real and Personal Property*      (Official Form 206 A/B)
- [✓] *Schedule D: Creditors Who Have Claims Secured by Property*      (Official Form 206 D)
- [✓] *Schedule E/F: Creditors Who Have Claims Unsecured Claims*      (Official Form 206 E/F)
- [✓] *Schedule G: Executory Contracts and Unexpired Leases*      (Official Form 206 G)
- [✓] *Schedule H: Codebtors*      (Official Form 206 H)
- [✓] *Summary of Assets and Liabilities for Non-Individuals*      (Official Form 206Sum)
- [ ] *Amended Schedule*

- [ ] *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*
- [ ] *Other document that requires a declaration*

I declare under penalty of perjury that the foregoing is true and correct.

| Executed on: | <u>Monday, February 17th, 2025</u> | Signature | <u>/s/ Robert Gorin</u> |
|---|---|---|---|
| | MM / DD / YYYY | | |
| | | Printed Name | Robert Gorin |
| | | Title | Chief Restructuring Officer |