# Exhibit A

Nathan Declaration

47351/2
02/24/2025 313664623.3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re: | Chapter 11 Cases |
| Diamond Comic Distributors, Inc., *et al.*,[1] | Case No. 25-10308 (DER) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF BRUCE S. NATHAN, ESQ. IN SUPPORT OF APPLICATION BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF LOWENSTEIN SANDLER LLP AS COUNSEL, EFFECTIVE AS OF JANUARY 30, 2025**

Bruce S. Nathan hereby declares, pursuant to 28 U.S.C. § 1746, as follows:

1. I am over eighteen years of age and am competent to testify and have personal knowledge of the facts stated herein.

2. I am a partner of the law firm of Lowenstein Sandler LLP ("Lowenstein Sandler"), which maintains offices in New York, New Jersey, California, Utah, and Washington, D.C. I am an attorney at law, duly admitted and a member in good standing of the bar of the State of New York. I am admitted to this Court in the Chapter 11 Cases *pro hac vice*.

3. This Declaration is submitted in support of the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors-in-possession (collectively, the "Debtors") for entry of an order authorizing and approving the

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

Committee's employment and retention of Lowenstein Sandler as counsel to the Committee, effective as of January 30, 2025.

    4.    The professional services that Lowenstein Sandler will provide to the Committee include, but are not limited to:

    a)    advising the Committee with respect to its rights, duties, and powers in the Chapter 11 Cases;

    b)    assisting and advising the Committee in its consultation with the Debtors relative to the administration of the Chapter 11 Cases;

    c)    assisting and advising the Committee's investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtor and other relevant matters;

    d)    assisting the Committee in analyzing the claims of the Debtors' creditors and the Debtors' capital structure and in negotiating with holders of claims and equity interests;

    e)    assisting the Committee in analyzing (i) the Debtors' pre- and post-petition financing, (ii) proposed use of cash collateral, and (iii) the adequacy of the Debtors' financing and proposed budget;

    f)    assisting the Committee in its investigation of the liens and claims of the holders of the Debtors' pre-petition debt and the prosecution of any claims or causes of action revealed by such investigation;

    g)    assisting the Committee in its analysis of, and negotiations with, the Debtors or any third party concerning matters related to, among other things, the assumption or rejection of any leases of nonresidential real property and executory contracts, asset dispositions, sale of assets, financing of other transactions and the terms of one or more plans of reorganization for the Debtors and accompanying disclosure statements and related plan documents;

    h)    assisting and advising the Committee as to its communications to unsecured creditors regarding significant matters in the Chapter 11 Cases;

    i)    representing the Committee at hearings and other proceedings;

    j)    reviewing and analyzing applications, orders, statements of operations, and schedules filed with the Court and advising the Committee as to their propriety;

k) assisting the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives in the Chapter 11 Cases, including without limitation, the preparation of retention papers and fee applications for the Committee's professionals, including Lowenstein Sandler;

l) assisting the Committee and providing advice concerning the proposed sale of substantially all of the Debtors' assets, including issues concerning any potential competing bidders and the auction process;

m) preparing, on behalf of the Committee, any pleadings, including without limitation, motions, memoranda, complaints, adversary complaints, objections, or comments in connection with any of the foregoing; and

n) performing such other legal services as may be required or are otherwise deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code, Bankruptcy Rules, or other applicable law.

5. By separate application, the Committee is also seeking approval to employ T&R to serve as its local counsel and BRG to serve as its financial advisor in the Chapter 11 Cases. Lowenstein Sandler will coordinate with T&R to avoid any duplication of effort between it and T&R in their representation of the Committee. T&R will attend routine hearings and lead all matters that can be handled solely by local counsel or are specifically delegated to T&R by the Committee. The Committee believes that this efficient allocation of responsibility for legal matters in the Chapter 11 Cases between Lowenstein Sandler and T&R will reduce the costs incurred by the Committee in these proceedings, as well as the time and expense associated with travel by Lowenstein Sandler with respect to matters that may be handled solely by local counsel. Such allocation of efforts will allow the Committee professionals to maximize efficiencies in light of the DIP financing budget approved by the Court [D.I. 163]. It is the carefully considered view of the Committee that, considering the size and complexity of the Chapter 11 Cases, the expertise of each of Lowenstein Sandler (including on publishing-related matters) and T&R, and the various

interests involved, the representation of the Committee by both Lowenstein Sandler and T&R is necessary and in the best interests of the Committee.

