IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re: | Chapter 11 Cases |
| Diamond Comic Distributors, Inc., *et al.*,[1] | Case No. 25-10308 (DER) |
| Debtors. | (Jointly Administered) |

**APPLICATION OF THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS FOR AUTHORITY TO EMPLOY
TYDINGS & ROSENBERG LLP, AS LOCAL COUNSEL,
EFFECTIVE AS OF JANUARY 31, 2025**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 bankruptcy cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 328(a) and 1103 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby submits this application (the "Application") for entry of an order authorizing the Committee to employ and retain the law firm of Tydings & Rosenberg LLP ("T&R"), effective as of January 31, 2025, as local counsel to the Committee. In support hereof, the Committee states as follows:

**JURISDICTION**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and *Standing Order 2012-05* from the United States District Court for the District of Maryland.

2. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

6320025.2

3. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O).

4. The statutory bases for the relief requested herein are sections 328(a) and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014(a), Rule 2016-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland (the "Local Bankruptcy Rules"), and Appendix D to the *Compensation Guidelines for Professionals in the United States Bankruptcy Court for the District of Maryland* (the "Compensation Guidelines").

## BACKGROUND

5. On January 14, 2025 (the "Petition Date"), the Debtors filed in this Court voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and conduct their affairs as debtors in possession.

6. On January 29, 2025, the Office of the United States Trustee appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I. 90].

7. During a meeting of the Committee held on January 31, 2025, the Committee selected T&R as local counsel to the Committee. The Committee selected T&R because of the firm's considerable experience in bankruptcy and bankruptcy-related matters, including the representation of committees in chapter 11 cases in this district.

## RELIEF REQUESTED

8. The Committee seeks entry of an order, substantially in the form filed herewith (the "Proposed Order"), authorizing the Committee to retain and employ T&R as local bankruptcy counsel to the Committee in these chapter 11 cases, effective as of January 31, 2025.

9. In support of this Application, the Committee relies on and incorporates by reference the (i) *Verified Statement of Dennis J. Shaffer* (the "Shaffer Declaration"), attached hereto as

6320025.2

2

**Exhibit A** and (ii) *Declaration of Gregory Andonian in Support of Application of the Official Committee of Unsecured Creditors for Authority to Employ Tydings & Rosenberg LLP, as Local Counsel, Effective as of January 31, 2025*, attached hereto as **Exhibit B**.

10. The professional services which T&R will render to the Committee include, without limitation, the following:

   a. Advising the Committee with respect to its rights, duties, and powers;

   b. Reviewing the Debtors' motions and applications to ensure they comply with the Local Rules and local practices and procedures;

   c. In conjunction with Lowenstein Sandler LLP ("Lowenstein") Drafting, and reviewing with attention to the Local Rules, pleadings, applications, and appropriate responses and/or objections;

   d. Analyzing any chapter 11 plan(s) filed in these chapter 11 cases;

   e. Representing the Committee, along with Lowenstein, the Committee's proposed lead counsel, in hearings and proceedings;

   f. Representing the Committee, along with Lowenstein, in collateral litigation before this Court and other courts; and

   g. Performing such other legal services as may be required or in the best interests of the Committee in accordance with the powers and duties of the Committee.

11. T&R will attempt to minimize any duplication of effort between it and Lowenstein in their representation of the Committee.

**TERMS OF RETENTION**

12. The Committee proposes that T&R be paid, subject to the approval of this Court, hourly rates as follows: $600 - $625 per hour for partners, $325 - $350 per hour for associates, and $200 - $260 per hour for paralegals,[2] and that T&R be reimbursed for its actual, necessary and reasonable expenses incurred consistent with the Compensation Guidelines appended to the Local

---

[2] T&R adjusts its hourly rates annually and will notify all parties in interest of any adjustments in both its monthly statements of services and in its quarterly fee applications.

