**Exhibit A**

**Galfus Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re: | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc., *et al.*,[1] | Chapter 11 |
| Debtors. | (Jointly Administered) |

**DECLARATION OF DAVID GALFUS IN SUPPORT OF APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO RETAIN AND EMPLOY BERKELEY RESEARCH GROUP, LLC AS FINANCIAL ADVISOR, EFFECTIVE AS OF JANUARY 31, 2025**

**DAVID GALFUS**, pursuant to 28 U.S.C. § 1746, hereby declares as follows:

1. I am a Managing Director of Berkeley Research Group, LLC ("BRG")[2], a professional services firm with numerous offices throughout the country. I am duly authorized to make this declaration (the "Declaration") on behalf of BRG. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify thereto.[3]

2. I submit this Declaration in support of the application ("Application")[4] of the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors (the "Debtors") seeking entry of an order authorizing the Committee to employ BRG as financial

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

[2] All references contained herein referring to BRG pertaining to disinterestedness and disclosures of relationships with parties in interest, refer collectively to Berkeley Research Group, LLC, and all of its affiliates, subsidiaries, and parent entities.

[3] Certain of the disclosures set forth herein relate to matters within the knowledge of other Managing Directors and Directors at BRG and are based on information provided by them.

[4] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

6319369.1

advisor to the Committee, effective as of January 31, 2025, pursuant to section 328 and 1103(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Appendix D to the Local Rules of the United States Bankruptcy Court for the District of Maryland (the "Local Rules").

3. On January 31, 2025, the Committee selected BRG to serve as its financial advisor, to perform financial advisory services in connection with these chapter 11 cases (the "Cases"). Since its retention by the Committee, BRG has become familiar with the Debtors' businesses and financial affairs and is therefore particularly qualified to serve as the Committee's financial advisor.

A. **Qualifications of Professionals**

4. BRG is well-suited to act as financial advisor to the Committee in these Cases. BRG's Corporate Finance practice consists of senior financial, management consulting, accounting, and other professionals who specialize in providing restructuring, transaction advisory, litigation support, solvency, and valuation assistance and providing a focus on viable solutions that maximize value for companies and creditors, typically in distressed business settings. Specifically, BRG provides services including forensic analysis, plan development and implementation, and advice on sale/merger transactions. BRG has acted as financial advisor, crisis manager, and corporate officer in middle market to large multinational restructurings across a wide array of industries. Moreover, the professionals at BRG have assisted and advised debtors, creditors, creditors' committees, bondholders, investors, and others in numerous bankruptcy cases, including Vyaire Medical, Inc.; Tupperware Brands Corporation; SVB Financial Group; Meier's Wine Cellars Acquisition, LLC (a.k.a Vintage Wine Estates); H-Food Holdings, LLC; Ebix, Inc.;

6319369.1

2

Kidde-Fenwal, Inc.; Bird Global, Inc.; Endo International, plc; CBC Restaurant Corp.; The Hertz Corporation; Genesis Care Pty Limited; The McClatchy Company; Gissing North America, LLC; Centric Brands Inc.; VitaminWorld, Inc.; First Guaranty Mortgage Corporation; Nine West Holdings, Inc.; Aluminum Shapes, L.L.C.; Peabody Energy Corporation; General Wireless Operations Inc. d/b/a Radioshack; Bouchard Transportation; and Verity Health System of California.

B.   **Services to be Provided**

5.   BRG has agreed to provide financial advisory services to the Committee pursuant to the terms of the Application. BRG's work product will encompass only matters that come to its attention in the course of its work that BRG perceives to be significant in relation to the objectives of its engagement. Because of the time and scope limitations implicit in BRG's engagement and the related limitations on the depth of BRG's analyses and the extent of BRG's verification of information, BRG may not discover all such matters or perceive their significance. Accordingly, BRG will be unable to and will not provide assurances in its work product concerning the integrity of the information used in its analyses and on which BRG's findings and advice to the Committee may be based. BRG understands, and the Committee acknowledges, that BRG is not being requested to perform an audit nor to apply generally accepted auditing standards or procedures. BRG understands, and the Committee acknowledges, that BRG is entitled, in general, to rely on the accuracy and validity of the data disclosed to it or supplied to it by employees and representatives of the Debtors. BRG will not, nor is BRG under any obligation to, update data submitted to it or review any other areas unless the Committee specifically request us to do so. BRG's work will be performed on a reasonable "level-of-effort" basis; that is, the circumstances of BRG's engagement may cause its advice to be limited in certain respects based upon, among

