IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re: | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc., *et al.*,[1] | Chapter 11 |
| Debtors. | (Jointly Administered) |

**ORDER AUTHORIZING OFFICIAL COMMITTEE OF UNSECURED CREDITORS
TO RETAIN AND EMPLOY BERKELEY RESEARCH GROUP, LLC
AS FINANCIAL ADVISOR, EFFECTIVE AS OF JANUARY 31, 2025**

Upon the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") of Diamond Comic Distributors, Inc. (the "Debtors"), to employ Berkeley Research Group, LLC ("BRG"), as its financial advisor, effective as of January 31, 2025, pursuant to sections 328 and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Appendix D to the Local Rules of the United States Bankruptcy Court for the District of Maryland (the "Local Rules"); and it appearing that (i) the Court has jurisdiction to consider the Application

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

[2] Any capitalized term not defined herein shall have the meaning ascribed to it in the Application.

6319369.1

and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; (ii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. §§ 157(b); (iv) due notice of the Application having been provided to the Office of the United States Trustee, counsel for the Debtors, and any other party having filed with the Court a request for notice; and it appearing that no other or further notice need be provided; (v) the Court having reviewed the Application, the Declaration of David Galfus (the "<u>Galfus Declaration</u>"), a Managing Director of BRG in support of the Application and attached thereto as <u>Exhibit A</u>, and the other motions, pleadings, and papers filed in this case, together with the representations and deliberations on the record; the Court finds that, (i) the proposed employment of BRG as financial advisor for the Committee is in the best interest of the Committee and the Debtors' bankruptcy estate, and (ii) BRG does not represent or hold any interest adverse to the Committee or the Debtors' estates and is disinterested under section 101(14) of the Bankruptcy Code, as modified by section 1103(b) of the Bankruptcy Code; and upon all of the proceedings had before the Court, it is hereby

ORDERED that the Application is approved, as set forth herein; and it is further

ORDERED that pursuant to sections 328, and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Appendix D to the Local Rules of the United States Bankruptcy Court for the District of Maryland, the Committee is authorized to employ BRG for the purposes and on the terms set forth in the Application and the Galfus Declaration effective as of January 31, 2025; and it is further

ORDERED that BRG shall file applications for compensation and reimbursement of expenses and shall be compensated in accordance with sections 328, 330 and 331 of the Bankruptcy Code, and such Bankruptcy Rules, and Local Rules as may then be applicable, from

6319369.1

time to time, and such other applicable procedures as may be fixed by order of this Court; and it is further

ORDERED that notwithstanding anything to the contrary in the Application or the Galfus Declaration, BRG shall not seek reimbursement of any fees or costs arising from the defense of any of BRG's fee applications in these Cases. In the event BRG seeks reimbursement for attorneys' fees and expenses, the invoices and supporting time records for the attorneys' fees and expenses shall be included in BRG's fee and expense applications, and these invoices and time records shall be in compliance with the Local Bankruptcy Rules and shall be subject to the US Trustee Guidelines and the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code, but without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code, and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code. BRG shall not seek reimbursement of any attorneys' fees or costs arising from the prosecution or defense of any of BRG's fee and expense applications; and it is further

ORDERED that BRG shall use reasonable efforts to avoid any duplication of services provided by any of the other retained professionals in these chapter 11 cases; and it is further

ORDERED that BRG shall, to the extent that it uses the services of independent contractors or subcontractors (the "Contractors") in these Cases, (i) pass-through the cost of Contractors to the Debtors at the same rate that BRG pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflict checks and compensation procedures as required for BRG; and (iv) file with the Court such disclosures required by Bankruptcy Rule 2014; and it is further

ORDERED that to the extent there is an inconsistency between the terms and conditions set forth in the Application, the Galfus Declaration, and this Order, the provisions of this Order shall govern; and it is further

ORDERED that the terms and conditions of this Order shall be effective and enforceable immediately upon its entry' and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**END OF ORDER**

cc:  Debtors' Counsel
 Committee Counsel
 Office of United States Trustee
 All parties receiving service by CM/ECF system