IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re<br><br>Diamond Comic Distributors, Inc., *et al.*,<br><br>Debtors.[1] | Case No. 25-10308 (DER)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>Hearing Date: March 27, 2025 at 10:00 a.m. (ET)<br>Objection Deadline: March 20, 2025 |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING
THE DEBTORS TO FILE UNDER SEAL CERTAIN UNREDACTED
EXHIBITS TO THE DEBTORS' MOTION FOR ENTRY OF AN
ORDER APPROVING KEY EMPLOYEE INCENTIVE PROGRAM
AND KEY EMPLOYEE RETENTION PROGRAM**

By this motion (this "Motion"), the above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their undersigned counsel, respectfully request as follows:

**RELIEF REQUESTED**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 107(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) authorizing the Debtors to file under seal unredacted versions of certain exhibits to the *Debtors' Motion for Entry of an Order Approving Key Employee Incentive Program*

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

55186604.2

*and Key Employee Retention Program* (the "KEIP/KERP Motion"),[2] filed contemporaneously herewith, which contain the KEIP and the KERP details (together, the "Sealed Exhibits"), and (ii) directing parties to redact any Confidential Information (as defined below) in any pleadings filed in response to the KEIP/KERP Motion.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and *Standing Order 2012-05* from the United States District Court for the District of Maryland. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and this Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and section VII(A) of this Court's Electronic Case Filing Procedures, as set forth in Appendix H to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland (the "Local Rules").

## Background

4. On January 14, 2025 (the "Petition Date"), each Debtor commenced a case under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases. On January 29, 2025, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee").

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the KEIP/KERP Motion.

2

5.      A description of the Debtors' business, the reasons for commencing these cases and the facts and circumstances supporting this Motion are set forth in the *Declaration of Robert Gorin in Support of Chapter 11 Petitions and First Day Relief* [D.I. 20] and the KEIP/KERP Motion.

6.      As set forth in greater detail in the KEIP/KERP Motion, the Debtors have proposed KEIP and KERP plans that are intended to (i) appropriately incentivize key personnel to pursue value-maximizing goals in these chapter 11 cases, (ii) encourage certain non-insider employees to remain with the Debtors during a critical time in these cases, and (iii) otherwise compensate the participants for their additional responsibilities.  The proposed KEIP is attached to the KEIP/KERP Motion as Exhibit C, and the proposed KERP is attached to the KEIP/KERP Motion as Exhibit D. These Sealed Exhibits include, *inter alia*, the names, titles and salary information (together, the "Confidential Information") of the employees proposed to participate in each program.

**Basis for Relief Requested**

7.      Section 107(b) of the Bankruptcy Code enables the court to issue orders that protect parties from the potential harm that could result from disclosing confidential information. Specifically, section 107(b) provides, in part, that:

> On the request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

8.      Bankruptcy Rule 9018 further sets forth the procedures by which a party may seek relief under section 107(b) of the Bankruptcy Code, and provides that:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

3

9. If the court finds that an interested party is requesting information covered by section 107(b) of the Bankruptcy Code "the court is **required** to protect a requesting party and has no discretion to deny the application." *In re Orion Pictures Corp.,* 21 F.3d 24, 27 (2d. Cir. 1994) (emphasis added). The purpose of section 107 of the Bankruptcy Code "is to protect 'business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury" *Robbins v. Tripp*, 510 B.R. 61, 67 (E.D. Va. 2014) (quoting *In re Georgetown Steel Co.*, 306 B.R. 542, 546 (Bankr. D.S.C. 2004)).

10. In the present case, sufficient cause exists for the Court to grant this Motion because disclosure of the Confidential Information would have material adverse effects on the Debtors' sale efforts and overall restructuring objectives. While the Debtors have publicly disclosed most of the pertinent details related to the proposed KEIP and KERP in both the KEIP/KERP Motion and the Sealed Exhibits – including the targets/milestones that must be attained in order for parties to earn an Incentive or Retention Payment and the amounts proposed to be paid to each participant – the Debtors believe that similar public disclosure of the Confidential Information would be very damaging to the Debtors' businesses and to the proposed participants themselves.

