Entered: March 7th, 2025
Signed: March 7th, 2025

**SO ORDERED**



DAVID E. RICE
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | |
|---|---|
| In re<br><br>Diamond Comic Distributors, Inc., *et al.*,<br><br>Debtors.¹ | Case No. 25-10308 (DER)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>Re: Docket No. 114 |

**ORDER AUTHORIZING (I) RETENTION AND EMPLOYMENT OF GETZLER HENRICH & ASSOCIATES LLC, TO PROVIDE INTERIM MANAGEMENT SERVICES, AND (II) THE DESIGNATION OF ROBERT GORIN AND WILLIAM HENRICH AS CO-CHIEF RESTRUCTURING OFFICERS TO THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE**

Upon the motion (the "Motion")² of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (i) authorizing the employment and retention of Getzler Henrich to provide interim management services, and (ii) approving the designation of Robert Gorin and William Henrich as Co-CROs in these

---

1   The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

2   Capitalized terms used but not otherwise defined herein are defined in the Motion.

chapter 11 cases, effective as of the Petition Date, pursuant to the terms and conditions of the Engagement Letter attached to the Motion as <u>Exhibit B</u>; and upon consideration of the Gorin Declaration attached to the Motion as <u>Exhibit C</u>; and it appearing that this Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these chapter 11 cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized to (a) employ and retain Getzler Henrich to provide interim management services pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, and (b) designate Messrs. Gorin and Henrich as Co-CROs of the Debtors pursuant to the terms and conditions of the Engagement Letter, as modified by this Order, in each instance effective as of the Petition Date.

3. The terms of the Engagement Letter are approved in all respects, subject to the following terms, which apply notwithstanding anything in the Motion or the Engagement Letter to the contrary:

      a. Getzler Henrich and its affiliates shall not act in any other capacity (e.g. financial advisor, claims agent/administrator, investor/acquirer, etc.) in connection with these chapter 11 cases.

      b. In the event the Debtors seek to have Getzler Henrich personnel assume executive officer positions that are different than the position disclosed in the Motion, or to materially change the terms of the engagement, including by (a) modifying the functions of personnel, (b) adding new personnel, or (c) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed.

      c. No principal, employee, or independent contractor of Getzler Henrich or its affiliates shall serve as director of the Debtors during the pendency of these chapter 11 cases.

      d. The Debtors are permitted to indemnify those persons serving as officers on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' D&O policy. There shall be no indemnification of Getzler Henrich or its affiliates during these chapter 11 cases.

      e. For a period of three years after the conclusion of the engagement, neither Getzler Henrich nor any of its affiliates shall make any investments in the Debtors.

      f. Notwithstanding any provision of the Engagement Letter to the contrary, Getzler Henrich shall disclose any and all facts that may have a bearing on whether Getzler Henrich, its affiliates, and/or any individuals working on the engagement have any interest adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders, or other parties in interest by reason of any direct or indirect relationship to, in connection with, or interest in, the Debtors, or for any other reason. The obligation to disclose identified in this subparagraph is a continuing obligation.

4. Getzler Henrich shall be compensated for its services and reimbursed for any related expenses in accordance with the Compensation Structure set forth in the Motion, the Gorin Declaration, and the Engagement Letter as modified by this Order.

5. Notwithstanding anything to the contrary in the Engagement Letter, the Debtors shall have no obligation to indemnify or exculpate Getzler Henrich for any claim or expenses that is either: (i) judicially determined (the determination having become final) to have arisen from Getzler Henrich's gross negligence, willful misconduct or actual fraud; (ii) for a contractual dispute in which the Debtors allege the breach of Getzler Henrich's contractual obligations if the Court determines that indemnification, contribution or reimbursement would not be permissible pursuant to *In re Baltimore Emergency Servs. II, LLC*, 291 B.R. 382 (Bankr. D. Md. 2003); or

(iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and hearing, to be a claim or expense for which Getzler Henrich should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Order.

6. During the course of these chapter 11 cases, any limitation of liability provisions in the Engagement Letter shall have no force or effect.

7. Getzler Henrich shall file reports of compensation earned and expenses incurred on a monthly basis (the "Compensation Report") to the Court and provide notice of the same to the Office of the United States Trustee and counsel for any official committee appointed in these chapter 11 cases (collectively, the "Notice Parties") and others as required. Compensation Reports shall summarize the services provided and identify the compensation earned and expenses incurred by Getzler Henrich for the previous month. Such reports shall summarize the services provided, identify the compensation earned by each officer and staff employee provided, and itemize the expenses incurred. Time records shall (a) be appended to the reports, (b) contain detailed time entries describing the tasks performed, and (c) be organized by project category. Where personnel are providing services at an hourly rate, the time entries shall identify the time spent completing each task in .1 hour increments and the corresponding charge (time multiplied by hourly rate) for each task. The Notice Parties shall have 14 days after the date each Compensation Report is served on the Notice Parties to object to such Compensation Report. Such compensation and expenses will be subject to Court review in the event an objection is filed.

8. Each month, Getzler Henrich and Messrs. Gorin and Henrich shall file staffing reports (the "Staffing Reports") with the Court and serve copies of such Staffing Reports on the

Notice Parties. Staffing Reports shall include the names of all full- and part-time Getzler Henrich personnel that provided services in these chapter 11 cases during the prior month and each individual's hourly billing rate. The Notice Parties shall have 14 days after the date each Staffing Report is served on the Notice Parties to object to such Staffing Report. The Staffing Reports and Getzler Henrich's staffing decisions will be subject to review by the Court in the event an objection is filed.

9. To the extent there is any inconsistency between the terms of this Order and the terms of the Motion or the Engagement Letter, the terms of this Order shall control.

10. With respect to controversies or claims arising out of or in any way related to the services in the Engagement Letter, notwithstanding any arbitration, dispute resolution, or exclusive jurisdiction provisions contained in the Engagement Letter, any disputes arising under the Engagement Letter shall be heard in this Court during the pendency of these chapter 11 cases.

11. Notwithstanding anything in the Application or the Engagement Letter to the contrary, (i) to the extent that Getzler Henrich uses the services of independent contractors, subcontractors, or third party contractors (collectively, the "Contractors") in these cases, Getzler Henrich shall pass through the cost of the Contractors to the applicable Debtors at the same rate that Getzler Henrich pays the Contractors; and (ii) seek reimbursement for actual costs only. Contractors from whom Getzler Henrich seeks to pass through fees on an hourly basis to the applicable Debtors shall be subject to the same conflict checks as required for Getzler Henrich.

12. The Debtors are authorized to take all actions necessary to implement the relief granted in this Order.

-6-

13.      Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062, or 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**END OF ORDER**