IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re: | Case No. 25-10308 (DER) |
| DIAMOND COMIC DISTRIBUTORS, INC., *et al.*, | Chapter 11 |
| | (Jointly Administered) |
| Debtors.<sup>1</sup> | Re: D.I. 160, 168 |

**OBJECTION OF AIREIT OLIVE BRANCH DC LLC AND ANSON LOGISTICS ASSETS LLC TO (A) NOTICE OF POSSIBLE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (B) DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES; (II) APPROVING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND <u>UNEXPIRED LEASES; AND (III) GRANTING RELATED RELIEF</u>**

AIREIT Olive Branch DC LLC ("<u>AIREIT</u>"), and Anson Logistics Assets LLC ("<u>Anson</u>", and together with AIREIT collectively, the <u>Landlords</u>") by and through their undersigned counsel, hereby object (the "<u>Objection</u>") to the Debtors' *Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases* (the "<u>Cure Notice</u>") [D.I. 160] and the *Debtors' Motion for Entry of an Order (I) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances; (II) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* [D.I. 168] (the "<u>Sale Motion</u>") served by the above captioned debtors and debtors-in-possession (the "<u>Debtors</u>") and in support thereof would respectfully show as follows:

---

<sup>1</sup>   The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Diamond Comic Distributors, Inc. (3450), Comic Holdings, Inc. (7457), Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585).  The Debtors' mailing address is 10150 York Road, Suite 300, Hunt Valley, Maryland 21030

4901-1524-3303v.1 018571.00388

# I.
# BACKGROUND

1.  AIREIT (through its predecessor-in-interest) and Diamond Comic Distributors, Inc. (the "Tenant") entered into a Lease Agreement dated September 13, 2007, as amended by that certain First Amendment to Lease Agreement dated June 24, 2008, that certain Second Amendment to Lease Agreement dated March 31, 2011, that certain Third Amendment to Lease Agreement dated September 1, 2011, and that certain Fourth Amendment to Lease Agreement dated December 11, 2020 (the "AIREIT Lease") for the lease of that certain parcel of land located in DeSoto County, Mississippi, and all improvements thereon, including a 600,000 square foot building, all of which is more particularly described in the AIREIT Lease.

2.  Anson and Tenant entered into a Lease Agreement dated January 31, 2023, as amended by that certain First Amendment to Lease dated May 25, 2023 and that certain Second Amendment to Lease dated September 8, 2023 (the "Anson Lease") for the lease of approximately 33,087 square feet of space known as Suite 100 in that certain building known as Building 300, and located at 1965 Evergreen Boulevard, Duluth, Georgia 30096, as more particularly described in the Anson Lease.

3.  On January 14, 2025, the Tenant and three of its affiliated companies (collectively, the "Debtors") each commenced their cases under chapter 11 of the Bankruptcy Code which are jointly administered for procedural purposes (the "Bankruptcy Case").

4.  On January 21, 2025, the Debtors filed their *Debtors' Motion for Entry of an Order (I) Authorizing and Approving Bidding Procedures for the Sale of All or Substantially All of the Debtors' Assets, (II) Approving Bid Protections, (III) Scheduling an Auction and a Sale Hearing, (IV) Approving the Form and Manner of Notice Hereof, and (V) Establishing Notice and*

4901-1524-3303v.1 018571.00388

*Procedures for the Assumption and Assignment of Certain Executory Contracts and Leases* [D.I. 68] (the "Bid Procedures Motion").

5. Attached to the Bid Procedures Motion as Exhibit B is a Stalking Horse Agreement (the "Stalking Horse Agreement") with Universal Distribution LLC (the "Stalking Horse"). It appears from a review of the Stalking Horse Agreement that neither the AIREIT Lease nor the Anson Lease constitute Leased Real Property, as such term is defined in the Stalking Horse Agreement, and that the Stalking Horse does not intend to take assumption and assignment of either of the Leases. However, there could be other bidders who have an interest in the assumption and assignment of the AIREIT Lease and/or the Anson Lease.

