IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re:<br><br>Diamond Comic Distributors, Inc., *et al.*,<br><br>Debtors.[1] | Case No. 25-10308 (DER)<br><br>Chapter 11<br><br>(Jointly Administered) |

**RESPONSE OF THE POKÉMON COMPANY INTERNATIONAL, INC. TO DEBTORS'
INITIAL AND SUPPLEMENTAL NOTICES OF POSSIBLE ASSUMPTION AND
ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

The Pokémon Company International, Inc. ("***Pokémon***"), by and through its undersigned counsel, hereby responds to the Initial and Supplemental Notices of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases (collectively "***Notices***") filed by the Debtors in these cases (ECF #s 160, 194).

The Notices both list a "Pokémon TCG Terms of Sale - CIP" ("***Terms of Sale***") as a possibly executory contract that may be sought to be assumed and assigned. The first of the Notices (ECF # 160) lists the Contract Counterparty as "The Pokémon Company International, Inc." and the supplemental Notice lists the Contract Counterparty as "Inc." (ECF # 194). Pokémon assumes both Notices intend to refer to the same the same counterparty, Pokémon, and the same possibly executory contract, the Terms of Sale.

Like the Debtors, Pokémon does not necessarily concede that the Terms of Sale standing alone is an executory contract. The Terms of Sale have been incorporated into a series of

---

[1]    The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

agreements among a Debtor and Pokémon, including agreements in effect as of the petition date in these cases and agreements entered into thereafter. As a practical matter, Pokémon does not oppose the assumption and assignment of all such agreements which remain in effect as of the date of the contemplated sale to the Stalking Horse Bidder (as defined in the Notices). At the same time, this is not a concession or agreement by Pokémon that the Terms of Sale standing alone constitutes an executory contract.

The stated cure amount for Pokémon on the supplemental Notice seemingly is based on the amount of Pokémon's unpaid trade claim as of the petition date. Pokémon acknowledges that this has been partially paid as part of the Court approved critical vendor program. At the same time, it seems the stated cure amount does not account for the attorneys' fees and expenses Pokémon is entitled to have reimbursed pursuant to the Terms of Sale. If assumption and assignment of the Terms of Sale is approved, the cure amount needs to be revised to account for these attorney fees and expenses, as well as all unpaid amounts due to Pokémon under prepetition and postpetition purchase orders, all of which were and are made pursuant to the Terms of Sale. Pokemon is entitled to the full benefit of the bargain, including its entitlement to attorneys' fees. *See Matter of Superior Toy and Mfg. Co., Inc.*, 78 F.3d 1169 (7th Cir. 1996). There is no logical distinction for purposes of Section 365 between attorneys' fees incurred in connection with prepetition defaults and fees incurred with postpetition defaults. *In re Entertainment, Inc.*, 223 B.R. 141, 152 (Bankr. N.D. Ill. 1998) (citation omitted); *In re Crown Books Corporation,* 269 B.R. 12 (Bankr. D. Del. 2001) (fees and costs recoverable as a component of cure under 11 U.S.C. § 365(b)(1)). The Supreme Court has upheld the enforceability of such attorneys' fees clauses, ruling that prepetition attorneys' fee clauses are enforceable with respect to issues peculiar to bankruptcy

law. *Travelers Casualty & Surety Co. of America v. Pacific Gas & Electric*, 127 S. Ct. 1199, 1206 (2007).

Any order authorizing the assumption and assignment of executory contracts should make clear that nothing in it is determining that the Terms of Sale standing alone is an executory contract for purposes of Section 365 of the Bankruptcy Code or otherwise, and should update the cure amount as set forth above.

Pokémon reserves all of its rights and remedies to objection to assumption and assignment to the selected Successful Bidder (as defined in the Notices), if it is not the Stalking Horse Bidder, and all other rights and remedies it has under the Bankruptcy Code and other applicable laws.

Dated: March 12, 2025                              **PERKINS COIE LLP**

                                                   */s/ David W.T. Daniels*
                                                   David W.T. Daniels
                                                   700 Thirteenth Street N.W.
                                                   Washington, D.C. 20005-3960
                                                   Phone: (202) 654-6200
                                                   DDaniels@perkinscoie.com

                                                   *Counsel to The Pokémon Company International, Inc.*

180352887.3

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2025, a copy of the *Response of The Pokémon Company International, Inc. to Debtors' Initial and Supplemental Notices of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases* was served electronically on all parties registered to receive notifications by the Court's CM/ECF system.

/s/ David W.T. Daniels
David W.T. Daniels

180352887.3