IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re<br><br>Diamond Comic Distributors, Inc., *et al.*,<br><br>Debtors.¹ | Case No. 25-10308 (DER)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>**Re: D.I. 234** |

### DEBTORS' MOTION TO SHORTEN NOTICE OF THE DEBTORS' MOTION FOR ENTRY OF ORDER APPROVING STIPULATION BETWEEN DEBTORS AND JPMORGAN CHASE BANK, N.A., AMENDING DIP CREDIT AGREEMENT

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), having filed contemporaneously the *Debtors' Motion for Entry of an Order Approving Stipulation Between Debtors and JPMorgan Chase Bank, N.A., Amending DIP Credit Agreement* (D.I. 234) (the "Motion to Approve Stipulation"), respectfully submit this motion (the "Motion to Shorten"), pursuant to sections 102(1) and 105 of title 11 of the United States Code (the "Bankruptcy Code"), rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rules 9006-1 and 9013-6 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland (the "Local Bankruptcy Rules"), for entry of an order shortening the time for notice of the hearing to consider the Motion to Approve Stipulation so that such motion may be considered by the Court at a hearing on March 19, 2025, or as soon thereafter as possible subject to the Court's availability, with any objections to the Motion to Approve Stipulation to be filed on

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

or before March 18, 2025 (the "Proposed Objection Deadline").  In support of this Motion to Shorten, the Debtors respectfully represent as follows:

### Relief Requested

1. The Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, shortening notice of the hearing to consider the Motion to Approve Stipulation so that the motion can be considered on March 19, 2025, or as soon thereafter as possible, with any objections to the Motion to Approve Stipulation be filed on March 18, 2025.

### Jurisdiction and Venue

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and *Standing Order 2012-05* from the United States District Court for the District of Maryland. This is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 102(1) and 105 of Title 11 of the United States Code (the "Bankruptcy Code").

### Background

4. On January 14, 2025 (the "Petition Date"), the Debtors each commenced a case under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in the chapter 11 cases. On January 29, 2025, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee").

5. A description of the Debtors' businesses and the reasons for commencing the chapter 11 cases are set forth in the *Declaration of Robert Gorin in Support of Chapter 11 Petitions and First Day Relief* (D.I. 20) (the "First Day Declaration") and incorporated herein by reference.

6. On February 19, 2025, the Bankruptcy Court entered the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Senior Secured Financing and the Use of Cash Collateral; (II) Granting Adequate Protection; (III) Granting Liens and Superpriority Administrative Expense Claims; (IV) Modifying the Automatic Stay; and (V) Granting Related Relief* (D.I. 163) (the "Final DIP Order"). Among other things, the Final DIP Order authorizes the Debtors to obtain senior secured postpetition financing, in a maximum outstanding principal amount not to exceed $42,200,000 (the "Maximum DIP Facility Amount"), pursuant to the terms and conditions of the Final DIP Order and that certain senior secured Debtor-in-Possession Credit Agreement, dated as of January 16, 2025 (as amended by that certain First Amendment to Debtor-in-Possession Credit Agreement, dated as of February 11, 2025, and that certain Second Amendment to Debtor-in-Possession Credit Agreement dated as of February 25, 2025, the "DIP Credit Agreement").

7. In relevant part, the Final DIP Order provides that certain amendments to the DIP Credit Agreement, including any increase to the aggregate commitment thereunder, constitute "Material DIP Facility Amendments" and require further Court approval, provided that "the Debtors and the DIP Lender shall have the right to seek approval from the Court of any proposed Material DIP Facility Amendment on an expedited basis with notice to the Committee and the United States Trustee, conditioned upon the DIP Lender having agreed to the terms of such Material DIP Facility Amendment." *See* Final DIP Order ¶ 8.

