```
                   UNITED STATES BANKRUPTCY COURT
                    FOR THE DISTRICT OF MARYLAND

                                       .
IN RE:                                 .    Chapter 11
                                       .
Diamond Comic Distributors,            .
Inc.,                                  .
                                       .
            Debtor.                    .    Bankruptcy #25-10308 (DER)
..............................................................

                        Baltimore, Maryland
                          March 19, 2025
                            9:34 a.m.

             BEFORE THE HONORABLE DAVID E. RICE
         UNITED STATES BANKRUPTCY COURT CHIEF JUDGE


                          TRANSCRIPT OF:

   [234]  DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING
 STIPULATION BETWEEN DEBTORS AND JPMORGAN CHASE BANK, N.A.,
    AMENDING DIP CREDIT AGREEMENT FILED BY DIAMOND COMIC
                       DISTRIBUTORS, INC.



APPEARANCES:

For The Debtor:              Paige Topper, Esq.
                             Saul Ewing, LLP
                             1001 Fleet Street-9th Fl.
                             Baltimore, MD 21202

                             Jordan Rosenfeld, Esq.
                             Saul Ewing, LLP
                             1001 Fleet Street-9th Fl.
                             Baltimore, MD 21202

For Unsecured Creditor's     Dennis J. Shaffer, Esq.
Committee:                   Tydings & Rosenberg
                             1 E. Pratt St.-Ste. 901
                             Baltimore, MD 21202
```

2

| | |
|---|---|
| For Creditor, JPMorgan Chase Bank, NA: | Jonathan W. Young, Esq.<br>Troutman Pepper Locke, LLP<br>701 8th St., NW, Ste. 500<br>Washington, DC 20001 |
| For U.S. Trustee's Office: | Gerard Vetter, Esq.<br>Office of the U.S. Trustee<br>101 W. Lombard St.-Ste. 2625<br>Baltimore, MD 21201 |
| Audio Operator: | Cherita Scott |
| Transcribing Firm: | Writer's Cramp, Inc.<br>1027 Betty Lane<br>Ewing, NJ 08628<br>609-588-8043 |

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

1      THE CLERK:  All rise.  The United States Bankruptcy
2 Court for the District of Maryland is now in session, the
3 Honorable Chief Judge David E. Rice presiding.  Please be
4 seated and come to order.  On the 9:30 Docket, calling the
5 case of <u>Diamond Comic Distributors, Inc.</u>, Case #25-10308.
6 Counsels, please identify yourselves and your clients for the
7 record.
8      MS. TOPPER:  Good morning, Your Honor.  For the
9 record, Paige Topper with Saul Ewing on behalf of the Debtors.
10 With me in the courtroom today is my colleague, Jordan
11 Rosenfeld as well.
12      THE COURT:  Good morning.
13      MR. SHAFFER:  Good morning, Your Honor.  Dennis
14 Shaffer on behalf of the Official Committee of Unsecured
15 Creditors.
16      THE COURT:  Good morning.
17      MR. VETTER:  Good morning, Your Honor.  Gerard
18 Vetter on behalf of the United States Trustee.
19      THE COURT:  Good morning to you.  Well, we're here
20 for a hastily arranged hearing on limited notice on the
21 Debtor's motion for entry of an order approving a stipulation
22 between the Debtors and JPMorgan Chase Bank, admitting the DIP
23 credit agreement, which I understand requests to increase the
24 amount of the over advance on the DIP financing by $2.5
25 million.  It's your motion, Ms. Topper.  No one has appeared

4

1  to object.  Let the record reflect that there's no one else in
2  the courtroom.  I'm not aware of anyone who has filed any
3  objections.  I've read the papers.  I note that you don't have
4  a witness.  I will tell you that I don't -- I'm not sure I
5  understand the Debtor's business basis for the exercise of its
6  business judgment to undertake this financing increase.  I
7  have some concern because I feel like the papers just repeat.
8  There's cause, the Debtor's exercised its business judgment,
9  here we are.  So perhaps you can address that for me, but
10 that's a concern that I had.  I'll turn it over to you.
11           MS. TOPPER:  Sure, thank you, Your Honor.  For the
12 record again, Paige Topper with Saul Ewing on behalf of the
13 Debtors.  Your Honor, you are correct, we are here today on a
14 motion, the motion to approve a stipulation between the
15 Debtors and JPMorgan as the Debtors' DIP lender, to amend the
16 DIP credit agreement, which does seek to increase the maximum
17 DIP facility amount by 2½ million dollars.  That would bring
18 the maximum DIP facility amount to $44.7 million.  Your Honor,
19 the basis for the stipulation was really the Debtors -- the
20 additional borrowing capabilities afforded to the Debtors in
21 that $2.5 million through the stipulation and the amendment
22 are going to allow the Debtors to continue purchasing their
23 inventory at the current levels between now and completion of
24 the sale.  The Debtors have had to, as I'm sure it will not
25 surprise the Court, enter into prepayment arrangements with a

