IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re<br><br>Diamond Comic Distributors, Inc., *et al.*,<br><br>Debtors.[1] | Case No. 25-10308 (DER)<br><br>Chapter 11<br><br>(Jointly Administered) |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES; (II) APPROVING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (III) GRANTING RELATED RELIEF**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 bankruptcy cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by and through its undersigned counsel, hereby submits this limited objection and reservation of rights (the "Objection") to the *Debtors' Motion for Entry of an Order (I) Approving the Sale of Substantially All of the Debtors' Assets and Clear of Liens, Claims, Interests and Encumbrances; (II) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* [D.I. 168] (the "Sale Motion")[2] and respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Sale Motion.

6341126.1

**PRELIMINARY STATEMENT**[3]

1.  The Committee has identified certain assets, including Alliance Assets that will be sold under the Stalking Horse Agreement (if approved as a successful bid), that are likely unencumbered—the value of which should flow to the benefit of unsecured creditors rather than to payoff unperfected, deficient, or otherwise nonexistent Prepetition Liens.  These assets include, at a minimum: (i) leasehold interests; (ii) commercial tort claims; and (iii) avoidance actions.[4]  Absent appropriate protections in any Sale Order(s), the Committee's Challenge rights would be gutted and unsecured creditors would be prejudiced to the extent that sale proceeds allocable to unencumbered assets are used to prematurely pay the Prepetition Lender.  As such, the Committee respectfully submits that any Sale Order(s) must sufficiently reserve sale proceeds allocable to any unencumbered assets or otherwise preserve the Committee's rights in connection therewith.

2.  Also, while the Committee's deadline to object to the Sale Motion was extended until today, the Successful Bidder(s) have yet to be identified, and the proposed form of Sale Order(s) remain subject to the Committee's review.[5]  As such, the Committee reserves all rights to amend or otherwise supplement this Objection and to assert any further objections to the relief sought by the Sale Motion at any time before or at the March 27, 2025 sale hearing.

---

[3] Capitalized terms used but not otherwise defined in this Preliminary Statement have the meanings ascribed to such terms in this Objection.

[4] To the extent the Debtors own registered copyrights, foreign intellectual property, and security deposits that may be transferred in connection with the Sale(s), the Committee reserves all rights with respect to same as those assets may be unencumbered.

[5] The Sale Motion states that, "[t]he Sale Order attached to this Motion is a form order because the identity of the Successful Bidder(s) for the Debtors' Assets is not yet known. The Debtors will file one or more revised Sale Orders before the Sale Hearing to reflect the Sale(s) to the Stalking Horse Bidder and/or other Successful Bidder(s), as applicable." Sale Motion, p. 1, n.2.

6341126.1

**RELEVANT BACKGROUND**

3. On January 14, 2025 (the "Petition Date"), the Debtors commenced the Chapter 11 Cases by filing voluntary petitions for relief in this Court. Pursuant to 11 U.S.C. §§ 1107(a) and 1108, the Debtors continue to operate their businesses and conduct their affairs as debtors-in-possession.

4. On January 29, 2025, the Office of the United States Trustee for the District of Maryland (the "U.S. Trustee") appointed the Committee pursuant to 11 U.S.C. § 1102(a)(1) [D.I. 90].

5. On January 21, 2025, the Debtors filed a motion [D.I. 68] (the "Bidding Procedures Motion") seeking entry of an order approving, among other things, the Debtors' proposed bidding procedures and certain bid protections in connection with the sale of substantially all of the Debtors' assets. On February 11, 2025, the Bankruptcy Court entered an order [D.I. 136] (the "Bidding Procedures Order") approving the Bidding Procedures Motion.

6. On February 19, 2025, the Court entered the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Senior Secured Financing and the Use of Cash Collateral; (II) Granting Adequate Protection; (III) Granting Liens and Superpriority Administrative Expense Claims; (IV) Modifying the Automatic Stay and (V) Granting Related Relief* [D.I. 163] (the "Final DIP Order"). Pursuant to the Final DIP Order, the Debtors stipulated to certain Prepetition Liens and granted certain Adequate Protection Liens and DIP Liens in favor of JPMorgan Chase Bank, N.A. (the "DIP Lender" or "Prepetition Lender"), subject to the Committee's right to commence (or seek standing to commence) a Challenge by April 10, 2025. The Committee is in the final stages of completing its investigation into potential Challenges, including, among other things, with respect to the validity, extent, and priority of the Prepetition Liens purportedly encumbering the Debtors' assets.[6]

---

[6] Capitalized terms used in paragraph 6 hereof but not otherwise defined herein have the meanings ascribed to such terms in the Final DIP Order.

