**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | |
|---|---|
| In re<br><br>Diamond Comic Distributors, Inc., *et al.*,<br><br>Debtors.[1] | Case No. 25-10308 (DER)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br><u>**Hearing Date**</u>:<br>**April 14, 2025 at 9:30 a.m. (ET)**<br><u>**Objection Deadline**</u>:<br>**April 7, 2025** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) ESTABLISHING
CERTAIN BAR DATES FOR FILING PREPETITION CLAIMS, INCLUDING
SECTION 503(b)(9) CLAIMS, AND (II) GRANTING RELATED RELIEF,
<u>INCLUDING NOTICE AND FILING PROCEDURES</u>**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), by and through their undersigned counsel, respectfully move (the "<u>Motion</u>") as follows:

**<u>Relief Requested</u>**

1.      The Debtors respectfully seek entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Bar Date Order</u>"):

      a.      establishing May 20, 2025 as the deadline (the "<u>General Bar Date</u>") for each person or entity, other than a governmental unit, to file a proof of claim in respect of any prepetition claim against the Debtors, including, without limitation, any secured claim, unsecured claim, priority claim, or claim asserted under section 503(b)(9) of the Bankruptcy Code for goods delivered and received by the Debtors within 20 days before January 14, 2025 (the "<u>Petition Date</u>"), unless otherwise provided in this Motion;

---

[1]      The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585).  The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

b.      establishing July 14, 2025, as the deadline (the "<u>Government Bar Date</u>") by which a governmental unit must file a proof of claim in respect of a prepetition claim against the Debtors;

c.      establishing the later of (i) the General Bar Date or the Government Bar Date (as applicable) and (ii) the date that is thirty (30) days following service of an order approving rejection of an executory contract or unexpired lease of the Debtors as the deadline (the "<u>Rejection Bar Date</u>") by which an entity asserting a claim for damages against the Debtors arising from such rejection must file a proof of claim on account of such damages;

d.      establishing the later of (i) the General Bar Date or the Government Bar Date (if applicable) and (ii) the date that is thirty (30) days following service of notice of an amendment to the Debtors' schedules of assets and liabilities (the "<u>Schedules</u>") as the deadline (the "<u>Amended Schedule Bar Date</u>") for an entity whose claim is affected by such amendment to file, amend, or supplement a proof of claim with respect to such claim;

e.      approving the forms of notice to be used to inform potential creditors of the foregoing bar dates (collectively, the "<u>Bar Dates</u>");

f.      approving a proposed cover letter to current employees of the Debtors, to be included in the mailing of the Bar Date Notice to current employees;

g.      approving mailing procedures with respect to notice of the Bar Dates; and

h.      granting related relief.

## <u>Jurisdiction and Venue</u>

2.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and *Standing Order 2012-05* from the United States District Court for the District of Maryland. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    The statutory bases for the relief requested herein are sections 501, 502 and 503 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), as supplemented by Rules 2002, 3002, and 3003 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rules 3002-1 and 3003-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland (the "<u>Local Bankruptcy Rules</u>").

**Background**

4.      On January 14, 2025 (the "Petition Date"), each Debtor commenced a case under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in the chapter 11 cases.  On January 29, 2025, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee").

5.      A description of the Debtors' businesses and the reasons for commencing the chapter 11 cases are set forth in the *Declaration of Robert Gorin in Support of Chapter 11 Petitions and First Day Relief* (D.I. 20) (the "First Day Declaration") and incorporated herein by reference.

6.      On January 29, 2025, the Debtors filed and served an *Amended Notice of Chapter 11 Bankruptcy Case* (D.I. 88) (the "Notice of Commencement") on the creditor matrix established in these chapter 11 cases.  The Notice of Commencement set forth the General Bar Date and the Government Bar Date.  The Debtors file this Motion to, among other things, provide additional notice and further guidance to creditors on the procedures for submitting a proof of claim to their creditors.  For the avoidance of doubt, the General Bar Date and Government Bar Date established in the Bar Date Order shall be the same as the dates set forth in the Notice of Commencement.

