IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re:<br><br>Diamond Comic Distributors, Inc., *et al.*,[1]<br><br>Debtors. | Case No. 25-10308 (DER)<br><br>Chapter 11<br><br>(Jointly Administered) |

**STATEMENT AND RESERVATION OF RIGHTS
OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO DEBTORS' KEY EMPLOYEE INCENTIVE PROGRAM**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through its undersigned counsel, hereby files this reservation of rights (this "Reservation of Rights") in connection with the *Debtors' Motion for Entry of an Order Approving Key Employee Incentive Plan and Key Employee Retention Program* [D.I. 196] (the "KEIP Motion").[2] In support of this Reservation of Rights, the Committee respectfully states as follows:

**STATEMENT**

1. The Committee understands the importance of a motivated workforce during the Debtors' pending sale process. At the same time, the Committee also must ensure that any post-petition bonuses comport with the Bankruptcy Code and, in the case of an incentive plan, actually

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

[2] Capitalized terms used but not otherwise defined in this Objection have the meanings ascribed to such terms in the KEIP Motion.

6342380.2

incentivize employees to perform above and beyond their existing job functions. The Debtors' Key Employee Incentive Plan (the "KEIP"), as originally proposed, fell short in that regard.

2. Following the filing of the KEIP Motion, the Debtors and the Committee engaged in extensive discussions regarding the Debtors' need, during the ongoing sale process, for the KEIP participants, as well as the increased workload undertaken by the KEIP participants to maximize the value of the Debtors' assets (regardless of the unfortunate timing of the KEIP Motion). As a result of these discussions, the Committee learned that the KEIP participants are indeed critical to preserving going concern value and have been working towards maximizing the results of the Debtors' sale process since before the Petition Date. In fact, the Debtors' most important vendor relationships reside with many of the KEIP participants and are essential to the Debtors' enterprise value and sale process. Any disruption to these relationships could be value destructive for unsecured creditors, especially given that the sale process is in the final stages.

3. The Committee and the Debtors also discussed the "comps" that were used to support the KEIP Motion, how the Debtors define "value obtained" for the sale of assets in relation to the KEIP metrics,[3] and potential adjustments to the KEIP and related form of order. These arms-length, good faith discussions, which were hotly contested at times, resulted in the parties reaching an agreement in principle that, subject to documentation, would resolve the Committee's objection to the Motion.[4] The agreement would, among other things: (i) limit incentive payments in the event that the successful bid for the Alliance Game Distributors division is the Stalking Horse Bid, as-is (*i.e.*, there are no other Qualified Bids); (ii) reallocate KEIP bonuses for certain

---

[3] The Debtors have advised the Committee that "value obtained" means net cash received by the estates after accounting for all adjustments and deducts to the base purchase price.

[4] For the avoidance of doubt, the Committee does not object to paying bonuses under the Key Employee Retention Plan (the "KERP") proposed by the Debtors.

6342380.2

- 2 -

non-Alliance employees to more appropriately align with such employees' role with the Debtors;[5] (iii) confirm that "value obtained" for the asset sales in relation to the KEIP metrics means net cash received by the estates after accounting for all adjustments and deducts to the base purchase price; (iv) confirm that to the extent that any employment agreements for the KEIP participants are assumed and bonus obligations are paid in connection therewith, such participants cannot receive payments under the KEIP; (v) clarify that KEIP participants are required waive all severance claims against the Debtors' estates in exchange for receiving incentive payments (as is required for KERP Participants) and (vi) require that, following payment of any authorized amounts under the KEIP or the KERP, the Debtors shall promptly notify the Committee of such payments.

## **RESERVATION OF RIGHTS**

4.      Given these modifications and the representations that the Debtors made to the Committee regarding the importance of the KEIP participants and the additional efforts that they have expended to maximize value from the sale process, the Committee believes that the relief requested, as will be revised by the Debtors in a final form of proposed order, is appropriate.

5.      In light of the foregoing, the Committee expressly reserves all rights to the extent that the final form of proposed order is in any way inconsistent with the agreement in principle reached by the Committee and the Debtors, as set forth in this Reservation of Rights

[*Remainder of Page Intentionally Left Blank*]

---

[5] The Committee originally questioned why certain non-Alliance employees could receive bonuses for a sale of Alliance, a division that they do not primarily work for.

