**Exhibit A**

**Revised Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc., *et al.*, | Chapter 11 |
| Debtors.[1] | (Jointly Administered) |
| | **Re: D.I. 196** |

**ORDER APPROVING THE DEBTORS' KEY EMPLOYEE INCENTIVE
PLAN AND KEY EMPLOYEE RETENTION PLAN**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order, pursuant to sections 105, 363(b), and 503(b) of the Bankruptcy Code and Bankruptcy Rule 6004, approving the KEIP and the KERP; and upon the Gorin Declaration; and upon the record of the hearing on the Motion, if any; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and this Court

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

[2] Capitalized terms used in this Order but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

having found that venue of this proceeding and the Motion in this District is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required; and this Court having found that good and sufficient cause exists for the relief granted by this Order,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED, as set forth herein.

2. The KEIP is approved in all respects as modified pursuant to this Order and Exhibit A attached to the Debtors' reply in support of the Motion (D.I. 277).

3. The KERP is approved in all respects as modified pursuant to this Order.

4. The Debtors are authorized to make payments subject to, and in accordance with, the terms of the KEIP and KERP without further order of the Court.

5. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

6. The Incentive Payment and Additional KEIP Recovery thresholds shall be based on the net cash proceeds received by the Debtors' estates for the applicable asset category.

7. If the Stalking Horse Bidder's stalking horse bid for the Alliance Assets is the only qualified bid for the Alliance Assets, the Incentive Payment amounts payable to the first two KEIP Participants listed for Alliance Game Distributors ("AGD") shall be limited to $166,375 each.

8. In order to receive a KEIP or KERP payment, KEIP Participants or KERP Participants (as applicable) must waive any claim for severance that they may have against the Debtors' estates.

9. A KEIP Participant's entitlement to an Incentive Payment from the Debtors shall be decreased on a dollar-for-dollar basis by any incentive payment contained in a KEIP

Participant's employment agreement (or equivalent to an employment agreement) that is assumed and assigned to a purchaser of the Debtors' assets.

10. If a KEIP Participant or KERP Participant voluntarily resigns (other than in connection with accepting an offer from a successful bidder in the Sale process) or is terminated for cause, thereby forfeiting his or her right to receive an Incentive Payment or Retention Payment, as applicable, then the Debtors, in their discretion after consultation with JPMorgan Chase Bank, N.A., and the Committee, may reallocate the forfeited KEIP or KERP amount to the other KEIP Participants or KERP Participants.

11. Following the payment of any amounts authorized pursuant to this Order to the KEIP Participants and the KERP Participants, the Debtors shall notify the Committee's professionals, on a professionals' eyes only basis, of such payments as soon as practicable.

12. The authorization hereunder to make payments to the KEIP Participants and KERP Participants pursuant to the KEIP and KERP shall not create any obligation on the part of the Debtors to make payments thereunder unless the KEIP Participants and KERP Participants meet the necessary conditions for payment.

13. Nothing in the Motion or this Order, or the Debtors' payment of any amounts pursuant to this Order, shall be deemed or construed as: (a) an admission as to the validity of any claim or lien against the Debtors or their estates or an undertaking, obligation, or commitment to pay claims hereunder; (b) a waiver of the Debtors' right to dispute the extent, perfection, priority, validity, or amount of any claim or lien; (c) an assumption, adoption, approval, or rejection of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (d) an admission of the priority status of any claim, whether under section 503(b)(9) of the Bankruptcy Code or otherwise; or (e) a modification of the Debtors' rights to seek relief under any section of the

Bankruptcy Code on account of any amounts owed or paid to any KEIP Participants or KERP Participants.

14. Notice of the relief requested in the Motion satisfies Bankruptcy Rule 6004(a) and, pursuant to Bankruptcy Rule 6004(h), the terms and provisions of this Order shall be immediately effective and enforceable upon its entry.

15. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

**END OF ORDER**