# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
## (Baltimore Division)

| | |
|---|---|
| In re<br><br>Diamond Comic Distributors, Inc., *et al.*,<br><br>Debtors.[1] | Case No. 25-10308 (DER)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>May 21, 2025 at 11:00 a.m. (ET)<br>**Objection Deadline:**<br>April 18, 2025 |

## SUMMARY OF APPLICATION FOR COMPENSATION OF RAYMOND JAMES & ASSOCIATES, INC., AS INVESTMENT BANKER FOR THE DEBTORS AND DEBTORS IN POSSESSION

| | |
|---|---|
| Name of Applicant: | Raymond James & Associates, Inc. |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | Effective as of January 14, 2025 by Order Signed February 10, 2025 (D.I. 126) |
| Period for which Compensation and Reimbursement is Sought: | Fee Incurred on February 19, 2025 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $150,000.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $0.00 |

This is a:    ☐ monthly    ☒ interim    ☐ final application.

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585).  The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| | | | | | |

No prior Applications have been filed.

## SUMMARY OF FEES

| Period Covered | Description | Fees | Expenses |
|---|---|---|---|
| February 2025 | DIP Financing Fee | $150,000.00 | $0.00 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re<br><br>Diamond Comic Distributors, Inc., *et al.*,<br><br>Debtors.[1] | Case No. 25-10308 (DER)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>**Hearing Date**:<br>May 21, 2025 at 11:00 a.m. (ET)<br>**Objection Deadline**:<br>April 18, 2025 |

**APPLICATION FOR COMPENSATION OF
RAYMOND JAMES & ASSOCIATES, INC., AS INVESTMENT BANKER
FOR THE DEBTORS AND DEBTORS IN POSSESSION**

Raymond James & Associates, Inc. ("Raymond James" or the "Firm"), as investment banker for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), submits this application (the "Application") for allowance of compensation in the amount of $150,000.00 for the Financing Transaction Fee (as defined below) incurred in February 2025, pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland (the "Local Bankruptcy Rules"), the *Compensation Guidelines for Professionals in the United States Bankruptcy Court for the District of Maryland* (the "Compensation Guidelines"), and this Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of*

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

*Professionals* entered on February 28, 2025 (D.I. 187) (the "Interim Compensation Procedures Order"). In support of this Application, Raymond James respectfully represents as follows:

### Jurisdiction

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order 2012-05* from the United States District Court for the District of Maryland. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Application is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The bases for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 2016 and Local Bankruptcy Rule 2016-1.

### Background

3. On January 14, 2025 (the "Petition Date"), each Debtor commenced a case under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the chapter 11 cases.

### Raymond James Retention, Services, and Compensation

4. The retention of Raymond James, as investment banker to the Debtors, was approved effective as of January 14, 2025, by this Court's *Order (I) Authorizing the Retention and Employment of Raymond James & Associates, Inc. as the Debtor's Investment Banker, Effective as of the Petition Date, and (II) Granting Related Relief* (D.I. 126) (the "Retention Order").

5. The Retention Order authorized Raymond James to be compensated for the following services (the "Services") in these chapter 11 cases:[2]

---

[2] The Engagement Letter also describes various additional services that Raymond James would provide upon reasonable request. To the extent that there is any conflict between the actual terms of the Engagement Letter or

2

      i. review and analyze the Debtors' business, operations, properties, financial condition and Interested Parties;

      ii. evaluate the Debtors' debt capacity, including by advising the Debtors generally as to available financing and assist in the determination of an appropriate capital structure;

      iii. evaluate potential Transaction alternatives and strategies;

      iv. prepare documentation within Raymond James's expertise that is required in connection with a Transaction;

      v. identify Interested Parties regarding one or more particular Transactions;

      vi. contact Interested Parties on behalf of the Debtors and with prior written consent by the Debtors, which Raymond James, after consultation with the Debtors' management, believes meet certain industry, financial, and strategic criteria and assist the Debtors in negotiating and structuring a Transaction; and

      vii. advise the Debtors as to potential Business Combination Transactions.

6. The Retention Order also approved Raymond James' compensation structure, which is summarized below:

      i. *Monthly Advisory Fee and Database Expense Amount.* Upon the execution of the Engagement Letter and on the first business day of every month thereafter during the term of the Engagement Letter, the Debtors shall pay Raymond James an amount equal to $50,000 (the "Advisory Fee"). Additionally, the Debtors will pay Raymond James a flat expense charge of $5,000 for Raymond James's access to electronic financial databases pertinent to this engagement, upon the Debtors' execution of the Engagement Letter (the "Database Expense Amount").

      ii. *Financing Transaction Fee.* If, during the Term or during the twelve (12) months following any termination of the Engagement Letter (the "Tail Period"), any Financing Transaction is agreed upon and subsequently closes (the "Financing Transaction Closing"), whether on a stand-alone basis or to consummate any other Transaction, the Debtors shall pay Raymond James immediately and directly out of the proceeds of the placement, at the Financing Transaction Closing of each Financing Transaction as a cost of sale of each Financing Transaction, a non-refundable cash transaction fee

---

the Indemnification Provisions (as such may be modified by order of the Court) and any description or summary of the same in the Application, the actual terms of the Engagement Letter or the Indemnification Provisions (as such may be modified by order of the Court) shall control, as applicable. Capitalized terms not otherwise defined herein are defined in the Engagement Letter.

(the "Financing Transaction Fee") equal to the sum of:

1) one and one-half percent (1.5%) of the Proceeds of any senior secured debt,

2) three percent (3.0%) of the Proceeds of all other debt, and

3) six percent (6.0%) of equity or equity-linked securities raised.

