IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re: | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc., *et al.*,[1] | Chapter 11 |
| Debtors. | (Jointly Administered) |

**STIPULATION EXTENDING THE PERIOD WITHIN WHICH THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS MAY ASSERT
A CHALLENGE UNDER THE FINAL DIP ORDER**

This stipulation (the "Stipulation") is entered into as of April 10, 2025, by and among the above-captioned debtors-in-possession (the "Debtors"), the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned Chapter 11 Cases,[2] and JPMorgan Chase Bank, N.A. in its capacity as DIP Lender and Prepetition Lender ("JPM," and collectively with the Debtors and Committee, the "Parties"). The Parties have entered into this Stipulation to extend the Challenge Period under the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Senior Secured Financing and the Use of Cash Collateral; (II) Granting Adequate Protection; (III) Granting Liens and Superpriority Administrative Expense Claims; (IV) Modifying the Automatic Stay and (V) Granting Related Relief* [D.I. 163] (the "Final DIP Order"), solely with respect to the Committee, and hereby stipulate and agree as follows:

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Final DIP Order (as defined herein).

6352018.2

**WHEREAS,** on January 14, 2025, the Debtors commenced the above-captioned Chapter 11 Cases, which are being jointly administered under Case No. 25-10308 (DER);

**WHEREAS,** the Debtors have continued to manage and operate their businesses and properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code;

**WHEREAS,** January 29, 2025, the Office of the United States Trustee appointed the Committee;

**WHEREAS,** on February 19, 2025, the Court entered the Final DIP Order;

**WHEREAS,** the Final DIP Order contains certain stipulations by the Debtors with respect to, among other things, the liens and security interests held by JPM, subject to the right of certain parties-in-interest (including the Committee) to assert Challenges thereto within the Challenge Period pursuant to the terms of the Final DIP Order;

**WHEREAS,** Paragraph 21 of the Final DIP Order states that the Challenge Period Termination Date, with respect to the Committee, is April 10, 2025 or "any such later date agreed to in writing by the Debtors and the Prepetition Lender or such later date as may be ordered by the Court for cause upon a motion filed and served within the applicable period, subject to Prepetition Lender's standing objection to any extension of this deadline and right to be heard on same";

**WHEREAS,** as set forth in the *Limited Objection and Reservation of Rights of the Official Committee of Unsecured Creditors to Debtors' Motion for Entry of an Order (I) Approving the Sale of Substantially all of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances; (II) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* filed by the Committee on March 21, 2025 [D.I. 249], the Committee has identified potential Challenges with respect to the Prepetition Lender's liens on and security interests in the Debtors' assets;

6352018.2

**WHEREAS,** on April 8, 2025, the Court held a continued hearing (the "Sale Hearing") on the *Debtors' Motion for Entry of an Order (I) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances (II) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* [D.I. 168], at which the Court indicated that it was prepared to enter an order approving the sale of substantially all of the Debtors' assets to Alliance Entertainment, LLC (the "Sale"), upon the Debtors' submission of a final form of order and revised asset purchase agreement consistent with statements made on the record at the Sale Hearing; and

**WHEREAS,** in light of the anticipated closing of the Sale, as conditionally approved at the Sale Hearing, the Committee, the Debtors, and JPM have agreed to extend the Challenge Period, solely with respect to the Committee, pursuant to the terms of this Stipulation.

**NOW, THEREFORE, IT IS HEREBY AGREED THAT:**

1. The Challenge Period, solely with respect to the Committee, is hereby extended through and including the earlier of (i) the date on which the Sale approved at the Sale Hearing closes, and (ii) April 25, 2025; *provided, that* any Challenge(s) asserted by the Committee may relate solely to alleged liens, security interests, and other claims and encumbrances with respect to (a) leasehold interests, (b) commercial tort claims, (c) causes of action arising under Chapter 5 of the Bankruptcy Code and similar state or other laws, (d) directors and officers insurance policies, (d) copyrights, (e) foreign intellectual property, and/or (f) any proceeds from the foregoing (a) through (e).[3]

---

[3] For the avoidance of doubt, the Committee's filing of a Standing Motion within the Challenge Period (as modified hereby) shall further extend the Challenge Period pursuant to Paragraph 21 of the Final DIP Order.

