## Exhibit A

**Revised Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc., *et al.*, | Chapter 11 |
| Debtors.[1] | (Jointly Administered) |
| | **Re: D.I. 261** |

**ORDER (I) ESTABLISHING CERTAIN BAR DATES FOR FILING PREPETITION
CLAIMS, INCLUDING SECTION 503(b)(9) CLAIMS, AND (II) GRANTING RELATED
RELIEF, INCLUDING NOTICE AND FILING PROCEDURES**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and

debtors in possession (collectively, the "Debtors") for the entry of an order pursuant to sections

501, 502 and 503 of the Bankruptcy Code, as supplemental by Bankruptcy Rules 2002, 3002 and

3003, and Local Bankruptcy Rules 3002-1 and 3003-1, establishing certain bar dates for filing

prepetition claims in these chapter 11 cases and granting related relief, including approving the

---

[1]    The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585).  The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

[2]    Capitalized terms used but not defined herein are defined in the Motion.

form and manner of notice thereof; and it appearing that this Court has jurisdiction over the Motion

pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these chapter 11 cases and

the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that

this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that

the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and

other parties in interest; and this Court having found that the Debtors' notice of the Motion and

opportunity for a hearing on the Motion were appropriate and no other notice need be provided;

and this Court having reviewed the Motion; and this Court having determined that the legal and

factual bases set forth in the Motion establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      Unless otherwise provided in the Motion, the following Bar Dates are hereby

established in these chapter 11 cases:

   a.      May 20, 2025 as the deadline (the "General Bar Date") for each person or
   entity, other than a governmental unit, to file a proof of claim in respect of
   any prepetition claim against the Debtors, including, without limitation, any
   secured claim, unsecured claim, priority claim, or claim asserted under
   section 503(b)(9) of the Bankruptcy Code for goods delivered and received
   by the Debtors within 20 days before January 14, 2025 (the "Petition Date"),
   unless otherwise provided in this Motion;

   b.      July 14, 2025, as the deadline (the "Government Bar Date") by which a
   governmental unit must file a proof of claim in respect of a prepetition claim
   against the Debtors;

   c.      the later of (i) the General Bar Date or the Government Bar Date (as
   applicable) and (ii) 11:59 p.m. (ET) on the date that is thirty (30) days after
   the later of (A) entry of an order approving the rejection of any executory
   contracts or unexpired leases of the Debtors, or (B) the effective date of a
   rejection of any executory contract or unexpired lease of the Debtors
   pursuant to any Court order as the deadline (the "Rejection Bar Date") by
   which an entity asserting a claim for damages against the Debtors arising

from such rejection must file a proof of claim on account of such damages; and

d.     the later of (i) the General Bar Date or the Government Bar Date (if applicable) and (ii) 11:59 p.m. (ET) on the date that is thirty (30) days following service of notice of an amendment to the Debtors' schedules of assets and liabilities (the "Schedules") as the deadline (the "Amended Schedule Bar Date") for an entity whose claim is affected by such amendment to file, amend, or supplement a proof of claim with respect to such claim.

3.     The Claim Form, substantially in the form attached hereto as **Exhibit 1**, the Bar Date Notice, substantially in the form attached hereto as **Exhibit 2**, the form of publication notice of the Bar Dates, substantially in the form attached hereto as **Exhibit 3**, and the form of cover letter for the Debtors' current employees, substantially in the form attached hereto as **Exhibit 4**, are each hereby approved.

**Who Must File a Proof of Claim**

4.     Except as otherwise set forth herein, the following persons or entities asserting claims against the Debtors arising, or deemed to arise, before the Petition Date are required to file proofs of claim by the applicable Bar Date (regardless of whether such claims are secured or unsecured, priority or nonpriority, or otherwise) if such persons or entities wish to be treated as creditors with respect to such claims for the purposes of voting and distribution in these cases:

a.     any person or entity whose claim is not listed on the Debtors' Schedules;

b.     any person or entity whose claim is listed on the Debtors' Schedules as contingent, unliquidated or disputed;

c.     any person or entity whose claim is improperly classified on the Debtors' Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount than identified in the applicable Schedules;

d.     any person or entity who believes that its claim against the Debtors is or may be entitled to priority under section 503(b)(9) of the Bankruptcy Code for goods delivered and received by the Debtors within 20 days before the Petition Date;

     e.      any person or entity who asserts a claim arising from the rejection of executory contracts or unexpired leases of the Debtors and has not previously filed any such claim;

     f.      any person or entity who asserts a claim against the Debtors arising from or related to the purchase or sale of any security of the Debtors, including, without limitation, any equity security; and

     g.      any person or entity who asserts a claim arising from or relating to pending or threatened litigation against the Debtors.

