# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
# (Baltimore Division)

| | |
|---|---|
| In re | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc., *et al.*, | Chapter 11 |
| Debtors.¹ | (Jointly Administered) |

### DEBTORS' MOTION FOR ENTRY OF ORDER APPROVING SECOND STIPULATION BETWEEN DEBTORS AND JPMORGAN CHASE BANK, N.A., AMENDING DIP CREDIT AGREEMENT

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their undersigned counsel, respectfully move (the "Motion") and state as follows:

### Relief Requested

1. The Debtors respectfully seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), approving that certain stipulation (the "Second Stipulation"), dated April 11, 2025, between the Debtors and JPMorgan Chase Bank, N.A. (the "DIP Lender"), amending the DIP Credit Agreement to allow for an increase in the Maximum DIP Facility Amount (each as defined below) by $3,000,000, from $44,700,000.00 to $47,700,000. The Stipulation is attached as Exhibit 1 to the Proposed Order. In support of this Motion, the Debtors rely on and incorporate by reference the declaration of Robert Gorin, attached hereto as **Exhibit B** (the "Gorin Declaration").

---

¹ The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

**Jurisdiction and Venue**

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and *Standing Order 2012-05* from the United States District Court for the District of Maryland. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) and 364 of Title 11 of the United States Code (the "Bankruptcy Code").

**Background**

4. On January 14, 2025 (the "Petition Date"), each Debtor commenced a case under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the chapter 11 cases. On January 29, 2025, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee").

5. A description of the Debtors' businesses and the reasons for commencing the chapter 11 cases are set forth in the *Declaration of Robert Gorin in Support of Chapter 11 Petitions and First Day Relief* (D.I. 20) and incorporated herein by reference.

6. On February 19, 2025, the Bankruptcy Court entered the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Senior Secured Financing and the Use of Cash Collateral; (II) Granting Adequate Protection; (III) Granting Liens and Superpriority Administrative Expense Claims; (IV) Modifying the Automatic Stay; and (V) Granting Related Relief* (D.I. 163) (the "Final DIP Order"). Among other things, the Final DIP Order authorizes the Debtors to obtain senior secured postpetition financing, in a maximum outstanding principal

amount not to exceed $42,200,000 (the "Maximum DIP Facility Amount"), pursuant to the terms and conditions of the Final DIP Order and that certain senior secured Debtor-in-Possession Credit Agreement, dated as of January 16, 2025 (as amended by that certain First Amendment to Debtor-in-Possession Credit Agreement, dated as of February 11, 2025, and that certain Second Amendment to Debtor-in-Possession Credit Agreement dated as of February 25, 2025, and that certain Third Amendment to the Debtor-in-Possession Credit Agreement dated as of March 19, 2025, the "DIP Credit Agreement").

7. In relevant part, the Final DIP Order provides that certain amendments to the DIP Credit Agreement, including any increase to the aggregate commitment thereunder, constitute "Material DIP Facility Amendments" and require further Court approval, provided that "the Debtors and the DIP Lender shall have the right to seek approval from the Court of any proposed Material DIP Facility Amendment on an expedited basis with notice to the Committee and the United States Trustee, conditioned upon the DIP Lender having agreed to the terms of such Material DIP Facility Amendment." *See* Final DIP Order ¶ 8.

8. On, March 17, 2025, the Debtors filed a motion seeking approval of a stipulation between the Debtors and the DIP Lender to amend the DIP Credit Agreement to increase the Maximum Amount by $2,500,000, from $42,200,000 to $44,700,000 (the "First Stipulation"). *See* D.I. 234. On March 19, 2025, the Court granted the Debtors' motion to approve the First Stipulation, thereby increasing the Maximum DIP Facility Amount under the DIP Credit Agreement to $44,700,000.

9. The First Stipulation allowed enabled the Debtors to continue purchasing inventory at the anticipated levels in the ordinary course of business. Moreover, the First Stipulation

contemplated the completion of the Debtors' sale process with a projected closing date of April 10, 2025.

10. The sale process culminated in a hearing held on April 7 and 8, 2025 (the "Sale Hearing"). At the conclusion of the Sale Hearing, the Debtors announced that they reached an agreement with Alliance Entertainment, LLC ("Alliance") to sell substantially all of the Debtors' assets to Alliance for a purchase price significantly above the stalking horse bid in these cases.

11. On April 11, 2025, the Court entered an order approving the sale of the Debtors' asset to Alliance. *See* D.I. 335. Under the terms of the asset purchase agreement with Alliance, as approved by the Court, the anticipated sale closing date is now April 25, 2025.

12. As stated on the record at the Sale Hearing and set forth in the Gorin Declaration, the Debtors require additional funding in order to continue purchasing inventory at the anticipated levels until the April 25th closing date. The additional funding will effectively bridge the gap from the original closing date to the new closing date of April 25, 2025, and will allow the Debtors to continue to maintain their operations in the ordinary course, as the Debtors are required to do under the terms of the asset purchase agreement with Alliance.

