## Exhibit B

## Gorin Declaration

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
# (Baltimore Division)

| | |
|---|---|
| In re | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc., *et al.*, | Chapter 11 |
| Debtors.[1] | (Jointly Administered) |

## DECLARATION OF ROBERT GORIN IN SUPPORT OF DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING SECOND STIPULATION BETWEEN DEBTORS AND JPMORGAN CHASE BANK, N.A., AMENDING DIP CREDIT AGREEMENT

I, Robert Gorin, hereby declare as follows:

1. I am the co-Chief Restructuring Officer ("CRO") of the above-captioned debtors and debtors in possession (collectively, the "Debtors").[2] I have been engaged as CRO of Diamond Comic Distributors, Inc. ("DCD"), since July 17, 2024, and before that provided financial advisory services to DCD since March 7, 2024. I was more recently appointed Co-CRO of the other Debtors herein. Through such capacities, I am generally familiar with the Debtors' day-to-day operations, business and financial affairs, and books and records. I am submitting this Declaration in support of the *Debtors' Motion for Entry of an order Approving Second Stipulation Between Debtors and JPMorgan Chase Bank, N.A., Amending DIP Credit Agreement* (the "Second Stipulation").

2. I am a Managing Director at Getzler Henrich & Associates LLC ("Getzler Henrich") and lead Getzler Henrich's consumer products practice. I have more than thirty years of business strategy and turnaround experiences, as well as extensive experience advising insolvent

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

[2] I serve as co-CRO with my colleague, William H. Henrich, co-chairman of Getzler Henrich (as defined above).

companies in turnaround and crisis situations and navigating such companies through turnaround, process design and improvements, and merger and acquisition processes. I have frequently been involved in complex matters requiring expertise in corporate turnarounds and operational analysis.

3. Except as otherwise indicated, the statements set forth in this declaration are based upon my personal knowledge, information learned from my review of relevant documents, information supplied to me from other members of the Debtors' management or the Debtors' advisors, or my opinion based on my knowledge, experience and information concerning the Debtors' operations and financial condition. I am authorized to submit this declaration on behalf of the Debtors. If called to testify, I could and would testify competently to the matters set forth in this declaration.

4. As the Court is well aware, the Debtors filed these chapter 11 cases to conduct a sale process for all or substantially all the Debtors' assets. The sale process culminated in a hearing on April 7 and 8, 2025 (the "<u>Sale Hearing</u>"). At the conclusion of the Sale Hearing, the Debtors announced that they reached an agreement with Alliance Entertainment, LLC ("<u>Alliance</u>") to sell substantially all of the Debtors' assets to Alliance.

5. On April 11, 2025, the Court entered an order approving the sale of the Debtors' asset to Alliance. Under the terms of the asset purchase agreement with Alliance, as approved by the Court, the anticipated sale closing date is now April 25, 2025.

6. The Debtors require additional funding in order to maintain existing levels of inventory until the new closing date. The additional funding will effectively bridge the gap from the original closing date to the new closing date of April 25, 2025, and will allow the Debtors to continue to maintain their operations in the ordinary course, as the Debtors are required to do under

-3-

the terms of the asset purchase agreement with Alliance. I believe that the additional funding is necessary to ensure the Debtors have sufficient liquidity through the sale closing to Alliance.

7. Based on the Debtors' need for the additional funding, I believe that the terms of the Second Stipulation are appropriate and the Debtors' entry into the Second Stipulation represents a sound exercise of the Debtors' business judgment. I further believe that the Second Stipulation is in the best interests of the Debtors' estates and their creditors.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: April 14, 2025

Respectfully submitted,

*/s/ Robert Gorin*
Robert Gorin
Chief Restructuring Officer