**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc., *et al.*, | Chapter 11 |
| Debtors.¹ | (Jointly Administered) |
| | Re: D.I. 340 |

**DEBTORS' MOTION TO SHORTEN NOTICE OF THE DEBTORS' MOTION FOR ENTRY OF ORDER APPROVING SECOND STIPULATION BETWEEN DEBTORS AND JPMORGAN CHASE BANK, N.A., AMENDING DIP CREDIT AGREEMENT**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), having filed contemporaneously the *Debtors' Motion for Entry of an Order Approving Second Stipulation Between Debtors and JPMorgan Chase Bank, N.A., Amending DIP Credit Agreement* (D.I. 340) (the "Motion to Approve Stipulation"), respectfully submit this motion (the "Motion to Shorten"), pursuant to sections 102(1) and 105 of title 11 of the United States Code (the "Bankruptcy Code"), rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rules 9006-1 and 9013-6 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland (the "Local Bankruptcy Rules"), for entry of an order shortening the time for notice of the hearing to consider the Motion to Approve Stipulation so that such motion may be considered by the Court at a hearing on April 17, 2025, at 2:00 p.m. (ET), with any objections to the Motion to Approve Stipulation to be filed on or before April 16, 2025 (the "Proposed Objection Deadline"). In support of this Motion to Shorten, the Debtors respectfully represent as follows:

---

¹ The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

55409950.2

**Relief Requested**

1. The Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, shortening notice of the hearing to consider the Motion to Approve Stipulation so that the motion can be considered on April 17, 2025, at 2:00 p.m. (ET), with any objections to the Motion to Approve Stipulation be filed on April 16, 2025.

**Jurisdiction and Venue**

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and *Standing Order 2012-05* from the United States District Court for the District of Maryland. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 102(1) and 105 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9006 and Local Bankruptcy Rules 9006-1 and 9013-6.

**Background**

4. On January 14, 2025 (the "Petition Date"), the Debtors each commenced a case under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the chapter 11 cases. On January 29, 2025, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee").

5. A description of the Debtors' businesses and the reasons for commencing the chapter 11 cases are set forth in the *Declaration of Robert Gorin in Support of Chapter 11 Petitions and First Day Relief* (D.I. 20) and incorporated herein by reference.

6. On February 19, 2025, the Bankruptcy Court entered the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Senior Secured Financing and the Use of Cash Collateral; (II) Granting Adequate Protection; (III) Granting Liens and Superpriority Administrative Expense Claims; (IV) Modifying the Automatic Stay; and (V) Granting Related Relief* (D.I. 163) (the "Final DIP Order").

7. Among other things, the Final DIP Order authorizes the Debtors to obtain senior secured postpetition financing, in a maximum outstanding principal amount not to exceed $42,200,000 (the "Maximum DIP Facility Amount"), pursuant to the terms and conditions of the Final DIP Order and that certain senior secured Debtor-in-Possession Credit Agreement, dated as of January 16, 2025 (as amended by that certain First Amendment to Debtor-in-Possession Credit Agreement, dated as of February 11, 2025, and that certain Second Amendment to Debtor-in-Possession Credit Agreement dated as of February 25, 2025, and that certain Third Amendment to the Debtor-in-Possession Credit Agreement dated as of March 19, 2025, the "DIP Credit Agreement").

8. In relevant part, the Final DIP Order provides that certain amendments to the DIP Credit Agreement, including any increase to the aggregate commitment thereunder, constitute "Material DIP Facility Amendments" and require further Court approval, provided that "the Debtors and the DIP Lender shall have the right to seek approval from the Court of any proposed Material DIP Facility Amendment on an expedited basis with notice to the Committee and the United States Trustee, conditioned upon the DIP Lender having agreed to the terms of such Material DIP Facility Amendment." *See* Final DIP Order ¶ 8.

9. On, March 17, 2025, the Debtors filed a motion seeking approval of a stipulation between the Debtors and the DIP Lender to amend the DIP Credit Agreement to increase the

Maximum Amount by $2,500,000, from $42,200,000 to $44,700,000 (the "First Stipulation"). *See* D.I. 234. On March 19, 2025, the Court granted the Debtors' motion to approve the First Stipulation, thereby increasing the Maximum DIP Facility Amount under the DIP Credit Agreement to $44,700,000.

10. The First Stipulation allowed enabled the Debtors to continue purchasing inventory at the anticipated levels in the ordinary course of business. Moreover, the First Stipulation contemplated the completion of the Debtors' sale process with a projected closing date of April 10, 2025.

11. The sale process culminated in a hearing held on April 7 and 8, 2025 (the "Sale Hearing"). At the conclusion of the Sale Hearing, the Debtors announced that they reached an agreement with Alliance Entertainment, LLC ("Alliance") to sell substantially all of the Debtors' assets to Alliance for a purchase price significantly above the stalking horse bid in these cases.

