```
                   UNITED STATES BANKRUPTCY COURT
                    FOR THE DISTRICT OF MARYLAND

                                       .
  IN RE:                               .     Chapter 11
                                       .
  Diamond Comic Distributors,          .
  Inc.,                                .
                                       .
            Debtor.                    .     Bankruptcy #25-10308 (DER)
  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

                         Baltimore, Maryland
                           April 17, 2025
                             2:03 p.m.

                 BEFORE THE HONORABLE DAVID E. RICE
             UNITED STATES BANKRUPTCY COURT CHIEF JUDGE


                            TRANSCRIPT OF:

  [340]  MOTION DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING
  SECOND STIPULATION BETWEEN DEBTORS AND JPMORGAN CHASE BANK,
  N.A., AMENDING DIP CREDIT AGREEMENT FILED BY DIAMOND COMIC
  DISTRIBUTORS, INC


   APPEARANCES:

   For The Debtor:              Paige N. Topper, Esq.
                                Saul Ewing, LLP
                                1001 Fleet Street-9th Fl.
                                Baltimore, MD 21202

                                Jordan Rosenfeld, Esq.
                                Saul Ewing, LLP
                                1201 North Market St.-Ste. 2300
                                Wilmington, DE 19899

   For Unsecured Creditor's     Dennis J. Shaffer, Esq.
   Committee:                   Tydings & Rosenberg
                                1 E. Pratt St.-Ste. 901
                                Baltimore, MD 21202
```

2

| | |
|---|---|
| For Creditor: JPMorgan Chase Bank, NA: | Jonathan W. Young, Esq.<br>Troutman Pepper Locke, LLP<br>701 8th St., NW, Ste. 500<br>Washington, DC 20001 |
| Audio Operator: | Cherita Scott |
| Transcribing Firm: | Writer's Cramp, Inc.<br>1027 Betty Lane<br>Ewing, NJ 08628<br>609-588-8043 |

**Proceedings recorded by electronic sound recording, transcript produced by transcription service.**

3

## Index

|  | Direct | Cross | Redirect | Recross | Further Redirect |
|---|---|---|---|---|---|

**Witnesses For The Debtor:**

**Witnesses For The Creditor's Committee:**

| EXHIBITS: | | Marked | Received |
|---|---|---|---|
| D | Declaration of Mr. Gorin | 6 | 6 |

**SUMMATION BY:**

4

1    THE CLERK:  All rise.  The United States Bankruptcy
2    Court for the District of Maryland is now in session, the
3    Honorable Chief Judge David E. Rice presiding.  Please be
4    seated and come to order.  On the 2 o'clock Docket, calling
5    the case of <u>Diamond Comic Distributors, Inc.</u>, Case #25-10308.
6    Counsels, please identify yourselves and your clients for the
7    record.
8            MS. TOPPER:  Good afternoon, Your Honor.  For the
9    record, Paige Topper with Saul Ewing on behalf of the Debtors.
10   With me in the courtroom today is my colleague, Jordan
11   Rosenfeld.  We also have in the courtroom today the Debtor's
12   co-Chief Restructuring Officer, Mr. Robert Gorin.
13           THE COURT:  Good afternoon to all of you.
14           MR. YOUNG:  Your Honor, good afternoon.  Jonathan
15   Young, Troutman Pepper Locke.  I represent JPMorgan, the DIP
16   lender.
17           THE COURT:  Good afternoon.
18           MR. SHAFFER:  Good afternoon, Your Honor.  Dennis
19   Shaffer of Tydings & Rosenberg on behalf of the Official
20   Committee of Unsecured Creditors.
21           THE COURT:  Good afternoon. Well, Ms. Topper, we're
22   here today -- let me say a few things before we start.  We're
23   here today for a hearing on the Debtor's motion seeking
24   approval of another stipulation increasing the Debtor-in-
25   Possession Credit Agreement that the Debtor has with JPMorgan.

1   We're here on short notice.  I reviewed the Docket; I saw no
2   objections having been filed.  Are you aware of any objections
3   having been filed, or raised by anyone?
4           MS. TOPPER:  No, Your Honor, the Debtors have not
5   received any either informal comments or formal objections to
6   the motion.
7           THE COURT:  All right, and the record should reflect
8   that there is no one present today, as far as I can tell -- is
9   there anyone here who wishes to object to the Debtors' motion?
10          ALL:  (No verbal response).
11          THE COURT:  Let the record reflect that there is no
12  one.  I just wanted to say that it might appear to an outsider
13  who just walked into this proceeding that it might be
14  considered unusual for the Court to have approved shortening
15  notice for a several-million-dollar increase in Debtor-in-
16  Possession financing on just a very few days' notice.  But Ms.
17  Topper, if I am remembering correctly, when we were last here
18  on approval of the sale, the Debtor made clear that it
19  intended to seek this relief.  We set today's hearing and
20  indicated at the time that notice would be shortened.  Am I
21  remembering that correctly?
22          MS. TOPPER:  Yes, that's correct, Your Honor.  It
23  was publicly announced on the record at the sale hearing on
24  April 8th.
25          THE COURT:  Okay.  So the Debtors filed a motion; no

