## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re | Bankruptcy Case: 25-10308-DER |
| **DIAMOND COMIC DISTRIBUTORS,** *et al*, | Chapter 11<br>(Jointly Administered) |
| Debtors | |

### THE UNITED STATES TRUSTEE'S
### MOTION TO CONVERT TO CHAPTER 7 OR DISMISS CASE

Matthew W. Cheney, Acting United States Trustee for Region Four, which includes the District of Maryland, Baltimore Division (the "United States Trustee"), in furtherance of the administrative responsibilities imposed pursuant to 28 U.S.C. § 586(a), respectfully requests that this Court enter an Order, pursuant to 11 U.S.C. §1112(b), converting to Chapter 7 or dismissing the above-referenced case.

In support thereof, the U.S. Trustee represents as follows:

### BACKGROUND

1.    On January 14, 2025, Diamond Comic Distributors, Comic Holdings, Inc., Comic Exporters, Inc., and Diamond Select Toys & Collectibles, LLC (collectively "Diamond"), filed voluntary petitions under Chapter 11 of the Bankruptcy Code, and have since acted as debtors-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

2.    Diamond has not filed any Monthly Operating Reports since commencing this case.  Monthly Operating Reports for January, February and March are now

outstanding and overdue.

3.      As described more fully below, cause exists pursuant to 11 U.S.C. §§ 1112(b) for the conversion or dismissal of this case.

## ARGUMENT

4.      Section 1112(b) of the Bankruptcy Code generally requires that once "cause" is established the Court must take one of three actions: (1) dismiss a Chapter 11 case, (2) convert it to Chapter 7, or (3) appoint a Chapter 11 trustee.  11 U.S.C. §1112(b); *In re Landmark Atlantic Hess Farm, LLC,* 448 B.R. 707, 712 (Bankr. D. Md. 2011).  Which of the three actions should be taken is determined by the best interests of the creditors and the estate.  *Id.*

5.      In determining which of the three remedies is appropriate, the Court is to consider only the best interests of the creditors and the estate.  The interest of the debtor is not a factor to be considered.  *Lakefront Investors, LLC, v. Clarkson*, 484 B.R. 72, 84-86 (D. Md. 2012).

6.      If the moving party establishes "cause," the debtor (or other party-in-interest opposing the motion) can avoid conversion, dismissal, or the appointment of a trustee only by showing:

      i.    "unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate";

      ii.    a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a

reasonable period of time; and

    iii.    the grounds for converting or dismissing the case include an act or omission of the debtor (a) for which there exists a reasonable justification, and (b) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. 1112(b)(2).[1]

7.    The Code provides 16 examples of "cause."  11 U.S.C. § 1112(b)(4).  The list, however, is non-exhaustive and, thus, various non-identified acts or failure to act may also constitute cause.  *In re Skeen, Goldman, LLP*, No. 07-10535-JS, 2007 WL 4556683 at *4 (Bankr. D. Md., Dec. 20, 2007); *In re AmeriCERT, Inc.*, 360 B.R. 398, 401 (Bankr. D.N.H. 2007).

8.    Pursuant to 11 U.S.C. §§704(8), 1106(a)(1), 1107(a), and Federal Rule of Bankruptcy Procedure 2015, Chapter 11 debtors-in-possession are required to file Monthly Operating Reports with the court and the U.S. Trustee on a monthly basis.

9.    The failure to file Monthly Operating Reports constitutes "cause," pursuant to 11 U.S.C. § 1112(b), for the conversion or dismissal of this case.  *See Landmark Atlantic*, 448 B.R. at 716-17; *In re All Denominational New Church*, 268 B.R. 536, 538 (8th Cir. BAP 2001); *In re William Steiner, Inc.*, 139 B.R. 356, 358 (Bankr. D.Md. 1992); *see also* 11 U.S.C. § 1112(b)(4)(F) ("cause" includes the "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case

---

[1] Where the "cause" shown is the "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation," conversion, dismissal or appointment of a trustee is required and the exceptions set forth in this paragraph do not apply.  11 U.S.C. § 1112(b)(2)(B).

under this chapter").  As one bankruptcy court explained:

> Monthly operating reports "are much more than busy work imposed upon a Chapter 11 debtor for no other reason than to require it do something."  They are "the life blood" of chapter 11, enabling creditors to keep tabs on the debtor's post-petition operations.  Failure to file them -- and to file them timely -- is a serious breach of the debtor's fiduciary obligations and "undermines the Chapter 11 process."  It is well established, consequently, that a debtor's failure to submit monthly operating reports is "cause" to convert the case or dismiss it.

*In re Rey*, Case Nos. 04-B-35040, 04-B-22548, 06-B-4487, 2006 WL 2457435 at *8 (Bankr. N.D. Ill. Aug. 21, 2006) (citations omitted); *see also In re Tornheim*, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995) ("[r]efusal or inability to provide financial disclosure [through monthly operating reports] sounds the death knell of a chapter 11 case").

