IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc., *et al.*, | Chapter 11 |
| Debtors.[1] | (Jointly Administered) |
| | Re: D.I. 136 & 168 |

**DEBTORS' MOTION FOR ENTRY OF ORDERS AUTHORIZING THE
SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS TO
THE BACK-UP BIDDERS PURSUANT TO THE BIDDING PROCEDURES ORDER**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their undersigned counsel, respectfully move (the "Motion") as follows:

**Relief Requested**

1.  The Debtors respectfully request entry of orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, (collectively, the "Proposed Sale Orders") authorizing the sale of substantially all of the Debtors' assets to the Back-Up-Bidders (as defined below) pursuant to the Bid Procedures Order (as defined below).

**Jurisdiction and Venue**

2.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and *Standing Order 2012-05* from the United States District Court for the District of Maryland. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

**Background**

3. On January 14, 2025 (the "Petition Date"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the chapter 11 cases. On January 29, 2025, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee").

4. A description of the Debtors' businesses and the reasons for commencing the chapter 11 cases are set forth in the *Declaration of Robert Gorin in Support of Chapter 11 Petitions and First Day Relief* [D.I. 20] and incorporated herein by reference.

5. On February 11, 2025 the court entered the *Order (I) Authorizing and Approving Bidding Procedures for the Sale of All or Substantially All of the Debtors' Assets, (II) Approving Bid Protections, (III) Scheduling an Auction and a Sale Hearing, (IV) Approving the Form and Manner of Notice Thereof, (V) Establishing Notice and Procedures of Assumption and Assignment of Certain Executory Contracts and Leases, and (VI) Granting Related Relief* [D.I. 136] (the "Bid Procedures Order"). On February 21, 2025, the Debtors filed the *Debtors' Motion for Entry of an Order (I) Approving the Sale of Substantially all of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances; (II) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* [D.I. 168].

6. Consistent with the Bid Procedures Order, the Debtors held an auction (the "Auction") on March 24 and 25, 2025. Following the Auction, the Debtors filed the *Notice of Designation of Successful Bidder and Back-Up Bidder* [D.I. 270] identifying Alliance Entertainment, LLC ("Alliance") as the successful bidder and a combination of Universal

Distribution, LLC, ("Universal") and Ad Populum, LLC, ("Ad Populum") as the back-up bidders (the "Back-Up Bidders").

7. As a result of disagreement arising with Alliance regarding the documentation of the sale, the Debtors filed a *Notice of Revised Proposed Sale Orders* [D.I. 314] containing asset purchase agreements with each of Universal and Ad Populum on April 5, 2025.

8. A hearing was held on April 7 and 8, 2025 to consider the proposed sale of the Debtors' assets (the "Sale Hearing"). At the conclusion of the Sale Hearing, the Debtors announced that they reached an agreement with Alliance regarding the terms by which substantially all of the Debtors' assets would be sold to Alliance. On April 11, 2025, the Court entered the *Order (I) Approving Asset Purchase Agreement Among Diamond Comic Distributors, Inc., Diamond Select Toys & Collectibles, LLC, and Alliance Entertainment LLC; (II) Approving Sale of Substantially all of the Debtors' Assets Free and Clear of all Liens, Claims, Encumbrances and Other Interests; (III) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief* [D.I. 335] (the "Alliance Sale Order"). Pursuant to the terms of the asset purchase agreement with Alliance (the "Alliance Purchase Agreement"), the sale to Alliance was required to close by April 25, 2025, or such later date as agreed by the parties (the "Outside Closing Date"). In accordance with the Bid Procedures Order, pending closing under the Alliance Purchase Agreement, Universal and Sparkle Pop, LLC (an affiliate of Ad Populum) served as the Back-Up Bidders for the purchase of the Debtors' assets.

9. On April 23, 2025, Alliance sent a letter to the Debtors asserting that a material adverse change under the Alliance Purchase Agreement had occurred (the "MAC Notice").

