**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re<br><br>Diamond Comic Distributors, Inc., *et al.*,<br><br>Debtors.[1] | Case No. 25-10308 (DER)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>**Re: D.I. 385** |

### DEBTORS' MOTION TO SHORTEN NOTICE OF DEBTORS' MOTION FOR ENTRY OF ORDERS AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS TO THE BACK-UP BIDDERS PURSUANT TO THE BIDDING PROCEDURES ORDER

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), having filed contemporaneously the *Debtors' Motion for Entry of Orders Authorizing the Sale of Substantially all of the Debtors' Assets to the Back-Up Bidders Pursuant to the Bidding Procedures Order* [D.I. 385] (the "Motion"), respectfully submit this motion (the "Motion to Shorten"), pursuant to sections 102(1) and 105 of title 11 of the United States Code (the "Bankruptcy Code"), rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rules 9006-1 and 9013-6 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland (the "Local Bankruptcy Rules"), for entry of an order shortening the time for notice of the hearing to consider the Motion so that such motion may be considered by the Court at a hearing on April 30, 2025 at 10:30 a.m. (prevailing Eastern Time)

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

with any objections to the Motion to be filed at or before the hearing. In support of this Motion to Shorten, the Debtors respectfully represent as follows:

## Relief Requested

1. The Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, shortening notice of the hearing to consider the Motion so that the Motion can be considered on April 30, 2025 at 10:30 a.m. (prevailing Eastern Time) with any objections to the Motion to be filed at or before the hearing.

## Jurisdiction and Venue

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and *Standing Order 2012-05* from the United States District Court for the District of Maryland. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 102(1) and 105 of the Bankruptcy Code.

## Background

4. On January 14, 2025 (the "Petition Date"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the chapter 11 cases. On January 29, 2025, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee").

5. A description of the Debtors' businesses and the reasons for commencing the chapter 11 cases are set forth in the *Declaration of Robert Gorin in Support of Chapter 11 Petitions and First Day Relief* [D.I. 20] (the "First Day Declaration") and incorporated herein by reference.

6. On February 11, 2025 the court entered the *Order (I) Authorizing and Approving Bidding Procedures for the Sale of All or Substantially All of the Debtors' Assets, (II) Approving Bid Protections, (III) Scheduling an Auction and a Sale Hearing, (IV) Approving the Form and Manner of Notice Thereof, (V) Establishing Notice and Procedures of Assumption and Assignment of Certain Executory Contracts and Leases, and (VI) Granting Related Relief* [D.I. 136] (the "Bid Procedures Order"). On February 21, 2025, the Debtors filed the *Debtors' Motion for Entry of an Order (I) Approving the Sale of Substantially all of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances; (II) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* [D.I. 168].

7. Consistent with the Bid Procedures Order, the Debtors held an auction (the "Auction") on March 24 and 25, 2025. Following the Auction, the Debtors filed the *Notice of Designation of Successful Bidder and Back-Up Bidder* [D.I. 270] announcing Alliance Entertainment, LLC ("Alliance") as the successful bidder and a combination of Universal Distribution, LLC, ("Universal") and Ad Populum, LLC, ("Ad Populum") as the back-up bidders (the "Back-Up Bidders").

8. A hearing was held on April 7 and 8, 2025 to consider the proposed sale of the Debtors' assets (the "Sale Hearing"). At the conclusion of the Sale Hearing, the Debtors announced that they reached an agreement with Alliance regarding the terms by which substantially all of the Debtors' assets would be sold to Alliance. On April 11, 2025, the Court entered the *Order (I) Approving Asset Purchase Agreement Among Diamond Comic Distributors,*

*Inc., Diamond Select Toys & Collectibles, LLC, and Alliance Entertainment LLC; (II) Approving Sale of Substantially all of the Debtors' Assets Free and Clear of all Liens, Claims, Encumbrances and Other Interests; (III) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief* [D.I. 335]. Pursuant to the terms of the asset purchase agreement with Alliance (the "Alliance Purchase Agreement"), the sale to Alliance was required to close by April 25, 2025, or such later date as agreed by the parties (the "Outside Closing Date"). In accordance with the Bid Procedures, pending closing under the Alliance Purchase Agreement, Universal and Sparkle Pop, LLC (an affiliate of Ad Populum) served as the Back-Up Bidders for the purchase of the Debtors' assets.

