**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc., *et al.*, | Chapter 11 |
| Debtors.[1] | (Jointly Administered) |
| | Re: D.I. 387 |

**DEBTORS' MOTION TO SHORTEN NOTICE OF THE DEBTORS' MOTION FOR ENTRY OF ORDER APPROVING THIRD STIPULATION BETWEEN DEBTORS AND JPMORGAN CHASE BANK, N.A., AMENDING DIP CREDIT AGREEMENT**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), having filed contemporaneously the *Debtors' Motion for Entry of an Order Approving Third Stipulation Between Debtors and JPMorgan Chase Bank, N.A., Amending DIP Credit Agreement* [D.I. 387] (the "Motion to Approve Stipulation"), respectfully submit this motion (the "Motion to Shorten"), pursuant to sections 102(1) and 105 of title 11 of the United States Code (the "Bankruptcy Code"), rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rules 9006-1 and 9013-6 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland (the "Local Bankruptcy Rules"), for entry of an order shortening the time for notice of the hearing to consider the Motion to Approve Stipulation so that such motion may be considered by the Court at a hearing on April 30, 2025, at 10:30 a.m. (ET), with any objections to the Motion to Approve Stipulation to be filed at or before the hearing. In support of this Motion to Shorten, the Debtors respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

**Relief Requested**

1. The Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, shortening notice of the hearing to consider the Motion to Approve Stipulation so that the motion can be considered on April 30, 2025, at 10:30 a.m. (ET), with any objections to the Motion to Approve Stipulation be filed at or before the hearing.

**Jurisdiction and Venue**

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and *Standing Order 2012-05* from the United States District Court for the District of Maryland. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 102(1) and 105 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9006 and Local Bankruptcy Rules 9006-1 and 9013-6.

**Background**

4. On January 14, 2025 (the "Petition Date"), the Debtors each commenced a case under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the chapter 11 cases. On January 29, 2025, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee").

5. A description of the Debtors' businesses and the reasons for commencing the chapter 11 cases are set forth in the *Declaration of Robert Gorin in Support of Chapter 11 Petitions and First Day Relief* [D.I. 20] and incorporated herein by reference.

6. On February 19, 2025, the Bankruptcy Court entered the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Senior Secured Financing and the Use of Cash Collateral; (II) Granting Adequate Protection; (III) Granting Liens and Superpriority Administrative Expense Claims; (IV) Modifying the Automatic Stay; and (V) Granting Related Relief* [D.I. 163] (the "Final DIP Order").

7. Among other things, the Final DIP Order set a maturity date of June 30, 2025, pursuant to the terms and conditions of the Final DIP Order and that certain senior secured Debtor-in-Possession Credit Agreement, dated as of January 16, 2025 (as amended by that certain First Amendment to Debtor-in-Possession Credit Agreement, dated as of February 11, 2025, and that certain Second Amendment to Debtor-in-Possession Credit Agreement dated as of February 25, 2025, and that certain Third Amendment to the Debtor-in-Possession Credit Agreement dated as of March 19, 2025, and that certain Fourth Amendment to the Debtor-in-Possession Credit Agreement dated as of April 15, 2025 the "DIP Credit Agreement"). The Fourth Amendment to the Debtor-in-Possession Credit Agreement modified the Maturity Date to April 30, 2025 (the "Maturity Date").[2]

8. In relevant part, the Final DIP Order provides that certain amendments to the DIP Credit Agreement, including any amendment to extend the maturity of the extension of credit thereunder, constitute "Material DIP Facility Amendments" and require further Court approval, provided that "the Debtors and the DIP Lender shall have the right to seek approval from the Court of any proposed Material DIP Facility Amendment on an expedited basis with notice to the Committee and the United States Trustee." *See* Final DIP Order ¶ 8.

---

[2] The Court Approved the Fourth Amendment pursuant to that Order Approving Second Stipulation [D.I. 345].

3

9.     On April 11, 2025 the Court entered an order approving the sale of substantially all of the Debtors' assets to Alliance Entertainment, LLC ("Alliance") [D.I. 335] (the "Alliance Sale Order").  Pursuant to the Alliance Sale Order and the terms of the asset purchase agreement with Alliance (the "Alliance Purchase Agreement"), the sale to Alliance was expected to close by April 25, 2025 (the "Outside Closing Date"), before the modified Maturity Date of April 30, 2025.

