## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | |
|---|---|
| In re: | Chapter 11 |
| Diamond Comic Distributors, Inc., *et al.*[1] | Case No. 25-10308 (DER) |
| Debtors. | (Jointly Administered) |

**SUMMARY OF FIRST INTERIM FEE APPLICATION OF BERKELEY RESEARCH GROUP, LLC AS FINANCIAL ADVISOR FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM JANUARY 31, 2025 THROUGH MARCH 31, 2025**

| | |
|---|---|
| Name of Applicant: | Berkeley Research Group, LLC ("BRG") |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors ("Committee") |
| Date of Retention: | March 17, 2025 effective as of January 31, 2025 |
| Period for Which Compensation and Reimbursement is Sought: | January 31, 2025 through March 31, 2025 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $791,251.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $648.75 |

This is a(n): ___ monthly  _X_  interim ___ final application

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

**Summary of Fee Statements and Applications Filed**

| Application | | Requested | | | Paid to Date | | Total Unpaid |
| Date Filed Docket No | Period | Fees | Expenses | CNO/ Order | Fees | Expenses | Fees and Expenses |
|---|---|---|---|---|---|---|---|
| 4/1/2025 Dkt No. 292 | 1/31/2025 - 2/28/2025 | $    466,568.50 | $    262.18 | 4/17/2025 Dkt No. 355 | $    - | $    - | $    466,830.68 |
| 4/29/2025 Dkt No. 383 | 3/1/2025 - 3/31/2025 | $    324,682.50 | $    386.57 | TBD | $    - | $    - | $    325,069.07 |
| **Total** | | **$    791,251.00** | **$    648.75** | | **$    -** | **$    -** | **$    791,899.75** |

Dated: April 30, 2025                    Berkeley Research Group, LLC

By:    */s/ David Galfus*
          David Galfus
          Managing Director
          250 Pehle Avenue, Suite 301
          Saddle Brook, NJ 07663
          (201) 587-7117
          dgalfus@thinkbrg.com

          *Financial Advisor for the Official*
          *Committee of Unsecured Creditors*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re: | Chapter 11 |
| Diamond Comic Distributors, Inc., *et al.*[2] | Case No. 25-10308 (DER) |
| Debtors. | (Jointly Administered) |

**FIRST INTERIM FEE APPLICATION OF BERKELEY RESEARCH GROUP, LLC
AS FINANCIAL ADVISOR FOR THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR THE PERIOD FROM JANUARY 31, 2025
THROUGH MARCH 31, 2025**

Berkeley Research Group, LLC ("BRG") financial advisor to the Official Committee of
Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession
(the "Debtors"), hereby submits its first interim fee application (the "Application") for an order
pursuant to sections 105(a), 330 and 331 of title 11 of the United States Code (the "Bankruptcy
Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule
2016-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of
Maryland (the "Local Rules"), the *Order Establishing Procedures for Interim Compensation and
Reimbursement of Expenses for Professionals* (the "Interim Compensation Order") [Docket No.
203], entered on March 10, 2025, and the United States Trustee's Guidelines for Reviewing
Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330,
effective January 30, 1996 (the "U.S. Trustee Guidelines") seeking (a) the allowance of reasonable
compensation in the amount of $791,251.00 for professional services rendered by BRG to the

---

[2] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers
are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and
Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt
Valley, Maryland 21030.

Committee during the period January 31, 2025 through March 31, 2025 (the "Fee Period") and (b) reimbursement of actual and necessary charges and disbursements in the amount of $648.75 incurred by BRG during the Fee Period in the rendition of required professional services on behalf of the Committee. In support of this Application, BRG represents as follows:

## JURISDICTION

1.      The United States Bankruptcy Court for the District of Maryland (the "Court") has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334 and *Standing Order* 2012-05 from this Court. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(A).

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested herein are sections 105(a), 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Rule 2016-1 of the Local Rules.

## BACKGROUND

4.      On January 14, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Cases") with the Court. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Cases.

5.      These Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the Court's *Order Directing Joint Administration of the Debtors' Chapter 11 Cases* [Docket No. 41], entered on January 16, 2025.

