**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | |
|---|---|
| In re: | Chapter 11 Cases |
| Diamond Comic Distributors, Inc., *et al.*,[1] | Case No. 25-10308 (DER) |
| Debtors. | (Jointly Administered) |

**SUMMARY OF FIRST INTERIM FEE APPLICATION OF LOWENSTEIN SANDLER LLP, AS CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR SERVICES RENDERED AND EXPENSES INCURRED FOR THE PERIOD BETWEEN JANUARY 30, 2025 AND MARCH 31, 2025**

Name of Applicant:    **Lowenstein Sandler LLP**

Authorized to Provide Professional Services to: **Official Committee of Unsecured Creditors**

Date of Retention: **March 17, 2025, effective as of January 30, 2025 [D.I. 225]**

Period for Which Compensation and Reimbursement is Sought:    **January 30, 2025 through March 31, 2025**

Amount of Compensation Sought as Actual, Reasonable and Necessary: **$945,845.25**

Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: **$3,675.87**

This is an: **interim fee application.**

## PRIOR APPLICATION HISTORY

| | | | Requested | | Monthly Statements | | Certificate |
|---|---|---|---|---|---|---|---|
| **Application** | **Date Filed** | **Period Covered** | **Fees 100%** | **Expenses** | **Fees 80%** | **Expenses** | **of No Objection / Signed Order** |
| **1ˢᵗ Monthly** | 4/1/25 D.I. 291 | 1/30/25 – 2/28/25 | $494,220.25 | $3,025.26 | $395,376.20 | $3,025.26 | 4/17/25 D.I. 354 |
| **2ⁿᵈ Monthly** | 4/29/25 D.I. 382 | 3/1/25 – 3/31/25 | $451,625.00 | $650.61 | $361,300.00 | $650.61 | Pending |

---

[1]    The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

Dated: April 30, 2025

/s/ *Dennis J. Shaffer*

Dennis J. Shaffer, (MD Bar No. 25680)
Stephen B. Gerald (MD Bar No. 26590)
**TYDINGS & ROSENBERG LLP**
One East Pratt Street, Suite 901
Baltimore, Maryland 21202
Telephone (410) 752-9715
E-mail: dshaffer@tydings.com
E-mail: sgerald@tydings.com

-and-

**LOWENSTEIN SANDLER LLP**

Bruce S. Nathan, Esq. (admitted *pro hac vice*)
Gianfranco Finizio, Esq. (admitted *pro hac vice*)
Chelsea R. Frankel, Esq. (admitted *pro hac vice*)
1251 Avenue of the Americas, 17th Floor
New York, New York 10020
Phone: (212) 262-6700
E-mail: bnathan@lowenstein.com
E-mail: gfinizio@lowenstein.com
E-mail: cfrankel@lowenstein.com

-and-

Michael Papandrea, Esq. (admitted *pro hac vice*)
One Lowenstein Drive
Roseland, NJ 07068
Telephone: (973) 597-2500
E-mail: mpapandrea@lowenstein.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re: | Chapter 11 Cases |
| Diamond Comic Distributors, Inc., *et al.*,[1] | Case No. 25-10308 (DER) |
| Debtors. | (Jointly Administered) |

**FIRST INTERIM FEE APPLICATION OF LOWENSTEIN SANDLER LLP,
AS CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, FOR SERVICES RENDERED AND EXPENSES INCURRED FOR THE
PERIOD BETWEEN JANUARY 30, 2025 AND MARCH 31, 2025**

Lowenstein Sandler LLP ("Lowenstein Sandler"), as co-counsel to the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-referenced chapter 11 cases of Diamond Comic Distributors, Inc., *et al* (the "Debtors"), hereby submits this first application for an allowance of interim compensation in the amount of $945,845.25 for professional services rendered to the Committee between January 30, 2025 and March 31, 2025 (the "Application Period") and for reimbursement of actual and necessary out-of-pocket expenses incurred in the amount of $3,675.87 pursuant to *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* (the "Interim Compensation Order") [D.I. 203] entered by the Court on March 10 2025. In support, Lowenstein states as follows:

## I.    JURISDICTION AND VENUE

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and *Standing Order 2012-05* from the United States District Court for the District of Maryland. This

---

[1]    The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Application is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and rule predicates for the relief requested herein are sections 330 and 331 of the title 11 of the U.S. Code (the "Bankruptcy Code"), Local Bankruptcy Rule 2016-1, and the *Appendix D Compensation Guidelines for Professionals in the United States Bankruptcy Court for the District of Maryland* (the "Maryland Compensation Guidelines").

