IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re: | Chapter 11 |
| Diamond Comic Distributors, Inc., *et al.*,[1] | Case No. 25-10308 (DER) |
| Debtors. | (Jointly Administered) |

**CERTIFICATION REGARDING FIRST INTERIM FEE APPLICATION OF LOWENSTEIN SANDLER LLP, AS CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR SERVICES RENDERED AND EXPENSES INCURRED FOR THE PERIOD BETWEEN JANUARY 30, 2025 AND MARCH 31, 2025**

1. I am a partner at the law firm of Lowenstein Sandler LLP ("Lowenstein Sandler"), co-counsel to the Official Committee of Unsecured Creditors (the "Committee") in the above captioned matter. I am admitted to practice in the state of New York and am admitted to this court *pro hac vice*. Lowenstein Sandler is a law firm with offices in New York, New Jersey, California, Utah, and Washington D.C.

2. I make this certification regarding the *First Interim Fee Application Of Lowenstein Sandler LLP, As Co-Counsel For The Official Committee Of Unsecured Creditors, For Services Rendered And Expenses Incurred For The Period Between January 30, 2025 And March 31, 2025* (the "Application") to certify to certain matters addressed in the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 203] (the "Interim Compensation Order").

3. Specifically, I have reviewed the interim period covered by the Application, and I

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

6366189.1

-1-

hereby certify that such application complies with the Interim Compensation Order and the applicable provisions of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") and the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland (the "Local Rules"). In addition, I hereby certify that, in accordance with the Interim Compensation Order, and in connection with preparing the Application, Lowenstein Sandler has made a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013* (the "U.S. Trustee Guidelines"). To that end, Lowenstein Sandler specifically responds to certain questions identified in the U.S. Trustee Guidelines as follows:

Question 1: Did Lowenstein Sandler agree to any variations from, or alternatives to, Lowenstein Sandler's standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.

Answer: No.

Question 2: If the fees sought in the Application as compared to the fees budgeted for the time period covered by the Application are higher by 10% or more, did Lowenstein Sandler discuss the reasons for the variation with the client?

Answer: The fees sought in the Application are more than 10% higher than the fees budgeted in the DIP financing order for the time covered by such application. The reasons for the variation were discussed with the client, which reasons include unanticipated issues related to the sale process, various amendments to the DIP financing, and other significant case issues. The budget is currently being revised in order to reflect those unanticipated issues during the Application Period, as well as to reflect unanticipated issues following the Application Period, including, but not limited to, litigation and remaining asset monetization.

Question 3: Have any of the professionals included in the Application varied their hourly rate based on geographic location of the bankruptcy case?

Answer: No.

Question 4: Does the Application include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices?

Answer: The Application includes time and fees related to preparing, reviewing or revising invoices in connection with the preparation of Monthly Fee Statements, together with such Monthly Fee Statements, relating to the Application Period covered by the Application, all in order to comply with the requirements and guidelines of the Maryland Compensation Guidelines.

Question 5: Does the Application include time for fees for reviewing time records to redact any privileged or other confidential information?

Answer: Yes.

Question 6: If the Application includes any rate increases since retention in these cases:

Answer: The Applications does not include any rate increases since retention in these cases.

Question 7. Did the client agree when retaining Lowenstein Sandler to accept all future rate increases? If not, did Lowenstein Sandler inform the client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

Answer: The client did not approve rate increases in advance but was notified at the outset of the engagement that Lowenstein Sandler's hourly rates are reviewed and revised from time to time, as described in Lowenstein Sandler's retention application.

Dated: April 30, 2025
New York, New York

/s/ Bruce S. Nathan
Bruce S. Nathan, Esq. (admitted *pro hac vice*)
LOWENSTEIN SANDLER LLP
1251 Avenue of the Americas, 17th Floor
New York, New York 10020
Phone: (212) 262-6700
E-mail: bnathan@lowenstein.com