## ATTACHMENT TO AMENDED JANUARY MONTHLY OPERATING REPORT

*General Methodology.* The debtors and debtors in possession in these chapter 11 cases (collectively, the "Debtors") have prepared this monthly operating report (the "MOR") with the assistance of their advisors and professionals solely for the purpose of complying with the reporting requirements applicable in chapter 11 cases. The financial and supplemental information contained herein is unaudited, limited in scope, and is not prepared in accordance with Generally Accepted Accounting Principles in the United States ("U.S. GAAP") nor in accordance with federal or state securities laws or other applicable non-bankruptcy law or in lieu of complying with any periodic reporting requirements thereunder. Upon the application of such principles, the Debtors believe that the financial information could be subject to material change.

The information included in the MOR was derived from the Debtors' books and records available at the time of preparation. The MOR was not prepared in accordance with U.S. GAAP and does not include all disclosures and adjustments required by U.S. GAAP. Specifically, the income statement was prepared on a cash basis and may not reflect all expenses or revenues attributable to the reporting period. In addition, the information has not been subject to the procedures typically applied to financing information in accordance with U.S. GAAP.

Although the Debtors used reasonable efforts to ensure the accuracy and completeness of the MOR, inadvertent errors or omissions may exist. Accordingly, the Debtors hereby reserve their rights to dispute the validity, status, enforceability, or executory nature of any claim amount, agreement, representation, or other statement set forth in this MOR. For the avoidance of doubt, the Debtors hereby reserve all rights to amend and supplement the MOR in all respects, as may be deemed necessary or appropriate, but shall be under no obligation to do so. Nothing contained in or omitted from this MOR shall constitute a waiver of any of the Debtors' rights or an admission with respect to the chapter 11 cases.

The signatory to the MOR has necessarily relied upon the efforts, statements, advice, and representations of personnel of the Debtors and their agents, advisors, attorneys, and other professionals. The signatory has not (and could not have) personally verified the accuracy of each such statement, representation, and answer contained in the MOR.

**MOR Part 7(a)**: the Debtors made specific payments on account of prepetition debt in accordance with the Bankruptcy Court's orders granting various first day relief and consistent with *the Interim Order (I) Authorizing the Debtors to Obtain Postpetition Senior Secured Financing and the Use of Cash Collateral; (II) Granting Adequate Protection; (III) Granting Liens and Superpriority Administrative Expense Claims; (IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief* (D.I. 54) (the "Interim DIP Order"). In particular, the Bankruptcy Court entered orders authorizing, but not directing, the Debtors to, among other things, pay certain prepetition (a) taxes and fee obligations, (b) insurance obligations, (c) shippers and freight forwarders claims, (d) critical vendor claims, and (e) employee wages, salaries, other compensation, staffing company obligations, and reimbursable expenses.

**MOR Part 7(c)**: certain insiders were paid salaries pursuant to the Debtors' authority to continue to make such payments in the ordinary course of business and in accordance with the Debtors' prepetition policies and practices under the *Order (I) Authorizing the Debtors to (A) Pay*

*Prepetition Employee Wages, Benefits, and Other Compensation Obligations and (B) Maintain the Compensation and Benefits Programs, and (II) Granting Related Relief* [D.I. 50].

**MOR Part 7(g)**: During the period of January 14–31, 2025, the Debtors borrowed under their postpetition DIP credit facility consistent with the Interim DIP Order.