**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc., *et al.*, | Chapter 11 |
| Debtors.[1] | (Jointly Administered) |
| | Re: D.I. 462 |

**DEBTORS' OBJECTION TO MOTION OF
DYNAMIC FORCES, INC. FOR ADMINISTRATIVE EXPENSE**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their undersigned counsel, object (this "Objection") to the *Motion of Dynamic Forces, Inc. for Administrative Expense* (the "Motion") [D.I. 462] filed by Dynamic Forces, Inc. ("Dynamite") and state as follows:

**Objection**

A.   **The Debtors dispute the asserted administrative claim amount.**

1.   While the Debtors do not dispute that Dynamite delivered goods to the Debtors postpetition and that certain amounts are owed on account of the goods delivered, the Debtors dispute the asserted claim amount ($509,114.21) in the Motion. In particular, the Debtors believe the asserted amount is overstated and fails to account for certain of the Debtors' setoff rights. The Debtors are in the process of reconciling the asserted amount with the Debtors' books and records, and therefore, reserve the right to supplement this Objection to further contest the alleged amounts sought in the Motion and further reserve all rights, claims and causes of action related thereto.

---

[1]   The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

**B.      Dynamite is not entitled to an administrative claim for attorneys' fees and interest.**

2. Dynamite relies exclusively on the Fourth Circuit's decision in *In re Midway Airlines Corp.*, to argue that it is entitled to an administrative claim for attorneys' fees and interest. But, *Midway Airlines* does not support Dynamite's argument. In *Midway Airlines*, the Fourth Circuit considered whether a lessor of personal property, asserting an administrative claim under section 365(d)(5) of the Bankruptcy Code (formerly section 365(d)(10)), was entitled to payment for all postpetition amounts due and owing by the debtor under the lease, including amounts for rent, taxes, interest, late fees, and attorneys' fees. 406 F.3d 229, 232–33 (4th Cir. 2005). The Fourth Circuit concluded that the claimant was entitled to an administrative claim for all amounts owed under the lease (inclusive of interest and attorneys' fees) based on the obligations imposed on a debtor under section 365(d)(5) of the Bankruptcy Code. *Id.* at 236; *see also* 11 U.S.C. § 365(d)(5) ("The trustee shall timely perform all of the obligations of the debtor, . . . first arising from or after 60 days after the order for relief in a case under chapter 11 of this title under an unexpired lease of personal property (other than personal property leased to an individual primarily for personal, family, or household purposes), until such lease is assumed or rejected notwithstanding section 503(b)(1) of this title").

3. Dynamite does not have—and, in fact, does not assert—an administrative claim under section 365(d)(5) because it is not a lessor of personal property. Rather, Dynamite asserts an administrative claim under section 503(b)(1)(A) of the Bankruptcy Code, which "requires *actual use* of the creditor's property by the debtor, thereby conferring a *concrete benefit* on the estate". *Ford Motor Credit Co. v. Dobbins*, 35 F.3d 860, 866 (4th Cir. 1994) (internal citations omitted) (emphasis in original); *see also In re Midway Airlines Corp.*, 406 F.3d at 234 ("Under § 503(b)(1)(A), however, a lessor is compensated only for the estate's actual and necessary use of

property; in other words, there is no automatic entitlement to all payments due under the lease."). Dynamite has not (and cannot) demonstrate that its asserted interest and attorneys' fees conferred a concrete benefit to the Debtors' estates. Accordingly, Dynamite's request for an administrative claim for its attorneys' fees and interest must be denied.

