# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
## (Baltimore Division)

| | |
|---|---|
| In re | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc., *et al.*, | Chapter 11 |
| Debtors.[1] | (Jointly Administered) |
| | **Objection Deadline:** June 25, 2025 |

**FIRST CONSOLIDATED MONTHLY FEE APPLICATION OF STEPHENSON HARWOOD LLP, SPECIAL COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM JANUARY 14, 2025 THROUGH MARCH 31, 2025**

| | |
|---|---|
| Name of applicant: | Stephenson Harwood LLP |
| Authorized to provide professional services to: | Debtors and Debtors in Possession |
| Petition Date: | January 14, 2025 |
| Date of retention: | March 7, 2025 *nunc pro tunc* to January 14, 2025[2] |
| This is a: | Monthly application for compensation |
| Period for which compensation and reimbursement are sought: | January 14, 2025 through March 31, 2025 |
| Amount of compensation sought: | £90,926.50 (80% of which is £72,741.20) |
| Amount of expense reimbursement sought: | £14.00 |

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

[2] On February 28, 2025, the Court entered the *Order Authorizing the Employment and Retention of Stephenson Harwood LLP, as Special Counsel to the Debtors, Effective as of the Petition Date* [D.I. 201].

55715043.1 06/11/2025

## SUMMARY OF PRIOR MONTHLY FEE APPLICATIONS

| DATE FILED | PERIOD COVERED | REQUESTED FEES | REQUESTED EXPENSES | UNOPPOSED FEES | UNOPPOSED EXPENSES | PAID FEES | PAID EXPENSES | HOLDBACK FEES |
|---|---|---|---|---|---|---|---|---|
| N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
|  | Totals: |  |  |  |  |  |  |  |

## SUMMARY OF PRIOR INTERIM FEE APPLICATIONS

| DATE FILED | PERIOD COVERED | ORDER ENTERED | REQUESTED FEES | REQUESTED EXPENSES | UNOPPOSED FEES | UNOPPOSED EXPENSES | PAID FEES | PAID EXPENSES | HOLDBACK FEES |
|---|---|---|---|---|---|---|---|---|---|
| N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
|  |  | Totals: |  |  |  |  |  |  |  |

55715043.1 06/11/2025

2

## COMPENSATION BY ATTORNEY PROFESSIONALS

| NAME OF PROFESSIONAL | POSITION | DEPARTMENT | YEAR ADMITTED | HOURLY BILLING RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|---|
| **Ian Benjamin** | Partner | Restructuring & Insolvency | 2004 | 1,035 | 9.10 | £9,418.50 |
| **Jonathan Bridcut** | Partner | Corporate | 2010 | 1,035 | 16.00 | £16,560.00 |
| **Archie Campbell** | Partner | Property | 2009 | 1,035 | 3.20 | £3,312.00 |
| **Sean Crowley** | Partner | Finance | 2010 | 1,035 | 0.90 | £931.50 |
| **Richard Freedman** | Partner | Employment | 2012 | 950 | 1.70 | £1,615.00 |
| **Tal Goldsmith** | Partner | Restructuring & Insolvency | 2009 | 1,035 | 13.60 | £14,076.00 |
| **Sophie Schultz** | Partner | Property Litigation | 2004 | 1,035 | 4.30 | £4,450.50 |
| **Naeem Noor** | Of Counsel | Pensions | 2009 | 930 | 0.70 | £651.00 |
| **Byul Han** | Managing Associate | Tax | 2013 | 905 | 5.00 | £4,525.00 |
| **Kathryn Lister** | Managing Associate | Property Litigation | 2019 | 820 | 6.50 | £5,330.00 |
| **Helen Bunting** | Associate | Property | 2006 | 790 | 3.10 | £2,449.00 |
| **Matthew Kinghorn** | Associate | Corporate | 2017 | 790 | 32.40 | £25,596.00 |
| **Fiona Siddall** | Associate | Restructuring & Insolvency | 2018 | 745 | 0.80 | £596.00 |
| **Tarka Carew** | Associate | Restructuring & Insolvency | 2022 | 660 | 1.00 | £660.00 |
| **Total for Attorneys:** | | | | | 98.30 | £89,870.50 |
| **Minus 50% for Non-Working Travel** | n/a | n/a | n/a | n/a | n/a | n/a |
| **Grand Total for Attorneys:** | | | | | 98.30 | £89,870.50 |

