# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
# (Baltimore Division)

| | |
|---|---|
| In re | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc., *et al.*, | Chapter 11 |
| Debtors.[1] | (Jointly Administered) |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING FIFTH STIPULATION BETWEEN DEBTORS AND JPMORGAN CHASE BANK, N.A., AMENDING DIP CREDIT AGREEMENT

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their undersigned counsel, respectfully move (the "Motion") and state as follows:

### Relief Requested

1. The Debtors respectfully seek entry of an order (the "Proposed Order"), approving a stipulation (the "Fifth Stipulation") between the Debtors and JPMorgan Chase Bank, N.A. (the "DIP Lender"), amending the DIP Credit Agreement to extend the Maturity Date (as defined below). The Debtors and DIP Lender are engaged in discussions regarding the Fifth Stipulation, and will confer with the Committee regarding the terms thereof. The Debtors anticipate filing the Fifth Stipulation in advance of the hearing on this Motion, and the Fifth Stipulation remains subject to further review and approval by the DIP Lender in all respects.

### Jurisdiction and Venue

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and *Standing Order 2012-05* from the United States District Court for the District of Maryland.

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105(a) and 364 of Title 11 of the United States Code (the "Bankruptcy Code").

**Background**

4.      On January 14, 2025 (the "Petition Date"), each Debtor commenced a case under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the chapter 11 cases. On January 29, 2025, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee").

5.      A description of the Debtors' businesses as of the Petition Date and the reasons for commencing the chapter 11 cases are set forth in the *Declaration of Robert Gorin in Support of Chapter 11 Petitions and First Day Relief* [D.I. 20] and incorporated herein by reference.

6.      On February 19, 2025, the Bankruptcy Court entered the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Senior Secured Financing and the Use of Cash Collateral; (II) Granting Adequate Protection; (III) Granting Liens and Superpriority Administrative Expense Claims; (IV) Modifying the Automatic Stay; and (V) Granting Related Relief* [D.I. 163] (the "Final DIP Order"). Among other things, the Final DIP Order sets a maturity date of June 30, 2025, pursuant to the terms and conditions of the Final DIP Order and that certain senior secured Debtor-in-Possession Credit Agreement, dated as of January 16, 2025 (as amended from time to time, most recently pursuant to that certain Sixth Amendment to the Debtor-in-Possession Credit Agreement dated as of May 30, 2025 the "DIP Credit Agreement"). The Sixth

2

Amendment to the DIP Credit Agreement modified the maturity date to June 30, 2025 (the "Maturity Date").

7. The current maximum outstanding principal amount under the DIP facility is $8,866,344.00 (the "Maximum DIP Facility Amount"), pursuant to the terms and conditions of the Final DIP Order and the DIP Credit Agreement.

8. In relevant part, the Final DIP Order provides that certain amendments to the DIP Credit Agreement, including any amendment to extend the maturity of the extension of credit thereunder or modify the Maximum DIP Facility Amount, constitute "Material DIP Facility Amendments" and require further Court approval, provided that "the Debtors and the DIP Lender shall have the right to seek approval from the Court of any proposed Material DIP Facility Amendment on an expedited basis with notice to the Committee and the United States Trustee." *See* Final DIP Order ¶ 8.

9. On May 1, 2025, the Court entered Orders approving the sale of substantially all the Debtors' assets to Universal Distribution, LLC ("Universal"), and Sparkle Pop, LLC ("Sparkle Pop") (an affiliate of Ad Populum, LLC), the designated Back-Up Bidders for the Debtors' assets. *See* D.I. 407 & 408.  The sales to Universal and Sparkle Pop have closed.  Pursuant to the asset purchase agreements with Universal and Sparkle Pop, the Debtors entered into transition service agreements to assist with the transition of the Debtors' businesses after the sale closing date.

10. The Debtors and the DIP Lender are presently negotiating the terms of a proposed modification and extension of the DIP facility to permit further administration of the bankruptcy estate and monetization of remaining assets during the period of such extension.  The Debtors will continue to work with the DIP Lender to maximize the value of the Debtors' remaining assets.

