IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc., *et al.*, | Chapter 11 |
| Debtors.¹ | (Jointly Administered) |
| | Re: D.I. 527 |

**DEBTORS' MOTION TO SHORTEN NOTICE OF THE DEBTORS' MOTION FOR ENTRY OF ORDER APPROVING FIFTH STIPULATION BETWEEN DEBTORS AND JPMORGAN CHASE BANK, N.A., AMENDING DIP CREDIT AGREEMENT**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), having filed contemporaneously the *Debtors' Motion for Entry of an Order Approving Fifth Stipulation Between Debtors and JPMorgan Chase Bank, N.A., Amending DIP Credit Agreement* [D.I. 527] (the "Motion to Approve Stipulation"), respectfully submit this motion (the "Motion to Shorten"), pursuant to sections 102(1) and 105 of title 11 of the United States Code (the "Bankruptcy Code"), rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rules 9006-1 and 9013-6 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland (the "Local Bankruptcy Rules"), for entry of an order shortening the time for notice of the hearing to consider the Motion to Approve Stipulation so that such motion may be considered by the Court at a hearing on or prior to June 30, 2025, with any objections to the Motion to Approve Stipulation to be filed at or before the hearing. In support of this Motion to Shorten, the Debtors respectfully represent as follows:

---

¹ The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

55782716.2

**Relief Requested**

1. The Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, shortening notice of the hearing to consider the Motion to Approve Stipulation so that the motion can be considered on or prior to **June 30, 2025**, with any objections to the Motion to Approve Stipulation be filed at or before the hearing.

**Jurisdiction and Venue**

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and *Standing Order 2012-05* from the United States District Court for the District of Maryland. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 102(1) and 105 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9006 and Local Bankruptcy Rules 9006-1 and 9013-6.

**Background**

4. On January 14, 2025 (the "Petition Date"), the Debtors each commenced a case under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the chapter 11 cases. On January 29, 2025, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee").

5. A description of the Debtors' businesses as of the Petition Date and the reasons for commencing the chapter 11 cases are set forth in the *Declaration of Robert Gorin in Support of Chapter 11 Petitions and First Day Relief* [D.I. 20] and incorporated herein by reference.

6. On February 19, 2025, the Court entered the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Senior Secured Financing and the Use of Cash Collateral; (II) Granting Adequate Protection; (III) Granting Liens and Superpriority Administrative Expense Claims; (IV) Modifying the Automatic Stay; and (V) Granting Related Relief* [D.I. 163] (the "Final DIP Order").

7. Among other things, the Final DIP Order set a maturity date of June 30, 2025, pursuant to the terms and conditions of the Final DIP Order and that certain senior secured Debtor-in-Possession Credit Agreement, dated as of January 16, 2025 (as amended from time to time, most recently by that certain Sixth Amendment to the Debtor-in-Possession Credit Agreement dated as of May 30, 2025, the "DIP Credit Agreement"). The Sixth Amendment to the DIP Credit Agreement modified the maturity date to June 30, 2025 (the "Maturity Date").

8. The current maximum outstanding principal amount under the DIP facility is $8,866,344.00 (the "Maximum DIP Facility Amount"), pursuant to the terms and conditions of the Final DIP Order and the DIP Credit Agreement.

9. In relevant part, the Final DIP Order provides that certain amendments to the DIP Credit Agreement, including any amendment to extend the maturity of the extension of credit thereunder and modify the Maximum DIP Facility Amount, constitute "Material DIP Facility Amendments" and require further Court approval, provided that "the Debtors and the DIP Lender shall have the right to seek approval from the Court of any proposed Material DIP Facility Amendment on an expedited basis with notice to the Committee and the United States Trustee." *See* Final DIP Order ¶ 8.

10. On May 1, 2025, the Court entered Orders approving the sale of substantially all the Debtors' assets to Universal Distribution, LLC ("Universal"), and Sparkle Pop, LLC ("Sparkle

Pop") (an affiliate of Ad Populum, LLC), the designated Back-Up Bidders for the Debtors' assets. *See* D.I. 407 & 408. The sales to Universal and Sparkle Pop have closed. Pursuant to the asset purchase agreements with Universal and Sparkle Pop, the Debtors entered into transition service agreements to assist with the transition of the Debtors' businesses after the sale closing date.

11. The Debtors and the DIP Lender are presently negotiating the terms of a proposed modification and extension of the DIP facility to allow the Debtors to continue to administer their estates and liquidate their remaining assets. The Debtors will continue to work with the DIP Lender to maximize the value of the Debtors' remaining assets.

## Basis for Relief Requested

12. Section 102(1) of the Bankruptcy Code provides that the phrase "after notice and hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances." 11 U.S.C. § 102(1). Section 105(a) of the Bankruptcy Code, in turn, authorizes the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

13. Pursuant to Bankruptcy Rule 9006(c), "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). In exercising such discretion, the court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Phila. Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting the commonality of such motions "given the accelerated time frame of bankruptcy proceedings).

14. Local Bankruptcy Rule 9006-1 provides that all motions be served at least twenty-one days before the hearing date. Md. L. Bankr. R. 9006-1. However, Local Bankruptcy Rule 9013-6 permits a movant to shorten notice with respect to any motion, provided that "the movant

shall file contemporaneously a separate motion requesting that the Court shorten the time within which responses may be filed and/or requesting that the Court set an expedited hearing." Md. L. Bankr. R. 9013-6.

15. The Debtors submit that good cause exists to warrant expedited consideration of the Motion to Approve Stipulation, and that a prompt hearing is in the best interests of the Debtors, their estates, and their creditors. The Debtors require additional time and DIP financing to administer these cases, including to liquidate their remaining assets in a manner that maximizes value for the Debtors' estates and creditors. The Debtors do not believe that any parties in interest will be prejudiced by the relief requested in this Motion to Shorten.

## Waiver of Memorandum of Law

16. Pursuant to Local Bankruptcy Rule 9013-2, the Debtors state that, in lieu of submitting a memorandum in support of this Motion, the Debtors will rely on the grounds and authorities set forth herein.

## Notice

17. Notice of this Motion will be given to the following parties or, in lieu thereof, to their counsel: (i) the Office of the United States Trustee for the District of Maryland; (ii) the Committee; (iii) counsel to JPMorgan Chase Bank, N.A.; and (iv) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

55782716.2

**WHEREFORE**, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court deems just and warranted.

Dated: June 24, 2025                              **SAUL EWING LLP**

By: */s/ Jordan D. Rosenfeld*
Jordan D. Rosenfeld (MD Bar No. 13694)
1001 Fleet Street, 9th Floor
Baltimore, MD 21202
Telephone: (410) 332-8600
Email: jordan.rosenfeld@saul.com

-and-

Jeffrey C. Hampton (admitted *pro hac vice*)
Adam H. Isenberg (admitted *pro hac vice*)
Turner N. Falk (admitted *pro hac vice*)
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Email: jeffrey.hampton@saul.com
         adam.isenberg@saul.com
         turner.falk@saul.com

-and-

Mark Minuti (admitted *pro hac vice*)
Paige N. Topper (admitted *pro hac vice*)
Nicholas Smargiassi (admitted *pro hac vice*)
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
Telephone: (302) 421-6800
Email: mark.minuti@saul.com
         paige.topper@saul.com
         nicholas.smargiassi@saul.com

*Counsel for Debtors and Debtors in Possession*