IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc., *et al.*, | Chapter 11 |
| Debtors.[1] | (Jointly Administered) |

**DEBTORS' EXPEDITED MOTION TO ADJOURN THE HEARING ON DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING PROCEDURES FOR SALES OR OTHER DISPOSITION OF CONSIGNED INVENTORY, (II) APPROVING THE SALES OR OTHER DISPOSITION OF CONSIGNED INVENTORY, AND (III) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their undersigned counsel, respectfully move (the "Motion") and state as follows:

**Relief Requested**

1. The Debtors respectfully seek entry of an order (the "Proposed Order"), adjourning the hearing on the *Debtors' Motion for Entry of an Order (I) Approving Procedures for Sales or Other Disposition of Consigned Inventory, (II) Approving the Sales or Other Disposition of Consigned Inventory, and (III) Granting Related Relief* (D.I. 531) (the "Consignment Motion") to July 24 or 25, 2025. For the avoidance of doubt, the objection deadline for the Consignment Motion will remain July 16, 2025, in accordance with the *Amended Notice of Debtors' Motion for Entry of an Order (I) Approving Procedures for Sales or Other Disposition of Consigned Inventory, (II) Approving the Sales or Other Disposition of Consigned Inventory, and (III) Granting Related Relief* (D.I. 538) (the "Notice"), unless as otherwise agreed to by the Debtors.

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

**Jurisdiction and Venue**

2.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and *Standing Order 2012-05* from the United States District Court for the District of Maryland. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory bases for the relief requested herein are sections 102 and 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), as supplemented by Rule 9013-7 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland (the "Local Bankruptcy Rules").

**Background**

4.  On January 14, 2025 (the "Petition Date"), each Debtor commenced a case under chapter 11 of the Bankruptcy Code. The Debtors are managing their properties and assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the chapter 11 cases. On January 29, 2025, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee").

5.  A description of the Debtors' businesses as of the Petition Date and the reasons for commencing the chapter 11 cases are set forth in the *Declaration of Robert Gorin in Support of Chapter 11 Petitions and First Day Relief* [D.I. 20] and incorporated herein by reference.

6.  On June 24, 2025, the Debtors filed the *Debtors' Motion for Entry of an Order Approving Fifth Stipulation between Debtors and JPMorgan Chase Bank, N.A., Amending DIP Credit Agreement* (D.I. 527) (the "DIP Amendment Motion"). On July 3, 2025, the Court granted the relief requested in the DIP Amendment Motion (*see* D.I. 569), and approved the stipulation

2

between the Debtors and JPMorgan Chase Bank, N.A. (the "DIP Lender") to extend the maturity date of that certain senior secured Debtor-Possession Credit Agreement, dated as of January 16, 2025 (as amended from time to time, the "DIP Credit Agreement") to August 23, 2025.  The Court scheduled a continued hearing on the relief requested in the DIP Amendment Motion for August 18, 2025, at 11:00 a.m. (ET).

7. On June 25, 2025, the Debtors filed the Consignment Motion, seeking, among other things, approval of (i) procedures to sell or otherwise dispose of consigned inventory (the "Consignment Sale Procedures") and (ii) the sales or dispositions of the consigned inventory in compliance with the Consignment Sale Procedures (the "Consignment Sales"), free and clear of all liens, claims, interests and encumbrances.  The proposed Consignment Sale Procedures are designed to allow the Debtors to expeditiously market, sell or otherwise dispose of their consigned inventory, thereby minimizing costs and maximizing sale proceeds to the benefit of the Debtors' estates and their creditors.

8. Pursuant to the Notice for the Consignment Motion, any responses and objections to the Consignment Motion must be filed on or before July 16, 2025 (the "Objection Deadline").  The hearing on the Consignment Motion is currently scheduled for July 21, 2025, at 10:00 a.m. (ET).

**Basis for Relief Requested**

9. Section 102(1) of the Bankruptcy Code provides that the phrase "after notice and hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances."  11 U.S.C. § 102(1).  Section 105(a) of the Bankruptcy Code, in turn, authorizes the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).

