**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(BALTIMORE DIVISION)**

| | |
|---|---|
| In re: | Chapter 11 |
| Diamond Comic Distributors, Inc., *et al.* | Case No. 25-10308 (DER) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: D.I. 163, 531, 538, 590** |

**RESERVATION OF RIGHTS AND LIMITED OBJECTION OF JPMORGAN CHASE BANK, N.A. TO DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING (I) PROCEDURES FOR SALE OR OTHER DISPOSITION OF CONSIGNED INVENTORY; (II) APPROVING SALES OR OTHER DISPOSITION OF CONSIGNED INVENTORY FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS OR ENCUMBRANCES, AND (III) GRANTING RELATED RELIEF**

JPMorgan Chase Bank, N.A., as Prepetition Lender and DIP Lender (collectively, the "***Lender***"), by and through its undersigned counsel, hereby files this reservation of rights and limited objection (this "***Reservation of Rights***"), in connection with the *Debtors' Motion for Entry of an Order Approving (I) Procedures for Sale or Other Disposition of Consigned Inventory, (II) Approving Sales or Other Disposition of Consigned Inventory Free and Clear of Liens, Claims, Interests or Encumbrances, and (III) Granting Related Relief* [Docket No. 531] (the "***Consignment Motion***")[2] filed by the above-captioned debtors, as debtors-in-possession (the "***Debtors***") in the above-captioned cases (the "***Chapter 11 Cases***"). In support of this Reservation of Rights, the Lender respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases and the last four (4) digits of each Debtor's federal taxpayer identification number are as follows: Diamond Comic Distributors, Inc. (3450), Comic Exporters, Inc (7457), Comic Holdings, Inc. (7458), and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Consignment Motion.

1

**Background**

1. On January 14, 2025 (the "***Petition Date***"), each of the Debtors commenced a case under chapter 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "***Bankruptcy Code***"). The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases. On January 29, 2025, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "***Committee***").

2. On January 21, 2025, the Debtors filed the *Debtors' Motion for an Order (I) Authorizing and Approving Bidding Procedures for the Sale of All or Substantially All of the Debtors' Assets, (II) Approving Bid Protections, (III) Scheduling an Auction and a Sale Hearing, (IV) Approving the Form and Manner of Notice Thereof, and (V) Establishing Notice and Procedures for the Assumption and Assignment of Certain Executory Contracts and Leases* [Docket No. 68], which was granted by the Court on February 11, 2025.

3. The Bankruptcy Court entered orders approving the sale of certain assets to Universal Distribution, LLC and Sparkle Pop, LLC, respectively, on May 1, 2025 [Docket Nos. 407, 408]. The sales subsequently closed.

4. On February 19, 2025, the Court entered the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Senior Secured Financing and the Use of Cash Collateral; (II) Granting Adequate Protection; (III) Granting Liens and Superpriority Administrative Expense Claims; (IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief* [Docket No. 163] (the "***Final DIP Order***"), pursuant to which, among other things, the Debtors were granted authority to obtain senior secured postpetition financing pursuant to the

terms and conditions of the Final DIP Order and that certain senior secured Debtor-in-Possession Credit Agreement, dated as of January 16, 2025 (as amended from time to time, the "**DIP Credit Agreement**").

5. On March 19, 2025, the Bankruptcy Court entered the *Order Approving Stipulation Between Debtors and JPMorgan Chase Bank, N.A., Amending DIP Credit Agreement* [Docket No. 243], on April 17, 2025, the Bankruptcy Court entered the *Order Approving Second Stipulation Between Debtors and JPMorgan Chase Bank, N.A., Amending DIP Credit Agreement* [Docket No. 345], on May 1, 2025, the Bankruptcy Court entered the *Order Approving Third Stipulation Between Debtors and JPMorgan Chase Bank, N.A., Amending DIP Credit Agreement* [Docket No. 409], and on May 30, 2025, the Bankruptcy Court entered the *Order Approving Fourth Stipulation Between Debtors and JPMorgan Chase Bank, N.A., Amending DIP Credit Agreement* [Docket No. 470].

