Entered: July 21st, 2025
Signed: July 18th, 2025

**SO ORDERED**



_____
**DAVID E. RICE**
**U. S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | |
|---|---|
| In re<br><br>Diamond Comic Distributors, Inc., *et al.*,<br><br>Debtors.[1] | Case No. 25-10308 (DER)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>**Related to Docket No. 550** |

### ORDER APPROVING DEBTORS' MOTION FOR ENTRY OF AN ORDER
### AUTHORIZING THE REJECTION OF THE GLENDALE LEASE AND
### THE ABANDONMENT OF DE MINIMIS PROPERTY

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and

debtors in possession (collectively, the "Debtors") for the entry of an order pursuant to sections

365 and 554(a) of the Bankruptcy Code, authorizing the Debtors to reject the Lease, effective as

of June 30, 2025 (the "Rejection Date") and abandon any De Minimis Property located thereon;

and it appearing that this Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and

1334; and it appearing that venue of these chapter 11 cases and the Motion in this District is proper

---

[1]   The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585).  The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

[2]   Capitalized terms used but not defined herein are defined in the Motion.

pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The Glendale Lease is hereby rejected, effective as of the Rejection Date.

3.      The Debtors are authorized to abandon the De Minimis Property.

4.      The Landlord shall have immediate relief from the automatic stay imposed by section 362 of the Bankruptcy Code solely to apply its security deposit of $18,000.00 (the "Security Deposit") against first the Debtors' June rent obligations and then second the Landlord's prepetition rejection damages claim.  The automatic stay shall remain in effect for all other purposes with the further exception of allowing Landlord to dispose of any and all personal property abandoned by Debtors at the Property as described in the Motion.

5.      Notwithstanding the relief granted herein and any actions taken hereunder, nothing in the Motion or this Order shall: (a) constitute an admission as to the validity or priority of any claim against the Debtors; (b) constitute a waiver of the Debtors' rights to dispute any claim or assert any defenses or counterclaims to such claim or against the applicable claim proponent; (c) prejudice the Debtors' rights to assert that the Glendale Lease has expired or been breached or

2

terminated; or (d) prohibit the Debtors from seeking to reject any other executory contracts or unexpired leases.  The rights, claims and remedies reserved by Debtors notwithstanding, nothing contained within this Paragraph 5 shall constitute a waiver of any right, claim, remedy or defense on the part of Landlord.

6.       Notwithstanding any Bankruptcy Rule to the contrary, this Order is effective immediately and enforceable upon its entry.

7.       This Court retains jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

**END OF ORDER**

55810477.3