**<u>Exhibit A</u>**

**Sale Order**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | |
|---|---|
| In re | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc._, et al._, | Chapter 11 |
| Debtors.[1] | (Jointly Administered) |
| | **Re: D.I.** |

**ORDER (I) APPROVING SHARE SALE AND PURCHASE AGREEMENT AMONG DEBTORS COMIC EXPORTERS, INC. AND COMIC HOLDINGS, INC. AND DIAMOND DISTRIBUTORS UK, LTD; (II) APPROVING SALE OF SHARES FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS; AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") seeking entry of an order (this "Order") authorizing and approving:

(a) the proposed sale of substantially all of the shares (the "Shares") of Debtors Comic Exporters,

Inc. and Comic Holdings, Inc. in Diamond Comic Distributors, a corporation organized under the

laws of England and Wales ("Diamond UK"), free and clear of all liens, claims, encumbrances,

---

[1]    The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585).  The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

[2]    Capitalized terms used but not defined herein are defined in the Motion.

and other interests; and (b) granting related relief, and Comic Exporters, Inc. and Comic Holdings, Inc. (collectively, the "Sellers"), having identified that Share Sale and Purchase Agreement, dated as of July 23, 2025, by and among the Sellers and Diamond Distributors UK, Ltd. ("Purchaser") (including all exhibits, schedules, and ancillary documents related thereto) (the "SPA") as the highest or otherwise best offer for the Shares, and the Court having conducted a hearing on the Motion commencing on August 18, 2025 (the "Sale Hearing") at which time all interested parties were offered an opportunity to be heard with respect to the Motion; and the Court having (a) reviewed and considered the Motion, all relief related thereto, any objections thereto and statements of counsel and the evidence presented in support of the relief requested by the Debtors in the Motion at the Sale Hearing, and (b) found that, after an appropriate marketing process by the Debtors under the facts and circumstances of these cases, Purchaser has submitted the highest or otherwise best offer for the Shares; and adequate and sufficient notice of the SPA, and all transactions contemplated thereunder and in this Order were given pursuant to and consistent with Bankruptcy Code, the Federal Rules of Civil Procedure, the local rules of this Court; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and other parties in interest; and it  further appearing that the legal and factual bases set forth in the Motion and at the Sale Hearing establish just cause for the relief granted herein; and after due deliberation thereon; and good and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.      **Jurisdiction and Venue**.  This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B.      **Statutory Predicates**.  The statutory predicates for the relief sought in the Motion are sections 105 and 363 of the Bankruptcy Code, as supplemented by Bankruptcy Rules 2002, 6004, 9007 and 9014, and the applicable requirements of the local rules of the Court.

C.      **Final Order**.  This Order constitutes a final order within the meaning of  28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rule 6004(h), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is no just reason for delay in the implementation of this Order, and expressly directs entry of judgment as set forth herein.

D.      **Notice**. Notice of the Motion, the time and place of the proposed Auction, the time and place of the Sale Hearing and the time for filing objections to the Motion (the "Sale Notice") was reasonably calculated to provide all interested parties with timely and proper notice of the Sale and the Sale Hearing.

E.      As evidenced by the certificates of service previously filed with the Court, proper, timely, adequate, and sufficient notice of the Motion, Sale Hearing, Sale and transactions contemplated thereby, has been provided in accordance with sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 9007.  The notices described above were good, sufficient, and appropriate under the circumstances, and no other or further notice of the Motion or Sale Hearing is or shall be required. The disclosures made by the Debtors concerning the Motion and Sale Hearing were good, complete, and adequate.

F.      **Compliance with Bidding Procedures Order**.  As demonstrated by evidence proffered or adduced, and the representations of counsel at the Sale Hearing, the Debtors have conducted a thorough marketing process and a fair and open sale process of the Share.  The Sale was non-collusive, substantively and procedurally fair to all parties, was the result of arm's-length

55134152.6

negotiations, and afforded a full, fair, and reasonable opportunity for any interested party to obtain necessary due diligence information and to submit an offer to purchase the Shares. Through marketing efforts and a competitive sale process, the Debtors: (i) afforded interested potential purchasers a full, fair, and reasonable opportunity to submit their highest or otherwise best offers to purchase the Shares; and (ii) provided potential purchasers sufficient information to enable them to make an informed judgment on whether to bid on the Shares. Based upon the circumstances and record of these chapter 11 cases, all creditors and other parties in interest and all prospective purchasers have been afforded a reasonable and fair opportunity to bid for the Shares.

