**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re: | Chapter 11 Cases |
| Diamond Comic Distributors, Inc., *et al.*,[1] | Case No. 25-10308 (DER) |
| Debtors. | (Jointly Administered) |

**SUMMARY OF SECOND INTERIM FEE APPLICATION OF LOWENSTEIN SANDLER
LLP, AS CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, FOR SERVICES RENDERED AND EXPENSES INCURRED FOR THE
<u>PERIOD BETWEEN APRIL 1, 2025 AND JUNE 30, 2025</u>**

Name of Applicant:    **Lowenstein Sandler LLP**

Authorized to Provide Professional Services to: **Official Committee of Unsecured Creditors**

Date of Retention: **March 17, 2025, effective as of January 30, 2025 [D.I. 225]**

Period for Which Compensation and Reimbursement is Sought:    **April 1, 2025 through
June 30, 2025**

Amount of Compensation Sought as Actual, Reasonable and Necessary: **$715,141.50**

Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: **$6,885.88**

This is an: **interim fee application.**

---

[1]    The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification
numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc.
(7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York
Road, Suite 300, Hunt Valley, Maryland 21030.

## PRIOR APPLICATION HISTORY

| Application | Date Filed | Period Covered | Requested | | Monthly Statements | | Certificate of No Objection / Signed Order |
|---|---|---|---|---|---|---|---|
| | | | Fees 100% | Expenses | Fees 80% | Expenses | |
| 1st Monthly | 4/1/25 D.I. 291 | 1/30/25 – 2/28/25 | $494,220.25 | $3,025.26 | $395,376.20 | $3,025.26 | 4/17/25 D.I. 354 |
| 2nd Monthly | 4/29/25 D.I. 382 | 3/1/25 – 3/31/25 | $451,625.00 | $650.61 | $361,300.00 | $650.61 | 5/20/25 D.I. 453 |
| 1st Interim | 4/30/25 D.I. 396 | 1/30/25 – 3/31/25 | $945,845.25 | $3,675.87 | | | 6/2/25 D.I. 478 |
| 3rd Monthly | 5/30/25 D.I. 473 | 4/1/25 – 4/30/25 | $420,627/25 | $4,993.08 | $336,501.80 | $4,993.08 | 6/20/25 D.I. 521 |
| 4th Monthly | 6/30/25 D.I. 547 | 5/1/25 – 5/31/25 | $157,688.25 | $992.95 | $126,150.60 | $992.95 | 7/18/25 D.I. 616 |
| 5th Monthly | 7/29/25 D.I. 663 | 6/1/25 – 6/30/25 | $136,826.00 | $899.85 | $109,460.80 | $899.85 | Pending |

Dated: July 31, 2025

/s/ *Stephen B. Gerald*
Dennis J. Shaffer, (MD Bar No. 25680)
Stephen B. Gerald (MD Bar No. 26590)
**TYDINGS & ROSENBERG LLP**
One East Pratt Street, Suite 901
Baltimore, Maryland 21202
Telephone (410) 752-9715
E-mail: dshaffer@tydings.com
E-mail: sgerald@tydings.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re: | Chapter 11 Cases |
| Diamond Comic Distributors, Inc., *et al.*,[1] | Case No. 25-10308 (DER) |
| Debtors. | (Jointly Administered) |

**SECOND INTERIM FEE APPLICATION OF LOWENSTEIN SANDLER LLP,
AS CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, FOR SERVICES RENDERED AND EXPENSES INCURRED FOR THE
<u>PERIOD BETWEEN APRIL 1, 2025 AND JUNE 30, 2025</u>**

Lowenstein Sandler LLP ("<u>Lowenstein Sandler</u>"), as co-counsel to the Official Committee of Unsecured Creditors (the "<u>Committee</u>") appointed in the above-referenced chapter 11 cases of Diamond Comic Distributors, Inc., *et al* (the "<u>Debtors</u>"), hereby submits this second application for an allowance of interim compensation in the amount of $715,441.50 for professional services rendered to the Committee between April 1, 2025 and June 30, 2025 (the "<u>Application Period</u>") and for reimbursement of actual and necessary out-of-pocket expenses incurred in the amount of $6,885.88, pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* (the "<u>Interim Compensation Order</u>") [D.I. 203] entered by the Court on March 10, 2025. In support, Lowenstein Sandler states as follows:

