IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re: | Chapter 11 |
| Diamond Comic Distributors, Inc., *et al.*,[1] | Case No. 25-10308 (DER) |
| Debtors. | (Jointly Administered) |

**SUMMARY OF SECOND INTERIM APPLICATION OF TYDINGS & ROSENBERG LLP, AS LOCAL COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR SERVICES RENDERED AND EXPENSES INCURRED FOR THE PERIOD FROM APRIL 1, 2025 THROUGH JUNE 30, 2025**

| | |
|---|---|
| Name of Applicant: | Tydings & Rosenberg LLP |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | March 17, 2025, effective as of January 31, 2025 |
| Period for which compensation and reimbursement are sought: | April 1, 2025 through June 30, 2025 |
| Amount of Compensation sought as actual, reasonable, and necessary: | $116,744.50 |
| Amount of Expense Reimbursement sought as actual, reasonable, and necessary: | $1,550.00 |

This is a(n): ___ monthly   X   interim ___ final application

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

## SUMMARY OF MONTHLY FEE STATEMENTS FOR COMPENSATION PERIOD

| Date Filed | Period Covered | 80 % of Fees Requested | Total Fees Incurred | Expenses Requested | Fees Approved | Expenses Approved | Amount Received |
|---|---|---|---|---|---|---|---|
| 5/30/25 [ECF 475] | 4/1/25-4/30/25 | $61,761.60 | $77,202.00 | $775.00 | $61,761.60 | $775.00 | $62,536.60 |
| 6/30/25 [ECF 549] | 5/1/25-5/31/25 | $17,226.00 | $21,532.50 | $775.00 | $17,226.00 | $775.00 | $0.00 |
| 7/29/25 [ECF 664] | 6/1/25-6/30/25 | $14,408.00 | $18,010.00 | $0.00 | $0.00 | $0.00 | $0.00 |

## SUMMARY OF PRIOR INTERIM FEE APPLICATIONS

| Date Filed | Period Covered | Total Fees Requested | Expenses Requested | Fees Approved | Expenses Approved | Amount Received |
|---|---|---|---|---|---|---|
| 4/30/25 [ECF 392] | 1/31/25-3/31/25 | $119,920.50 | $2,710.17 | $119,920.50 | $2,710.17 | $98,551,97 |

## SUMMARY OF PROFESSIONALS

| Name of Professional | Title | Hourly Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Dennis J. Shaffer | Partner | $625 | 94.1 | $58,812.50 |
| Stephen B. Gerald | Partner | $620 | 91.6 | $56,792.00 |
| Richard L. Costella | Partner | $600 | 1.2 | $720.00 |
| Kathleen S. Kyne | Paraprofessional | $250 | 0.6 | $150.00 |
| Becky L. Rushing | Paraprofessional | $210 | 1.0 | $210.00 |
| Keyshawn A. Fludd | Paraprofessional | $200 | 0.3 | $60.00 |
| **Total** | | | 188.8 | $116,744.50 |
| **Blended Rate** | | | | $618.3$ |

## FEES BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---:|---:|
| General Administrative | 1.1 | $682.00 |
| US Trustee Issues and Debtor Disclosures | 1.6 | $995.00 |
| Operational Issues | 0.2 | $124.00 |
| Regulatory/Securities | 0.0 | $0.00 |
| Professionals – Debtor and Committee | 50.8 | $31,557.50 |
| Avoidance Actions/Litigation/Contested Matters | 9.2 | $5,739.50 |
| Secured Lender/Creditor Issues | 24.4 | $15,212.50 |
| Sale Issues | 85.8 | $52,660.50 |
| Plan and Disclosure Statement | 1.1 | $683.00 |
| General Unsecured Creditor Issues | 14.6 | $9,090.50 |
| **Grand Total** | **188.8** | **$116,744.50** |

## EXPENSES

| DESCRIPTION | AMOUNT |
|---|---:|
| Photocopies | $656.40 |
| Pacer Services | $118.60 |
| Working Lunch | $375.47 |
| **Total** | **$1,150.47** |

6405514.2

**CUSTOMARY AND COMPARABLE COMPENSATION**
**DISCLOSURES**

The aggregate hourly rate for all T&R non-bankruptcy timekeepers (including both attorneys and paralegals) (the "Non-Bankruptcy Blended Rate") for the year ending December 31, 2024 (the "Comparable Period") was $541.66 per hour, and the aggregate hourly rate for all T&R bankruptcy timekeepers (including both attorneys and paralegals) (the "Bankruptcy Blended Rate") for the Comparable Period was $444.86 per hour.

