IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc., *et al.*, | Chapter 11 |
| Debtors.[1] | (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING THE DEADLINE FOR THE DEBTORS TO ASSUME OR REJECT AN UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO 11 U.S.C. 365(d)(4)**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their undersigned counsel, hereby move (this "Motion") as follows:

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 365(d)(4) of title 11 of the United States Code (the "Bankruptcy Code"), granting the Debtors an extension, through and including August 31, 2025, of the statutory deadline for the Debtors to assume or reject an unexpired lease with AIREIT Memphis DC LLC, successor-in-interest to AIREIT Olive Branch DC LLC, (the "Landlord") for a real property lease (the "Lease") located at 7485 Polk Lane, Olive Branch, Mississippi. As explained below, the Landlord has consented to the proposed extension.

**Jurisdiction and Venue**

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and *Standing Order 2012-05* from the United States District Court for the District of Maryland.

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

56042577.2

This is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested herein is section 365(d)(4) of the Bankruptcy Code and rule 9006-2 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland (the "Local Bankruptcy Rules").

**Background**

4. On January 14, 2025 (the "Petition Date"), each Debtor commenced a case under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.  On January 29, 2025, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee").

5. A description of the Debtors' business as of the Petition Date and the reasons for commencing these cases are set forth in the *Declaration of Robert Gorin in Support of Chapter 11 Petitions and First Day Relief* [D.I. 20] (the "First Day Declaration").

6. The Debtors commenced these chapter 11 cases to run a sale process for all or substantially all of their assets pursuant to section 363 of the Bankruptcy Code.  To that end, on February 11, 2025, the Court entered an order establishing, among other things, bidding procedures and key deadlines for the Debtors' postpetition sale process [D.I. 136] (the "Bid Procedures Order").  On February 21, 2025, the Debtors filed a motion seeking authority to sell substantially all their assets free and clear of any liens, claims, interests and encumbrances, and to assume and assign executory contracts and unexpired leases in connection with the sale of the Debtors' assets [D.I. 168].

7. Consistent with the Bid Procedures Order, the Debtors held an auction on March 24 and 25, 2025. Following the Auction, the Debtors filed the *Notice of Designation of Successful Bidder and Back-Up Bidder* (D.I. 270) identifying Alliance Entertainment, LLC ("Alliance") as the successful bidder and a combination of Universal Distribution, LLC ("Universal") and Ad Populum, LLC, as the back-up bidders.

8. Ultimately, the sale to Alliance did not close and the Debtors pivoted to seeking authority to sell their assets to the designated back-up bidders. *See Debtors' Motion for Entry of Orders Authorizing the Sale of Substantially All of the Debtors' Assets to the Back-Up Bidders Pursuant to the Bidding Procedures Order* (D.I. 385). On May 1, 2025, the Court entered Orders approving the sale of substantially all the Debtors' assets to Universal and Sparkle Pop, LLC ("Sparkle Pop") (an affiliate of Ad Populum, LLC). *See* D.I. 407 & 408. The sales to Universal and Sparkle Pop closed in May 2025. *See* D.I. 499 and 500.

9. On May 13, 2025, the Debtors filed their first motion to extend the deadline to assume or reject its unexpired leases of real property and on May 28, 2025 the Court entered an order extending the Debtors deadline to assume or reject unexpired leases of real property to August 12, 2025. *See* D.I. 445 & 463.

### Basis for Relief Requested

10. Pursuant to section 365(d)(4) of the Bankruptcy Code, the Debtors' deadline to assume or reject the Real Property Leases is the date that is 120 days after the Petition Date, *i.e.*, May 14, 2025. *See* 11 U.S.C. § 365(d)(4). Section 365(d)(4)(B) of the Bankruptcy Code provides, however, that on a motion by a debtor, the Court may extend the initial 120-day deadline by 90 days "for cause." *See* 11 U.S.C. § 365(d)(4)(B). Any subsequent extensions of the deadline

3

may only be granted with the prior written consent of the affected lessors. *See* 11 U.S.C. § 365(d)(4)(B)(ii).

11. Written consent from the Landlord to the relief sought is attached hereto as **Exhibit B**.

### Reservation of Rights

12. Nothing contained in the Motion or any actions taken by the Debtors pursuant to relief granted in the Proposed Order is intended or should be construed as (a) an assumption or rejection of the Lease under section 365(a) of the Bankruptcy Code or (b) an admission by the Debtors that the Lease is a true lease subject to section 365 of the Bankruptcy Code. If the Court grants the relief sought herein, any and all of the Debtors' rights, claims, and defenses with respect to the characterization of the Lease pursuant to sections 365(d)(3) and 365(d)(4) of the Bankruptcy Code or otherwise are expressly reserved. Any such extension granted pursuant to this Motion is without prejudice to the Debtors' rights, pursuant to section 365(d)(4)(B)(ii) of the Bankruptcy Code, to request further extensions with the consent of the Landlord.

### Automatic Extension Under Local Rule 9006-2

13. Pursuant to Local Bankruptcy Rule 9006-2, the deadline to assume or reject the Lease shall automatically be extended until the Court acts on this Motion, without the necessity for entry of a bridge order.

### Waiver of Memorandum of Law

14. Pursuant to Local Bankruptcy Rule 9013-2, the Debtors state that, in lieu of submitting a memorandum in support of this Motion, the Debtors will rely on the grounds and authorities set forth herein.

### Notice

15. Notice of this Motion will be given to the following parties, or, in lieu thereof, to their counsel: (i) the Office of the United States Trustee for the District of Maryland; (ii) the Committee; (iii) counsel to JPMorgan Chase Bank, N.A.; (iv) the United States Attorney for the District of Maryland; (v) the offices of the attorneys general for the states in which the Debtors operate; (vi) the Internal Revenue Service; (vii) the United States Attorney general; (viii) the civil process clerk for the United States Attorney for the District of Maryland; (ix) the Landlord; (x) and any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

[*Remainder of Page Left Intentionally Blank*]

Dated: August 11, 2025          **SAUL EWING LLP**

By: */s/ Jordan D. Rosenfeld*
    Jordan D. Rosenfeld (MD Bar No. 13694)
    1001 Fleet Street, 9th Floor
    Baltimore, MD 21202
    Telephone: (410) 332-8600
    Email: jordan.rosenfeld@saul.com

    -and-

    Jeffrey C. Hampton (admitted *pro hac vice*)
    Adam H. Isenberg (admitted *pro hac vice*)
    Turner N. Falk (admitted *pro hac vice*)
    1500 Market Street, 38th Floor
    Philadelphia, PA 19102
    Telephone: (215) 972-7777
    Email: jeffrey.hampton@saul.com
           adam.isenberg@saul.com
           turner.falk@saul.com

    -and-

    Mark Minuti (admitted *pro hac vice*)
    Paige N. Topper (admitted *pro hac vice*)
    Nicholas Smargiassi (admitted *pro hac vice*)
    1201 N. Market Street, Suite 2300
    Wilmington, DE 19801
    Telephone: (302) 421-6800
    Email: mark.minuti@saul.com
           paige.topper@saul.com
           nicholas.smargiassi@saul.com

    *Counsel for Debtors and Debtors in Possession*