IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

In re

Diamond Comic Distributors, Inc., *et al.*,

Debtors.[1]

Case No. 25-10308 (DER)

Chapter 11

(Jointly Administered)

LINE FILING SUPPLEMENTAL CASES SUPPORTING MOTION TO STAY

The *Ad Hoc* Committee of Consignors (the "Consignors"),[2] by and through its undersigned counsel, files this Line to supplement the cases supporting its pending Motion to Stay, as that term is defined below, and in support thereof states as follows:

1.      On July 24, 2025, the Consignors filed its Ad Hoc Committee of Consignors' Motion to Stay Debtors' Motion for Entry of Order Approving (I) Procedures for Sale or Other Disposition of Consigned Inventory, (II) Approving Sales or Other Disposition of Consigned Inventory Free and Clear of Liens, Claims, Interests or Encumbrances and (III) Granting Related Relief [Dkt. 649] (the "Motion to Stay").

2.      As stated in the Motion to Stay, Bankruptcy Rule 7001 requires an adversary proceeding to determine "the validity, priority, or extent of a lien *or other interest in property*". The Consignors contend that the Debtors have improperly sought relief regarding a determination of the Debtors' interest in Stock[3] *via* their Motion to Sell [Dkt. 531].  The filing of the Motion to Sell commenced a contested matter but not an adversary proceeding. (Mot. Stay ¶ 29).

3.      This Supplement is filed solely to provide this Court with additional cases regarding the previously-raised argument that the pending Motion to Sell should be stayed because the Debtors are required to file adversary proceedings to determine whether the Stock is property of the estate.

---

[1]  The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585).  The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

[2]  The Consignors are comprised of 13 different consignors.  The Consignors believe that this objection is in the best interest of all similarly-situated consignors.

[3]  Capitalized terms not otherwise defined have the meaning ascribed to them in the Motion to Stay.

4.      The need to establish property of the estate through an adversary proceeding has been well-established by numerous courts within and outside of this district. One case in particular, *In re Whitehall Jewelers Holdings, Inc.*, No. 08-11261 2008 Bankr. LEXIS 2120 (Bankr. D. Del. July 28, 2008), is directly on point to the issue before this Court. In *Whitehall*, the debtors sought to sell consigned goods through a § 363 sale motion, and certain consignors objected to the sale of their stock, arguing in part that the debtors were generally known and substantially engaged in the sale of the stock. *Id.* at *6-7, 18. In other words, the facts and procedural posture of the case in *Whitehall* is virtually identical to the case at bar.

5.      The court in *Whitehall* stated that it was "the Third Circuit's mandate in a recent decision . . . that interest in property can be extinguished only in an adversary proceeding." *Id.* at *13. The Third Circuit had, indeed, held just prior to the *Whitehall* decision that lien invalidation could only occur through an adversary proceeding. *Whitehall*, 2008 Bankr. LEXIS 2120, at *16 (*citing SLW Capital, LLC v. Mansaray-Ruffin (In re Mansaray-Ruffin)*, 530 F.3d 230 (3d Cir. 2008). In applying the *SLW Capital* holding, the court in *Whitehall* stated that it "cannot determine whether the Consigned Goods are property of the estate through a contested matter, such as a sale motion under Section 363", *id.* at *15 and required the debtors to file over 120 adversary proceedings because "adversary proceedings are mandated and each Consignment Vendor is entitled to the protections of the law." *Id.* at *18.

6.      The Maryland Bankruptcy Court has similarly held that a determination of whether property is property of the estate requires an adversary proceeding, stating "[t]he Bankruptcy Rules require the filing of a complaint to determine the nature, extent and priority of an interest in property of the estate, even when the allegation . . . is that its interest is not property of the estate." *In re Panache Cuisine, LLC*, No. 13-17027-JS, 2013 Bankr. LEXIS 3966, at *17 (Bankr. D. Md. Sept. 23, 2023). *Panache Cuisine* found support for its position in quoting *In re Morabito Brothers, Inc.*, 188 B.R. 114 (Bankr. W.D.N.Y. 1995) for the proposition that "the termination of colorable property interests will require the greater procedural protections of an

adversary proceeding." *Panache Cuisine*, 2013 Bankr. LEXIS 3966, at *18 (quoting *Morabito*, 188 B.R. at 117).

