# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
# (BALTIMORE DIVISION)

| | |
|---|---|
| In re: | Chapter 11 |
| Diamond Comic Distributors, Inc., *et al.* | Case No. 25-10308 (DER) |
| Debtors.[1] | (Jointly Administered) |
| | Re: D.I. 638 |

**RESERVATION OF RIGHTS AND LIMITED OBJECTION OF JPMORGAN CHASE BANK, N.A. TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING THE SALE AND PURCHASE AGREEMENT AMONG DEBTORS COMIC EXPORTERS, INC. AND COMIC HOLDINGS, INC., AND DIAMOND DISTRIBUTORS UK, LTD; (II) APPROVING SALE OF SHARES FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS; AND (III) GRANTING RELATED RELIEF**

JPMorgan Chase Bank, N.A., as Prepetition Lender and DIP Lender (collectively, the "***Lender***"), by and through its undersigned counsel, hereby files this reservation of rights and limited objection (this "***Reservation of Rights***"), in connection with the *Debtors' Motion for Entry of an Order (I) Approving the Sale and Purchase Agreement Among Debtors Comic Exporters, Inc. and Diamond Distributors UK, Ltd; (II) Approving Sale of Shares Free and Clear of All Liens, Claims, Encumbrances and Other Interests; And (III) Granting Related Relief* [Docket No. 638] (the "***Shares Sale Motion***")[2] filed by the above-captioned debtors, as debtors-in-possession (the

---

[1] The Debtors in these chapter 11 cases and the last four (4) digits of each Debtor's federal taxpayer identification number are as follows: Diamond Comic Distributors, Inc. (3450), Comic Exporters, Inc (7457), Comic Holdings, Inc. (7458), and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Shares Sale Motion.

1

"***Debtors***") in the above-captioned cases (the "***Chapter 11 Cases***"). In support of this Reservation of Rights, the Lender respectfully states as follows:

## Background

1. On January 14, 2025 (the "***Petition Date***"), each of the Debtors commenced a case under chapter 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "***Bankruptcy Code***"). The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases. On January 29, 2025, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "***Committee***").

2. On January 21, 2025, the Debtors filed the *Debtors' Motion for an Order (I) Authorizing and Approving Bidding Procedures for the Sale of All or Substantially All of the Debtors' Assets, (II) Approving Bid Protections, (III) Scheduling an Auction and a Sale Hearing, (IV) Approving the Form and Manner of Notice Thereof, and (V) Establishing Notice and Procedures for the Assumption and Assignment of Certain Executory Contracts and Leases* [Docket No. 68], which was granted by the Court on February 11, 2025.

3. The Bankruptcy Court entered orders approving the sale of certain assets to Universal Distribution, LLC and Sparkle Pop, LLC, respectively, on May 1, 2025 [Docket Nos. 407, 408]. The sales subsequently closed.

4. On February 19, 2025, the Court entered the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Senior Secured Financing and the Use of Cash Collateral; (II) Granting Adequate Protection; (III) Granting Liens and Superpriority Administrative Expense Claims; (IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing; and (VI) Granting*

*Related Relief* [Docket No. 163] (the "**Final DIP Order**"), pursuant to which, among other things, the Debtors were granted authority to obtain senior secured postpetition financing pursuant to the terms and conditions of the Final DIP Order and that certain senior secured Debtor-in-Possession Credit Agreement, dated as of January 16, 2025 (as amended from time to time, the "**DIP Credit Agreement**").

5. On March 19, 2025, the Bankruptcy Court entered the *Order Approving Stipulation Between Debtors and JPMorgan Chase Bank, N.A., Amending DIP Credit Agreement* [Docket No. 243], on April 17, 2025, the Bankruptcy Court entered the *Order Approving Second Stipulation Between Debtors and JPMorgan Chase Bank, N.A., Amending DIP Credit Agreement* [Docket No. 345], on May 1, 2025, the Bankruptcy Court entered the *Order Approving Third Stipulation Between Debtors and JPMorgan Chase Bank, N.A., Amending DIP Credit Agreement* [Docket No. 409], and on May 30, 2025, the Bankruptcy Court entered the *Order Approving Fourth Stipulation Between Debtors and JPMorgan Chase Bank, N.A., Amending DIP Credit Agreement* [Docket No. 470].

