IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re:<br><br>DIAMOND COMIC DISTRIBUTORS, INC., et al.<br><br>               Debtors. | Jointly Administered under<br>Case No: 25-10308-DER (Chapter 11) |

**MOTION TO QUASH SUBPOENA**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure (made applicable to this bankruptcy case by Rule 9016 of the Federal Rules of Bankruptcy Procedure), non-party Sparkle Pop, LLC ("Sparkle Pop"), by and through its undersigned counsel, hereby moves for entry of an order, in the form attached hereto, quashing the Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case to Sparkle Pop, LLC and/or its Corporate Designee (the "Subpoena") propounded by the Ad Hoc Committee of Consignors (the "Committee").[1] In support of this Motion, Sparkle Pop respectfully states as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this mater under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157 (b).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Committee consists of the following consignors: (i) Ablaze, LLC, (ii) American Mythology Productions LLC, (iii) Avatar Press, Inc., (iv) Andrew Kafoury dba Battle Quest Comics, (v) Bryan Seaton dba Action Lab, (vi) Drawn & Quarterly Books, Inc., (vii) Fantagraphics Books, Inc., (viii) Green Ronin Publishing LLC, (ix) Herman and Geer Communications, Inc., dba Hermes Press, (x) Living the Line LLC, (xi) Paizo, Inc., (xii) UDON Entertainment Inc., and (xiii) Zenescope Entertainment, Inc.

1

3.  The bases for the relief requested herein are Federal Rule of Bankruptcy Procedure 9016 and Federal Rule of Civil Procedure 45.

## BACKGROUND

4.  On January 14, 2025, the Debtors[2] each filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

5.  On January 21, 2025, the Debtors filed a Motion for Entry of an Order (I) Authorizing and Approving Bidding Procedures for the Sale of All of Substantially All of the Debtors' Assets, (II) Approving Bid Protections, (III) Scheduling an Auction and a Sale Hearing, (IV) Approving the Form and Manner of Notice Thereof, and (V) Establishing Notice and Procedures for the Assumption and Assignment of Certain Executory Contracts and Leases (the "Sale Motion").[3]

6.  On May 1, 2025, in connection with the Sale Motion, the Court entered two orders approving the sale of substantially of all Debtors' assets to Sparkle Pop and Universal Distribution, LLC.[4]

7.  In connection with the Court's order approving the Sale Motion, Debtors and Sparkle Pop entered into an asset purchase agreement (the "APA"), pursuant to which Sparkle Pop would acquire certain of Debtors' assets. Debtors' inventory held on consignment (the "Consignment Inventory") is an excluded asset under the APA.

8.  The APA closed on May 15, 2025.

---

[2] The Debtors in these chapter 11 cases are: Diamond Comic Distributors, Inc., Comic Holdings, Inc., Comic Exporters, Inc., and Diamond Select Toys & Collectibles, LLC. The Debtors' mailing address is 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.
[3] D.I. 68.
[4] D.I. 407; D.I. 408.

9. On June 25, 2025, the Debtors filed Debtors' Motion for Entry of an Order Approving (I) Procedures for Sale or Other Disposition of Consigned Inventory, (II) Approving Sales or Other Disposition of Consigned Inventory Free and Clear of Liens, Claims, Interests of Encumbrances and (III) Granting Related Relief (the "Motion to Sell Consigned Inventory").[5] Numerous parties, including the Ad Hoc Committee of Consignors have filed objections to the Motion to Sel Consigned Inventory.

10. On June 26, 2025, a hearing on Debtors' Motion to Sell Consigned Inventory was noticed to be held on July 21, 2025.[6] Over the course of several weeks, the hearing date on Debtors' Motion to Sell Consigned Inventory was continued multiple times and ultimately, on August 5, 2025, the hearing was scheduled to be held on August 18, 2025.

11. Sparkle Pop is not a Consignor and is not a member of the Ad Hoc Committee of Consignors. It is not a party to the Motion to Sell Consigned Inventory.

12. On August 5, 2025, counsel for the Ad Hoc Committee of Consignors notified counsel for Sparkle Pop of the Committee's intent to serve a subpoena for documents and deposition testimony on Sparkle Pop seeking, among other things, documents and deposition testimony regarding the sale of certain goods and inventory held on consignment.[7]

13. Following meet and confer, the Committee agreed to withdraw its request for a deposition of Sparkle Pop, if Sparkle Pop responded to the Subpoena by August 15, 2025.

