# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
## (Baltimore Division)

| | |
|---|---|
| In re | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc., *et al.*, | Chapter 11 |
| Debtors.[1] | (Jointly Administered) |

## NOTICE OF FILING OF PROPOSED ORDER APPROVING SIXTH STIPULATION BETWEEN DEBTORS AND JPMORGAN CHASE BANK, N.A., AMENDING DIP CREDIT AGREEMENT

**PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby file the proposed order (the "Proposed Order") approving the *Sixth Stipulation Between Debtors and JPMorgan Chase Bank, N.A., Amending DIP Credit Agreement* (the "Stipulation"), which is attached hereto as **Exhibit A**. The Stipulation attaches the Eighth Amendment to Debtor-In-Possession Credit Agreement.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the relief requested pursuant to the Proposed Order is scheduled before the Honorable Judge Rice on **August 25, 2025, at 2:00 p.m. (ET)** in Courtroom 9-D at the United States Bankruptcy Court for the District of Maryland, 101 W. Lombard St., Baltimore, MD 21201.

[*Remainder of Page Left Intentionally Blank*]

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

Dated: August 25, 2025	**SAUL EWING LLP**

By: */s/ Jordan D. Rosenfeld*
Jordan D. Rosenfeld (MD Bar No. 13694)
1001 Fleet Street, 9th Floor
Baltimore, MD 21202
Telephone: (410) 332-8600
Email: jordan.rosenfeld@saul.com

-and-

Jeffrey C. Hampton (admitted *pro hac vice*)
Adam H. Isenberg (admitted *pro hac vice*)
Turner N. Falk (admitted *pro hac vice*)
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Email: jeffrey.hampton@saul.com
        adam.isenberg@saul.com
        turner.falk@saul.com

-and-

Mark Minuti (admitted *pro hac vice*)
Paige N. Topper (admitted *pro hac vice*)
Nicholas Smargiassi (admitted *pro hac vice*)
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
Telephone: (302) 421-6800
Email: mark.minuti@saul.com
        paige.topper@saul.com
        nicholas.smargiassi@saul.com

*Counsel for Debtors and Debtors in Possession*

**Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re<br><br>Diamond Comic Distributors, Inc., *et al.*,<br><br>Debtors.[1] | Case No. 25-10308 (DER)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>**Re: D.I.** |

**ORDER APPROVING SIXTH STIPULATION BETWEEN DEBTORS AND
JPMORGAN CHASE BANK, N.A., AMENDING DIP CREDIT AGREEMENT**

Upon consideration of the *Debtors' Motion for Entry of an Order Approving Fifth Stipulation Between Debtors and JPMorgan Chase Bank, N.A., Amending DIP Credit Agreement* [D.I. 527 and the *Sixth Stipulation Between Debtors and JPMorgan Chase Bank, N.A., Amending DIP Credit Agreement* (the "Sixth Stipulation")[2] filed under separate notice; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these chapter 11 cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

[2] Capitalized terms used but not defined herein are defined in the Sixth Stipulation or Motion, as applicable.

this Court having found that the relief requested in the proposed order approving the Sixth Stipulation is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Sixth Stipulation and opportunity for a hearing on the Sixth Stipulation were appropriate and no other notice need be provided; and the Court having previously entered an order approving the Motion with respect to the *Fifth Stipulation Between Debtors and JPMorgan Chase Bank, N.A., Amending DIP Credit Agreement* [D.I. 569]; and after due deliberation and sufficient cause appearing therefor

**IT IS HEREBY ORDERED THAT:**

1. The Motion is further GRANTED as set forth herein.

2. The Sixth Stipulation is approved. Subject to the modifications provided for and authorized by this Order, the Sixth Stipulation and the DIP Credit Agreement Amendment, the Final Order and DIP Credit Agreement remain in full force and effect in accordance with their terms.

3. The Debtors and DIP Lender are authorized to enter into, perform, and consummate the transactions set forth in and contemplated under the Sixth Stipulation.

4. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon its entry.

5. The Debtors and DIP Lender are authorized to take all actions that are necessary and appropriate to effectuate the relief granted in this Order.

