# Exhibit A

56100722.7

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc., *et al.*, | Chapter 11 |
| Debtors.[1] | (Jointly Administered) |
| | **Re: D.I.** |

**ORDER APPROVING DEBTORS' (I) MOTION TO ENFORCE THE
AUTOMATIC STAY (II) TO ENFORCE THE SALE ORDER
AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for the entry of an order, pursuant to sections 102(a) and 362 of the Bankruptcy Code, (i) enforcing the automatic stay, (ii) enforcing the sale order, and (iii) granting related relief; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this matter being a "core" proceeding under 28 U.S.C. § 157(b); and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties listed therein, and it appearing that no other or

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

[2] Capitalized terms used but not defined herein are defined in the Motion.

further notice need be provided; and the Court being satisfied that the relief sought in the Motion is in the best interests of the Debtors, their creditors and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon review of the Motion and all the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. Pursuant to this Court's authority under 11 U.S.C. § 105(a), the Motion is granted.

2. Sparkle Pop willfully violated the automatic stay imposed by 11 U.S.C. § 362(a)(3) by selling consigned inventory and by retaining the proceeds of the sale of consigned inventory.

3. The consigned inventory is an Excluded Asset under the APA and Sparkle Pop violated the Sale Order by selling the consigned inventory.

4. Sparkle Pop shall immediately cease all sales of consigned inventory and shall immediately remove all consigned inventory from its website. Within three (3) business days of the entry of this Order, Sparkle Pop shall file with the Court a written certification that it has ceased all sales of consigned inventory and that it has removed all consigned inventory from its website.

5. Within three (3) business days of the entry of this Order, Sparkle Pop shall (i) file a written certification (the "Certification") with the Court specifying what proceeds it has received from its sale of Consignment Inventory and (ii) pay the Debtors $_____ in the form of compensatory damages comprising all of the proceeds of Sparkle Pop's sales of the consigned inventory. The Debtors may retain their contractually agreed-upon portion of such sale proceeds, in accordance with their applicable agreements with consignors, and shall hold the balance of such amount in a segregated account pending further Order of the Court. In the event Sparkle Pop receives any payments for its sale of Consignment Inventory after the effective date of its

Certification, it shall promptly file an updated Certification and shall forward such payments to the Debtors, which may retain their contractually agreed-upon portion of such sale proceeds, in accordance with their applicable agreements with consignors, and shall hold the balance of such amount in a segregated account pending further Order of the Court.

6.  A hearing shall be held on _____, 2025 on the following:

    i. The amount of attorneys' fees and costs that Sparkle Pop shall pay the Debtors on account of the Debtors' filing and prosecution of the Motion;

    ii. The amount of actual damages that Sparkle Pop shall pay the Debtors on account of Sparkle Pop's violation of the automatic stay; and

    iii. The amount of punitive damages Sparkle Pop shall pay the Debtors for Sparkle Pop's willful and knowing violation of the automatic stay.

7.  This Court shall retain jurisdiction to hear and determine all matters arising from, or related to, the interpretation or implementation of this Order.

**END OF ORDER**