**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc., *et al.*, | Chapter 11 |
| Debtors.[1] | (Jointly Administered) |
| | Re: D.I. 784 |

**DEBTORS' MOTION FOR AN EXPEDITED HEARING ON DEBTORS'
MOTION (I) TO ENFORCE THE AUTOMATIC STAY,
(II) TO ENFORCE THE SALE ORDER AND (III) GRANTING RELATED RELIEF**

Diamond Comic Distributors, Inc. and its affiliated debtors and debtors in possession (the "Debtors"), having filed contemporaneously the *Debtors Motion (I) to Enforce the Automatic Stay (II) to Enforce the Sale Order and (III) Granting Related Relief* [D.I. 784] (the "Motion to Enforce the Automatic Stay"), respectfully submit this motion (the "Motion to Expedite"), pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 9006-1 and 9013-6 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland (the "Local Rules"), for entry of an order shortening the objection deadline and scheduling an expedited hearing to consider the Motion to Enforce the Automatic Stay so that the motion may be considered by the Court at a hearing on September 10, 2025 at 10:00 a.m. (prevailing Eastern Time) (the "Hearing"), with any objections to the Motion to Enforce the Automatic Stay to be filed on or before September 5, 2025 (the "Proposed Objection Deadline"). In support of this Motion to Expedite, the Debtors respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

**Relief Requested**

1. The Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, for entry of an order shortening the objection deadline and scheduling an expedited hearing to consider the Motion to Enforce the Automatic Stay so that the motion can be considered at the Hearing, with any objections to the Motion to Enforce the Automatic Stay to be filed by the Proposed Objection Deadline.

**Background**

2. On January 14, 2025 (the "Petition Date"), each Debtor commenced a case under chapter 11 of the Bankruptcy Code. The Debtors are maintaining their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases. On January 29, 2025, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee").

3. A description of the Debtors' business as of the Petition Date and the reasons for commencing these cases are set forth in the *Declaration of Robert Gorin in Support of Chapter 11 Petitions and First Day Relief* [D.I. 20] (the "First Day Declaration").

4. As stated in the First Day Declaration, the Debtors' goal in these chapter 11 cases was to conduct a value-maximizing sale process of all or substantially all the Debtors' assets.

5. As of the Petition Date, the Debtors maintained the majority of their inventory, including consigned inventory, at a 600,000 square foot warehouse (the "Warehouse") located in Olive Branch, Mississippi, from which they also conducted the majority of their distribution and fulfillment functions.

6. On February 11, 2025, the Court entered an order establishing, among other things, bidding procedures and deadlines for the Debtors' post-petition sale process [D.I. 136] (the "Bid Procedures Order"). On February 21, 2025, the Debtors filed a motion seeking authority to sell substantially all their assets free and clear of any liens, claims, interests and encumbrances, and to assume and assign executory contracts and unexpired leases in connection with the sale of the Debtors' assets [D.I. 168].

7. In accordance with the Bid Procedures Order, the Debtors held an auction on March 24 and 25, 2025. Following such auction, the Debtors filed the *Notice of Designation of Successful Bidder and Back-Up Bidder* [D.I. 270] identifying Alliance Entertainment, LLC ("Alliance") as the successful bidder and a combination of Universal Distribution, LLC ("Universal") and Ad Populum, LLC (an affiliate of Sparkle Pop), as the back-up bidders.

8. The sale to Alliance did not close and the Debtors pivoted to seeking authority to sell their assets to the designated back-up bidders. See *Debtors' Motion for Entry of Orders Authorizing the Sale of Substantially All of the Debtors' Assets to the Back-Up Bidders Pursuant to the Bidding Procedures Order* [D.I. 385].

9. On May 1, 2025, the Court entered Orders approving the sale of substantially all the Debtors' assets to Universal and Sparkle Pop. *See* D.I. 407 & 408. As used herein, the term "Sparkle Pop Sale Order" refers to the Court's *Order (I) Approving Asset Purchase Agreement Among the Debtors and Sparkle Pop, LLC; (II) Approving Sale of Certain of the Debtors' Assets Free and Clear of all Liens, Claims, Encumbrances and Other Interests; (III) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief* [D.I. 407].

10. Closing on the Asset Purchase Agreement approved by the Sparkle Pop Sale Order (the "Sparkle Pop APA") occurred on or about May 15 or May 16, 2025. *See* D.I. 500.

