**Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc., *et al.*, | Chapter 11 |
| Debtors.[1] | (Jointly Administered) |
| | **Re: D.I. 784 & 785** |

**ORDER APPROVING DEBTORS' MOTION FOR AN EXPEDITED HEARING ON DEBTORS' MOTION (I) TO ENFORCE THE AUTOMATIC STAY, (II) TO ENFORCE THE SALE ORDER AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion to Expedite")[2] of the Debtors, pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006 and Local Rules 9006-1 and 9013-6, shortening the time for notice of the hearing to consider the *Debtors Motion (I) to Enforce the Automatic Stay (II) to Enforce the Sale Order and (III) Granting Related Relief* [D.I. 784]; and the Court having jurisdiction to consider the Motion to Expedite and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding under 28 U.S.C. § 157(b)(2); and the Court having found that venue is proper pursuant to 28 U.S.C.

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

[2] Capitalized terms not otherwise defined herein are defined in the Motion to Expedite.

§§ 1408 and 1409; and the Court having found that notice of the Motion to Expedite was given to all interested parties, which was sufficient under the circumstances; and the Court having considered the Motion and any responses thereto

**IT IS HEREBY ORDERED THAT:**

1. The Motion to Expedite is granted as set forth herein.

2. The hearing to consider the relief requested in the Motion to Enforce the Automatic Stay shall be held on September 10, 2025 at 10:00 a.m. (prevailing Eastern Time).

3. Objections, if any, to the relief requested in the Motion to Enforce the Automatic Stay shall be filed and served by no later than September 5, 2025.

4. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation or enforcement of this Order.

**END OF ORDER**