```
                    UNITED STATES BANKRUPTCY COURT
                     FOR THE DISTRICT OF MARYLAND

                                      .
   IN RE:                             .    Chapter 11
                                      .
   Diamond Comic Distributors,        .
   Inc.,                              .
                                      .
           Debtors.                   .    Bankruptcy #25-10308 (DER)
   ...............................................................

                          Baltimore, Maryland
                           August 25, 2025
                              2:01 p.m.

               BEFORE THE HONORABLE DAVID E. RICE
           UNITED STATES BANKRUPTCY COURT CHIEF JUDGE

                          TRANSCRIPT OF:

   [527] MOTION TO APPROVE STIPULATION/SETTLEMENT DEBTORS' MOTION
   FOR ENTRY OF AN ORDER APPROVING FIFTH STIPULATION BETWEEN
   DEBTORS AND JPMORGAN CHASE BANK, N.A., AMENDING DIP CREDIT
   AGREEMENT


    APPEARANCES:

   For The Debtor:              Paige N. Topper, Esq.
                                Saul Ewing, LLP
                                1201 North Market St.-Ste. 2300
                                Wilmington, DE 19899

                                Ashley N. Fellona, Esq.
                                Saul Ewing, LLP
                                1001 Fleet St.-9th Fl.
                                Baltimore, MD 21202

   For Unsecured Creditor's     Dennis J. Shaffer, Esq.
   Committee:                   Tydings & Rosenberg
                                1 E. Pratt St.-Ste. 901
                                Baltimore, MD 21202
```

                                                                         2

| | |
|---|---|
| For Creditor, JPMorgan Chase Bank: | Jonathan W. Young, Esq.<br>Troutman Pepper Locke, LLP<br>701 8th St., NW, Ste. 500<br>Washington, DC 20001 |
| | Indira K. Sharma, Esq.<br>Troutman Pepper Locke, LLP<br>701 8th St., NW, Ste. 500<br>Washington, DC 20001 |
| Audio Operator: | Cherita Scott |
| Transcribing Firm: | Writer's Cramp, Inc.<br>1027 Betty Lane<br>Ewing, NJ 08628<br>609-588-8043 |

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

3

 1    THE CLERK:  Calling the case of Diamond Comic
 2 Distributors, Inc., case #25-10308.  Counsels, please identify
 3 yourselves and your clients for the record.
 4    MS. TOPPER:  Good afternoon, Your Honor.  For the
 5 record, Paige Topper with Saul Ewing on behalf of the Debtors.
 6 With me in the courtroom today is my colleague Ashley Fellona,
 7 as well as Ramy Aly who's part of the Getzler Henrich team in
 8 these matters.
 9    THE COURT:  Good afternoon.
10    MR. YOUNG:  Your Honor, good afternoon.  Jonathan
11 Young, Troutman Pepper Locke, here with my partner Indira
12 Sharma, and we represent DIP Lender JPMorgan Chase.
13    THE COURT:  Good afternoon.
14    MR. SHAFFER:  Good afternoon, Your Honor.  Dennis
15 Shaffer of Tidings and Rosenberg on behalf of the Official
16 Committee of Unsecured Creditors.
17    THE COURT:  Good afternoon to you.  Well, we're here
18 for a hearing.  I'm going to take an immediate recess because
19 Ms. Scott, I don't know that it's necessary, but I have no
20 computer access here on the Bench.  It's completely dark.
21    THE CLERK:  All rise.  This court is in recess.
22   (Recess)
23   (Proceeding in progress)
24    THE CLERK:  -- seated and come to order.  The United
25 States Bankruptcy Court for the District of Maryland now

                                                                4

1    resumes its regular session.
2              THE COURT:  Okay.  Sorry for that interruption.  Ms.
3    Topper.
4              MS. TOPPER:  Good afternoon.  For the record again,
5    Paige Topper on behalf of the Debtors in these cases with
6    Saul Ewing.  Your Honor, we are here today on a continued
7    hearing in connection with the Debtor's Motion to approve a
8    Stipulation between the Debtors and JPMorgan Chase Bank, the
9    DIP Lender in these cases to amend -- to further amend the
10   DIP Credit Agreement.
11        When we were before Your Honor last week, I previewed
12   that the Debtors and the DIP Lender were in negotiations
13   regarding a short extension of the maturity date of the DIP
14   loans as well as a revised budget for that extended period.
15   Since the hearing last Tuesday, the Debtors and the DIP
16   Lender have engaged in a number of communications regarding a
17   sixth Stipulation, and we have also likewise engaged with the
18   Committee as well.  Both parties are in Agreement and agree
19   to the sixth Stipulation that is before the Court today.
20         I can represent that there were a number of turns, Your
21   Honor, with respect to the budget and the Stipulation as well
22   as the related eighth Amendment to the Credit Agreement to
23   get us here today.  And those turns continued and quite
24   frankly, even 'til this morning.  So the sixth Stipulation
25   was filed this morning.  It's at docket item 778.  The

