## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
## (Baltimore Division)

| | |
|---|---|
| In re | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc., *et al.*, | Chapter 11 |
| Debtors.[1] | (Jointly Administered) |
| | **Objection Deadline:** <br> **September 12, 2025** |

**SIXTH MONTHLY FEE APPLICATION OF SAUL EWING LLP, COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM JULY 1, 2025 THROUGH JULY 31, 2025**

| | |
|---|---|
| Name of applicant: | Saul Ewing LLP |
| Authorized to provide professional services to: | Debtors and Debtors in Possession |
| Petition Date: | January 14, 2025 |
| Date of retention: | February 28, 2025 *nunc pro tunc* to January 14, 2025[2] |
| This is a: | Monthly application for compensation |
| Period for which compensation and reimbursement are sought: | July 1, 2025 through July 31, 2025 |
| Amount of compensation sought: | $434,216.25 (80% of which is $347,373.00) |
| Amount of expense reimbursement sought: | $3,552.90 |

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

[2] On February 28, 2025, the Court entered the *Order Authorizing the Employment and Retention of Saul Ewing LLP, as Bankruptcy Counsel to the Debtors, Effective as of the Petition Date* [D.I. 185].

56135833.2 08/29/2025

Blended hourly rate for this application:        $733.10

## SUMMARY OF PRIOR MONTHLY FEE APPLICATIONS

| DATE FILED | PERIOD COVERED | REQUESTED FEES | REQUESTED EXPENSES | UNOPPOSED FEES | UNOPPOSED EXPENSES | PAID FEES | PAID EXPENSES | HOLDBACK FEES |
|---|---|---|---|---|---|---|---|---|
| 4/16/2025 | 1/14/2025-2/28/2025 | $756,360.00 (80% of which is $605,088.00) | $12,089.77 | $756,360.00 | $12,089.77 | $756,360.00 | $12,089.77 | $0.00 |
| 5/01/2025 | 3/01/2025-3/31/2025 | $537,383.75 (80% of which is $429,907.00) | $3,431.09 | $537,383.75 | $3,431.09 | $537,383.75 | $3,431.09 | $0.00 |
| 6/06/2025 | 4/01/2025-4/30/2025 | $692,850.50 (80% of which is $554,280.40) | $11,950.85 | $692,850.50 | $11,950.85 | $554,280.40 | $11,950.85 | $138,570.10 |
| 7/22/2025 | 5/01/2025-5/31/2025 | $453,983.25 (80% of which is $363,186.60) | $9,981.12 | $453,983.25 | $9,981.12 | $363,186.60 | $9,981.12 | $90,796.65 |
| 7/25/2025 | 6/01/2025-6/30/2025 | $461,993.00 (80% of which is $369,594.40) | $7,985.11 | $461,993.00 | $7,985.11 | $369,594.40 | $7,985.11 | $92,398.60 |
| | Totals: | $2,902,570.50 (80% of which is $2,322,056.40) | $45,437.94 | $2,902,570.50 | $45,437.94 | $2,580,805.15 | $45,437.94 | $321,765.35 |

## SUMMARY OF PRIOR INTERIM FEE APPLICATIONS

| DATE FILED | PERIOD COVERED | REQUESTED FEES | REQUESTED EXPENSES | UNOPPOSED FEES | UNOPPOSED EXPENSES | PAID FEES | PAID EXPENSES | HOLDBACK FEES |
|---|---|---|---|---|---|---|---|---|
| 6/6/2025 | 1/14/2025-3/31/2025 | $1,293,743.75 | $15,520.86 | $1,293,743.75 | $15,520.86 | $1,293,743.75 | $15,520.86 | $0.00 |
| | Totals: | $1,293,743.75 | $15,520.86 | $1,293,743.75 | $15,520.86 | $1,293,743.75 | $15,520.86 | $0.00 |

