**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc., *et al.*, | Chapter 11 |
| Debtors.[1] | (Jointly Administered) |
| | **Hearing Date:**<br>September 30, 2025, at 2:00 p.m. (ET)<br>**Objection Deadline:**<br>September 12, 2025 |

**SUMMARY COVER SHEET FOR SECOND INTERIM FEE APPLICATION OF SAUL EWING LLP, COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM APRIL 1, 2025 THROUGH JUNE 30, 2025**

| | |
|---|---|
| Name of Applicant: | Saul Ewing LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors-in-Possession |
| Period for which compensation and reimbursement is sought: | April 1, 2025–June 30, 2025 |
| Total compensation sought this period: | $1,608,826.75 |
| Total expenses sought this period: | $29,917.08 |
| Petition date: | January 14, 2025 |
| Date of retention: | February 28, 2025, effective as of January 14, 2025 |
| Total compensation approved by interim order to date: | $1,293,743.75 |
| Total expenses approved by interim order to date: | $15,520.86 |

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

| | |
|---|---|
| Total allowed compensation paid to date: | $2,580,805.15 |
| Total allowed expenses paid to date: | $45,437.94 |
| Blended rate in this application for all timekeepers: | $700.49 |
| Compensation sought in this application already paid pursuant to a monthly compensation order but not yet allowed | $1,287,061.40 |
| Expenses sought in this application already paid pursuant to a monthly compensation order but not yet allowed | $29,917.08 |
| Compensation Sought in this Second Interim Fee Application Not Yet Paid: | $321,765.35 |
| Expenses Sought in this Second Interim Fee Application Not Yet Paid: | $0.00 |
| Number of professionals included in this application | 28 |
| If applicable, number of professionals in this application not included in staffing plan approved by client | N/A |
| If applicable, difference between fees budgeted and compensation sought for this period | $168,826.75 |
| Number of professionals billing fewer than 15 hours to the case during this period | 15 |
| Are rates higher than those approved or disclosed at retention? If yes, calculate and disclose the total compensation sought in this application using the rates originally disclosed in the retention application | No. |

This is an: ___ monthly     **X** interim     ___ final application.

## SUMMARY OF PRIOR MONTHLY FEE APPLICATIONS

| DATE FILED | PERIOD COVERED | REQUESTED FEES | REQUESTED EXPENSES | UNOPPOSED FEES | UNOPPOSED EXPENSES | PAID FEES | PAID EXPENSES | HOLDBACK FEES |
|---|---|---|---|---|---|---|---|---|
| 4/16/2025 | 1/14/2025-2/28/2025 | $756,360.00 (80% of which is $605,088.00) | $12,089.77 | $756,360.00 | $12,089.77 | $756,360.00 | $12,089.77 | $0.00 |
| 5/01/2025 | 3/01/2025-3/31/2025 | $537,383.75 (80% of which is $429,907.00) | $3,431.09 | $537,383.75 | $3,431.09 | $537,383.75 | $3,431.09 | $0.00 |
| 6/06/2025 | 4/01/2025-4/30/2025 | $692,850.50 (80% of which is $554,280.40) | $11,950.85 | $692,850.50 | $11,950.85 | $554,280.40 | $11,950.85 | $138,570.10 |
| 7/22/2025 | 5/01/2025-5/31/2025 | $453,983.25 (80% of which is $363,186.60) | $9,981.12 | $453,983.25 | $9,981.12 | $363,186.60 | $9,981.12 | $90,796.65 |
| 7/25/2025 | 6/01/2025-6/30/2025 | $461,993.00 (80% of which is $369,594.40) | $7,985.11 | $461,993.00 | $7,985.11 | $369,594.40 | $7,985.11 | $92,398.60 |
| 8/29/2025 | 7/01/2025-7/31/2025 | $434,216.25 (80% of which is $347,373.00) | $3,552.90 | N/A | N/A | N/A | N/A | $86,843.25 |
| | Totals: | $3,336,786.75 (80% of which is $2,669,429.40) | $48,990.84 | $2,902,570.50 | $45,437.94 | $2,580,805.15 | $45,437.94 | $408,608.60 |

## SUMMARY OF PRIOR INTERIM FEE APPLICATIONS

| DATE FILED | PERIOD COVERED | REQUESTED FEES | REQUESTED EXPENSES | UNOPPOSED FEES | UNOPPOSED EXPENSES | PAID FEES | PAID EXPENSES | HOLDBACK FEES |
|---|---|---|---|---|---|---|---|---|
| 6/6/2025 | 1/14/2025-3/31/2025 | $1,293,743.75 | $15,520.86 | $1,293,743.75 | $15,520.86 | $1,293,743.75 | $15,520.86 | $0.00 |
| | Totals: | $1,293,743.75 | $15,520.86 | $1,293,743.75 | $15,520.86 | $1,293,743.75 | $15,520.86 | $0.00 |

