# EXHIBIT B

## DECLARATION OF TAL GOLDSMITH

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
# (Baltimore Division)

| | |
|---|---|
| In re | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc., *et al.*, | Chapter 11 |
| Debtors.[1] | (Jointly Administered) |

## DECLARATION OF TAL GOLDSMITH

1. I am a Partner in the firm of Stephenson Harwood LLP ("Stephenson Harwood"), which serves as special counsel to the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors").

2. I have read the foregoing application of Stephenson Harwood for allowance of compensation and reimbursement of expenses and know the contents thereof and that the same are true and correct, to the best of my knowledge, information and belief.[2]

3. I hereby certify that the Second Interim Fee Application complies with the Interim Compensation Order and the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and Local Rule 2016-1 and Appendix D.  I hereby certify that, in accordance with the Interim Compensation Order and in connection with the Second Interim Fee Application, Stephenson Harwood made a reasonable effort to comply with the Revised UST Guidelines.

4. Pursuant to the Appendix B in the Revised UST Guidelines, Stephenson Harwood responds to the following questions regarding the Application:

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585).  The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

[2] Capitalized terms used but not defined herein are defined in the Second Interim Fee Application.

| Question | Response | Explanation |
|---|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?  If so, please explain. | No | |
| If the fees sought in this fee application as compared to the fees budgeted for this time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client? | N/A | |
| Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? | No | |
| Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? | No | |
| Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? | No | |
| If the fee application includes any rate increases since retention:<br>i.  Did your client review and approve those rate increases in advance?<br>ii.  Did your client agree when retaining the law firm to accept all future rate increases?  If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA formal Ethics Opinion 11-458? | i.  N/A<br><br>ii.  N/A | |

Dated: September 3, 2025

                                          */s/ Tal Goldsmith*
                                          Tal Goldsmith