
Entered: September 12th, 2025
Signed: September 12th, 2025

**SO ORDERED**



DAVID E. RICE
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | |
|---|---|
| In re | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc., *et al.*, | Chapter 11 |
| Debtors.[1] | (Jointly Administered) |
| | **Re: D.I. 785** |

### CONSENT ORDER RESOLVING, IN PART, DEBTORS' (I) MOTION TO ENFORCE THE AUTOMATIC STAY (II) TO ENFORCE THE SALE ORDER AND (III) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order, pursuant to sections 102(a) and 362 of the Bankruptcy Code, (i) enforcing the automatic stay, (ii) enforcing the sale order, and (iii) granting related relief; and upon consideration of Sparkle Pop, LLC's Objection to Debtors' Motion (i) to Enforce the Automatic Stay and (ii) to Enforce the Sale Order and (iii) Granting Related Relief (the "Sparkle Pop Objection"), and the Limited Objection to Debtors' Motion (i) to Enforce the Automatic Stay (ii) to Enforce the Sale Order and (iii) Granting Related

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

[2] Capitalized terms used but not defined herein are defined in the Motion.

Relief filed by the Ad Hoc Committee of Consignors (the "Consignors' Objection"), the Joinder of the Consignment Group to the Ad Hoc Committee of Consignors' Limited Objection to Debtors' Motion (i) to Enforce the Automatic Stay (ii) to Enforce the Sale Order and (iii) Granting Related Relief filed by the Consignment Group (the "Consignment Group Joinder," and together with the Sparkle Pop Objection and the Consignors' Objection, the "Objections"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this matter being a "core" proceeding under 28 U.S.C. § 157(b); and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and the Court being satisfied that the relief granted in this Order is in the best interests of the Debtors, their creditors and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon review of the Motion and the Objections and all the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, by the United States Bankruptcy Court for the District of Maryland

**IT IS HEREBY ORDERED THAT:**

1. Pursuant to this Court's authority under 11 U.S.C. § 105(a), the Motion is RESOLVED IN PART, solely to the extent set forth herein.

2. Sparkle Pop shall immediately cease all sales, marketing and advertising of goods held on consignment by or on behalf of any of the Debtors (the "Consigned Inventory") and shall immediately remove all Consigned Inventory from its (and/or any affiliate of Sparkle Pop's) website, order forms, marketing materials and all other forms of product marketing and sales materials. Within three (3) business days of the entry of this Order, Sparkle Pop shall file with the

Court a written Certification (the "Certification") that it has ceased all sales of Consigned Inventory and that it has otherwise complied with this paragraph.

3. Within three (3) business days of the entry of this Order, Sparkle Pop shall provide to Debtors and counsel to the Objectors a detailed written accounting, certified by an officer of Sparkle Pop, regarding any and all sales of Consigned Inventory, which shall include for each product sold (a) the name of the vendor/consignor who provided the product, (b) the name or title of the product, the SKU and/or other relevant information identifying the product; (c) the gross sale proceeds received for the product; (d) the quantity of the product sold and the date sold; and (e) the manufacturer's retail price of the product (the "Accounting").

4. Within three (3) business days of the entry of this Order, Sparkle Pop shall pay the gross proceeds of its sales of Consigned Inventory into the Registry of the Court (the "Court Registry").  Such proceeds shall be held in the Court Registry in accordance with Administrative Order 16-03 ("Order Regarding Deposit and Investment of Registry Funds"), pending further order of the Court.  In the event Sparkle Pop receives any proceeds for its sale of Consignment Inventory after its initial payment into the Court Registry, it shall promptly serve upon Debtors and counsel to the Objectors an updated Accounting and shall forward such additional gross proceeds to the Court Registry within three (3) business days after the receipt of any such proceeds, who shall hold such additional proceeds in escrow pending further order of the Court (all proceeds turned over to the Court Registry, the "Escrowed Proceeds").

5. Except as may be expressly modified by this Order, all other terms and conditions of the TSA and the Sparkle Pop APA remain in force and unchanged.

6. The Debtors' request in the Motion for actual damages, and their claim for attorneys' fees and costs related to recovery of such damages and Sparkle Pop's Objections and

defenses to such claims shall be preserved and a hearing on the Motion with respect thereto shall be continued to a date to be determined, upon further notice to the parties.

7. Nothing in this Order shall be deemed an admission of liability regarding any of the allegations or claims asserted in the Motion or the Objections and no party shall be deemed to have waived any request for relief or objection to any such request through this Order to resolve the Motion.

8. Notwithstanding anything to the contrary contained in the Motion, the Objections, or this Order, the rights, claims and defenses of the Debtors, Sparkle Pop and the consignment vendors with respect to the Escrowed Proceeds and/or the Consignment Inventory are fully preserved. Any and all rights, claims and liens JPMorgan Chase Bank, N.A. may have in the Consigned Inventory and Escrowed Proceeds pursuant to the terms of the Final Order (I) Authorizing the Debtors to Obtain Postpetition Senior Secured Financing and the Use of Cash Collateral; (II) Granting Adequate Protection; (III) Granting Liens and Superpriority Administrative Expense Claims; (IV) Modifying the Automatic Stay; and (V) Granting Related Relief [D.I. 163] (the "Final DIP Order") shall be fully preserved, with any and all such rights, claims and liens (to the extent applicable) attaching to the Escrowed Proceeds.

[remainder of page intentionally blank]

9. This Court shall retain jurisdiction to hear and determine all matters arising from, or related to, the interpretation or implementation of this Order.

**CONSENTED TO**:

| | |
|---|---|
| SAUL EWING LLP<br><br>By:/s/ *Jordan D. Rosenfeld*<br>Jordan D. Rosenfeld (MD Bar No. 13694)<br>1001 Fleet Street, 9th Floor<br>Baltimore, MD 21202<br>Telephone: (410) 332-8600<br>Email: jordan.rosenfeld@saul.com<br><br>-and-<br><br><br>Jeffrey C. Hampton (admitted *pro hac vice*)<br>Adam H. Isenberg (admitted *pro hac vice*)<br>1500 Market Street, 38th Floor<br>Philadelphia, PA 19102<br>Telephone: (215) 972-7777<br>Email: jeffrey.hampton@saul.com<br>       adam.isenberg@saul.com<br><br>-and-<br><br>Mark Minuti (admitted *pro hac vice*)<br>Paige N. Topper (admitted *pro hac vice*)<br>1201 N. Market Street, Suite 2300<br>Wilmington, DE 19801<br>Telephone: (302) 421-6800<br>Email: mark.minuti@saul.com<br>       paige.topper@saul.com<br><br>*Counsel for Debtors and Debtors in Possession* | DLA PIPER LLP US<br><br>By:  /s/ *Jamila Justine Willis*<br>Jamila Justine Willis (admitted *pro hac vice*)<br>1251 Avenue of the Americas<br>New York, New York 10020-1104<br>Telephone: (212) 335-4500<br>Email: Jamila.willis@us.dlapiper.com<br><br>-and-<br><br>Ellen E. Dew (MD Bar No. 28830)<br>Peter J. Artese (MD Bar No. 31258)<br>DLA Piper LLP US<br>650 S. Exeter Street, Suite 1100<br>Baltimore, MD 21201<br>Telephone: (410) 580-3000<br>Email:  Ellen.dew@us.dlapiper.com<br>Email:  Peter.artese@us.dlapiper.com<br><br>*Attorneys for Sparkle Pop, LLC* |

**END OF ORDER**