**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re<br><br>Diamond Comic Distributors, Inc., *et al.*,<br><br>Debtors.[1] | Case No. 25-10308 (DER)<br><br>Chapter 11<br><br>(Jointly Administered) |

**SUMMARY OF APPLICATION FOR COMPENSATION OF RAYMOND JAMES & ASSOCIATES, INC., AS INVESTMENT BANKER FOR THE DEBTORS AND DEBTORS IN POSSESSION AND SUPPLEMENT THERETO**

| Name of Applicant: | Raymond James & Associates, Inc. |
|---|---|
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | Effective as of January 14, 2025 by Order Signed February 10, 2025 [D.I. 126] |
| Period for which Compensation and Reimbursement is Sought: | January 14, 2025 - September 4, 2025 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $3,772,831.25[2,3] |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $66,097.58 |
| Amount Sought for Defense Costs | $47,326.15 |

This is a:  ☐ monthly  ☐ interim  ☒ final application.

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

[2] In accordance with the Raymond James Engagement Letter and Retention Order, the $3,772,831.25 of Compensation sought by Raymond James includes (i) Monthly Advisory Fees of $350,000.00, (ii) a DIP Financing Fee of $150,000 and (iii) Business Combination Transaction Fees of $3,422,831.25. The DIP Financing Fee includes all amounts previously approved pursuant to the Order Granting Application for Compensation for Raymond James filed April 23, 2025. Consistent with the Raymond James Engagement Letter and the Retention Order, the Business Combination Transaction Fees are net of a $150,000 credit for the DIP Financing Fee. Excluding the credit, Compensation sought would be $3,922,831.25.

[3] Fees exclude $100,000 of Monthly Advisory Fees for September – October 2025, which Raymond James is waiving upon issuance of the Final Fee Order attached hereto.

## PRIOR APPLICATIONS FILED

| Date Filed | Transaction Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 4/4/2025 | DIP Financing Transaction Fee | $150,000.00 | $0.00 | $150,000.00 | $0.00 |

## SUMMARY OF FEES AND EXPENSES INCURRED DURING THE FINAL COMPENSATION PERIOD[4]

| Period Covered | Description | Fees | Credited Fees | Expenses | Total |
|---|---|---|---|---|---|
| February 2025 | Monthly Advisory Fee | $50,000.00 | $0.00 | $0.00 | $50,000.00 |
| March 2025 | Monthly Advisory Fee | $50,000.00 | $0.00 | $0.00 | $50,000.00 |
| April 2025 | Monthly Advisory Fee | $50,000.00 | $0.00 | $0.00 | $50,000.00 |
| May 2025 | Monthly Advisory Fee | $50,000.00 | $0.00 | $0.00 | $50,000.00 |
| June 2025 | Monthly Advisory Fee | $50,000.00 | $0.00 | $0.00 | $50,000.00 |
| July 2025 | Monthly Advisory Fee | $50,000.00 | $0.00 | $0.00 | $50,000.00 |
| August 2025 | Monthly Advisory Fee | $50,000.00 | $0.00 | $0.00 | $50,000.00 |
| Transaction Fee | DIP Financing Transaction Fee | $150,000.00 | $0.00 | $0.00 | $150,000.00 |
| Transaction Fee | Business Combination Transaction Fee: Alliance Assets | $2,511,802.61 | ($150,000.00) | $0.00 | $2,361,802.61 |
| Transaction Fee | Business Combination Transaction Fee: Diamond Business Lines | $748,721.10 | $0.00 | $0.00 | $748,721.10 |
| Transaction Fee | Business Combination Transaction Fee: Shares of Diamond UK | $162,307.54 | $0.00 | $0.00 | $0.00 |
| January 14 – August 31 | Expense Reimbursement | $0.00 | $0.00 | $66,097.58 | $66,097.58 |
| May 1, 2025 – September 4, 2025 | Defense Costs | $46,652.58 | $0.00 | $673.57 | $47,326.15 |

---

[4] This amount includes all amounts previously approved on an interim basis pursuant to the Fee Order dated April 23, 2025.

