# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
## (Baltimore Division)

| | |
|---|---|
| In re | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc., *et al.*, | Chapter 11 |
| Debtors.[1] | (Jointly Administered) |
| | **Hearing Date:** <br> To be determined, if necessary <br> **Objection Deadline:** <br> October 2, 2025 |

**SUMMARY COVER SHEET FOR THIRD MONTHLY AND FINAL FEE APPLICATION OF STEPHENSON HARWOOD LLP, SPECIAL COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE (I) MONTHLY PERIOD FROM JULY 1, 2025 THROUGH AUGUST 31, 2025, AND (II) FINAL PERIOD FROM JANUARY 14, 2025 THROUGH AUGUST 31, 2025**

| Name of Applicant: | Stephenson Harwood LLP |
|---|---|
| Authorized to Provide Professional Services to: | Debtors and Debtors-in-Possession |
| Monthly period for which compensation and reimbursement is sought: | *Start*: July 1, 2025 <br> *End*: August 31, 2025 |
| Total compensation sought this period: | £87,822.50 |
| Total expenses sought this period: | £47.74 |
| Final period for which compensation and reimbursement is sought: | *Start*: January 14, 2025 <br> *End*: August 31, 2025 |
| Total compensation sought for the final period: | £227,010.50 |
| Total expenses sought for the final period: | £61.74 |

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

56277277.5

| | |
|---|---|
| Petition date: | January 14, 2025 |
| Date of retention: | February 28, 2025, effective as of January 14, 2025 |
| Total compensation approved by interim order to date: | £90,926.50 |
| Total expenses approved by interim order to date: | £14.00 |
| Total allowed compensation paid to date: | £0.00 |
| Total allowed expenses paid to date: | £0.00 |
| Blended rate in this application for all timekeepers: | N/A |
| Compensation sought in this application already paid pursuant to a monthly compensation order but not yet allowed | £0.00 |
| Expenses sought in this application already paid pursuant to a monthly compensation order but not yet allowed | £0.00 |
| Number of professionals included in this application | 7 |
| Number of professionals billing fewer than 15 hours to the case during this period | 5 |
| Are rates higher than those approved or disclosed at retention?  If yes, calculate and disclose the total compensation sought in this application using the rates originally disclosed in the retention application | No. |

This is an: **X** monthly _____ interim  **X** final application.

## SUMMARY OF PRIOR MONTHLY FEE APPLICATIONS

| DATE FILED AND DOCKET NO. | PERIOD COVERED | REQUESTED FEES | REQUESTED EXPENSES | UNOPPOSED FEES | UNOPPOSED EXPENSES | PAID FEES | PAID EXPENSES | HOLDBACK FEES | CNO DATE AND DOCKET NO. |
|---|---|---|---|---|---|---|---|---|---|
| 6/11/2025 D.I. 502 | 1/14/2025-3/31/2025 | £90,926.50 (80% of which is £72,741.20) | £14.00 | £90,926.50 | £14.00 | £0.00 | £0.00 | £18,185.30 | [6/27/2025 D.I. 540] |
| 9/2/2025 D.I. 803 | 4/1/2025-6/30/2025 | £48.261.50 (80% of which is £38,609.20) | £0.00 | N/A | N/A | £0.00 | £0.00 | £9,652.30 | Pending |
| | Totals: | £139,188.00 (80% of which is £111,350.40) | £14.00 | £90,926.50 | £14.00 | £0.00 | £0.00 | £27,837.60 | |

## SUMMARY OF PRIOR INTERIM FEE APPLICATIONS

| DATE FILED | PERIOD COVERED | ORDER ENTERED | REQUESTED FEES | REQUESTED EXPENSES | UNOPPOSED FEES | UNOPPOSED EXPENSES | PAID FEES | PAID EXPENSES | HOLDBACK FEES |
|---|---|---|---|---|---|---|---|---|---|
| 7/03/2025 | 1/14/2025-3/31/2025 | 8/11/2025 D.I. 704 | £90,926.50 | £14.00 | £90,926.50 | £14.00 | £0.00 | £0.00 | £0.00 |
| | | Totals: | £90,926.50 | £14.00 | £90,926.50 | £14.00 | £0.00 | £0.00 | £0.00 |

