**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 25-10308-DER |
| **DIAMOND COMIC DISTRIBUTORS, INC.** ) | Chapter 11 |
| ) | |
| **Debtor.** ) | |

## MOTION TO COMPEL

Dynamic Forces, Inc. ("Dynamite" or "Movant"),, by undersigned counsel, hereby files this Motion to Compel Discovery Responses (the "Motion to Compel") with respect to its Application for Administrative Expenses (the "Motion," Docket No. 462) pursuant to Federal Rules of Civil Procedure 26 and 37, as made applicable to this proceeding by Fed. R. Bankr. P. 7026, 7037 and 9014, with respect to the interrogatories and document requests served on Diamond Comic Distributors, Inc. (the "Debtor"), the Debtor in this case, and respectfully represents:

### FACTUAL AND PROCEDURAL BACKGROUND

1. This dispute relates to over $500,000 in unpaid post-petition invoices for which Dynamite has not been paid. A hearing is scheduled for October 22, 2025.

2. On July, 31, 2025, the Movant served document requests and interrogatories (the "Discovery Requests") on the Debtor. True and correct copies of the Discovery Requests are attached as **Exhibit A.** Responses were due on August 27, 2025.

3. No objection or response was made to the Discovery Requests.

4.  Accordingly, on September 12, 2025, undersigned counsel sent an e-mail to counsel for the Debtor stating:

> Mark:
>
> Where are you with the discovery responses on this? Responses are over a week overdue. I will need to file a motion to compel by Wednesday the 17th if the discovery responses are not provided.

**See Exhibit C (containing e-mail chain).**

5.  Counsel for the Debtor responded:

> Justin:
>
> I apologize for the delay. The Debtors will do their best to respond prior to 9/17. In the interim, can you please send me word versions of the discovery please?

Thereafter, undersigned counsel sent word versions of the Discovery Requests.

6.  To date, no responses have been served. No objections to the discovery requests have been filed.

7.  The failure to timely object to a request for production of documents without good cause constitutes a waiver of any objections to that interrogatory or request. *See, e.g., Ayers v. Cont'l Cas. Co.,* 240 F.R.D. 216, 222 (N.D. W. Va. 2007) ("... Plaintiffs have waived their right to object to Defendant's interrogatories by not timely raising their objections."); *Hall v. Sullivan,* 231 F.R.D. 468, 474 (D. Md. 2005) ("[I]mplicit within Rule 34 is the requirement that objections to document production requests must be stated with particularity in a timely answer, and that a failure to do so may constitute a waiver of grounds not properly raised . . . unless the court excuses the failure for good cause shown."); *Old Dominion Elec. Coop. v. Ragnar Benson, Inc.,* No. 05cv34, 2005 U.S. Dist. LEXIS 9842, at *4 (E.D. Va. May 23, 2005) (noting that "unstated or untimely grounds for objection ordinarily are waived") (internal

quotation omitted); *Murray v. Dillard Paper Co.,* No. 98cv585, 1999 U.S. Dist. LEXIS 22630, at *4 (E.D. Va. June 14, 1999) (under the local rules, "Plaintiffs were required to assert any objections to Defendants· discovery demands [for production of documents and responses to interrogatories] within 15 days of service, or else waive objection."); Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.").

6. In this case, Debtor has failed to timely – or untimely - object to the Discovery Requests and therefore any objections are waived. Debtor has not responded at all to the Discovery Requests. Movant believes that under the circumstances, it is required to file a motion to compel.

7. The Discovery Requests are extremely important to Dynamite as the objection to the Motion is extremely vague. See Docket no. 501. Other than legal argument, the objection states only:

> "While the Debtors do not dispute that Dynamite delivered goods to the Debtors postpetition and that certain amounts are owed on account of the goods delivered, the Debtors dispute the asserted claim amount ($509,114.21) in the Motion. In particular, the Debtors believe the asserted amount is overstated and fails to account for certain of the Debtors' setoff rights. The Debtors are in the process of reconciling the asserted amount with the Debtors' books and records, and therefore, reserve the right to supplement this Objection to further contest the alleged amounts sought in the Motion and further reserve all rights, claims and causes of action related thereto."

