**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | |
|---|---|
| In re: ) | |
| ) | **Case No. 25-10308-DER** |
| **DIAMOND COMIC DISTRIBUTORS, INC.** ) | **Chapter 11** |
| ) | |
| Debtor. ) | |
| ) | |
| **DNYAMIC FORCES, INC.** ) | |
| ) | |
| Movant ) | |
| vs ) | |
| ) | |
| **DIAMOND COMIC DISTRIBUTORS, INC.,** ) | |
| ) | |
| Respondents ) | |

**FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**
**TO DIAMOND COMIC DISTRIBUTORS, INC.**

**To:**        Diamond Comic Distributors, Inc. ("Respondent")

**From:**        Dynamic Forces (the "Movant")

Movant, in connection with its *Motion of Dynamic Forces, Inc. for Administrative Expense* ("Motion, Docket No. 462), by and through undersigned counsel, hereby requests the Respondent produce for inspection, examination, and copying at the office of McNamee, Hosea, P.A., 6404 Ivy Lane, Suite 820, Greenbelt, MD 20770, within 30 days of service of these requests, **on or before August 27, 2025,** the documents described below, in accordance with the following definitions and instructions.

**Instructions**

1.        The documents to be produced shall be produced in any original file folders or as

they are kept in the usual course of business.

2.    In the event that any document called for by this request is withheld on the basis of a claim of privilege, set forth for each document withheld the following:

a.    a description of the factual and legal basis for the claim of privilege or objection in sufficient detail so as to permit the court to adjudicate the validity of the claim or objection;

b.    a general description of the document including its size, length, form and subject matter;

c.    the names and addresses of the person or persons involved in the creation of the document;

d.    the names and addresses of all persons who have had access to the document from the time of its creation to the present;

e.    the date on which the document was created;  and

f.    the names and addresses of the present custodian of the document, and the names and addresses of all persons who have received copies, summaries or explanations of the document.

3.    In the event that any document called for by this request has been destroyed, or discarded, or has otherwise left Your possession, custody and control, set forth:

a.    a general description of the document including its size, length, form and subject matter;

b.    the names and addresses of the person or persons involved in the creation of the document;

c.    the names and addresses of all persons who have had access to the document from the time of its creation to the present;

d.    the date on which the document was created;

e.    the names and addresses of the present custodian of the document, and the names and addresses of all persons who have received copies, summaries or explanations of the document;

f.    the date of destruction or discard, the manner of destruction or discard, and the reasons for destruction or discard; and

g.    the names and addresses of persons authorizing and carrying out the destruction or discard of the document.

4.      If a document has been prepared and several copies or additional copies have been made and the copies are not identical, each non-identical copy is a separate document.

5.      These requests are continuing so as to require prompt supplementary production and response when Respondent, or its counsel, representatives, agents, investigators advisors, attorneys, accountants, consultants, or employees obtain access, custody, possession, or control of any documents not previously produced with are responsive to these requests.

6.      Unless otherwise specified, the scope of these requests is from July 23, 2020, to present.


## **Definitions**

As used in this Request for Production of Documents, the following words shall have the following meanings:

1.      You" or "Your" refers to the party to whom this document request is addressed, and that party's predecessors and successors, and their agents, representatives, employees, members, shareholders, accountants, consultants, advisors, and unless privileged, attorneys.

2.      "Person" means a natural person or any corporation, partnership, association, joint venture, firm, or other business enterprise or legal entity, and includes both the singular and the plural.

3.       "Document" means the original and any non-identical copy of the original, of any recorded, written, printed, typed, or other graphic material of any kind, variety, type, or character, wherever located, including by way of example but not limited to, the following: books, records, contracts, agreements, promissory notes, invoices, orders, loan agreements, bills, installment contracts, mortgages, deeds of trust, security agreements, certificates of title, handwritten notes, financing statements, instruments, expense accounts, canceled checks, bank statements, bank books, receipt and disbursement journals, tax returns, financial statements, check stubs, resumes, medical records, address books, appointment books, telephone logs, worksheets, pictures, income statements, profit and loss statements, deposit slips, credit card receipts, records and notations of telephone or personal conversations, conferences, inter-office communications, letters, telexes, partnership agreements, articles of incorporation, catalogue price lists, sound, tape and video recordings, memoranda (including written memoranda of telephone activities), minutes, manuals, diaries, calendars or desk pads, scrapbooks, notebooks, correspondence, bulletins, circulars, policies, forms, pamphlets, notices, statements, journals, postcards, letters, telegrams, reports, interoffice communications, photostats, microfilm, microfiche, maps, deposition transcripts, pleadings, orders, drawings, blueprints, photographs, negatives, and other data, information, or statistics contained within any data storage modules, tapes, discs, or any other memory devices (including IBM or similar cards for information, data and programs), or any other information retrievable on storage systems (including computer generated reports and printouts).

