Entered: September 26th, 2025
Signed: September 25th, 2025

**SO ORDERED**

AS AMENDED BY THE COURT.



DAVID E. RICE
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
**(Baltimore Division)**

| | |
|---|---|
| In re<br><br>Diamond Comic Distributors, Inc., *et al.*,<br><br>Debtors.[2] | Case No. 25-10308 (DER)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>**Re: D.I. 790 & 879** |

**ORDER GRANTING APPLICATION FOR COMPENSATION OF
RAYMOND JAMES & ASSOCIATES, INC., AS INVESTMENT BANKER
FOR THE DEBTORS AND DEBTORS IN POSSESSION, AS SUPPLEMENTED**

Raymond James & Associates, Inc. ("Raymond James"), investment banker for the above-captioned debtors and debtors in possession (the "Debtors"), filed its Final *Application for Compensation of Raymond James & Associates, Inc., as Investment Banker for the Debtors and Debtors in Possession* (the "Application") [D.I. 790] and the *Final Application of Raymond James & Associates, Inc. for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Investment Banker to the Debtors in Possession for the Period From January 14, 2025*

---

[2] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

1

*Through August 31, 2025* (the "Supplement").  The Court has reviewed the Application and Supplement and finds that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) notice of the Application and Supplement, and any hearing on the Application and Supplement, was adequate under the circumstances; and (c) all persons with standing have been afforded the opportunity to be heard on the Application and Supplement.  Accordingly, it is hereby ORDERED THAT:

1. The Application, as supplemented by the Supplement, is GRANTED.

2. Raymond James is allowed the sum of $3,772,831.25[3] as compensation for its Business Combination Transaction Fee, DIP Financing Fee, and Monthly Advisory Fees on a final basis.

3. Raymond James is allowed the sum of $66,097.58 as reimbursement for all expenses incurred on a final basis.

4. Raymond James is allowed the sum of $47,326.15 for costs and fees incurred in defending the adversary proceeding captioned *Alliance Entertainment, LLC v. Diamond Comic Distributors, Inc. (In re Diamond Comic Distributors, Inc.)*, Adv. Proc. No. 25-00112 (DER) (Bankr. D. Md.) (the "Adversary Proceeding").  The amounts allowed in this Order are without prejudice to the right of Raymond James to seek further amounts for defense costs or indemnification arising from or related to the Adversary Proceeding.

5. The Debtors are authorized to pay Raymond James all outstanding fees and expenses allowed pursuant to this Order as allowed administrative expense claims.

---

[3] Consistent with the Raymond James Engagement Letter and the Retention Order, the Business Combination Transaction Fees are net of a $150,000 credit for the DIP Financing Fee. Excluding the credit, Compensation sought would be $3,922,831.25.

6. The entry of this Order and the approval and payment of any fees and expenses hereunder are without prejudice to the rights, if any, of any party in interest to seek disgorgement of such amounts in the event there is (i) a determination by final, non-appealable order entered by a court of competent jurisdiction that Raymond James committed, aided, or abetted fraud in respect of services rendered in these cases as alleged in the litigation encaptioned *Alliance Entertainment, LLC v. Diamond Comic Distributors, Inc. (In re Diamond Comic Distributors, Inc.)*, Adv. Proc. No. 25-00112 (DER) (Bankr. D. Md.) and (ii) Raymond James does not have rights or defenses that are held by a court of competent jurisdiction to limit or preclude disgorgement**,** such as offset, limitation of liability, contribution or indemnity.

7. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order, including, without limitation, disgorgement by Raymond James in the event the bankruptcy estate proves to be administratively insolvent.

**END OF ORDER**