# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
## (Baltimore Division)

| | |
|---|---|
| In re | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc., *et al.*, | Chapter 11 |
| Debtors.[1] | (Jointly Administered) |
| | Re: D.I. 136, 168, 215, 264, 312, 385 & 407 |

**CERTIFICATION OF COUNSEL REGARDING STIPULATION AMONG DEBTORS, DIAMOND COMICS DISTRIBUTORS II LLC AND AIREIT MEMPHIS DC LLC REGARDING ASSUMPTION AND ASSIGNMENT OF UNEXPIRED REAL ESTATE LEASE, AS AMENDED, TO DIAMOND COMICS DISTRIBUTORS II LLC**

The undersigned counsel to the above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby certifies that:

1. On February 21, 2025, the Debtors filed the *Debtors' Motion For Entry of an Order (I) Approving The Sale of Substantially all of The Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances; (II) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief [D.I. 168]* (the "Initial Motion"). On April 29, 2025, the Debtors filed the *Debtors' Motion For Entry of Orders Authorizing The Sale of Substantially all of the Debtors' Assets to The Back-Up Bidders Pursuant to The Bidding Procedures Order* [D.I. 385] (the "Supplemental Motion" and, together with the Initial Motion, the "Sale Motion").

2. AIREIT Memphis DC LLC filed several objections to the Sale Motion and, specifically, to the potential assignment of a certain real estate located in Olive Branch, Mississippi

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

pursuant to a lease agreement dated September 13, 2007, as amended by that certain First Amendment to Lease Agreement dated June 24, 2008, that certain Second Amendment to Lease Agreement dated March 31, 2011, that certain Third Amendment to Lease Agreement dated September 1, 2011, and that certain Fourth Amendment to Lease Agreement dated December 11, 2020 (as so amended, the "Lease").  The lessor with respect to the Lease was AIREIT.

3.      The Debtors, AIREIT and the proposed assignee of the Lease – an affiliate of the purchaser of the Debtors' Diamond Comic Distributors business – have resolved AIREIT's objections to the assumption and assignment of the Lease pursuant to a Stipulation ("Stipulation"), which is attached to the proposed order attached hereto as **Exhibit A** (the "Proposed Order").

4.      The Debtors believe that their entry into the Stipulation is consistent with, and in furtherance of, the Court's *Order (I) Approving Asset Purchase Agreement Among the Debtors and Sparkle Pop, LLC; (II) Approving Sale of Certain of the Debtors' Assets Free and Clear of all Liens, Claims, Encumbrances and Other Interests; (III) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief*, entered May 1, 2025 [D.I. 407] (the "Sale Order").  Among other things, the Sale Order provided for the payment of cure amounts with respect to assumed and assigned contracts and expressly provided that "[t]he Cure Amount of any Assigned Contract subject to an Adjourned Contract Objection shall be fixed at the amounts agreed to in writing by the Debtors (subject to the consent of Purchaser) and such counterparties, or if no agreement is reached, fixed at the amounts ordered by this Court after a hearing at a date and time reasonably determined by the Debtors in consultation with Purchaser (or otherwise scheduled by this Court)." Sale Order, at par. 26.  Here, an agreement has been reached regarding the applicable cure amount.

5. Pursuant to the Court's comments at a hearing held on September 10, 2025, the Debtors have shared the Stipulation with counsel to their DIP Lender (JPMorgan Chase Bank, N.A.) and with counsel to the Official Committee of Unsecured Creditors (the "Committee"). Both the DIP Lender and the Committee have informed the Debtors that they have no objection to Court approval of the Stipulation. Notwithstanding the provisions of the Sale Order and the Court's comments on September 10, 2025, counsel to the Ad Hoc Committee of Consignors and counsel to the Consignment Group have informed the Debtors that they believe that approval of the Stipulation should be by motion, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedures.

6. Accordingly, pursuant to rule 9013-1(d) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland, the Debtors respectfully request that the Court enter the Proposed Order, approving the Stipulation, at its earliest convenience.

Respectfully submitted,

[*Remainder of Page Left Intentionally Blank*]

Dated: September 26, 2025                    **SAUL EWING LLP**

By: /s/ *Jordan D. Rosenfeld*
Jordan D. Rosenfeld (MD Bar No. 13694)
1001 Fleet Street, 9th Floor
Baltimore, MD 21202
Telephone: (410) 332-8600
Email: jordan.rosenfeld@saul.com

-and-

Jeffrey C. Hampton (admitted *pro hac vice*)
Adam H. Isenberg (admitted *pro hac vice*)
Turner N. Falk (admitted *pro hac vice*)
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Email: jeffrey.hampton@saul.com
          adam.isenberg@saul.com
          turner.falk@saul.com

-and-

Mark Minuti (admitted *pro hac vice*)
Paige N. Topper (admitted *pro hac vice*)
Nicholas Smargiassi (admitted *pro hac vice*)
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
Telephone: (302) 421-6800
Email: mark.minuti@saul.com
          paige.topper@saul.com
          nicholas.smargiassi@saul.com
*Counsel for Debtors and Debtors in Possession*

4

56364589.3