6. As of the date of this Declaration, Lowenstein Sandler has not received a retainer or compensation in connection with its proposed representation of the Committee in the Chapter 11 Cases.

7. Subject to the Court's approval, and pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Compensation Guidelines, and any procedures which this Court may fix, Lowenstein Sandler shall seek compensation on an hourly basis, plus reimbursement of its actual and necessary expenses incurred, in connection with representing the Committee in these Chapter 11 Cases. Lowenstein Sandler's compensation shall be in accordance with the ordinary and customary rates which are in effect on the date the services are rendered.

8. Lowenstein Sandler's hourly rates, effective January 1, 2025, are as follows:

| Classification/Experience | Hourly Rate |
| --- | --- |
| Partners of the Firm | $775 - $2,175 |
| Of Counsel | $890 - $1,575 |
| Senior Counsel (generally twelve or more years of experience) | $675 - $1,595 |
| Counsel (generally seven or more years of experience) | $675 - $1,290 |
| Associates (generally fewer than seven years of experience) | $550 - $1,150 |
| Patent Attorneys | $325 - $825 |
| Staff Attorneys | $495 - $795 |
| Paralegals, Practice Support and Assistants | $225 - $505 |

9. The Lowenstein Sandler attorneys that are primarily responsible for these Chapter 11 Cases, and their 2025 rates are as follows: (i) Bruce S. Nathan, $1,515; (ii) Gianfranco Finizio, $1,185; (iii) Michael Papandrea, $1,075; and (iv) Chelsea R. Frankel, $660.

10. The hourly charges for the attorneys and legal assistants who will render services to the Committee are based upon the experience and expertise of the attorney or legal assistant involved. The hourly rates set forth above are subject to periodic adjustments, which occur annually on or about January 1 each year, to reflect economic and other conditions. Lowenstein Sandler will advise the Debtors, the Committee and the United States Trustee for the District of Maryland (the "U.S. Trustee") of any increases in its hourly rates. Pursuant to Bankruptcy Rule 2014, Lowenstein Sandler will file and serve a supplemental declaration setting forth any additional material information relating to its employment promptly after learning of any such material information.

11. Lowenstein Sandler will maintain detailed, contemporaneous records of time and any necessary costs and expenses incurred in connection with rendering the legal services described above. It is Lowenstein Sandler's policy to charge its clients in all areas of practice for all disbursements and expenses incurred in the rendition of services. These disbursements and expenses include, among other things, costs for telephone and facsimile charges, photocopying, travel, business meals, computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings (including transcripts).

12. In connection with its proposed retention by the Committee in the Chapter 11 Cases, Lowenstein Sandler undertook to determine whether it had any contacts or other relationships that might cause it not to be disinterested or to hold or represent an interest adverse to the Debtors' estates and the interests of the Committee with respect to the matters on which it will be engaged.

13. In connection with my responsibilities under Rule 2014 of the Bankruptcy Rules, I caused the names of parties in interest in the Debtors' Chapter 11 Cases (as identified by the Debtors' professionals plus the members of the Committee) as listed on **Schedule 1** attached hereto (the "Searched Parties") to be checked against Lowenstein Sandler's computerized client and adverse party database to determine whether it had any connections or other relationships with parties in interest in this Chapter 11 Cases. When an entity has a similar name to a Searched Party, or is possibly related to a Searched Party, those entities were also searched. I also caused the Searched Parties to be distributed by email to all attorneys at the Firm for a standard conflict check for them to review and identify any potential conflicts and connections. Using this procedure, I identified the connections set forth herein on **Schedule 2**.

14. With approximately 375 attorneys in five offices across five states, it is possible that Lowenstein Sandler and/or its partners, counsel, and associates may have in the past represented, may currently represent, and may in the future represent parties in interest in connection with matters unrelated to the Debtors or these Chapter 11 Cases that this procedure did not uncover. Moreover, Lowenstein Sandler attorneys appear in many cases, proceedings and transactions involving different attorneys, financial consultants, and investment bankers, some of which may now or in the future represent the Debtor or other parties in interest in these Chapter 11 Cases. It is my judgment, however, that the Firm and its attorneys are disinterested and have no material connections that would affect their judgment or impartiality in these Chapter 11 Cases.