Bankruptcy Rules and Bankruptcy Code, and any applicable order of the Court. The hourly rates of the attorneys primarily responsible for this engagement are:

(a) Dennis J. Shaffer: $625

(b) Stephen B. Gerald: $600

(c) Richard Costella: $600

(d) Jung Lee: $350

13.     To the best of T&R's knowledge, T&R has no other connections with and holds no interest adverse to the Debtors, creditors, any parties in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee as disclosed in the Shaffer Declaration as that verified statement may be amended from time to time. Accordingly, to the best of the Committee's knowledge, T&R is a disinterested person within the meaning of section 101(14) of the Bankruptcy Code.

14.     T&R will also seek reimbursement for reasonable and necessary expenses incurred, which may include, among other things, travel expenses, work-related meals, telephone and facsimile (outgoing only), tolls and other charges, mail and express or overnight mail charges, special or hand delivery charges, document processing, photocopying (not to exceed $0.10 per page), scanning and printing charges, vendor charges, computerized research, transcription costs, filing fees, non-ordinary overhead expenses (which shall not include secretarial or other overtime) and other out-of-pocket expenses incurred in providing professional services to the Committee. T&R will charge for these expenses in a manner and at rates consistent with charges made generally to its other clients.

15.     T&R will apply to the Court for the allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy

Rules, the Local Bankruptcy Rules, the Compensation Guidelines and orders of this Court. T&R also intends to make a reasonable effort to comply with the Office of the United States Trustee's requests for information and additional disclosures, as set forth in the Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under United States Code by Attorneys in Larger Chapter 11 Cases (the "U.S. Trustee Guidelines").

16. The Committee has served this Application on the Debtors' attorneys, the Office of the United States Trustee, and all parties-in-interest on the Initial Service List filed by the Debtors and revised as additional parties have filed notices of appearance.

17. The standard for a committee to employ attorneys as general bankruptcy counsel is set forth in section 1103 of the Bankruptcy Code. The section provides that a committee appointed under section 1103 of the Bankruptcy Code may select and authorize the employment by such committee of one or more attorneys to represent or perform services for such committee. 11 U.S.C. § 1103(a). The attorney(s), if employed, may not, while employed by such committee, represent any other entity having an "adverse interest" in connection with the case. *Id*. at 1103(b). While the Bankruptcy Code does not define what an "adverse interest" is, the Maryland Bankruptcy Court has recognized that the definition "overlaps with the adverse interest requirement of section 327(a), creating a single test for courts to employ when examining conflicts of interest." *In re Heritage Land, LLC*, Nos. 10-36934PM, 10-36929PM, 10-36934, 2011 Bankr. LEXIS 2945, at *4 (Bankr. D. Md. July 28, 2011); *see also In re WWMV, LLC*, 661 B.R. 782, 787 (Bankr. S.D. W. Va. 2024) ("Congress did not define adverse interest in the Bankruptcy Code. It generally exists when a professional is compromised by "(1) an economic interest tending to lessen the value of the estate, (2) any interest that would cause a dispute in which the estate is a rival claimant, or (3) a predisposition giving rise to a bias against the estate.") (quoting *In re James F. Humphreys &*

*Assocs.*, L.C., 547 B.R. 190, 194 (Bankr. S.D.W. Va. 2016)); *In re Worldwide Wholesale Lumber, Inc.*, 364 B.R. 197, 201 (Bankr. D.S.C. 2006) (same).

18. As described in detail in the Shaffer Declaration, T&R has conducted a search of its conflict database with respect to the Committee and the list of parties in interest and potential parties in interest in these chapter 11 cases. The scope of that conflicts search is set forth on Schedule 1 to the Shaffer Declaration and the results of the conflicts search are set forth on Schedule 2 to the Shaffer Declaration. Based on the results of the conflicts search, T&R has informed the Committee that, except as may be set forth in the Shaffer Declaration, T&R does not hold or represent any interest adverse to the Committee within the meaning of section 101(14) of the Bankruptcy Code.

19. T&R has also informed the Committee that it will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered or arise, T&R will supplement its disclosure to the Court.