other matters, the extent of sufficient and available data and the opportunity for supporting investigations in the time period.

6.      The terms and conditions of BRG's proposed retention were negotiated between the Committee and BRG and reflect the parties' mutual agreement as to the efforts that will be required in this engagement.

### C.      **No Duplication of Services**

7.      The services to be provided by BRG will be at the request and direction of the Committee so as to avoid duplicative efforts among the Committee's professionals retained in these Cases.

8.      BRG intends to communicate regularly with the Committee and its legal advisors to ensure that the actual financial advisory services performed are appropriate based on the status of these Cases and needs of the Committee. BRG will coordinate all tasks with Counsel to achieve case efficiencies and avoid duplication of efforts. In light of BRG's substantial experience and expertise and the complex nature of the Debtors' businesses and financial affairs, BRG is well qualified to advise the Committee in these Cases.

### D.      **Use of Contractors**

9.      Notwithstanding anything in this Application to the contrary, BRG shall, to the extent that, with the prior written consent of the Committee, it uses the services of independent contractors or subcontractors (the "Contractors") in these Cases, (i) pass-through the cost of Contractors to the Debtors at the same rate that BRG pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflict checks and compensation procedures as required for BRG, and (iv) file with the Court such disclosures required by Bankruptcy Rule 2014.

E.  **Disinterestedness of Professionals**

10.  BRG[5] is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code because BRG, its Managing Directors and Directors, and the BRG Personnel:

(a)  are not creditors, equity security holders, or insiders of the Debtors;

(b)  are not and were not, within two years before the Petition Date, directors, officers, or employees of the Debtors; and

(c)  do not have an interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors or for any other reason; and

(d)  do not hold any debt or equity securities of the Debtors.

11.  Moreover, to the best of my knowledge, information and belief formed after reasonable inquiry, BRG, its Managing Directors and Directors, and the BRG Personnel have no interests that are materially adverse to the Committee, the Debtors' estates, or the other creditors in these Cases.

12.  To determine BRG's relationship with the parties-in-interest identified by the Committee to BRG, in preparing this Declaration, I caused the names of the parties set forth in **Exhibit A-1** (the "Potential Parties in Interest"), which is attached hereto, to be submitted to BRG's internal conflicts procedures. This list was compiled by reviewing various documents submitted by the Debtors' counsel to the Court, including their retention documents. Accordingly, BRG is relying on the accuracy and completeness of this information in connection with our conflict review and disclosure. BRG's internal conflict check procedures consist of the querying of the parties in interest within an internal computer database containing names of individuals and

---

[5] As previously noted, "BRG" herein collectively refers to Berkeley Research Group, LLC and all of its affiliates, subsidiaries and parent entities.

6319369.1

5

entities that are present or former clients of BRG. The database that BRG queries to determine its lack of conflicts and disinterestedness incorporates the names of individuals and entities that are present and former clients both of BRG and all of its affiliates, subsidiary and parent entities. Additionally, new matters are circulated to all Directors and Managing Directors of BRG with a request to review and advise of any potential conflict of interest concerns. All responses are reviewed and addressed by an attorney on BRG's conflicts team.