11. Indeed, public disclosure of the Confidential Information may cause harm or distress to the Debtors' employees, thus lowering employee morale and further disrupting the Debtors' ordinary course business operations and efforts to pursue a value maximizing transaction. In addition, the Debtors' competitors would gain an unfair advantage if the Confidential Information were to be disclosed because the Debtors' competitors could use such information to lure away the Debtors' employees by offering enhanced compensation and benefits. The Debtors already have concerns about employees pursuing other opportunities during this critical time, which has spurred the relief requested in the KEIP/KERP Motion in the first place. The Debtors

certainly do not want to exacerbate this issue by causing employee distress or by providing competitors with the Confidential Information.

12. Furthermore, the relief requested herein will not cause undue prejudice to any parties in interest. To ensure that the key constituencies in these cases receive adequate disclosure, the Debtors have provided, or will provide, unredacted copies of the Sealed Exhibits to the Court, the U.S. Trustee, counsel to the Committee and, upon request, counsel to the Debtors' secured lender, on a confidential basis and subject to Bankruptcy Code section 107. The Debtors submit that the foregoing provides sufficient safeguards to ensure that the relief requested in this Motion will not adversely affect the interests of parties to these chapter 11 cases while protecting the Debtors' legitimate interest in keeping sensitive commercial information from the public's view.

13. For these reasons, the Debtors respectfully request that the Court permit the Debtors to file the unredacted version of the Sealed Exhibits under seal, thereby protecting the Confidential Information. In addition, to the extent that parties file responsive pleadings to this Motion or the KEIP/KERP Motion, the Debtors further request that the Court order such parties to redact any Confidential Information in their pleadings, without the need for further orders from the Court.

## Waiver of Memorandum of Law

14. Pursuant to Local Rule 9013-2, the Debtors state that, in lieu of submitting a memorandum in support of this Motion, the Debtors will rely on the grounds and authorities set forth herein.

## Notice

15. Notice of this Motion will be given to the following parties, or, in lieu thereof, to their counsel: (i) the Office of the United States Trustee for the District of Maryland; (ii) the Committee; (iii) counsel to JPMorgan Chase Bank, N.A.; (iv) the United States Attorney for the

District of Maryland; (v) the offices of the attorneys general for the states in which the Debtors operate; (vi) the Internal Revenue Service; (vii) the United States Attorney general; (viii) the civil process clerk for the United States Attorney for the District of Maryland; and (ix) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

[remainder of page left intentionally blank]

55186604.2

WHEREFORE, the Debtors respectfully request the entry of the Motion, granting the relief requested herein and such other and further relief as is just and proper.

Dated: March 6, 2025         **SAUL EWING LLP**

By: */s/ Jordan D. Rosenfeld*
Jordan D. Rosenfeld (MD Bar No. 13694)
1001 Fleet Street, 9th Floor
Baltimore, MD 21202
Telephone: (410) 332-8600
Email: jordan.rosenfeld@saul.com

-and-

Jeffrey C. Hampton (admitted *pro hac vice*)
Adam H. Isenberg (admitted *pro hac vice*)
Turner N. Falk (admitted *pro hac vice*)
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Email: jeffrey.hampton@saul.com
    adam.isenberg@saul.com
    turner.falk@saul.com

-and-

Mark Minuti (admitted *pro hac vice*)
Paige N. Topper (admitted *pro hac vice*)
Nicholas Smargiassi (admitted *pro hac vice*)
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
Telephone: (302) 421-6800
Email: mark.minuti@saul.com
    paige.topper@saul.com
    nicholas.smargiassi@saul.com

*Counsel for Debtors and Debtors in Possession*