6. On February 11, 2025, the Court entered the *Order (I) Authorizing and Approving Bidding Procedures for the Sale of All or Substantially All of the Debtors' Assets, (II) Approving Bid Protections, (III) Scheduling an Auction and a Sale Hearing, (IV) Approving the Form and Manner of Notice Hereof, and (V) Establishing Notice and Procedures for the Assumption and Assignment of Certain Executory Contracts and Leases, and (VI) Granting Related Relief* [D.I. 136] (the "Bid Procedures Order").

7. On February 18, 2025, the Debtors filed the Cure Notice.

8. On February 18, 2025, the Debtors filed their *Notice of Sale, Bidding Procedures, Potential Auction, and Sale Hearing* [D.I. 159] (the "Sale Notice").

9. On February 21, 2025, the Debtors filed the Sale Motion. Attached to the Sale Motion as Exhibit A is a proposed sale order (the "Proposed Sale Order"). In footnote 3 of the Sale Motion, the Debtors state as follows with regard to the Proposed Sale Order: "The Sale Order attached to this Motion is a form order because the identity of the Successful Bidder(s) for the Debtors' Assets is not yet known. The Debtors will file one or more revised Sale Orders before

3

the Sale Hearing to reflect the Sale(s) to the Stalking Horse Bidder and/or other Successful Bidder(s), as applicable." Sale Motion, p. 1, fn. 2.

## II.
## OBJECTION

10. As set forth above, the Landlords are each a landlord under a separate nonresidential real property lease (collectively, the "Leases") with Tenant. AIREIT and Anson object to the cure amounts set forth in the Cure Notice and object to the Sale Motion.

A. Anson

11. The Debtors' Cure Notice lists a proposed cure amount under the Anson Lease of $42,991.01 (the "Anson Proposed Cure Amount"). While the Anson Proposed Cure Amount appears to be correct with regard to current liquidated amounts, i.e., base rent and additional rent due in January 2024 that the Tenant did not pay, as set forth below additional amounts will come due that must be paid as part of any assumption or assumption and assignment and Anson, therefore, objects to the Anson Proposed Cure Amount. Further, Anson is determining whether March rent has been paid to Tenant. If it has not, it must be added to the Anson Proposed Cure Amount.

B. AIREIT

12. The Debtors' Assumption Notice lists a proposed cure amount under the AIREIT Lease of $0.00 (the "AIREIT Proposed Cure Amount").[2] AIREIT objects to the AIREIT Proposed Cure Amount.

---

[2] In the Cure Notice, the Debtors appear to identify IPT Memphis DC LLC as the counterparty to the AIREIT Lease, however, the landlord entity is AIREIT.

13. The Tenant is required to pay all Real Property Taxes on the Premises the subject of the AIREIT Lease. Section 9.(a) of the AIREIT Lease provides in pertinent part as follows: "<u>Real Property Taxes</u>. Tenant shall pay all Real Property Taxes (as hereinafter defined) on the Premises (…) during the Term; …. Such payment shall be made by Tenant directly to the appropriate taxing authority." Lease §9.(a). Further, Section 3.(g)(1) of the AIREIT Lease provides in pertinent part: "<u>Additional Rent Not Included in Base Rent Amount</u>. Landlord and Tenant agree that the monthly rent for the Premises set forth in this Section 3 does not include payment for the following amounts, all of which will be the responsibility of Tenant during the Term and will constitute Additional Rent: (1) All Taxes for which Tenant is liable under Section 9 of this Lease." AIREIT Lease § 3.(g)(1).

14. The Tenant has defaulted under the AIREIT Lease by failing to pay $451,083.73 in Real Property Taxes on the Premises as required by the Lease. On March 6, 2025, AIREIT paid $455,594.57 to the DeSoto County Tax Collector comprised of $451,083.73 in Real Property Taxes and $4,510.34 in penalties and interest. Accordingly, as part of any assumption and assignment of the AIREIT Lease, such default must be cured and AIREIT must be paid the $455,594.54.[3]

C. <u>Global Objections on Behalf of Landlords</u>

15. The Landlords have also incurred attorneys' fees in connection with enforcing their rights under the Leases in the Bankruptcy Case which should be paid as part of the cures. As of

---

[3] AIREIT reserves the right to assert that the Real Property Taxes are entitled to administrative claim priority pursuant to §365 and/or §503, however, in either case such default must be cured as part of any assumption or assumption and assignment of the AIREIT Lease.