8. As explained in the Stipulation, the Debtors and JPMorgan Chase Bank, N.A. (the "DIP Lender") have agreed to increase the Maximum DIP Facility Amount by $2,500,000, for an amended Maximum DIP Facility Amount of $44,700,000. The additional borrowing capabilities afforded to the Debtors through the Stipulation will allow the Debtors to continue their current level of inventory purchases to the benefit of their estates, creditors and parties in interest.

9. The Debtors contacted the Committee and the Office for the United States Trustee (the "U.S. Trustee") regarding the relief requested herein. Neither the Committee nor the U.S. Trustee object to the relief sought in the Motion to Approve Stipulation, and thus the notice requirement set forth in paragraph 8 of the Final DIP Order has been satisfied.

**Basis for Relief Requested**

10. Section 102(1) of the Bankruptcy Code provides that the phrase "after notice and hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances." 11 U.S.C. § 102(1). Section 105(a) of the Bankruptcy Code, in turn, authorizes the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

11. Pursuant to Bankruptcy Rule 9006(c), "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). In exercising such discretion, the court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Phila. Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting the commonality of such motions "given the accelerated time frame of bankruptcy proceedings").

12. Local Bankruptcy Rule 9006-1 provides that all motions be served at least twenty-one days before the hearing date. Md. L. Bankr. R. 9006-1. However, Local Bankruptcy Rule

9013-6 permits a movant to shorten notice with respect to any motion, provided that "the movant shall file contemporaneously a separate motion requesting that the Court shorten the time within which responses may be filed and/or requesting that the Court set an expedited hearing." Md. L. Bankr. R. 9013-6.

13. The Debtors submit that good cause exists to warrant expedited consideration of the Motion to Approve Stipulation, and that a prompt hearing is in the best interests of the Debtors, their estates, and their creditors. The Debtors have been pursuing a sale and marking process while continuing to operate in the ordinary course of business. Expedited approval of the relief requested in the Motion to Approve Stipulation will grant the Debtors additional borrowing capabilities that will in turn enable the Debtors to continue their current level of inventory purchases pending the completion of the Debtors' sale process.

14. Moreover, the Debtors believe they have already satisfied the notice required under the Final DIP Order for the requested expedited relief. In particular, the DIP Lender has executed the stipulation and agreed, subject to Court approval, to the increase for the Maximum DIP Facility Amount. The Debtors have also already contacted the U.S. Trustee and the Committee regarding the relief requested in the Motion to Approve Stipulation. Neither the U.S. Trustee nor the Committee object to the Court's entry of an order approving the Stipulation.

## Waiver of Memorandum of Law

15. Pursuant to rule 9013-2 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland, the Debtors state that, in lieu of submitting a memorandum in support of this Motion, the Debtors will rely on the grounds and authorities set forth herein.

**Notice**

16. Notice of this Motion will be given to the following parties or, in lieu thereof, to their counsel: (i) the Office of the United States Trustee for the District of Maryland; (ii) the Committee; (iii) counsel to JPMorgan Chase Bank, N.A.; and (iv) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

Dated: March 17, 2025               **SAUL EWING LLP**

By:/s/ *Jordan D. Rosenfeld*
Jordan D. Rosenfeld (MD Bar No. 13694)
1001 Fleet Street, 9th Floor
Baltimore, MD 21202
Telephone: (410) 332-8600
Email: jordan.rosenfeld@saul.com

-and-

Jeffrey C. Hampton (admitted *pro hac vice*)
Adam H. Isenberg (admitted *pro hac vice*)
Turner N. Falk (admitted *pro hac vice*)
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Email: jeffrey.hampton@saul.com
         adam.isenberg@saul.com
         turner.falk@saul.com

-and-

Mark Minuti (admitted *pro hac vice*)
Paige N. Topper (admitted *pro hac vice*)
Nicholas Smargiassi (admitted *pro hac vice*)
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
Telephone: (302) 421-6800
Email: mark.minuti@saul.com
         paige.topper@saul.com
         nicholas.smargiassi@saul.com

*Counsel for Debtors and Debtors in Possession*