5

1  number of their vendors, so the Debtors do have significant
2  inventory en route and in transit to their facilities, and the
3  additional 2½-million-dollar increase for the maximum DIP
4  facility amount is really to make sure that the Debtors can
5  continue purchasing the inventory as they have been in the
6  ordinary course of business, which is really to the benefit of
7  the Estates and other Creditors, because the Debtors want to
8  continue to operate in the ordinary course between now and the
9  completion of the sale process that is ongoing.
10       The motion was filed, Your Honor, on an expedited basis
11  in accordance with paragraph 8 of the final DIP order.  The
12  final DIP order does require that certain amendments to the
13  DIP documents be approved by the Court upon notice in a
14  hearing, provided that the Debtors may seek expedited relief
15  with notice to both the Office of the United States Trustee as
16  well as the Creditors Committee appointed in these cases, and
17  that is, of course, conditioned on the DIP lender's agreement
18  to the terms of the amendment.  Here JPM, the Debtors' DIP
19  lender, has agreed.  They've entered into the stipulation with
20  the Debtors and agreed to the third amendment to the DIP
21  credit agreement, of course subject to the Court's entry of
22  the order before the Court today.  The Debtors also, prior to
23  filing the motion, did contact the Office of the United States
24  Trustee and counsel for the Creditors Committee, and both
25  represented that they do not object, or confirm that they do

1  not object to entry of the relief requested today.  I will
2  confirm for the record that Debtors' counsel did not receive
3  any informal comments between the filing of the motion and
4  today's hearing, and as the Court acknowledged, there was no
5  formal objections filed on the docket.  Happy to answer any
6  questions that the Court has.
7          THE COURT:  So I don't really feel like I understand
8  why the Debtor wants to do this and why it's a proper exercise
9  of its business judgment.  We are eight days away from
10 approving the sale.  The Debtor has extensive representation
11 by lawyers and financial advisors who are well experienced in
12 bankruptcy, and somehow we have to increase this financing by
13 a very material amount on virtually no notice, and I don't
14 understand why the Debtor is in a position where it had to ask
15 for this relief on an expedited basis.  I just don't
16 understand how the Debtor is in a position where it needs to
17 make this extraordinary request at the very last minute, and
18 why it couldn't have been anticipated.
19         MS. TOPPER:  Your Honor, and I can speak a little
20 bit to that.  In the ordinary course of the Debtors' business,
21 sometimes the inventory is a little unpredictable in the
22 amounts that can be purchased, and that has to do with certain
23 vendors newly releasing products.  There have been recently
24 newly released products, and in order for the Debtors to
25 maintain the allocations that they have with those vendors and

7

1  receive their products, to then, you know, turn that into
2  revenue, the Debtors did need to expend significant funds that
3  were unexpected, given the current 13-week cash flow to
4  purchase the appropriate inventory.  And Your Honor, we do
5  believe that -- the Debtors do believe that the $2½ million
6  will allow them to continue to do so, and it accounts for sort
7  of the newly released products that have been released, or
8  that the Debtors are aware have been released.  And so the
9  Debtors would just like the additional funding to continue to
10 operate in the ordinary course of business and purchase the
11 inventory.
12            THE COURT:  Okay.  Anything else?
13            MS. TOPPER:  There's nothing further from me, Your
14 Honor.
15            THE COURT:  Okay, thank you.  Creditors Committee,
16 why are we doing this?  Does the Committee understand?
17            MR. SHAFFER:  Your Honor, I think the Committee
18 understands that on a long-term basis getting through the sale
19 and going beyond, which is something that the Committee was
20 very keen on, that this case doesn't end when the sale
21 concludes, that at this point the purchase of additional
22 inventory and keeping the business running as a going concern
23 in that fashion will result in some benefit to the Estate, by
24 having fresh inventory as we understand it.  So there were a
25 lot of discussions over the weekend between the Committee

8

1  counsel and Debtors' counsel.  We got comfortable that this is
2  the appropriate thing to do at this point.  We do recognize
3  that it is on short notice, but we're trying to keep things
4  status quo, best they can be, as we get through the sale
5  process.  So the Committee does not object to the relief
6  requested based on its understanding of where we stand now and
7  the benefit that would affect the estate by doing this as we
8  move forward through the sale and beyond.
9           THE COURT:  Okay, thank you.
10          MR. SHAFFER:  Thank you, Your Honor.
11          THE COURT:  Sir, you just entered the courtroom.
12 Would you enter your appearance, just so the record is clear.
13          MR. YOUNG:  Your Honor, good morning.  Apologies for
14 being late.  Jonathan Young on behalf of JPMorgan.
15          THE COURT:  Good morning.  No apology necessary.
16 Thank you.  Mr. Vetter?
17          MR. VETTER:  Yes, Your Honor.  So the record is
18 clear, as counsel for the Debtor represented, the U.S. Trustee
19 was consulted as the motion indicated, and based on our
20 discussions with Debtors' counsel and Committee counsel, we
21 did not have a problem with this request.  You know, we're
22 pretty -- at this stage of the case we're pretty much
23 following the lead of the Committee counsel, but we're -- we
24 have no objection to the request.
25          THE COURT:  Okay.