6341126.1

- 3 -

7.  On February 21, 2025, the Debtors filed the Sale Motion, seeking entry of an order approving the sale (or sales) of substantially all of the Debtors' assets, including unencumbered assets. Indeed, the Alliance Assets that the Debtors intend to sell pursuant to Section 2.1 of the Stalking Horse Agreement include, among other things, (i) four lease agreements related to distribution and warehouse facilities; (ii) certain intellectual property and copyrights;[7] and (iii) select avoidance actions. Depending on the results of the sale process, the Debtors may seek to sell other unencumbered assets, including the Debtors' interests in other real property leases.

**LIMITED OBJECTION AND RESERVATION OF RIGHTS**

8.  The Committee objects to the Sale Motion to the extent that any proceeds resulting from the sale of unencumbered assets are used to pay down the Prepetition Lender's alleged Prepetition Liens. As noted, the Committee has already identified potential Challenges with respect to the Prepetition Lender's alleged liens on and security interests in the Debtors' assets. These assets may have significant value (especially leasehold interests related to distribution centers), and prematurely authorizing the distribution of the proceeds from the sale thereof to the Prepetition Lender would severely prejudice unsecured creditors, as the proceeds from the sale of those assets would be available for potential distribution to unsecured creditors in the event of a successful Challenge. As such, any Sale Order(s) must provide that the value allocated to any potentially unencumbered assets sold pursuant to the Stalking Horse Agreement or otherwise shall be reserved through the Challenge Period and adjudication of any Challenge which, absent a resolution with the parties, the Committee intends to bring.

9.  The Committee reserves all rights with respect to the proposed form of Sale Order(s). In addition, and particularly because the Successful Bidder(s) have not yet been

---

[7]   See note 5 *supra*.

6341126.1

- 4 -

identified[8] and the Committee's investigation into potential Challenges remains ongoing, the Committee reserves all rights to amend or supplement this Objection, and to raise further and other objections to the relief sought by the Sale Motion at any time before or at the hearing thereon.

Dated: March 21, 2025

| TYDINGS & ROSENBERG LLP | LOWENSTEIN SANDLER LLP |
|---|---|
| | Bruce S. Nathan (admitted *pro hac vice*) |
| */s/  Stephen B. Gerald* | Gianfranco Finizio (admitted *pro hac vice*) |
| Dennis J. Shaffer (MD Bar No. 25680) | Chelsea R. Frankel (admitted *pro hac vice*) |
| Stephen B. Gerald (MD Bar No. 26590) | 1251 Avenue of the Americas |
| 1 East Pratt Street, Suite 901 | New York, NY 10020 |
| Baltimore, MD 21202 | Telephone: (212) 262-6700 |
| Telephone: (410) 752-9700 | Email: bnathan@lowenstein.com |
| Email: dshaffer@tydings.com |     gfinizio@lowenstein.com |
|     sgerald@tydings.com |     cfrankel@lowenstein.com |

-and-

Michael Papandrea (admitted *pro hac vice*)
One Lowenstein Drive
Roseland, NJ 07068
Telephone: (973) 597-2500
Email: mpapandrea@lowenstein.com

*Co-counsel to the Official Committee of Unsecured Creditors*

---

[8] To the extent that, following the Auction on March 24, 2025, the Stalking Horse Bidder is not the Successful Bidder, or to the extent that there are Successful Bidders for assets not covered by the Stalking Horse Agreement, the deadline for contract counterparties to object to adequate assurance of future performance by any proposed purchaser other than the Stalking Horse Bidder should be extended.  The deadline is currently noon (ET) on March 25, 2025.  Depending on the results and length of the Auction, contract counterparties may have less than twenty-four (24) hours to object to adequate assurance of future performance, and therefore an extension of the deadline may be appropriate.