7.      On February 18, 2025, the Debtors filed their Schedules and Statements of Financial Affairs.

**The Bar Dates**

8.      Bankruptcy Rule 3003(c)(3) states that the Court shall fix a time within which proofs of claim may be filed.  Bankruptcy Rule 3003(c)(2) requires a creditor whose claim is not scheduled or is scheduled as disputed, contingent, or unliquidated to file a proof of claim within

the time fixed by the Court under Bankruptcy Rule 3003(c)(3).  Additionally, Bankruptcy Rules 3003(c)(3) and 3002(c)(4) provide that the Court may fix a time for filing a claim arising from rejection of an executory contract or unexpired lease.

9.    Bankruptcy Rule 2002(a) provides that creditors are entitled to at least 21 days' notice of the time fixed for filing proofs of claim under Bankruptcy Rule 3003, and Bankruptcy Rule 2002(p) provides that a creditor with a foreign address is entitled to at least 30 days' notice of such deadline.

10.    As detailed further below, the Bar Dates comply with the applicable Bankruptcy Rules. In particular, each of the Bar Dates provides at least 30 days' notice to potential claimants, including in respect of claims arising from rejection of executory contracts or unexpired leases or claims based on amendments to the Schedules.

**A.    The General Bar Date**

11.    Consistent with the Notice of Commencement, the Debtors request that the Court establish May 20, 2025, as the General Bar Date.  The General Bar Date will be the deadline by which each person or entity, other than a governmental unit, must file a proof of claim in respect of any prepetition claim against the Debtors, including, without limitation, any secured claim, unsecured claim, priority claim, or claim asserted under section 503(b)(9) of the Bankruptcy Code for goods delivered and received by the Debtors within 20 days before the Petition Date, except as otherwise provided in this Motion.  As noted above, the General Bar Date complies with applicable Bankruptcy Rules because it provides more than 30 days' notice to potential claims, which is more than required by Bankruptcy Rules 2002(a) and 2002(p).

**B.**     **The Government Bar Date**

12.     Section 502(b)(9) of the Bankruptcy Code provides, in relevant part, that "a claim of a governmental unit shall be timely filed if it is filed before one hundred eighty (180) days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedures may provide." 11 U.S.C. § 502(b)(9).  As set forth in the Notice of Commencement, the Debtors request that the Court establish July 14, 2025, as the Government Bar Date.  The Government Bar Date will be the deadline by which any governmental unit must file a proof of claim in respect of any prepetition claim against the Debtor, including, without limitation, any secured claim, unsecured claim, priority claim, or any claim for unpaid taxes.  Because July 14, 2025, is at least 180 days after the Petition Date, the proposed Government Bar Date complies with section 502(b)(9) of the Bankruptcy Code.

**C.**     **The Rejection Bar Date**

13.     The Debtors request that the Court establish the later of (i) the General Bar Date or the Government Bar Date (if applicable) and (ii) the date that is thirty (30) days following service of an order approving rejection of an executory contract or unexpired lease of the Debtors as the Rejection Bar Date. The Rejection Bar Date will apply to any entity asserting a claim against the Debtors arising from rejection of an executory contract or unexpired lease.  As noted above, the Rejection Bar Date complies with Bankruptcy Rules 2002, 3002(c)(4) and 3003(c)(3) and Local Bankruptcy Rule 3002-1(a) because it provides thirty (30) days' notice to potential claimants, which is more than is required by the Bankruptcy Rules and is consistent with the timing set forth in Local Bankruptcy Rule 3002-1(a).

**D.        Amended Schedule Bar Date**

14.        The Debtors request that the Court establish the later of (i) the General Bar Date or the Government Bar Date (if applicable) and (ii) the date that is thirty (30) days following service of notice of an amendment to the Debtors' Schedules as the Amended Schedule Bar Date.  The Amended Schedule Bar Date will apply to any entity whose claim is affected by an amendment to the Schedules.  In particular, an entity whose claim is added or removed from the Schedules, changed in respect of amount or priority, or designated as contingent, unliquidated or disputed when it previously was not so designated, shall be given notice of the Amended Schedule Bar Date and shall be required (to the extent necessary to dispute any such amendment) to file, amend, or supplement a proof of claim by such date.  As noted above, the Amended Schedule Bar Date complies with Bankruptcy Rules 2002 and 3003(c)(3) because it provides thirty (30) days' notice to potential claimants, which is more than is required by the Bankruptcy Rules.