- 4 -

March 24, 2025

| **TYDINGS & ROSENBERG LLP** | **LOWENSTEIN SANDLER LLP** |
|---|---|
| | Bruce S. Nathan (admitted *pro hac vice*) |
| */s/ Stephen B. Gerald* | Gianfranco Finizio (admitted *pro hac vice*) |
| Dennis J. Shaffer (MD Bar No. 25680) | Chelsea R. Frankel (admitted *pro hac vice*) |
| Stephen B. Gerald (MD Bar No. 26590) | 1251 Avenue of the Americas |
| 1 East Pratt Street, Suite 901 | New York, NY 10020 |
| Baltimore, MD 21202 | Telephone: (212) 262-6700 |
| Telephone: (410) 752-9700 | Email: bnathan@lowenstein.com |
| Email: dshaffer@tydings.com | gfinizio@lowenstein.com |
| sgerald@tydings.com | cfrankel@lowenstein.com |

-and-

Michael T. Papandrea (admitted *pro hac vice*)
One Lowenstein Drive
Roseland, NJ 07068
Telephone: (973) 597-2500
Email: mpapandrea@lowenstein.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

6342380.2

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 24th day of March, 2025, the foregoing reservation of rights was served via the Court's CM/ECF filing system on the following:

- Jan Berlage    JBerlage@GHSLLP.com, tcollins@ghsllp.com
- Hugh M. (UST) Bernstein    hugh.m.bernstein@usdoj.gov
- Daniel Jack Blum    jack.blum@polsinelli.com, lsuprum@polsinelli.com;delawaredocketing@polsinelli.com
- Laura Skowronski Bouyea    lsbouyea@venable.com, dmdierdorff@venable.com
- Thomas K. Bredar    thomas.bredar@wilmerhale.com, andrew.goldman@wilmerhale.com;benjamin.loveland@wilmerhale.com;yolande.thompson@wilmerhale.com
- Andrew Brown    abrown@klestadt.com
- Richard L. Costella    rcostella@tydings.com, scalloway@tydings.com
- David W.T. Daniels    ddaniels@perkinscoie.com, docketnyc@perkinscoie.com;nvargas@perkinscoie.com;KMcClure@perkinscoie.com
- Turner Falk    turner.falk@saul.com, tnfalk@recap.email;Veronica.Marchiondo@saul.com
- Justin Philip Fasano    jfasano@mhlawyers.com, jfasano@ecf.courtdrive.com;tmackey@mhlawyers.com;hleaphart@mhlawyers.com;cmartin@mhlawyers.com;Fasano.JustinR92003@notify.bestcase.com
- Ashley N Fellona    ashley.fellona@saul.com, janice.mast@saul.com
- Gianfranco Finizio    gfinizio@lowenstein.com
- Chelsea R Frankel    cfrankel@lowenstein.com
- Stephen B. Gerald    sgerald@tydings.com
- Christopher J. Giaimo    christopher.giaimo@squirepb.com, christopher.giaimo@squirepb.com;christopher-j-giaimo-6409@ecf.pacerpro.com
- Zvi Guttman    zvi@zviguttman.com, zviguttman@gmail.com,zviguttman@outlook.com
- Jeffrey C. Hampton    jeffrey.hampton@saul.com
- Adam H Isenberg    adam.isenberg@saul.com
- Toyja E. Kelley    toyja.kelley@lockelord.com
- C. Kevin Kobbe    kevin.kobbe@us.dlapiper.com, docketing-baltimore-0421@ecf.pacerpro.com
- Eric George Korphage    korphagee@whiteandwilliams.com
- Jung Yong Lee    jlee@tydings.com, mhickman@tydings.com
- Gary H. Leibowitz    gleibowitz@coleschotz.com, pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;lmorton@coleschotz.com
- Mark Minuti    mark.minuti@saul.com, robyn.warren@saul.com
- Bruce S. Nathan    bnathan@lowenstein.com
- Michael Papandrea    mpapandrea@lowenstein.com
- Steven Gregory Polard    steven.polard@ropers.com
- Jordan Rosenfeld    jordan.rosenfeld@saul.com
- Nikolaus F. Schandlbauer    nick.schandlbauer@arlaw.com, lianna.sarasola@arlaw.com

- Elizabeth Anne Scully    escully@bakerlaw.com
- Dennis J. Shaffer    dshaffer@tydings.com, scalloway@tydings.com;mhickman@tydings.com;jlee@tydings.com
- Indira Kavita Sharma    indira.sharma@troutman.com, katherine.culbertson@troutman.com;jonathan.young@troutman.com;david.ruediger@troutman.com;errol.chapman@troutman.com;toyja.kelley@troutman.com
- Nicholas Smargiassi    nicholas.smargiassi@saul.com
- Brent C. Strickland    bstrickland@wtplaw.com, mbaum@wtplaw.com;brent-strickland-3227@ecf.pacerpro.com
- Paige Noelle Topper    paige.topper@saul.com
- US Trustee - Baltimore    USTPRegion04.BA.ECF@USDOJ.GOV

          /s/ Stephen B. Gerald
          Stephen B. Gerald