Notwithstanding the foregoing, in the event that the incumbent senior secured lender provides debtor-in-possession financing (the "DIP Financing"), the debtor-in-possession financing fee (the "DIP Financing Fee") shall equal $150,000, one-half of which shall be paid upon the closing of the DIP Financing and one-half of which shall be paid upon entry of a final order approving the DIP Financing and shall be fully credited against the Business Combination Transaction Fee.

iii. *Business Combination Transaction Fee.* If, during the Term or during the Tail Period, any Business Combination Transaction closes (the "Business Combination Closing" and together with any Financing Transaction Closing, each a "Closing"), regardless of when such Business Combination Closing occurs, the Debtors shall pay Raymond James immediately and directly out of the proceeds at the Business Combination Closing, as a cost of sale of such Business Combination Transaction, a non-refundable cash transaction fee (the "Business Combination Transaction Fee" and together with any Financing Fee, each a "Transaction Fee") based upon the Transaction Value. The Business Combination Transaction Fee shall be equal to the greater of (i) $1,250,000 or (ii) the sum of (A) three and one-half percent (3.5%) of Transaction Value up to $35,000,000 and (B) five percent (5.0)% of Transaction Value greater than $35,000,000.

iv. *Expense Reimbursement.* Regardless of whether a Transaction is consummated, the Debtors will reimburse Raymond James, upon the earlier of (a) thirty (30) days of the Debtors' receipt of an invoice from Raymond James or (b) the Closing of any Transaction, by wire transfer of immediately available funds via wire transfer instructions set forth in Raymond James's invoice for such amounts to the Debtors, for all expenses (including, without limitation, the fees and disbursements of its outside legal counsel) reasonably incurred by Raymond James in connection with entering into and performing the services pursuant to this Agreement ("Expenses").

## DIP Financing Fee

7. On the Petition Date, the Debtors filed the *Debtors' Motion for Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Senior Secured Financing and the Use*

4

*of Cash Collateral; (II) Granting Adequate Protection; (III) Granting Liens and Superpriority Administrative Expense Claims; (IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief* (D.I. 19) (the "DIP Motion"). On February 19, 2025, the Court granted the relief requested in the DIP Motion on a final basis (D.I. 163) (the "Final DIP Order"), which, among other things, authorizes the Debtors to obtain senior secured postpetition financing, in a maximum outstanding principal amount not to exceed $42,200,000 (the "Maximum DIP Facility Amount"), pursuant to the terms and conditions of the Final DIP Order and that certain senior secured Debtor-in-Possession Credit Agreement with JPMorgan Chase Bank, N.A. (the "DIP Lender"), dated as of January 16, 2025 (as amended, the "DIP Credit Agreement").

8. On March 19, 2025, the Court approved a stipulation between the Debtors and the DIP Lender, amending the DIP Credit Agreement to increase the Maximum DIP Facility Amount to $44,700,000.

9. In accordance with paragraph 2(b)(i) of the Engagement Agreement, Raymond James is entitled to a DIP Financing Fee in the amount of $150,000.00 because JPMorgan Chase Bank, N.A., as the Debtors' prepetition lender, provided the DIP financing in these cases. A copy of the Engagement Agreement is attached to the Retention Order and the relevant language regarding the DIP Financing Fee is set forth above in paragraph 6(ii). Attached hereto as **Exhibit A** is Raymond James' invoice for the Financing Transaction Fee.[3]

**Relief Requested**

10. By this Application, Raymond James requests that the Court approve payment of the Financing Transaction Fee in the amount of $150,000.00, and enter the proposed order substantially in the form attached hereto as **Exhibit B**.

---

[3] Exhibit A also contains a March monthly advisory fee. For the avoidance of doubt, Raymond James is not seeking payment of the March monthly advisory fee in this Application.

11. At all relevant times, Raymond James has not represented, and does not represent, any party having an interest adverse to the cases.

12. All services for which Raymond James requests compensation were performed for or on behalf of the Debtors.

13. Raymond James has received no payment and no promises for payment from any source other than from the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between Raymond James and any other person other than the employees of Raymond James for the sharing of compensation to be received for services rendered in these cases.

14. The professional services and related expenses for which Raymond James requests allowance of compensation were rendered and incurred in connection with these chapter 11 cases in the discharge of Raymond James' professional responsibilities as investment banker for the Debtors in these chapter 11 cases. Raymond James' services have been necessary and beneficial to the Debtors and their estates.

15. Moreover, Raymond James has reviewed the requirements of Local Bankruptcy Rule 2016-1, the Compensation Guidelines, and the Interim Compensation Procedures Order and believes that this Application complies with same.

**WHEREFORE**, Raymond James respectfully requests that the Court enter an order, in the form attached hereto as **Exhibit B**, providing (a) that an allowance be made to Raymond James in the sum of $150,000.00 for the Financing Transaction Fee; (b) that the Debtors are authorized to pay Raymond James the Financing Transaction Fee; and (c) for such other and further relief as may be just and proper.

| | |
|---|---|
| Dated:  April 4, 2025 | Respectfully Submitted,<br><br>RAYMOND JAMES & ASSOCIATES, INC.<br><br>*/s/ Geoffrey Richards*<br>Geoffrey Richards<br>Senior Managing Director – Investment Banking |

## **CERTIFICATION**

Geoffrey Richards hereby certifies:

a) I am a Senior Managing Director of the applicant, Raymond James & Associates, Inc.

b) I am familiar with the work performed on behalf of the Debtors by the professionals of Raymond James & Associates, Inc.

c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Local Bankruptcy Rule 2016-1, the Compensation Procedures, and the Interim Compensation Procedures Order, and submit that the Application substantially complies with same.

*/s/ Geoffrey Richards*
Geoffrey Richards