6352018.2

2. The Final DIP Order and DIP Loan Documents (as have been or may be amended, supplemented, or otherwise modified from time to time) are hereby deemed modified solely to the extent necessary to give effect to the extension of the Challenge Period set forth herein, and otherwise remain in full force and effect. In the event of any inconsistency between this Stipulation and the Final DIP Order or any of the DIP Loan Documents or Prepetition Loan Documents, the Final DIP Order shall control in all respects except as to the extended Challenge Period Termination Date.

3. For the avoidance of doubt, nothing herein shall be deemed to extend or otherwise modify the Challenge Period with respect to any person or entity other than the Committee.

4. The extension of the Challenge Period set forth herein is without prejudice to any Party's right to seek further extensions thereof.

5. This Stipulation and the extension of the Challenge Period set forth herein shall be immediately effective and enforceable upon the execution of this Stipulation by the Debtors and JPM pursuant to Paragraph 21 of the Final DIP Order.

6. The Court shall retain jurisdiction with respect to all matters arising from or related to this Stipulation.

7. This Stipulation may be executed electronically and/or in counterparts, each of which constitutes an original, and all of which, collectively, constitute only one agreement.

[*Remainder of page intentionally left blank – signatures follow*]

April 10, 2025

**SAUL EWING LLP**

*/s/ Jordan D. Rosenfeld*
Jordan D. Rosenfeld (MD Bar No. 13694)
1001 Fleet Street, 9th Floor
Baltimore, MD 21202
Telephone: (410) 332-8600
Email: jordan.rosenfeld@saul.com

-and-

Jeffrey C. Hampton (admitted *pro hac vice*)
Adam H. Isenberg (admitted *pro hac vice*)
Turner N. Falk (admitted *pro hac vice*)
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Email: jeffrey.hampton@saul.com
adam.isenberg@saul.com
turner.falk@saul.com

-and-

Mark Minuti (admitted *pro hac vice*)
Paige N. Topper (admitted *pro hac vice*)
Nicholas Smargiassi (admitted *pro hac vice*)
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
Telephone: (302) 421-6800
Email: mark.minuti@saul.com
paige.topper@saul.com
nicholas.smargiassi@saul.com

*Counsel for Debtors and Debtors in Possession*

6352018.2

| | |
|---|---|
| **TYDINGS & ROSENBERG LLP** | **LOWENSTEIN SANDLER LLP** |
| | Bruce S. Nathan (admitted *pro hac vice*) |
| */s/ Dennis J. Shaffer* | Gianfranco Finizio (admitted *pro hac vice*) |
| Dennis J. Shaffer (MD Bar No. 25680) | Chelsea R. Frankel (admitted *pro hac vice*) |
| Stephen B. Gerald (MD Bar No. 26590) | 1251 Avenue of the Americas |
| 1 East Pratt Street, Suite 901 | New York, NY 10020 |
| Baltimore, MD 21202 | Telephone: (212) 262-6700 |
| Telephone: (410) 752-9700 | Email: bnathan@lowenstein.com |
| Email: dshaffer@tydings.com | gfinizio@lowenstein.com |
| sgerald@tydings.com | cfrankel@lowenstein.com |

-and-

Michael T. Papandrea (admitted *pro hac vice*)
One Lowenstein Drive
Roseland, NJ 07068
Telephone: (973) 597-2500
Email: mpapandrea@lowenstein.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

**TROUTMAN PEPPER LOCKE, LLP**

*/s/ Jonathan W. Young*
Jonathan W. Young (DC Bar No. 90022900, admitted *pro hac vice*)
401 9th Street, NW
Washington, DC 20004
Telephone: (202) 220-6967
Email: jonathan.young@troutman.com

*Counsel to JPMorgan Chase Bank, N.A.*

6352018.2