**<u>Who is Not Required to File a Proof of Claim</u>**

     5.      The following persons or entities holding prepetition claims against the Debtors shall not be required to file proofs of claim:

     a.      any person or entity whose claim is listed on the Schedules, if (i) the claim is not listed as contingent, unliquidated or disputed, (ii) the person or entity agrees with the amount, nature or priority of the claim as identified on the Schedules, and (iii) such person or entity agrees that the claim is an obligation of the specific Debtor that listed the claim in its Schedules;

     b.      any person or entity who has already filed with Omni or with the Clerk of Court a signed proof of claim against the Debtors utilizing Official Form B410 or a claim form that substantially conforms to such official form, including by providing all of the information required by such form and the procedures set forth herein;

     c.      any person or entity whose claim has been allowed by order of the Court entered on or before the applicable Bar Date;

     d.      any person or entity whose claim has been paid in full in accordance with an order of the Court entered on or before the applicable Bar Date;

     e.      any person or entity whose claim is based solely on owning an equity security in the Debtors;

     f.      any director, officer or employee of the Debtors who served in such capacity at any time after the Petition Date for claims based on indemnification, contribution or reimbursement;

     g.      any contract or lease counterparty whose contract or lease has been assumed or assumed and assigned by the Debtors; and

     h.      any entity whose claim is solely against any of the Debtors' non-debtor affiliates.

**<u>Requirements and Procedures for Filing a Proof of Claim</u>**

6.     The following procedures and requirements with respect to preparing and filing proofs of claim are hereby established:

a.     proofs of claim must be submitted on the Claim Form or Official Form B410, or substantially conform to such official form;

b.     proofs of claim must be written in the English language, denominated in U.S. dollars, specify the name and case number of the applicable Debtor (as detailed below), set forth the legal and factual bases for the claim, include supporting documentation or an explanation for why supporting documentation is not available, and be signed under penalty of perjury by the claimant or the claimant's attorney or authorized agent;

c.     if a proof of claim is for a claim asserted under section 503(b)(9) of the Bankruptcy Code, then it shall (i) include the value of the goods delivered to and received by the applicable Debtor in the twenty (20) days prior to the Petition Date; (ii) attach documentation identifying the particular invoices corresponding to the asserted claim; and (iii) attach documentation demonstrating that the goods were received by the Debtors within the twenty (20) days preceding the Petition Date; and

d.     proofs of claim must specify by name the Debtor against which the claim is asserted and the corresponding case number, and if the holder asserts a claim against more than one Debtor, a separate proof of claim must be filed against each such Debtor.

  i.     If more than one Debtor is listed on the Proof of Claim Form, the Debtors will treat such claim as filed only against the first listed Debtor.

  ii.     Any claim filed under the joint administration case number of 25-10308 that does not identify a specific Debtor against which the claim is asserted shall be deemed as filed only against Diamond Comic Distributors, Inc.

e.     <u>Electronic proofs of claim</u>.  A proof of claim may be filed electronically at https://omniagentsolutions.com/DCD-Claims using the interface available after clicking the links under "Submit a Claim Online."  A claim must be submitted **<u>so as to be actually received</u>** on or before the applicable Bar Date.

    f.    <u>Hardcopy proofs of claim</u>.  An original, signed copy of the proof of claim must be sent **so as to be actually received** on or before the applicable Bar Date at the following address:

**Diamond Comic Distributors, Inc., et al., Claims Processing**
**c/o Omni Agent Solutions, Inc.**
**5955 DeSoto Ave., Suite 100**
**Woodland Hills, CA 91367**

    g.    <u>Other methods not accepted</u>.  Proofs of claim sent by means other than as described above, including by email or fax, will not be accepted.