## Basis for Relief Requested

13. The Debtors have exercised sound and reasonable business judgment in deciding to enter into the Second Stipulation and amend the DIP Credit Agreement. Provided that an agreement to obtain postpetition credit is consistent with the provisions of, and policies underlying, the Bankruptcy Code, courts grant a debtor considerable deference in exercising its sound business judgment in obtaining such credit. *See, e.g.*, *In re L.A. Dodgers LLC*, 457 B.R. 308, 313 (Bankr. D. Del. 2011) ("[C]ourts will almost always defer to the business judgment of a debtor in the selection of the lender."); *In re Barbara K. Enters., Inc.*, No. 08-11474, 2008 WL 2439649, at *14

(Bankr. S.D.N.Y. June 16, 2008) ("[Courts generally] defer to a debtor's own business judgment so long as a request for financing does not 'leverage the bankruptcy process' and unfairly cede control of the reorganization to one party in interest.") (internal citation omitted); *In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 40 (Bankr. S.D.N.Y. 1990) ("[C]ases consistently reflect that the court's discretion under section 364 [of the Bankruptcy Code] is to be utilized on grounds that permit [a debtor's] reasonable business judgment to be exercised so long as the financing agreement does not contain terms that leverage the bankruptcy process and powers or its purpose is not so much to benefit the estate as it is to benefit a party-in-interest.").

14. Courts emphasize that the business judgment rule is not an onerous standard and may be satisfied "as long as the proposed action appears to enhance the debtor's estate." *Crystalin, LLC v. Selma Props. Inc. (In re Crystalin, LLC)*, 293 B.R. 455, 463–64 (B.A.P. 8th Cir. 2003) (quoting *Four B. Corp. v. Food Barn Stores, Inc. (In re Food Barn Stores, Inc.)*, 107 F.3d 558, 566 n.16 (8th Cir. 1997) (internal alterations and quotations omitted)); *In re Pittsburgh Sports Assocs. Holdings Co.*, 239 B.R. 75, 87 (Bankr. W.D. Pa. 1999). Courts require only that the debtors "show that a sound business purpose justifies such actions." *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999) (citations omitted).

15. This Court has already found that the Debtors' entry into the DIP Credit Agreement was a sound exercise of the Debtors' business judgment. *See* Final DIP Order ¶ H ("Based on the Motion, the First Day Declaration, and the record presented to the Court at the Interim and Final Hearings, the terms of the DIP Credit Agreement, the DIP Order and the DIP Loan Documents are fair and reasonable, reflect the Debtors' exercise of their prudent business judgment consistent with their fiduciary duties, and constitute reasonably equivalent value and fair consideration."); *see also id.* at ¶ L. This Court has further found that the Debtors have met the conditions necessary

under section 364(d)(1) of the Bankruptcy Code to obtain postpetition financing on a senior secured and superpriority basis. *See id.* at ¶¶ F & K(ii). Furthermore, this Court has already approved the First Stipulation.

16. Under the circumstances, the Debtors' decision to stipulate to an increase in the Maximum DIP Facility Amount is a sound exercise of their business judgment. The additional borrowing capabilities provided to the Debtors through the Second Stipulation will enable the Debtors to continue their current level of inventory purchases to the benefit of their estates, creditors and parties in interest and will support the Debtors' continued business operations through the new anticipated sale closing date of April 25, 2025. Moreover, the incremental increase in the Maximum DIP Facility Amount is well justified in light of the purchase price the Debtors will realize upon the sale closing.

## Waiver of Memorandum of Law

17. Pursuant to rule 9013-2 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland, the Debtors state that, in lieu of submitting a memorandum in support of this Motion, the Debtors will rely on the grounds and authorities set forth herein.

## Notice

18. Consistent with paragraph 8 of the Final DIP Order, notice of this Motion will be given to the following parties or, in lieu thereof, to their counsel: (i) the Office of the United States Trustee for the District of Maryland; (ii) the Committee; (iii) counsel to JPMorgan Chase Bank, N.A.; and (iv) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

**WHEREFORE**, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court deems just and warranted.

Dated: April 14, 2025

**SAUL EWING LLP**

By: */s/ Jordan D. Rosenfeld*
Jordan D. Rosenfeld (MD Bar No. 13694)
1001 Fleet Street, 9th Floor
Baltimore, MD 21202
Telephone: (410) 332-8600
Email: jordan.rosenfeld@saul.com

-and-

Jeffrey C. Hampton (admitted *pro hac vice*)
Adam H. Isenberg (admitted *pro hac vice*)
Turner N. Falk (admitted *pro hac vice*)
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Email: jeffrey.hampton@saul.com
       adam.isenberg@saul.com
       turner.falk@saul.com

-and-

Mark Minuti (admitted *pro hac vice*)
Paige N. Topper (admitted *pro hac vice*)
Nicholas Smargiassi (admitted *pro hac vice*)
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
Telephone: (302) 421-6800
Email: mark.minuti@saul.com
       paige.topper@saul.com
       nicholas.smargiassi@saul.com

*Counsel for Debtors and Debtors in Possession*