12. On April 11, 2025, the Court entered an order approving the sale of the Debtors' asset to Alliance. *See* D.I. 335. Under the terms of the asset purchase agreement with Alliance, as approved by the Court, the anticipated sale closing date is now April 25, 2025.

13. As stated on the record at the Sale Hearing, the Debtors require additional funding on an expedited basis in order to continue purchasing inventory at the anticipated levels until the April 25th closing date. Without expedited relief and access to additional funding, the Debtors will be unable to maintain their operations in the ordinary course. To that end, and as detailed in the Motion to Approve Stipulation, the Debtors and JPMorgan Chase Bank, N.A. (the "DIP Lender") have agreed to amend the DIP Credit Agreement to allow for an additional increase in the Maximum DIP Facility Amount of $3,000,000, for an amended Maximum DIP Facility Amount of $47,700,000.

**Basis for Relief Requested**

14. Section 102(1) of the Bankruptcy Code provides that the phrase "after notice and hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances." 11 U.S.C. § 102(1). Section 105(a) of the Bankruptcy Code, in turn, authorizes the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

15. Pursuant to Bankruptcy Rule 9006(c), "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). In exercising such discretion, the court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Phila. Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting the commonality of such motions "given the accelerated time frame of bankruptcy proceedings").

16. Local Bankruptcy Rule 9006-1 provides that all motions be served at least twenty-one days before the hearing date. Md. L. Bankr. R. 9006-1. However, Local Bankruptcy Rule 9013-6 permits a movant to shorten notice with respect to any motion, provided that "the movant shall file contemporaneously a separate motion requesting that the Court shorten the time within which responses may be filed and/or requesting that the Court set an expedited hearing." Md. L. Bankr. R. 9013-6.

17. The Debtors submit that good cause exists to warrant expedited consideration of the Motion to Approve Stipulation, and that a prompt hearing is in the best interests of the Debtors, their estates, and their creditors. The Debtors' sale process culminated in the Sale hearing on April 7 and April 8, 2025. At the conclusion of the Sale Hearing, the Debtors announced that they reached an agreement with Alliance to sell substantially all of the Debtors' assets to Alliance. At

that time, the Debtors and Alliance agreed to an anticipated sale closing date of April 25, 2025, which is 15 days later than the original anticipated sale closing date.

18. The Debtors stated on the record at the Sale Hearing that the Debtors would require additional funding in order to continue purchasing inventory at the anticipated levels until the April 25th closing date. The Debtors further stated that such funding would need to be approved on an expedited basis given the timing between the sale hearing and the anticipated closing date. After the Sale Hearing, the Debtors worked as expeditiously as possible to prepare an updated budget and enter into a stipulation with the DIP Lender to amend the DIP Credit Agreement. Expedited approval of the relief requested in the Motion to Approve Stipulation will bridge the gap from the original closing date to the new closing date, and will allow the Debtors to continue to maintain their operations in the ordinary course, as the Debtors are required to do under the terms of the asset purchase agreement with Alliance.

19. Moreover, the Debtors do not believe that any parties in interest will be prejudiced by the relief requested in this Motion to Shorten. In particular, the DIP Lender has executed the stipulation and agreed, subject to Court approval, to the increase for the Maximum DIP Facility Amount. The Debtors also publicly announced that the Motion to Approve Stipulation would be forthcoming at the Sale Hearing, and the Committee and Office of the United States Trustee, as well as other parties in interest, will have an opportunity to object to the relief requested in the Motion to Approve Stipulation.

**<u>Waiver of Memorandum of Law</u>**

20. Pursuant to rule 9013-2 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland, the Debtors state that, in lieu of submitting a

memorandum in support of this Motion, the Debtors will rely on the grounds and authorities set forth herein.

### Notice

21. Notice of this Motion will be given to the following parties or, in lieu thereof, to their counsel: (i) the Office of the United States Trustee for the District of Maryland; (ii) the Committee; (iii) counsel to JPMorgan Chase Bank, N.A.; and (iv) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

Dated: April 14, 2025

**SAUL EWING LLP**

By: /s/ *Jordan D. Rosenfeld*
Jordan D. Rosenfeld (MD Bar No. 13694)
1001 Fleet Street, 9th Floor
Baltimore, MD 21202
Telephone: (410) 332-8600
Email: jordan.rosenfeld@saul.com

-and-

Jeffrey C. Hampton (admitted *pro hac vice*)
Adam H. Isenberg (admitted *pro hac vice*)
Turner N. Falk (admitted *pro hac vice*)
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Email: jeffrey.hampton@saul.com
    adam.isenberg@saul.com
    turner.falk@saul.com

-and-

Mark Minuti (admitted *pro hac vice*)
Paige N. Topper (admitted *pro hac vice*)
Nicholas Smargiassi (admitted *pro hac vice*)
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
Telephone: (302) 421-6800
Email: mark.minuti@saul.com
    paige.topper@saul.com
    nicholas.smargiassi@saul.com

*Counsel for Debtors and Debtors in Possession*

55409950.2