6

1   one has objected.  It's your client's motion; proceed however
2   you wish, ma'am.
3           MS. TOPPER:  Thank you, Your Honor.  So as the Court
4   noted, we are here today just on the Debtors' motion to
5   approve a second stipulation between the Debtors and JPMorgan,
6   the DIP lender in these cases, to amend the DIP Credit
7   Agreement.  The Debtors and the DIP lender have agreed to
8   amend the DIP Credit Agreement to increase the maximum DIP
9   facility amount to 47,700,000, and that reflects an increase
10  of $3 million.  Your Honor, I will note that in support of the
11  Debtors' motion, the Debtors did file a Declaration of the
12  Debtors' co-Chief Restructuring Officer, Mr. Gorin.  I would
13  request now that the Court admit the Declaration into
14  evidence.  Mr. Gorin is present in the courtroom and available
15  for cross examination and to answer any questions if
16  necessary.
17      (Debtor's Exhibit previously marked for identification)
18          THE COURT:  All right.  Hearing no objections, it is
19  so admitted.
20      (Debtor's Exhibit admitted into evidence)
21          MS. TOPPER:  Thank you, Your Honor.  As the Court
22  noted, at the sale hearing last week, the Debtors did preview
23  this motion on the record, and that is in part because when
24  finalizing the terms of the Asset Purchase Agreement with
25  Alliance Entertainment, the parties agreed to an anticipated

1  closing date of April 25th, which is 15 days later than the
2  original closing date of April 10th that was reflected in the
3  Debtors' bidding procedures as well as the stalking horse APA.
4  Following the entry of the Sale Order last week, Your Honor,
5  the Debtors have been diligently working toward the sale
6  closing, still targeting April 25th.  The new sale closing
7  deadline does mean that the Debtors require additional funds
8  to effectively bridge the gap to the new closing date.  In
9  particular and as stated in Mr. Gorin's Declaration in support
10 of the motion, the additional funding is necessary for the
11 Debtors to continue purchasing inventory at the anticipated
12 levels between now and April 25th when the sale is expected to
13 close.  That's not to say, Your Honor, that the Debtors will
14 necessarily use all the additional funds, but the Debtors do
15 require access to those funds, given the unpredictability of
16 when vendors may release new products.  So should, you know,
17 key vendors release new products between now and the closing
18 date, the Debtors are obligated to purchase, as they would in
19 the ordinary course, and that requirement and obligation is
20 set forth in §6.1 of the Alliance APA.  The additional
21 funding, Your Honor, will benefit the Debtors' Estates as well
22 as their Creditors, because it will allow the Debtors to
23 essentially get to the closing on a sale that does maximize
24 value of the Debtors' Estates, as well as the benefit of the
25 Creditors of these cases.  Under the circumstances, the

1   Debtors represent that it's -- they've exercised their
2   business judgment to stipulate to an increase in the maximum
3   DIP facility amount, and I've already noted, Your Honor, that
4   there were no informal comments or formal objections to the
5   relief requested today.  So unless the Court has any
6   questions, we would respectfully request entry of the Order
7   approving the second stipulation.
8           THE COURT:  All right.  Let me ask, is anyone
9   wishing to have the witness called to the witness stand for
10  the purpose of cross examination?
11          ALL:  (No verbal response).
12          THE COURT:  There is no such request.  All right.  I
13  have no questions for the witness, so thank you for that.  Is
14  there anything else that anyone else wishes to say in
15  connection with the motion?
16          MR. YOUNG:  Your Honor, Jonathan Young again on
17  behalf of JPMorgan, the DIP lender.  Only to briefly note that
18  we're supportive of the relief.  We did this once before; Your
19  Honor will recall on March 19th when we increased the maximum
20  facility amount the first time.  And the reason is
21  straightforward, Your Honor.  We're trying to bridge to a
22  closing and this needs to be a closing of an operating
23  business with fully stocked cupboards, and this is the way the
24  inventory flows such that the additional borrowing is needed.
25  We think the Debtor has managed those levels appropriately.

1  We're comfortable with the increase, and like everybody else
2  in the room, we're excited to get to a closing which we hope
3  and expect will be on the 25th.  So we'd support the relief
4  requested, Your Honor.
5          THE COURT:  All right, thank you.  Mr. Shaffer?  As
6  some of us old-fashioned bankruptcy lawyers would say, it's
7  your client's money.
8          MR. SHAFFER:  Yes, it is, Your Honor, and I think
9  we're in a much better position now than we ever thought we
10 would be at the beginning of this case.  So the Committee does
11 support the requested amendment to increase the DIP facility
12 by $3 million as noted.  We agree, we believe it's necessary
13 for that funding to be available so that we can bridge the gap
14 until we get to a closing, which is, as I understand, on
15 schedule to be for April 25th, end of next week.  So fingers
16 crossed, but we are supportive of the request of the Debtors
17 today.  I think it is in their business judgment that has been
18 exercised appropriately, and hopefully we'll be here on other
19 matters once we get beyond the sale at some point.  But so far
20 so good in this case.
21         THE COURT:  All right.
22         MR. SHAFFER:  Thank you, Your Honor.
23         THE COURT:  Thank you.  Ms. Topper, I am satisfied
24 that under the circumstances, there being no objection, and
25 based upon the evidence that's been presented that the

1  additional DIP interim financing should be approved, and I
2  will enter an Order doing so.  Is there any reason why I
3  shouldn't just sign the order that's already been uploaded
4  with the motion?
5          MS. TOPPER:  No, Your Honor, that Order is -- hasn't
6  changed and is fine to sign.
7          THE COURT:  All right.  Well, we will take a look at
8  that right away.  Thank you.
9          MS. TOPPER:  Great.  Thank you, Your Honor.
10         THE CLERK:  All rise.  This Court is adjourned.
11     (Court adjourned)
12
13                     CERTIFICATION
14 I, Lewis Parham, certify that the foregoing is a correct
15 transcript from the electronic sound recording of the
16 proceedings in the above-entitled matter.
17
18
19 *Lewis Parham* (signature)                    4/17/25
20
21 _____          _____
22 Signature of Transcriber                   Date