10.    Diamond has not filed any Monthly Operating Reports since commencing this case.  Monthly Operating Reports for January, February and March are now outstanding and overdue.

## Local Rule 9013 Statements

11.    The United States Trustee submits that no novel issue of law is presented with respect to the matters contained herein.  Accordingly, pursuant to Local Bankruptcy Rule 9013-2, the United States Trustee states that he is not filing a memorandum of law in support of this motion and relies solely on the grounds and authorities set forth herein

## RELIEF REQUESTED

WHEREFORE, the U.S. Trustee respectfully requests that this Court enter an Order:

(1)     Granting this Motion;

(2)     Dismissing this case, or in the alternative, convert the case to a case under Chapter 7 of the Bankruptcy Code; and

(3)     Granting such other and further relief as is just and proper.

Respectfully submitted,

Matthew W. Cheney
Acting United States Trustee, Region 4

Date: April 28, 2025

By: /s/ *Hugh M. Bernstein*
Hugh M. Bernstein (Fed. Bar No. 23489)
United States Department of Justice
101 West Lombard Street, Suite 2625
Baltimore, Maryland 21201
(410) 962-4300
hugh.m.bernstein@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that, on this 28th day of April, 2025, according to the Court's ECF records, electronic notice of this motion should be provided to the following persons:

- **Hugh M. (UST) Bernstein**    hugh.m.bernstein@usdoj.gov
- **Daniel Jack Blum**    jack.blum@polsinelli.com, lsuprum@polsinelli.com;delawaredocketing@polsinelli.com
- **Thomas K. Bredar**    thomas.bredar@wilmerhale.com, andrew.goldman@wilmerhale.com;benjamin.loveland@wilmerhale.com;yolande.thompson@wilmerhale.com
- **Andrew Brown**    abrown@klestadt.com
- **Richard L. Costella**    rcostella@tydings.com, scalloway@tydings.com
- **David W.T. Daniels**    ddaniels@perkinscoie.com, docketnyc@perkinscoie.com;nvargas@perkinscoie.com;KMcClure@perkinscoie.com
- **Turner Falk**    turner.falk@saul.com, tnfalk@recap.email;Veronica.Marchiondo@saul.com
- **Justin Philip Fasano**    jfasano@mhlawyers.com, jfasano@ecf.courtdrive.com;tmackey@mhlawyers.com;hleaphart@mhlawyers.com;cmartin@mhlawyers.com;Fasano.JustinR92003@notify.bestcase.com
- **Ashley N Fellona**    ashley.fellona@saul.com, janice.mast@saul.com
- **Gianfranco Finizio**    gfinizio@lowenstein.com
- **Chelsea R Frankel**    cfrankel@lowenstein.com
- **Stephen B. Gerald**    sgerald@tydings.com
- **Zvi Guttman**    zvi@zviguttman.com, zviguttman@gmail.com,zviguttman@outlook.com
- **Jeffrey C. Hampton**    jeffrey.hampton@saul.com
- **Adam H Isenberg**    adam.isenberg@saul.com
- **C. Kevin Kobbe**    kevin.kobbe@us.dlapiper.com, docketing-baltimore-0421@ecf.pacerpro.com
- **Eric George Korphage**    korphagee@whiteandwilliams.com
- **Jung Yong Lee**    jlee@tydings.com, mhickman@tydings.com
- **Gary H. Leibowitz**    gleibowitz@coleschotz.com, pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;lmorton@coleschotz.com
- **Mark Minuti**    mark.minuti@saul.com, robyn.warren@saul.com
- **Bruce S. Nathan**    bnathan@lowenstein.com
- **Michael Papandrea**    mpapandrea@lowenstein.com
- **Steven Gregory Polard**    steven.polard@ropers.com
- **Jordan Rosenfeld**    jordan.rosenfeld@saul.com
- **Dennis J. Shaffer**    dshaffer@tydings.com, scalloway@tydings.com;mhickman@tydings.com;jlee@tydings.com
- **Indira Kavita Sharma**    indira.sharma@troutman.com, katherine.culbertson@troutman.com;jonathan.young@troutman.com;david.ruediger@troutman.com;errol.chapman@troutman.com;toyja.kelley@troutman.com
- **Nicholas Smargiassi**    nicholas.smargiassi@saul.com

- **Brent C. Strickland    bstrickland@wtplaw.com, mbaum@wtplaw.com;brent-strickland-3227@ecf.pacerpro.com**
- **Paige Noelle Topper    paige.topper@saul.com**
- **US Trustee - Baltimore    USTPRegion04.BA.ECF@USDOJ.GOV**

And that further notice is being provided to all required parties by Omni Agent Solutions, Inc.

/s/ *Hugh M. Bernstein*
Hugh M. Bernstein