Thereafter, on April 24, 2025, Alliance provided formal written notice of its termination of the Alliance Purchase Agreement.[2]

10. In response to the MAC Notice and termination of the Alliance Purchase Agreement, the Debtors promptly pivoted to finalizing updated asset purchase agreements with Universal and Ad Populum. Attached hereto as **Exhibit A** is a proposed sale order with Universal (the "Universal Sale Order") containing an amendment to the asset purchase agreement with Universal, and attached hereto as **Exhibit B** is a proposed sale order with Sparkle Pop, LLC (the "Sparkle Pop Sale Order") containing an updated asset purchase agreement with Ad Populum. Both asset purchase agreements attached to this Motion reflect negotiated, necessary modifications to the asset purchase agreements attached to the *Notice of Revised Proposed Sale Orders* [D.I. 314] due to the passage of time and change in circumstances since April 5, 2025. The asset purchase agreement with Universal has been modified to change certain closing conditions, provide for an updated outside closing date and reflect a modification of the purchase price payable by Universal. The asset purchase agreement with Sparkle Pop, LLC has been modified to reflect, among other things, a negotiated modification of the cash consideration payable by Sparkle Pop, LLC at closing and a modification of the calculation of the so-called incentive fee.

11. A redline reflecting the modifications to the asset purchase agreement with Ad Populum as compared to the asset purchase agreement with Ad Populum filed with the court on April 5, 2025 is attached hereto as **Exhibit C.**

## Basis for Relief Requested

12. The Bid Procedures Order approved by the Court provides:

> [I]n the event that Successful Bidder fails to close the Sale on or before April 10, 2025 (or such date as may be extended by the Debtors, in consultation with the Consultation Parties), the Back-Up

---

[2] The Debtors reserve all rights with respect to the MAC Notice and Alliance's April 24, 2025 notice of termination.

4

>Bid will be deemed to be the Successful Bid, the Back-Up Bidder will be deemed to be the Successful Bidder, and the Debtors shall be authorized, but not directed, to close the Sale to the Back-Up Bidder subject to the terms of the Back-Up Bid without the need for further order of the Court and without the need for further notice to any interested parties.

*See* Bid Procedures Order § XI.

13. Alliance terminated the Alliance Purchase Agreement and therefore failed to close the sale by the Outside Closing Date. Consistent with the Bid Procedures Order, the Debtors are now authorized to proceed with the sales of the Debtors' assets to the Back-Up Bidders.

14. Out of an abundance of caution, the Debtors seek Court approval of the amendment to the asset purchase agreement with Universal attached as Exhibit 1 to the Universal Sale Order and the amended asset purchase agreement with Sparkle Pop, LLC attached as Exhibit 1 to the Ad Populum Sale Order. The Debtors further seek entry of the Proposed Sale Orders attached here to as **Exhibit A** and **Exhibit B**.

### Waiver of Memorandum of Law

15. Pursuant to rule 9013-2 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland, the Debtors state that, in lieu of submitting a memorandum in support of this Motion, the Debtors will rely on the grounds and authorities set forth herein.

### Notice

16. Notice of this Motion will be given to the following parties or, in lieu thereof, to their counsel: (i) the Office of the United States Trustee for the District of Maryland; (ii) the Committee; (iii) counsel to JPMorgan Chase Bank, N.A.; and (iv) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested and section XI of the Bid Procedures Order, the Debtors submit that no other or further notice is necessary.

**WHEREFORE**, the Debtors respectfully request entry of the Proposed Sale Orders granting the relief requested herein and such other and further relief as the Court deems just and warranted.

Dated: April 29, 2025              **SAUL EWING LLP**

By: */s/ Jordan D. Rosenfeld*
Jordan D. Rosenfeld (MD Bar No. 13694)
1001 Fleet Street, 9th Floor
Baltimore, MD 21202
Telephone: (410) 332-8600
Email: jordan.rosenfeld@saul.com

-and-

Jeffrey C. Hampton (admitted *pro hac vice*)
Adam H. Isenberg (admitted *pro hac vice*)
Turner N. Falk (admitted *pro hac vice*)
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Email: jeffrey.hampton@saul.com
       adam.isenberg@saul.com
       turner.falk@saul.com

-and-

Mark Minuti (admitted *pro hac vice*)
Paige N. Topper (admitted *pro hac vice*)
Nicholas Smargiassi (admitted *pro hac vice*)
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
Telephone: (302) 421-6800
Email: mark.minuti@saul.com
       paige.topper@saul.com
       nicholas.smargiassi@saul.com

*Counsel for Debtors and Debtors in Possession*