9. Pursuant to the Bid Procedures Order, the original sale closing deadline was April 10, 2025. Following the agreement with Alliance at the conclusion of the Sale Hearing, the Debtors, in consultation with the consultation parties, extended the sale closing deadline from April 10, 2025 to the Outside Closing Date.

10. On April 23, 2025, Alliance sent a letter to the Debtors asserting that a material adverse change under the Alliance Purchase Agreement had occurred. Thereafter, on April 24, 2025, Alliance provided formal written notice of its termination of the Alliance Purchase Agreement.[2]

**Basis for Relief Requested**

11. Section 102(1) of the Bankruptcy Code provides that the phrase "after notice and hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances." 11 U.S.C. § 102(1). Section 105(a) of the Bankruptcy Code, in turn, authorizes

---

[2] The Debtors reserve all rights with respect to the MAC Notice and Alliance's April 24, 2025 notice of termination.

4

the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).

12. Pursuant to Bankruptcy Rule 9006(c), "the court for cause shown may in its discretion with or without motion or notice order the period reduced."  Fed. R. Bankr. P. 9006(c)(1).  In exercising such discretion, the court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Phila. Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting the commonality of such motions "given the accelerated time frame of bankruptcy proceedings").

13. Local Bankruptcy Rule 9006-1 provides that all motions be served at least twenty-one days before the hearing date.  Md. L. Bankr. R. 9006-1.  However, Local Bankruptcy Rule 9013-6 permits a movant to shorten notice with respect to any motion, provided that "the movant shall file contemporaneously a separate motion requesting that the Court shorten the time within which responses may be filed and/or requesting that the Court set an expedited hearing."  Md. L. Bankr. R. 9013-6.

14. Here, the Bid Procedures Order authorizes the Debtors "to close the Sale to the Back-Up Bidder subject to the terms of the Back-Up Bid without the need for further order of the Court and without the need for further notice to any interested parties."  *See* Bid Procedures Order § XI.  Given the terms of the Bid Procedures Order, and for the additional reasons set forth below, the Debtors respectfully submit that good cause exists to warrant expedited consideration of the Motion, and that a prompt hearing is in the best interests of the Debtors, their estates, and their creditors.  The Debtors have been pursuing a sale and marking process while continuing to operate in the ordinary course of business since the Petition Date.  Expedited approval of the relief requested in the Motion will allow the Debtors to close sales with the Back-Up Bidders as soon as

possible for the benefit of Debtors' estates and their creditors. Moreover, and more fundamentally, the Debtors have been informed that expedited approval of the relief requested in the Motion is a necessary element to extended debtor-in-possession lender financing by the Debtors' lender, JPMorgan Chase Bank, N.A.

15. The Debtors are required to continue accruing administrative costs by operating in the ordinary course of business until the sales close. Expedited consideration of the Motion will allow the Debtors to close the sales to the Back-Up Bidders as soon as possible, which will decrease the administrative burden on the estate. The Debtors have consulted with counsel to the Committee and counsel to JPMorgan Chase Bank N.A., and the Debtors understand that they both support expedited consideration of the Motion.

## Waiver of Memorandum of Law

16. Pursuant to Local Bankruptcy Rule 9013-2, the Debtors state that, in lieu of submitting a memorandum in support of this Motion, the Debtors will rely on the grounds and authorities set forth herein.

## Notice

17. Notice of this Motion will be given to the following parties or, in lieu thereof, to their counsel: (i) the Office of the United States Trustee for the District of Maryland; (ii) the Committee; (iii) counsel to JPMorgan Chase Bank, N.A.; and (iv) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

Dated: April 29, 2025          **SAUL EWING LLP**

By: */s/ Jordan D. Rosenfeld*
    Jordan D. Rosenfeld (MD Bar No. 13694)
    1001 Fleet Street, 9th Floor
    Baltimore, MD 21202
    Telephone: (410) 332-8600
    Email: jordan.rosenfeld@saul.com

-and-

Jeffrey C. Hampton (admitted *pro hac vice*)
Adam H. Isenberg (admitted *pro hac vice*)
Turner N. Falk (admitted *pro hac vice*)
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Email: jeffrey.hampton@saul.com
      adam.isenberg@saul.com
      turner.falk@saul.com

-and-

Mark Minuti (admitted *pro hac vice*)
Paige N. Topper (admitted *pro hac vice*)
Nicholas Smargiassi (admitted *pro hac vice*)
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
Telephone: (302) 421-6800
Email: mark.minuti@saul.com
      paige.topper@saul.com
      nicholas.smargiassi@saul.com

*Counsel for Debtors and Debtors in Possession*