10.    On April 23, 2025, Alliance sent a letter to the Debtors asserting that a material adverse change under the Alliance Purchase Agreement had occurred (the "MAC Notice"). Thereafter, on April 24, 2025, Alliance provided formal written notice of its termination of the Alliance Purchase Agreement.[3]

11.    In response to the MAC Notice and termination of the Alliance Purchase Agreement, the Debtors promptly pivoted to finalizing updated asset purchase agreements, and the Debtors have filed a motion to approve sales of the Debtors' assets to the Universal Distribution, LLC, and Sparkle Pop, LLC (an affiliate of Ad Populum, LLC), the designated Back-Up Bidders for the Debtors' assets.  The Debtors expect to close on the sale transactions with the Back-Up Bidders on or before May 14, 2025.[4]

12.    Because the Debtors will be unable to close on their contemplated asset sales prior to the current Maturity Date, an extension of the Maturity Date is required to allow the Debtors to close on the transactions with the Back-Up Bidders.

## Basis for Relief Requested

13.    Section 102(1) of the Bankruptcy Code provides that the phrase "after notice and hearing" requires only such notice and opportunity for a hearing as may be appropriate under the

---

[3] The Debtors reserve all rights with respect to the MAC Notice and Alliance's April 24, 2025 notice of termination.

[4] The Debtors will work with the Back-Up Bidders to close prior to May 14, 2025 if practicable.

4

circumstances." 11 U.S.C. § 102(1). Section 105(a) of the Bankruptcy Code, in turn, authorizes the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

14. Pursuant to Bankruptcy Rule 9006(c), "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). In exercising such discretion, the court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Phila. Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting the commonality of such motions "given the accelerated time frame of bankruptcy proceedings.

15. Local Bankruptcy Rule 9006-1 provides that all motions be served at least twenty-one days before the hearing date. Md. L. Bankr. R. 9006-1. However, Local Bankruptcy Rule 9013-6 permits a movant to shorten notice with respect to any motion, provided that "the movant shall file contemporaneously a separate motion requesting that the Court shorten the time within which responses may be filed and/or requesting that the Court set an expedited hearing." Md. L. Bankr. R. 9013-6.

16. The Debtors submit that good cause exists to warrant expedited consideration of the Motion to Approve Stipulation, and that a prompt hearing is in the best interests of the Debtors, their estates, and their creditors. Due to the MAC Notice and the termination of the Alliance Purchase Agreement that was slated to close on April 25, 2025, the Debtors require an extension of the Maturity Date past the new anticipated closing date of May 14, 2025 in order to maintain operations in the ordinary course of business pending closing.

17. The Debtors do not believe that any parties in interest will be prejudiced by the relief requested in this Motion to Shorten.

**Waiver of Memorandum of Law**

18. Pursuant to Local Bankruptcy Rule 9013-2, the Debtors state that, in lieu of submitting a memorandum in support of this Motion, the Debtors will rely on the grounds and authorities set forth herein.

**Notice**

19. Notice of this Motion will be given to the following parties or, in lieu thereof, to their counsel: (i) the Office of the United States Trustee for the District of Maryland; (ii) the Committee; (iii) counsel to JPMorgan Chase Bank, N.A.; and (iv) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

**WHEREFORE**, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court deems just and warranted.

[*Remainder of Page Left Intentionally Blank*]

Dated: April 30, 2025         **SAUL EWING LLP**

By: */s/ Jordan D. Rosenfeld*
    Jordan D. Rosenfeld (MD Bar No. 13694)
    1001 Fleet Street, 9th Floor
    Baltimore, MD 21202
    Telephone: (410) 332-8600
    Email: jordan.rosenfeld@saul.com

-and-

Jeffrey C. Hampton (admitted *pro hac vice*)
Adam H. Isenberg (admitted *pro hac vice*)
Turner N. Falk (admitted *pro hac vice*)
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Email: jeffrey.hampton@saul.com
       adam.isenberg@saul.com
       turner.falk@saul.com

-and-

Mark Minuti (admitted *pro hac vice*)
Paige N. Topper (admitted *pro hac vice*)
Nicholas Smargiassi (admitted *pro hac vice*)
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
Telephone: (302) 421-6800
Email: mark.minuti@saul.com
       paige.topper@saul.com
       nicholas.smargiassi@saul.com

*Counsel for Debtors and Debtors in Possession*