6.      On January 29, 2025 (the "Formation Date"), the Office of the United States Trustee for the District of Maryland (the "U.S. Trustee") appointed the Committee. The Committee is presently comprised of the following members: (i) Little Buddy Toys, LLC; (ii) Titan Publishing Group Limited/Titan Comics; and (iii) Simon & Schuster, LLC.

7.      On January 31, 2025, the Committee selected BRG to serve as its financial advisor. The Committee has also selected Lowenstein Sandler LLP ("Lowenstein") to serve as its counsel and Tydings & Rosenberg LLP ("Tydings" and together with Lowenstein, "Counsel") to serve as its local counsel.

8.      On February 24, 2025, the Committee filed the *Application for Entry of an Order Authorizing the Official Committee of Unsecured Creditors to Retain and Employ Berkeley Research Group, LLC as Financial Advisor Effective as of January 31, 2025* [Docket No. 171] (the "Retention Application") and on March 17, 2025 the Court entered the order approving BRG's retention [Docket 226] (the "Retention Order").

## FEE PROCEDURES ORDER

9.      On February 28, 2025, this Court signed the Interim Compensation Order. Pursuant to the Interim Compensation Order, following the month or months for which compensation and reimbursement is sought (the "Compensation Period"), each Professional seeking compensation may file with the Court a monthly application (each a "Monthly Application") for interim approval and allowance of compensation for services rendered and reimbursement of expenses during the Compensation Period. Each Notice Party shall have fourteen (14) days after service of a Monthly Application to review the Monthly Application (the "Review Period") and serve a written notice of objection (a "Notice of Objection"). Following the expiration of the Review Period, each professional may file a certificate of no objection with the Court with respect to the unopposed portion of the fees and expenses requested in its Monthly Application, after which the Debtors are authorized to pay the professional an amount equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the Monthly Application or  (ii) 80% of the fees and 100% of the expenses not subject to an objection.

6365862.1

## SUMMARY OF SERVICES RENDERED

10.     BRG is a global strategic advisory and expert consulting firm that provides independent expert testimony, litigation and regulatory support, authoritative studies, strategic advice, and document and data analytics to major law firms, Fortune 500 corporations, government agencies, and regulatory bodies around the world. BRG has a wealth of experience in providing financial consulting in distressed scenarios and enjoys an excellent reputation for services it has rendered in large and complex chapter 11 cases on behalf of debtors and creditors throughout the United States.

11.     Since being retained by the Committee, BRG has rendered professional services to the Committee as requested and as necessary and appropriate in furtherance of the interests of the unsecured creditors of the Debtors' estates. BRG respectfully submits that the professional services that it rendered on behalf of the Committee were necessary and have directly benefited the creditor constituents represented by the Committee and have contributed to the effective administration of these Cases.

12.     BRG submits that the interim fees applied for herein for professional services rendered in performing services for the Committee in these proceedings are fair and reasonable in view of the time spent, the extent of work performed, the nature of the Debtors' capitalization structure and financial condition, the Debtors' financial accounting resources and the results obtained. BRG's fees typically are based on the actual hours charged at BRG's standard hourly rates, which are in effect when the services are rendered.

13.     BRG expended an aggregate of 947.6 hours, all of which was expended by the professional staff of BRG. The blended hourly rate for all services during the Fee Period is $835.01 per hour, which is derived by dividing the total fees requested of $791,251.00 by the total hours of 947.6. The work involved, and thus the time expended, was carefully assigned in light of the

6365862.1

6

experience and expertise required for a particular task. Assigned staff was utilized to optimize efficiencies and avoid redundant efforts.

14.     BRG's approach is to utilize senior, experienced personnel to create efficiencies in time spent reviewing and minimize total cost. In addition, BRG's hourly rates for professionals of comparable experience are at or below those of comparable national firms. We believe that the compensation in this Application is based on the customary compensation charged by comparably skilled professionals in cases other than cases under Title 11.

15.     BRG believes that there has been no duplication of services between BRG and any other consultants or accountants to the bankruptcy estate.

16.     No agreement or understanding exists between BRG and any other person for the sharing of compensation received or to be received for services rendered in connection with these Cases, except for internal agreements among employees of BRG regarding the sharing of revenue or compensation. Neither BRG nor any of its employees has entered into an agreement or understanding to share compensation with any entity as described in Bankruptcy Rule 2016.