## II.    BACKGROUND

3. On January 14, 2025 (the "Petition Date"), each of the Debtors filed in this Court, voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Maryland, Baltimore Division (the "Court") commencing these cases (the "Chapter 11 Cases"). Pursuant to 11 U.S.C. §§ 1107(a) and 1108, the Debtors continue to operate their businesses and conduct their affairs as debtors-in-possession.

4. On January 29, 2025, the United States Trustee for the District of Maryland (the "U.S. Trustee") appointed the Committee pursuant to 11 U.S.C. § 1102 [D.I. 90]. The Committee is comprised of three members: (i) Little Buddy Toys, LLC; (ii) Simon & Schuster, LLC; and (iii) Titan Publishing Group Limited/Titan Comics.

5. On January 30, 2025, the Committee selected Lowenstein Sandler as lead counsel to the Committee. The Committee subsequently selected Tydings & Rosenberg LLP ("Tydings") to serve as its local counsel and Berkeley Research Group ("BRG") to serve as its financial advisor in the Chapter 11 Cases.

6. Information regarding the Debtors' history, business operations, capital structure, secured indebtedness, and the events leading up to the commencement of the Chapter 11 Cases can be found in the *Declaration of Robert Gorin in Support of First Day Relief* [D.I. 20].

7. On February 24, 2025, the Committee filed an application to employ Lowenstein

2

Sandler as counsel to the Committee in these proceedings [D.I. 169], and on March 17, 2025, this Court entered an order authorizing the Committee to employ Lowenstein Sandler as its counsel [D.I. 225] (the "Retention Order"). The Retention Order authorizes Lowenstein Sandler to be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the applicable Federal Rules of Bankruptcy Procedure, the rules of this Court and the Interim Compensation Order.

8.    Professionals are required to comply with certain requirements of the *United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330 by Attorneys in Larger Chapter 11 Cases* (the "Revised UST Guidelines").  The Office of the United States Trustee has promulgated forms to aid in compliance with the Revised UST Guidelines. Charts and tables based on such forms are attached hereto as exhibits and filled out with data to the extent relevant to the Chapter 11 Cases:

| | |
|---|---|
| **Exhibit A:** | Customary And Comparable Compensation Disclosures With Fee Applications; |
| **Exhibit B:** | Summary Of Timekeepers Included In This Fee Application; |
| **Exhibit C:** | Budget and Staffing Plan; |
| **Exhibit D:** | Summary of Compensation By Project Category and Time Detail; |
| **Exhibit E**: | Summary of Expense Reimbursement Requested By Category and Expense Detail; and |
| **Exhibit F:** | Summary Cover Sheet of Fee Application. |

## II.    LOWENSTEIN SANDLER'S APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

9.    Lowenstein Sandler's monthly fee statements (the "Monthly Fee Statements") for the periods of January 30, 2025 through March 31, 2025 have been filed and served pursuant to the Interim Compensation Order:

10.    On April 1, 2025, Lowenstein Sandler filed its *Monthly Fee Statement of*

*Lowenstein Sandler LLP, As Co-Counsel for the Official Committee of Unsecured Creditors for Services Rendered and Expenses Incurred for the Period January 30, 2025 through February 28, 2025* [D.I. 291] (the "First Monthly Fee Statement") requesting $494,220.25 in fees and $3,025.26 in expenses. The certification of no objection for the First Monthly Fee Statement was filed on April 17, 2025 [Docket No. 354].

11.     On April 29, 2025, Lowenstein Sandler filed its *Second Monthly Fee Statement of Lowenstein Sandler LLP as Co-Counsel for the Official Committee of Unsecured Creditors for Services Rendered and Expenses Incurred for the Period from March 1, 2025 through March 31, 2025* [D.I. 382] (the "Second Monthly Fee Statement") requesting $451,625.00 in fees and $650.61 in expenses. The Second Monthly Fee Application is pending.