    **C.    To the extent that Dynamite has an administrative expense claim, immediate payment is not warranted.**

4. It is well established that the timing of payment of an administrative claim is left to the discretion of the court. *See In re Midway Airlines Corp.*, 406 F.3d 229, 242 (4th Cir. 2005) ("While an administrative expense under § 503(b) must be paid in cash on the effective date of the plan in a chapter 11 proceeding, . . . bankruptcy courts have wide latitude in deciding whether to order payment prior to these deadlines."); *see also In re Glob. Home Prods., LLC*, No. 06-10340 (KG), 2006 WL 3791955, at * 3 (Bankr. D. Del. Dec. 21, 2006) (first citing *In re Garden Ridge Corp.*, 323 B.R. 136 (Bankr. D. Del. 2005); then citing *In re Colortex Indus., Inc.*, 19 F.3d 1371, 1348 (11 Cir. 1994)); *In re HQ Glob. Holdings, Inc.*, 282 B.R. 169, 173 (Bankr. D. Del. 2002) (first citing *In re Colortex Indus.*, 19 F.3d at 1384; then citing *In Verco Indus.*, 20 B.R. 664, 665 (B.A.P. 9th Cir. 1982) and *In re Baptist Med. Ctr. of N.Y., Inc.*, 52 B.R. 417, 421 (E.D.N.Y. 1985)).

5. One of the chief factors that courts consider when determining whether to order immediate payment of an administrative expense "is bankruptcy's goal of an orderly and equal distribution among creditors and the need to prevent a race to a debtor's assets." *In re Glob. Home Prods., LLC*, 2006 WL 3791955, at *3 (quoting *In re HQ Glob. Holdings, Inc.*, 282 B.R. at 175). To receive immediate payment an administrative claimant "must show that 'there is a necessity to pay and not merely that the Debtors has the ability to pay.'" *Id.* (internal citations omitted).

6. Dynamite has not demonstrated that it will suffer any hardship should it not receive immediate payment. In the Motion, Dynamite merely asserts that it provided goods to the Debtors

-3-

postpetition and that it has not been paid on account of the postpetition goods provided. These assertions do not establish a particularized harm or prejudice sufficient to warrant immediate payment of Dynamite's claim. *See In re ATP Oil & Gas Corp.*, No. 12-36187, 2014 WL 1047818, at *10 (Bankr. S.D. Tex. Mar. 18, 2014) (noting that, where an administrative claimant merely points out that it agreed to provide goods and services to a debtor in good faith and that the hardship on the claimant is "self-evident," the claimant has not shown sufficient hardship to compel immediate payment of its administrative claim). Therefore, to the extent Dynamite has an allowed administrative expense claim, immediate payment of such claim is unwarranted and inappropriate.

### Waiver of Memorandum of Law

7. Pursuant to Local Bankruptcy Rule 9013-2, the Debtors state that, in lieu of submitting a memorandum in support of this Objection, the Debtors will rely on the grounds and authorities set forth herein.

### Notice

8. Notice of this Objection will be given to the following parties, or, in lieu thereof, to their counsel: (i) the Office of the United States Trustee for the District of Maryland; (ii) the Committee; (iii) counsel to JPMorgan Chase Bank, N.A.; (iv) counsel to Dynamite; and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested and the facts and circumstances of these chapter 11 cases, the Debtors submit that no other or further notice is necessary.

**Conclusion**

WHEREFORE, the Debtors respectfully request that the Court deny the Motion, and such other and further relief as is just and proper.

Dated: June 10, 2025            **SAUL EWING LLP**

By:/s/ *Jordan D. Rosenfeld*
Jordan D. Rosenfeld (MD Bar No. 13694)
1001 Fleet Street, 9th Floor
Baltimore, MD 21202
Telephone: (410) 332-8600
Email: jordan.rosenfeld@saul.com

-and-

Jeffrey C. Hampton (admitted *pro hac vice*)
Adam H. Isenberg (admitted *pro hac vice*)
Turner N. Falk (admitted *pro hac vice*)
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Email: jeffrey.hampton@saul.com
       adam.isenberg@saul.com
       turner.falk@saul.com

-and-

Mark Minuti (admitted *pro hac vice*)
Paige N. Topper (admitted *pro hac vice*)
Nicholas Smargiassi (admitted *pro hac vice*)
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
Telephone: (302) 421-6800
Email: mark.minuti@saul.com
       paige.topper@saul.com
       nicholas.smargiassi@saul.com

*Counsel for Debtors and Debtors in Possession*