## COMPENSATION BY PARAPROFESSIONAL OR STAFF MEMBER

| NAME OF PARAPROFESSIONAL OR STAFF MEMBER | POSITION | DEPARTMENT | HOURLY BILLING RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Natasha Stokes | Trainee Solicitor | Corporate | 315 | 2.40 | £756.00 |
| **Total for Paraprofessionals and other staff:** | | | | **2.40** | **£756.00** |

**COMPENSATION BY PROFESSIONAL CATEGORY**

| PROFESSIONALS | TOTAL HOURS | TOTAL COMPENSATION |
|---|---|---|
| Partners | 48.80 | £50,363.50 |
| Associates | 49.50 | £39,807.00 |
| Paraprofessionals | 2.40 | £756.00 |
| **Minus 50% for Non-Working Travel** | n/a | n/a |
| **Total Amount Sought for Application Period** | | £90,926.50 |
| **Less 20% Holdback** | | £18,185.30 |
| **Total Adjusted Fees Requested** | | £72,741.20 |

**ITEMIZED EXPENSES**

| EXPENSE CATEGORY | EXPENSES |
|---|---|
| Land Registry Fees | £14.00 |
| **Total:** | **£14.00** |

1. Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Local Bankruptcy Rule 2016-1 and Appendix D, and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. 203] (the "Interim Compensation Order"), Stephenson Harwood LLP ("Stephenson Harwood" or the "Applicant"), special counsel to the debtors and debtors in possession (collectively, the "Debtors"), hereby applies to the Court for its first monthly fee application for professional services rendered and reimbursement of actual and necessary expenses incurred for the period January 14, 2025 through March 31, 2025 (the "Application Period"). In accordance with the Interim Compensation Order, Stephenson Harwood requests authority to be paid by the Debtors £90,926.50 (80% of which is £72,741.20) and £14.00 in expenses incurred during the Application Period.

2. Attached hereto as **Exhibit A** is a detailed itemization of all services performed by the Applicant with respect to legal advice under English law regarding the impact of the Debtors' bankruptcy cases on non-debtor affiliate Diamond Comic Distributors UK, an unlimited company incorporated under the laws of England and Wales ("Diamond UK"), during the Application Period. Among other things, Stephenson Harwood provided legal advice when the Debtors' stalking horse purchaser initially contemplated a separate asset purchase agreement for Diamond UK's assets. Attached hereto as **Exhibit B** is a Declaration of Applicant with respect to the compensation requested.

3. As outlined by Appendix D, the *Johnson* factors are: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the professional services rendered; (4) the professionals' opportunity costs in pursing the matter; (5) the customary fee for like work; (6) the professional's expectations as to the compensation at the outset of the matter; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the professional; (10) the desirability or undesirability of the case within the professional community in which the case arose; (11) the nature and length of the professional relationship between the professional and client; and (12) professional fee awards in similar cases. *See Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974); *see also Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978) (agreeing that the *Johnson* factors "must be considered by district courts in this circuit in arriving at a determination of reasonable attorneys' fees in any case where such determination is necessary). Factors two, four, eight, ten, eleven, and twelve are not applicable to this fee application.

4. For the first factor of time and labor expended, Stephenson Harwood spent a total

of 100.70 hours of attorney and paraprofessional time during the Application Period. In *Johnson*, the Fifth Circuit explained that hours spent, although not the sole contributor, "are a necessary ingredient to be considered" and that a judge "should weigh the hours claimed against his knowledge, experience, and expertise of the time required to complete similar activities." *Johnson*, 577 F.2d at 717. Furthermore, duplicative efforts where more than one attorney is involved should be closely reviewed. *See id.* In advising the Debtors regarding restructuring and asset sales under English law, Stephenson Harwood has and will continue to work as efficiently as possible while avoiding duplicative efforts amongst its attorneys and paraprofessionals.