**Basis for Relief Requested**

11.     The Debtors will exercise sound and reasonable business judgment in deciding to enter into the Fifth Stipulation and amend the DIP Credit Agreement.  Provided that an agreement to obtain postpetition credit is consistent with the provisions of, and policies underlying, the Bankruptcy Code, courts grant a debtor considerable deference in exercising its sound business judgment in obtaining such credit.  *See, e.g.*, *In re L.A. Dodgers LLC*, 457 B.R. 308, 313 (Bankr. D. Del. 2011) ("[C]ourts will almost always defer to the business judgment of a debtor in the selection of the lender."); *In re Barbara K. Enters., Inc.*, No. 08-11474, 2008 WL 2439649, at *14 (Bankr. S.D.N.Y. June 16, 2008) ("[Courts generally] defer to a debtor's own business judgment so long as a request for financing does not 'leverage the bankruptcy process' and unfairly cede control of the reorganization to one party in interest.") (internal citation omitted); *In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 40 (Bankr. S.D.N.Y. 1990) ("[C]ases consistently reflect that the court's discretion under section 364 [of the Bankruptcy Code] is to be utilized on grounds that permit [a debtor's] reasonable business judgment to be exercised so long as the financing agreement does not contain terms that leverage the bankruptcy process and powers or its purpose is not so much to benefit the estate as it is to benefit a party-in-interest.

12.     Courts emphasize that the business judgment rule is not an onerous standard and may be satisfied "as long as the proposed action appears to enhance the debtor's estate." *Crystalin, LLC v. Selma Props. Inc. (In re Crystalin, LLC)*, 293 B.R. 455, 463–64 (B.A.P. 8th Cir. 2003) (quoting *Four B. Corp. v. Food Barn Stores, Inc. (In re Food Barn Stores, Inc.)*, 107 F.3d 558, 566 n.16 (8th Cir. 1997) (internal alterations and quotations omitted)); *In re Pittsburgh Sports Assocs. Holdings Co.*, 239 B.R. 75, 87 (Bankr. W.D. Pa. 1999).  Courts require only that the

debtors "show that a sound business purpose justifies such actions." *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999) (citations omitted).

13.     This Court has already found that the Debtors' entry into the DIP Credit Agreement was a sound exercise of the Debtors' business judgment.  *See* Final DIP Order ¶ H ("Based on the Motion, the First Day Declaration, and the record presented to the Court at the Interim and Final Hearings, the terms of the DIP Credit Agreement, the DIP Order and the DIP Loan Documents are fair and reasonable, reflect the Debtors' exercise of their prudent business judgment consistent with their fiduciary duties, and constitute reasonably equivalent value and fair consideration."); *see also id.* at ¶ L.  This Court has further found that the Debtors have met the conditions necessary under section 364(d)(1) of the Bankruptcy Code to obtain postpetition financing on a senior secured and superpriority basis.  *See id.* at ¶¶ F & K(ii).

14.     Under the circumstances, the extension of the Maturity Date is a sound exercise of the Debtors' business judgment.  These amendments to the DIP Credit Agreement will enable the Debtors to continue to administer their estates and monetize remaining assets during the period of such extension.  This in turn will maximize the value of the Debtors' remaining assets to the benefit of the Debtors' estates, creditors and parties in interest.

### **Waiver of Memorandum of Law**

15.     Pursuant to rule 9013-2 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland, the Debtors state that, in lieu of submitting a memorandum in support of this Motion, the Debtors will rely on the grounds and authorities set forth herein.

**Notice**

16.    Consistent with paragraph 8 of the Final DIP Order, notice of this Motion will be given to the following parties or, in lieu thereof, to their counsel: (i) the Office of the United States Trustee for the District of Maryland; (ii) the Committee; (iii) counsel to JPMorgan Chase Bank, N.A.; and (iv) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

**WHEREFORE**, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court deems just and warranted.

Dated: June 24, 2025        **SAUL EWING LLP**

By: */s/ Jordan D. Rosenfeld*
Jordan D. Rosenfeld (MD Bar No. 13694)
1001 Fleet Street, 9th Floor
Baltimore, MD 21202
Telephone: (410) 332-8600
Email: jordan.rosenfeld@saul.com

-and-

Jeffrey C. Hampton (admitted *pro hac vice*)
Adam H. Isenberg (admitted *pro hac vice*)
Turner N. Falk (admitted *pro hac vice*)
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Email: jeffrey.hampton@saul.com
      adam.isenberg@saul.com
      turner.falk@saul.com

-and-

Mark Minuti (admitted *pro hac vice*)
Paige N. Topper (admitted *pro hac vice*)
Nicholas Smargiassi (admitted *pro hac vice*)
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
Telephone: (302) 421-6800
Email: mark.minuti@saul.com
      paige.topper@saul.com
      nicholas.smargiassi@saul.com

*Counsel for Debtors and Debtors in Possession*