10. Local Bankruptcy Rule 9013-7 provides that either a Court order or consent of the parties filed on the docket "is required for any postponement of a hearing." Md. L. Bankr. R. 9013-7(a).

11. Under the circumstances, it is appropriate to adjourn the hearing on the Consignment Motion to either July 24 or 25, 2025. First, the Debtors have already received several responses to the Consignment Motion from various consignors and anticipate additional responses before the Objection Deadline. The Debtors have begun discussions with certain consignors to address the responses and related questions received to date regarding the consigned inventory. Adjourning the hearing on the Consignment Motion will permit the Debtors to further engage with consignors to narrow, or otherwise streamline, the potential issues to be presented to the Court at the hearing on the Consignment Motion. The Debtors thus believe that the additional time will allow the hearing to proceed more efficiently.

12. Second, the Debtors received a request from one of the Debtors' more significant consignors to continue the hearing on the Consignment Motion to accommodate a scheduling issue for counsel. The Debtors would like to accommodate the request for the same reason set forth above—to allow additional time for the Debtors to address any response received from this consignor and potentially resolve or narrow the scope of potential issues to be presented to the Court.

13. The Debtors are requesting a short adjournment of the hearing on the Consignment Motion (rather than adjourning to the August 18, 2025 hearing date) because, assuming the Consignment Motion is granted, it will enable the Debtors to begin the disposition process for the consigned inventory as promptly as possible. The current maturity date under the DIP Credit Agreement is August 23, 2025. Accordingly, the Debtors intend to implement the Consignment

Sale Procedures, if and as approved, with the goal to start receiving proceeds from the Consignment Sales before the current maturity date under the DIP Credit Agreement.

14. For the foregoing reasons, the Debtors believe adjourning the hearing on the Consignment Motion is appropriate under the circumstances and in the best interests of the Debtors' estates and their creditors.

## Waiver of Memorandum of Law

15. Pursuant to rule 9013-2 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland, the Debtors state that, in lieu of submitting a memorandum in support of this Motion, the Debtors will rely on the grounds and authorities set forth herein.

## Notice

16. Notice of this Motion will be given to the following parties or, in lieu thereof, to their counsel: (i) the Office of the United States Trustee for the District of Maryland; (ii) the Committee; (iii) JPMorgan Chase Bank, N.A.; (iv) the Consignment Vendors; (v) the United States Attorney for the District of Maryland; (vi) the United States Attorney general; (vii) the civil process clerk for the United States Attorney for the District of Maryland; and (viii) any party that has requested notice pursuant to Bankruptcy Rule 2002. In accordance with Local Rule 9013-7(b), notice of this Motion will be provided via email or overnight mail (where email is not available) to avoid any inconvenience to the parties set forth above. In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

[*Remainder of Page Left Intentionally Blank*]

**WHEREFORE**, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court deems just and warranted.

Dated: July 14, 2025　　　　　　　　　　**SAUL EWING LLP**

By: */s/ Jordan D. Rosenfeld*
Jordan D. Rosenfeld (MD Bar No. 13694)
1001 Fleet Street, 9th Floor
Baltimore, MD 21202
Telephone: (410) 332-8600
Email: jordan.rosenfeld@saul.com

-and-

Jeffrey C. Hampton (admitted *pro hac vice*)
Adam H. Isenberg (admitted *pro hac vice*)
Turner N. Falk (admitted *pro hac vice*)
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Email: jeffrey.hampton@saul.com
　　　　adam.isenberg@saul.com
　　　　turner.falk@saul.com

-and-

Mark Minuti (admitted *pro hac vice*)
Paige N. Topper (admitted *pro hac vice*)
Nicholas Smargiassi (admitted *pro hac vice*)
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
Telephone: (302) 421-6800
Email: mark.minuti@saul.com
　　　　paige.topper@saul.com
　　　　nicholas.smargiassi@saul.com

*Counsel for Debtors and Debtors in Possession*