6. On June 24, 2025, the Debtors filed the *Debtors' Motion for Entry of an Order Approving Fifth Stipulation between Debtors and JPMorgan Chase Bank, N.A., Amending DIP Credit Agreement* [Docket No. 527] (the "**DIP Amendment Motion**"). On July 3, 2025, the Bankruptcy Court entered the *Order Approving Fifth Stipulation Between Debtors and JPMorgan Chase Bank, N.A., Amending DIP Credit Agreement* [Docket No. 569], extending the maturity date of the DIP Credit Agreement to August 23, 2025. The Bankruptcy Court scheduled a continued hearing on the relief requested in the DIP Amendment Motion for August 18, 2025, at 11:00 a.m. (ET).

7. On June 25, 2025, the Debtors filed the Consignment Motion, seeking, among other things, approval of (i) procedures to sell or otherwise dispose of consigned inventory (the "**Consignment Sale Procedures**") and (ii) the sales or dispositions of the consigned inventory in

compliance with the Consignment Sale Procedures (the "**Consignment Sales**"), free and clear of all liens, claims, interests and encumbrances. The proposed Consignment Sale Procedures are designed to allow the Debtors to expeditiously market, sell or otherwise dispose of their consigned inventory, thereby minimizing costs and maximizing sale proceeds to the benefit of the Debtors' estates and their creditors.

## Reservation of Rights

8. In accordance with the Final DIP Order, the Lender has valid, binding, fully-perfected, priming, first priority senior security interest and lien upon all of the Debtors' right, title, and interest in the consigned inventory and the proceeds resulting from any sale or disposition thereof. Further, pursuant to the Final DIP Order, any proceeds of the Consignment Sales must be applied first to the outstanding amounts owed on the Lender's secured claim until the Lender's outstanding lien is fully satisfied. [*See* Final DIP Order, at ¶¶ 13, 14, & 15].

9. The Lender is generally supportive of the relief sought in the Consignment Motion provided that its liens attach to any proceeds of any Consignment Sales. Accordingly, the Lender files this Reservation of Rights pending review of any particular Consignment Sales. Without limiting the generality of the foregoing, the Lender reserves the right to object to any Consignment Sale that is legally or factually insufficient or impermissible, proposed in derogation of Lender's consultation rights, not proposed in good faith, or violative of the terms of the Final DIP Order or applicable law. Lender further objects and withholds consent to any release of its lien prior to receipt of a full payoff in accordance the Final DIP Order and DIP Credit Agreement and any Consignment Sale that is free and clear of its lien unless its lien attaches to the proceeds of such sale. Lender also reserves the right to object to the form and substance of any Consignment Sale

order to the extent such order conveys assets or impairs any of the Lender's rights, claims and liens.

**WHEREFORE**, Lender expressly reserves the right to (a) raise any objection it may have with respect to the terms of the proposed Consignment Sales, and (b) to be heard before the Court with respect to the entry of any Consignment Sale order and to raise additional arguments or objections in connection therewith.

Respectfully submitted,

DATED: July 17, 2025

/s/ *Toyja E. Kelley*
Jonathan W. Young (admitted *pro hac vice*)
Toyja E. Kelley (Bar No. 26949)
Indira K. Sharma (Bar No. 28269)
Katherine E. Culbertson (admitted *pro hac vice*)
**TROUTMAN PEPPER LOCKE LLP**
701 8th Street, N.W., Suite 500
Washington, D.C. 20001
Toyja.Kelley@troutman.com
Indira.Sharma@troutman.com
Jonathan.Young@troutman.com
Katherine.Culbertson@troutman.com

**CERTIFICATE OF SERVICE**

I, Toyja E. Kelley, hereby certify that, on the 17th day of July 2025, I caused a true and correct copy of the foregoing *RESERVATION OF RIGHTS AND LIMITED OBJECTION OF JPMORGAN CHASE BANK, N.A. TO DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING (I) PROCEDURES FOR SALE OR OTHER DISPOSITION OF CONSIGNED INVENTORY; (II) APPROVING SALES OR OTHER DISPOSITION OF CONSIGNED INVENTORY FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS OR ENCUMBRANCES, AND (III) GRANTING RELATED RELIEF* to be filed and served via CM/ECF on all parties who have registered for electronic service in these cases.

      */s/ Toyja E. Kelley*
      Toyja E. Kelley