G.    **Corporate Authority**.  Subject to the entry of this Order, each Seller (i) has the requisite corporate power and authority to execute, deliver, and perform its obligations under the SPA and all other documents contemplated thereby, and has taken all requisite corporate or other organizational action and formalities necessary to authorize and approve the execution, delivery and performance of its obligations under the SPA and to consummate the Sale, including as required by its organizational documents, and upon execution thereof, the SPA and the related documents were or will be duly executed and delivered by each Seller and enforceable against such Seller in accordance with their terms and, assuming due authorization, execution and delivery thereof by the other parties thereto, constituted or will constitute a valid and binding obligation of each Seller. No government, regulatory, or other consents other than those expressly provided for in the SPA were required for the execution, delivery and performance by the Sellers of the SPA or the consummation of the Sale contemplated thereby. No consents or approvals of the Sellers, other than those expressly provided for in the SPA or this Sale Order, are required for the Sellers to consummate the Sale.

55134152.6

H.    The SPA was not entered into for the purpose of hindering, delaying, or defrauding creditors under the Bankruptcy Code or under the laws of the United States, any state, territory, possession, or the District of Columbia. Neither the Sellers nor the Purchaser is entering into the transactions contemplated by the SPA fraudulently for the purpose of statutory and common law fraudulent conveyance and fraudulent transfer claims or similar claims.

I.    The Shares are property of the Sellers' estates and title thereto is vested in the Sellers' estates within the meaning of section 541(a) of the Bankruptcy Code.  The transfers of the Shares by the Sellers to the Purchaser (a) vest or will vest Purchaser with all right, title and interest of the Sellers in and to the Shares, and to the fullest extent permitted by 11 U.S.C. § 363(f) and all other applicable laws, free and clear of all liens, claims and encumbrances (including, but not limited to, any "claims" as defined in 11 U.S.C. § 101(5), reclamation claims, covenants, restrictions, hypothecations, charges, indentures, loan agreements, causes of action, instruments, contracts, leases, licenses, options, rights of first refusal, offsets, rights of recovery, judgments, orders and decrees of any court or foreign or domestic governmental entity, claims for reimbursement, successor liability, contribution, indemnity or exoneration, assignment, preferences, debts, charges, suits, rights of recovery, interests, products liability, alter-ego, environmental liability, successor liability, tax and other liabilities, causes of action and claims, and in each case whether secured or unsecured, choate or inchoate, filed or untiled, scheduled or unscheduled, notice or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, or known or unknown whether arising prior to, on, or subsequent to the date on which Sellers filed their voluntary petitions under chapter 11 of the Bankruptcy Code, whether imposed by agreement, understanding, law, equity or otherwise

55134152.6

(collectively, the "Encumbrances"), with any such Encumbrances to attach only to the proceeds of sale with the same priority, validity, force and effect as they existed with respect to the Shares prior to Completion, and (B) constitute transfers for reasonably equivalent value and fair consideration under the Bankruptcy Code and applicable non-bankruptcy law. For the avoidance of doubt and without limiting the foregoing, the transfer of the Shares to Purchaser shall be free and clear of any Encumbrances relating to or in connection with (i) any Employee Benefit Plan or pension plans contributed to or maintained by the Debtors, or multiemployer plan participated in by the Debtors prior or subsequent to the Petition Date; (ii) the Worker Adjustment and Retraining Notification Act of 1988; (iii) the Consolidated Omnibus Budget Reconciliation Act of 1985 or any similar laws or regulations; or (iv) any collective bargaining agreement(s) to which Debtors are a party or otherwise obligated under.

J.     **Sale in Best Interests of the Debtors' Estates**. Good and sufficient reasons for approval of the SPA and the transactions to be consummated in connection therewith have been articulated, and the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest. The Debtors have demonstrated both (a) good, sufficient and sound business purposes and justifications and (b) compelling circumstances for the Sale other than in the ordinary course of business, pursuant to section 363(b) of the Bankruptcy Code, outside of a plan of reorganization, in that, among other things, immediate consummation of the Sale to Purchaser is necessary and appropriate to maximize the value of the Sellers' estates.