## I.    <u>JURISDICTION AND VENUE</u>

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and *Standing Order 2012-05* from the United States District Court for the District of Maryland. This

---

[1]    The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Application is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory and rule predicates for the relief requested herein are sections 330 and 331 of the title 11 of the U.S. Code (the "Bankruptcy Code"), Local Bankruptcy Rule 2016-1, and the *Appendix D Compensation Guidelines for Professionals in the United States Bankruptcy Court for the District of Maryland* (the "Maryland Compensation Guidelines").

## II.      **BACKGROUND**

3.      On January 14, 2025 (the "Petition Date"), each of the Debtors filed in this Court, voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Maryland, Baltimore Division (the "Court") commencing these cases (the "Chapter 11 Cases"). Pursuant to 11 U.S.C. §§ 1107(a) and 1108, the Debtors continue to operate their businesses and conduct their affairs as debtors-in-possession.

4.      On January 29, 2025, the United States Trustee for the District of Maryland (the "U.S. Trustee") appointed the Committee pursuant to 11 U.S.C. § 1102 [D.I. 90]. The Committee is comprised of three members: (i) Little Buddy Toys, LLC; (ii) Simon & Schuster, LLC; and (iii) Titan Publishing Group Limited/Titan Comics.

5.      On January 30, 2025, the Committee selected Lowenstein Sandler as lead counsel to the Committee. The Committee subsequently selected Tydings & Rosenberg LLP ("Tydings") to serve as its local counsel and Berkeley Research Group ("BRG") to serve as its financial advisor in the Chapter 11 Cases.

6.      Information regarding the Debtors' history, business operations, capital structure, secured indebtedness, and the events leading up to the commencement of the Chapter 11 Cases can be found in the *Declaration of Robert Gorin in Support of First Day Relief* [D.I. 20].

7.      On February 24, 2025, the Committee filed an application to employ Lowenstein

Sandler as counsel to the Committee in these proceedings [D.I. 169], and on March 17, 2025, this Court entered an order authorizing the Committee to employ Lowenstein Sandler as its counsel [D.I. 225] (the "Retention Order"). The Retention Order authorizes Lowenstein Sandler to be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the applicable Federal Rules of Bankruptcy Procedure, the rules of this Court and the Interim Compensation Order.

8.      Professionals are required to comply with certain requirements of the *United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330 by Attorneys in Larger Chapter 11 Cases* (the "Revised UST Guidelines").  The Office of the United States Trustee has promulgated forms to aid in compliance with the Revised UST Guidelines. Charts and tables based on such forms are attached hereto as exhibits and filled out with data to the extent relevant to the Chapter 11 Cases:

| | |
|---|---|
| **Exhibit A:** | Customary And Comparable Compensation Disclosures With Fee Applications; |
| **Exhibit B:** | Summary Of Timekeepers Included In This Fee Application; |
| **Exhibit C:** | Budget and Staffing Plan; |
| **Exhibit D:** | Summary of Compensation By Project Category and Time Detail; |
| **Exhibit E**: | Summary of Expense Reimbursement Requested By Category and Expense Detail; and |
| **Exhibit F:** | Summary Cover Sheet of Fee Application. |

## II.    LOWENSTEIN SANDLER'S APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

9.      Lowenstein Sandler's monthly fee statements (the "Monthly Fee Statements") for the period of April 1, 2025 through June 30, 2025 have been filed and served pursuant to the Interim Compensation Order:

10.      On May 30, 2025, Lowenstein Sandler filed its *Third Monthly Fee Statement of*

3

*Lowenstein Sandler LLP, As Co-Counsel for the Official Committee of Unsecured Creditors for Services Rendered and Expenses Incurred for the Period April 1, 2025 through April 30, 2025* [D.I. 473] (the "Third Monthly Fee Statement") requesting $420,627.25 in fees and $4,993.08 in expenses. The certification of no objection for the Third Monthly Fee Statement was filed on June 20, 2025 [Docket No. 521].