The blended hourly rate for all T&R timekeepers (including both attorneys and paralegals) who provided services to the Committee during the Application Period was approximately $615.00 per hour.

| Category of Timekeeper | Blended Hourly Rate | | |
|---|---|---|---|
| | 2024 Bankruptcy Blended Rate | 2024 Non-Bankruptcy Blended Rate | Application Period Blended Rate |
| Partner | $585.00 | $489.00 | $615.00 |
| Counsel | N/A | $550.00 | N/A |
| Associate | $325.00 | $337.50 | N/A |
| Aggregate | $541.66 | $444.86 | $615.00 |

6405514.2

**BUDGET FOR SECOND INTERIM APPLICATION OF TYDINGS & ROSENBERG LLP, AS LOCAL COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR SERVICES RENDERED AND EXPENSES INCURRED FOR THE PERIOD FROM APRIL 1, 2025 THROUGH JUNE 30, 2025**

The budget for the Committee's professionals was negotiated and approved by the parties, including the Debtors and the secured lender, in connection with the Final Order (I) Authorizing the Debtors to Obtain Post-petition Senior Secured Financing and the Use of Cash Collateral; (II) Granting Adequate Protection; (III) Granting Liens and Superpriority Administrative Expense Claims; (IV) Modifying the Automatic Stay, (V) Granting Relating Relief [Docket No. 163] entered in these chapter 11 cases, and as further agreed between the parties. The fees sought in the Application are more than 10% higher than the fees budgeted in the DIP financing order for the time covered by such application. The reasons for the variation were discussed with the client, which reasons include several unanticipated and time-consuming issues related to the sale process, various amendments to the DIP financing, and other significant case issues, including multiple adversary proceedings and other contested matters.

**STAFFING PLAN FOR SECOND INTERIM APPLICATION OF TYDINGS & ROSENBERG LLP, AS LOCAL COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR SERVICES RENDERED AND EXPENSES INCURRED FOR THE PERIOD FROM APRIL 1, 2025 THROUGH JUNE 30, 2025**

Date Retention Approved:  March 17, 2025, effective as of January 31, 2025

| CATEGORY OF TIMEKEEPER | NUMBER OF TIMEKEEPERS EXPECTED TO WORK ON THE MATTER DURING THE BUDGET PERIOD | AVERAGE HOURLY RATE |
|---|---|---|
| Partners | 2-4 | $615 |
| Counsel | 1 | $700 |
| Associates | 1 | $350 |

Dated: July 31, 2025

Respectfully Submitted,

**TYDINGS & ROSENBERG LLP**

*/s/ Stephen B. Gerald*
Dennis J. Shaffer (MD Fed. Bar No. 25680)
Stephen B. Gerald (MD Fed Bar. No. 26590)
1 East Pratt Street, Suite 901
Baltimore, Maryland 21202
Telephone: (410) 752-9700
Email: dshaffer@tydings.com
sgerald@tydings.com

6405514.2

5

*Local Counsel for the Official Committee of Unsecured Creditors*

Case 25-10308   Doc 673   Filed 07/31/25   Page 6 of 20

*Local Counsel for the Official Committee of Unsecured Creditors*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re: | Chapter 11 |
| Diamond Comic Distributors, Inc., *et al.*,[1] | Case No. 25-10308 (DER) |
| Debtors. | (Jointly Administered) |