7.       These rulings are far from isolated occurrences.  Instead, requiring adversary proceedings to address issues surrounding whether property is property of the estate appears to be required by, at a minimum, the substantial majority of bankruptcy courts.  *See, e.g.*, *In re Mushi*, No. 06-11814, 2007 Bankr. LEXIS 2400, at *3 (Bankr. E.D. Va. July 10, 2007) ("That does not dispose of the ownership interest of the deposit itself.  If the ownership interest is to be raised, it must be brought as an adversary proceeding in this court with the proper and necessary parties."); *Fontaine v. Conn (In re Fontaine).*, No. CC-10-1003, 2010 Bankr. LEXIS 5049, at *22-23 (B.A.P. 9th Cir. Nov. 26, 2010) ("The Ninth Circuit, furthermore has held that it is error for the bankruptcy court to determine a party's interest in property without an adversary proceeding.") (citation omitted); *In re S.H. Leggitt Co.*, No. 10-10279, 2011 Bankr. LEXIS 1366, at *10 (Bankr. W.D. Tex. Apr. 12, 2011) ("[A] material dispute over ownership of property cannot be adjudicated by motion as a contested matter, and instead should be adjudicated in an adversary proceeding") (citation and quotations omitted); *In re Packer*, No. 17-81746, 2018 Bankr. LEXIS 2143, at *9 n.2 (Bankr. N.D. Ill. July 19, 2018) ("To the extent the Debtors desire a determination that the deposit account funds are not property of the estate . . . such determination would require an adversary proceeding.").

8.       In another case involving consigned goods, the Bankruptcy Court for the District of Delaware permitted the sale of consigned goods, but only subject to (i) the filing of (and ruling on) an adversary proceeding to determine respective rights to the consigned goods; *and* (ii) a provision in the sale order that permitted the debtors to sell consigned goods only so long as the debtors complied with the terms of the consignment agreements, including all payment obligations to the consignors.  *TSA Stores, Inc. v. Wilmington Sav. Fund Soc. FSB (In Re TSAWD Holdings, Inc.*), 595 B.R. 676, 679 (Bankr. D. Del. 2018).  Importantly, the debtors in *TSA* promptly paid the consignor as stock was sold, and the ensuing litigation was with regard to a lien priority fight between the consignor and the secured lender.

3

9.      The Committee has not found a single case wherein the debtor was permitted to: sell consigned stock post-petition; fail to pay the amounts due to the consignor(s) in accordance with the underlying consignment agreement; (either knowingly or by failing to exercise proper diligence and care) a third party to sell consigned stock without paying the consignor(s); and then permitted to conduct a bulk sale of the consigned stock without being required to pay to the consignor(s) all amounts that would otherwise have been due and owning in accordance with the underlying consignment agreements. For example, even in *In re Valley Media, Inc.*, which was decided prior to the *SLW Capital, LLC* decision, the court only permitted the Debtor to sell the consigned goods subject to the terms of the distribution agreements with its consignors, including all limitations to sale and protections afforded to the consignors with respect to their intellectual property and trademark license rights.  (*In re Valley Media, Inc.*, 279 B.R. 105, 140 (Bankr. D. Del. 2002) ("Thus any sale by the Debtor is confined to the scope of the permission granted by the Objecting Vendors in the licenses to distribute contained in the Distribution Agreements.") *Id.*

10.      This holding is instructive, because it illustrates that even in cases where the court permitted a sale without an adversary proceeding (which decisions occurred prior to the *SLW Capital, LLC* decision), the court refused to permit the debtor to sell consigned stock at auction without affording the consignors the rights and protections afforded to them under their executory contracts.

WHEREFORE, for the foregoing reasons and the reasons stated in the Motion to Stay, the Consignors respectfully request that the Motion to Stay be granted and for such other relief as may be just and proper.

Dated:  August 12, 2025                                    _____/s/ Catherine Keller Hopkin_____
                                                          Catherine Keller Hopkin, 28257
                                                          YVS Law, LLC
                                                          185 Admiral Cochrane Drive, Suite 130
                                                          Annapolis, Maryland  21401
                                                          (443) 569-0788
                                                          chopkin@yvslaw.com

                                                          Counsel for the *Ad Hoc* Committee of
                                                          Consignors

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 12th day of August 2025, notice of filing the Line Filing Supplemental Cases Supporting Motion to Stay was served by CM/ECF to those parties listed on the docket as being entitled to such electronic notices, which parties are identified on the attached service list.