6. On June 24, 2025, the Debtors filed the *Debtors' Motion for Entry of an Order Approving Fifth Stipulation between Debtors and JPMorgan Chase Bank, N.A., Amending DIP Credit Agreement* [Docket No. 527] (the "**DIP Amendment Motion**"). On July 3, 2025, the Bankruptcy Court entered the *Order Approving Fifth Stipulation Between Debtors and JPMorgan Chase Bank, N.A., Amending DIP Credit Agreement* [Docket No. 569], extending the maturity date of the DIP Credit Agreement to August 23, 2025. The Bankruptcy Court scheduled a continued hearing on the relief requested in the DIP Amendment Motion for August 18, 2025, at 11:00 a.m. (ET).

7. On July 23, 2025, the Debtors filed the Shares Sale Motion, seeking approval of the sale of the shares (the "**Shares**") that Debtors Comic Exporters, Inc. and Comic Holdings Inc. hold in non-debtor affiliate Diamond Comic Distributors, a corporation organized under the laws of England and Wales ("**Diamond UK**"), to Diamond Distributors UK, Ltd. (the "**Purchaser**"), an entity formed and owned by certain members of the current U.K.-based management team of Diamond UK, free and clear of all liens, claims, interests, and encumbrances in accordance with the Share Sale and Purchase Agreement (the "**SPA**").

## Reservation of Rights

8. In accordance with the Final DIP Order, the Lender has valid, attached and enforceable, fully-perfected, priming first priority senior security interests and liens upon all of the Debtors' right, title, and interest in Shares as well as the proceeds resulting from any sale or disposition of the Shares. Further, pursuant to the Final DIP Order, any proceeds of the sale of the Shares must be applied first to the outstanding amounts owed on the Lender's secured claim until the Lender's outstanding lien is fully satisfied. [*See* Final DIP Order, at ¶¶ 13, 14, & 15].

9. The Lender is generally supportive of the relief sought in the Shares Sale Motion provided that its liens attach to any proceeds of the sale of the Shares, and provided that such proceeds are remitted to the Lender at closing contemporaneous with the "free and clear" transfer of these assets, along with a corresponding dollar for dollar reduction in the amount of the Commitment under the DIP Facility. Accordingly and pending that closing, the Lender fully reserves all of its rights, liens and claims encumbering the Shares and resulting proceeds. Without limiting the generality of the foregoing, the Lender objects and withholds consent to any release of its lien prior to receipt of the sale proceeds in accordance with a closing statement acceptable to the Lender in its discretion, accompanied by a reduction of the DIP Facility Commitment in the

amount of such sale proceeds. Lender also objects to the entry of any order on the Share Sales Motion that does not expressly incorporate and provide for the foregoing reservation of rights, including without limitation a payment of proceeds to the Lender in an amount approved by the Lender and corresponding reduction of the DIP Facility Commitment.

**WHEREFORE**, Lender respectfully requests that this Court condition its approval of the Share Sales Motion on the reservations of rights set forth herein, and grant such other and further relief as may be just and proper.

Respectfully submitted,

DATED: August 13, 2025

*/s/ Toyja E. Kelley*
Jonathan W. Young (admitted *pro hac vice*)
Toyja E. Kelley (Bar No. 26949)
Indira K. Sharma (Bar No. 28269)
Katherine E. Culbertson (admitted *pro hac vice*)
**TROUTMAN PEPPER LOCKE LLP**
701 8th Street, N.W., Suite 500
Washington, D.C. 20001
Toyja.Kelley@troutman.com
Indira.Sharma@troutman.com
Jonathan.Young@troutman.com
Katherine.culbertson@troutman.com

## CERTIFICATE OF SERVICE

I, Toyja E. Kelley, hereby certify that, on the 13th day of August 2025, I caused a true and correct copy of the foregoing *Reservation of Rights* to be filed and served via CM/ECF on all parties who have registered for electronic service in these cases.

*/s/ Toyja E. Kelley*