14. On August 15, 2025, just one business day prior to the commencement of the evidentiary hearing on the Motion to Sell Consigned Inventory, counsel for the Committee emailed

---

[5] D.I. 531.
[6] D.I. 537.
[7] That same day, the Committee sent via email a revised subpoena, which purported to include requests related to consigned goods and inventory owned by non-Committee member consignors.

3

a trial subpoena (the "Trial Subpoena") to counsel for Sparkle Pop, demanding a witness appear to testify in this Court on August 18 (the business day following the subpoena).[8]

15. The Trial Subpoena demands an appearance by "Sparkle Pop, LLC, Corporate designee, serve to Joel Weinshanker, Manager". Ex. A.

16. That same day, counsel for Sparkle Pop notified counsel for the Committee that the Subpoena was deficient and requested that the Committee withdraw the Subpoena. The Committee refused to withdraw the Subpoena.

17. As of the date of this Motion, the Committee has not effected service of the Subpoena on Sparkle Pop as service of a subpoena on counsel will not suffice for a trial subpoena under Ruel 45(b)(1). *Mustafa Dogan Dairy Consulting, LLC v. La Colombe Torrefaction, Inc.*, 2018 WL 9801022, at *1 (W.D. Mich. Sept. 7, 2018); *see* 9A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 2454 (3d ed. 2008) ("Moreover, unlike service of most litigation papers after the summons and complaint, service [of a Rule 45(b)(1) subpoena] on a person's lawyer will not suffice."); *see, e.g., Weiss v. Allstate Ins. Co.*, 512 F.Supp.2d 463, (E.D. La. 2007) (quashing eight trial subpoenas that were served on counsel and not on the witnesses themselves).

## RELIEF REQUESTED

18. By this Motion, Sparkle Pop seeks entry of an order quashing the Subpoena served on Sparkle Pop and relieving Sparkle Pop of any obligation to produce a witness for testimony at the hearing on Debtors' Motion to Sell Consigned Inventory on August 18, 2025.

---

[8] A true and correct copy of the Subpoena is attached hereto as Exhibit A.

**ARGUMENT**

19. Federal Rule of Civil Procedure 45 requires that, on a timely motion, a court must quash or modify a subpoena that "fails to allow a reasonable time to comply" or "requires a person to comply beyond the geographical limits specified in Rule 45(c)." Fed. R. Civ. P. 45(d)(3)(A)(i)-(ii). *See also Rock Spring Plaza II, LLC v. Invs. Warranty of America*, 2023 WL WL 7283814, at *3 (D. Md. Nov. 2, 2023). Rule 45(b)(1) further provides that service of a subpoena "requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). Critically, Rule 45 only permits the issuance of a subpoena "to attend a trial, hearing or deposition only . . . (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P.(c)(1)(A). The Subpoena is facially deficient on all three grounds and, accordingly, this Court must quash the Subpoena.

20. First, the Subpoena does not afford Sparkle Pop "reasonable time to comply" under Rule 45 and must be quashed on that basis alone. The Committee has been aware of the August 18, 2025 hearing date for the Motion to Sell Consigned Inventory (and the continued hearing date before that) for weeks and cannot now impose on a non-party the obligation of attendance by providing only one business day's notice. *See Rock Spring*, 2023 WL 7283814, at *3 (single-day notice for deposition served pursuant to Rule 45 was the "quintessential example of a subpoena" that did "not allow for reasonable time to response" and could be quashed on that basis alone); *Ike-Ezunagu v. Deco, Inc.*, 2010 WL 4822511, at *2 (D. Md. Nov. 22, 2010) (quashing subpoena pursuant to Rule 45 because eight day's notice was insufficient notice for deposition); *see also Odongo v. City of Indianapolis*, 2015 WL 1097400, at *2 (S.D. Ind. Mar. 10, 2015) (one day's notice was unreasonable amount of time to comply with subpoena "when the hearing had been scheduled over three weeks prior to Plaintiff's issuance of the subpoena"). The Committee's abject

failure to provide any advance notice of its intent to call Sparkle Pop as a witness at the hearing on the Motion to Sell Consigned Inventory—all the while having been in communication with counsel for Sparkle Pop—cannot be countenanced and this Court should quash the subpoena.

21. In addition to the unreasonable time to comply with and insufficient notice of the Subpoena, the Committee's Subpoena purports to require Sparkle Pop, as a corporate entity, to produce a corporate designee to appear and provide testimony at the hearing on the Motion to Sell Consigned Inventory. Rule 45 does not provide any procedural mechanism to require Sparkle Pop to produce a corporate designee and the Court should quash the Subpoena on this ground as well.