6. This Court retains jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

**END OF ORDER**

## **EXHIBIT 1**

**Sixth Stipulation**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc., *et al.*, | Chapter 11 |
| Debtors.[1] | (Jointly Administered) |

### SIXTH STIPULATION BETWEEN DEBTORS AND JPMORGAN CHASE BANK, N.A., AMENDING DIP CREDIT AGREEMENT

The above-captioned debtors and debtors in possession (collectively, the "Debtors") and JPMorgan Chase Bank, N.A. (the "DIP Lender", and together with the Debtors, the "Parties"), hereby stipulate and agree (this "Sixth Stipulation") as follows:

**WHEREAS**, on January 14, 2025, the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Court") and, since filing their petitions for relief, have continued to manage their businesses and assets as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

**WHEREAS**, on February 19, 2025, the Bankruptcy Court entered its *Final Order (I) Authorizing the Debtors to Obtain Postpetition Senior Secured Financing and the Use of Cash Collateral; (II) Granting Adequate Protection; (III) Granting Liens and Superpriority Administrative Expense Claims; (IV) Modifying the Automatic Stay; and (V) Granting Related Relief* [D.I. 163] (the "Final DIP Order") pursuant to which, among other things, the Debtors were granted authority to obtain senior secured postpetition financing pursuant to the terms and

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

conditions of the Final DIP Order and that certain senior secured Debtor-in-Possession Credit Agreement, dated as of January 16, 2025 (as amended from time to time, the "DIP Credit Agreement").

**WHEREAS**, on March 19, 2025, the Bankruptcy Court entered the Order Approving Stipulation Between Debtors and JPMorgan Chase Bank, N.A., Amending DIP Credit Agreement, on April 17, 2025, the Bankruptcy Court entered the Order Approving Second Stipulation Between Debtors and JPMorgan Chase Bank, N.A., Amending DIP Credit Agreement, on May 1, 2025, the Bankruptcy Court entered the Order Approving Third Stipulation Between Debtors and JPMorgan Chase Bank, N.A., Amending DIP Credit Agreement, on May 30, 2025, the Bankruptcy Court entered the Order Approving Fourth Stipulation Between Debtors and JPMorgan Chase Bank, N.A., Amending DIP Credit Agreement, and on July 3, 2025, the Bankruptcy Court entered the Order Approving Fifth Stipulation Between Debtors and JPMorgan Chase Bank, N.A., Amending DIP Credit Agreement.

**WHEREAS**, the Debtors have requested a further extension of the Maturity Date under the DIP Credit Agreement and Final DIP Order.

**WHEREAS**, the DIP Lender is prepared to consent to a short further extension of the Maturity Date and to amend the definitions of Maturity Date, Maximum DIP Facility Amount and Overadvance Amount under the DIP Credit Agreement and Final DIP Order—all in accordance with and subject to the terms of the DIP Credit Agreement Amendment (as defined below), and all subject to the terms and conditions of this Sixth Stipulation and the approval of the Bankruptcy Court.

**NOW, THEREFORE**, subject to the approval of the Bankruptcy Court, the Parties hereby stipulate and agree as follows

1. The Parties shall enter into an amendment (the "DIP Credit Agreement Amendment") to the DIP Credit Agreement in the form of Exhibit A hereto, providing for, among other things, amended definitions of Maturity Date, Maximum DIP Facility Amount and Overadvance Amount under the DIP Credit Agreement and Final DIP Order. The Parties shall file the executed DIP Credit Agreement Amendment on the docket in these cases.

2. The modification of the terms Maturity Date, Maximum DIP Facility Amount and Overadvance Amount and the Debtors' related rights to borrow shall be deemed authorized and approved pursuant to section 364 of the Bankruptcy Code effective upon the Bankruptcy Court's entry of the Stipulation Order.

3. Subject to the modifications provided for and authorized by the Stipulation Order, this Sixth Stipulation and the DIP Credit Agreement Amendment, the Final Order and DIP Credit Agreement remain in full force and effect in accordance with their terms, and the Debtors reaffirm and ratify all of such terms.

4. Each Party is duly authorized and empowered to execute this Sixth Stipulation.

5. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Sixth Stipulation or the Stipulation Order.

6. All of the recitals set forth above are incorporated by reference as if fully set forth herein. This Sixth Stipulation constitutes the complete express agreement of the Parties concerning the subject matter hereof.