11. As contemplated by section 9.22 of the Sparkle Pop APA, the Debtors entered into a Transition Services Agreement (the "TSA") with Sparkle Pop. As described in detail in the Motion to Enforce the Stay, the TSA enabled the Debtors and Sparkle Pop to address various logistical issues post sale closing. The TSA authorized Sparkle Pop to use and operate out of the Warehouse at Sparkle Pop's cost.

12. The TSA also required the Debtors to pay for storage, processing, packing, shipping or disposal of consigned inventory because the consigned inventory is an Excluded Asset under the APA. The Debtors have not authorized Sparkle Pop to take any action with the consigned inventory.

13. The Debtors learned in early or mid-June, 2025 that Sparkle Pop was selling consigned inventory. The Debtors promptly – and repeatedly – demanded that Sparkle Pop stop selling consigned inventory, and directed Sparkle Pop to remit the sale proceeds to the Debtors. Although, based upon conversations with representatives of Sparkle Pop, the Debtors understood that Sparkle Pop had stopped selling consigned inventory, such sales continued. Despite the Debtors' multiple demands, Sparkle Pop has continued to sell consigned inventory, and has continued to retain all sale proceeds.

**Basis for Relief Requested**

14. Section 105(a) of the Bankruptcy Code authorizes the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

15. Pursuant to Local Rule 9006-1 "all motions must be served at least twenty-one (21) days before the hearing date. The movant may establish any response deadline that is no earlier

than fourteen (14) days after the date of service and no later than seven (7) days before the hearing date."

16. Local Rule 9013-6 provides that "[i]f the movant requests that the time to object to any motion be shortened, or that a more expedited hearing is needed, the movant shall file contemporaneously a separate motion requesting that the Court shorten the time within which responses may be filed and/or requesting that the Court set an expedited hearing."

17. The Debtors submit that shortening the objection deadline and granting an expedited hearing is necessary and in the best interests of the Debtors' estates, their creditors, and all parties in interest. Despite numerous requests, Sparkle Pop has not indicated any willingness to cease selling consigned inventory and has not remitted the proceeds from the sales of consigned inventory to the Debtors.  Moreover, upon information and belief, Sparkle Pop continues to sell consigned inventory.  Sparkle Pop's actions damage the Debtors' estates on a daily basis.  As a result, the Debtors' respectfully submit that the Court schedule a hearing on the Debtors' Motion to Enforce on September 10, 2025 to stop Sparkle Pop's continued unauthorized sales of consigned inventory as soon as possible.

18. On August 25, 2025, the Debtors informed Sparkle Pop the Motion to Enforce the Automatic Stay would be forthcoming mitigating any potential prejudice to Sparkle Pop resulting from the shortened notice periods.

## Notice

19. Notice of this Motion will be given to the following parties, or, in lieu thereof, to their counsel: (i) the Office of the United States Trustee for the District of Maryland; (ii) the Committee; (iii) counsel to JPMorgan Chase Bank, N.A.; (iv) the United States Attorney for the District of Maryland; (v) the offices of the attorneys general for the states in which the Debtors

operate; (vi) the Internal Revenue Service; (vii) the United States Attorney general; (viii) the civil process clerk for the United States Attorney for the District of Maryland; (ix) Sparkle Pop; (x) counsel to the Ad Hoc Committee of Consignors; (xi) counsel to the Consignment Group; and (xii) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

[*Remainder of Page Left Intentionally Blank*]

| | |
|---|---|
| Dated: August 26, 2025 | **SAUL EWING LLP** |

By:<u>*/s/ Jordan D. Rosenfeld*</u>
    Jordan D. Rosenfeld (MD Bar No. 13694)
    1001 Fleet Street, 9th Floor
    Baltimore, MD 21202
    Telephone: (410) 332-8600
    Email: jordan.rosenfeld@saul.com

    -and-

    Jeffrey C. Hampton (admitted *pro hac vice*)
    Adam H. Isenberg (admitted *pro hac vice*)
    Turner N. Falk (admitted *pro hac vice*)
    1500 Market Street, 38th Floor
    Philadelphia, PA 19102
    Telephone: (215) 972-7777
    Email: jeffrey.hampton@saul.com
          adam.isenberg@saul.com
          turner.falk@saul.com
    -and-

    Mark Minuti (admitted *pro hac vice*)
    Paige N. Topper (admitted *pro hac vice*)
    Nicholas Smargiassi (admitted *pro hac vice*)
    1201 N. Market Street, Suite 2300
    Wilmington, DE 19801
    Telephone: (302) 421-6800
    Email: mark.minuti@saul.com
          paige.topper@saul.com
          nicholas.smargiassi@saul.com

    *Counsel for Debtors and Debtors in Possession*