1   Stipulation, as I mentioned, does attach, and we went ahead
2   and attached the eighth Amendment to the DIP Credit
3   Agreement, as well as the revised budget.  Consistent with
4   how the Debtors have handled Amendments in the past, if the
5   Court approves the sixth Stipulation, we will file under a
6   separate notice the executed version of that eighth Amendment
7   to the DIP Credit Agreement.
8        So the Stipulation, Your Honor, what it does is it
9   extends the maturity date, which was this past Saturday to
10  October 3rd.  And that is subject to certain amendments to
11  the DIP Credit Agreement that reflect incremental decreases
12  in the maximum DIP facility amount based on certain
13  applicable periods that are set forth in the revised budget.
14  That sort of step-down process is set forth on page 2 of the
15  eighth Amendment.
16       As the Court is aware, the Debtors are focusing on
17  monetizing their remaining assets in these cases.  While the
18  revised budget, you know, is not perfect, it does allow for
19  the Debtors to move forward with monetizing certain remaining
20  assets.  And that includes, among other things, the sale
21  closing for the shares of Non-Debtor affiliate, Diamond UK.
22  The Debtors anticipate that closing to be tomorrow.  It also
23  includes the recovery of a Letter of Credit from the bank in
24  connection with the Olive Branch lease.  Once that lease is
25  assumed and assigned to Sparkle Pop pursuant to an Agreement

1    that Sparkle Pop and the landlord of Olive Branch are working

2    on.  And it also includes, among other things, further

3    incentive payments that are owed to the Debtors pursuant to

4    the Sparkle Pop Asset Purchase Agreement.

5         Under the circumstances, the Debtors believe that entry

6    into the eighth Amendment to the DIP Credit Agreement is in

7    the best interest of the Debtor's Estates and other parties-

8    in-interest, and is also a sound exercise of the Debtor's

9    business judgment.  So unless the Court has any questions,

10   the Debtors would request that the Court enter the Proposed

11   Order approving the sixth Stipulation to amend the DIP Credit

12   Agreement.

13         THE COURT:  Is the Debtor requesting an additional

14   standby hearing for further financing if necessary?

15         MS. TOPPER:  I think the Debtor would be amenable to

16   a further hearing going ahead and calendaring one, Your

17   Honor --

18         MS. TOPPER:  All right.  Well, you can --

19         MS. TOPPER:  -- that is appropriate.

20         THE COURT:  -- work that out with Ms. Scott.  Can

21   you explain to me again, I -- I know we raised it before the

22   hearing commenced.  I had a question about this budget and

23   then why the ending balance on the revolving credit facility

24   didn't seem to make sense and there seemed to be a million

25   dollars missing.

```
 1          MS. TOPPER:  Yes, Your Honor.  So that is in
 2   connection with the column that is for the week ending
 3   September 6th, and that's a delta of exactly $1 million.
 4   That delta is a release of a non-cash component of the Letter
 5   of Credit.  That just wasn't reflected.  And if we need to
 6   drop a footnote, we're more than happy to.  But essentially,
 7   when the lease for the Olive Branch facility is assumed and
 8   assigned to Sparkle Pop, that Letter of Credit will come back
 9   from the Landlord and it'll pay down the DIP.  And then there
10   will also be a release on the bank's cash collateral.  So
11   once the Landlord returns that Letter of Credit, it will
12   reduce essentially the net exposure by $2 million pursuant to
13   that Letter of Credit.
14          THE COURT:  By $2 million?
15          MS. TOPPER:  By the million dollars that is already
16   reflected, Your Honor, in the revolver pay down as well as
17   the non-cash component that's not currently reflected in the
18   budget, which is that delta of $1 million.
19          THE COURT:  I guess I feel like I'm not really
20   comfortable that I have a chart here that has $1 million
21   missing, and I feel like there needs to be an explanation for
22   why this magic -- why this million dollars appears, at least
23   if you're looking at the chart, out of nowhere.
24          MS. TOPPER:  I believe it's because --
25          THE COURT:  This will --
```