## COMPENSATION BY ATTORNEY PROFESSIONALS

| NAME OF PROFESSIONAL | POSITION | DEPARTMENT | YEAR ADMITTED | HOURLY BILLING RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|---|
| Mark Minuti | Partner | Bankruptcy | 1988 | $975 | 118.8 | $115,830.00 |
| Jeffrey C. Hampton | Partner | Bankruptcy | 1990 | $860 | 152.4 | $131,064.00 |
| Adam H. Isenberg | Partner | Bankruptcy | 1988 | $860 | 127.6 | $109,736.00 |
| Dennis J. Brennan | Partner | Corporate | 1998 | $830 | 0.4 | $332.00 |
| Jordan D. Rosenfeld | Partner | Litigation | 2013 | $565 | 2.2 | $1,243.00 |
| Anne D. Greene | Counsel | Tax and Employee Benefits | 2011 | $585 | 5.1 | $2,983.50 |
| Austin Strine | Associate | Litigation | 2017 | $505 | 1 | $505.00 |
| Paige N. Topper | Associate | Bankruptcy | 2017 | $505 | 45.3 | $22,876.50 |
| Turner N. Falk | Associate | Bankruptcy | 2014 | $485 | 16.3 | $7,905.50 |
| Ashley N. Fellona | Associate | Litigation | 2018 | $485 | 2 | $970.00 |
| Emily K. Strine | Associate | Litigation | 2018 | $465 | 5 | $2,325.00 |
| Nicholas Smargiassi | Associate | Bankruptcy | 2023 | $355 | 83.9 | $29,784.50 |
| Maxwell M. Hanamirian | Associate | Bankruptcy | 2024 | $325 | 15.1 | $4,907.50 |
| **Total for Attorneys:** | | | | | **575.1** | **$430,462.50** |
| **Minus 50% for Non-Working Travel** | | | | | | **($1,656.25)** |
| **Grand Total for Attorneys:** | | | | | **575.1** | **$428,806.25** |

## COMPENSATION BY PARAPROFESSIONAL OR STAFF MEMBER

| NAME OF PARAPROFESSIONAL OR STAFF MEMBER | POSITION | DEPARTMENT | HOURLY BILLING RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Patricia Markey | Paralegal | Litigation / Bankruptcy | $315 | 15.6 | $4,914.00 |
| Robyn E. Warren | Paraprofessional | Bankruptcy | $310 | 1.6 | $496.00 |
| **Total for Paraprofessionals and other staff:** | | | | **17.2** | **$5,410.00** |

## COMPENSATION BY PROFESSIONAL CATEGORY

| PROFESSIONALS | BLENDED RATE | TOTAL HOURS | TOTAL COMPENSATION |
|---|---|---|---|
| Partners | $892.39 | 401.4 | $358,205.00 |
| Counsel | $585.00 | 5.1 | $2,983.50 |
| Associates | $410.88 | 168.6 | $69,274.00 |
| Paraprofessionals | $314.53 | 17.2 | $5,410.00 |
| **Minus 50% for Non-Working Travel** | | | **($1,656.25)** |
| **Total Amount Sought for Application Period** | | | **$434,216.25** |
| **Blended Hourly Rate/Total fees** | | | **$733.10** |
| **Less 20% Holdback** | | | **$86,843.25** |
| **Total Adjusted Fees Requested** | | | **$347,373.00** |

56135833.2

4

## COMPENSATION BY PROJECT CATEGORY

| NO. | PROJECT CATEGORY | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| 1. | Asset Sale Disposition | 155.3 | $127,714.00 |
| 2. | Business Operations | 110.9 | $89,253.50 |
| 3. | Case Administration | 65.1 | $43,475.50 |
| 4. | Claims Analysis, Objections, Proofs of Claim | 23.1 | $21,678.50 |
| 5. | Committee Matters | 4.4 | $3,864.50 |
| 6. | Creditor Inquiries | 0.6 | $265.00 |
| 7. | Employee Benefits Pension | 7.6 | $5,919.50 |
| 8. | Executory Contracts | 16.8 | $8,788.00 |
| 9. | Fee/Employment Applications (Saul Ewing) | 14.2 | $5,045.00 |
| 10. | Fee/Employment Applications (Other Professionals) | 5.4 | $2,196.00 |
| 11. | Financing and Cash Collateral | 5.2 | $3,803.00 |
| 12. | Litigation: Contested Matters and Adversary Proceedings | 121.7 | $75,879.00 |
| 13. | Non-Working Travel | 3.9 | $3,312.50 |
| 14. | Plan and Disclosure Statement | 10.1 | $4,318.00 |
| 15. | Preparation for and Attendance at Hearings | 40.8 | $37,586.50 |
| 16. | UST Reports, Meetings and Issues | 7.2 | $2,774.00 |
|  | **Total:** | **592.3** | **$435,872.50** |
|  | **Minus 50% for Non-Working Travel** |  | **($1,656.25)** |
|  |  | **Grand Total** | **$434,216.25** |
|  |  | **80% of Total Compensation:** | **$347,373.00** |