[*Remainder of page left intentionally blank*]

Dated: August 29, 2025	**SAUL EWING LLP**

By: /s/ *Jordan D. Rosenfeld*
Jordan D. Rosenfeld (MD Bar No. 13694)
1001 Fleet Street, 9th Floor
Baltimore, MD 21202
Telephone: (410) 332-8600
Email: jordan.rosenfeld@saul.com

-and-

Jeffrey C. Hampton (admitted *pro hac vice*)
Adam H. Isenberg (admitted *pro hac vice*)
Turner N. Falk (admitted *pro hac vice*)
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Email: jeffrey.hampton@saul.com
   adam.isenberg@saul.com
   turner.falk@saul.com

-and-

Mark Minuti (admitted *pro hac vice*)
Paige N. Topper (admitted *pro hac vice*)
Nicholas Smargiassi (admitted *pro hac vice*)
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
Telephone: (302) 421-6800
Email: mark.minuti@saul.com
   paige.topper@saul.com
   nicholas.smargiassi@saul.com

*Counsel for Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc., *et al.*, | Chapter 11 |
| Debtors.¹ | (Jointly Administered) |
| | **Hearing Date:**<br>September 30, 2025, at 2:00 p.m. (ET)<br>**Objection Deadline:**<br>September 12, 2025 |

**SECOND INTERIM FEE APPLICATION OF SAUL EWING LLP, COUNSEL
TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
FROM APRIL 1, 2025 THROUGH JUNE 30, 2025**

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 and Appendix D of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland (the "Local Rules"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. 203] (the "Interim Compensation Order"), Saul Ewing LLP ("Saul Ewing" or the "Applicant"), counsel to the debtors and debtors in possession (collectively, the "Debtors"), hereby applies to the Court for its second interim fee application (the "Second Interim Fee Application") for professional services rendered and reimbursement of actual and necessary expenses incurred for the period April 1, 2025 through June 30, 2025 (the "Application Period"). In accordance with the Interim Compensation Order, by

---

¹ The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

this Fee Application, Saul Ewing seeks interim approval and allowance of compensation in the amount of $1,608,826.75, and reimbursement of actual and necessary expenses in the amount of $29,917.08, for the Application Period.

1. On January 14, 2025 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors are operating their businesses and managing their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner in these Chapter 11 Cases. On January 29, 2025, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee").

2. On February 28, 2025, the Court entered the *Order Authorizing the Employment and Retention of Saul Ewing LLP as Bankruptcy Counsel to the Debtors, Effective as of the Petition Date* [Docket No. 185] (the "Retention Order").

3. In addition, on March 10, 2025, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. 203], which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in the Chapter 11 Cases. Pursuant to the Interim Compensation Order, the Court established a procedure for interim compensation and reimbursement of disbursements for professionals appointed in these cases. In particular, the Court authorized the filing and service to certain notice parties of monthly interim fee applications by professionals appointed in these cases and payment by the Debtors of 80% of fees and 100% of expenses, in the absence of an objection made within fourteen (14) days of service of the pertinent application.

4. Pursuant to the Interim Compensation Order, Saul Ewing filed the following monthly fee applications (the "<u>Monthly Fee Applications</u>"), which are incorporated by reference in their entirety:

    (a) *Third Monthly Fee Application of Saul Ewing LLP, Counsel to the Debtors, for Allowance of Compensation and Reimbursement of Expenses for the Period from April 1, 2025 Through April 30, 2025* [Docket No. 491], filed on June 6, 2025 – Seeks compensation in the amount of $692,850.50 and reimbursement of expenses in the amount of $11,950.85.

    (b) *Fourth Monthly Fee Application of Saul Ewing LLP, Counsel to the Debtors, for Allowance of Compensation and Reimbursement of Expenses for the Period from May 1, 2025 Through May 31, 2025* [Docket No. 637], filed on July 22, 2025 – Seeks compensation in the amount of $453,983.25 and reimbursement of expenses in the amount of $9,981.12.

    (c) *Fifth Monthly Fee Application of Saul Ewing LLP, Counsel to the Debtors, for Allowance of Compensation and Reimbursement of Expenses for the Period from June 1, 2025 Through June 30, 2025* [Docket No. 651], filed on July 25, 2025 – Seeks compensation in the amount of $461,993.00 and reimbursement of expenses in the amount of $7,985.11.

5. Pursuant to the Interim Compensation Order, professionals retained in these chapter 11 cases are also authorized to file interim fee applications with the Court at three-month intervals. Under the Interim Compensation Order, the second three-month interval covers the period from April 1, 2025 through June 30, 2025.

### Professional Services Rendered

6. Pursuant to the Interim Compensation Order, Saul Ewing submits this Second Interim Fee Application, seeking interim approval and allowance of compensation in the amount of $1,608,826.75 and actual and necessary expenses in the amount of $29,917.08 incurred during the interim period from April 1, 2025 through June 30, 2025.