2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re<br><br>Diamond Comic Distributors, Inc., *et al.*,<br><br>Debtors.[1] | Case No. 25-10308 (DER)<br><br>Chapter 11<br><br>(Jointly Administered) |

**SUPPLEMENT TO FINAL APPLICATION OF RAYMOND JAMES &
ASSOCIATES, INC., FOR COMPENSATION FOR SERVICES RENDERED
AND REIMBURSEMENT OF EXPENSES INCURRED AS INVESTMENT
BANKER TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE
PERIOD FROM JANUARY 14, 2025 THROUGH SEPTEMBER 4, 2025**

Raymond James & Associates, Inc. ("Raymond James"), as investment banker for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), submits this supplement (this "Supplement") to its previously filed *Final Application of Raymond James & Associates, Inc. for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Investment Banker to the Debtors in Possession for the Period From January 14, 2025 Through August 31, 2025* [D.I. 790] (the "Application") to request the payment of costs, including reasonable attorneys' fees, incurred by Raymond James in defending the adversary proceeding captioned *Alliance Entertainment, LLC v. Diamond Comic Distributors, Inc. (In re Diamond Comic Distributors, Inc.)*, Adv. Proc. No. 25-00112 (DER) (Bankr. D. Md.) (the "Adversary Proceeding") through September 4, 2025, pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585).  The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

Procedure (the "Bankruptcy Rules"), the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland (the "Local Bankruptcy Rules"), the *Compensation Guidelines for Professionals in the United States Bankruptcy Court for the District of Maryland* (the "Compensation Guidelines"), and this Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* entered on February 28, 2025 (D.I. 187) (the "Interim Compensation Procedures Order"). In support of this Supplement to the Application, Raymond James respectfully represents as follows:

## Jurisdiction

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order 2012-05* from the United States District Court for the District of Maryland. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Application is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The bases for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 2016 and Local Bankruptcy Rule 2016-1.

## Background

**A.    The Chapter 11 Case**

3. On January 14, 2025 (the "Petition Date"), each Debtor commenced a case under chapter 11 of the Bankruptcy Code (these "Chapter 11 Cases"). The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. On January 29, 2025, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee") [D.I. 90].

**B.     The Retention of Raymond James**

6. On January 17, 2025, the Debtors filed the *Debtors Application for Entry of an Order (I) Authorizing the Retention and Employment of Raymond James & Associates, Inc., as the Debtors Investment Banker, Effective as of the Petition Date and (II) Granting Related Relief* [D.I. 67] (the "Raymond James Retention Application"). The Raymond James Retention Application sought an order authorizing the retention and employment of Raymond James as the Debtors' investment banker, effective as of the Petition Date.

7. The engagement letter between Raymond James and the Debtors was attached to the Raymond James Retention Application as Exhibit B. *See* D.I. 67-2 (the "Engagement Letter"). Section 5 of the Engagement Letter provides that the Debtors will indemnify Raymond James according to the terms of Addendum A to the Engagement Letter. *See id.* Addendum A to the Engagement Letter provides, among other things, that the Debtors

> will indemnify, defend and hold harmless Raymond James & Associates, Inc. . . . from and against any and all (a) claims, actions . . . demands, . . . and proceedings of any kind or nature (collectively, the "Proceedings"), threatened, brought or established against [Raymond James] by any party . . ., and (b) losses, claims, judgments, penalties, fines, charges, costs (including professional or legal fees and other costs of litigation or other proceedings), damages, taxes, liabilities of any kind or nature, whether joint or several (collectively "Losses"), which [Raymond James] may suffer or incur under any statute, common law, contract, tort or otherwise (including, without limitation, all such Losses suffered or incurred in considering, preparing for, responding to, disputing or otherwise dealing with any actual or potential Proceedings, including any Proceeding brought in connection with [Raymond James'] right to be indemnified pursuant to this Addendum A), directly arising out of, relating to or in connection with (i) the [Engagement Letter], the services provided in connection with the [Engagement Letter], or the exercise Raymond James's rights under the [Engagement Letter] (including this Addendum A), (ii) any transaction referred to in the [Engagement Letter] or any transaction arising out of the transactions contemplated by the [Engagement Letter] . . . .