Dated: September 18, 2025          **SAUL EWING LLP**

By: /s/ *Jordan D. Rosenfeld*
Jordan D. Rosenfeld (MD Bar No. 13694)
1001 Fleet Street, 9th Floor
Baltimore, MD 21202
Telephone: (410) 332-8600
Email: jordan.rosenfeld@saul.com

-and-

Jeffrey C. Hampton (admitted *pro hac vice*)
Adam H. Isenberg (admitted *pro hac vice*)
Turner N. Falk (admitted *pro hac vice*)
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Email: jeffrey.hampton@saul.com
     adam.isenberg@saul.com
     turner.falk@saul.com

-and-

Mark Minuti (admitted *pro hac vice*)
Paige N. Topper (admitted *pro hac vice*)
Nicholas Smargiassi (admitted *pro hac vice*)
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
Telephone: (302) 421-6800
Email: mark.minuti@saul.com
     paige.topper@saul.com
     nicholas.smargiassi@saul.com

*Counsel for Debtors and Debtors in Possession*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
# (Baltimore Division)

| | |
|---|---|
| In re | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc., *et al.*, | Chapter 11 |
| Debtors.[1] | (Jointly Administered) |

**THIRD MONTHLY AND FINAL FEE APPLICATION OF STEPHENSON HARWOOD LLP, SPECIAL COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE (I) MONTHLY PERIOD FROM JULY 1, 2025 THROUGH AUGUST 31, 2025, AND (II) FINAL PERIOD FROM JANUARY 14, 2025 THROUGH AUGUST 31, 2025**

Stephenson Harwood LLP ("Stephenson Harwood"), hereby submits this third monthly and final fee application (the "Fee Application") seeking payment of compensation for services rendered and reimbursement of expenses incurred as special counsel to the debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 and Appendix D of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland (the "Local Bankruptcy Rules"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. 203] (the "Interim Compensation Order").

By this Fee Application, Stephenson Harwood seeks: (i) monthly allowance of compensation in the amount of £87,822.50 and reimbursement of expenses in the amount of £47.74 for the period from July 1, 2025 through August 31, 2025 (the "Monthly Compensation Period"), and (ii) final

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

56277277.5

allowance of compensation in the amount of £227,010.50, together with reimbursement of expenses in the amount of £61.74, for a total of £227,071.94 for the period from January 14, 2025 through August 31, 2025 (the "Final Compensation Period"). In support of the Fee Application, Stephenson Harwood respectfully represents as follows:

1. On January 14, 2025 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are managing their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner in these Chapter 11 Cases. On January 29, 2025, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee").

2. On February 28, 2025, the Court entered the *Order Authorizing the Employment and Retention of Stephenson Harwood LLP, as Special Counsel to the Debtors, Effective as of the Petition Date* [D.I. 201] (the "Retention Order").

3. In addition, on March 10, 2025, the Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in chapter 11 cases. Pursuant to the Interim Compensation Order, the Court established a procedure for interim compensation and reimbursement of disbursements for professionals appointed in these cases. In particular, the Court authorized the filing and service to certain notice parties of monthly interim fee applications by professionals appointed in these cases and payment by the Debtors of 80% of fees and 100% of expenses, in the absence of an objection made within fourteen (14) days of service of the pertinent application.

4. As outlined by Appendix D, the *Johnson* factors are: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly

56277277.5

2

perform the professional services rendered; (4) the professionals' opportunity costs in pursing the matter; (5) the customary fee for like work; (6) the professional's expectations as to the compensation at the outset of the matter; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the professional; (10) the desirability or undesirability of the case within the professional community in which the case arose; (11) the nature and length of the professional relationship between the professional and client; and (12) professional fee awards in similar cases. *See Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974); *see also Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978) (agreeing that the *Johnson* factors "must be considered by district courts in this circuit in arriving at a determination of reasonable attorneys' fees in any case where such determination is necessary). Factors two, four, eight, ten, eleven, and twelve are not applicable to this Fee Application for the Monthly Compensation Period.