This essentially says nothing and Dynamite is still unaware how the Debtor will defend the Motion. Dynamite is entitled to know the Debtor's defenses prior to the October 22, 2025 hearing.

## REQUEST FOR REIMBURSEMENT

8. Under Federal Rule of Civil Procedure 37, if this Court grants the motion to compel, "the court *must,* after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movants reasonable expenses incurring in making the motion, including attorney's fees." Fed. R. Civ. P. 37(5)(A) (emphasis added). Only three exceptions exist: (1) if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action"; (2) where the opposing party's nondisclosure, response, or objection was substantially justified"; or (3) "other circumstances make an award of expenses unjust." *Id.* As no cause exists for any of the exceptions, Movant should be entitled to reimbursement.

## RULE 7026-1(F) CERTIFICATION

9. Undersigned counsel hereby certifies that he has attempted to make a good-faith effort to resolve the discovery matters at issue, and has corresponded with counsel for the Debtor about the documents but has not been able to resolve the issue.

## CONCLUSION

WHEREFORE, the Movant respectfully requests that this Court grant this Motion to Compel and enter an order (i) requiring the Respondents to provide full and complete responses to the Document Requests within three (3) days of entry of the order; (iii) awarding the Movant attorneys' fees for the costs incurred in bringing this Motion (in an amount to be requested in a motion for fees); and (iv) granting such other and further relief as this Court may deem necessary and appropriate.

Dated: September 24, 2025            Respectfully submitted

/s/ Justin P. Fasano
Justin P. Fasano (Fed Bar No. 28659)
McNamee Hosea *et al*
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
Tel: 301-441-2420
Fax: 301-982-9450
jfasano@mhlawyers.com
*Counsel for Dynamic Forces, Inc.*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this September 24, 2025, a true and correct copy of the foregoing has been furnished by ECF transmission to:

Sam Alberts sam.alberts@dentons.com, docket.general.lit.wdc@dentons.com

Peter J Artese peter.artese@us.dlapiper.com

Jan Berlage JBerlage@GHSLLP.com, tcollins@ghsllp.com

Hugh M. (UST) Bernstein hugh.m.bernstein@usdoj.gov

Daniel Jack Blum jack.blum@polsinelli.com, lsuprum@polsinelli.com, delawaredocketing@polsinelli.com

Laura Skowronski Bouyea lsbouyea@venable.com, dmdierdorff@venable.com

Thomas K. Bredar thomas.bredar@wilmerhale.com, andrew.goldman@wilmerhale.com, benjamin.loveland@wilmerhale.com, yolande.thompson@wilmerhale.com

Andrew Brown abrown@klestadt.com

Darek Bushnaq dsbushnaq@venable.com

Richard L. Costella rcostella@tydings.com,

5

scalloway@tydings.com,
zjones@tydings.com,
swilliams@tydings.com

David W.T. Daniels ddaniels@perkinscoie.com,
docketnyc@perkinscoie.com,
nvargas@perkinscoie.com,
KMcClure@perkinscoie.com,
rleibowitz@perkinscoie.com

G. David Dean ddean@coleschotz.com,
PRatkowiak@coleschotz.com

Mark L Desgrosseilliers desgross@chipmanbrown.com,
fusco@chipmanbrown.com

Emily Devan edevan@milesstockbridge.com

Ellen E. Dew ellen.dew@us.dlapiper.com

Turner Falk turner.falk@saul.com,
tnfalk@recap.email,
Veronica.Marchiondo@saul.com

Justin Philip Fasano jfasano@mhlawyers.com,
jfasano@ecf.courtdrive.com,
tmackey@mhlawyers.com,
mevans@mhlawyers.com,
cmartin@mhlawyers.com,
Fasano.JustinR92003@notify.bestcase.com

Ashley N Fellona ashley.fellona@saul.com,
janice.mast@saul.com

Gianfranco Finizio gfinizio@lowenstein.com

Adam Fletcher afletcher@bakerlaw.com

Chelsea R Frankel cfrankel@lowenstein.com

Stephen B. Gerald sgerald@tydings.com

Christopher J. Giaimo christopher.giaimo@squirepb.com,
christopher.giaimo@squirepb.com,

christopher-j-giaimo-6409@ecf.pacerpro.com

Joshua Glikin jglikin@shulmanrogers.com,
abogert@shulmanrogers.com,
tlewis@shulmanrogers.com