4.      "Related to", "relate to", "relating to", and "refer to" mean having any relationship or connection to, concerning, being connected to, commenting on, responding to, containing,

3

evidencing, showing, memorializing, describing, analyzing, reflecting, pertaining to, compromising, constituting, identifying, discussing or otherwise establishing any reasonable, logical or causal connection.

5.    "Communication" is a transmittal of information by any means.

6.    "Or" means "and/or" and is used in the inclusive sense.

7.    "Dynamite" means Dynamic Forces, Inc.

8.    All other terms used in these Requests have the meaning given by the Bankruptcy Code, or by common usage, unless otherwise required by the context.

9.    The present tense includes the past and future tenses.  The singular includes the plural, and the plural includes the singular.  "All" means "any and all;" "any" means "any and all." "Including" means "including but not limited to."  "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

10.    "Debtors" means Diamond Comic Distributors, Inc.; Comic Holdings, Inc.; Comic Exporters, Inc.; and Diamond Select Toys & Collectibles, LLC.

11.    "Petition Date" means January 14, 2025.

## <u>REQUESTS</u>

Pursuant to Rules 9014 and 7034 of the Federal Rules of Bankruptcy Procedure, please produce the following:

**<u>REQUEST NO. 1</u>**:    Produce all documents evidencing or describing any product(s) that Dynamite delivered to Debtors after the Petition Date.

**<u>REQUEST NO. 2</u>**:    Produce all documents evidencing or describing any product(s) that Dynamite delivered to Debtors within twenty days of the Petition Date.

**<u>REQUEST NO. 3</u>**:    Produce all documents evidencing or describing any product(s) that Dynamite delivered to Debtors prior to twenty days prior to the Petition Date.

**<u>REQUEST NO. 4</u>**:    Produce all documents evidencing or describing any product(s) that Dynamite delivered to Debtors that Debtors have sold since the Petition Date.

**<u>REQUEST NO. 5</u>**:    Produce all documents evidencing or describing any product(s) that Dynamite delivered to Debtors that Debtors have sold prior to the Petition Date.

**REQUEST NO. 6**    Produce all contracts between any of the Debtors and Dynamite, including any drafts thereof.

**REQUEST NO. 7**    Produce all correspondence between any of the Debtors and Dynamite from December 1, 2024 to present.

**REQUEST NO. 8**    Produce all documents evidencing or describing any amounts due to any of the Debtors by Dynamite for storage or other costs, other than any line of credit.

**REQUEST NO. 9**    Produce all documents evidencing or describing any amounts due to any of the Debtors by Dynamite for any line of credit.

**REQUEST NO. 10**    Produce all documents evidencing or describing any amounts that the Debtors assert they may set off against amounts claimed to be owed to Dynamite in the Motion.

**REQUEST NO. 11**    Produce all documents, including any communications with Sparkle Pop, LLC, evidencing any contention that you are the current owner of any claims against Dynamite, and that such claims have not been sold to Sparkle Pop, LLC.

Dated: July 31, 2025    Respectfully submitted

        /s/ Justin P. Fasano
        Justin P. Fasano (Fed Bar No. 28659)
        McNamee Hosea *et al*
        6404 Ivy Lane, Suite 820
        Greenbelt, MD 20770
        Tel: 301-441-2420
        Fax: 301-982-9450
        jnesse@mhlawyers.com
        jfasano@mhlawyers.com
        *Counsel for Dynamic Forces, Inc.*

## **CERTIFICATE OF SERVICE**

  **I HEREBY CERTIFY** that on this July 31, 2025, a true and correct copy of the foregoing has been furnished by e-mail and first class mail, postage prepaid to:

   Mark Minuti, Esq.
   Saul Ewing LLP
   1201 North Market Street, Suite 2300
   Wilmington, DE 19801
   mark.minuti@saul.com (counsel for the Respondent)

        /s/ Justin P. Fasano
        Justin P. Fasano