15. Lowenstein Sandler will not represent any entity other than the Committee in matters related to the Chapter 11 Cases.

16. To the best of my knowledge, except as disclosed herein, Lowenstein Sandler does not represent any employee, officer, or owner of equity securities of the Debtors. Lowenstein Sandler

has no actual conflicts under the Maryland Attorneys' Rules of Professional Conduct, and the connections disclosed herein do not, in the judgment of Lowenstein Sandler, constitute an interest materially adverse to the estate.

17. Therefore, to the best of my knowledge, and except as otherwise set forth herein, Lowenstein Sandler is (a) a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, (b) does not hold or represent any interest adverse to the Debtors' estates, and (c) does not have any connection with the Debtor, its affiliated entities, its creditors, or any other party in interest, or their respective attorneys and accounts, U.S. Trustee, or any person employed in the office of the U.S. Trustee, or any judge in the United States Bankruptcy Court for the District of Maryland or any person employed in its offices, except as otherwise set forth herein.

18. I will continue to monitor the firm's and my own connections with the Searched Parties and any other parties in interest that become materially involved in the Chapter 11 Cases and our disinterestedness. If any other connections or issues pertaining to disinterestedness come to my attention, I will promptly supplement this declaration as required by Bankruptcy Rule 2014.

19. To the best of the Firm's knowledge, neither Lowenstein Sandler nor any of its attorneys has a prepetition claim against the Debtors or any of the Searched Parties.

20. All fees and out-of-pocket expenses approved by this Court shall be paid to Lowenstein Sandler.

21. There is no agreement by Lowenstein Sandler to share any compensation received in connection with this bankruptcy case with any other person or entity.

## STATEMENT REGARDING THE U.S. TRUSTEE GUIDELINES

22. The Executive Office for United States Trustees ("EOUST") adopted the new *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "Appendix B Guidelines"). By their terms, the Appendix B Guidelines "apply to the USTP's review of applications for compensation filed by attorneys in larger chapter 11 cases," and are intended as an update to the original Guidelines (the "Appendix A Guidelines") adopted by the EOUST in 1996.

23. Among other things, the Appendix B Guidelines ask attorneys in larger chapter 11 cases to provide additional documentation and make significant new disclosures in connection with their retention under section 1103 and compensation under section 330 of the Bankruptcy Code. As the Appendix B Guidelines themselves acknowledge, "the Guidelines do not supersede local rules, court orders, or other controlling authority."

24. Lowenstein Sandler intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Appendix B Guidelines both in connection with this Application and the interim and final fee applications to be filed by Lowenstein Sandler in the course of its engagement. It is Lowenstein Sandler's intention to work cooperatively with the U.S. Trustee to address the concerns that prompted the EOUST to adopt the Appendix B Guidelines; however, in doing so, Lowenstein Sandler reserves all rights as to the relevance and substantive legal effect of the Appendix B Guidelines in respect of any application for employment or compensation in these cases that falls within the ambit of the Appendix B Guidelines.

## ATTORNEY STATEMENT PURSUANT TO APPENDIX B GUIDELINES

25. The following is provided in response to the request for additional information set forth in Paragraph D.1. of the Appendix B Guidelines.

26. Question: Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

27. Response: No.

28. Question: Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

29. Response: No.

30. Question: If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed post-petition, explain the difference and the reasons for the difference.

31. Response: Lowenstein Sandler did not represent the Committee prior to the Petition Date.

32. Question: Has your client approved your prospective budget and staffing plan, and, if so for what budget period?

33. Response: Lowenstein Sandler expects to develop a budget and staffing plan to reasonably comply with the U.S. Trustee's request for information and additional disclosures, as to which Lowenstein Sandler reserves all rights. The Committee has approved Lowenstein Sandler's proposed hourly billing rates.