20. For the reasons set forth above, the Committee submits that T&R's employment is necessary and in the best interests of the Committee.

## WAIVER OF MEMORANDUM OF LAW

21. Pursuant to Local Bankruptcy Rule 9013-2, the Committee states that, in lieu of submitting a memorandum in support of this Application, the Committee will rely solely upon the grounds and authorities set forth herein.

WHEREFORE, the Official Committee of Unsecured Creditors of Diamond Comic Distributors, Inc., Comic Holdings, Inc., Comic Exporters, Inc, and Diamond Select Toys & Collectibles, LLC respectfully requests that the Court enter an order granting this Application in

all respects, authorizing and approving the employment of Tydings & Rosenberg LLP as local counsel to the Committee effective as of January 31, 2025, and granting such other and further relief as the Court deems just and proper.

Dated: February 24, 2025

The Official Committee of Unsecured
Creditors of Diamond Comic Distributors, Inc., *et al.*

By:  */s/ Gregory Andonian*
Gregory Andonian of Simon & Schuster, LLC, solely in his capacity as the Chairperson of the Official Committee of Unsecured Creditors and not in his personal capacity or any other capacity

**CERTIFICATE OF SERVICE**

       I HEREBY CERTIFY that on the 24th day of February, 2025, the foregoing was served via the Court's CM/ECF filing system on the parties set forth below and by first class mail, postage prepaid, on the parties set forth on the attached service list:

Hugh M. (UST) Bernstein    hugh.m.bernstein@usdoj.gov
Daniel Jack Blum    jack.blum@polsinelli.com, lsuprum@polsinelli.com;delawaredocketing@polsinelli.com
Thomas K. Bredar    thomas.bredar@wilmerhale.com, andrew.goldman@wilmerhale.com;benjamin.loveland@wilmerhale.com;yolande.thompson@wilmerhale.com
Andrew Brown    abrown@klestadt.com
David W.T. Daniels    ddaniels@perkinscoie.com, docketnyc@perkinscoie.com;nvargas@perkinscoie.com;KMcClure@perkinscoie.com
Turner Falk    turner.falk@saul.com, tnfalk@recap.email;Veronica.Marchiondo@saul.com
Ashley N Fellona    ashley.fellona@saul.com, janice.mast@saul.com
Gianfranco Finizio    gfinizio@lowenstein.com
Chelsea R Frankel    cfrankel@lowenstein.com
Zvi Guttman    zvi@zviguttman.com, zviguttman@gmail.com,zviguttman@outlook.com
Jeffrey C. Hampton    jeffrey.hampton@saul.com
Adam H Isenberg    adam.isenberg@saul.com
C. Kevin Kobbe    kevin.kobbe@us.dlapiper.com, docketing-baltimore-0421@ecf.pacerpro.com
Eric George Korphage    korphagee@whiteandwilliams.com
Mark Minuti    mark.minuti@saul.com, robyn.warren@saul.com
Bruce S. Nathan    bnathan@lowenstein.com
Michael Papandrea    mpapandrea@lowenstein.com
Jordan Rosenfeld    jordan.rosenfeld@saul.com
Dennis J. Shaffer    dshaffer@tydings.com, scalloway@tydings.com;mhickman@tydings.com;jlee@tydings.com
Indira Kavita Sharma    indira.sharma@troutman.com, katherine.culbertson@troutman.com;jonathan.young@troutman.com;david.ruediger@troutman.com;errol.chapman@troutman.com;toyja.kelley@troutman.com
Nicholas Smargiassi    nicholas.smargiassi@saul.com
Brent C. Strickland    bstrickland@wtplaw.com, mbaum@wtplaw.com;brent-strickland-3227@ecf.pacerpro.com
Paige Noelle Topper    paige.topper@saul.com
US Trustee - Baltimore    USTPRegion04.BA.ECF@USDOJ.GOV

                                                /s/ *Dennis J. Shaffer*
                                                Dennis J. Shaffer