13. To the best of my knowledge, information and belief, neither I nor any other Managing Director or Director of BRG nor the BRG Personnel has any connection with or holds any interest adverse to the Debtors, their estates, creditors, shareholders, or any other party in interest herein or their respective attorneys in the matters for which BRG is proposed to be employed, except that BRG has provided other consulting services, and may in the future provide such services, to certain of the Debtors' creditors or other parties-in-interest in matters unrelated to the Debtors' Cases. As set forth in **Exhibit A-2**, which is attached hereto, BRG has certain relationships with certain parties-in-interest in these Cases, but such relationships are unrelated to either the Debtors or these Cases.

14. None of the engagements set forth in **Exhibit A-2** are related to these Cases.

15. Further, as part of its diverse practice, BRG appears in numerous cases, proceedings and transactions that involve many different professionals, including attorneys, accountants and financial consultants, who may represent claimants and parties-in-interest in the Debtors' chapter 11 Cases. Also, BRG has performed in the past, and may perform in the future, advisory consulting services for various attorneys and law firms, and has been and may be in the future represented by several attorneys and law firms, some of whom may be involved in these proceedings. In addition, BRG has in the past, may currently and will likely in the future be working with or against other

professionals involved in these Cases in matters unrelated to the Debtors and these Cases. Moreover, BRG might have referred work to other professionals who are retained in these Cases. Likewise, certain such professionals who are retained in these Cases might have referred work to BRG. Based on our current knowledge of the professionals involved, and to the best of my knowledge, insofar as I have been able to ascertain after reasonable inquiry, none of these relationships create interests materially adverse to the Debtors in matters upon which BRG is to be employed, and none are in connection with these Cases.

16. To the best of my knowledge, none of the Managing Directors, Directors, or BRG Personnel is a direct holder of any of the Debtors' securities. It is possible that certain BRG Personnel, BRG employees, Managing Directors, board members, equity holders, or affiliates of any of the foregoing, may own interests in mutual funds or other investment vehicles (including various types of private funds) that own the Debtors' or other Potential Parties in Interests' debt or equity securities or other financial instruments including bank loans and other obligations. Typically, the holders of such interests have no control over investment decisions related to such investment funds or financial instruments. BRG's policy prohibits its employees from personally trading in the Debtors' securities.

17. To the best of my knowledge, BRG has not been engaged to assist any entity or person other than the Committee on matters relating to, or in connection with, these Cases. If this Court approves the proposed employment of BRG by the Committee, then BRG will not accept any engagement or perform any services in these Cases for any entity or person other than the Committee. BRG may, however, continue to provide professional services to, and engage in commercial or professional relationships with, entities or persons that may be creditors of the

Debtors in these Cases; <u>provided</u>, <u>however</u>, that such services do not and will not relate to, or have any direct connection with, these Cases.

18. I am not related or connected to and, to the best of my knowledge, no other Managing Director or Director of BRG, nor the BRG Personnel, is related or connected to any United States Bankruptcy Judge or District Judge for the District of Maryland, or the United States Trustee for the District of Maryland or to any employee in the offices thereof.

19. To the extent I discover any additional facts bearing on the matters described herein and required to be disclosed during the period of the Committee's retention of BRG, I will supplement the information contained in this Declaration.

    **F.**    **Professional Compensation**

20. As discussed and agreed to with the Committee, for purposes of this engagement, and with respect to the services to be provided, BRG will be entitled to receive as compensation for its services, fees based on hours worked times standard hourly rates plus reimbursement of actual and necessary expenses incurred by BRG.

21. For professional services, fees are based on BRG's standard hourly rates. The proposed rates of compensation, subject to final Court approval, are the customary hourly rates in effect when services are performed by the professionals and paraprofessionals who provide services to the Committee. The hourly rates charged by BRG for the services provided by its personnel differ based upon, among other things, each professional's level of experience, geographic differentials, and types of services being provided. Hourly rates are subject to periodic adjustment (typically the first of the new calendar year) to reflect promotions and other changes in personnel responsibilities, increases in experience, and increases in the cost of doing business. The

current standard hourly rates for the BRG personnel that are anticipated to work on this engagement are as follows:

| Position | Hourly Rate[6] |
|---|---|
| Managing Directors | $1,140 - $1,395 |
| Associate Directors & Directors | $900 - $1,100 |
| Professional Staff | $445 - $885 |
| Support Staff | $185 - $395 |

22. These standard hourly rates are subject to periodic adjustment, which shall be noted on the invoices for the first time period in which the revised rates become effective. The standard hourly rates for the BRG experts anticipated to be assigned to this engagement are as follows: David Galfus ($1,395), Christopher Kearns ($1,395), and Jonathan Emerson ($1,000) (together with the assigned professional staff the "BRG Personnel"). We believe that our standard hourly rates are at or below those of national firms that we consider our peers.