February 28, 2025, the following attorneys' fees had been incurred: $5,850.00 for AIREIT and $3,360.00 for Anson. Attorneys' fees continue to accrue and should be paid as part of the cures.

16. The amount necessary to cure defaults under the Leases may increase prior to the actual assumption or assumption and assignment of the Leases if the Debtors do not pay all amounts that accrue. Any assumption and/or assignment of the Leases should be conditioned upon full compliance with section 365 of the Bankruptcy Code, including, but not limited to, the payment to Landlords of all amounts due and owing under the Leases through the effective date of the assumption and assignment of the Leases. The Proposed Sale Order does not appear to provide for this.

17. Further, any order approving cure amounts must provide that the proposed assignee is liable as part of the cure for the following pursuant to the terms of the Leases regardless of when the charges accrued: (i) pre-petition and post-petition rent and other charges under the Leases, (ii) amounts due and owing under the Leases which may be unbilled as of the date hereof, including but not limited to year-end adjustments for common area maintenance expenses, taxes and similar charges, (iii) any regular or periodic adjustment of charges under the Leases which were not due or had not been determined, (iv) any non-monetary defaults, (v) attorneys' fees, and (vi) insurance and indemnification obligations under the Leases.[4] To the extent that the Debtors remain responsible for any of the foregoing cure amounts as opposed to the pertinent assignee, Landlords respectfully request that funds sufficient to encompass such estimated cure amounts be placed into a separate, segregated account and be earmarked to pay Landlords for such amounts when they come due and owing.

---

[4] The Proposed Sale Order does not appear to contemplate assuming any of these obligations, therefore, the Landlords object to the Proposed Sale Order.

18. To the extent that the premises the subject of the Anson Lease is "real property in a shopping center" as that term is used in section 365(b)(3) of the Bankruptcy Code, any assumption and assignment must comply with all provisions of the Anson Lease, including those covering use, radius, exclusivity, tenant mix and balance.

19. Landlords reserve all rights in regard to proof of adequate assurance once a successful bidder has been identified for the Leases. Landlords join in objections asserted by other landlords in the Bankruptcy Case to the Cure Notice and the Sale Motion to the extent such objections are not inconsistent with the relief requested in this Objection.

### III.
### RESERVATION OF RIGHTS

20. The Landlords reserve the right to assert additional amounts, true-ups, year-end adjustments, and reconciliations that have not yet come due that may come due and have to be calculated.

21. The Landlords reserve the right to amend and/or supplement this Objection, including, without limitation, adding and supplementing objections to the Cure Notice, the Sale Motion, or amending and or supplementing the Cure Amounts. The Landlords reserve the right to assert additional amounts that may come due and owing prior to the proposed assumption or assumption and assignment of the Leases.

WHEREFORE, the Landlords respectfully request that the Court sustain their objections to the Cure Notice and the Sale Motion, require that the full amount asserted herein is paid contemporaneously with any assumption and assignment, require that any additional amounts asserted by the Landlords be paid prior to any assumption and assignment, require that any order approving cures or any sale contain the provisions set forth in this Objection, and for such other

4901-1524-3303v.1 018571.00388

and further relief to which the Landlords may show themselves to be justly entitled at law or in equity.

Dated:  March 12, 2025.

**VENABLE LLP**

 */s/ Laura S. Bouyea*
Laura S. Bouyea (Federal Bar No. 27812)
750 East Pratt Street, Suite 900
Baltimore, MD 21202
Telephone:  (410) 244-7400
Facsimile:  (410) 244-7742
E-mail:  lsbouyea@venable.com

-and-

**MUNSCH HARDT KOPF & HARR, P.C**.
Deborah M. Perry (*Pro Hac Vice* to be filed)
500 N. Akard Street, Suite 4000
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584
E-mail:  dperry@munsch.com

**ATTORNEYS FOR AIREIT OLIVE BRANCH DC LLC and ANSON LOGISTICS ASSETS LLC**

4901-1524-3303v.1 018571.00388

**CERTIFICATE OF SERVICE**

I , Laura S. Bouyea, hereby certify that on this 12th day March 2025, a copy of this document was served upon the following parties that are registered to receive notice via the Court's CM/ECF notification system:

**Electronic Mail Notice List**

**Debtor's Counsel:**

- **Turner Falk**  turner.falk@saul.com; tnfalk@recap.email; Veronica.Marchiondo@saul.com
- **Adam H. Isenberg**  adam.isenberg@saul.com
- **Jeffrey C. Hampton**  jeffrey.hampton@saul.com
- **Mark Minuti**  mark.minuti@saul.com; robyn.warren@saul.com
- **Nicholas Smargiassi**  nicholas.smargiassi@saul.com
- **Paige Noelle Topper**  paige.topper@saul.com
- **Ashley N. Fellona**  ashley.fellona@saul.com;  janice.mast@saul.com
- **Jordan Rosenfeld**  jordan.rosenfeld@saul.com

**United States Trustee:**

- **Hugh M. (UST) Bernstein** hugh.m.bernstein@usdoj.gov
- **US Trustee – Baltimore**   USTPRegion04.BA.ECF@USDOJ.GOV
- 

**Unsecured Creditors Committee:**

- **Richard L. Costella**   rcostella@tydings.com; scalloway@tydings.com
- **Gianfranco Finizio**   gfinizio@lowenstein.com
- **Chelsea R. Frankel**   cfrankel@lowenstein.com
- **Stephen B. Gerald**   sgerald@tydings.com
- **Bruce S. Nathan**   bnathan@lowenstein.com
- **Michael Papandrea**   mpapandrea@lowenstein.com
- **Dennis J. Shaffer**   dshaffer@tydings.com; scalloway@tydings.com; mhickman@tydings.com; jlee@tydings.com
- **Jung Yong Lee**   jlee@tydings.com; mhickman@tydings.com

**Stalking Horse Purchaser:**

- **Brent C. Strickland**   bstrickland@wtplaw.com; mbaum@wtplaw.com; brent-strickland-3227@ecf.pacerpro.com

9

**Other Parties who are Registered to Receive Notice via CM/ECF:**

- **Daniel Jack Blum**  jack.blum@polsinelli.com; lsuprum@polsinelli.com; delawaredocketing@polsinelli.com
- **Thomas K. Bredar**  thomas.bredar@wilmerhale.com; andrew.goldman@wilmerhale.com; benjamin.loveland@wilmerhale.com; yolande.thompson@wilmerhale.com
- **Andrew Brown**  abrown@klestadt.com
- **David W.T. Daniels**  ddaniels@perkinscoie.com; docketnyc@perkinscoie.com; nvargas@perkinscoie.com; KMcClure@perkinscoie.com
- **Justin Philip Fasano**  jfasano@mhlawyers.com; jfasano@ecf.courtdrive.com; tmackey@mhlawyers.com; hleaphart@mhlawyers.com; cmartin@mhlawyers.com; Fasano.JustinR92003@notify.bestcase.com
- **Christopher J. Giaimo**  christopher.giaimo@squirepb.com; christopher.giaimo@squirepb.com; christopher-j-giaimo-6409@ecf.pacerpro.com
- **Zvi Guttman**  zvi@zviguttman.com; zviguttman@gmail.com; zviguttman@outlook.com
- **C. Kevin Kobbe**  kevin.kobbe@us.dlapiper.com; docketing-baltimore-0421@ecf.pacerpro.com
- **Eric George Korphage**  korphagee@whiteandwilliams.com
- **Gary H. Leibowitz**  gleibowitz@coleschotz.com; pratkowiak@coleschotz.com; bankruptcy@coleschotz.com; lmorton@coleschotz.com
- **Steven Gregory Polard**  steven.polard@ropers.com
- **Nikolaus F. Schandlbauer**  nick.schandlbauer@arlaw.com; lianna.sarasola@arlaw.com
- **Indira Kavita Sharma**  indira.sharma@troutman.com; katherine.culbertson@troutman.com; jonathan.young@troutman.com; david.ruediger@troutman.com; errol.chapman@troutman.com; toyja.kelley@troutman.com

        */s/ Laura S. Bouyea*
        Laura S. Bouyea

4901-1524-3303v.1 018571.00388