1          MR. VETTER:  Thank you.

2          THE COURT:  Mr. Young, does the Lender have anything
3    it wishes to add?

4          MR. YOUNG:  Your Honor, only to say that we support
5    the relief as well.  As counsel said a moment ago, I think the
6    priority in the case right now is getting through the sale
7    process.  The Debtor consulted JPMorgan, provided updated
8    budget information, and we are supportive of this being the
9    right thing to do.  So we've prepared an amendment to the DIP
10   credit agreement that implements that, and we're appreciative
11   of you hearing us on short notice.

12         THE COURT:  All right, thank you.

13         MR. YOUNG:  Thank you.

14         THE COURT:  So Ms. Topper, what is the status of the
15   sale process?  What should the Court expect?  That hearing is
16   -- as I said, I think it's eight days away.

17         MS. TOPPER:  That's correct, Your Honor.  So today
18   is in fact the deadline for bids to be submitted, so the
19   Debtors anticipate several bids to be submitted today, and we
20   will be reviewing and, in accordance with the bidding
21   procedures order, qualifying a bid on Friday in advance of an
22   auction to take place at the investment banker's offices in
23   New York on Monday with the sale hearing being next Thursday,
24   March 27th.

25         THE COURT:  Okay, thank you.  I'm going to take a

1   short recess.
2           THE CLERK:  All rise.  This Court is in recess.
3      (Recess)
4           THE CLERK:  Please remain seated and come to order.
5   The United States Bankruptcy Court for the District of
6   Maryland now resumes its regular session.
7           THE COURT:  Hello again, everyone.  During the
8   recess I've considered this matter and I am satisfied that
9   under the particular circumstances of this case and situation,
10  the stipulation should be approved.  The financing order,
11  final financing order that was entered in this case, provides
12  for an increase in debt limits such as the one sought here,
13  and expressly provides it can be done on limited notice to the
14  Committee and to the United States Trustee.  This is the
15  request the Debtor has made.  Because the Debtor -- I'm sorry,
16  because the Court has already approved the -- by final order
17  the Debtor-in-Possession financing, I'm satisfied based on the
18  representations of Debtors' counsel and Committee counsel that
19  I can find and do find that this is a proper exercise of the
20  Debtors' business judgment, and I will approve the
21  stipulation.
22      Let me make clear -- and I'm not saying anything that the
23  attorneys in this courtroom don't know already -- the
24  Bankruptcy Code contemplates the prompt, expeditious, and
25  inexpensive administration of the Bankruptcy Code by the rules

11

1    in the Code, and that already provides for expedited
2    consideration, way faster than anything that would happen
3    ordinarily in the District Court.  The Code expressly provides
4    for -- I'm sorry, the Rules expressly provide for shortening
5    time under appropriate circumstances, which I have done in
6    this and many cases.  Shortening time in the way that it was
7    requested here, in my view, is really extraordinary and isn't
8    appropriate unless we're in a situation where, you know,
9    there's a dire emergency, it's a first-day hearing, there's no
10   other alternative.  So don't expect that this is the way the
11   Court thinks that business should be conducted in the ordinary
12   course.  And I understand that the ordinary course of business
13   in Bankruptcy Court is that we need to do things
14   expeditiously.  But basically one day and no notice is not
15   something I'm really going to be comfortable with.  So if
16   you're making this request again, if you didn't have a
17   provision like the one that's in the financing order, I don't
18   think the Court would have done it.  And because of this
19   provision in the financing order, I'm satisfied that I can
20   make the finding that I have made.  But I don't want to -- I
21   think the Debtor -- if the Debtor is relying even in the
22   absence of objection or even with consent, if the Debtor is
23   relying on the Court to make a factual finding like it has
24   exercised properly its business judgment to take the
25   particular action it is requesting the Court to take, it needs

```
                                                                  12
 1   to be in Court with the evidence to present if it's necessary,
 2   and that means you need to come with your witness.  But having
 3   said all that, the stipulation will be approved.  Is there any
 4   reason why the Court can't just sign the order that was
 5   uploaded with the motion?
 6           MS. TOPPER:  No, Your Honor.
 7           THE COURT:  Okay.  Thank you.
 8           THE CLERK:  All rise.  This Court is adjourned.
 9       (Court adjourned)
10
11                        CERTIFICATION
12   I, Lewis Parham, certify that the foregoing is a correct
13   transcript from the electronic sound recording of the
14   proceedings in the above-entitled matter.
15
16
17   [signature: Lewis Parham]                    3/19/25
18
19   _____          _____
20   Signature of Transcriber                    Date
```