6341126.1

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 21st day of March, 2025, the foregoing limited objection and reservation of rights was served via the Court's CM/ECF filing system on the following and by first class mail on the parties identified on the attached service list:

Jan Berlage     JBerlage@GHSLLP.com, tcollins@ghsllp.com
Hugh M. (UST) Bernstein     hugh.m.bernstein@usdoj.gov
Daniel Jack Blum     jack.blum@polsinelli.com, lsuprum@polsinelli.com;delawaredocketing@polsinelli.com
Laura Skowronski Bouyea     lsbouyea@venable.com, dmdierdorff@venable.com
Thomas K. Bredar     thomas.bredar@wilmerhale.com, andrew.goldman@wilmerhale.com;benjamin.loveland@wilmerhale.com;yolande.thompson@wilmerhale.com
Andrew Brown     abrown@klestadt.com
Richard L. Costella     rcostella@tydings.com, scalloway@tydings.com
David W.T. Daniels     ddaniels@perkinscoie.com, docketnyc@perkinscoie.com;nvargas@perkinscoie.com;KMcClure@perkinscoie.com
Turner Falk     turner.falk@saul.com, tnfalk@recap.email;Veronica.Marchiondo@saul.com
Justin Philip Fasano     jfasano@mhlawyers.com, jfasano@ecf.courtdrive.com;tmackey@mhlawyers.com;hleaphart@mhlawyers.com;cmartin@mhlawyers.com;Fasano.JustinR92003@notify.bestcase.com
Ashley N Fellona     ashley.fellona@saul.com, janice.mast@saul.com
Gianfranco Finizio     gfinizio@lowenstein.com
Chelsea R Frankel     cfrankel@lowenstein.com
Stephen B. Gerald     sgerald@tydings.com
Christopher J. Giaimo     christopher.giaimo@squirepb.com, christopher.giaimo@squirepb.com;christopher-j-giaimo-6409@ecf.pacerpro.com
Zvi Guttman     zvi@zviguttman.com, zviguttman@gmail.com,zviguttman@outlook.com
Jeffrey C. Hampton     jeffrey.hampton@saul.com
Adam H Isenberg     adam.isenberg@saul.com
C. Kevin Kobbe     kevin.kobbe@us.dlapiper.com, docketing-baltimore-0421@ecf.pacerpro.com
Eric George Korphage     korphagee@whiteandwilliams.com
Jung Yong Lee     jlee@tydings.com, mhickman@tydings.com
Gary H. Leibowitz     gleibowitz@coleschotz.com, pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;lmorton@coleschotz.com
Mark Minuti     mark.minuti@saul.com, robyn.warren@saul.com
Bruce S. Nathan     bnathan@lowenstein.com
Michael Papandrea     mpapandrea@lowenstein.com
Steven Gregory Polard     steven.polard@ropers.com
Jordan Rosenfeld     jordan.rosenfeld@saul.com
Nikolaus F. Schandlbauer     nick.schandlbauer@arlaw.com, lianna.sarasola@arlaw.com
Dennis J. Shaffer     dshaffer@tydings.com,

6341126.1

scalloway@tydings.com;mhickman@tydings.com;jlee@tydings.com
Indira Kavita Sharma    indira.sharma@troutman.com,
katherine.culbertson@troutman.com;jonathan.young@troutman.com;david.ruediger@troutman.com;errol.chapman@troutman.com;toyja.kelley@troutman.com
Nicholas Smargiassi    nicholas.smargiassi@saul.com
Brent C. Strickland    bstrickland@wtplaw.com, mbaum@wtplaw.com;brent-strickland-3227@ecf.pacerpro.com
Paige Noelle Topper    paige.topper@saul.com
US Trustee - Baltimore    USTPRegion04.BA.ECF@USDOJ.GOV

                                              /s/ Stephen B. Gerald
                                              Stephen B. Gerald

**SERVICE LIST**

Katherine Culbertson
Troutman Pepper Locke LLP
111 South Wacker Drive, Suite 4100
Chicago, IL 60606

Stephanie R. Sweeney
Klestadt Winters Jureller
Southard & Stevens, LLP
200 West 41st Street 17th Fl
New York, NY 10036

Ian Winters
Klestadt Winters Jureller Southard & Ste
200 West 41st Street, 17th Fl
New York, NY 10036

David L. Ruediger
Troutman Pepper Locke LLP
111 Huntington Avenue
Boston, MA 02199

TN Dept of Revenue
c/o TN Attorney General's Office
Bankruptcy Division
PO Box 20207
Nashville, TN 37202-0207

Jonathan W. Young
Troutman Pepper Locke LLP
701 8th Street, N.W., Suite 500
Washington, DC 20001