<u>**The Proposed Claim Filing Requirements and Procedures**</u>

**A.        Who Must File a Proof of Claim**

15.        Except as otherwise provided herein, the Debtors propose that the following persons or entities asserting claims against the Debtors arising, or deemed to arise, before the Petition Date be required to file proofs of claim by the applicable Bar Date (regardless of whether such claim is secured or unsecured, priority or nonpriority, or otherwise) if such persons or entities wish to be treated as creditors with respect to such claim for the purposes of voting and distribution in these cases:

a.    any person or entity whose claim is not listed on the Debtors' Schedules;

b.    any person or entity whose claim is listed on the Debtors' Schedules as contingent, unliquidated or disputed;

c.    any person or entity whose claim is improperly classified on the Debtors' Schedules or is listed in an incorrect amount and who desires to have its claim

allowed in a different classification or amount than identified in the applicable Schedules;

d.  any person or entity who believes that its claim against the Debtors is or may be entitled to priority under section 503(b)(9) of the Bankruptcy Code for goods delivered and received by the Debtors within 20 days before the Petition Date;

e.  any person or entity who asserts a claim arising from the rejection of executory contracts or unexpired leases of the Debtors and has not previously filed any such claim;

f.  any person or entity who asserts a claim against the Debtors arising from or related to the purchase or sale of any security of the Debtors, including, without limitation, any equity security; and

g.  any person or entity who asserts a claim arising from or relating to pending or threatened litigation against the Debtors.

**B.      Who is Not Required to File a Proof of Claim**

16.    The Debtors propose that the following persons or entities holding prepetition claims against the Debtors shall not be required to file proofs of claim:

a.  any person or entity whose claim is listed on the Schedules, if (i) the claim is not listed as contingent, unliquidated or disputed, (ii) the person or entity does not disagree with the amount, nature or priority of the claim as identified on the Schedules, and (iii) such person or entity agrees that the claim is an obligation of the specific Debtor that listed the claim in its Schedules;

b.  any person or entity who has already filed with Omni or with the Clerk of Court a signed proof of claim against the Debtors utilizing Official Form B410 or a claim form that substantially conforms to such official form, including by providing all of the information required by such form and the procedures set forth herein;

c.  any person or entity whose claim has been allowed by order of the Court entered on or before the applicable Bar Date;

d.  any person or entity whose claim has been paid in full in accordance with an order of the Court entered on or before the applicable Bar Date;

e.  any person or entity whose claim is based solely on owning an equity security in the Debtors;

f.  any director, officer or employee of the Debtors who served in such capacity at any time after the Petition Date for claims based on indemnification, contribution or reimbursement;

g.  any contract or lease counterparty whose contract or lease has been assumed or assumed and assigned by the Debtor; and

h.  any entity whose claim is solely against any of the Debtors' non-debtor affiliates.

**C.      Requirements and Procedures for Filing a Proof of Claim**

17.      The Debtors have prepared, and request that the Court approve, the customize proof of claim form (the "Claim Form") attached as **Exhibit 1** to the proposed Bar Date Order.  The Claim Form is derived from and substantially conforms to Official Form B410, but is customized for these chapter 11 cases.  In addition, with Omni's assistance, the Debtors propose to provide each creditor listed on the Debtors' Schedules with a personalized Claim Form indicating how the creditor's claim is reflected on the Schedules, including: (i) the amount of the scheduled claim, if any; (ii) whether the claim is contingent, unliquidated, or disputed; and (iii) whether the claim is listed as secured, unsecured priority or unsecured nonpriority.