7.    The Debtors, with assistance from Omni, will provide each creditor listed on the Debtors' Schedules with a personalized Claim Form indicating how the creditor's claim is reflected on the Schedules, including: (i) the amount of the scheduled claim, if any; (ii) whether the claim is contingent, unliquidated, or disputed; and (iii) whether the claim is listed as secured, unsecured priority, or unsecured nonpriority.

**<u>Consequences of Failure to File a Proof of Claim</u>**

8.    Pursuant to Bankruptcy Rule 3003(c)(2), any holder of a prepetition claim who is required to file but fails to file such claim in accordance with the foregoing requirements and procedures before the applicable Bar Date shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution in these cases.

**<u>Actual Notice of the Bar Dates to Known Potential Creditors</u>**

9.    Pursuant to Bankruptcy Rule 2002(a)(7), (f), and (p), the Debtors shall provide the Bar Date Notice and Claim Form to the following potential creditors and other parties in interest:

    a.    the Office of the U.S. Trustee;

    b.    Counsel to the Committee;

    c.    Counsel to JPMorgan Chase Bank, N.A.;

    d.    All known creditors and other known holders of potential claims against the Debtors or their estates;

e.      All parties who have filed claims in these cases as of the date of entry of the Bar Date Order;

f.      All counterparties to executory contracts and unexpired leases listed on the Schedules at the addresses stated therein;

g.      All parties who have filed a request for notice in these cases pursuant to Bankruptcy Rule 2002 as of the date of entry of the Bar Date Order;

h.      All parties who have otherwise filed a document in these cases and is identified on the Court's electronic docket as of the date of entry of the Bar Date Order;

i.      All current employees of the Debtors and former employees of the Debtors who left the Debtors' employ within one year prior to the Petition Date or at any time following the Petition Date through the date of entry of the Bar Date Order;

j.      All taxing authorities for jurisdictions in which the Debtors do business or did business within one year prior to the Petition Date;

k.      The Internal Revenue Service;

l.      The office of the attorney general for each state in which the Debtors are incorporated or operate;

m.      All known lienholders;

n.      All parties to litigation pending or threatened against the Debtors as of the date of entry of the Bar Date Order;

o.      The Debtors' ordinary course professionals;

p.      The United States Attorney General;

q.      The civil process clerk for the United States Attorney for the District of Maryland; and

r.      All parties included on the creditor matrix.

**<u>Publication Notice of the Bar Dates for Unknown Potential Creditors</u>**

10.      The Debtors shall publish the Bar Date Notice in *The Baltimore Sun* and the local newspaper for the locations of each of the Debtors' distribution facilities: (i) Red Lion, Pennsylvania, (ii) Fort Wayne, Indiana, (iii) Visalia, California, (iv) Round Rock, Texas, and (v)

Olive Branch, Mississippi.  The Debtors shall publish such notice at least twenty-one (21) days prior to the General Bar Date.

**<u>Additional Relief</u>**

11.    The Debtors and Omni are authorized and empowered to take such steps and perform such actions as may be necessary to implement and effectuate the terms of this Bar Date Order, including without limitation, paying of costs incurred in connection with noticing the Bar Dates.

12.    The Bar Dates and related noticing procedures granted by this Order as provided herein are fair and reasonable and consistent with the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules, and applicable law, and the noticing procedures are valid and will provide sufficient and proper notice to bind all creditors and to inform them of their rights and obligations in connection with claims they may have against the Debtors in these cases.

13.    Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon its entry.

14.    The Debtors may make corrections, additions or deletions to the Bar Date Notice and the publication notice as appropriate, including to remove stale and non-pertinent information.

15.    This Court retains jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

**END OF ORDER**

## **EXHIBIT 1**

**Proof of Claim Form**

**UNITED STATES BANKRUPTCY COURT DISTRICT OF MARYLAND**

**Fill in the information to identify the case (Select only one Debtor per form):**

☐ Diamond Comic Distributors, Inc., Case No. 25-10308 (DER)

☐ Comic Exporters, Inc., Case No. 25-10309 (DER)

☐ Comic Holdings, Inc., Case No. 25-10311 (DER)

☐ Diamond Select Toys & Collectibles, LLC, Case No. 25-10312 (DER)