17.     BRG, in accordance with the Bankruptcy Rules and the Local Rules, charges travel time at 50% of the time incurred. No travel time was incurred during the Fee Period.

18.     Attached above, are a schedule of professionals who rendered services to the Committee during the Fee Period including each person's billing rate and the blended rate as well as a summary of the hours expended by BRG professionals for each category of services (task code). BRG's time records for the Fee Period are attached hereto as **Exhibit A**. These records include daily time logs describing the time spent by each BRG professional and administrative-level person in these Cases.

19.     BRG also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of its professional services. A summary schedule of the expenses incurred by category during the Fee Period is attached above. An itemized schedule of expenses within each category, including description, incurred in connection with these Cases during the Fee Period and the amounts for which reimbursement is requested is annexed hereto as **Exhibit B**.

20.     The general summary of the services rendered by BRG during the Fee Period, based on tasks and number of hours, is set forth below. Where more than one task code may apply to a particular entry, BRG endeavored to select the most applicable.

**Asset Acquisition/ Disposition – Task Code 01**

21.     Time charged to this task code relates to BRG's evaluation of the asset sale process. Specific tasks included: (i) analyzing the bid procedures and developing a comparable analysis thereof; (ii) evaluating the Debtors' asset sale marketing process; (iii) preparing and updating a bid matrix to track details related to interested parties, bids received, and APAs; (iv) analyzing the stalking horse bid as well as other bids and APAs received; (v) developing various bid analyses to assess outcomes under potential scenarios; (vi) revising the purchase price analysis to reflect updated working capital assumptions; (vii) analyzing cash at closing based on the winning and back-up bids; (viii) reviewing the draft sale contract; (ix) reviewing certain sale-related diligence files; (x) preparing slides on the sale process and related sale updates for inclusion in the weekly Committee presentations; and (xi) meeting with other Committee professionals and the Debtors' advisors on matters related to the sale process, bids, and the auction. Further time was spent attending the 3/24 auction.

22.     BRG has expended 207.1 hours on this category for a fee of $197,354.50.

6365862.1

**DIP Financing – Task Code 04**

23.    Time charged to this task code primarily relates to BRG's review and evaluation of the Debtors' DIP financing. Tasks included but were not limited to: (i) evaluating the Debtors' DIP motion; (ii) preparing comparable analyses of the DIP budget and DIP agreement terms; (iii) analyzing the Debtors' borrowing base; (iv) reviewing iterations of the DIP budget and forecast; (v) reviewing DIP amendments and settlement terms; (vi) analyzing the draft DIP order; (vii) preparing and editing materials for Committee meetings; and (viii) meeting with Counsel and the Debtors' professionals to discuss the DIP budget and related negotiations.

24.    BRG has expended 131.2 hours on this category for a fee of $115,736.00.

**Professional Retention/ Fee Application Preparation – Task Code 05**

25.    Time charged to this task code relates to time spent preparing BRG's retention documents, including the retention application, retention order, the Galfus Declaration, and supporting schedules. Further time was spent preparing the first monthly fee statement for the period from January 31, 2025 – February 28, 2025.

26.    BRG has expended 40.1 hours on this category for a fee of $14,221.50.

**Interaction/ Meetings with Debtors/ Counsel – Task Code 07**

27.    Time charged to this task code pertains to BRG's preparation for and participation in meetings/calls with the Debtors' professionals on various case topics including the DIP forecast, liquidity issues, the sale process and other updates related to the status of the case. Time was also spent preparing diligence requests for the Debtors.

28.    BRG has expended 8.2 hours on this category for a fee of $9,139.00.

**Interaction/ Meetings with Creditors/ Counsel – Task Code 08**

6365862.1

29.     Time charged to this task code relates to BRG's preparation for and participation in meetings/calls, as well correspondence, with the Committee and Counsel relating to case matters and next steps.