12.     In accordance with the Interim Compensation Order, Lowenstein Sandler seeks interim approval and payment in an amount equal to the difference between the full amount of fees and expenses requested in the above-referenced Monthly Fee Statements and the actual payments received by Lowenstein Sandler on account of the Monthly Fee Statements.

###     III.        LEGAL STANDARD FOR AWARDING COMPENSATION

13.     The legal standard for awarding compensation is set forth by the Bankruptcy Code. Bankruptcy Rule 2016, Local Bankruptcy Rule 2016-1 and the Maryland Compensation Guidelines set forth the format for fee applications.

14.     Under § 330(a)(1) of the Code, the Court may award attorneys reasonable compensation for actual, necessary services rendered by such attorneys and paraprofessionals employed by such attorneys based upon the nature, extent and value of the services rendered, time spent on such services, and the cost of comparable services in cases other than bankruptcy cases.

15.     The Court may also award reimbursement for actual, necessary expenses. The

4

expenses incurred by Lowenstein Sandler as set forth herein include reasonable and necessary charges for services such as photocopying. These expenses have been charged in compliance with the standards set forth in the Maryland Compensation Guidelines.

16.     Courts frequently look to the "lodestar" formula in assessing attorneys' fees. Under this approach, courts consider the number of hours of service reasonably devoted to the case, multiplied by the attorneys' reasonable rates. This sum may be adjusted to reflect the characteristics of the particular case, and the reputation of the attorney. *See, e.g. Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354, 361 (D.D.C. 1983), *aff'd in part, rev'd in part*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021, 105 S. Ct. 3488 (1985).

17.     Many courts frequently consider the specific lodestar factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) and applied in bankruptcy cases. *See, e.g., In re First Colonial Corp.*, 544 F.2d 1291, 1298-99 (5th Cir.), *cert. denied*, 431 U.S. 904 (1977). The Fourth Circuit Court of Appeals adopted these tests in *Barber v. Kimbrells, Inc.*, 577 F.2d 216, 226 (4th Cir.), *cert. denied*, 439 U.S. 934 (1978). In *Anderson v. Morris*, 658 F.2d 246, 249 (4th Cir. 1981), the Fourth Circuit held that the District Court should consider the lodestar approach, which encompasses the *Johnson* factors (a) and (e) as set forth below, and then adjust the fee on the basis of the remaining *Johnson* factors. The *Johnson* factors are:

a.   the time and labor required;

b.   the novelty and difficulty of the questions;

c.   the skill requisite to perform the legal service properly;

d.   the preclusion of other employment by the attorney due to acceptance of the case;

e.   the customary fee;

f.   whether the fee is fixed or contingent;

g.   time limitations imposed by the client of the circumstances;

    h.   the amount involved and the results obtained;

    i.   the experience, reputation, and ability of the attorneys;

    j.   the "undesirability" of the case;

    k.   the nature and length of the professional relationship with the client; and

    l.   awards in similar cases.

*Johnson*, 488 F.2d at 717-719; *Barber*, 577 F.2d at 226 n.28; *Anderson*, 568 F.2d at 248 n.2.

18.    In *In re Bernard Hill*, 133 B.R. 61 (Bankr. D. Md. 1991), the United States Bankruptcy Court for the District of Maryland supplemented the general lodestar principals by establishing ten "cardinal rules" with which fee applications should comply:

    a.   Fee applications must make sense;

    b.   Fee applications must indicate what work was performed, when it was performed and how much money is being charged for performing it;

    c.   Services rendered should be reported in several broad, general categories;

    d.   Fee applications must contain a "lodestar" analysis;

    e.   Fee applications must indicate how much in time and money was "written off" in the exercise of billing judgment;

    f.   Numbers must add up;

    g.   The names of the individuals who rendered services, together with their hourly rates and years of experience, must be disclosed;

    h.   Time records must be submitted with the fee application;

    i.   Out-of-pocket expenses for which reimbursement is sought must be set forth in the application; and

    j.   When more than one professional or firm of professionals is appointed to represent or furnish similar services to a debtor, the fee application(s) must indicate a clear division of labor and non-duplicative effort.