5. Under *Johnson*, the third factor requires a judge to "closely observe the attorney's work product, his preparation, and general ability before the court." *Id.* at 718. Here, Stephenson Harwood has produced high quality work product and been an integral part in the Debtors' sale process.

6. Factor five, the customary fee for like work, has been described as the "customary fee for similar work in the community." *Id.* For the Application Period, Stephenson Harwood seeks to be paid by the Debtors £90,926.50 (80% of which is £72,710.20) and £14.00 in expenses. These amounts are reasonable given the scale and complexities of the Debtors' chapter 11 cases. Furthermore, Stephenson Harwood has and currently represents other debtors in various, large-scale chapter 11 cases and asserts the amounts asserted in this Application Period are reasonable and comparable.

7. *Johnson* explains that the sixth factor, the professional's expectations as to the compensation at the outset of the matter, is based on whether the "fee quoted to the client or the percentage of the recovery agreed to is helpful in demonstrating the attorney's fee expectations when he accepted the case." *Id.* at 718. The Fifth Circuit explained that the litigant should never "be

awarded a fee greater than he is contractually bound to pay, if indeed the attorneys have contracted as to amount." *Id.* On February 5, 2025, the Debtors filed the *Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Stephenson Harwood LLP as Special Counsel to the Debtors, Effective as of the Petition Date* [D.I. 139] (the "Stephenson Harwood Retention Application"), which detailed Stephenson Harwood's standard hourly rates in its representation of the Debtors. The Court approved the Stephenson Harwood Retention Application on March 7, 2025. *See* D.I. 201. The compensation sought by Stephenson Harwood for the Application Period is consistent with the rates included in the Court-approved Stephenson Harwood Retention Application.

8. For the seventh factor, the time limitations imposed by the client or circumstances, "[p]riority work that delays the lawyer's other legal work is entitled to some premium." *Johnson*, 488 F.2d at 718. Here, Stephenson Harwood's fees for the Application Period are justifiable as large-scale, complex chapter 11 cases move swiftly and often impose small windows to properly meet deadlines.

9. Factor nine addresses the experience, reputation, and ability of the professionals. The court in *Johnson* stated, "[m]ost fee scales reflect an experience differential with the more experienced attorneys receiving larger compensation" but that longevity "should not dictate the higher fee." *Id*. at 718–19. Here, Stephenson Harwood's attorneys have extensive knowledge of, and experience with, complex chapter 11 cases that justify its fees for the Application Period. Stephenson Harwood further represents that its fees are within market for the services the firm provides.

10. For the foregoing reasons, the compensation requested by Stephenson Harwood for the Fee Application is reasonable based upon customary compensation and reimbursement of

expenses charged by Stephenson Harwood and comparably skilled professionals in non-bankruptcy matters.

WHEREFORE, Stephenson Harwood respectfully requests, in accordance with the Interim Compensation Order, that the Debtors direct payment of interim compensation in the amount of £90,916.50 (80% of which is £72,741.20) for legal services rendered on behalf of the Debtors during the Application Period, and reimbursement of disbursements in the amount of £14.00.

Dated: June 11, 2025

**SAUL EWING LLP**

By: /s/ *Jordan D. Rosenfeld*
Jordan D. Rosenfeld (MD Bar No. 13694)
1001 Fleet Street, 9th Floor
Baltimore, MD 21202
Telephone: (410) 332-8600
Email: jordan.rosenfeld@saul.com

-and-

Jeffrey C. Hampton (admitted *pro hac vice*)
Adam H. Isenberg (admitted *pro hac vice*)
Turner N. Falk (admitted *pro hac vice*)
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Email: jeffrey.hampton@saul.com
       adam.isenberg@saul.com
       turner.falk@saul.com

-and-

Mark Minuti (admitted *pro hac vice*)
Paige N. Topper (admitted *pro hac vice*)
Nicholas Smargiassi (admitted *pro hac vice*)
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
Telephone: (302) 421-6800
Email: mark.minuti@saul.com
       paige.topper@saul.com
       nicholas.smargiassi@saul.com

*Counsel for Debtors and Debtors in Possession*