K.     The Sale must be approved and consummated promptly in order to maximize the value of the Sellers' estates. Time is of the essence in consummating the Sale. Given all of the circumstances of these chapter 11 cases and the adequacy and fair value of the Purchase Price, the

proposed Sale constitutes a reasonable and sound exercise of the Sellers' and other Debtors' business judgment and should be approved.

      L.      The consummation of the Sale is legal, valid, and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a), 363(b), 363(f) and 363(m), and all of the applicable requirements of such sections have been complied with in respect of the transaction.

      M.     **Good Faith of Purchaser and Sellers**.  The SPA was negotiated, proposed, and entered into by the Sellers and Purchaser without collusion, in good faith, and from arm's-length bargaining positions, and is substantively and procedurally fair to all parties. Based on the record in these cases and at the Hearing on this Motion, neither any of the Debtors, nor Purchaser has engaged in any conduct that would cause or permit the SPA to be avoided under Bankruptcy Code section 363(n). Specifically, Purchaser has not acted in a collusive manner with any person and the Purchase Price was not controlled by any agreement among bidders. The Debtors and Purchaser have fully disclosed the identities of each entity participating in Purchaser's bid. Purchaser is purchasing the Shares, in accordance with the SPA, in good faith and is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code, and is therefore entitled to all of the protections afforded by such provision, and otherwise has proceeded in good faith in all respects in connection with the Debtors' chapter 11 cases. As demonstrated by (i) evidence proffered or adduced at the Sale Hearing and (ii) the representations of counsel made on the record at the Sale Hearing, appropriate marketing efforts and a competitive sale process were conducted with respect to the Share and, among other things, all payments to be made by Purchaser in connection with the Sale have been disclosed.

N.    **Highest or Otherwise Best Offer**. The sale process utilized by the Debtors afforded a full, fair and reasonable opportunity for any person or entity to make a higher or otherwise better offer to purchase the Shares. The Sale was conducted in a non-collusive, fair, and good faith manner, and a reasonable opportunity was given to any interested party to make a higher or otherwise better offer for the Shares. The SPA constitutes the highest or otherwise best offer for the Shares and will provide a greater recovery for the Debtors' estates than would be provided by any other available alternative. The Debtors' determination that the SPA constitutes the highest or otherwise best offer for the Shares is a valid and sound exercise of their fiduciary duties and constitutes a valid and sound exercise of the Debtors' business judgment.

O.    **Consideration**.  The consideration provided by Purchaser pursuant to the SPA (a) is fair and reasonable, (b) is the highest or otherwise best offer for the Shares, and (c) constitutes reasonably equivalent value and fair consideration (as those terms are defined in each of the Uniform Voidable Transactions Act (formally the Uniform Fraudulent Transfer Act), Uniform Fraudulent Conveyance Act, and section 548 of the Bankruptcy Code) under the laws of the United States, any state, territory, possession, or the District of Columbia. No other person or entity or group of entities has offered to purchase the Shares for greater value to the Debtors' estates than Purchaser.

P.    **Legal, Valid, and Binding Transfer**.  The Shares are property of the Debtors' estates and title thereto is vested in the Sellers' estates within the meaning of section 541(a) of the Bankruptcy Code.  The transfer of the Shares to the Purchaser will be a legal, valid, and effective transfer of the Shares and, except as provided in the SPA or this Order, will vest the Purchaser with all right, title, and interest of the Debtors to the Shares free and clear of all Encumbrances, in

8

accordance with section 363(f) of the Bankruptcy Code.  The SPA is a valid and binding contract between the Debtors and the Purchaser and shall be enforceable according to its terms.

Q.  **No Merger**. Purchaser is not holding itself out to the public as a continuation of the Debtors, and no common identity of directors, stockholders, members, or other equity holders exists between Purchaser and the Debtors. The Sale does not amount to a consolidation, merger, or *de facto* merger of Purchaser and Sellers and/or Sellers' bankruptcy estates; there is no substantial continuity, common identity, or continuation of enterprise between any of the Debtors and Purchaser.  Purchaser is not a mere continuation of any of the Debtors or their bankruptcy estates, and Purchaser does not constitute an alter ego or a successor in interest to any of the Debtors or their bankruptcy estates.