11.     On June 30, 2025, Lowenstein Sandler filed its *Fourth Monthly Fee Statement of Lowenstein Sandler LLP as Co-Counsel for the Official Committee of Unsecured Creditors for Services Rendered and Expenses Incurred for the Period from May 1, 2025 through May 31, 2025* [D.I. 547] (the "Fourth Monthly Fee Statement") requesting $157,688.25 in fees and $992.95 in expenses. The certification of no objection for the Fourth Monthly Fee Statement was filed on July 18, 2025 [Docket No. 616].

12.     On July 29, 2025, Lowenstein Sandler filed its *Fifth Monthly Fee Statement of Lowenstein Sandler LLP as Co-Counsel for the Official Committee of Unsecured Creditors for Services Rendered and Expenses Incurred for the Period from June 1, 2025 through June 30, 2025* [D.I. 663] (the "Fifth Monthly Fee Statement") requesting $136,826.00 in fees and $899.85 in expenses. The Fifth Monthly Fee Application is pending.

13.     In accordance with the Interim Compensation Order, Lowenstein Sandler seeks interim approval of the full amount of the fees and expenses requested in the above-referenced Monthly Fee Statements, and payment in an amount equal to the difference between the full amount of fees and expenses requested in the above-referenced Monthly Fee Statements and the actual payments received by Lowenstein Sandler on account of the Monthly Fee Statements.

## III.       LEGAL STANDARD FOR AWARDING COMPENSATION

14.     The legal standard for awarding compensation is set forth by the Bankruptcy Code. Bankruptcy Rule 2016, Local Bankruptcy Rule 2016-1 and the Maryland Compensation

Guidelines set forth the format for fee applications.

15.     Under § 330(a)(1) of the Code, the Court may award attorneys reasonable compensation for actual, necessary services rendered by such attorneys and paraprofessionals employed by such attorneys based upon the nature, extent and value of the services rendered, time spent on such services, and the cost of comparable services in cases other than bankruptcy cases.

16.     The Court may also award reimbursement for actual, necessary expenses. The expenses incurred by Lowenstein Sandler as set forth herein include reasonable and necessary charges for services such as photocopying. These expenses have been charged in compliance with the standards set forth in the Maryland Compensation Guidelines.

17.     Courts frequently look to the "lodestar" formula in assessing attorneys' fees. Under this approach, courts consider the number of hours of service reasonably devoted to the case, multiplied by the attorneys' reasonable rates. This sum may be adjusted to reflect the characteristics of the particular case, and the reputation of the attorney. *See, e.g. Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354, 361 (D.D.C. 1983), *aff'd in part, rev'd in part*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021, 105 S. Ct. 3488 (1985).

18.     Many courts frequently consider the specific lodestar factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) and applied in bankruptcy cases. *See, e.g., In re First Colonial Corp.*, 544 F.2d 1291, 1298-99 (5th Cir.), *cert. denied*, 431 U.S. 904 (1977). The Fourth Circuit Court of Appeals adopted these tests in *Barber v. Kimbrells, Inc.*, 577 F.2d 216, 226 (4th Cir.), *cert. denied*, 439 U.S. 934 (1978). In *Anderson v. Morris*, 658 F.2d 246, 249 (4th Cir. 1981), the Fourth Circuit held that the District Court should consider the lodestar approach, which encompasses the *Johnson* factors (a) and (e) as set forth below, and then adjust the fee on the basis of the remaining *Johnson* factors. The *Johnson* factors are:

    a.  the time and labor required;

    b.  the novelty and difficulty of the questions;

    c.  the skill requisite to perform the legal service properly;

    d.  the preclusion of other employment by the attorney due to acceptance of the case;

    e.  the customary fee;

    f.  whether the fee is fixed or contingent;

    g.  time limitations imposed by the client of the circumstances;

    h.  the amount involved and the results obtained;

    i.  the experience, reputation, and ability of the attorneys;

    j.  the "undesirability" of the case;

    k.  the nature and length of the professional relationship with the client; and

    l.  awards in similar cases.