**SECOND INTERIM APPLICATION OF TYDINGS & ROSENBERG LLP,
AS LOCAL COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR SERVICES RENDERED AND EXPENSES INCURRED FOR THE
PERIOD FROM APRIL 1, 2025 THROUGH JUNE 30, 2025**

Tydings & Rosenberg LLP ("T&R" or "Applicant"), local counsel to the Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), file this *Second Interim Application of Tydings & Rosenberg LLP, as Local Counsel for the Official Committee of Unsecured Creditors for Services Rendered and Expenses Incurred for the Period from April 1, 2025 through June 30, 2025* (the "Application") for the period of April 1, 2025 through June 30, 2025 (the "Application Period"), pursuant to sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland (the "Local Rules"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 203] (the "Interim Compensation Order"). T&R seeks the interim allowance of fees in the amount of $116,744.50 and the reimbursement of expenses in the

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

6405514.2

amount of $1,150.47.

## JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 1334 and 157, and the United States District Court for the District of Maryland's *Standing Order* 2012-05 from this Court.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1409. This Application is a core proceeding within the meaning of 28 U.S.C. § 157.

## BACKGROUND

**A.  The Chapter 11 Cases**

3. On January 14, 2025 (the "Petition Date"), the Debtors filed with this Court voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are continuing in possession of their property and the management of their businesses as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases. On January 29, 2025, the Office of the United States Trustee appointed the Committee.

**B.  Employment of T&R**

4. On February 24, 2025, the Committee filed the *Application of the Official Committee of Unsecured Creditors for Authority to Employ Tydings & Rosenberg LLP, as Local Counsel, Effective as of January 31, 2025* [Docket No. 170] (the "T&R Employment Application").

5. On March 17, 2025, the Court entered an order (the "T&R Employment Order") approving the employment of T&R as local counsel to the Committee. *See* Docket No. 224.

6. The Committee has also retained Lowenstein Sandler LLP ("LS") as its lead counsel and Berkeley Research Group, LLC ("BRG") as its financial advisor.

**C.     The Interim Compensation Order**

7.      The Interim Compensation Order sets forth the procedures for interim compensation and reimbursement of expenses in these Chapter 11 Cases. Specifically, the Interim Compensation Order provides that a professional may file following the month or months for which compensation is sought and serve a monthly application for interim allowance of compensation for services rendered and reimbursement of expenses incurred, together with the applicable time entries and itemized expenses ("Monthly Fee Statement") on the Notice Parties (as defined in the Interim Compensation Order). Provided that there are no objections to the Monthly Fee Statement filed within fourteen (14) days after the service of a Monthly Fee Statement, the professional may file a certificate of no objection with the Court, after which the Debtors are authorized to pay such professional eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in such Monthly Fee Statement. If an objection is filed to the Monthly Fee Statement, then the Debtors are authorized to pay 80% of the fees and 100% of the expenses not subject to an objection.

**RELIEF REQUESTED**

8.      By this Application, T&R seeks interim approval and allowance of compensation in the amount of $116,744.50 for professional services rendered and reimbursement of actual and necessary expenses in the amount of $1,150.47 incurred during the Application Period. T&R incorporates herein by reference each of its Monthly Fee Statements filed during the Application Period together with the corresponding certifications of no objections.[2]

---

[2]  *See* Docket Nos. 475 (April monthly application) and 523 (CNO for April monthly application), 549 (May monthly application) and 618 (CNO for May monthly application), and 664 (June monthly application).

## THE INTERIM FEE APPLICATION
## AND COMPLIANCE WITH THE GUIDELINES

9. This Application was prepared in accordance with (a) Local Rule 2016-1, (b) the *Compensation Guidelines for Professionals in the United States Bankruptcy Court for the District of Maryland* (the "Compensation Guidelines"), (c) the United States Trustee *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, adopted on June 11, 2013* (the "UST Guidelines"), and (c) the Interim Compensation Order (collectively with Local Rule 2016-1, the Compensation Guidelines, and the UST Guidelines, the "Guidelines").