/s/ Catherine Keller Hopkin
Catherine Keller Hopkin

**The following parties received CM/ECF notice of the filing:**

Jan Berlage, Esquire
(jberlage@ghsllp.com)
Counsel for Katherine Govier
Gohn, Hankey & Berlage, LLP
201 North Charles Street, Suite 2101
Baltimore, Maryland 21201

Hugh M. Bernstein, Esquire
(hugh.m.bernstein@usdoj.gov)
Office of U.S. Trustee
101 West Lombard Street, Suite 2625
Baltimore, Maryland 21201

Daniel Jack Blum, Esquire
(jack.blum@polsinelli.com)
Counsel for Basic Fun, Inc.
Polsinelli PC
1401 I Street NW, Suite 800
Washington, D.C. 20005

Laura Skowronski Bouyea, Esquire
(lsbouyea@venable.com)
Counsel for AIREIT Olive Branch DC LLC
Venable LLP
750 East Pratt Street, Suite 900
Baltimore, Maryland 21202

Thomas K. Bredar, Esquire
(thomas.bredar@wilmerhale.com)
Counsel for Disney and Marvel
Wilmer Cutler Pickering Hale & Dorr LLP
7 World Trade Center, 250 Greenwich St.
New York, New York 10007

Andrew Brown, Esquire
(abrown@klestadt.com)
Counsel for NECA, LLC
Klestadt Winters Jureller Southard &
Stevens, LLP
200 West 41st Street, 17th Floor
New York, New York 10036-7203

Richard L. Costella, Esquire
(rcostella@tydings.com)
Counsel for Creditors Committee
Tydings & Rosenberg LLP
One East Pratt Street, Suite 901
Baltimore, Maryland 21202

David W.T. Daniels, Esquire
(ddaniels@perkinscoie.com)
Counsel for The Pokemon Company
Perkins Coie LLP
700 13th St NW, Suite 600
Washington, D.C. 20005

Emily Devan, Esquire
(edevan@milesstockbridge.com)
Counsel for Titan Publishing Group
Miles & Stockbridge P.C.
100 Light Street
Baltimore, Maryland 21202

Turner Falk, Esquire
(turner.falk@saul.com)
Counsel for Debtors
Saul Ewing LLP
1500 Market Street
Center Square West, 38th Floor
Philadelphia, Pennsylvania 19102

Justin Philip Fasano, Esquire
(jfasano@mhlawyers.com)
Counsel for Dynamic Forces, Inc.
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, Maryland 22070

Ashley N. Fellona, Esquire
(ashley.fellona@saul.com)
Counsel for Debtors
Saul Ewing LLP
1001 Fleet Street, 9th Floor
Baltimore, Maryland 21202-4359

Gianfranco Finizio, Esquire
(gfinizio@lowenstein.com)
Counsel for Creditors Committee
Lowenstein Sandler LLP
1251 Avenue of the Americas
New York, New York 10020

Adam Fletcher, Esquire
(afletcher@bakerlaw.com)
Counsel for Image Comics, Inc.
Baker & Hostetler LLP
127 Public Square, Suite 2000
Cleveland, Ohio 44114-1214

Chelsea R. Frankel, Esquire
(cfrankel@lowenstein.com)
Counsel for Creditors Committee
Lowenstein Sandler LLP
1271 Avenue of the Americas
New York, New York 10020

Stephen B. Gerald, Esquire
(sgerald@tydings.com)
Counsel for Creditors Committee
Tydings & Rosenberg LLP
200 Continental Drive, Suite 401
Newark, Delaware 19713

Christopher J. Giaimo, Esquire
(christopher.giaimo@squirepb.com)
Counsel for Blue Yonder, Inc.
Squire Patton Boggs (US) LLP
2550 M Street, NW
Washington, D.C. 20037

Jonathan A. Grasso, Esquire
(jgrasso@yvslaw.com)
Counsel for Alliance Entertainment, LLC
YVS Law, LLC
185 Admiral Cochrane Drive, Suite 130
Annapolis, Maryland 21401

Zvi Guttman, Esquire
(zvi@zviguttman.com)
Counsel for NECA, LLC
The Law Offices of Zvi Guttman, P.A.
P. O. Box 32308
Baltimore, Maryland 21282

Jeffrey C. Hampton I, Esquire
(jeffrey.hampton@saul.com)
Counsel for Debtors
Saul Ewing LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania 19102