22. Rule 45 does not contemplate service of a subpoena on a corporate entity to give testimony at a hearing or trial but rather requires the issuing party to identify and serve to a natural "person." Courts have held that Rule 45 does not permit a party to serve a subpoena on a corporate entity and that failing to "name a person who is require to testify" renders such a subpoena "fatally deficient." *See Legion Sys., LLC v. Valiant Global Defense Servs., Inc.*, 2023 WL 4686245, at *1 (M.D. Fla. July 21, 2023) (holding that the "procedures in Rule 30(b)(6) are applicable to depositions and do not apply to trial-witness subpoenas"); *see also Bd of Regents of Univ. of Texas Sys. v. Boston Scientific Corp.*, 2023 WL 346243, at *2 (D. Del. Jan. 20, 2023) ("[T]he Court finds that the plain text of Rule 45 prohibits directing a subpoena to attend trial to a corporation…")

23. To be sure, the Committee very well could, and in fact did, serve a discovery subpoena on Sparkle Pop and have taken the discovery it seeks in advance of the hearing on the Motion to Sell Consigned Inventory. However, the Committee withdrew its request for a pre-hearing deposition, and the Committee cannot now seek an end-run around Rule 45's requirements. *See id.* at *2 ("During discovery, Legion could have required Valiant to produce a corporate representative matching the description in its trial subpoena or sought an additional

discovery period to do so. I cannot now 'temper' the text of Rule 45 to permit that discovery at trial."). The Committee's failure to properly identify a "person" as contemplated by Rule 45 requires this Court to issue an order quashing the Subpoena and relieving Sparkle Pop from any obligation to appear at the hearing.

24. Finally, to the extent the Trial Subpoena may be interpreted to command an appearance by Joel Weinshanker,[9] it is also deficient on its face because it requires the attendance of a witness at a hearing beyond the 100-mile limit dictated by Rule 45. "[T]he plain language of Rule 45(c) indicates that the court cannot compel a witness" to travel more than 100 miles to testify, whether the subpoena is directed "to an individual or [] a corporate representative[.]" *Hermitage Glob. P'rs. LP v. Prevezon Hldg. Ltd.*, 2015 WL 728463, at *4 (S.D.N.Y. Feb. 19, 2015) (subpoena directed to corporation did not comply with Rule 45's 100-mile limitation where corporation had no employees within 100 miles of jurisdiction); *Krueger Invs., LLC v. Cardinal Health 110, Inc.*, 2012 WL 3264524, at *3 (D. Ariz. Aug. 9, 2012) ("Rule 45 explicitly prohibits a subpoena requiring a non-party to travel more than 100 miles from its place of business to testify.").

25. Mr. Weinshanker resides in Florida and New York, outside the 100-mile geographic limitations of the Subpoena. He does not regularly transact business in person within 100 miles of this Court.

26. Accordingly, requiring Sparkle Pop to produce a witness to testify at the hearing on Debtors' Motion to Sell Consigned Inventory would violate Rule 45's "plain language" and as a result, this Court should quash the Subpoena. *Hermitage*, 2015 WL 728463, at *4.

[9] Sparkle Pop does not concede that the Trial Subpoena demands an appearance by Mr. Weinshanker; it merely indicates the Subpoena should be served on Mr. Weinshanker as the Managing Member of Sparkle Pop.

## WAIVER OF MEMORANDUM OF LAW

27.  Pursuant to Local Bankruptcy Rule 9013-2, Sparkle Pop states that, in lieu of submitting a memorandum in support of this Motion, Sparkle Pop will rely on the grounds and authorities set forth herein.

## CONCLUSION

For the foregoing reasons, Sparkle Pop respectfully requests that this Court grant this Motion and enter an order, in the form attached hereto, quashing the Subpoena and ordering that a representative of Sparkle Pop need not appear for testimony at the hearing on Debtors' Motion to Sell Consigned Inventory.

Dated: August 17, 2025          DLA PIPER LLP US

                       By:    /s/ *Ellen E. Dew*
                              Ellen E. Dew (Bar No. 28830)
                              Peter J. Artese (Bar No. 31258)
                              Ellen.dew@us.dlapiper.com
                              Peter.artese@us.dlapiper.com
                              DLA Piper LLP US
                              650 S Exeter Street, Suite 1100
                              Baltimore, MD 21201
                              410.580.3000

                              *Attorneys for non-party Sparkle Pop, LLC*

## **CERTIFICATE OF SERVICE**

I certify that, on August 17, 2025, a true copy of the *Motion to Quash Subpoena* was served via CM/ECF upon parties registered to receive CM/ECF notifications in the above referenced cases.

<div style="text-align: right;">

*/s/ Ellen E. Dew*
Ellen E. Dew

</div>