7. Each Party has participated in and jointly consented to the drafting of this Sixth Stipulation and any claimed ambiguity shall not be construed for or against either Party on account of such drafting.

| | |
|---|---|
| **SAUL EWING LLP** | **TROUTMAN PEPPER LOCKE LLP** |
| /s/ *Jordan D. Rosenfeld* | /s/ *Jonathan W. Young* |
| Jordan D. Rosenfeld (MD Bar No. 13694) | Toyja E. Kelley |
| 1001 Fleet Street, 9th Floor | Indira K. Sharma |
| Baltimore, MD 21202 | Jonathan W. Young |
| Telephone: (410) 332-8600 | 401 9th Street, N.W., Suite 1000 |
| Email: jordan.rosenfeld@saul.com | Washington, D.C. 20004 |
| | Tel: (202) 274-2950 |
| -and- | Email: Toyja.Kelley@troutman.com |
| | Indira.Sharma@troutman.com |
| Jeffrey C. Hampton (admitted *pro hac vice*) | Jonathan.Young@troutman.com |
| Adam H. Isenberg (admitted *pro hac vice*) | |
| Turner N. Falk (admitted *pro hac vice*) | -and- |
| 1500 Market Street, 38th Floor | |
| Philadelphia, PA 19102 | David L. Ruediger |
| Telephone: (215) 972-7777 | 111 Huntington Avenue |
| Email: jeffrey.hampton@saul.com | Boston, MA 02199 |
| adam.isenberg@saul.com | Tel: (617) 239-0100 |
| turner.falk@saul.com | Email: David.Ruediger@troutman.com |
| | |
| -and- | *Counsel for JPMorgan Chase Bank, N.A.* |
| | |
| Mark Minuti (admitted *pro hac vice*) | |
| Paige N. Topper (admitted *pro hac vice*) | |
| Nicholas Smargiassi (admitted *pro hac vice*) | |
| 1201 N. Market Street, Suite 2300 | |
| Wilmington, DE 19801 | |
| Telephone: (302) 421-6800 | |
| Email: mark.minuti@saul.com | |
| paige.topper@saul.com | |
| nicholas.smargiassi@saul.com | |
| | |
| *Counsel for Debtors and Debtors in Possession* | |

4

**EIGHTH AMENDMENT TO DEBTOR-IN-POSSESSION CREDIT AGREEMENT**

This EIGHTH AMENDMENT TO DEBTOR-IN-POSSESSION CREDIT AGREEMENT, dated as of August 25, 2025 (this "Amendment"), is by and among debtor-in possession DIAMOND COMIC DISTRIBUTORS, INC., a Maryland corporation ("Diamond") as the "Borrower" (in such capacity, the "Borrower"), the other Loan Parties from time to time party to the DIP Credit Agreement referenced below, Stephen A. Geppi (the "Individual Guarantor"), and JPMORGAN CHASE BANK, N.A., as the "DIP Lender" (in such capacity, the "DIP Lender").

WHEREAS, reference is made to the Debtor-in-Possession Credit Agreement dated as of January 16, 2025 (as amended by that certain First Amendment to Debtor-in-Possession Credit Agreement, dated as of February 11, 2025, that certain Second Amendment to Debtor-in-Possession Credit Agreement dated as of February 25, 2025, that certain Third Amendment to Debtor-in-Possession Credit Agreement dated as of March 19, 2025, that certain Fourth Amendment to Debtor-in-Possession Credit Agreement, dated as of April 22, 2025, that certain Fifth Amendment to Debtor-in-Possession Credit Agreement dated as of April 30, 2025, and that certain Sixth Amendment to Debtor-in-Possession Credit Agreement dated as of May 30, 2025, and that certain Seventh Amendment to Debtor-in-Possession Credit Agreement dated as of June 30, 205, the "DIP Credit Agreement") by and among the Borrower, the other Loan Parties that are parties to the DIP Credit Agreement, the Individual Guarantor and the DIP Lender;

WHEREAS, capitalized terms used herein without definition shall have the meanings ascribed to such terms in the DIP Credit Agreement, as amended by this Amendment, as applicable; and