8

1             MS. TOPPER:  -- and I believe it was in a prior
2   iteration of the budget, Your Honor, and it may just be an
3   oversight on the Debtors part.  So we will drop -- we're
4   happy to drop a footnote that will explain the $1 million.
5             THE COURT:  Let's do that.  So at least the record's
6   clear as to that.
7             MS. TOPPER:  Of course.
8             THE COURT:  We've addressed this.  And it's not
9   really a discrepancy.
10            MS. TOPPER:  Of course.  Understood, Your Honor.
11            THE COURT:  Okay.  Fine.  Thank you.  Mr. Young?
12            MR. YOUNG:  Thank you, Your Honor.  Just a real
13  brief follow on to Ms. Topper's point.  Part of what's
14  happening mechanically that Ms. Topper's amended exhibit will
15  reflect is the Letter of Credit issued by JPMorgan shows up
16  as a sub-limit or an additional exposure under the DIP
17  facility.  So when the lease is assumed and the Letter of
18  Credit is released, it brings down the total facility
19  balance.  And I think that's part of what's going on.
20          Your Honor, we very much appreciate you hearing us today
21  and your consideration of the Stipulation.  We've been
22  working hard between the Debtor, the Bank and the Committee
23  to bring this Stipulation and budget to you.  I think I've
24  mentioned in prior hearings, this is an ABL and an
25  asset-based facility in which the operating assets have

9

1  largely been administered.  And it's made these difficult
2  negotiations because we're trying to find a way to get
3  through the next couple of weeks, and it's a much smaller
4  collateral base, and it's a much more intangible collateral
5  base than the kind of collateral my client is customarily
6  loaning against.  But we think we've worked hard and well
7  with the parties to bring you really an incremental budget
8  that gets us through the next couple of weeks, lets the
9  Debtor file some of the additional important filings that
10 need to happen in coming weeks, lets the parties work
11 together to try to monetize some more of these assets.  We'd
12 be very glad to come back and see you again on status
13 sometime before the next facility expiration date.
14      And regardless of how the next couple of weeks go, from
15 JPMorgan's perspective, we think this is the right
16 incremental next move in this case to prudently move through
17 these couple of weeks.  Important to us also is that our
18 projected facility balance at the end of the period is
19 $3,830,707.  It won't come as a surprise, Your Honor, we're
20 eager to exit this case and leave it to the other parties to,
21 you know, work together to monetize the balance of the
22 assets.  And we also think this budget is a constructive step
23 in that direction too.  So we thank you for hearing us today
24 and we are supportive of this relief.
25           THE COURT:  All right.  Thank you.  Mr. Shaffer?

1          MR. SHAFFER:  Yes, Your Honor.  On behalf of the
2    Official Committee.  There was some significant back and
3    forth with respect to this budget and the Committee was part
4    of that process.  We are supportive of the extension.  We
5    think it's the best path forward at this point.  It does
6    allow an opportunity for the Estates to deal with some
7    significant issues remaining in the case, monetizing
8    remaining assets, addressing Consignment issues and other
9    issues with Sparkle Pop as well as moving forward with
10   pending litigation.  The five-week budget that's been
11   prepared helps bridge the gap to get through the next five
12   weeks to move those matters forward.  And we think it's the
13   best thing that we can do at this point to keep the case
14   moving forward in a positive direction.  Thank you, Your
15   Honor.
16          THE COURT:  Thank you.  Ms. Topper, what is this one
17   item post-petition AP-DCD $250,000?
18          MS. TOPPER:  Your Honor, that reflects the Debtor's
19   hope to make some payments for post-petition vendor claims.
20          THE COURT:  What does DCD mean?
21          MS. TOPPER:  Diamond Comic Distributors.
22          THE COURT:  Okay.  All right.  Well, I'm satisfied
23   that for all the reasons have been outlined at the hearing
24   today, it's appropriate for the Court to approve this
25   additional Financing Stipulation and I will do so.  We'll

```
1    await an amended Order that's got the exhibit with a
2    footnote.  But thank you all.
3              MS. TOPPER:  Thank you.
4              THE CLERK:  All rise.
5              MR. YOUNG:  Thank you, Judge.
6              THE CLERK:  This court is adjourned.
7        (Court adjourned)
8
9                         CERTIFICATION
10   I, Lewis Parham, certify that the foregoing is a correct
11   transcript from the electronic sound recording of the
12   proceedings in the above-entitled matter.
13
14
15   [signature: Lewis Parham]                    8/26/25
16
17   _____        _____
18   Signature of Transcriber                   Date
```