## ITEMIZED EXPENSES

| EXPENSE CATEGORY | EXPENSES |
|---|---|
| Cab Fare | $40.43 |
| Court Reporter Services | $525.60 |
| Filing Fees | $199.00 |
| Mileage | $11.41 |
| Parking | $45.00 |
| Professional Services | $50.00 |
| Transportation-Amtrak | $128.00 |
| Westlaw Legal Research | $2,553.46 |
| **Total:** | **$3,552.90** |

56135833.2

5

1. Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Local Bankruptcy Rule 2016-1 and Appendix D, and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. 203] (the "Interim Compensation Order"), Saul Ewing LLP ("Saul Ewing" or the "Applicant"), counsel to the debtors and debtors in possession (collectively, the "Debtors"), hereby applies to the Court for its third monthly fee application for professional services rendered and reimbursement of actual and necessary expenses incurred for the period July 1, 2025 through July 31, 2025 (the "Application Period"). In accordance with the Interim Compensation Order, Saul Ewing requests authority to be paid by the Debtors $434,216.25 (80% of which is $347,373.00) and $3,552.90 in expenses incurred during the Application Period.

2. Attached hereto as **Exhibit A** is a detailed itemization, by project category, of all services performed by the Applicant with respect to these matters during the Application Period. In addition, in accordance with Local Bankruptcy Rule 2016-1, set forth below are summaries describing the services performed within each category. Attached hereto as **Exhibit B** is a Declaration of Applicant with respect to the compensation requested.

3. As outlined by Appendix D, the *Johnson* factors are: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the professional services rendered; (4) the professionals' opportunity costs in pursing the matter; (5) the customary fee for like work; (6) the professional's expectations as to the compensation at the outset of the matter; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the professional; (10) the desirability or undesirability of the case within

the professional community in which the case arose; (11) the nature and length of the professional relationship between the professional and client; and (12) professional fee awards in similar cases. *See Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974); *see also Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978) (agreeing that the *Johnson* factors "must be considered by district courts in this circuit in arriving at a determination of reasonable attorneys' fees in any case where such determination is necessary). Factors two, four, eight, ten, eleven, and twelve are not applicable to this fee application.

4. For the first factor of time and labor expended, Saul Ewing spent a total of 592.3 hours of attorney and paraprofessional time during the Application Period across sixteen different project categories. In *Johnson*, the Fifth Circuit explained that hours spent, although not the sole contributor, "are a necessary ingredient to be considered" and that a judge "should weigh the hours claimed against his knowledge, experience, and expertise of the time required to complete similar activities." *Johnson*, 577 F.2d at 717. Furthermore, duplicative efforts where more than one attorney is involved . . . should be scrutinized." *Id.* In handling various matters for the Debtors, Saul Ewing has and will continue to work as efficiently as possible while avoiding duplicative efforts amongst its attorneys and paraprofessionals.

5. Under *Johnson*, the third factor requires a judge to "closely observe the attorney's work product, his preparation, and general ability before the court." *Id.* at 718. Here, Saul Ewing has produced high quality work product and consistently appeared before the Court with the utmost preparation and ability during the Application Period.

6. Factor five, the customary fee for like work, has been described as the "customary fee for similar work in the community." *Id.* For the Application Period, Saul Ewing seeks to be paid by the Debtors $434,216.25 (80% of which is $347,373.00) and $3,552.90 in expenses. These

amounts are reasonable given the scale and complexities of the Debtors' chapter 11 cases. Furthermore, Saul Ewing has and currently represents other debtors in various, large-scale chapter 11 cases and asserts the amounts asserted in this Application Period are reasonable and comparable.