### Additional Disclosures, Representations, and Attached Exhibits

7. Saul Ewing's hourly rates for bankruptcy services are comparable to the hourly rates charged in complex chapter 11 cases by comparably skilled bankruptcy attorneys. In addition, Saul Ewing's hourly rates for bankruptcy services are comparable to the rates charged by the firm, and by comparably skilled practitioners in other firms, for complex corporate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required.

8. The Second Interim Fee Application is supported by the following exhibits:

   (a) **Exhibit A**: Summary by professional for the time expended in the representation of the Debtors during the Application Period.
   (b) **Exhibit B**: Summary by compensation project category for the Application Period.
   (c) **Exhibit C**: Summary of the expenses incurred during the Application Period.
   (d) **Exhibit D**: Summary of the blended hourly rates for the Saul Ewing professionals who expended time in the representation of the Debtors during the Application Period.
   (e) **Exhibit E**: Budget and staffing plans for the Application Period.
   (f) **Exhibit F**: Declaration of Jeffrey C. Hampton in support of this Application.

9. Saul Ewing maintains flat fee contracts with both Westlaw and Lexis. As a general matter, and in the present case, Saul Ewing charges all clients (bankruptcy and non-bankruptcy) on whose behalf legal research is undertaken the amounts that Westlaw and Lexis charge to regular users (i.e. users that do not maintain flat fee contracts) on a basis that is tied to the actual length of usage for each research session; however, Saul Ewing then applies a 50% discount to the amounts charged to its clients. In applying such discounted charges to its clients, Saul Ewing passes the benefits of the flat fee arrangement on to its clients while also maintaining a revenue neutral arrangement under its contracts with Westlaw and Lexis; specifically, Saul Ewing does not derive a profit from such legal research charges.

10. To the best of Saul Ewing's knowledge, this Second Interim Fee Application complies with sections 330 and 331 of the Bankruptcy Code, Local Rule 2016-1 and Appendix D,

4

the Interim Compensation Order, and the UST's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. §330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013 (the "<u>Revised UST Guidelines</u>").

11. During the Application Period, Saul Ewing did not agree to any variations from, or alternatives to, its standard or customary billing rates, fees or terms for services pertaining to this engagement.

12. None of the professionals included in this Second Interim Fee Application varied their hourly rate based on the geographical location of the bankruptcy cases.

13. This Second Interim Fee Application does not include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices.

14. This Second Interim Fee Application does not include time or fees for reviewing time records to redact any privileged or other confidential information.

15. In accordance with section 504 of the Bankruptcy Code and Bankruptcy Rule 2016(a), no agreement or understanding exists between Saul Ewing and any other person for the sharing of compensation received or to be received for services rendered in or in connection with this case.

16. No agreement or understanding prohibited by 18 U.S.C. § 155 has been or will be made by Saul Ewing.

17. Notice of this Second Interim Fee Application has been provided in accordance with the Interim Compensation Order. Saul Ewing submits that no other or further notice need be provided.

18. Saul Ewing reserves all rights and claims. Without limiting the generality of the foregoing, Saul Ewing reserves its right to submit future monthly fee applications, interim fee

applications, and final fee applications, including, without limitation, fee applications seeking final allowance of all amounts sought to be paid or reimbursed herein and in respect of any amounts held back pursuant to the Interim Compensation Order or otherwise.

[*Remainder of page left intentionally blank*]

WHEREFORE, Saul Ewing respectfully requests that the Court enter an Order, substantially in the form attached hereto as **Exhibit G**, (i) granting the Second Interim Fee Application and authorizing interim allowance of compensation in the amount of $1,608,826.75 for professional services rendered on behalf of the Debtors and reimbursement for actual and necessary expenses in the amount of $29,917.08, for a total of $1,638,743.83; (ii) directing payment by the Debtors of the foregoing amounts; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: August 29, 2025

**SAUL EWING LLP**
By: */s/ Jordan D. Rosenfeld*
Jordan D. Rosenfeld (MD Bar No. 13694)
1001 Fleet Street, 9th Floor
Baltimore, MD 21202
Telephone: (410) 332-8600
Email: jordan.rosenfeld@saul.com

-and-

Jeffrey C. Hampton (admitted *pro hac vice*)
Adam H. Isenberg (admitted *pro hac vice*)
Turner N. Falk (admitted *pro hac vice*)
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Email: jeffrey.hampton@saul.com
     adam.isenberg@saul.com
     turner.falk@saul.com

-and-

Mark Minuti (admitted *pro hac vice*)
Paige N. Topper (admitted *pro hac vice*)
Nicholas Smargiassi (admitted *pro hac vice*)
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
Telephone: (302) 421-6800
Email: mark.minuti@saul.com
     paige.topper@saul.com
     nicholas.smargiassi@saul.com

*Counsel for Debtors and Debtors in Possession*