8. Addendum A also provides that the Debtors:

will reimburse [Raymond James] for all reasonable costs and expenses (including, without limitation, fees and expenses of outside counsel) incurred by [Raymond James] (including all such costs and expenses incurred to enforce the terms of this <u>Addendum A</u>) as they are incurred in connection with investigating, preparing, defending or settling or otherwise relating to any threatened or pending Proceeding for which indemnification or contribution has or could be sought by [Raymond James] . . . .

9. The retention of Raymond James, as investment banker to the Debtors, was approved on February 10, 2025, effective as of January 14, 2025, by this Court's *Order (I) Authorizing the Retention and Employment of Raymond James & Associates, Inc. as the Debtor's Investment Banker, Effective as of the Petition Date, and (II) Granting Related Relief* [D.I. 126] (the "<u>Retention Order</u>").

10. Paragraph 10 of the Retention Order provides as follows:

The Indemnification Provisions set forth in the Engagement Letter are approved, subject during the pendency of these chapter 11 cases to the following:

a. Subject to the provisions of subparagraphs (b) and (c) below, the Debtors are authorized to indemnify, contribute, or reimburse, and shall indemnify, contribute, or reimburse Raymond James for any claims arising from, related to, or in connection with services to be provided by Raymond James as specified in the Application, but not for any claim arising from, related to, or in connection with Raymond James's post-petition performance of any other services other than those in connection with the engagement, unless such postpetition services and the indemnification, contribution, or reimbursement therefor are approved by this Court;

b. The Debtors shall have no obligation to indemnify Raymond James, or provide contribution or reimbursement to Raymond James, for any claim or expense that is either: (i) judicially determined (the determination having become final and non-appealable) to have arisen from Raymond James's gross negligence, willful misconduct, breach of fiduciary duty, if any, bad faith, or self-dealing; (ii) for a contractual dispute in which the Debtors allege the breach of Raymond James's contractual obligations, unless this Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and hearing pursuant to subparagraph (c) below, to be a claim or expense for which Raymond James

4

should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter as modified by this Order; and

c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, Raymond James believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, or reimbursement obligations under the Engagement Letter (as modified by this Order), including, without limitation, the advancement of defense costs, Raymond James must file an application in this Court, and the Debtors may not pay any such amounts to Raymond James before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by Raymond James for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Raymond James. All parties in interest shall retain the right to object to any demand by Raymond James for indemnification, contribution or reimbursement, and not as a provision limiting the duration of the Debtors' obligation to indemnify Raymond James.

11. Paragraph 11 of the Retention Order further provides:

In the event that during the pendency of these chapter 11 cases, Raymond James requests reimbursement for any attorneys' fees or expenses, the invoices and supporting time records from such attorneys shall be included in Raymond James's fee applications, and such invoices and time records shall be paid in compliance with the Local Bankruptcy Rules, the Compensation Guidelines, and standards of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorney's services satisfy section 330(a)(3)(C) of the Bankruptcy Code. Notwithstanding the foregoing, Raymond James shall be reimbursed for legal fees incurred in connection with these chapter 11 cases only to the extent permitted under applicable law and the decisions of this Court.