5. For the first factor of time and labor expended, Stephenson Harwood spent a total of 103.8 hours of attorney and paraprofessional time during the Monthly Compensation Period. In *Johnson*, the Fifth Circuit explained that hours spent, although not the sole contributor, "are a necessary ingredient to be considered" and that a judge "should weigh the hours claimed against his knowledge, experience, and expertise of the time required to complete similar activities." *Johnson*, 577 F.2d at 717. Furthermore, duplicative efforts where more than one attorney is involved . . . should be scrutinized." *Id.* In advising the Debtors regarding restructuring and asset sales under English law, Stephenson Harwood has worked as efficiently as possible while avoiding duplicative efforts amongst its attorneys and paraprofessionals.

6. Under *Johnson*, the third factor requires a judge to "closely observe the attorney's work product, his preparation, and general ability before the court." *Id.* at 718. Here, Stephenson

56277277.5                                                3

Harwood has produced high quality work product and been an integral part in the Debtors' sale process.

7.  Factor five, the customary fee for like work, has been described as the "customary fee for similar work in the community." *Id.*  For the Monthly Compensation Period, Stephenson Harwood seeks to be paid by the Debtors £87,822.50 and £47.74 in expenses.  These amounts are reasonable given the scale and complexities of the Debtors' chapter 11 cases.  Furthermore, Stephenson Harwood has and currently represents other debtors in various, large-scale chapter 11 cases and asserts the amounts set forth in this Fee Application for the Monthly Compensation Period are reasonable and comparable.

8.  *Johnson* explains that the sixth factor, the professional's expectations as to the compensation at the outset of the matter, is based on whether the "fee quoted to the client or the percentage of the recovery agreed to is helpful in demonstrating the attorney's fee expectations when he accepted the case." *Id.* at 718.  The Fifth Circuit explained that the litigant should never "be awarded a fee greater than he is contractually bound to pay, if indeed the attorneys have contracted as to amount." *Id.*  On February 5, 2025, the Debtors filed the *Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Stephenson Harwood LLP as Special Counsel to the Debtors, Effective as of the Petition Date* [D.I. 139] (the "<u>Stephenson Harwood Retention Application</u>"), which detailed Stephenson Harwood's standard hourly rates in its representation of the Debtors.  The Court approved the Stephenson Harwood Retention Application on March 7, 2025.  *See* D.I. 201.  The compensation sought by Stephenson Harwood for the Monthly Compensation Period is consistent with the rates included in the Court-approved Stephenson Harwood Retention Application.

9.  For the seventh factor, the time limitations imposed by the client or circumstances,

"[p]riority work that delays the lawyer's other legal work is entitled to some premium." *Johnson*, 488 F.2d at 718.  Here, Stephenson Harwood's fees for the Monthly Compensation Period are justifiable as large-scale, complex chapter 11 cases move swiftly and often impose small windows to properly meet deadlines.

10.   Factor nine addresses the experience, reputation, and ability of the professionals. The court in *Johnson* stated, "[m]ost fee scales reflect an experience differential with the more experienced attorneys receiving larger compensation" but that longevity "should not dictate the higher fee." *Id*. at 718–19.  Here, Stephenson Harwood's attorneys have extensive knowledge of, and experience with, complex chapter 11 cases that justify its fees for the Monthly Compensation Period.  Stephenson Harwood further represents that its fees are within market for the services the firm provides.

11.   For the foregoing reasons, the compensation requested by Stephenson Harwood for the Monthly Compensation Period is reasonable based upon customary compensation and reimbursement of expenses charged by Stephenson Harwood and comparably skilled professionals in non-bankruptcy matters.

## Stephenson Harwood's Fee Statements

12.   The fee statements for the Monthly Compensation Period are attached hereto as **Exhibit A**.

13.   The fee statements for the Final Compensation Period, excluding the Monthly Compensation Period, were attached to the previously filed monthly fee applications [D.I. 502 and 803] (collectively, the "Monthly Fee Applications").  The Monthly Fee Applications contain the daily time logs describing the time spent by each attorney and paraprofessional for these periods.