Jonathan A. Grasso jgrasso@yvslaw.com,
pgomez@yvslaw.com,
r39990@notify.bestcase.com

Zvi Guttman zvi@zviguttman.com,
zviguttman@gmail.com,
zviguttman@outlook.com,
MD55@ecfcbis.com

Jeffrey C. Hampton jeffrey.hampton@saul.com

Jason F Hoffman jhoffman@bakerlaw.com

Catherine Keller Hopkin chopkin@yvslaw.com,
pgomez@yvslaw.com,
kreese@yvslaw.com,
vmichaelides@yvslaw.com,
yvslawcmecf@gmail.com,
hopkincr39990@notify.bestcase.com

James R. Irving james.irving@dentons.com

Adam H Isenberg adam.isenberg@saul.com

Harry Conrad Jones HJones@coleschotz.com,
bankruptcy@coleschotz.com,
pratkowiak@coleschotz.com

Toyja E. Kelley toyja.kelley@lockelord.com

C. Kevin Kobbe kevin.kobbe@us.dlapiper.com,
docketing-baltimore-0421@ecf.pacerpro.com

Eric George Korphage korphagee@whiteandwilliams.com

Jung Yong Lee jlee@milesstockbridge.com,
mhickman@tydings.com

Gary H. Leibowitz gleibowitz@coleschotz.com,
pratkowiak@coleschotz.com,
bankruptcy@coleschotz.com,
lmorton@coleschotz.com

Thomas J. McKee mckeet@gtlaw.com,
smedsa@gtlaw.com,
Karrie.Barbaro@gtlaw.com,
thomas--mckee-0902@ecf.pacerpro.com

Mark Minuti mark.minuti@saul.com,
robyn.warren@saul.com

Randy Moonan rmoonan@sillscummis.com

Bruce S. Nathan bnathan@lowenstein.com

Craig Palik cpalik@mhlawyers.com,
cpalik@ecf.inforuptcy.com,
Palik.CraigR92003@notify.bestcase.com,
mevans@mhlawyers.com,
cmartin@mhlawyers.com

Michael Papandrea mpapandrea@lowenstein.com

Steven Gregory Polard steven.polard@ropers.com,
loriann.zullo@ropers.com,
calendar-LAO@ropers.com

Scott Prince sprince@bakerlaw.com

Jonathan Gary Rose jonathan.rose@us.dlapiper.com

Jordan Rosenfeld jordan.rosenfeld@saul.com

Nikolaus F. Schandlbauer nick.schandlbauer@arlaw.com,
lianna.sarasola@arlaw.com

Dennis J. Shaffer dshaffer@tydings.com,
scalloway@tydings.com,
mhickman@tydings.com,
jlee@tydings.com

Indira Kavita Sharma indira.sharma@troutman.com,

katherine.culbertson@troutman.com,
jonathan.young@troutman.com,
david.ruediger@troutman.com,
errol.chapman@troutman.com,
toyja.kelley@troutman.com

Nicholas Smargiassi nicholas.smargiassi@saul.com

Brent C. Strickland bstrickland@whitefordlaw.com,
mbaum@whitefordlaw.com,
brent-strickland-3227@ecf.pacerpro.com

Matthew G. Summers summersm@ballardspahr.com,
branchd@ballardspahr.com,
heilmanl@ballardspahr.com,
ambroses@ballardspahr.com,
zarnighiann@ballardspahr.com,
carolod@ballardspahr.com,
cromartie@ballardspahr.com,
stammerk@ballardspahr.com,
brannickn@ballardspahr.com

S. Jason Teele steele@sillscummis.com

Paige Noelle Topper paige.topper@saul.com

US Trustee - Baltimore USTPRegion04.BA.ECF@USDOJ.GOV


                                      /s/ Justin P. Fasano
                                      Justin P. Fasano