I SOLEMNLY DECLARE AND AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Date: February 24, 2025

*/s/ Bruce S. Nathan*
Bruce S. Nathan (admitted *pro hac vice*)
LOWENSTEIN SANDLER LLP
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 262-6700
E-mail: bnathan@lowenstein.com

## SCHEDULE 1
### Searched Parties

| Debtors |
|---|
| Diamond Comic Distributors, Inc. |
| Diamond Select Toys & Collectibles, LLC |
| Comic Exporters, Inc. |
| Comic Holdings, Inc. |
| **Non-Debtor Affiliates** |
| Armory Game Distributors, Inc. |
| Diamond Comic Distributors UK |
| Diamond International Galleries, Inc. |
| DST Investments, LLC |
| E. Gerber Products, LLC |
| Game Consolidators, LLC |
| Gemstone Publishing, Inc. |
| Mamanook I, LLC |
| Mid-Atlantic Loan Acquisition I, LLC |
| Renegade Games, LLC |
| Rosebud Entertainment, LLC |
| Stephen A. Geppi Irrevocable Trust |
| Stephen A. Geppi Revocable Trust |
| **Equity Holders** |
| Melinda C. Geppi |
| SG Resource LLC |
| Stephen A. Geppi |
| **Officers/Directors** |
| Bradley E. Scher |
| Charlie Tyson |
| Christopher Powell |
| Chuck Parker |
| Chuck Terceira |
| Daniel Hirsh |
| Katherine Govier |
| Larry R. Swanson |
| Robert Gorin |

| |
|---|
| Sean Meadows |
| Timothy Lenaghan |
| **Banks / Secured Creditors** |
| Bank of Montreal |
| JPMorgan Chase Bank, N.A. |
| **Debtor Professionals** |
| Getzler Henrich & Associates LLC |
| Saul Ewing LLP |
| Stephenson Harwood LLP |
| Raymond James & Associates, Inc. |
| **Other Professionals** |
| Locke Lord LLP |
| **Suppliers/Vendors** |
| 3D Systems Corporation |
| Aftershock Comics, LLC |
| Ara, Inc. |
| Arcane Tinmen ApS |
| Bandai Co., Ltd. |
| Blueyonder, Inc. |
| Boom Entertainment, Inc. |
| Deferred Trx |
| Dstlry Media, Inc. |
| Dynamic Forces, Inc. |
| Funko LLC |
| Good Smile Company, Inc. |
| Hachette Book Group USA, Inc. |
| Hasbro Toy Group, Inc. |
| Image Comics, Inc. |
| Integrated Connection LLC |
| National Entertainment Collectibles Association, Inc. (NECA) |
| Oni-Lion Forge Publishing Group, LLC |
| Paizo Inc. |
| Penguin Random House LLC |
| The Pokémon Company International, |

| | |
|---|---|
| Inc. | BNC Strategic Capital Ventures, LLC |
| Ravensburger North America, Inc. | MDH F2 Bal Beltway North, LLC |
| Reynolds Advanced Materials US, Inc. | Realbat Inc. |
| Square Enix, Inc. | Rock Lease Administration |
| Titan Publishing Group Ltd. | Phoenix Fort Wayne, LLC |
| TMP International, Inc. | PW Fund B LP |
| Udon Entertainment Inc. | SFV York Road, LLC |
| Ultra Pro International, LLC | **License Agreement Parties** |
| United Parcel Service, Inc. (UPS) | Dork Storm Press LLC |
| Viz Media, LLC | All Elite Wrestling LLC |
| Wizards of the Coast, LLC | Bruce Lee LLC |
| **Other** | Dammage 7, Inc. |
| Automatic Data Processing, Inc. | Disney Consumer Products, Inc. |
| Aetna Inc. | Evolution USA LLC |
| American Express Company | Fox Entertainment Group LLC |
| ARA, Inc. | Hasbro, Inc. |
| Authorize.Net LLC | International Merchandising Corporation |
| Paymentech, LLC | IMG Worldwide Holdings, LLC |
| Cigna Corporation | Legendary Licensing LLC |
| Davis Vision, Inc. | Lions Gate Entertainment Corporation |
| Elective Staffing Midsouth LLC | Marvel Brands LLC |
| ETS, Inc | Netflix CPX LLC |
| Express Services, Inc. | SEGA of America, Inc. |
| Joshua M. Geppi | Skybound LLC |
| Kevin Kobbe | Sony Pictures Consumer Products Inc. |
| Luminaire Health Benefits, Inc. | Synthesis Entertainment Inc. |
| PayPal Holdings, Inc | The Green Hornet, Inc. |
| PaySimple, Inc. | Toho Co., Ltd. |
| Randstad North America, Inc. | Paramount Global |
| The Hartford Financial Services Group, Inc. | Warner Bros. Consumer Products Inc. |
| The Tailored Staff, LLC | **Key Customers** |
| United States Customs & Border Protection | 2428392, Inc. dba FYE |
| | Amazon.com, Inc. |
| Xceeding Partnership Solutions LLC | Animextreme Inc. |
| **Landlords** | Baker & Taylor Books, Inc. |
| BCI IV Memphis Dc LLC | Barnes & Noble, Inc. |
| Big Box Property Owner E, LLC | Beast Kingdom Co. Ltd |