23. Consistent with BRG's policy with respect to its other clients, BRG will charge for all other services provided and for other charges and disbursements incurred in rendering services to the Committee. These customary items include, among other things, travel and lodging expenses, business meals, costs of reproduction, research, communications, our legal counsel, any applicable sales or excise taxes and other direct expenses. Internal costs or overhead cost and document production services (including regular secretarial and word processing time) will not be charged for separately.

---

[6] The below ranges are for BRG professionals in the Corporate Finance practice group who may practice bankruptcy and non-bankruptcy related matters. They exclude BRG professionals in other industry practice groups who may also provide specialized services in these Cases. To the extent such other professionals provide services, they will charge their standard hourly rates as they would in non-bankruptcy matters and in no event do their standard hourly rates exceed the ranges set forth below for the Corporate Finance practice group.

6319369.1

9

24. BRG will also request compensation for any time and expenses (including, without limitation, reasonable legal fees and expenses, except in the case of legal fees pertaining to any fee defense) that may be incurred in considering or responding to discovery requests or other requests for documents or information, or in participating as a witness or otherwise in any legal, regulatory, or other proceedings, including, without limitation, those other than the instant matter, as a result of BRG's performance of these services.

25. BRG acknowledges that neither the Committee, its constituents, nor any of its advisors or professionals (including, but not limited to, Counsel) shall be liable for the fees, expenses or other amounts payable to BRG.

26. Regardless of the time and manner of interim compensation, BRG understands that, subject to this Court's orders, BRG will be required to follow the procedures for final allowance of fees at the end of the Cases.

27. No promises have been received by BRG, nor any employee or thereof, as to payment or compensation in connection with these Cases other than in accordance with the provisions of section 504 of the Bankruptcy Code. Except for internal agreements among the employees of BRG regarding the sharing of revenue or compensation, neither BRG nor any of its employees has entered into an agreement or understanding to share compensation with any other entity as described in Bankruptcy Code section 504 and Bankruptcy Rule 2016.

28. BRG intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, and any additional procedures that may be established by the Court in the Cases.

29. I understand that the Committee requires knowledgeable consultants to provide essential professional services in these Cases. I understand that the Committee has selected BRG as its financial advisor because of the firm's diverse experience and extensive knowledge in the field of bankruptcy. I believe that BRG is well qualified to perform these services in an efficient manner and represent the Committee's interests in these Cases.

30. I understand that the Committee believes that BRG's employment is in the best interests of the Debtors and their estates and creditors. I believe that BRG is exceptionally well qualified to serve as the Committee's financial advisor.

31. The foregoing constitutes the statement of BRG pursuant to sections 504 and 1103 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 5002, and Appendix D of the Local Rules.

Dated: February 20, 2025

_____
David Galfus

**Exhibit A-1**

**LIST OF POTENTIAL PARTIES IN INTEREST**

**Debtors**
Comic Exporters, Inc.
Comic Holdings, Inc.
Diamond Comic Distributors, Inc.
Diamond Select Toys & Collectibles, LLC

**Non-Debtor Affiliates**
Armory Game Distributors, Inc.
Diamond Comic Distributors UK
Diamond International Galleries, Inc.
DST Investments, LLC
E. Gerber Products, LLC
Game Consolidators, LLC
Gemstone Publishing, Inc.
Mamanook I, LLC
Mid-Atlantic Loan Acquisition I, LLC
Renegade Games, LLC
Rosebud Entertainment LLC
Stephen A. Geppi Irrevocable Trust
Stephen A. Geppi Revocable Trust