18.      The Debtors propose that each proof of claim be required to meet the following minimum requirements:

a.  be submitted on the Claim Form or Official Form B410, or substantially conform to such official form;

b.  be written in the English language, denominated in U.S. dollars, specify the name and case number of the applicable Debtor (as detailed below), set forth the legal and factual bases for the claim, include supporting documentation or an explanation for why supporting documentation is not available, and be signed under penalty of perjury by the claimant or the claimant's attorney or authorized agent;

c.  if the proof of claim is for a claim asserted under section 503(b)(9) of the Bankruptcy Code, then it shall (i) include the value of the goods delivered to and received by the applicable Debtor in the twenty (20) days prior to the Petition Date; (ii) attach documentation identifying the particular invoices corresponding to the asserted claim; and (iii) attach documentation demonstrating that the goods were received by the Debtors within the 20 days preceding the Petition Date; and

    d.  specify by name the Debtor against which the claim is asserted and the corresponding case number, and if the holder asserts a claim against more than one Debtor, a separate proof of claim must be filed against each such Debtor.

        i.  If more than one Debtor is listed on the Proof of Claim Form, the Debtors will treat such claim as filed only against the first listed Debtor.

        ii.  Any claim filed under the joint administration case number of 25-10308 that does not identify a specific Debtor against which the claim is asserted shall be deemed as filed only against Diamond Comic Distributors, Inc.

19.    The Debtors further propose the following requirements for filing a proof of claim:

    a.  <u>Electronic proofs of claim</u>.  A proof of claim may be filed electronically at https://omniagentsolutions.com/DCD-Claims using the interface available after clicking the links under "Submit a Claim Online" or using the Court's website at https://www.mdb.uscourts.gov/for-attorneys/e-poc.  A claim must be submitted **<u>so as to be actually received</u>** by the Debtors' claims agent, Omni Agent Solutions, Inc. ("<u>Omni</u>") or the Court on or before the applicable Bar Date.

    b.  <u>Hardcopy proofs of claim</u>.  An original, signed copy of the proof of claim must be sent **<u>so as to be actually received</u>** by Omni on or before the applicable Bar Date at the following address:

**Diamond Comic Distributors, Inc., et al., Claims Processing**
**c/o Omni Agent Solutions, Inc.**
**5955 DeSoto Ave., Suite 100**
**Woodland Hills, CA 91367**

    c.  <u>Other methods not accepted</u>.  Proofs of claim sent by means other than as described above, including by email or fax, will not be accepted.

**<u>Consequences of Failure to Timely File a Claim</u>**

20.    Bankruptcy Rule 3003(c)(2) provides that "[a]ny creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; *any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution*."  Fed. R. Bankr. P. 3003(c)(2) (emphasis added).  Consistent with this rule, the Debtors request that the Court order that any holder of a prepetition claim,

including any claims under section 503(b)(9) of the Bankruptcy Code, that fails to file such claim in accordance with the foregoing requirements and procedures before the applicable Bar Date shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution in these cases.

### Notice of the Bar Dates

**A.     Actual Notice of Bar Dates to Known Potential Creditors**

21.     Pursuant to Bankruptcy Rule 2002(a)(7), (f), and (p), the Debtors propose to provide actual notice of the Bar Dates, in substantially the form attached as **Exhibit 2** to the proposed Bar Date Order (the "Bar Date Notice"), and the Claim Form to the following potential creditors and other parties in interest (collectively, the "Bar Date Notice Parties"):

a.  the Office of the U.S. Trustee;

b.  Counsel to the Committee;

c.  Counsel to JPMorgan Chase Bank, N.A.;

d.  All known creditors and other known holders of potential claims against the Debtors or their estates;

e.  All parties who have filed claims in these cases as of the date of entry of the Bar Date Order;

f.  All counterparties to executory contracts and unexpired leases listed on the Schedules at the addresses stated therein;

g.  All parties who have filed a request for notice in these cases pursuant to Bankruptcy Rule 2002 as of the date of entry of the Bar Date Order;

h.  All parties who have otherwise filed a document in these cases and is identified on the Court's electronic docket as of the date of entry of the Bar Date Order;

i.  All current employees of the Debtors and former employees of the Debtors who left the Debtors' employ within one year prior to the Petition date or at any time following the Petition Date through the date of entry of the Bar Date Order;

j.  All taxing authorities for jurisdictions in which the Debtors do business or did business within one year prior to the Petition Date;

    k.   The Internal Revenue Service;

    l.   The office of the attorney general for each state in which the Debtors are incorporated or operate;

    m.   All known lienholders;

    n.   All parties to litigation pending or threatened against the Debtors as of the date of entry of the Bar Date Order;

    o.   The Debtors' ordinary course professionals;

    p.   The United States Attorney General;

    q.   The civil process clerk for the United States Attorney for the District of Maryland; and

    r.   All parties included on the creditor matrix.