Official Form 410

# Proof of Claim

12/24

Read the instructions before filling out this form. **This form is for making a claim for payment in a bankruptcy case. With the exception of claims under section 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes    From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
| --- | --- |
| Name | Name |
| Number      Street | Number      Street |
| City          State      ZIP Code | City          State      ZIP Code |
| Contact Phone _____ | Contact Phone _____ |
| Contact email _____ | Contact email _____ |

Uniform claim identifier for electronic payments in chapter 13 (if you use one)

_____

**4. Does this claim amend one already filed?**

☐ No
☐ Yes    Claim Number on court claims registry (if known) _____    Filed On _____
                                                                                                          MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes    Who made the earlier filing? _____

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |

**6. Do you have any number you use to identify the debtor?**

☐ No
☐ Yes    Last 4 digits of the debtor's account or any number you use to identify the debtor: _____

**7. How much is the claim?**

$ _____

**Does this amount include interest or other charges?**

☐ No
☐ Yes   Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information

_____

**9. Is all or part of the claim secured?**

☐ No
☐ Yes   The claim is secured by a lien on property

**Nature of property:**

☐ Real Estate   If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*
☐ Motor Vehicle
☐ Other   Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.

**Value of Property:**   $ _____

**Amount of the claim that is secured:**   $ _____

**Amount of the claim that is unsecured:**   $ _____   (The sum of the secured and unsecured amounts should match the amount in line 7).

**Amount necessary to cure any default as of the date of the petition:**   $ _____

**Annual Interest Rate:**   (when case was filed)   _____ %
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☐ No
☐ Yes   **Amount necessary to cure any default as of the date of the petition.**   $ _____

**11. Is this claim subject to a right of setoff?**

☐ No
☐ Yes   Identify the property: _____

**12. Is this claim for the value of goods received by the debtor within 20 days before the commencement date of this case (11 U.S.C. §503(b)(9))?**

☐ No
☐ Yes   Amount of 503(b)(9) Claim:   $ _____

**13. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☐ No
☐ Yes    *Check all that apply*

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).    $ _____

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).    $ _____

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).    $ _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).    $ _____

☐ Contributions to an employee benefit plan 11 U.S.C. § 507(a)(5).    $ _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.    $ _____

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:    Sign Below**

**The person completing this proof of claim must sign and date it.**
**FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
**18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am the guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____
MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name _____
First Name        Middle Name        Last Name

Title _____

Company _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
Number        Street

_____
City        State        ZIP Code

Contact Phone _____    Email _____

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                      12/24

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure  (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or go to the court's PACER system (www.pacer.psc.uscourts.gov) to view the filed form.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Do not file these instructions with your form.**

## **EXHIBIT 2**

**Bar Date Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc., *et al.*, | Chapter 11 |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF BAR DATES FOR FILING PREPETITION CLAIMS,
INCLUDING SECTION 503(b)(9) CLAIMS**

    **PLEASE TAKE NOTICE** that on January 14, 2025 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") each filed voluntary petitions in the United States Bankruptcy Court for the District of Maryland (the "Court"). On [●], 2025, the Court entered an order (the "Bar Date Order") establishing the following deadlines for filing certain prepetition claims, including section 503(b)(9) claims, in the Debtors' chapter 11 cases:

    a. **May 20, 2025,** as the deadline (the "General Bar Date") to file a proof of claim in respect of any prepetition claim against the Debtors, including, without limitation, any secured claim, unsecured claim, priority claim, or claim asserted under section 503(b)(9) of the Bankruptcy Code for goods delivered and received by the Debtors within 20 days before the Petition Date ("Section 503(b)(9) Claims"), unless otherwise provided in the Bar Date Order;

    b. **July 14, 2025**, as the deadline (the "Government Bar Date") by which a governmental unit must file a proof of claim in respect of a prepetition claim against the Debtors;

    c. the later of (i) the General Bar Date or the Government Bar Date (as applicable) and (ii) 11:59 p.m. (ET) on the date that is thirty (30) days after the later of (A) entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors, or (B) the effective date of a rejection of any executory contract or unexpired lease of the Debtors pursuant to any Court order as the deadline (the "Rejection Bar Date") by which an entity asserting a claim for damages against the Debtors arising from such rejection must file a proof of claim on account of such damages; and

    d. the later of (i) the General Bar Date or the Government Bar Date (if applicable) and (ii) 11:59 pm. (ET) on the date that is thirty (30) days following service of notice of

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

an amendment to the Debtors' schedules of assets and liabilities (the "Schedules") as the deadline (the "Amended Schedule Bar Date") for an entity whose claim is affected by such amendment to file, amend, or supplement a proof of claim with respect to such claim.