30.     BRG has expended 38.1 hours on this category for a fee of $47,303.50.

### Employee Issues/ KEIP – Task Code 09

31.     Time charged to this task code relates to time spent by BRG associated with analyzing the Debtors' Key Employee Incentive Program ("KEIP") and Key Employee Retention Program ("KERP"). Specifically, during the Fee Period, BRG professionals spent time: (i) analyzing the Debtors' proposed KEIP/KERP plans including the related motions; (ii) revising the potential KEIP/KERP counterproposal; (iii) reviewing the Debtors' employment agreements; (iv) reviewing the UST's KEIP objection; (v) evaluating the revised KEIP motion proposal; (vi) preparing slides on the KEIP/KERP for inclusion in presentations to the UCC; and (vii) meeting with Counsel and the Debtors' advisors to discuss the KEIP, KERP, and other related matters.

32.     BRG has expended 45.1 hours on this category for a fee of $42,383.50.

### Claim Analysis/Accounting – Task Code 11

33.     Time charged to this task code pertains to BRG's development and review of analyses of claims, including 503(b)(9) detail, critical vendor claims, and claims related to assumed contracts.

34.     BRG has expended 4.0 hours on this category for a fee of $3,868.00.

### Statements and Schedules – Task Code 12

35.     Time charged to this task code primarily pertains to time spent by BRG reviewing and developing reporting related to the Debtors' Statements of Financial Affairs ("Statements" or "SOFAs") and Schedules of Assets and Liabilities ("Schedules" or "SOALs") including

6365862.1

amendments and support files. During the Fee Period, BRG spent time preparing numerous analyses on creditors, claims, prepetition payments, and other financial data for inclusion in a presentation for the Committee on the SOFA/SOALs.

36.    BRG has expended 85.7 hours on this category for a fee of $60,722.50.

### Executory Contracts/Leases – Task Code 14

37.    Time charged to this task code relates BRG's review and analysis of the Debtors' lease and contract assumptions and rejections. During the Fee Period, BRG spent time reviewing lease agreements to assess the value of the Debtors' leases and reviewing and summarizing the Debtors' cure cost schedule and contracts for assumption under the APA from potential buyers.

38.    BRG has expended 14.9 hours on this category for a fee of $13,790.00.

### Analysis of Historical Results – Task Code 17

39.    Time charged to this task code primarily relates to BRG's analysis of the Debtors' historical financial and operating information. During the Fee Period, BRG spent time: (i) analyzing the Debtors' historical assets and liabilities; (ii) reviewing the lien analysis prepared by Counsel; (iii) evaluating the Debtors' trademarks and copyrights; (iv) analyzing the Debtors' consignment agreements; (v) reviewing documents related to the Debtors' credit agreements; and (vi) analyzing potential preference payments made prior to the Petition Date.

40.    BRG has expended 53.1 hours on this category for a fee of $37,017.00.

### Operating and Other Reports – Task Code 18

41.    Time charged to this task code pertains to the development of periodic and comprehensive reports and presentations to the Committee on topics including bankruptcy processes and procedures, the Debtors' business structure and financial position, the sale process, liquidity, operational matters, ongoing case workstreams, and general case updates.

6365862.1

42.     BRG has expended 104.0 hours on this category for a fee of $75,749.50.

### Cash Flow/ Cash Management/ Liquidity – Task Code 19

43.     This task code primarily relates to time spent by BRG reviewing and analyzing matters impacting the Debtors' cash management processes and overall liquidity. Tasks included but were not limited to: (i) analyzing the Debtors' cash flows; (ii) preparing a bridge between actual and budgeted cash flows; (iii) evaluating the Debtors' liquidity position; (iv) preparing and updating BRG's periodic reporting on cash activity and forecast; (iv) analyzing impact on liquidity resulting from the DIP upsizing, employee incentive payments, and asset sales; and (v) preparing cash-related slides for inclusion in the weekly UCC update presentations.

44.     BRG has expended 148.7 hours on this category for a fee of $119,512.00.

### Litigation – Task Code 25

45.     Time charged to this task code relates to BRG's efforts in support of possible litigation related workstreams. Specifically, BRG spent time reviewing litigation-related documents, evaluating possible forensic needs, and assessing potential litigation workstreams.

46.     BRG has expended 1.1 hours on this category for a fee of $1,534.50.

### Planning – Task Code 31

47.     Time charged to this task code primarily relates to the development of BRG's work plan to adequately and efficiently manage staffing requirements for various workstreams and to coordinate efforts for the underlying workstreams related to various case matters.