19.    As set forth in the Maryland Compensation Guidelines, Lowenstein Sandler has broken down the services rendered and charges assessed by general categories reflecting the substantive type of services performed. During the Application Period, Lowenstein Sandler

utilized a category breakdown of its services as set forth in **Exhibit D** hereto.

20.     Although Lowenstein Sandler endeavored to place all time entries into the respective categories indicated in **Exhibit D**, it should be recognized that often one activity will encompass more than one category. In those instances, Lowenstein Sandler attempted to place that time entry into the category which represents the most dominant purpose of the services rendered. No time entries appear in more than one category.

## IV.     ITEMIZATION OF SERVICES RENDERED AND DISBURSEMENTS MADE BY PROJECT CATEGORY

21.     A detailed itemization of the services rendered in each of project categories in which services have been rendered is set forth in **Exhibit D** hereto. To apprise this Court of the legal services provided during the Application Period, Lowenstein Sandler sets forth the following summary of legal services provided. However, this summary is intended only to highlight the general categories of services performed by Lowenstein Sandler on behalf of the Committee. It is not intended to set forth each and every item of professional services which Lowenstein Sandler performed.[2]

> a.     **Case Administration** (37.10 hours; $30,943.50) This category includes many different tasks necessary to comply with the requirements of this Court, the Office of the United States Trustee, and/or the Bankruptcy Code, including without limitation, reviewing general case documents, reviewing and maintaining dockets and case calendars, as well as other miscellaneous tasks not otherwise separately classifiable. This category also includes time spent by Lowenstein Sandler engaging in internal and external communications about initial case matters, scheduling, strategy, workstreams and case action items.

> b.     **Asset Analysis and Recovery** (46.60 hours; $45,249.00) This

---

[2] Categories in which 5 hours of time or less were billed are not included in this summary.

category includes, among other things, time spent by Lowenstein Sandler in connection with Committee's research into potential estate claims, including: (a) drafting, revising, and finalizing numerous document demand letters directed to various case parties; (b) coordinating with the Committee's financial advisor on the scope and strategy for document production, including developing and refining document request strategies; (c) conducting legal research and analysis on potential causes of action; (d) investigating potential claims and causes of action against non-debtor affiliates and the Debtors' equityholders; (e) researching relevant statutes of limitations and Maryland case law to assess viability of claims; (f) summarizing key issues for the Committee's financial advisor and drafting related updates and memoranda; (g) conducting research and analyzing assets, secured claims, and related issues; and (h) regularly communicating with the Committee's financial advisor regarding all of the above.

c.    **Investigation of Prepetition Lenders** (99.00 hours; $96,922.00) This category includes, among other things, time spent by Lowenstein Sandler in connection with the Committee's investigation into the acts, conduct, assets, liabilities and financial condition of the Debtor and its secured lenders, and potential estate claims, including: (a) drafting and revising multiple lien-related document requests to Debtors, non-Debtor affiliates, and secured lenders; (b) analyzing lien validity, priority, and potential defects, and drafting a prepetition lien analysis memorandum; and (c) conferring internally regarding critical case timelines, including challenge deadlines and strategic litigation planning.

d.    **Asset Disposition** (211.10 hours; $253,948.50) This category includes time spent by Lowenstein Sandler attending to the sale of the Debtors'

8

assets, including: (a) preparing for and participating in numerous calls and conferences with Debtors' counsel and the Committee's financial advisor to address key issues related to bid procedures, the sale process, UK assets, financing, budget concerns, and ongoing investigations; (b) reviewing and analyzing the bid procedures motion, related exhibits, and subsequent revisions thereto; (c) conferring with the Committee's financial advisor to evaluate M&A updates, marketing strategies, and diligence requests; (d) reviewing asset purchase agreements from bidders and comparing key provisions; (e) participating in calls with various case parties to discuss transaction structure, and outstanding sale issues; (f) reviewing and commenting on the common interest agreement; (g) reviewing and attending to various sale objections; and (h) conferring with Debtors' counsel regarding the status of sale negotiations.