R.  **No Successor**.  Purchaser is not, and shall not be considered or deemed, as  result of any action taken in connection with the Sale, to be a successor in interest of any of the Debtors or their estates for any purpose, including but not limited to under any federal, state, or local statute or common law, or revenue, pension, ERISA, tax, labor, employment, environmental, escheat or unclaimed property laws, or other law, rule, or regulation (including without limitation filing requirements under any such laws, rules or regulations), or under any products liability law or doctrine with respect to any Debtor's liability under such law, rule, or regulation or doctrine or common law, or under any product warranty liability law or doctrine with respect to any Debtor's liability under such law, rule or regulation or doctrine, and Purchaser and its affiliates shall have no liability or obligation under the Workers Adjustment and Retraining Act (the "WARN Act"), 929 U.S.C. §§ 210 et seq., or the Comprehensive Environmental Response Compensation and Liability Act, and shall not be deemed to be a "successor employer" for purposes of the Internal Revenue Code of 1986, Title VII of the Civil Rights Act of 1964, as amended, the Age

55134152.6

Discrimination in Employment Act, the Americans with Disability Act, the Family Medical Leave Act, the National Labor Relations Act, the Labor Management Relations Act, the Older Workers Benefit Protection Act, the Equal Pay Act, the Civil Rights Act of 1866 (42 U.S.C. 1981), the Employee Retirement Income Security Act, the Multiemployer Pension Protection Act, the Pension Protection Act and/or the Fair Labor Standards Act.  The transfer of the Shares to Purchaser does not and will not subject Purchaser to any liability whatsoever with respect to the operation of the Debtors' business before Completion or by reason of such transfer under the laws of the United States, any state, territory, or possession thereof, or the District of Columbia, based, in whole or in part, directly or indirectly, on any theory of law or equity, including, without limitation, any theory of equitable law, including any theory of antitrust or successor or transferee liability.

S.    **Free and Clear**.  The conditions of section 363(f) of the Bankruptcy Code have been satisfied in full; therefore, the Sellers may sell the Shares free and clear of any Encumbrances to the fullest extent permitted by applicable law. Purchaser would not have entered into the SPA and would not consummate the transactions contemplated thereby if the Sale to Purchaser was not free and clear of all Encumbrances.  The Sellers may sell the Shares free and clear of any Encumbrances of any kind or nature whatsoever because in each case, one or more of the standards set forth in section 363(f)(1)–(5) of the Bankruptcy Code has been satisfied. Each entity with any Encumbrances of any kind on the Shares to be transferred on Completion (as such term is defined in the SPA): (i) has, subject to the terms and conditions of this Order, consented to the Sale or is deemed to have consented to the Sale; (ii) could be compelled in a legal or equitable proceeding to accept money satisfaction of such Encumbrances; or (iii) otherwise falls within the provisions of section 363(f) of the Bankruptcy Code.  All Encumbrances attach to any cash proceeds received by the Sellers that are ultimately attributable to the Shares against or in which such Encumbrances

are asserted, subject to the terms of such Encumbrances with the same validity, force, and effect, and in the same order of priority, which such holders of Encumbrances now have against the Shares or their proceeds, if any, subject to any rights, claims, and defenses the Sellers or their estates, as applicable, may possess with respect thereto.

T.     **Not a _Sub Rosa_ Plan**.  The SPA and Sale do not constitute an impermissible _sub rosa_ chapter 11 plan for which approval has been sought without the protections that a disclosure statement would afford.

**THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT**:

1.     The Motion is granted to the extent set forth herein.

2.     Any objections or reservation of rights filed or asserted in response to the Motion and the relief granted herein, to the extent not resolved as set forth herein or on the  record at the Sale Hearing, are hereby overruled on the merits in their entirety with prejudice.

3.     The SPA, and all other ancillary documents, and all of the terms and conditions thereof, are hereby approved in all respects.