*Johnson*, 488 F.2d at 717-719; *Barber*, 577 F.2d at 226 n.28; *Anderson*, 568 F.2d at 248 n.2.

    19.    In *In re Bernard Hill*, 133 B.R. 61 (Bankr. D. Md. 1991), the United States Bankruptcy Court for the District of Maryland supplemented the general lodestar principals by establishing ten "cardinal rules" with which fee applications should comply:

    a.  Fee applications must make sense;

    b.  Fee applications must indicate what work was performed, when it was performed and how much money is being charged for performing it;

    c.  Services rendered should be reported in several broad, general categories;

    d.  Fee applications must contain a "lodestar" analysis;

    e.  Fee applications must indicate how much in time and money was "written off" in the exercise of billing judgment;

    f.  Numbers must add up;

    g.  The names of the individuals who rendered services, together with their hourly rates and years of experience, must be disclosed;

    h.   Time records must be submitted with the fee application;

    i.   Out-of-pocket expenses for which reimbursement is sought must be set forth in the application; and

    j.   When more than one professional or firm of professionals is appointed to represent or furnish similar services to a debtor, the fee application(s) must indicate a clear division of labor and non-duplicative effort.

20.    As set forth in the Maryland Compensation Guidelines, Lowenstein Sandler has broken down the services rendered and charges assessed by general categories reflecting the substantive type of services performed. During the Application Period, Lowenstein Sandler utilized a category breakdown of its services as set forth in **Exhibit D** hereto.

21.    Although Lowenstein Sandler endeavored to place all time entries into the respective categories indicated in **Exhibit D**, it should be recognized that often one activity will encompass more than one category. In those instances, Lowenstein Sandler attempted to place that time entry into the category which represents the most dominant purpose of the services rendered.  No time entries appear in more than one category.

**IV.    ITEMIZATION OF SERVICES RENDERED AND DISBURSEMENTS MADE BY PROJECT CATEGORY**

22.    A detailed itemization of the services rendered in each of project categories in which services have been rendered is set forth in **Exhibit D** hereto. To apprise this Court of the legal services provided during the Application Period, Lowenstein Sandler sets forth the following summary of legal services provided. However, this summary is intended only to highlight the general categories of services performed by Lowenstein Sandler on behalf of the Committee. It is not intended to set forth each and every item of professional services which Lowenstein Sandler performed.[2]

---

[2] Categories in which 5.0 hours of time or less were billed are not included in this summary.

a.      **Adversary Proceedings and Bankruptcy Court Litigation** (46.80 hours; $48,128.00). Time spent in this category includes: (a) monitoring adversary proceedings and reviewing and analyzing related pleadings and filings; (b) researching and evaluating legal strategies and procedural requirements for intervention, dismissal, and counterclaims in adversary proceedings; (c) communicating with the Debtors', secured lender's, and Committee's professionals to discuss litigation strategy and case developments; (d) reviewing and researching damages calculations related to estate claims and causes of action; and (e) updating the Committee members on the status and progress of adversary proceedings.

b.      **Asset Analysis and Recovery** (24.90 hours; $29,329.00) This category includes, among other things, time spent by Lowenstein Sandler in connection with Committee's analysis of, and investigation into, remaining estate assets, including: (a) reviewing and analyzing reports and memos regarding post-sale asset summaries, and waterfall analyses; and (b) preparing for and participating in calls with the Debtors' and Committee's professionals, regarding strategies for monetizing remaining assets, including litigation assets; and (c) conferring with the Committee's financial advisor and local counsel regarding same.

c.      **Asset Disposition** (220.20 hours; $257,427.50) This category includes time spent by Lowenstein Sandler attending to the sales of the Debtors' assets, including: (a) reviewing, revising and analyzing multiple drafts and revisions of asset purchase agreements (APAs), sale orders, disclosure schedules, and related documents for multiple bidders, including Alliance Entertainment, Universal, and Ad Populum; (b) preparing for and participating in numerous teleconferences, meetings, and strategy sessions with the Debtors' and Committee's professionals

regarding the sale status, negotiations, bid developments, closing issues, and next steps in the sale process; (c) reviewing and analyzing multiple sale orders; (d) reviewing and analyzing vendor agreements and issues related thereto; (e) reviewing and analyzing objections to the sale and assumption/assignment of contracts; (f) reviewing and revising the draft letter terminating the Alliance APA; (g) preparing for and participating in sale hearings, reviewing hearing transcripts, and analyzing court orders and press coverage; and (h) reviewing and attending to various sale objections.