10. Filed herewith are the various schedules required by the Guidelines, as applicable. Applicant also provided responses to the questions set forth under ¶ C.5 of Appendix B of the UST Guidelines in the attached.

## SUMMARY OF FEE APPLICATION

11. During the Application Period, T&R has tracked and allocated its fees to account for time spent on various matters.

12. T&R's total fees requested in this Application are $116,744.50. A chart identifying each category of services provided by T&R during the Application Period is set forth below:

| Description | Hours | Fee Amount |
|---|---|---|
| General Administrative | 1.1 | $682.00 |
| US Trustee Issues and Debtor Disclosures | 1.6 | $995.00 |
| Operational Issues | 0.2 | $124.00 |
| Regulatory/Securities | 0.0 | $0.00 |
| Professionals – Debtor and Committee | 50.8 | $31,557.50 |
| Avoidance Actions/Litigation/Contested Matters | 9.2 | $5,739.50 |
| Secured Lender/Creditor Issues | 24.4 | $15,212.50 |
| Sale Issues | 85.8 | $52,660.50 |
| Plan and Disclosure Statement | 1.1 | $683.00 |

4

6405514.2

| Description | Hours | Fee Amount |
|---|---|---|
| General Unsecured Creditor Issues | 14.6 | $9,090.50 |
| **Total:** | **188.8** | **$116,744.50** |

## Services Provided During the Application Period

13. T&R has categorized its time by project billing categories. Those project billing categories applicable to T&R's employment by the Trustee are set forth below. Itemized, daily time records for each project billing category are set forth in **Exhibit A** hereto.

A. **Matter 1 – General Administrative**

**Amount**: $682.00

**Description**: During the Application Period, T&R assisted the Committee and LS with general local support, advising on the Court's Local Rules, practice and procedure.

B. **Matter 2 – US Trustee Issues and Debtor Disclosures**

**Amount**: $995.00

**Description**: During the Application Period, T&R reviewed the Debtors' amended schedules of assets and liabilities and advised the Committee with respect to the US Trustee's motion to convert based on the Debtors' failure to file monthly operating reports, which, deficiency was ultimately cured by the Debtors, resulting in the US Trustee's withdrawal of the motion.

C. **Matter 3 – Operational Issues**

**Amount**: $124.00

**Description**: During the Application Period, T&R assisted the Committee and LS in their review of a motion to compel assumption or rejection filed by a contract counterparty.

D. **Matter 4 – Regulatory/Securities**

**Amount:** $0.00

**Description:** T&R did not provide any services to the Committee in this category during the Application Period.

E. **Matter 5 – Professionals – Debtor and Committee**

**Amount:** $31,557.50

**Description:** During the Application Period, T&R prepared its monthly fee statements, its first interim fee application, and certificates of no objection with respect to same. T&R also assisted the Committee's other professionals with respect to their fee statements, applications and certificates of no objection. During the Application Period, T&R also reviewed the various fee statements and applications filed by the Debtors' professionals.

F. **Matter 6 – Avoidance Actions/Litigation/Contested Matters**

**Amount:** $5,739.50

**Description:** During the Application Period, T&R reviewed the pleadings filed in the two adversary proceedings commenced by Alliance Entertainment, LLC and Sparkle Pop, LLC, respectively and advised the Committee and LS with respect to issues related thereto. T&R also attended hearings in those adversary proceedings during the Application Period and represented the Committee's interest therein.

G. **Matter 7 – Secured Lender/Creditor Issues**

**Amount:** $15,212.50

**Description:** During the Application Period, T&R assisted the Committee and LS with respect to all issues related to the Debtors' debtor in possession financing. In respect thereof, T&R reviewed and provided comments on the various pleadings filed during the Application Period related to the debtor in possession financing, including the Debtors' various motions to amend and extend the DIP financing and stipulations extending the Committee's challenge deadline. T&R also attended and assisted with preparation related to the hearings regarding such pleadings that occurred during the Application Period. T&R also advised the Committee and assisted LS with respect to the Debtors' budgets related thereto.