Adam H. Isenberg, Esquire
(adam.isenberg@saul.com)
Counsel for Debtors
Saul Ewing LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania 19102

Toyja E. Kelley, Sr., Esquire
(toyja.kelley@lockelord.com)
Counsel for JPMorgan Chase Bank, N.A.
Troutman Pepper Locke LLP
701 8th Street N.W., Suite 500
Washington, D.C. 20001

C. Kevin Kobbe, Esquire
(kevin.kobbe@us.dlapiper.com)
Counsel for Renegade Games, et al.
DLA Piper LLP (US)
650 South Exeter Street, Suite 1100
Baltimore, Maryland 21202

Eric George Korphage, Esquire
(korphagee@whiteandwilliams.com)
Counsel for Fright Rigs, Inc.
White and Williams, LLP
600 Washington Avenue, Suite 303
Towson, Maryland 21204

Jung Yong Lee, Esquire
(jlee@tydings.com)
Counsel for Creditors Committee
Tydings & Rosenberg LLP
One East Pratt Street, Suite 901
Baltimore, Maryland 21202

Gary H. Leibowitz, Esquire
(gleibowitz@coleschotz.com)
Counsel for Bandai Namco Toys
Cole Schotz P.C.
1201 Wills Street, Suite 320
Baltimore, Maryland 21231

Mark Minuti, Esquire
(mark.minuti@saul.com)
Counsel for Debtor
Saul Ewing LLP
1201 North Market Street, Suite 2300
Wilmington, Delaware 19899

Bruce S. Nathan, Esquire
(bnathan@lowenstein.com)
Counsel for Creditors Committee
Lowenstein Sandler
65 Livingston Avenue
Roseland, New Jersey  07068

Michael Papandrea, Esquire
(mpapandrea@lowenstein.com)
Counsel for Creditors Committee
Lowenstein Sandler
One Lowenstein Drive
Roseland, New Jersey  07068

Steven Gregory Polard, Esquire
(steven.polard@ropers.com)
Counsel for Bandai Namco Toys
Ropers Majeski PC
801 South Figueroa Street, Suite 2100
Los Angeles, California  90017

Scott Prince, Esquire
(sprince@bakerlaw.com)
Counsel for Image Comics, Inc.
Baker & Hostetler LLP
3900 Key Center
127 Public Square
Cleveland, Ohio  44114

Jordan Rosenfeld, Esquire
(jordan.rosenfeld@saul.com)
Counsel for Debtors
Saul Ewing LLP
1001 Fleet Street, 9th Floor
Baltimore, Maryland  21202-4359

Nikolaus F. Schandlbauer, Esquire
(nick.schandlbauer@arlaw.com)
Counsel for Action Figure Authority, Inc.
Adams and Reese LLP
20 F Street NW, Suite 500
Washington, D.C.  20001

Elizabeth Anne Scully, Esquire
(escully@bakerlaw.com)
Counsel for Image Comics, Inc.
Baker & Hostetler LLP
1050 Connecticut Ave, NW, Suite 1100
Washington, D.C.  20036

Dennis J. Shaffer, Esquire
(dshaffer@tydings.com)
Counsel for Creditors Committee
Tydings & Rosenberg LLP
One East Pratt Street, Suite 901
Baltimore, Maryland  21202

Indira Kavita Sharma, Esquire
(indira.sharma@troutman.com)
Counsel for JPMorgan Chase Bank, N.A.
Troutman Pepper Locke LLP
401 9th Street NW, Suite 1000
Washington, D.C.  20004

Nicholas Smargiassi, Esquire
(nicholas.smargiassi@saul.com)
Counsel for Debtors
Saul Ewing LLP
1201 North Market Street, Suite 2300
Wilmington, Delaware  19801

Brent C. Strickland, Esquire
(bstrickland@wtplaw.com)
Counsel for Universal Distribution LLC
Whiteford Taylor & Preston L.L.P.
8830 Stanford Boulevard, Suite 400
Columbia, Maryland  21045

Paige Noelle Topper, Esquire
(paige.topper@saul.com)
Counsel for Debtors
Saul Ewing LLP
1201 North Market Street, Suite 2300
Wilmington, Delaware  19801

U.S. Trustee – Baltimore
(ustpregion04.ba.ecf@usdoj.gov)
101 West Lombard Street, Suite 2625
Baltimore, Maryland  21201