WHEREAS, the parties to the DIP Credit Agreement desire to amend certain provisions of the DIP Credit Agreement, all as more fully set forth herein;

NOW, THEREFORE, in consideration of the foregoing and the agreements contained herein, the parties hereby agree as follows:

1. Amendments to the DIP Credit Agreement. In reliance on the terms and conditions set forth in this Amendment, the DIP Lender hereby agrees with the Borrower, the other Loan Parties and the Individual Guarantor that the Definitions Schedule to the DIP Credit Agreement be, and it hereby is, amended as follows:

    (a) Amendments to Definitions Schedule. The Definitions Schedule to the DIP Credit Agreement is hereby amended by amending and restating the defined terms "Maturity Date" and "Maximum DIP Facility Amount" to read as follows (with deleted text shown in the same manner as the following example: ~~deleted text~~ and with added text shown in the same manner as the following example: added text):

    "Maturity Date" means, at the election of the DIP Lender, the earliest to occur of: (a) the date on which the DIP Lender provides, via electronic or overnight mail, written notice to counsel for the Debtors and counsel for any Committee of the occurrence and continuance of an Event of Default; (b) the effective date of an Approved Plan; (c) the filing of any chapter 11 plan other than an Approved Plan by the Debtors or any party in interest; unless such plan contemplates the indefeasible payment in full in cash of the Aggregate Credit Obligations; (d) the date that the Bankruptcy Court orders (x) the conversion of the Chapter 11 Cases to Chapter 7 liquidations, or (y) a dismissal of the Chapter 11 Cases; or (e) ~~August 23, 2025.~~ October 3, 2025.

"Maximum DIP Facility Amount" means ~~(a) from the Petition Date through and including the closing of the Sale Transactions, $47,700,000 and (b) at all times after the closing of the Sale Transactions, $8,866,344.~~ the applicable amounts set forth below during the applicable periods set forth below:

| Applicable Period | Maximum DIP Facility Amount |
|---|---|
| August 23, 2025 through the date of consummation of the sale of the shares of DCDUK | $7,550,000 |
| The date of consummation of the sale of the shares of DCDUK through August 30, 2025 | $6,150,000 |
| August 31, 2025 through September 6, 2025 | $5,700,000 |
| September 7, 2025 through September 27, 2025 | $5,850,000 |
| September 28, 2025 through October 3, 2025 | $3,850,000 |
| From and after October 4, 2025 | $0 |

(b)    Amendment to Borrowing Base Schedule. The Borrowing Base Schedule to the DIP Credit Agreement is hereby amended by amending and restating the defined term "Overadvance Amount" to read as follows (with deleted text shown in the same manner as the following example: ~~deleted text~~ and with added text shown in the same manner as the following example: added text):

"Overadvance Amount" means the Maximum DIP Facility Amount. ~~the applicable amounts set forth below during the applicable periods set forth below:~~

| ~~Applicable Period~~ | ~~Overadvance Amount~~ |
|---|---|
| ~~Filing Date through date of entry of Final Financing Order~~ | ~~$6,750,000~~ |
| ~~Date of entry of Final Financing Order through the closing of the Sale Transactions~~ | ~~$23,150,000~~ |
| ~~First day following the closing of the Sale Transactions through the Maturity Date~~ | ~~$8,866,344~~ |

2.    Approved Budget; Variance Reports.  The updated Approved Budget attached as **Exhibit A** to this Amendment is hereby approved by the DIP Lender and shall constitute the "Approved Budged" for purposes of the DIP Credit Agreement and the Financing Order as in effect on the date of this Amendment and shall remain in effect until such time as further updated Budgets have been delivered to, and approved by, the DIP Lender, as provided in the Reporting Schedule to the DIP Credit Agreement.  On or before the close of business on Tuesday of each week, the Debtors shall provide to the DIP Lender (i) a variance report showing actual sources and uses of cash and the actual DIP beginning and ending balances for such week, as compared to the amounts shown for such week in the Approved Budget, together with such related information as reasonably requested by the DIP Lender, and (ii) updated projections of sources and uses of cash and DIP beginning and ending balances for each of the following weeks through the Maturity Date.