7.  *Johnson* explains that the sixth factor, the professional's expectations as to the compensation at the outset of the matter, is based on whether the "fee quoted to the client or the percentage of the recovery agreed to is helpful in demonstrating the attorney's fee expectations when he accepted the case." *Id.* at 718. The Fifth Circuit explained that the litigant should never "be awarded a fee greater than he is contractually bound to pay, if indeed the attorneys have contracted as to amount." *Id.* On February 5, 2025, the Debtors filed the *Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Saul Ewing LLP as Bankruptcy Counsel to the Debtors, Effective as of the Petition Date* [D.I. 106] (the "Saul Ewing Retention Application"), which detailed Saul Ewing's standard hourly rates in its representation of the Debtors. The Court approved the Saul Ewing Retention Application on February 28, 2025. *See* D.I. 185. The compensation sought by Saul Ewing for the Application Period is consistent with the rates included in the Court-approved Saul Ewing Retention Application.

8.  For the seventh factor, the time limitations imposed by the client or circumstances, "[p]riority work that delays the lawyer's other legal work is entitled to some premium." *Johnson*, 488 F.2d at 718. Here, Saul Ewing's fees for the Application Period are justifiable as large-scale, complex chapter 11 cases move swiftly and often impose small windows to properly meet deadlines.

9.  Factor nine addresses the experience, reputation, and ability of the professionals. The court in *Johnson* stated, "[m]ost fee scales reflect an experience differential with the more experienced attorneys receiving larger compensation" but that longevity "should not dictate the higher fee." *Id*. at 718–19. Here, Saul Ewing's attorneys have extensive knowledge of, and

experience with, complex chapter 11 cases that justify its fees for the Application Period. Saul Ewing further represents that its fees are within market for the services the firm provides.

10. For the foregoing reasons, the compensation requested by Saul Ewing for the Fee Application is reasonable based upon customary compensation and reimbursement of expenses charged by Saul Ewing and comparably skilled professionals in non-bankruptcy matters.

**CATEGORY 1: ASSET SALE DISPOSITION.**

This category includes all matters relating to the disposition, and other post-petition uses of, property of the estates, including addressing post-closing issues and the sale of the Debtors' remaining assets. Saul Ewing spent 155.3 hours of attorney time on the foregoing services. Said services have a value of $127,714.00 for which Saul Ewing is seeking compensation.

| Asset Sale Disposition | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| M. Minuti | Partner | 41.5 | $40,462.50 |
| J. Hampton | Partner | 32.9 | $28,294.00 |
| A. Isenberg | Partner | 54.6 | $46,956.00 |
| A. Greene | Counsel | 5.1 | $2,983.50 |
| P. Topper | Associate | 6.7 | $3,383.50 |
| T. Falk | Associate | 0.3 | $145.50 |
| E. Strine | Associate | 4.1 | $1,906.50 |
| N. Smargiassi | Associate | 10 | $3,550.00 |
| M. Hanamirian | Associate | 0.1 | $32.50 |
| **Total** | | **155.3** | **$127,714.00** |

**CATEGORY 2: BUSINESS OPERATIONS.**

This category includes all matters relating to the general operation of the Debtors' businesses. Saul Ewing spent 110.9 hours of attorney and paraprofessional on the foregoing services. Said services have a value of $89,253.50 for which Saul Ewing is seeking compensation.

| Business Operations | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| M. Minuti | Partner | 1.7 | $1,657.50 |

56135833.2                                9

| | | | |
|---|---|---|---|
| J. Hampton | Partner | 91.9 | $79,034.00 |
| A. Isenberg | Partner | 0.1 | $86.00 |
| D. Brennan | Partner | 0.4 | $332.00 |
| P. Topper | Associate | 0.7 | $353.50 |
| T. Falk | Associate | 15.2 | $7,372.00 |
| E. Strine | Associate | 0.9 | $418.50 |
| **Total** | | **110.9** | **$89,253.50** |

## CATEGORY 3: CASE ADMINISTRATION.

This category includes all matters related to work regarding the administration of the cases, including drafting and revising administrative motions; addressing comments to various motions; filing pleadings; and drafting certifications of counsel and certificates of no objection. Saul Ewing spent 65.1 hours of attorney and paraprofessional time on the foregoing services. Said services have a value of $43,475.50 for which Saul Ewing is seeking compensation.