C. The Adversary Proceeding

12. On April 10, 2025, the Debtors executed an asset purchase agreement ("AENT APA") for the sale of substantially all of their domestic assets to Alliance Entertainment, LLC ("AENT"). On April 11, 2025, this Court entered an order approving the sale of substantially all of the Debtors' domestic assets to AENT. *See* D.I. 335. On April 23, 2025, AENT asserted that

5

a material adverse change had occurred under the AENT APA and terminated the AENT APA, effective April 24, 2025.

13. On April 29, 2025, AENT filed the Adversary Proceeding, asserting claims against the Debtors, their restructuring advisors and executives, and Raymond James. Specifically, AENT alleges that the Debtors fraudulently induced AENT into executing the AENT APA and alleges that Raymond James aided and abetted in that alleged fraudulent conduct. Raymond James vehemently denies the allegations asserted by AENT in the Adversary Proceeding.

**D. Demand for Indemnification and Reimbursement and Engagement of Counsel.**

14. On May 13, 2025, Raymond James issued a demand for indemnification to the Debtors under the terms of the Engagement Letter and Addendum A, seeking indemnification and reimbursement of all costs and fees, including attorneys' fees, incurred by Raymond James in defending itself in the Adversary Proceeding. Raymond James engaged Ballard Spahr LLP ("Ballard Spahr") as counsel to represent it in the Adversary Proceeding.

**Relief Requested**

15. By this Supplement to the Application, Raymond James requests that the Court enter an order: (i) granting the Application, as supplemented by this Supplement, authorizing (a) final allowance of compensation in the amount of $3,772,831.25[2] for professional services rendered, (b) reimbursement of actual and necessary costs, including legal fees, in the amount of $66,097.58; and (c) payment of defense costs related to the Adversary Proceeding, in the amount of $47,326.15; (ii) directing the payment by the Debtors of $3,386,254.98,[3] which is the amount

---

[2] Net of a $150,000 applied credit, per the Raymond James Engagement Letter and Retention Order. Gross of the applied credit, Compensation sought would be $3,922,831.25.

[3] Net of a $150,000 applied credit and net of $500,000 for (i) the $350,000 of Monthly Advisory Fees and (ii) the $150,000 DIP Financing Fee, paid to Raymond James, per the Raymond James Engagement Letter, Raymond James Retention Order, and the Order Granting Application for Compensation for Raymond James dated April 23, 2025.

6

outstanding and owed of the $3,886,254.98[4] allowed compensation and expenses incurred and enter the proposed order substantially in the form attached hereto as **Exhibit 1**.

**A.     Defense Costs Incurred**

16.     Since its engagement by Raymond James, Ballard Spahr has analyzed the claims against, and defenses of, Raymond James, drafted and submitted a motion to dismiss the claim against Raymond James [Adv. D.I. 24] (the "Motion to Dismiss"), reviewed and analyzed AENT's opposition to Motion to Dismiss, and drafted a reply in support of the Motion to Dismiss to be filed on or before September 15, 2025.

17.     Ballard Spahr agreed to reduce its hourly rates by 15%, excluding the hourly rates of attorney Nicholas J. Brannick, whose hourly rate is below market. The fees incurred by Ballard Spahr, and requested through this Supplement, are summarized in the following table:

| Professional | Position | Department | Year Admitted | Hourly Rate | Hours Billed | Total Billed |
|---|---|---|---|---|---|---|
| Matthew G. Summers | Partner | Bankruptcy |  | $926.50 | 8.40 | $7,782.60 |
| Jessica Case Watt | Partner | Litigation | 2013 | $845.75 | 0.40 | $338.31 |
| Todd Brannon | Associate | Bankruptcy | 2021 | $586.50 | 12.10 | $7,096.65 |
| Nicholas J. Brannick | Attorney | Bankruptcy | 2005 | $580.00 | 52.00 | $30,160.00 |
| **Total For Attorneys** | | | | | **72.90** | **$45,377.56** |
| Kimberlee P. Stammer | Paralegal | Litigation | _ | $318.75 | 2.00 | $637.51 |
| Rebecca Weidman | Paralegal | Bankruptcy | - | $318.75 | 2.00 | $637.51 |
| **Total for Paralegals** | | | | | **4.00** | **$1,275.02** |

---

[4] Net of a $150,000 applied credit, per the Raymond James Engagement Letter and Retention Order. Gross of the applied credit, compensation and expenses sought would be $4,036,254.98.