56277277.5

5

**Additional Disclosures, Representations, and Attached Exhibits**

14. Stephenson Harwood's hourly rates for bankruptcy services are comparable to the hourly rates charged in complex chapter 11 cases by comparably skilled bankruptcy attorneys. In addition, Stephenson Harwood's hourly rates for bankruptcy services are comparable to the rates charged by the firm, and by comparably skilled practitioners in other firms, for complex corporate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required.

15. The Fee Application is supported by the following exhibits:

    (a) **Exhibit B**: Summary of expense reimbursement requested by category during the Monthly Compensation Period and Final Compensation Period.
    (b) **Exhibit C**: Summary of timekeepers during the Monthly Compensation Period and Final Compensation Period.
    (c) **Exhibit D**: Declaration of Tal Goldsmith in support of this Fee Application.

16. To the best of Stephenson Harwood's knowledge, this Fee Application complies with sections 330 and 331 of the Bankruptcy Code, Local Bankruptcy Rule 2016-1 and Appendix D, the Interim Compensation Order, and the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. §330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013 (the "Revised U.S. Trustee Guidelines").

17. During the Final Compensation Period, Stephenson Harwood did not agree to any variations from, or alternatives to, its standard or customary billing rates, fees or terms for services pertaining to this engagement.

18. None of the professionals included in this Fee Application varied their hourly rate based on the geographical location of the bankruptcy cases.

19. This Fee Application does not include time or fees related to reviewing or revising

time records or preparing, reviewing or revising invoices.

20. This Fee Application does not include time or fees for reviewing time records to redact any privileged or other confidential information.

21. In accordance with section 504 of the Bankruptcy Code and Bankruptcy Rule 2016(a), no agreement or understanding exists between Stephenson Harwood and any other person for the sharing of compensation received or to be received for services rendered in or in connection with this case.

22. No agreement or understanding prohibited by 18 U.S.C. § 155 has been or will be made by Stephenson Harwood.

23. Notice of this Fee Application has been provided in accordance with the Interim Compensation Order. Stephenson Harwood submits that no other or further notice need be provided.

24. Stephenson Harwood reserves all rights and claims. Without limiting the generality of the foregoing, Stephenson Harwood reserves its right to submit future monthly fee applications, interim fee applications, and final fee applications, including, without limitation, fee applications seeking final allowance of all amounts sought to be paid or reimbursed herein and in respect of any amounts held back pursuant to the Interim Compensation Order or otherwise.

WHEREFORE, Stephenson Harwood respectfully requests that the Court enter an Order, substantially in the form attached hereto as **Exhibit E,** (i) granting monthly allowance of compensation in the amount of £87,822.50 and reimbursement of expenses in the amount of £47.74 for the period from July 1, 2025 through August 31, 2025; (ii) granting final allowance of compensation in the amount of £227,010.50, together with reimbursement of expenses in the amount of £61.74, for a total of £227,071.94 for the period from January 14, 2025 through August

31, 2025; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: September 18, 2025

**SAUL EWING LLP**

By: /s/ *Jordan D. Rosenfeld*
Jordan D. Rosenfeld (MD Bar No. 13694)
1001 Fleet Street, 9th Floor
Baltimore, MD 21202
Telephone: (410) 332-8600
Email: jordan.rosenfeld@saul.com

-and-

Jeffrey C. Hampton (admitted *pro hac vice*)
Adam H. Isenberg (admitted *pro hac vice*)
Turner N. Falk (admitted *pro hac vice*)
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Email: jeffrey.hampton@saul.com
       adam.isenberg@saul.com
       turner.falk@saul.com

-and-

Mark Minuti (admitted *pro hac vice*)
Paige N. Topper (admitted *pro hac vice*)
Nicholas Smargiassi (admitted *pro hac vice*)
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
Telephone: (302) 421-6800
Email: mark.minuti@saul.com
       paige.topper@saul.com
       nicholas.smargiassi@saul.com

*Counsel for Debtors and Debtors in Possession*