| | |
|---|---|
| Booktopia Direct Pty Ltd (Air) | Replay Toys LLC |
| Booktopia Pty Ltd | Rosebud Entertainment LLC |
| Boom Entertainment, Inc. | Simon & Schuster, LLC |
| BZVirtual LLC | Source Point Press, LLC |
| Catalyst Games Lab, LLC | Super7, Inc. |
| Chaos Pop Pty Ltd | Sure Thing Sales LLC |
| Comics-N-Stuff | Terminal Distribuzione S.R.L. |
| Cosmic Comics, Inc. | The Army Painter ApS |
| DCBS, Inc. | The Marmaxx Group, Inc. |
| Diamond Select Toys & Collectibles, LLC | The Westfield Company, Inc. |
| Distribution Universe, Inc. | THG OnDemand Limited |
| Dorksidetoys, Inc. | Things From Another World, Inc. |
| Dynamic Entertainment, LLC | Torpedo Comics Vintage & Trade, Inc. |
| Dynamic Forces, Inc. | Transcontinental, Inc. |
| Electronics Boutique Canada, Inc. | Valiant Entertainment, LLC |
| Entertainment Earth, Inc. | Walgreen Co. |
| Harrison's Comics & Collectibles, Inc. | **Office of the United States Trustee – Region 4 District of Maryland (Baltimore Division)** |
| Heathside Trading Ltd | Amy C. Busch |
| HEO GmbH | Christina Schruefer |
| Idea and Design Works, LLC | Danielle Brown |
| Image Comics, Inc. | Denise Bachman |
| Indigo Books and Music, Inc. | Gerard R. Vetter |
| Indy Comics LLC | Hugh M. Bernstein |
| Ingram Book Group LLC | Jeffrey Heck |
| Kadokawa World Entertainment, Inc. | Katherine A. Levin |
| Kaiba Corporation | Omnia A. Shedid |
| Kieren Consulting, LLC | Tony Pika |
| Kin Kin Mould | **Judges in the U.S. Bankruptcy Court for the District of Maryland** |
| Little Buddy | Chief Judge David E. Rice |
| Lone Star Comics, Inc. | Judge Lori S. Simpson |
| Lunar Distribution | Judge Maria Ellena Chavez-Ruark |
| Malta Comics & Collectibles, Inc. | Judge Michelle M. Harner |
| Marvel Entertainment, LLC | Judge Nancy V. Alquist |
| Microsoft Corp. | Judge Thomas J. Catliota |
| Pai Technology, Inc. | |
| Publisher Services, Inc. | |

**SCHEDULE 2**

| Entity | Relationship to Debtors[2] | Relationship to Lowenstein Sandler |
|---|---|---|
| Amazon | Key Customer | Current client of the firm on unrelated matters |
| Evolution USA LLC | License Agreement Party | Evolution US LLC is an affiliate of a former client of the firm on unrelated matters. |
| Microsoft | Key Customer | Former client of the firm on unrelated matters. |
| PayPal Holdings | Unknown/Other | Current client of the firm on unrelated matters. |
| Penguin Random House LLC | Supplier/Vendor | Current client of the firm on unrelated matters. |
| Simon & Schuster, Inc. | Key Customer | Former client of the firm on unrelated matters. |
| United Parcel Services | Supplier/Vendor | Former client of the firm on unrelated matters. |
| Walgreen Co. | Key Customer | Former client of the firm on unrelated matters. |
| Berkeley Research Group LLC | Proposed financial advisor to the Committee | BRG is a current client of the firm on unrelated matters. Additionally, the daughter of an attorney employed by Lowenstein Sandler (which attorney is not working on this matter) is employed in BRG's marketing department. |

---

[2] This schedule is for disclosure purposes only and uses the Debtors' description of the relationship to the Debtors, where available. The Committee expressly reserves all rights, including, without limitation, with respect to the nature, extent and validity of any party's alleged lien or claim.