**Officers/Directors**
Bradley E. Scher
Charlie Tyson
Christopher Powell
Chuck Parker
Chuck Terceira
Daniel Hirsh
Katherine Govier
Larry R. Swanson
Robert Gorin
Sean Meadows
Timothy Lenaghan

**Equity Holders**
Melinda C. Geppi
SG Resource LLC
Stephen A. Geppi

**Debtor Professionals**
Getzler Henrich & Associates LLC
Raymond James & Associates, Inc.

Saul Ewing LLP
Stephenson Harwood LLP

**Banks / Secured Creditors**
Bank of Montreal
JPMorgan Chase Bank, N.A.

**License Agreement Parties**
All Elite Wrestling LLC
Bruce Lee LLC
Dammage 7, Inc.
Disney Consumer Products, Inc.
Dork Storm Press LLC
Evolution USA LLC
Fox Entertainment Group LLC
Hasbro, Inc.
IMG Worldwide Holdings, LLC
International Merchandising Corporation
Legendary Licensing LLC
Lions Gate Entertainment Corporation
Marvel Brands LLC
Netflix CPX LLC
Paramount Global
SEGA of America, Inc.
Skybound LLC
Sony Pictures Consumer Products Inc.
Synthesis Entertainment Inc.
The Green Hornet, Inc.
Toho Co., Ltd.
Warner Bros. Consumer Products Inc.

**Landlords**
BCI IV Memphis Dc LLC
Big Box Property Owner E, LLC
BNC Strategic Capital Ventures, LLC
MDH F2 Bal Beltway North, LLC
Phoenix Fort Wayne, LLC
PW Fund B LP
Realbat Inc.
Rock Lease Administration
SFV York Road, LLC

6319369.1

| Key Customers | Unsecured Creditors Committee |
|---|---|
| 2428392, Inc. dba FYE | Little Budy Toys, LLC |
| Amazon.com, Inc. | Simon & Schuster, LLC |
| Animextreme Inc. | Titan Publishing Group Ltd. |
| Baker & Taylor Books, Inc. | |
| Barnes & Noble, Inc. | **UCC Professionals** |
| Booktopia Direct Pty Ltd (Air) | Lowenstein Sandler LLP |
| Booktopia Pty Ltd | Tydings & Rosenberg LLP |
| Boom Entertainment, Inc. | |
| BZVirtual LLC | **Other Professionals** |
| Chaos Pop Pty Ltd | Locke Lord LLP |
| Comics-N-Stuff | |
| Cosmic Comics, Inc. | **Suppliers/Vendors** |
| DCBS, Inc. | 3D Systems Corporation |
| Diamond Select Toys & Collectibles, LLC | Aftershock Comics, LLC |
| Distribution Universe, Inc. | Ara, Inc. |
| Dorksidetoys, Inc. | Arcane Tinmen ApS |
| Dynamic Entertainment, LLC | Bandai Co., Ltd. |
| Electronics Boutique Canada, Inc. | Blueyonder, Inc. |
| Entertainment Earth, Inc. | Boom Entertainment, Inc. |
| Harrison's Comics & Collectibles, Inc. | Deferred Trx |
| Heathside Trading Ltd | Dstlry Media, Inc. |
| HEO GmbH | Dynamic Forces, Inc. |
| Idea and Design Works, LLC | Funko LLC |
| Image Comics, Inc. | Good Smile Company, Inc. |
| Indigo Books and Music, Inc. | Hachette Book Group USA, Inc. |
| Indy Comics LLC | Hasbro Toy Group, Inc. |
| Ingram Book Group LLC | Image Comics, Inc. |
| Kadokawa World Entertainment, Inc. | Integrated Connection LLC |
| Kaiba Corporation | National Entertainment Collectibles |
| Kieren Consulting, LLC |     Association, Inc. (NECA) |
| Lone Star Comics, Inc. | Oni-Lion Forge Publishing Group, LLC |
| Malta Comics & Collectibles, Inc. | Paizo Inc. |
| Marvel Entertainment, LLC | Penguin Random House LLC |
| Replay Toys LLC | Ravensburger North America, Inc. |
| Rosebud Entertainment LLC | Reynolds Advanced Materials US, Inc. |
| Source Point Press, LLC | Square Enix, Inc. |
| Sure Thing Sales LLC | The Pokémon Company International, Inc. |
| Terminal Distribuzione S.R.L. | Titan Publishing Group Ltd. |
| The Marmaxx Group, Inc. | TMP International, Inc. |
| The Westfield Company, Inc. | Udon Entertainment Inc. |
| THG OnDemand Limited | Ultra Pro International, LLC |
| Things From Another World, Inc. | United Parcel Service, Inc. (UPS) |
| Torpedo Comics Vintage & Trade, Inc. | Viz Media, LLC |
| Valiant Entertainment, LLC | Wizards of the Coast, LLC |
| Walgreen Co. | |