22.    The proposed Bar Date Notice provides notice of: (i) the Bar Dates; (ii) who must file a proof of claim on account of prepetition claim; (iii) the procedures for preparing and filing a proof of claim; (iv) the consequences of failing to timely file a proof of claim; and (v) where parties can find further information about the Debtors' chapter 11 cases. For the Debtors' current employees, in addition to the Bar Date Notice and Claim Form, the Debtors will mail a cover letter to the Bar Date Notice, in substantially the form attached as **Exhibit 4** to the Bar Date Order.

23.    Consistent with the procedures described above, the applicable Bar Dates specified in any Bar Date Notice will be at least thirty (30) days from the date the Bar Date Notice is mailed. Each potential claimant will thus receive at least thirty (30) days' notice by mail of the Bar Date that applies to their potential claim. Moreover, many, if not all, the potential claimants already received notice of the General Bar Date and Government Bar Date pursuant to the Notice of Commencement. For mailings subsequent to the initial mailing of the Bar Date Notice for the General Bar Date, the Debtors propose that they be granted authority (but not direction) to amend the Bar Date Notice to remove stale or nonessential information. For example, if the General Bar Date has passed at the time the Debtors mail notice of a Rejection Bar Date or Amended Schedule

Bar Date, the Debtors should be permitted (but not required) to remove information concerning the General Bar Date, as such date would no longer be relevant.

24.     The Debtors request that service of the Bar Date Notice in the manner described above be deemed to constitute good and sufficient notice of the Bar Dates in accordance with Bankruptcy Rule 2002(a)(7).

**B.     Publication Notice of the Bar Dates for Unknown Potential Creditors**

25.     To supplement the foregoing actual notice to known creditors and potential creditors, the Debtors propose to provide notice by publication consistent with Bankruptcy Rule 2002(l).  Fed. R. Bankr. P. 2002(l) ("The court may order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice.").  The publication notice, a copy of which is attached to the proposed Bar Date Order as **Exhibit 3**, provides the same key information as the Bar Date Notice, but for cost savings purposes omits certain provisions that are not absolutely necessary.

26.     The Debtors propose to publish the notice in *The Baltimore Sun* and the local newspaper for the locations of each of the Debtors' distribution facilities: (i) Red Lion, Pennsylvania, (ii) Fort Wayne, Indiana, (iii) Visalia, California, (iv) Round Rock, Texas, and (v) Olive Branch, Mississippi.  The forgoing publication is sufficient to provide constructive notice to unknown potential creditors of the Debtors.  The Debtors propose to publish such notice at least 21 days' prior to the General Bar Date so as to provide at least the amount of time contemplated by Bankruptcy Rule 2002(a)(7).

**Basis for Relief Requested**

27.     As discussed above, Bankruptcy Rule 3003(c)(3) requires the bankruptcy court to fix the time within which proofs of claim may be filed in a chapter 11 case.  Fed. R. Bankr. P.

3003(c)(3) ("The court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed."). Bankruptcy Rule 3003(c)(2) further requires that any claimant that asserts a claim against any of the Debtors that arose prior to the Petition Date, and that is either not scheduled or scheduled as disputed, contingent, or unliquidated, must file a proof of claim.

28.    Moreover, establishing claims bar dates enables a debtor and parties in interest to ascertain and evaluate the debtor's liabilities and, with that information, proceed to a chapter 11 plan or other disposition. *See Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995) (noting that establishing a bar date advances one of the key goals of a bankruptcy, "to secure within a limited period the prompt and effectual administration and settlement of the debtor's estate"). Without a bar date, the debtor may not be able to formulate a disclosure statement or proceed with a plan because, among other reasons, it may not be able to determine the treatment of creditors without knowing with certainty the quantum of claims. Indeed, courts typically require that a disclosure statement discuss the amount and nature of claims against the debtor. For these reasons, establishing the Bar Dates in these cases is essential to the Debtors' efforts to pursue a chapter 11 plan or other disposition of these cases.