**A CLAIMANT SHOULD CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER TO FILE A PROOF OF CLAIM.**

**If you have any questions with respect to this notice, you may contact the Debtors' claims agent, Omni Agent Solutions, Inc. ("Omni") at 866-771-0556 (US & Canada toll free) and 818-639-4849 (International), or by email at DCDInquiries@OmniAgnt.com.  Please note that Omni is not permitted to give you legal advice. Omni cannot advise you how to file, or whether you should file, a Proof of Claim Form.**

**--PROCEDURES FOR SUBMITTING PROOFS OF CLAIM--**

**1.      WHO MUST FILE A PROOF OF CLAIM**

You **MUST** file a Proof of Claim if you have a claim that arose prior to the Petition Date and it is not a claim described in Section 2 below.  Acts or omissions of the Debtors that arose prior to the Petition Date may give rise to claims against the Debtors that must be filed by the applicable Bar Dates, notwithstanding that such claims may not have matured or become fixed or liquidated as of the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**2.      WHO NEED NOT FILE A PROOF OF CLAIM**

The following persons or entities are **NOT** required to file a proof of claim in accordance with the procedures set forth herein:

> a.    any person or entity whose claim is listed on the Schedules, if (i) the claim is not listed as contingent, unliquidated or disputed, (ii) the person or entity does not disagree with the amount, nature or priority of the claim as identified on the Schedules, and (iii) such person or entity agrees that the claim is an obligation of the specific Debtor that listed the claim in its Schedules;

> b.    any person or entity who has already filed with Omni or with the Clerk of Court a signed proof of claim against the Debtors utilizing Official Form B410 or a claim form that substantially conforms to such official form, including by providing all of the information required by such form and the procedures set forth herein;

c.  any person or entity whose claim has been allowed by order of the Court entered on or before the applicable Bar Date;

d.  any person or entity whose claim has been paid in full in accordance with an order of the Court entered on or before the applicable Bar Date;

e.  any person or entity whose claim is based solely on owning an equity security in the Debtors;

f.  any director, officer or employee of the Debtors who served in such capacity at any time after the Petition Date for claims based on indemnification, contribution or reimbursement;

g.  any contract or lease counterparty whose contract or lease has been assumed or assumed and assigned by the Debtor; and

h.  any entity whose claim is solely against any of the Debtors' non-debtor affiliates.

**3.    CLAIMS ARISING UNDER EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you are a party to an executory contract or unexpired lease with a Debtor and assert a claim for amounts accrued pursuant to such executory contract or unexpired lease and unpaid as of the Petition Date, you must file a proof of claim for such amounts on or before the applicable Bar Date, unless an exception in Section 2 otherwise applies.

If, in addition, you hold a claim that arises from the rejection of an executory contract or unexpired lease, you must file a proof of claim based on such rejection on or before the Rejection Damages Bar Date.

**4.    WHEN AND WHERE TO FILE A PROOF OF CLAIM**

All proofs of claim must be filed **so as to be received** on or before the applicable Bar Date at the following address:

**Diamond Comic Distributors, Inc., et al., Claims Processing**
**c/o Omni Agent Solutions, Inc.**
**5955 DeSoto Ave., Suite 100**
**Woodland Hills, CA 91367**

Proofs of claim may also be filed electronically at https://omniagentsolutions.com/DCD-Claims using the interface available after clicking the links under "Submit a Claim Online."

Proofs of claim will be deemed timely filed only if **actually received** by the Omni Claims Processing Center on or before the applicable Bar Date.  Proofs of claim may not be delivered by facsimile, telecopy, or electronic mail transmission, with the exception of proofs of claim submitted through the Omni case website, as described above.

## 5.    HOW TO FILE A PROOF OF CLAIM

Enclosed herewith is a copy of Official Form 410.  Additional copies of Official Form 410 may be obtained at https://omniagentsolutions.com/DCD.  The enclosed Proof of Claim Form may already contain information (based on the Debtors' records) including your name, address and the appropriate Debtor.  If you believe the information is incorrect, you may cross out that information and write in the correct information prior to submitting the Proof of Claim Form.