48.     BRG has expended 3.9 hours on this category for a fee of $3,372.00.

### Document Review – Task Code 32

49.     This category includes time spent analyzing Company-provided financial records and sales results, and other operations-related documents posted to the data room. Time was also spent reviewing key motions, orders, and other docket filings to monitor case issues.

50.     BRG has expended 38.8 hours on this category for a fee of $32,982.50.

## Vendor Management – Task Code 37

51.     Time charged to this task code pertains to time spent by BRG evaluating matters related to vendors and case professionals. Specifically, BRG spent time during the Fee Period developing a comparable analysis of investment banker fees to assess the economics of the Debtors' proposed investment banker and reviewing the retention applications for other proposed professionals for the Debtors. Additional time was spent evaluating critical vendor agreements and critical vendor payments.

52.     BRG has expended 16.9 hours on this category for a fee of $11,582.50.

## Overseas/ Foreign Entity Proceedings – Task Code 39

53.     Time charged to this task code relates to time spent by BRG professionals evaluating the operations of the Debtors' international entities. Specifically, during the Fee Period, BRG spent time analyzing the Debtors' U.K. business, and preparing summary reporting thereon.

54.     BRG has expended 6.7 hours on this category for a fee of $4,982.50.

## ACTUAL AND NECESSARY EXPENSES

55.     BRG incurred actual out-of-pocket expenses in connection with the rendition of the professional services to the Committee as summarized above, in the sum of $648.75 during the Fee Period for which BRG requests reimbursement in full.

56.     Disbursements and expenses are incurred in accordance with BRG's normal practice of charging clients for expenses clearly related to and required by particular matters. Such

6365862.1

expenses are often incurred to enable BRG to devote time beyond normal office hours to matters, which imposed extraordinary time demands. BRG endeavors to minimize these expenses to the fullest extent possible.

57.    BRG's billing rates do not include charges for photocopying, telephone and facsimile charges, computerized research, travel expenses, "working meals," secretarial overtime, postage, and certain other office services, because the needs of each client for such services differ. BRG believes that it is fairest to charge each client only for the services actually used in performing services for such client. BRG endeavors to minimize these expenses to the fullest extent possible.

58.    In providing a reimbursable service such as copying or telephone, BRG does not make a profit on that service. In charging for a particular service, BRG does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment, or capital outlay. In seeking reimbursement for service which BRG justifiably purchased or contracted for from a third party, BRG requests reimbursement only for the amount billed to BRG by such third-party vendor and paid by BRG to that vendor.

## LODESTAR ANALYSIS

59.    In addition to requiring detailed descriptions of the services rendered, the Local Rules specifically require the applicant to include a "lodestar" analysis, discussing the factors identified in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974) ("Johnson") and adopted by the Fourth Circuit in Barber v. Kimbrell's, Inc., 577 F.2d 216 (4th Cir. 1978), Anderson v. Morris, 658 F.2d 246 (4th Cir. 1981), and Harman v. Levin, 772 F.2d 1150 (4th Cir. 1985).

60.    The twelve "lodestar" factors adopted by the Fourth Circuit are:

    (a)    the time and labor expended;

    (b)    the novelty and difficulty of the questions presented;

6365862.1                                                                              14

(c)     the skill required to properly perform the legal services;

(d)     the preclusion of other employment by the attorney due to acceptance of a case;

(e)     the customary fee for like work;

(f)     whether the fee is fixed or contingent

(g)     the time limitations imposed by the client or circumstances;

(h)     the amount involved and the results obtained;

(i)     the experience, reputation, and ability of the attorney;

(j)     the desirability or "undesirability" of the case;

(k)     the nature and length of the professional relationship with the client; and

(l)     awards in similar cases.

Johnson, 488 F.2d at 717-719.

61.     The "lodestar" factors weigh in favor of granting the Application:

(a)     The Time and Labor Expended.  As discussed above, during the Fee Period, BRG devoted 947.6 hours, having a value of $791,251.00 at the firm's customary hourly rates, working on behalf of the Committee.