e.    **Meetings of and Communication with Creditors** (118.90 hours; $131,164.50) This category includes time spent by Lowenstein Sandler: (a) addressing the initial organizational matters associated with establishing a functioning Committee, including, but not limited to, retention of itself and Maryland co-counsel, interviewing and retaining the Committee's financial advisor, preparing Committee bylaws and non-disclosure agreements with the Debtors; (b) preparing for and participating in initial and weekly Committee calls, including discussions on FA interviews, financing, sale motions, and other procedural matters; (c) drafting and revising updates on case progress, committee actions, and various motions, particularly regarding sale procedures, KEIP/KERP issues, and lien review; and (d) reviewing and commenting on presentations for the Committee prepared by the Committee's financial advisor.

f.      **Fee/Employment Applications** (26.40 hours; $20,133.50) This category includes time spent preparing and filing Lowenstein Sandler's retention application and preparing and filing its monthly fee statements.

g.      **Employment and Retention Applications - Others** (14.90 hours; $15,527.50) This category includes time spent by Lowenstein Sandler in connection with the Committee's retention of a financial advisor, reviewing and analyzing retention applications filed by the Debtors' professionals, and reviewing and revising the Committee's financial advisor's monthly fee statements.

h.      **Assumption/Rejection of Leases and Contracts** (12.10 hours; $13,162.00) This category includes time spent by Lowenstein Sandler in connection with (a) reviewing Debtors' initial and supplemental notices of possible assumption and assignment of executory contracts, including related cure notices and cure claim allocations; (b) reviewing and analyzing objections and responses to assumption and cure from various contract counterparties; and (c) reviewing lease and executory contract summaries from Debtors' counsel.

i.      **Non-Working Travel** (16.70 hours; $9,333.75) - This category includes time spent by Lowenstein Sandler traveling to the auction and to hearings on behalf of the Committee. Time in this category is billed at 50% of Lowenstein's usual rates.

j.      **Business Operations** (28.30 hours; $32,925.50) - This category includes time spent by Lowenstein Sandler: (a) reviewing and commenting on operational second day motions and proposed final orders, including those related to customer programs, shippers, and critical vendors; (b) reviewing updates and analyses from Debtors' counsel regarding amounts owed to critical vendors, current

10

arrangements, and payment updates; (c) reviewing the Debtors' variance reports, budget, and financial statements, including reports on cash receipts, operating and non-operating expenses, and net cash flow; (d) reviewing and summarizing media reports and industry news coverage on the Debtors' business operations, supplier and publisher relationships, and the sale process, as well as reports from comic book store owners and online forums  regarding  the Debtors' bankruptcy impact; and (e) conducting legal research regarding consignment issues.

k.    **Employee Benefits/Pensions** (66.90 hours; $70,039.00)  This category includes time spent by Lowenstein Sandler: (a) reviewing and analyzing KEIP/KERP motion, the proposed KEIP program, and Debtors' filings and replies in support of the motion; (b) reviewing KEIP insiders, assessing counterproposals, and analyzing the Debtors' revised KEIP/KERP orders; (c) reviewing and analyzing the U.S. Trustee's objection to the KEIP/KERP motion; (d) drafting and revising the Committee's objection and reservation of rights to the KEIP/KERP motion; and (e) participating in KEIP/KERP settlement negotiations.

l.    **Financing/Cash Collateral** (170.40 hours; $186,076.00)  This category includes time Lowenstein Sandler spent: (a) reviewing and analyzing the Debtors' DIP financing motion, interim order and budget; (b) reviewing multiple drafts and redlines of the final DIP financing order, supplemental interim orders, and amendments to the credit agreement; (c) analyzing cash budgets, budget-to-actuals, success fee alternatives, borrowing base mechanics, and post-sale financing; (d) drafting, and revising the Committee's objection to the Debtors' DIP financing; (e) conferring with the Committee's financial advisor regarding financing issues, cash flow, and budget questions; (f) negotiating with the Debtors' and lender's counsel

regarding terms of the final DIP Financing order; (g) conferring with Debtors' counsel regarding the Debtors' liquidity analysis; (h) reviewing and commenting on the Debtors' motion to approve a stipulation between the Debtors and lenders amending the DIP credit agreement; and (i) attending to the adjustment of certain DIP milestones.