4.     Pursuant to sections 363(b) and 363(f) of the Bankruptcy Code, the Sellers are hereby authorized without the need of further approval from this Court to (a) execute any additional instruments or documents that may be reasonably necessary or appropriate to implement the SPA, _provided_ that such additional documents do not materially change the SPA's terms adversely as to the Sellers' estates; (b) consummate the Sale in accordance with the terms and conditions of the SPA and the instruments to the SPA contemplated thereby; and (c) execute and deliver, perform under, consummate, implement, and close fully the transactions contemplated by the SPA, together with all additional instruments  and documents that may be reasonably necessary or desirable to implement the SPA and the Sale.  Purchaser shall not be required to seek

11

55134152.6

or obtain relief from the automatic stay under section 362 of the Bankruptcy Code to enforce any of its remedies under the SPA or any other Sale-related document. The automatic stay imposed by section 362 of the Bankruptcy Code is modified solely to the extent necessary to implement the preceding sentence and the other provisions of this Order, *provided, however*, that this Court shall retain jurisdiction over any and all disputes with respect thereto.

5.      This Order and terms and provisions of the SPA shall be binding in all respects upon the Debtors, their estates, all creditors of, and holders of equity interests in, the Debtors, any holders of Encumbrances in, against, or on all or any portion of the Shares (whether known or unknown), Purchaser and all successors and assigns of Purchaser, and any trustees subsequently appointed in any of the Debtors' chapter 11 cases or upon a conversion to chapter 7 under the Bankruptcy Code of the Debtors' cases. This Order and the SPA shall inure to the benefit of the Debtors, their estates and creditors, Purchaser, and the respective successors and assigns of each of the foregoing. The SPA shall not be subject to rejection or avoidance by any of the Debtors, their estates, their creditors, their equity holders, or any trustee, examiner, or receiver. Any trustee appointed in these chapter 11 cases shall be and are hereby authorized to operate the business of the Debtors to the fullest extent necessary to perform compliance with the terms of this Sale Order and the SPA.

6.      Each of the Debtors is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

7.      The Sale of the Shares to Purchaser pursuant to the SPA and the consummation of the transactions contemplated thereby do not require any consents other than as specifically required in the SPA. Each and every federal, state and local government agency or department is hereby authorized to accept any and all documents and instruments necessary and appropriate to

12

consummate the transaction contemplated by the SPA. A certified copy of this Order may be filed with the appropriate clerk or recorded with any recorder of any state, county or local authority to act to cancel any Encumbrances.

8.      **Transfer of Shares Free and Clear of Encumbrances**. Pursuant to sections 105(a), 363(b) and 363(f) of the Bankruptcy Code, the Sellers are authorized to transfer the Shares to Purchaser in accordance with the SPA and such transfer shall constitute a legal, valid, binding, and effective transfer of such Shares. Such transfer of the Shares shall vest Purchaser with title in and to the Shares and Purchaser shall take title to and possession of the Shares free and clear of all Encumbrances of any kind or nature whatsoever, including but not limited to successor or successor in interest liability, with all such Encumbrances to attach to the sale proceeds, with the same validity, force and effect, and in the same order of priority, which such Encumbrance had prior to the Sale, subject to any rights, claims and defenses of the Debtors or their estates in connection therewith.

9.      Purchaser shall not be responsible for any Encumbrances, including, but not limited to, in respect of the following: (a) any mortgages, deeds of trust, and security interests; (b) any claims that might otherwise arise under or pursuant to (i) the Employee Retirement Income Security Act, as amended, (ii) the Fair Labor Standards Act, (iii) Title VII of the Civil Rights Act of 1964, (iv) the Federal Rehabilitation Act of 1973, (v) the National Labor Relations Act, (vi) the WARN Act, (vii) the Age Discrimination in Employment Act, as amended, (viii) the Americans with Disabilities Act, (ix) the Family Medical Leave Act, (x) the Labor Management Relations Act, (xi) the Comprehensive Environmental Response Compensation and Liability Act, (xii) other federal or state environmental laws, (xiii) state discrimination laws, (xiv) state unemployment compensation laws or any other similar state laws, or (xv) any other state or federal

13

benefits or claims relating to any employment with any of the Debtors or any of their respective predecessors; (c) any bulk sales or similar law; (d) any tax statutes or ordinances, including, without limitation, the Internal Revenue Code of 1986, as amended, or any state or local tax laws; (e) any escheat or unclaimed property laws; and (f) any theories of successor or transferee liability as a result of any action taken in connection with the Sale.

10.     On Completion, each of the Debtors' creditors is authorized to execute such documents and take all other actions as may be reasonably necessary to release its Encumbrances or other interests in the Shares, if any, as such Encumbrances may have been recorded or may otherwise exist.