d. **Assumption/Rejection of Leases and Contracts** (13.20 hours; $14.680.50) This category includes time spent by Lowenstein Sandler in connection with (a) reviewing, analyzing, and summarizing various motions and related filings related to the assumption or rejection of executory contracts and unexpired leases; (b) preparing and revising a reservation of rights in response to certain of these motions; and (c) conferring with Debtors' counsel regarding settlement negotiations and settlement terms related to these motions.

e. **Case Administration** (6.40 hours; $3,603.00) This category includes time spent by Lowenstein Sandler: (a) reviewing the main court docket and adversary dockets to monitor case developments and deadlines; (b) updating the critical dates memorandum; and (c) preparing and sending email reports to keep all professionals informed of upcoming deadlines.

f. **Claims Administration and Objections** (9.80 hours; $10,344.00) This category includes time spent by Lowenstein Sandler (a) reviewing, summarizing and commenting on the Debtors' bar date motion, proposed order and related notice; (b) reviewing, analyzing, and summarizing the claims register,

administrative expense claims, and motions for allowance of administrative expenses, including evaluating section 503(b)(9) claims, reviewing supporting documentation, and assessing the Debtors' setoff rights and objections to administrative claims; and (c) responding to inquiries from creditors regarding the claims process.

g. **Court Hearings** (45.60 hours; $49,974.50) This category includes time spent by Lowenstein Sandler preparing for and attending various court hearings on behalf of the Committee.

h. **Fee Applications and Invoices – Others** (8.70 hours; $7,524.50) Lowenstein Sander spent time in this category reviewing and summarizing interim fee applications, monthly fee statements, and invoices submitted by various professionals involved in the case.

i. **Fee/Employment Applications** (29.30 hours; $20,940.50) This category includes time spent preparing, drafting, and revising monthly and interim fee applications and statements for Lowenstein Sandler, including ensuring compliance with fee guidelines and requirements, updating supporting exhibits, and coordinating the filing and service of these documents with local counsel.

j. **Financing/Cash Collateral** (80.30 hours; $97,999.00) This category includes time Lowenstein Sandler spent: (a) reviewing, drafting, and revising stipulations, and proposed orders related to debtor-in-possession (DIP) financing and use of cash collateral, including preparing and negotiating amendments to DIP credit agreements, and multiple challenge period extensions/stipulations; (b) reviewing, analyzing and commenting on the extended DIP financing budget and post-closing budget, and coordinating with the Committee's financial advisor and the Debtors'

10

professionals to address issues related to cash flow, the sale of remaining assets, professional fee escrows, and the allocation of sale proceeds; (c) conferring with the Debtors' and Committee's professionals regarding DIP financing terms, budget modifications, and DIP negotiations; (d) reviewing multiple motions to approve amendments to the DIP credit agreement; (e) preparing for and participating in hearings regarding DIP amendments and budget approvals; and (f) preparing and revising presentation materials for the Committee regarding DIP matters.

k.  **Meetings of and Communication with Creditors** (97.60 hours; $107.315.50) This category includes time spent by Lowenstein Sandler: (a) preparing for, attending, and hosting regular committee calls and meetings with committee members, professionals, and advisors to discuss case status, sale developments, strategy, and next steps, as well as reviewing and commenting on presentation materials, agendas, and reports for these meetings; (b) drafting, revising, and distributing frequent email updates, reports, and communications to committee members regarding key case milestones, sale process updates, hearing outcomes, and other significant developments; and (c) responding to creditor inquiries.

l.  **Non-Working Travel** (56.60 hours; $31,935.00) This category includes time spent by Lowenstein Sandler traveling to hearings on behalf of the Committee. Time in this category is billed at 50% of Lowenstein's usual rates.