**H.     Matter 8 – Sale Issues**

**Amount:** $52,660.50

**Description:** During the Application Period, T&R assisted the Committee and LS in respect of the sale of the Debtors' assets and attended the hearings on behalf of the Committee regarding the same. T&R advised the Committee regarding the competing bids and the dispute that ultimately culminated in Alliance Entertainment, LLC's commencement of an action against the Debtors and others. During the Application Period, T&R also advised the Committee and assisted LS with respect to the Debtors' motion approving consignment sale procedure and potential objections thereto.

**I.     Matter 9 – Plan and Disclosure Statement**

**Amount:** $683.00

**Description:** During the Application Period, T&R reviewed and assisted the Committee with respect to the Debtors' motion to extend exclusivity and advised the Committee and assisted LS in respect thereof.

**J.     Matter 10 – General Unsecured Creditor Issues**

**Amount:** $9,090.50

**Description:** During the Application Period, T&R participated in meetings with the Committee, providing relevant advice from a local counsel perspective and otherwise communicated with LS with respect thereto.

## LODESTAR ANALYSIS

14.     Under section 330(a)(1) of the Bankruptcy Code, the Court may award reasonable compensation to estate professionals for all actual, necessary services rendered by such professionals based on the nature, extent, and value of the services rendered, the time spent on such services, and the cost of comparable services in other cases. The Court may also award

reimbursement for all actual, necessary expenses incurred.

15. Courts frequently look to the "lodestar" formula in assessing professionals' fees. Under this approach, courts consider the number of hours of service reasonably devoted to a case multiplied by the professionals' reasonable rates. The resulting sum may be adjusted to reflect the characteristics of the particular case and the reputation of the professionals. *Perdue v. Kenny A.*, 130 S. Ct. 1662 (2010).

16. Bankruptcy courts often consider the specific lodestar factors set forth in *Johnson v. Georgia Highway Express, Ltd.*, 488 F.2d 714 (5th Cir. 1974), as applied to bankruptcy cases in *In re First Colonial Corporation of America*, 544 F.2d 1291, 1298-99 (5th Cir.), *cert. denied*, 431 U.S. 904 (1977). The Fourth Circuit adopted the *Johnson* test in *Barber v. Kimbrells, Inc.*, 577 F.2d 216 (4th Cir. 1978) and *Harman v. Levin*, 772 F.2d 1150 (4th Cir. 1985). The following are the *Johnson* factors:

(a) the time and labor required;

(b) the novelty and difficulty of the questions;

(c) the skill required to properly perform the legal services;

(d) the preclusion of other employment by the attorney due to acceptance of the case;

(e) the customary fee;

(f) whether the fee is fixed or contingent;

(g) time limitations imposed by the client or the circumstances;

(h) the amount involved and the results obtained;

(i) the experience, reputation, and ability of the attorneys;

(j) the "undesirability" of the case;

(k) the nature and length of the professional relationship with the client; and

(l) awards in similar cases.

8

*Johnson*, 488 F.2d at 717-719.

17. T&R submits the following lodestar and *Johnson* factor analysis in support of its request for allowance of fees and disbursements:

a. **The time and labor required.** As the time records submitted with this Application illustrate, T&R has expended notable time assisting the Committee in addressing important issues that have arisen during the Chapter 11 Cases.

b. **Novelty and difficulty of the questions involved and skill applied.** The Chapter 11 Cases involve a large, sophisticated business with multiple divisions with issues regarding the sale of substantially all of the Debtors' assets and issues concerning the Debtors' secured financing. The case has been complicated by the outcome of the sale process and related litigation. T&R performed the necessary work and advised the Committee with respect to each of the aforementioned, as well as other matters, particularly how they are addressed in this District.

c. **The preclusion of other employment by T&R due to acceptance of this case.** T&R has devoted valuable resources to its employment by the Committee in the Chapter 11 Cases. T&R has been required to devote significant time and effort to adequately assist the Committee. Due to the issues presented by the Chapter 11 Cases, which include substantial litigation, T&R was diverted from other matters in which it was, or might have been, involved in order to devote its competent assistance to the Committee in herein.

d. **The customary fee for similar work**. T&R submits that the fees sought herein are warranted and are generally less than or equal to competitive fees in the Maryland/District of Columbia/Northern Virginia market for firms with comparable practices given the nature of these proceedings.

e. **Whether the fee is fixed or contingent.** Pursuant to the Bankruptcy Code, all fees sought by T&R are subject to final approval of this Court. The fees of T&R are based on

hourly rates and are not contingent on the outcome of any particular event.