3.      Continuing Lien on Residual Assets.  Pursuant to the DIP Loan Documents and the Financing Order, at all times prior to and after the Maturity Date, the DIP Obligations shall continue to be secured by first priority liens on all assets of the Debtors and the other Loan Parties (other than (x) those assets sold by the Debtors pursuant to the Sale Transaction following the consummation of the Sale Transaction and (y) the shares of capital stock of DCDUK following the consummation of the sale of the shares of DCDUK), including, without limitation, all of the Debtors' rights and interests in and to any holdback or escrow amounts, incentive fee payments or other contingent consideration that may from time to time be due and owing to the Debtors arising out of or relating to the Sale Transaction, the Debtors' interests in any funds deposited by any Persons pursuant to the Bidding Procedures, the Debtors' claims against any Persons arising out of or relating to the Bidding Procedures or the Sale Transaction, any and all Avoidance Actions, and all other rights, claims and interests of the Debtors in and to any other assets of the Debtors or the other Loan Parties.  For the avoidance of doubt, the Sale Transaction and the consummation of the sale of shares of DCDUK shall not constitute a release or modification of any rights of the DIP Lender or the Prepetition Lender under any and all guaranties made by the Loan Parties and/or the Individual Guarantor of the DIP Obligations and/or the Prepetition Obligations.

4.      Representations and Warranties, Etc.  The Loan Parties hereby confirm that after giving effect to this Amendment, the representations and warranties of the Loan Parties set forth in Article III of the DIP Credit Agreement are true and correct in all material respects (provided that if any representation or warranty is by its terms qualified by concepts of materiality, such representation or warranty shall be true and correct in all respects) on and as of the date of this Amendment as if made on such date (except to the extent that such representations and warranties expressly relate to an earlier date, in which case such representations and warranties shall have been true and correct as of such earlier date).

5.      Ratification, Confirmation and Acknowledgment.  The Borrower, the other Loan Parties, and the Individual Guarantor hereby ratify and confirm all terms and provisions of the DIP Credit Agreement and the other Loan Documents and agree that all such terms and provisions, as amended hereby, remain in full force and effect.

6.      Certain Conditions to this Amendment.  This Amendment shall become effective on the date on which each of the following conditions is satisfied:

(a)     The DIP Lender shall have received (i) a counterpart of this Amendment signed on behalf of each party hereto or (ii) written evidence satisfactory to the DIP Lender (which may include telecopy or electronic mail transmission of a signed signature page to this Amendment) that each party hereto has signed a counterpart of this Amendment; and

(b)     The Bankruptcy Court in the Chapter 11 Cases shall have approved (whether by oral ruling and/or written order) the extension of the Maturity Date of the DIP Credit Facility contemplated by this Amendment.

7.      Miscellaneous.

(a)     Except as otherwise expressly set forth herein, nothing herein shall be deemed to constitute an amendment, modification or waiver of any of the provisions of the DIP Credit Agreement or the other DIP Loan Documents, all of which remain in full force and effect as of the date hereof and are hereby ratified and confirmed.

(b)     This Amendment may be executed in any number of counterparts, each of which, when executed and delivered, shall be an original, but all counterparts shall together constitute one instrument.  Delivery of an executed counterpart of a signature page of this Amendment by

3

facsimile or electronic mail shall be equally effective as delivery of a manually executed counterpart of this Amendment.

(c) This Amendment shall be governed by the laws of the State of New York and shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

(d) This Amendment constitutes a "DIP Loan Document" as such term is defined in the DIP Credit Agreement.

(e) The Borrower agrees to pay all reasonable and documented out-of-pocket expenses (including the reasonable legal fees and disbursements of Troutman Pepper Locke LLP, special US counsel to the DIP Lender), incurred by the DIP Lender in connection with this Amendment and the transactions contemplated hereby.

[Remainder of page intentionally left blank]

IN WITNESS WHEREOF, the parties hereto have executed this Eighth Amendment to Debtor-in-Possession Credit Agreement, which shall be deemed to be a sealed instrument as of the date first above written.