| Case Administration | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| M. Minuti | Partner | 9.6 | $9,360.00 |
| J. Hampton | Partner | 14.2 | $12,212.00 |
| A. Isenberg | Partner | 14.4 | $12,384.00 |
| J. Rosenfeld | Partner | 2.2 | $1,243.00 |
| P. Topper | Associate | 0.9 | $454.50 |
| N. Smargiassi | Associate | 8.1 | $2,875.50 |
| M. Hanamirian | Associate | 0.1 | $32.50 |
| P. Markey | Paralegal | 15.6 | $4,914.00 |
| **Total** | | **65.1** | **$43,475.50** |

**CATEGORY 4: CLAIMS ANALYSIS, OBJECTIONS, PROOFS OF CLAIM.**

This category includes all time spent in connection with claim and bar date issues. Time in this category includes addressing a motion for allowance of an administrative expense claim and conducting legal research. Saul Ewing spent 23.1 hours of attorney time on the foregoing services. Said services have a value of $21,678.50 for which Saul Ewing is seeking compensation.

| Claims Analysis, Objections, Proofs of Claim and Bar Date | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| M. Minuti | Partner | 16.2 | $15,795.00 |
| J. Hampton | Partner | 2.8 | $2,408.00 |
| A. Isenberg | Partner | 4 | $3,440.00 |
| N. Smargiassi | Associate | 0.1 | $35.50 |
| Total | | 23.1 | $21,678.50 |

**CATEGORY 5: COMMITTEE MATTERS.**

This category includes all time spent in connection with Committee matters, including correspondence with the Committee and responding to Committee information requests. Saul Ewing spent 4.4 hours of attorney time on the foregoing services. Said services have a value of $3,864.50 for which Saul Ewing is seeking compensation.

| Committee Matters | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| M. Minuti | Partner | 2.6 | $2,236.00 |
| J. Hampton | Partner | 1.1 | $946.00 |
| A. Isenberg | Partner | 0.7 | $682.50 |
| Total | | 4.4 | $3,864.50 |

**CATEGORY 6: CREDITOR INQUIRIES.**

This category includes all matters related to communicating with creditors and parties in interest regarding case status and case-related issues. Saul Ewing spent 0.6 hours of attorney time on the foregoing services. Said services have a value of $265.00 for which Saul Ewing is seeking compensation.

| Creditor Inquiries | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| T. Falk | Associate | 0.4 | $194.00 |
| N. Smargiassi | Associate | 0.2 | $71.00 |
| **Total** | | **0.6** | **$265.00** |

**CATEGORY 7: EMPLOYEE BENEFITS/PENSION MATTERS**

This category includes all matters related to employee matters or employee benefits, including employee issues related to the transition of the Debtors' operations post-sale closing. Saul Ewing spent 7.6 hours of attorney time on the foregoing services. Said services have a value of $5,919.50 for which Saul Ewing is seeking compensation.

| Employee Benefits Pension | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| M. Minuti | Partner | 0.1 | $97.50 |
| A. Isenberg | Partner | 5.9 | $5,074.00 |
| P. Topper | Associate | 1.2 | $606.00 |
| N. Smargiassi | Associate | 0.4 | $142.00 |
| **Total** | | **7.6** | **$5,919.50** |

**CATEGORY 8: EXECUTORY CONTRACTS AND UNEXPIRED LEASES.**

This category includes all matters related to executory contracts. Time in this category includes drafting a motion to assume and assign a lease, revising a proposed order to reject a lease, and addressing other lease and contract rejection issues. Saul Ewing spent 16.8 hours of attorney time on the foregoing services. Said services have a value $8,788.00 for which Saul Ewing is seeking compensation.

| Executory Contracts | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| M. Minuti | Partner | 0.4 | $390.00 |
| J. Hampton | Partner | 0.2 | $172.00 |
| A. Isenberg | Partner | 3 | $2,580.00 |
| P. Topper | Associate | 6.4 | $3,232.00 |
| N. Smargiassi | Associate | 6.8 | $2,414.00 |
| **Total** | | **16.8** | **$8,788.00** |

**CATEGORY 9: FEE/EMPLOYMENT APPLICATIONS (SAUL EWING).**

This category includes all matters related to the review and preparation of Saul Ewing's fee applications. Saul Ewing spent 14.2 hours of attorney and paraprofessional time on the foregoing services. Said services have a value of $5,045.00 for which Saul Ewing is seeking compensation.