7

18. Attached to this Supplement as **Exhibit 2** are redacted time entries describing the work performed by Ballard Spahr attorneys and paralegals and enumerating the costs incurred by Ballard Spahr in representing Raymond James in the Adversary Proceeding.

19. Raymond James submits that the fees and costs incurred by Ballard Spahr in defending Raymond James in the Adversary Proceeding are reasonable and necessary and, in accordance with Sections 328 and 330, Raymond James seek the payment of such fees and costs by the Debtors, consistent with the terms of the Engagement Letter and Retention Order.

## Lodestar Analysis

35. The Compensation Guidelines require the inclusion of a "lodestar" analysis, analyzing and discussing the factors identified in *Johnson v. Georgia Highway Express, Inc.*, 448 F.2d 714 (5th Cir. 1974) and adopted by the Fourth Circuit in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (4th Cir. 1978), *Anderson v. Morris*, 658 F.2d 246 (4th Cir. 1978) and *Harman v. Levin*, 772 F.2d 1150 (4th Cir. 1985).

36. The twelve "lodestar" factors adopted by the Fourth Circuit are: (a) the time and labor expended; (b) the novelty and difficulty of the questions presented; (c) the skill required to properly perform the legal services; (d) the preclusion of other employment by the attorney due to acceptance of a case; (e) the customary fee for like work; (f) whether the fee is fixed or contingent (g) the time limitations imposed by the client or circumstances; (h) the amount involved and the results obtained; (i) the experience, reputation, and ability of the attorney; (j) the desirability or "undesirability" of the case; (k) the nature and length of the professional relationship with the client; and (*l*) awards in similar cases. *Johnson*, 488 F.2d at 717-719.

37. Each of the lodestar factors establish the reasonableness of the fees and expenses requested in this supplement.

8

a. <u>The Time and Labor Expended</u>.  As shown in the table found in Paragraph 17 above, Ballard Spahr devoted 76.9 hours, having a value of $46,652.58. Additionally, as shown above, the vast majority of the work done by Ballard Spahr (71.33% of attorney time) was performed by the attorney with the lowest hourly rate.

b. <u>Novelty and Difficulty of the Questions Presented</u>.  As shown in the motion to dismiss filed by Ballard Spahr in the Adversary Proceeding, the issues surrounding Ballard Spahr's defense of Raymond James in the Adversary Proceeding are complex, involving questions of state and federal law to be addressed by this Court.

c. <u>The Skill Required to Properly Perform the Legal Services</u>.  Ballard Spahr attorneys were required to utilize their skill, knowledge and experience to effectively advocate for Raymond James in the Adversary Proceeding.

d. <u>The Preclusion of Other Employment</u>.  Ballard Spahr has not been precluded from representing other clients because of its representation of Raymond James but has performed work on this matter in lieu of work on other matters at which Ballard Spahr could have charged undiscounted rates.

e. <u>The Customary Fee for Like Work</u>. The hourly rates charged by Ballard Spahr that were discounted by 15%, except for the hourly rate of Mr. Brannick, which is below market rate for an attorney with his experience. Ballard Spahr believes that its hourly rates in this matter are at or below those charged by estate professionals in this case.