**Other**
Aetna Inc.
American Express Company
Ara, Inc.
Authorize.Net LLC
Automatic Data Processing, Inc.
Cigna Corporation
Davis Vision, Inc.
Elective Staffing Midsouth LLC
ETS, Inc
Express Services, Inc.
Joshua M. Geppi
Kevin Kobbe
Luminaire Health Benefits, Inc.
Paymentech, LLC
PayPal Holdings, Inc
PaySimple, Inc.
Randstad North America, Inc.
The Hartford Financial Services Group, Inc.
The Tailored Staff, LLC
United States Customs & Border Protection
Xceeding Partnership Solutions LLC

**Office of the United States Trustee – Region 4 District of Maryland (Baltimore Division)**
Amy C. Busch
Christina Schruefer
Danielle Brown
Denise Bachman
Gerard R. Vetter
Hugh M. Bernstein
Jeffrey Heck
Katherine A. Levin
Matthew W. Cheney
Omnia A. Shedid
Tony Pika

**Judges in the U.S. Bankruptcy Court for the District of Maryland**
Chief Judge David E. Rice
Judge Lori S. Simpson
Judge Maria Ellena Chavez-Ruark
Judge Michelle M. Harner
Judge Nancy V. Alquist
Judge Thomas J. Catliota

6319369.1

3

**Exhibit A-2**

**List of parties in interest, or affiliates thereof, that currently or formerly engage(d) BRG, sorted by their relationship to the Debtor, that are unrelated to these Cases[1]**

**Debtor Professionals**
Raymond James & Associates, Inc.

**Banks / Secured Creditors**
Bank of Montreal
JPMorgan Chase Bank, N.A.

**License Agreement Parties**
Disney Consumer Products, Inc.
Fox Entertainment Group LLC*
IMG Worldwide Holdings, LLC*
Lions Gate Entertainment Corporation
Netflix CPX LLC*
Skybound LLC*

**Suppliers/Vendors**
Ravensburger North America, Inc.
United Parcel Service, Inc. (UPS)

**Other**
Aetna Inc.
American Express Company*
Automatic Data Processing, Inc.
Cigna Corporation
PayPal Holdings, Inc
The Hartford Financial Services Group, Inc.
United States Customs & Border
    Protection*

**License Agreement Parties**
Sony Pictures Consumer Products Inc.
Warner Bros. Consumer Products Inc.*

**Key Customers**
Amazon.com, Inc.
Barnes & Noble, Inc.*
The Westfield Company, Inc.*
Walgreen Co.

**UCC Professionals**
Lowenstein Sandler LLP[1]

**Other Professionals**
Locke Lord LLP*

---

[1] Potential Parties in Interest marked with an asterisk (*) are related to closed matters.
[1] Berkeley Research Group LLC is a current client of Lowenstein on unrelated matters. Additionally, the daughter of an attorney employed by Lowenstein, who is not working on this matter, is employed in the marketing department at Berkeley Research Group.