29.    Furthermore, the proposed Bar Dates and notice procedures set forth herein fully comply with the applicable notice requirements of the Bankruptcy Code and the Bankruptcy Rules. As described in greater detail above, whereas the Bankruptcy Rules require only twenty-one (21) days' notice of a bar date, the proposed Bar Dates and notice procedures each provide at least thirty (30) days' notice of the applicable Bar Date, and in the case of the Government Bar Date, provide the time stated in section 502(b)(9) of the Bankruptcy Code.

30.    Additionally, the Debtors' proposed noticing campaign is consistent with applicable case law, which requires actual notice to "known" potential creditors. *See Chemetron*,

72 F.3d at 346. "[A] 'known' creditor is one whose identity is either known or 'reasonably ascertainable by the debtor.'" *Id.* (quoting *Tulsa Prof. Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988)). "A creditor's identity is 'reasonably ascertainable' if that creditor can be identified through 'reasonably diligent efforts.'" *Id.* (quoting *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 n. 4 (1983)). "Reasonably diligent efforts" do not require impracticable or extended searches, and a debtor does not have a duty to search out every conceivable or possible creditor. *See id.* (citations omitted). Rather, "the requisite search instead focuses on the debtor's own books and records." *Id.*

31.    For "unknown" potential creditors, publication notice generally is sufficient. *See id.* at 348. Courts recognize, however, that it "is impracticable to expect a debtor to publish notice in every newspaper a possible unknown creditor may read." *Id.* (internal quotation and citation omitted). "Publication in national newspapers is regularly deemed sufficient notice to unknown creditors . . ." *Id.* at 348–49 (citations omitted).

32.    The Debtors' noticing campaign for known and unknown potential creditors meets these criteria. The Debtors' proposed list of notice parties encompasses each of the categories of potential claimants that the Debtors believe may exist based on their books and records and current and historical operations, and thus is designed to provide notice of the Bar Dates to all potential creditors who are "reasonably ascertainable" based on the Debtors' books and records. Additionally, for "unknown" potential creditors, the Debtors' proposed notice by publication is sufficient and appropriate given the facts and circumstances of these cases.

33.    For the foregoing reasons, the Debtors submit that the Bar Dates and related noticing and procedures are consistent with the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules, and applicable law, and should therefore be approved.

## Waiver of Memorandum of Law

34.     Pursuant to rule 9013-2 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland, the Debtors state that, in lieu of submitting a memorandum in support of this Motion, the Debtors will rely on the grounds and authorities set forth herein.

## Notice

35.     Notice of this Motion will be given to the following parties or, in lieu thereof, to their counsel: (i) the Office of the United States Trustee for the District of Maryland; (ii) the Committee; (iii) counsel to JPMorgan Chase Bank, N.A.; (iv) the United States Attorney for the District of Maryland; (v) the offices of the attorneys general for the states in which the Debtors operate; (vi) the Internal Revenue Service; (vii) the Office of the Attorney General; (viii) the civil process clerk for the United States Attorney for the District of Maryland; and (ix) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

**WHEREFORE**, the Debtors respectfully request entry of the proposed Bar Date Order granting the relief requested herein and such other and further relief as the Court deems just and warranted.

Dated: March 24, 2025                    **SAUL EWING LLP**

By: */s/ Jordan D. Rosenfeld*
Jordan D. Rosenfeld (MD Bar No. 13694)
1001 Fleet Street, 9th Floor
Baltimore, MD 21202
Telephone: (410) 332-8600
Email: jordan.rosenfeld@saul.com

-and-

Jeffrey C. Hampton (admitted *pro hac vice*)
Adam H. Isenberg (admitted *pro hac vice*)
Turner N. Falk (admitted *pro hac vice*)
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Email: jeffrey.hampton@saul.com
     adam.isenberg@saul.com
     turner.falk@saul.com

-and-

Mark Minuti (admitted *pro hac vice*)
Paige N. Topper (admitted *pro hac vice*)
Nicholas Smargiassi (admitted *pro hac vice*)
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
Telephone: (302) 421-6800
Email: mark.minuti@saul.com
     paige.topper@saul.com
     nicholas.smargiassi@saul.com

*Counsel for Debtors and Debtors in Possession*