If you file a proof of claim, your filed Proof of Claim Form must (i) be in writing and signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; (ii) include supporting documentation or, if voluminous, a summary of supporting documents and an explanation as to why documentation is not available and identify where such supporting documentation may be obtained; (iii) be in English; (iv) be denominated in United States currency; and (v) conform substantially with Official Form 410.

Each proof of claim asserting a Section 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the applicable Debtor in the twenty (20) days prior to the Petition Date; (ii) attach documentation identifying the particular invoices corresponding to the asserted Section 503(b)(9) Claim; and (iii) attach documentation demonstrating that the goods were received by the Debtors within the 20 days preceding the Petition Date.

**Each Proof of Claim Form must specify the name of the Debtor against which the claim is asserted.** Any holder of a claim against more than one Debtor must file a separate proof of claim against each Debtor, and all holders of claims must identify on their proof of claim the specific Debtor against which such claim is asserted and the case number of that Debtor's bankruptcy case.  The Debtors' names and case numbers can be found at the top of the first page of the Proof of Claim Form.

Notably, if more than one Debtor is listed on a Proof of Claim Form, the Debtors will treat such claim as being filed only against the first listed Debtor.  In addition, any claim filed under the joint administration case number (No. 25-10308) that does not identify a specific Debtor against which the claim is asserted shall be deemed as filed only against Diamond Comic Distributors, Inc.

## 6.    THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed in the Schedules as the holder of a claim against the Debtors.

Interested parties may examine copies of the Schedules, the Bar Date Order and other filings in these cases free of charge at  https://omniagentsolutions.com/DCD-Claims or on the Court's electronic docket for a fee at https://ecf.pawb.uscourts.gov/ (a PACER login and password are required and can be obtained through the PACER Service Center at http://pacer.psc.uscourts.gov).  Alternatively, you may request that a copy of the Schedules be

mailed to you by contacting the Debtors' claims agent, Omni, at 866-771-0556 (US & Canada toll free) and 818-639-4849 (International), or by email at DCDInquiries@OmniAgnt.com.

If you rely on the Debtors' Schedules, it is your responsibility to determine that your claim is accurately listed in the Schedules.

As set forth above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor specified, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, if you decide to file a proof of claim, you must do so before the applicable Bar Date, in accordance with the procedures set forth in this notice.

## CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE

**Absent further order of the Court to the contrary, except with respect to the excluded claims described above,** any holder of a claim against any Debtor who receives notice of the applicable Bar Date (whether such notice was actually or constructively received) and is required, but fails, to file a proof of claim, as applicable, in accordance with the Bar Date Order on or before the applicable Bar Date shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

## RESERVATION OF RIGHTS

The Debtors reserve the right to dispute, or to assert offsets or defenses against, any claim and nothing contained in the Bar Date Order or this notice shall preclude the Debtors from objecting to any filed claim on any grounds.

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST ANY OF THE DEBTORS.**

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.**

Dated: April 11, 2025                    **SAUL EWING LLP**

By: */s/ Jordan D. Rosenfeld*
Jordan D. Rosenfeld (MD Bar No. 13694)
1001 Fleet Street, 9th Floor
Baltimore, MD 21202
Telephone: (215) 972-7883
Email: jordan.rosenfeld@saul.com

-and-

Jeffrey C. Hampton (admitted *pro hac vice*)

Adam H. Isenberg (admitted *pro hac vice*)
Turner N. Falk (admitted *pro hac vice*)
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Email: jeffrey.hampton@saul.com
       adam.isenberg@saul.com
       turner.falk@saul.com

-and-

Mark Minuti (admitted *pro hac vice*)
Paige N. Topper (admitted *pro hac vice*)
Nicholas Smargiassi (admitted *pro hac vice*)
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
Email: mark.minuti@saul.com
       paige.topper@saul.com
       nicholas.smargiassi@saul.com

*Counsel for Debtors and Debtors in Possession*

**EXHIBIT 3**

**Publication Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc., *et al.*, | Chapter 11 |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF BAR DATES FOR FILING PREPETITION CLAIMS,
<u>INCLUDING SECTION 503((b)(9) CLAIMS</u>**

**To all persons or entities with claims against the following debtors (along with their respective EIN numbers): Diamond Comic Distributors, Inc. (3450), Comic Holdings, Inc. (7457), Comic Exporters, Inc. (7458), and Diamond Select Toys & Collectibles, LLC (6585) (collectively, the "<u>Debtors</u>").** On January 14, 2025 (the "<u>Petition Date</u>"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Maryland (the "<u>Court</u>").