(b)     The Novelty and Difficulty of the Questions Presented.  BRG was retained to provide its expertise with large complex multi-national businesses in bankruptcy in support of the evaluation of sources of value and recoveries for the Committee.  Among other things, BRG (i) evaluated the Debtors' sale process of certain assets; (ii) reviewed DIP financing, budgeting, and projections; (iii) analyzed matters impacting the Debtors' cash management processes and overall liquidity; (iv) analyzed the KEIP/KERP programs; (v) reviewed the Debtors' Statements and Schedules; and (iv) advised the Committee on value maximizing strategies.

(c)    <u>The Skill Required to Properly Perform the Legal Services.</u>  BRG has leveraged its extensive experience as financial advisor to various parties in interest in Chapter 11 cases and expertise in the retail industry in serving the Committee in these Cases.

(d)    <u>The Preclusion of Other Employment by BRG Due to Acceptance of this Case.</u>  BRG has not turned down work because of its representation of the Committee; however, BRG has at times performed work on this case in lieu of working on other matters.

(e)    <u>The Customary Fee for Like Work.</u>  The hourly rates for the individual professionals who performed work for the Committee are the normal and customary rates charged for their services. BRG believes that the compensation requested is reasonable based upon the customary compensation and reimbursement of expenses charged by BRG in comparable bankruptcy and non-bankruptcy matters. Further, as described above BRG's standard hourly rates are at or below those of comparable national firms.

(f)    <u>Whether the Fee is Fixed or Contingent.</u>  Pursuant to the Bankruptcy Code, all fees sought by BRG, based on its customary hourly rates for services, are subject to interim and final approval of this Court, subject to any adjustment upward or downward based on a proper application of the "lodestar" factors.  BRG's fees are based on hourly rates and are not contingent on the outcome of any particular event.

6365862.1

(g)     <u>The Time Limitations Imposed by the Client or the Circumstances.</u>  Upon our selection, BRG was under significant time pressure to get up to speed in the case and to analyze and respond to the actions taken by the Debtors in advance of the Committee's appointment.

(h)     <u>The Amount Involved and the Results Obtained.</u>  BRG's assistance has allowed the Committee to retain maximum value for its constituents.

(i)     <u>The Experience, Reputation, and Ability of the Attorneys.</u>  BRG has a wealth of experience in providing financial consulting in distressed scenarios and enjoys an excellent reputation for services it has rendered in large and complex chapter 11 cases on behalf of debtors and creditors throughout the United States

(j)     <u>The Desirability or Undesirability of the Case.</u>  These Cases are not undesirable, however do involve a certain level of risk given the professional fee carveout and stalking horse bid amount.

(k)     <u>The Nature and Length of the Professional Relationship between the Attorney and the Client.</u>  BRG was first engaged by the Committee upon its appointment in January 2025.

(l)     <u>Awards in Similar Cases.</u>  The fees requested by BRG for the Fee Period are consistent with the fees requested for similar services rendered in Chapter 11 cases of similar size and complexity by other national firms comparable in experience and reputation as BRG.

## **NOTICE AND NO PRIOR APPLICATION**

62.     Pursuant to the Interim Compensation Order, the Application is being served upon

the Notice Parties (as defined therein). In light of the nature of the relief requested herein, BRG submits that no further or other notice is required.

63.     With respect to these amounts, as of the date of the Application, BRG has received payments only as described herein, and no previous application for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, BRG respectfully requests: (a) that it be allowed on an interim basis (i) fees in the amount of $791,251.00 for reasonable, actual and necessary services rendered by it on behalf of the Committee during the Fee Period and (ii) reimbursement of $648.75 for reasonable, actual and necessary expenses incurred during the Fee Period; (b) that the Debtors be authorized and directed to immediately pay to BRG the amount of $791, 899.75 which is equal to the sum of 100% of BRG's fees and expenses incurred during the Fee Period that remain unpaid, and (c) and granting such other and further relief as the Court may deem just and proper.


Dated: April 30, 2025                    **Berkeley Research Group, LLC**


                              By:  */s/ David Galfus*
                                   David Galfus
                                   Managing Director
                                   250 Pehle Avenue, Suite 301
                                   Saddle Brook, NJ 07663
                                   (201) 587-7117
                                   dgalfus@thinkbrg.com

                                   *Financial Advisor for the Official Committee of*
                                   *Unsecured Creditors*

6365862.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of April, 2025, a copy of the foregoing was

served via the Court's CM/ECF filing system on the parties set forth below.