m.    **Claims Administration** (14.70 hours; $14,555.00) This category includes time spent by Lowenstein Sandler (a) reviewing, summarizing and commenting on the Debtors' bar date motion, proposed order and related notice; (b) reviewing and analyzing the claims register to assess estimated general unsecured claims pool; (c) communicating with Debtors' counsel regarding consignment issues and conducting legal research on consignment claims; and (d) reviewing and analyzing the claims register for section 503(b)(9) and other priority claims.

n.    **Court Hearings** (11.80 hours; $14,504.00) This category includes time spent by Lowenstein Sandler preparing for and attending various court hearings on behalf of the Committee.

o.    **Schedules and Statements** (5.40 hours; $5,747.50) This category includes time spent by Lowenstein Sandler reviewing and analyzing the Debtors' schedules of assets and liabilities and statements of financial affairs.

## V.    DISBURSEMENTS

22.    Lowenstein Sandler's out-of-pocket disbursements in the amount of $3,675.87, made in connection with its representation of the Committee during the Application Period include computerized legal research, travel expenses, and working meals as set forth in **Exhibit E** hereto.

23.    A summary of the total disbursements is as follows:

| Category | Amount |
|---|---:|
| Computerized legal research | $1,655.46 |
| Travel | $1,991.71 |
| Working meals | $28.70 |
| **Total Disbursements** | $3,675.87 |

## VI.   LODESTAR ANALYSIS

24.    The legal standards for approval of compensation to counsel require counsel to provide an analysis that applies the legal standards to the services rendered and disbursements made. Lowenstein Sandler submits the following lodestar analysis in support of its request for allowance of fees and disbursements.

a.  The time and labor required. The amount of time required to represent the Committee during the Application Period was extremely heavy. After Lowenstein Sandler was selected by the Committee as co-counsel, the firm was immediately tasked with a number of projects as described in paragraph 21 above.

b.  Novelty and difficulty of the questions.  The Chapter 11 Cases involve a large sophisticated business with multiple divisions with issues regarding the sale of substantially all of the Debtors' assets and secured financing.  Lowenstein Sandler performed the necessary work and advised the Committee with respect to each of the aforementioned, as well as other matters, particularly how they are addressed in this District.

c.  The skill requisite to perform the legal service properly. Lowenstein Sandler adeptly exercised the skill required to perform these services properly.

d.  The preclusion of other employment by the firm due to the acceptance of these cases. Although Lowenstein Sandler has not had to turn away other

13

work because of these cases, it was required to work on these cases in lieu of working on other cases at various stages of these bankruptcy proceedings.

e.  <u>The customary fee for similar work</u>. Lowenstein Sandler submits that the fees sought herein are warranted and are generally less than competitor fees for firms with comparable national practices.

f.  <u>Whether the fee is fixed or contingent</u>. Pursuant to the Bankruptcy Code and the Interim Compensation Order, all fees sought by professionals retained by the Committee are subject to approval of this Court.

g.  <u>The limitations imposed by the client or circumstances</u>. In general, Lowenstein Sandler has had to deal only with the general time constraints associated with Chapter 11 cases.

h.  <u>The amounts involved and the results obtained</u>. The Committee has worked throughout the case to ensure that the rights of creditors have been protected.

i.  <u>Experience, reputation and ability of the attorneys</u>. Lowenstein Sandler's attorneys have broad-based experience and a national reputation in bankruptcy and reorganization proceedings, and extensive experience representing official committee of unsecured creditors, particularly in publishing-related bankruptcy cases. Lowenstein Sandler has represented official committees of unsecured creditors in numerous chapter 11 cases in multiple districts nationwide.

j.  <u>The "undesirability" of these cases</u>. These cases cannot be said to be undesirable.

k.  <u>The nature and length of the firm's professional relationship with the client</u>. The Committee retained Lowenstein Sandler on January 30, 2025.