11.     If any person or entity which has filed statements or other documents or agreements evidencing Encumbrances on, against, or in, all or any portion of the Shares shall not have delivered to the Debtors prior to Completion, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents necessary for the purpose of documenting the release of all Encumbrances of any kind or other interests which the person or entity has or may assert with respect to all or any portion of the Shares, the Debtors are hereby authorized, and Purchaser is hereby authorized, to execute and file such statements, instruments, releases, and other documents on behalf of such person or entity with respect to the Shares.

12.     On Completion, this Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance, and transfer to Purchaser of the Sellers' interests in the Shares.  This Order is and shall be effective as a determination that, on Completion, all Encumbrances or other interest of any kind or nature whatsoever existing as to the Shares prior to Completion shall have been unconditionally released, discharged, and terminated

14

to the fullest extent permitted by applicable law, and that the conveyances described herein have been effected. This Order shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby authorized to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the SPA. A certified copy of this Order may be filed with the appropriate clerk and/or recorded with the recorder to act to cancel any Encumbrances and other interests of record.

13.     All persons or entities that are presently, or on Completion may be, in possession of some or all of the Shares are hereby directed to surrender possession of the Shares to Purchaser on Completion or at such later time as Purchaser reasonably requests. Subject to the terms, conditions and provisions of this Order, all persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Sellers to sell and/or transfer the Shares to Purchaser in accordance with the terms of the SPA.

14.     Each and every federal, state, and local governmental agency or department is hereby authorized and directed to accept any and all documents and instruments necessary and appropriate to consummate the Sale set forth in the SPA.

15.     **Prohibition of Actions Against Purchaser**. Purchaser shall not have any liability or other obligation of the Sellers arising under or related to any of the Shares. Without limiting the

generality of the foregoing, and as expressly permitted in the SPA, Purchaser shall not be liable for any Encumbrances.

16.    All persons and entities, including, but not limited to, all debt holders, equity security holders, governmental, tax and regulatory authorities, lenders, trade creditors, litigation claimants, and other creditors, holding Encumbrances of any kind or nature whatsoever against or in all or any portion of the Shares (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, senior or subordinate), arising under or out of, in connection with, or in any way relating to any of the Debtors, the Shares, the operation of the Debtors' business prior to Completion or the transfer of the Shares to Purchaser in accordance with the SPA, hereby are forever barred, estopped, and permanently enjoined from asserting against Purchaser, its successors or assigns, or the Shares, such persons' or entities' Encumbrances in and to the Shares, including, without limitation, the following actions: (a) commencing or continuing in any manner any action or other proceeding against Purchaser, its successors, assets, or properties; (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against Purchaser, its successors and/or assigns; (c) creating, perfecting, or enforcing any Encumbrances of any kind whatsoever or any other interest against Purchaser, its successors, assets, or properties; (d) asserting any setoff or right of subrogation of any kind against any obligation due Purchaser or its successors; (e) commencing or continuing any action, in any manner or place, that does not comply or is inconsistent with the provisions of this Order or other orders of the Court, or the agreements or actions contemplated or taken in respect thereof; or (f) revoking, terminating, or failing or refusing to transfer or renew any license, permit, or authorization with respect to the Shares.

16

17.     All persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Sellers to sell and transfer the Shares to Purchaser in accordance with the terms of the SPA and this Order.

18.     Notwithstanding the foregoing, nothing herein shall prevent (a) the Debtors from pursuing an action against Purchaser arising under the SPA or the related documents, or (b) any administrative agencies, governmental, tax and regulatory authorities, secretaries of state, federal, state, and local officials from properly exercising their police and regulatory powers.