m.  **Other Contested Matters** (5.20 hours; $4,935.00) Lowenstein Sandler spent time in this category: (a) reviewing, analyzing, and summarizing the United States Trustee's motion to convert the cases to Chapter 7 or to dismiss the cases; (b) drafting and revising the Committee's response to the United States

Trustee's motion to convert or dismiss; and (c) conferring with the Debtors' and Committee's professionals regarding same.

n. **Plan and Disclosure Statement** (18.20 hours; $17,863.00) This category includes time spent by Lowenstein Sandler: (a) reviewing, analyzing, and tracking plan exclusivity periods and related deadlines; and (b) researching, drafting, and revising an objection to the Debtors' exclusivity extension motion.

o. **Schedules and Statements** (6.5 hours; $5,493.00) This category includes time spent by Lowenstein Sandler reviewing and analyzing the Debtors' amended schedules of assets and liabilities and statements of financial affairs, and preparing a memo/summary detailing the nature and significance of amendments to the schedules and statements.

## V.    DISBURSEMENTS

23.    Lowenstein Sandler's out-of-pocket disbursements in the amount of $6,885.88, made in connection with its representation of the Committee during the Application Period include computerized legal research, travel expenses, and working meals as set forth in **Exhibit E** hereto.

24.    A summary of the total disbursements is as follows:

| Category | Amount |
|----------|-------:|
| Computerized legal research | $428.70 |
| Travel | $6,230.88 |
| Working Meals | $226.30 |
| **Total Disbursements** | $6,885.88 |

## VI.    LODESTAR ANALYSIS

25.    The legal standards for approval of compensation to counsel require counsel to

provide an analysis that applies the legal standards to the services rendered and disbursements made. Lowenstein Sandler submits the following lodestar analysis in support of its request for allowance of fees and disbursements.

a. <u>The time and labor required</u>. The amount of time required to represent the Committee during the Application Period was extremely heavy. Not only did the Application Period include the contested sale process, it also included two contested adversary proceedings and a motion to dismiss or convert the Chapter 11 Cases, in addition to the other issues described in paragraph 22 above.

b. <u>Novelty and difficulty of the questions</u>. Various significant and complex issues arose during the Application Period. In addition to other matters, Lowenstein Sandler conducted significant research and analysis regarding the contested sale documents, and legal and factual arguments and allegations raised in the adversary proceedings. Lowenstein Sandler performed the necessary work and advised the Committee with respect to each of the aforementioned.

c. <u>The skill requisite to perform the legal service properly</u>. Lowenstein Sandler adeptly exercised the skill required to perform these services properly.

d. <u>The preclusion of other employment by the firm due to the acceptance of these cases</u>. Although Lowenstein Sandler has not had to turn away other work because of these cases, it was required to work on these cases in lieu of working on other cases at various stages of these bankruptcy proceedings.

e.  <u>The customary fee for similar work</u>. Lowenstein Sandler submits that the fees sought herein are warranted and are generally less than competitor fees for firms with comparable national practices.

f.  <u>Whether the fee is fixed or contingent</u>. Pursuant to the Bankruptcy Code and the Interim Compensation Order, all fees sought by professionals retained by the Committee are subject to approval of this Court.

g.  <u>The limitations imposed by the client or circumstances</u>. In general, Lowenstein Sandler has had to deal only with the general time constraints associated with Chapter 11 cases.

h.  <u>The amounts involved and the results obtained</u>. The Committee has worked throughout the case to ensure that the rights of creditors have been protected.

i.  <u>Experience, reputation and ability of the attorneys</u>. Lowenstein Sandler's attorneys have broad-based experience and a national reputation in bankruptcy and reorganization proceedings, and extensive experience representing official committee of unsecured creditors, particularly in publishing-related bankruptcy cases. Lowenstein Sandler has represented official committees of unsecured creditors in numerous chapter 11 cases in multiple districts nationwide.

j.  <u>The "undesirability" of these cases</u>. These cases cannot be said to be undesirable.

k.  <u>The nature and length of the firm's professional relationship with the client</u>. The Committee retained Lowenstein Sandler effective as of January 30, 2025.

l.    <u>Awards made in similar cases</u>. Lowenstein Sandler submits that its request for compensation is within the usual and customary awards granted in similar cases.