      **f.**    **Time limitations imposed by the client or circumstances.** The exigencies of these cases required that T&R provide services on behalf of the Committee on an expedited basis.

      **g.**    **The amounts involved and the results obtained.** The fees requested by T&R are reasonable given the work required in these cases, the issues that have arisen, and the results obtained.

      **h.**    **Experience, reputation, and ability of attorneys**. The principal professionals on this case have previously represented creditors' committees, debtors, trustees, and creditors in bankruptcy and restructuring matters.

      **i.**    **The "undesirability" of the case.** Although this case should not be considered "undesirable," it had a level of risk for T&R early in the case based on the amount of the carveout for professional fees and the amount of the original stalking horse bid.

      **j.**    **The nature and length of the firm's professional relationship with the client.** T&R has represented the Committee through these bankruptcy proceedings.

      **k.**    **Awards in similar cases**. T&R submits that its request for compensation is well within the usual and customary awards granted in similar cases.

## DISBURSEMENTS

18.    T&R had $1,150.47 in reimbursable expenses during the Application Period. A summary of the reimbursable expenses incurred is included in **Exhibit A** attached hereto. All expenses have been billed at the actual cost to T&R. The chart below summarizes the total disbursements:

| DESCRIPTION | AMOUNT |
|---|---:|
| Photocopies | $656.40 |
| Pacer Services | $118.60 |
| Working Lunch | $375.47 |
| **Total** | **$1150.47** |

19. T&R believes that the services rendered to the Committee and the out-of-pocket expenses incurred in connection with these Chapter 11 Cases during the Application Period were necessary and reasonable in view of the nature of the matters in which T&R was involved and should be allowed by the Court.

## REASONABLE AND NECESSARY SERVICES

20. The services for which Applicant seeks compensation were, at the time rendered, necessary for, beneficial to, and in the best interests of, the Committee and the Debtors' estates. The services rendered were consistently performed in a timely manner commensurate with the complexity, importance and nature of the issues involved. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Applicant is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

## WAIVER OF MEMORANDUM OF LAW

21. Pursuant to Local Rule 9013-2, T&R states that, in lieu of submitting a memorandum in support of this Application, T&R will rely solely upon the grounds and authorities set forth herein.

WHEREFORE, T&R respectfully requests that this Court enter an Order:

(a) allowing and awarding on an interim basis the fees incurred during the Application Period in the amount of $116,744.50;

(b) allowing and awarding on an interim basis the expenses incurred during the Application Period in the amount of $1,150.47;

(c) authorizing the Debtors to pay T&R's allowed fees and expenses less any amounts previously paid in connection with the monthly fee applications; and

(d) granting such other and further relief which is just and equitable.

Dated: July 31, 2025                                  Respectfully Submitted,

                                                    **TYDINGS & ROSENBERG LLP**

                                                    */s/ Stephen B. Gerald*
                                                    Dennis J. Shaffer (MD Fed. Bar No. 25680)
                                                    Stephen B. Gerald (MD Fed Bar. No. 26590)
                                                    1 East Pratt Street, Suite 901
                                                    Baltimore, Maryland 21202
                                                    Telephone: (410) 752-9700
                                                    Email: dshaffer@tydings.com
                                                                     sgerald@tydings.com

                                                  *Local Counsel for the Official Committee of Unsecured Creditors*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 31st day of July, 2025, the foregoing was served via email

on the following

Robert Gorin, CRO rgorin@getzlerhenrich.com
Gerard R. Vetter gerard.r.vetter@usdoj.gov

And, via the Court's CM/ECF filing system on the parties set forth below.