BORROWER:

**DIAMOND COMIC DISTRIBUTORS, INC.**

By:_____
Name:
Title:

**OTHER LOAN PARTIES:**

**COMIC EXPORTERS, INC.**

By:_____
Name:
Title:

**COMIC HOLDINGS, INC.**

By:_____
Name:
Title:

**DIAMOND SELECT TOYS AND COLLECTIBLES, LLC**

By:_____
Name:
Title:

**DIAMOND COMIC DISTRIBUTORS**, an unlimited company incorporated under the laws of England and Wales

By:_____
Name:
Title:

**ROSEBUD ENTERTAINMENT, LLC**

By:_____
Name:
Title:

[Signature Page to Eighth Amendment to DIP Credit Agreement]

**RENEGADE GAMES, LLC**

By:_____
Name:
Title:

**GAME CONSOLIDATORS, LLC**

By:_____
Name:
Title:

**<u>INDIVIDUAL GUARANTOR</u>:**


_____
Stephen A. Geppi, individually

[Signature Page to Eighth Amendment to DIP Credit Agreement]

**DIP LENDER:**

**JPMORGAN CHASE BANK, N.A.**

By:_____
Name:
Title:

[Signature Page to Eighth Amendment to DIP Credit Agreement]

**Exhibit A**

**Approved Budget**

[See Attached]

| POST CLOSING FORECAST WEEKLY WEEK ENDED | FORECAST WEEKLY 8/30/2025 | FORECAST WEEKLY 9/6/2025 | FORECAST WEEKLY 9/13/2025 | FORECAST WEEKLY 9/20/2025 | FORECAST WEEKLY 9/27/2025 | FORECAST WEEKLY 10/4/2025 | FORECAST GRAND TOTAL 2025 |
|---|---|---|---|---|---|---|---|
| **Total Sources of Cash** | **2,100,000** | **1,000,000** | **350,000** | **550,000** | **250,000** | **2,250,000** | **6,500,000** |
| Claims Agent - Omni | – | (75,000) | – | – | – | – | (75,000) |
| DIP Interest Expense | – | (54,105) | – | – | – | (54,105) | (108,211) |
| Employee Insurance Claims | (75,000) | (75,000) | (50,000) | – | – | – | (200,000) |
| KEIP/KERP | – | (440,512) | – | – | – | – | (440,512) |
| Miscellaneous Operating Cost | (25,000) | (50,000) | (75,000) | (20,000) | – | – | (170,000) |
| Post Petition AP - DCD | – | – | – | (250,000) | – | – | (250,000) |
| Professional Fees - Committee | (75,000) | (50,000) | (50,000) | (50,000) | (50,000) | (50,000) | (325,000) |
| Professional Fees - Debtor | (225,000) | (225,000) | (200,000) | (200,000) | (200,000) | (200,000) | (1,250,000) |
| Professional Fees - Lender | (56,000) | – | (150,000) | – | – | – | (206,000) |
| Sale Tax Estimate | – | (450,000) | – | – | – | – | (450,000) |
| Storage Fees - Consignment | – | (145,000) | – | – | – | – | (145,000) |
| Transaction Fee + Expenses | (162,300) | – | – | – | – | – | (162,300) |
| **Total Uses of Cash** | **(618,300)** | **(1,564,617)** | **(525,000)** | **(520,000)** | **(250,000)** | **(304,105)** | **(3,782,023)** |
|  | – | – | – | – | – | – | – |
| **Net Cash Flow** | **1,481,700** | **(564,617)** | **(175,000)** | **30,000** | **–** | **1,945,895** | **2,717,977** |
| *Cumulative Net Cash Flow* | *1,481,700* | *917,083* | *742,083* | *772,083* | *772,083* | *2,717,977* | *2,717,977* |
| | | | | | | | |
| Total Debt, Beginning Balance | (7,548,685) | (6,066,985) | (5,631,602) | (5,806,602) | (5,776,602) | (5,776,602) | (8,461,521) |
| Revolver Draw | (618,300) | (1,564,617) | (525,000) | (520,000) | (250,000) | (304,105) | (4,627,023) |
| Revolver Paydown | 2,100,000 | 1,000,000 | 350,000 | 550,000 | 250,000 | 2,250,000 | 8,257,836 |
| **Total Debt, Ending Balance** | **(6,066,985)** | **(5,631,602)** | **(5,806,602)** | **(5,776,602)** | **(5,776,602)** | **(3,830,707)** | **(3,830,707)** |