| Fee/Employment Applications (Saul Ewing) | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| J. Hampton | Partner | 0.4 | $344.00 |
| P. Topper | Associate | 1.2 | $606.00 |
| M. Hanamirian | Associate | 12.6 | $4,095.00 |
| **Total** | | **14.2** | **$5,045.00** |

**CATEGORY 10: FEE/EMPLOYMENT APPLICATIONS (OTHER PROFESSIONALS).**

This category includes all matters related to the review and analysis and filing of retention and fee applications for other professionals in these chapter 11 cases. Saul Ewing spent 5.4 hours of attorney time on the foregoing services. Said services have a value of $2,196.00 for which Saul Ewing is seeking compensation.

| Fee/Employment Applications (Other Professionals) | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| P. Topper | Associate | 2.1 | $1,060.50 |
| N. Smargiassi | Associate | 2.1 | $745.50 |
| M. Hanamirian | Associate | 1.2 | $390.00 |
| **Total** | | **5.4** | **$2,196.00** |

**CATEGORY 11: FINANCING AND CASH COLLATERAL.**

This category includes all matters related to DIP financing and cash collateral, including drafting a notice of Seventh Amendment to the DIP Credit Agreement and addressing DIP-related issues. Saul Ewing spent 5.2 hours of attorney time on the foregoing services. Said services have a value of $3,803.00 for which Saul Ewing is seeking compensation.

| DIP Financing and Cash Collateral | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| M. Minuti | Partner | 0.2 | $195.00 |
| A. Isenberg | Partner | 3.6 | $3,096.00 |
| P. Topper | Associate | 0.1 | $50.50 |
| N. Smargiassi | Associate | 1.3 | $461.50 |

| Total | | 5.2 | $3,803.00 |
|---|---|---|---|

## CATEGORY 12: LITIGATION: CONTESTED MATTERS AND ADVERSARY PROCEEDINGS.

This category includes all matters related to litigation.  Time in this category includes conducting legal research, addressing issues related to the consigned inventory, and analyzing objections to the Debtors' motion to sell consigned inventory.  Saul Ewing spent 121.7 hours of attorney and paraprofessional time on the foregoing services.  Said services have a value of $75,879.00 for which Saul Ewing is seeking compensation.

| Litigation: Contested Matters and Adversary Proceedings | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| M. Minuti | Partner | 11.6 | $11,310.00 |
| J. Hampton | Partner | 5.5 | $4,730.00 |
| A. Isenberg | Partner | 38.2 | $32,852.00 |
| A. Strine | Associate | 1 | $505.00 |
| P. Topper | Associate | 22 | $11,110.00 |
| T. Falk | Associate | 0.4 | $194.00 |
| N. Smargiassi | Associate | 40.7 | $14,448.50 |
| M. Hanamirian | Associate | 1.1 | $357.50 |
| R. Warren | Paraprofessional | 1.2 | $372.00 |
| **Total** | | **121.7** | **$75,879.00** |

## CATEGORY 13: NON-WORKING TRAVEL.

This category includes all matters related to non-working travel, which time is billed at 50% of the time incurred.  Time in this category includes traveling to and from the hearing on the motion to intervene.  Saul Ewing spent 3.9 hours of attorney time on the foregoing services.  Said services have a value of $3,312.50 (50% - $1,656.25) for which Saul Ewing is seeking compensation.

| Non-Working Travel | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| M. Minuti | Partner | 2.9 | $2,827.50 |
| A. Fellona | Associate | 1 | $485.00 |
| **Total** | | **3.9** | **$3,312.50** |
| **Minus 50% for Non-Working Travel** | | | **($1,656.25)** |
| **Grand Total** | | **3.9** | **$1,656.25** |

CATEGORY 14: PLAN AND DISCLOSURE STATEMENT.

This category includes time related to plan and disclosure statement issues. Time in this category includes drafting a motion to further extend the Debtors' deadlines to file and solicit a plan and conducting related legal research. Saul Ewing spent 10.1 hours of attorney time on the foregoing services. Said services have a value of $4,318.00 for which Saul Ewing is seeking compensation.

| Plan and Disclosure Statement | | | |
|---|---|---|---|
| Professionals | Position | Hours | Compensation |
| M. Minuti | Partner | 0.2 | $195.00 |
| J. Hampton | Partner | 0.3 | $258.00 |
| A. Isenberg | Partner | 0.4 | $344.00 |
| P. Topper | Associate | 1.7 | $858.50 |
| N. Smargiassi | Associate | 7.5 | $2,662.50 |
| Total | | 10.1 | $4,318.00 |

CATEGORY 15: PREPARATION FOR AND ATTENDANCE AT HEARINGS.