9

f. *Whether the Fee is Fixed or Contingent*.  All fees sought by Ballard Spahr are based on the hourly rates identified herein, subject to the Retention Order.  Ballard Spahr's fees are not contingent on the outcome of any particular event.

g. *The Time Limitations Imposed by the Client or Circumstances*.  Ballard Spahr was under modest time constraints to familiarize itself with the issues in the Debtors' bankruptcy cases related to AENT, the AENT APA, and the legal issues raised in the Complaint.

h. *The Amount Involved and Results Obtained*.  AENT has sought the disallowance or disgorgement of all of Raymond James' fees in the Complaint (relief to which it is unequivocally not entitled and has no standing to seek) and the return of the $8.5 million provided by AENT to the Debtors.

i. *The Experience, Reputation, and Ability of the Attorneys*.  Ballard Spahr was selected by Raymond James due to its extensive experience and reputation in bankruptcy proceedings throughout the United States.

j. *The Desirability or Undesirability of the Case*.  This factor is not applicable.

k. *The Nature and Length of the Professional Relationship Between the Attorney and the Client*.  Ballad Spahr has represented Raymond James in various matters for at least the last seven years.

l. *Awards in Similar Cases*.  The fees requested by Raymond James for the services performed by Ballard Spahr are consistent with the fees requested in similar chapter 11 proceedings, including these cases.

**Certificate of Compliance and Waiver**

38.    The undersigned representative of Raymond James certifies that he has reviewed the requirements of Local Rule 2016-1 and that this Supplement substantially complies with that Local Rule. To the extent that this Supplement does not comply in all respects with the requirements of Local Rule 2016-1, Raymond James believes that such deviations are not material and respectfully requests that any such requirements be waived.

**Notice**

39.    Raymond James has provided notice of this Supplement to the following parties or their respective counsel: (i) the Debtors; (ii) the U.S. Trustee; (iii) the Committee; and (iv) any party that, as of the filing of this Supplement, have requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002. Raymond James submits that, in light of the nature of the relief requested, no further notice need be given.

**Conclusion**

WHEREFORE, Raymond James respectfully requests the Court enter the Proposed Order: (i) granting the Application, as supplemented by the Supplement, and authorizing (a) final allowance of compensation in the amount of $3,772,831.25[5] for professional services rendered, (b) reimbursement of actual and necessary costs, including legal fees, in the amount of $66,097.58; and (c) payment of defense costs related to the Adversary Proceeding in the amount of $47,326.15; (ii) directing the payment by the Debtors of $3,386,254.983,[6] which is the amount outstanding and owed of the $3,886,254.98[7] allowed compensation and expenses incurred as administrative

---

[5] Net of a $150,000 applied credit.

[6] Net of a $150,000 applied credit and net of $500,000 for (i) the $350,000 of Monthly Advisory Fees and (ii) the $150,000 DIP Financing Fee, paid to Raymond James, per the Raymond James Engagement Letter, Raymond James Retention Order, and the Order Granting Application for Compensation for Raymond James dated April 23, 2025.

[7] Net of a $150,000 applied credit.

expense claims; and (iii) granting such other and further relief to Raymond James as the Court deems just and proper.

Dated:  September 11, 2025                     Respectfully Submitted,

                                               RAYMOND JAMES & ASSOCIATES, INC.


                                               */s/ Geoffrey Richards*
                                               Geoffrey Richards
                                               Senior Managing Director – Investment Banking

**CERTIFICATION**

Geoffrey Richards hereby certifies:

a) I am a Senior Managing Director of the applicant, Raymond James & Associates, Inc.

b) I am familiar with the work performed by Ballard Spahr, LLP on behalf of Raymond James & Associates, Inc. in defending the adversary proceeding captioned *Alliance Entertainment, LLC v. Diamond Comic Distributors, Inc. (In re Diamond Comic Distributors, Inc.)*, Adv. Proc. No. 25-00112 (DER) (Bankr. D. Md.).

c) I have reviewed the foregoing Supplement and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Local Bankruptcy Rule 2016-1, the Compensation Procedures, and the Interim Compensation Procedures Order, and submit that the Supplement substantially complies with same.

Dated: September 11, 2025

*/s/ Geoffrey Richards*
Geoffrey Richards