By order dated [●], 2025 (the "<u>Bar Date Order</u>"), the Court established claim filing deadlines as follows: (i) all persons or entities with a claim against a Debtor that arose before the Petition Date, including claims for the value of goods sold to any Debtor in the ordinary course of business and received by such Debtor within 20 days before the Petition Date, **MUST FILE A PROOF OF CLAIM** on or before **<u>May 20, 2025</u>**, and (ii) governmental units **MUST FILE A PROOF OF CLAIM** on or before **<u>July 14, 2025</u>**.  A claim must be submitted **<u>so as to be actually received</u>** on or before the applicable deadline to be deemed timely.

A claimant should consult an attorney if the claimant has any questions.  For more detailed information regarding who must file a proof of claim and the specific requirements regarding the filing of a proof of claim, or to obtain a Proof of Claim Form, you may (i) contact the Debtors' claims agent, Omni Agent Solutions, Inc. ("<u>Omni</u>"), by telephone at 866-771-0556 (US & Canada toll free) and 818-639-4849 (International), or by email at  DCDInquiries@OmniAgnt.com, (ii) contact the Debtors' attorneys, Saul Ewing LLP, Attn: Jeffrey C. Hampton (jeffrey.hampton@saul.com) or Paige N. Topper (paige.topper@saul.com) or (iii) visit the case website maintained by Omni at https://omniagentsolutions.com/DCD.  ***Please note that Omni is not permitted to give you legal advice.***  Omni cannot advise you how to file, or whether you should file, a proof of claim.

---

[1]      The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585).  The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

Interested parties may examine copies of the Schedules, the Bar Date Order and other filings in these cases free of charge at https://omniagentsolutions.com/DCD or on the Court's electronic docket for a fee at https://ecf.pawb.uscourts.gov/ (a PACER login and password are required and can be obtained through the PACER Service Center at http://pacer.psc.uscourts.gov).

**ANY PERSON OR ENTITY THAT IS REQUIRED TO TIMELY FILE A PROOF OF CLAIM BUT FAILS TO DO SO SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSE OF VOTING AND DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES.**

**<u>EXHIBIT 4</u>**

**Form of Current Employee Cover Letter**

Dear [Name]:

You are receiving this letter and enclosed legal notice because you are a current employee of either Diamond Comic Distributors, Inc. or Diamond Select Toys & Collectibles, LLC. These companies, also called the "Debtors," filed for Chapter 11 bankruptcy protection on January 14, 2025, along with certain of their affiliates.

The enclosed notice is a requirement under the U.S. Bankruptcy Code to inform you of the "Bar Date," which is simply the deadline to file a "Proof of Claim" against the Debtors. A Proof of Claim should be filed if you believe you are owed money by one or more of the Debtors.  If you do not wish to file a Proof of Claim, you do not need to do anything.

If you want to file a Proof of Claim, you must do so on or before **May 20, 2025**.  Instructions for submitting a Proof of Claim are included in the attached notice.

You can file a Proof of Claim by mail or online as follows:

File a Proof of Claim Online:

Submit your claim online at https://omniagentsolutions.com/DCD-Claims using the interface available after clicking the links under "Submit a Claim Online."

File a Proof of Claim by Mail:

Complete the enclosed Proof of Claim form and mail it to:

Diamond Comic Distributors, Inc., et al., Claims Processing
c/o Omni Agent Solutions, Inc.
5955 DeSoto Ave., Suite 100
Woodland Hills, CA 91367

Note: A mailed Proof of Claim form must be received on or before **May 20, 2025**.

You may wish to speak with an attorney regarding these matters. If you have any questions regarding this notice, you can email DCDInquiries@OmniAgnt.com or call at 866-771-0556 (US & Canada toll free) and 818-639-4849 (International).  Please note that neither the Debtors nor their claims and noticing agent can provide legal advice as to whether you have a claim.

Sincerely,

Robert Gorin
Chief Restructuring Officer