- Jan Berlage    JBerlage@GHSLLP.com, tcollins@ghsllp.com
- Hugh M. (UST) Bernstein    hugh.m.bernstein@usdoj.gov
- Daniel Jack Blum    jack.blum@polsinelli.com, lsuprum@polsinelli.com; delawaredocketing@polsinelli.com
- Laura Skowronski Bouyea    lsbouyea@venable.com, dmdierdorff@venable.com
- Thomas K. Bredar    thomas.bredar@wilmerhale.com, andrew.goldman@wilmerhale.com; benjamin.loveland@wilmerhale.com; yolande.thompson@wilmerhale.com
- Andrew Brown    abrown@klestadt.com
- Richard L. Costella    rcostella@tydings.com, scalloway@tydings.com
- David W.T. Daniels    ddaniels@perkinscoie.com, docketnyc@perkinscoie.com; nvargas@perkinscoie.com; KMcClure@perkinscoie.com
- Turner Falk    turner.falk@saul.com, tnfalk@recap.email; Veronica.Marchiondo@saul.com
- Justin Philip Fasano    jfasano@mhlawyers.com, jfasano@ecf.courtdrive.com; tmackey@mhlawyers.com; hleaphart@mhlawyers.com; cmartin@mhlawyers.com; Fasano.JustinR92003@notify.bestcase.com
- Ashley N Fellona    ashley.fellona@saul.com, janice.mast@saul.com
- Gianfranco Finizio    gfinizio@lowenstein.com
- Chelsea R Frankel    cfrankel@lowenstein.com
- Stephen B. Gerald    sgerald@tydings.com
- Christopher J. Giaimo    christopher.giaimo@squirepb.com, christopher.giaimo@squirepb.com;christopher-j-giaimo-6409@ecf.pacerpro.com
- Zvi Guttman    zvi@zviguttman.com, zviguttman@gmail.com,zviguttman@outlook.com
- Jeffrey C. Hampton    jeffrey.hampton@saul.com
- Adam H Isenberg    adam.isenberg@saul.com
- Toyja E. Kelley    toyja.kelley@lockelord.com
- C. Kevin Kobbe    kevin.kobbe@us.dlapiper.com, docketing-baltimore-0421@ecf.pacerpro.com
- Eric George Korphage    korphagee@whiteandwilliams.com
- Jung Yong Lee    jlee@tydings.com, mhickman@tydings.com
- Gary H. Leibowitz    gleibowitz@coleschotz.com, pratkowiak@coleschotz.com; bankruptcy@coleschotz.com; lmorton@coleschotz.com
- Mark Minuti    mark.minuti@saul.com, robyn.warren@saul.com
- Bruce S. Nathan    bnathan@lowenstein.com
- Michael Papandrea    mpapandrea@lowenstein.com
- Steven Gregory Polard    steven.polard@ropers.com
- Jordan Rosenfeld    jordan.rosenfeld@saul.com
- Nikolaus F. Schandlbauer    nick.schandlbauer@arlaw.com, lianna.sarasola@arlaw.com

6365862.1

- Elizabeth Anne Scully     escully@bakerlaw.com
- Dennis J. Shaffer     dshaffer@tydings.com, scalloway@tydings.com; mhickman@tydings.com; jlee@tydings.com
- Indira Kavita Sharma     indira.sharma@troutman.com, katherine.culbertson@troutman.com; jonathan.young@troutman.com; david.ruediger@troutman.com; errol.chapman@troutman.com; toyja.kelley@troutman.com
- Nicholas Smargiassi     nicholas.smargiassi@saul.com
- Brent C. Strickland     bstrickland@wtplaw.com, mbaum@wtplaw.com; brent-strickland-3227@ecf.pacerpro.com
- Paige Noelle Topper     paige.topper@saul.com
- US Trustee - Baltimore     USTPRegion04.BA.ECF@USDOJ.GOV


*/s/ Dennis J. Shaffer*
Dennis J. Shaffer (MD Fed. Bar No. 25680)
TYDINGS & ROSENBERG LLP
1 East Pratt Street, Suite 901
Baltimore, Maryland 21202
Telephone: (410) 752-9700
Email: dshaffer@tydings.com

6365862.1