14

l.    <u>Awards made in similar cases</u>. Lowenstein Sandler submits that its request for compensation is within the usual and customary awards granted in similar cases.

25.    In addition to the *Johnson* factors discussed above, Lowenstein Sandler submits that this application satisfies the ten cardinal rules set forth in *Bernard Hill*.

(a)    This Application makes sense as it is structured to convey the information contained herein in an understandable and consistent manner.

(b)    This Application contains dates and categories of work that reflect what work was performed and when it was performed. Further, the attached exhibits contain more detail on each specific item billed, the date the work was performed and how much money is being charged for the services performed.

(c)    This Application contains several broad and general categories of work performed and substantiation for the work.

(d)    This Application contains a lodestar analysis.

(e)    The breakdown of services and disbursements in this Application adds up.

(f)    The names of the individuals who rendered services, together with their hourly rates, have been disclosed. The experience of the partners in charge has been set out therein.

(g)    A complete printout of detailed time records has been submitted with this Application.

(h)    Lowenstein Sandler has deliberately and effectively divided work streams. Tydings has handled numerous hearings without Lowenstein Sandler attending, and Tydings has primarily reviewed and commented on motions that are routine and involve local practice, such as motions to approve interim compensation procedures and to extend the time period during which the Debtors may remove actions. Any furnishing of similar services by professionals was necessary and clearly indicated in the time records. Notwithstanding this economical staffing, Lowenstein Sandler has internally written off $33,023.75 of recorded time in the exercise of its billing discretion during the Application Period.

(i)    This Application does not contain any bill for any other firm or professionals other than Lowenstein Sandler.

(j)    The services performed by each professional at Lowenstein Sandler are set forth independently in the exhibits.

15

## VII.    <u>WAIVER OF MEMORANDUM OF LAW</u>

26.    Pursuant to Local Rule 9013-2, T&R states that, in lieu of submitting a memorandum in support of this Application, T&R will rely solely upon the grounds and authorities set forth herein.

## VIII.    <u>CONCLUSION</u>

27.    Lowenstein Sandler seeks allowance and authorization of payment of fees in the amount of $945,845.25 and reimbursement of out-of-pocket expenses incurred in the amount of $3,675.87.

**WHEREFORE**, Lowenstein Sandler respectfully requests that this Court enter an Order, substantially in the form submitted herewith: (a) granting this Application; (b) allowing compensation on an interim basis to Lowenstein Sandler in the amount of $945,845.25; (c) allowing reimbursement of out-of-pocket expenses to Lowenstein Sandler in the amount of $3,675.87; (d) allowing said fees and expenses as a cost and expense of administration; and (e) granting such other relief as is just and equitable.


Dated: April 30, 2025

*/s/ Dennis J. Shaffer*
Dennis J. Shaffer, (MD Bar No. 25680)
Stephen B. Gerald (MD Bar No. 26590)
Jung Yong Lee (MD Fed. Bar No. 22077)
**TYDINGS & ROSENBERG LLP**
One East Pratt Street, Suite 901
Baltimore, Maryland 21202
Telephone (410) 752-9715
E-mail: dshaffer@tydings.com
E-mail: sgerald@tydings.com
E-mail: lee@tydings.com

-and-

**LOWENSTEIN SANDLER LLP**

Bruce S. Nathan, Esq. (admitted *pro hac vice*)
Gianfranco Finizio, Esq. (admitted *pro hac vice*)
Chelsea R. Frankel, Esq. (admitted *pro hac vice*)

16

1251 Avenue of the Americas, 17th Floor
New York, New York 10020
Phone: (212) 262-6700
E-mail: bnathan@lowenstein.com
E-mail: gfinizio@lowenstein.com
E-mail: cfrankel@lowenstein.com

-and-

Michael Papandrea, Esq. (admitted *pro hac vice*)
One Lowenstein Drive
Roseland, NJ 07068
Telephone: (973) 597-2500
E-mail: mpapandrea@lowenstein.com

*Co-Counsel to the Official Committee of Unsecured
Creditors*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 30th day of April, 2025, a copy of the foregoing First

Application of Lowenstein Sandler LLP, Co-Counsel to the Official Committee of Unsecured

Creditors, for Allowance of Interim Compensation and Reimbursement of Expenses, Exhibits

and Proposed Order were served by CM/ECF.