19.     **No Successor Liability**. Purchaser and its successors and assigns shall not be deemed, as a result of any action taken in connection with the transfer of the Shares, (i) to be a successor to any of the Debtors or their estates, (ii) to have, de facto or otherwise, merged or consolidated with or into the Debtors or their estates, (iii) to be a continuation or substantial continuation of any of the Debtors, (iv) to have a common identity with the Debtors, (v) to have acquired the trade or business of any of the Debtors for any purpose under applicable U.S. federal law (including the Bankruptcy Code and the Internal Revenue Code of 1986, as amended), or (vi) to be held out to the public as a continuation of the Debtors or the Debtors' trade or business, and Purchaser shall have no successor, transferee, or vicarious liability of any kind or character, including, but not limited to, under any theory of foreign, federal, state, or local antitrust, environmental, successor, tax, ERISA, assignee, or transferee liability, labor, product liability, employment, de facto merger, substantial continuity, or other law, rule, or regulation, whether known or unknown as of Completion, now existing or hereafter arising, whether asserted or unasserted, fixed or contingent, liquidated or unliquidated with respect to the Debtors or any obligations of the Debtors arising prior to Completion. Except as otherwise provided herein or in the SPA, the transfer of the Shares to Purchaser pursuant to the SPA shall not result in the

Purchaser's having any liability or responsibility for, or being required to satisfy in any manner, whether in law or in equity, whether by payment, setoff, or otherwise, directly or indirectly, any claim against any of the Debtors or against any insider of the Debtors or any liens, claims, interests, or encumbrances.

20. **Consideration**. The consideration provided by Purchaser under the SPA constitutes (i) reasonably equivalent value under the Bankruptcy Code, the Uniform Fraudulent Transfer Act, and the Uniform Voidable Transactions Act, (ii) fair consideration under the Uniform Fraudulent Conveyance Act, and (iii) reasonably equivalent value, fair consideration and fair value under any other applicable Laws of the United States, any state, territory or possession thereof, or the District of Columbia. The consideration provided by Purchaser for the Shares under the SPA is fair and reasonable and may not be avoided under section 363(n) of the Bankruptcy Code.

21. **Good Faith**. The transactions contemplated by the SPA are undertaken by Purchaser without collusion and in "good faith," as that term is used in section 363(m) of the Bankruptcy Code and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale with Purchaser, unless such authorization is duly stayed pending such appeal. Purchaser is a good faith purchaser of the Purchased Shares, and is entitled to all of the benefits and protections afforded by section 363(m) of the Bankruptcy Code.

22. **Books and Records**. Notwithstanding anything to the contrary in the SPA, following Completion for the Sale, Purchaser shall grant the Debtors and their respective representatives, including any trustee or fiduciary appointed to act on behalf of the Debtors or as

a successor to the Debtors (the "Trustee"), access to the books and records transferred to Purchaser pursuant to the SPA in accordance with the terms of the SPA.

23.      **Failure to Specify Provisions**.  The failure specifically to include any particular provisions of the SPA in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the SPA be authorized and approved in its entirety; *provided*, *however*, that this Order shall govern if there is any inconsistency between the SPA (including all ancillary documents executed in connection therewith) and this Order. Likewise, all of the provisions of this Order are non-severable and mutually dependent.  To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in these chapter 11 cases, the terms of this Order shall control.

24.      **Non-Material Modifications**.  The SPA and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, in writing signed by such parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Debtors' estates.

25.      **Subsequent Plan Provisions**.  Nothing contained in any chapter 11 plan confirmed in any of the Debtors' cases or any order confirming any such plan or in any other order in these chapter 11 cases (including any order entered after any conversion of any of these cases to a case under chapter 7 of the Bankruptcy Code) or any related proceeding subsequent to entry of this Order shall alter, conflict with, or derogate from, the provisions of the SPA or this Order.  To the extent of any such conflict or derogation, the terms of the SPA or this Order, as applicable, shall govern.

26.    **No Stay of Order**.  Notwithstanding the provisions of Bankruptcy Rule 6004(h) and Bankruptcy Rule 6006(d), and pursuant to Bankruptcy Rules 7062 and 9014, this Order shall be effective and enforceable immediately upon its entry.

27.    **Retention of Jurisdiction**.  This Court retains jurisdiction pursuant to its statutory powers under 28 U.S.C. § 157(b)(2), to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the SPA, all amendments thereto, and any waivers and consents thereunder and each of the agreements executed in connection therewith to which any Debtor is a party, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale, including, but not limited to, retaining jurisdiction to (a) interpret, implement and enforce the provisions of this Order and the SPA; (b) adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale; and (c) protect Purchaser against any Encumbrances or other interests in the Debtors or the Shares of any kind or nature whatsoever, attaching to the proceeds of the Sale.

**END OF ORDER**

55134152.6