26.    In addition to the *Johnson* factors discussed above, Lowenstein Sandler submits that this application satisfies the ten cardinal rules set forth in *Bernard Hill*.

(a)    This Application makes sense as it is structured to convey the information contained herein in an understandable and consistent manner.

(b)    This Application contains dates and categories of work that reflect what work was performed and when it was performed. Further, the attached exhibits contain more detail on each specific item billed, the date the work was performed and how much money is being charged for the services performed.

(c)    This Application contains several broad and general categories of work performed and substantiation for the work.

(d)    This Application contains a lodestar analysis.

(e)    The breakdown of services and disbursements in this Application adds up.

(f)    The names of the individuals who rendered services, together with their hourly rates, have been disclosed. The experience of the partners in charge has been set out therein.

(g)    A complete printout of detailed time records has been submitted with this Application.

(h)    Lowenstein Sandler has deliberately and effectively divided work streams. Tydings has handled numerous hearings without Lowenstein Sandler attending, and Tydings has primarily reviewed and commented on motions that are routine and involve local practice, including issues related to the adversary proceedings. Any furnishing of similar services by professionals was necessary and clearly indicated in the time records. Notwithstanding this economical staffing, Lowenstein Sandler has internally written off $45,826.00 of recorded time in the exercise of its billing discretion during the Application Period.

(i)    This Application does not contain any bill for any other firm or professionals other than Lowenstein Sandler.

(j)    The services performed by each professional at Lowenstein Sandler are set forth independently in the exhibits.

## VII.    WAIVER OF MEMORANDUM OF LAW

27.    Pursuant to Local Rule 9013-2, T&R states that, in lieu of submitting a memorandum in support of this Application, T&R will rely solely upon the grounds and authorities set forth herein.

28.

## VIII.    CONCLUSION

29.    Lowenstein Sandler seeks allowance and authorization of payment of fees in the amount of $715,151.50 and reimbursement of out-of-pocket expenses incurred in the amount of $6,885.88.

**WHEREFORE**, Lowenstein Sandler respectfully requests that this Court enter an Order, substantially in the form submitted herewith: (a) granting this Application; (b) allowing compensation on an interim basis to Lowenstein Sandler in the amount of $715,141.50; (c) allowing reimbursement of out-of-pocket expenses to Lowenstein Sandler in the amount of $6,885.88; (d) allowing said fees and expenses as a cost and expense of administration; (e) authorizing the Debtors to pay to Lowenstein Sandler the allowed fees and expenses less any amounts previously paid in connection with the monthly fee applications; and (f) granting such other relief as is just and equitable.

[*remainder of page intentionally left blank*]

Dated: July 31 2025

/s/ *Stephen B. Gerald*
Dennis J. Shaffer (MD Bar No. 25680)
Stephen B. Gerald (MD Bar No. 26590)
**TYDINGS & ROSENBERG LLP**
One East Pratt Street, Suite 901
Baltimore, Maryland 21202
Telephone (410) 752-9715
E-mail: dshaffer@tydings.com
E-mail: sgerald@tydings.com

-and-

**LOWENSTEIN SANDLER LLP**

Bruce S. Nathan, Esq. (admitted *pro hac vice*)
Gianfranco Finizio, Esq. (admitted *pro hac vice*)
Chelsea R. Frankel, Esq. (admitted *pro hac vice*)
1251 Avenue of the Americas, 17th Floor
New York, New York 10020
Phone: (212) 262-6700
E-mail: bnathan@lowenstein.com
E-mail: gfinizio@lowenstein.com
E-mail: cfrankel@lowenstein.com

-and-

Michael Papandrea, Esq. (admitted *pro hac vice*)
One Lowenstein Drive
Roseland, NJ 07068
Telephone: (973) 597-2500
E-mail: mpapandrea@lowenstein.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 31st day of July, 2025, the foregoing was served via email on the following

Robert Gorin, CRO  rgorin@getzlerhenrich.com
Gerard R. Vetter gerard.r.vetter@usdoj.gov

And, via the Court's CM/ECF filing system on the parties set forth below.