- Jan Berlage    JBerlage@GHSLLP.com, tcollins@ghsllp.com
- Hugh M. (UST) Bernstein    hugh.m.bernstein@usdoj.gov
- Daniel Jack Blum    jack.blum@polsinelli.com, lsuprum@polsinelli.com;delawaredocketing@polsinelli.com
- Laura Skowronski Bouyea    lsbouyea@venable.com, dmdierdorff@venable.com
- Thomas K. Bredar    thomas.bredar@wilmerhale.com, andrew.goldman@wilmerhale.com;benjamin.loveland@wilmerhale.com;yolande.thompson@wilmerhale.com
- Andrew Brown    abrown@klestadt.com
- Richard L. Costella    rcostella@tydings.com, scalloway@tydings.com
- David W.T. Daniels    ddaniels@perkinscoie.com, docketnyc@perkinscoie.com;nvargas@perkinscoie.com;KMcClure@perkinscoie.com
- Turner Falk    turner.falk@saul.com, tnfalk@recap.email;Veronica.Marchiondo@saul.com
- Justin Philip Fasano    jfasano@mhlawyers.com, jfasano@ecf.courtdrive.com;tmackey@mhlawyers.com;hleaphart@mhlawyers.com;cmartin@mhlawyers.com;Fasano.JustinR92003@notify.bestcase.com
- Ashley N Fellona    ashley.fellona@saul.com, janice.mast@saul.com
- Gianfranco Finizio    gfinizio@lowenstein.com
- Chelsea R Frankel    cfrankel@lowenstein.com
- Stephen B. Gerald    sgerald@tydings.com
- Christopher J. Giaimo    christopher.giaimo@squirepb.com, christopher.giaimo@squirepb.com;christopher-j-giaimo-6409@ecf.pacerpro.com
- Zvi Guttman    zvi@zviguttman.com, zviguttman@gmail.com,zviguttman@outlook.com
- Jeffrey C. Hampton    jeffrey.hampton@saul.com
- Adam H Isenberg    adam.isenberg@saul.com
- Toyja E. Kelley    toyja.kelley@lockelord.com
- C. Kevin Kobbe    kevin.kobbe@us.dlapiper.com, docketing-baltimore-0421@ecf.pacerpro.com
- Eric George Korphage    korphagee@whiteandwilliams.com
- Jung Yong Lee    jlee@tydings.com, mhickman@tydings.com
- Gary H. Leibowitz    gleibowitz@coleschotz.com, pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;lmorton@coleschotz.com
- Mark Minuti    mark.minuti@saul.com, robyn.warren@saul.com
- Bruce S. Nathan    bnathan@lowenstein.com

13

6405514.2

- Michael Papandrea    mpapandrea@lowenstein.com
- Steven Gregory Polard    steven.polard@ropers.com
- Jordan Rosenfeld    jordan.rosenfeld@saul.com
- Nikolaus F. Schandlbauer    nick.schandlbauer@arlaw.com, lianna.sarasola@arlaw.com
- Elizabeth Anne Scully    escully@bakerlaw.com
- Dennis J. Shaffer    dshaffer@tydings.com, scalloway@tydings.com;mhickman@tydings.com;jlee@tydings.com
- Indira Kavita Sharma    indira.sharma@troutman.com, katherine.culbertson@troutman.com;jonathan.young@troutman.com;david.ruediger@troutman.com;errol.chapman@troutman.com;toyja.kelley@troutman.com
- Nicholas Smargiassi    nicholas.smargiassi@saul.com
- Brent C. Strickland    bstrickland@wtplaw.com, mbaum@wtplaw.com;brent-strickland-3227@ecf.pacerpro.com
- Paige Noelle Topper    paige.topper@saul.com
- US Trustee - Baltimore    USTPRegion04.BA.ECF@USDOJ.GOV

*/s/ Dennis J. Shaffer*
Dennis J. Shaffer

14

6405514.2