This category includes all matters related to preparation for and attendance at hearings. Time in this category includes preparing for and participating in hearings on an administrative claim motion and a motion to intervene in an adversary proceeding. Saul Ewing spent 40.8 hours of attorney time on the foregoing services. Said services have a value of $37,586.50 for which Saul Ewing is seeking compensation.

| Preparation for and Attendance at Hearings | | | |
|---|---|---|---|
| Professionals | Position | Hours | Compensation |
| M. Minuti | Partner | 33.7 | $32,857.50 |
| J. Hampton | Partner | 1.4 | $1,204.00 |
| A. Isenberg | Partner | 2.3 | $1,978.00 |
| P. Topper | Associate | 1.4 | $707.00 |
| A. Fellona | Associate | 1 | $485.00 |
| N. Smargiassi | Associate | 1 | $355.00 |
| Total | | 40.8 | $37,586.50 |

CATEGORY 16: UST REPORTS, MEETINGS AND ISSUES.

This category includes time related to the preparation of information required by the U.S. Trustee or the Court. Time in this category includes responding to information requests from the U.S. Trustee and reviewing and revising monthly operating reports. Saul Ewing spent 7.2 hours of attorney and paraprofessional time on the foregoing services. Said

services have a value of $2,774.00, for which Saul Ewing is seeking compensation.

| UST Reports, Meetings and Issues | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| J. Hampton | Partner | 0.2 | $172.00 |
| P. Topper | Associate | 0.9 | $454.50 |
| N. Smargiassi | Associate | 5.7 | $2,023.50 |
| R. Warren | Paraprofessional | 0.4 | $124.00 |
| **Total** | | **7.2** | **$2,774.00** |

**EXPENSES**.

Saul Ewing seeks $3,552.90 in expenses for the following categories:

| Summary of Expenses | | |
|---|---|---|
| **Expense Category** | **Service Provider (if applicable)** | **Total** |
| Total Cab Fare | Uber | $40.43 |
| Total Court Report Servicers | Writer's Cramp, Inc. | $525.60 |
| Total Filing Fees | United States Bankruptcy Court | $199.00 |
| Total Mileage | N/A | $11.41 |
| Total Parking | Wilmington Parking Authority; Premium Parking | $45.00 |
| Total Professional Services | Reliable Copy Service | $50.00 |
| Total Transportation - Amtrak | Amtrak | $128.00 |
| Total Westlaw Legal Research | Westlaw Legal Research | $2,553.46 |
| **Total** | | **$3,552.90** |

[*Remainder of Page Left Intentionally Blank*]

WHEREFORE, Saul Ewing respectfully requests, in accordance with the Interim Compensation Order, that the Debtors direct payment of interim compensation in the amount of $434,216.25 (80% of which is $347,373.00) for legal services rendered on behalf of the Debtors during the Application Period, and reimbursement of disbursements in the amount of $3,552.90.

Dated: August 29, 2025                **SAUL EWING LLP**

By: */s/ Jordan D. Rosenfeld*
    Jordan D. Rosenfeld (MD Bar No. 13694)
    1001 Fleet Street, 9th Floor
    Baltimore, MD 21202
    Telephone: (410) 332-8600
    Email: jordan.rosenfeld@saul.com

-and-

Jeffrey C. Hampton (admitted *pro hac vice*)
Adam H. Isenberg (admitted *pro hac vice*)
Turner N. Falk (admitted *pro hac vice*)
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Email: jeffrey.hampton@saul.com
      adam.isenberg@saul.com
      turner.falk@saul.com

-and-

Mark Minuti (admitted *pro hac vice*)
Paige N. Topper (admitted *pro hac vice*)
Nicholas Smargiassi (admitted *pro hac vice*)
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
Telephone: (302) 421-6800
Email: mark.minuti@saul.com
      paige.topper@saul.com
      nicholas.smargiassi@saul.com

*Counsel for Debtors and Debtors in Possession*