- Jan Berlage    JBerlage@GHSLLP.com, tcollins@ghsllp.com
- Hugh M. (UST) Bernstein    hugh.m.bernstein@usdoj.gov
- Daniel Jack Blum    jack.blum@polsinelli.com, lsuprum@polsinelli.com;delawaredocketing@polsinelli.com
- Laura Skowronski Bouyea    lsbouyea@venable.com, dmdierdorff@venable.com
- Thomas K. Bredar    thomas.bredar@wilmerhale.com, andrew.goldman@wilmerhale.com;benjamin.loveland@wilmerhale.com;yolande.thompson@wilmerhale.com
- Andrew Brown    abrown@klestadt.com
- Richard L. Costella    rcostella@tydings.com, scalloway@tydings.com
- David W.T. Daniels    ddaniels@perkinscoie.com, docketnyc@perkinscoie.com;nvargas@perkinscoie.com;KMcClure@perkinscoie.com
- Turner Falk    turner.falk@saul.com, tnfalk@recap.email;Veronica.Marchiondo@saul.com
- Justin Philip Fasano    jfasano@mhlawyers.com, jfasano@ecf.courtdrive.com;tmackey@mhlawyers.com;hleaphart@mhlawyers.com;cmartin@mhlawyers.com;Fasano.JustinR92003@notify.bestcase.com
- Ashley N Fellona    ashley.fellona@saul.com, janice.mast@saul.com
- Gianfranco Finizio    gfinizio@lowenstein.com
- Chelsea R Frankel    cfrankel@lowenstein.com
- Stephen B. Gerald    sgerald@tydings.com
- Christopher J. Giaimo    christopher.giaimo@squirepb.com, christopher.giaimo@squirepb.com;christopher-j-giaimo-6409@ecf.pacerpro.com
- Zvi Guttman    zvi@zviguttman.com, zviguttman@gmail.com,zviguttman@outlook.com
- Jeffrey C. Hampton    jeffrey.hampton@saul.com
- Adam H Isenberg    adam.isenberg@saul.com
- Toyja E. Kelley    toyja.kelley@lockelord.com
- C. Kevin Kobbe    kevin.kobbe@us.dlapiper.com, docketing-baltimore-0421@ecf.pacerpro.com
- Eric George Korphage    korphagee@whiteandwilliams.com
- Jung Yong Lee    jlee@tydings.com, mhickman@tydings.com
- Gary H. Leibowitz    gleibowitz@coleschotz.com, pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;lmorton@coleschotz.com
- Mark Minuti    mark.minuti@saul.com, robyn.warren@saul.com
- Bruce S. Nathan    bnathan@lowenstein.com

18

- Michael Papandrea    mpapandrea@lowenstein.com
- Steven Gregory Polard    steven.polard@ropers.com
- Jordan Rosenfeld    jordan.rosenfeld@saul.com
- Nikolaus F. Schandlbauer    nick.schandlbauer@arlaw.com, lianna.sarasola@arlaw.com
- Elizabeth Anne Scully    escully@bakerlaw.com
- Dennis J. Shaffer    dshaffer@tydings.com,
  scalloway@tydings.com;mhickman@tydings.com;jlee@tydings.com
- Indira Kavita Sharma    indira.sharma@troutman.com,
  katherine.culbertson@troutman.com;jonathan.young@troutman.com;david.ruediger@troutman.com;errol.chapman@troutman.com;toyja.kelley@troutman.com
- Nicholas Smargiassi    nicholas.smargiassi@saul.com
- Brent C. Strickland    bstrickland@wtplaw.com, mbaum@wtplaw.com;brent-strickland-3227@ecf.pacerpro.com
- Paige Noelle Topper    paige.topper@saul.com
- US Trustee - Baltimore    USTPRegion04.BA.ECF@USDOJ.GOV

*/s/ Dennis J. Shaffer*
Dennis J. Shaffer