- Jan Berlage    JBerlage@GHSLLP.com, tcollins@ghsllp.com
- Hugh M. (UST) Bernstein    hugh.m.bernstein@usdoj.gov
- Daniel Jack Blum    jack.blum@polsinelli.com, lsuprum@polsinelli.com;delawaredocketing@polsinelli.com
- Laura Skowronski Bouyea    lsbouyea@venable.com, dmdierdorff@venable.com
- Thomas K. Bredar    thomas.bredar@wilmerhale.com, andrew.goldman@wilmerhale.com;benjamin.loveland@wilmerhale.com;yolande.thompson@wilmerhale.com
- Andrew Brown    abrown@klestadt.com
- Richard L. Costella    rcostella@tydings.com, scalloway@tydings.com
- David W.T. Daniels    ddaniels@perkinscoie.com, docketnyc@perkinscoie.com;nvargas@perkinscoie.com;KMcClure@perkinscoie.com
- Turner Falk    turner.falk@saul.com, tnfalk@recap.email;Veronica.Marchiondo@saul.com
- Justin Philip Fasano    jfasano@mhlawyers.com, jfasano@ecf.courtdrive.com;tmackey@mhlawyers.com;hleaphart@mhlawyers.com;cmartin@mhlawyers.com;Fasano.JustinR92003@notify.bestcase.com
- Ashley N Fellona    ashley.fellona@saul.com, janice.mast@saul.com
- Gianfranco Finizio    gfinizio@lowenstein.com
- Chelsea R Frankel    cfrankel@lowenstein.com
- Stephen B. Gerald    sgerald@tydings.com
- Christopher J. Giaimo    christopher.giaimo@squirepb.com, christopher.giaimo@squirepb.com;christopher-j-giaimo-6409@ecf.pacerpro.com
- Zvi Guttman    zvi@zviguttman.com, zviguttman@gmail.com,zviguttman@outlook.com
- Jeffrey C. Hampton    jeffrey.hampton@saul.com
- Adam H Isenberg    adam.isenberg@saul.com
- Toyja E. Kelley    toyja.kelley@lockelord.com
- C. Kevin Kobbe    kevin.kobbe@us.dlapiper.com, docketing-baltimore-0421@ecf.pacerpro.com
- Eric George Korphage    korphagee@whiteandwilliams.com
- Jung Yong Lee    jlee@tydings.com, mhickman@tydings.com
- Gary H. Leibowitz    gleibowitz@coleschotz.com, pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;lmorton@coleschotz.com
- Mark Minuti    mark.minuti@saul.com, robyn.warren@saul.com
- Bruce S. Nathan    bnathan@lowenstein.com

- Michael Papandrea    mpapandrea@lowenstein.com
- Steven Gregory Polard    steven.polard@ropers.com
- Jordan Rosenfeld    jordan.rosenfeld@saul.com
- Nikolaus F. Schandlbauer    nick.schandlbauer@arlaw.com, lianna.sarasola@arlaw.com
- Elizabeth Anne Scully    escully@bakerlaw.com
- Dennis J. Shaffer    dshaffer@tydings.com, scalloway@tydings.com;mhickman@tydings.com;jlee@tydings.com
- Indira Kavita Sharma    indira.sharma@troutman.com, katherine.culbertson@troutman.com;jonathan.young@troutman.com;david.ruediger@troutman.com;errol.chapman@troutman.com;toyja.kelley@troutman.com
- Nicholas Smargiassi    nicholas.smargiassi@saul.com
- Brent C. Strickland    bstrickland@wtplaw.com, mbaum@wtplaw.com;brent-strickland-3227@ecf.pacerpro.com
- Paige Noelle Topper    paige.topper@saul.com
- US Trustee - Baltimore    USTPRegion04.BA.ECF@USDOJ.GOV

/s/ Stephen B. Gerald
Stephen B. Gerald