**<u>Exhibit A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | |
|---|---|
| In re | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc., *et al.*, | Chapter 11 |
| Debtors.[1] | (Jointly Administered) |
| | Re: D.I. 666 |

**ORDER APPROVING STIPULATION AMONG DEBTORS, DIAMOND COMICS
DISTRIBUTORS II LLC AND AIREIT MEMPHIS DC LLC REGARDING
ASSUMPTION AND ASSIGNMENT OF UNEXPIRED REAL ESTATE LEASE, AS
AMENDED, TO DIAMOND COMICS DISTRIBUTORS II LLC**

Upon consideration of the *Certification of Counsel Regarding Stipulation Among Debtors,
Diamond Comics Distributors II LLC and AIREIT Memphis DC LLC Regarding Assumption and
Assignment Of Unexpired Real Estate Lease, As Amended, To Diamond Comics Distributors II
LLC* (the "Certification of Counsel")[2]; and the Court having reviewed the Certification of Counsel
and having found that the relief requested therein is consistent with the relief sought in the Sale
Motion (as such term is defined in the Certification of Counsel) and is in the best interests of the

---

[1]    The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification
numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc.
(7458); and Diamond Select Toys & Collectibles, LLC (6585).  The Debtors' mailing address is: 10150 York
Road, Suite 300, Hunt Valley, Maryland 21030.

[2]    Capitalized terms used but not defined herein are defined in the Certification of Counsel.

Debtors' estates, creditors and other parties-in-interest; and after due deliberation and good and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1.      The Stipulation Among Debtors, Diamond Comics Distributors II LLC and AIREIT Memphis DC LLC Regarding Assumption and Assignment Of Unexpired Real Estate Lease, As Amended, To Diamond Comics Distributors II LLC (the "<u>Stipulation</u>"), as attached hereto as <u>**Exhibit 1**</u>, is **APPROVED**.

2.      The Debtors are authorized to take all actions contemplated by the Stipulation.

3.      The Court shall retain jurisdiction with respect to all matters relating to this Order and the Stipulation.

**END OF ORDER**

56364589.3

**EXHIBIT 1**

**Stipulation**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc., *et al.*, | Chapter 11 |
| Debtors.[1] | (Jointly Administered) |

**STIPULATION AMONG DEBTORS, DIAMOND COMICS DISTRIBUTORS II LLC
AND AIREIT MEMPHIS DC LLC REGARDING ASSUMPTION
AND ASSIGNMENT OF UNEXPIRED REAL ESTATE LEASE, AS AMENDED,
TO DIAMOND COMICS DISTRIBUTORS II LLC**

This Stipulation Among Debtors, Diamond Comics Distributors II LLC and AIREIT Memphis DC LLC Regarding Assumption and Assignment of Unexpired Real Estate Lease, as Amended, to Diamond Comics Distributors II LLC ("Stipulation") is entered into as of September 25, 2025 between and among the above-captioned debtors and debtors-in-possession (the "Debtors"), Diamond Comics Distributors II LLC ("Diamond II") and AIREIT Memphis DC LLC ("AIREIT"), by and through their undersigned counsel. As used herein, the term "Parties" shall collectively refer to the Debtors, Diamond II and AIREIT.

**WHEREAS**, on January 14, 2025 (the "Petition Date"), each Debtor commenced a case under chapter 11 of the Bankruptcy Code. The Debtors are maintaining their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**WHEREAS**, as of the Petition Date, Debtor Diamond Comic Distributors, Inc. ("Diamond") was the lessee with respect to a lease of certain real estate located in Olive Branch, Mississippi pursuant to a lease agreement dated September 13, 2007, as amended by that certain First Amendment to Lease Agreement dated June 24, 2008, that certain Second Amendment to

---

[1]     The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

Lease Agreement dated March 31, 2011, that certain Third Amendment to Lease Agreement dated September 1, 2011, and that certain Fourth Amendment to Lease Agreement dated December 11, 2020 (as so amended, the "Lease"). The lessor with respect to the Lease was AIREIT.

WHEREAS, the Lease covered a 600,000 square foot commercial warehouse in Olive Branch Mississippi, which was the main warehouse for the Debtors' Diamond Comic Distributors division.

WHEREAS, on February 11, 2025, the Court entered an order establishing, among other things, bidding procedures and deadlines for the Debtors' post-petition sale process (D.I. 136) (the "Bid Procedures Order"). On February 21, 2025, the Debtors filed a motion seeking authority to sell substantially all their assets free and clear of any liens, claims, interests and encumbrances, and to assume and assign executory contracts and unexpired leases in connection with the sale of the Debtors' assets (D.I. 168).

WHEREAS, in accordance with the Bid Procedures Order, the Debtors held an auction on March 24 and 25, 2025. Following such auction, the Debtors filed the *Notice of Designation of Successful Bidder and Back-Up Bidder* (D.I. 270) identifying Alliance Entertainment, LLC ("Alliance") as the successful bidder and a combination of Universal Distribution, LLC ("Universal") and Ad Populum, LLC (an affiliate of Diamond II), as the back-up bidders.

WHEREAS, the sale to Alliance did not close and the Debtors pivoted to seeking authority to sell their assets to the designated back-up bidders. *See Debtors' Motion for Entry of Orders Authorizing the Sale of Substantially All of the Debtors' Assets to the Back-Up Bidders Pursuant to the Bidding Procedures Order* (D.I. 385).

2

**WHEREAS**, on May 1, 2025, the Court entered Orders approving the sale of substantially all the Debtors' assets to Universal and Sparkle Pop, LLC (an affiliate of Ad Populum, LLC and Diamond II).  *See* D.I. 407 & 408.

**WHEREAS**, as used herein, the term "Sparkle Pop Sale Order" refers to the Court's *Order (I) Approving Asset Purchase Agreement Among the Debtors and Sparkle Pop, LLC; (II) Approving Sale of Certain of the Debtors' Assets Free and Clear of all Liens, Claims, Encumbrances and Other Interests; (III) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief* [D.I. 407].

**WHEREAS**, AIREIT had filed certain objections to the proposed sale and/or the potential assignment of the Lease.  The Sparkle Pop Sale Order accordingly provided that ". . . notwithstanding anything to the contrary in this Order, all objections raised by AIREIT . . . in the pleadings filed at Docket Nos. 215, 264 and 312 are expressly and specifically reserved for hearing by the Court at a later date."  Sparkle Pop Sale Order, at par. 43.

**WHEREAS**, closing on the Asset Purchase Agreement approved by the Sparkle Pop Sale Order (the "Sparkle Pop APA") has occurred.  *See* D.I. 500.

**WHEREAS**, the Sparkle Pop APA contemplated the potential assumption and assignment of the Lease, with the cure cost to be covered by the Debtors as set forth therein.

**WHEREAS**, subsequent to the closing on the Sparkle Pop APA, Diamond II and AIREIT held discussions regarding the assumption and the assignment of the Lease to Diamond II, as well as the potential amendment of the Lease;

**WHEREAS**, as of the date hereof, the Lease has been neither assumed nor rejected; rather, AIREIT has consented to an extension of the deadline for such assumption or rejection, pursuant

3

to Section 365 of the Bankruptcy Code, through September 30, 2025, and the Debtors have filed a motion for Court approval of such extension (D.I. 703), as amended (D.I. 792).

**WHEREAS**, Diamond II and AIREIT have concluded their discussions and they and the Debtors have agreed, subject to Court approval, on the Debtors' assumption and assignment of the Lease to Diamond II and the amendment of the Lease.

**NOW, THEREFORE**, in consideration of the mutual promises and agreements contained herein, the Parties hereby agree, subject to Bankruptcy Court approval as set forth herein, as follows:

1.      Each of the recitals set forth above is hereby incorporated herein by reference.

2.      Pursuant to section 365 of the Bankruptcy Code, upon entry of an order of the Court approving this Stipulation, the Lease shall be deemed assumed by Diamond and assigned to Diamond II, as amended pursuant to that certain Fifth Amendment to Lease Agreement executed by AIREIT and Diamond II (the "Fifth Amendment").  The Lease, as so amended, is hereafter referred to as the "Amended Lease."

3.      Within three (3) business days of entry of the order by the Court approving this Stipulation, the Debtors shall pay or cause to be paid the following amounts to AIREIT, which shall constitute all amounts necessary to cure any and all defaults arising under the Lease pursuant to section 365(b)(1), including but not limited to obligations due and owing to AIREIT with respect to the assumption and assignment of the Amended Lease by the Debtors to Diamond II:

> i.   $451,083.73, which amount shall be paid from proceeds escrowed from the closing on the Sparkle Pop APA, as currently held in escrow by Omni Agent Solutions, LLC.
>
> ii.  $84,510.81, which amount shall be paid by Diamond.

4

4.      For the avoidance of doubt, other than as set forth in paragraph 3 hereof, no additional or further amounts are or shall be required to be paid in order to cure defaults existing under the Lease as of the date hereof as required by section 365 of the Bankruptcy Code in connection with the assumption by the Debtors and the assignment to Diamond II of the Amended Lease.

5.      AIREIT hereby consents to the extension of the Debtors' time period to assume or reject the lease, pursuant to section 365 of the Bankruptcy Court, until September 30, 2025.

6.      This Stipulation, once approved by the Court, shall resolve AIREIT's objections filed as Docket Nos. 215, 264 and 312 with respect to the Lease.

7.      Upon entry of an order of the Court approving this Stipulation and AIREIT's receipt of the cure payments specified in paragraph 3 hereof, and subject to AIREIT's receipt of all amounts due under the Lease attributable to the month of September 2025, including but not limited to Base Rent and Additional Rent due under the terms of the Lease and provided that there are no other monetary defaults under the Lease, AIREIT shall promptly return to JPMorgan Chase Bank, N.A. ("JPM"), undrawn, the $1.0 million letter of credit issued by JPM for the benefit of AIREIT or its predessessor(s), to secure certain obligations of Diamond with respect to the Lease.

8.      Upon entry of an order of the Court approving this Stipulation and subject to payment of the cure amounts set forth in paragraph 3 hereof, all of Diamond's right, title and interest in and to the Amended Lease shall be assigned, transferred and conveyed to Diamond II, and Diamond II accepts said assignment and assumes all of the obligations of Debtor as "Tenant" under the Amended Lease.

9.      Except for the provisions of paragraph 5 hereof, which shall be effective upon the execution of this Stipulation, this Stipulation is subject to Court approval, and shall not be binding on the Debtors until the Court has entered an order approving this Stipulation.

10.     This Stipulation is the entire agreement between the Debtors, Diamond II and AIREIT with respect to the assumption and assignment of the Lease.  This Stipulation supersedes any and all agreements, whether written or oral, that may have previously existed between the Parties with respect to the assumption and assignment of the Lease.  No statements, promises, or representations have been made by any Party to any other, or relied upon, and no consideration has been offered, promised, expected, or held out other than as expressly provided for herein.

11.     The Parties each represent and warrant that the undersigned is fully authorized and empowered to execute and deliver this Stipulation on behalf of, and to bind, each Party, as applicable, to the terms and conditions of this Stipulation; *provided*, *however*, that the Debtors' authorization is subject to Court approval.

12.     In the event of any ambiguity in this Stipulation, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation.

13.     This Stipulation may be modified, amended, or supplemented by the Parties, in writing, duly executed by an authorized representative of each of the parties, and without further order of the Court, provided that any such modification, amendment, or supplement either is (a) not material or (b) not less favorable to the Debtors than the existing applicable provisions without further order of the Court.

14.     This Stipulation is a fully integrated agreement with each provision being fully integrated and dependent on each other provision and no provision of this Stipulation may be held

6

to be unenforceable without this entire Stipulation being held to be unenforceable and no provision may be "blue penciled" to render such provision enforceable.

15.     This Stipulation shall be governed by and construed in accordance with the Bankruptcy Code and, where not inconsistent, the laws of the State of Maryland, without regard to the conflict of laws[2] principles thereof.  This Stipulation shall be binding upon and inure to the benefit of the Parties and their respective successors, assignees, designees, agents, attorneys, and representatives.

16.     This Stipulation may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which when so executed shall be deemed to be an original, and all of which, when taken together, shall constitute one and the same Stipulation.

17.     The Parties acknowledge and agree that the Court shall retain jurisdiction over all disputes concerning or related to the subject matter of this Stipulation.

18.     This Stipulation shall not be construed for or against any party, but rather shall be given a fair and reasonable interpretation based upon the plain language of the Stipulation and the expressed intent of the parties.

[remainder of page intentionally blank]

7

**IN WITNESS WHEREOF**, the Parties, by and through their duly authorized respective counsel, hereby execute this Stipulation as of the date first written above, intending to be legally bound.

| SAUL EWING LLP | DLA PIPER LLP US |
|---|---|
| By:/s/ Jordan D. Rosenfeld_____<br>Jordan D. Rosenfeld (MD Bar No. 13694)<br>1001 Fleet Street, 9th Floor<br>Baltimore, MD 21202<br>Telephone: (410) 332-8600<br>Email: jordan.rosenfeld@saul.com<br><br>-and-<br><br>Jeffrey C. Hampton (admitted *pro hac vice*)<br>Adam H. Isenberg (admitted *pro hac vice*)<br>Turner N. Falk (admitted *pro hac vice*)<br>1500 Market Street, 38th Floor<br>Philadelphia, PA 19102<br>Telephone: (215) 972-7777<br>Email: jeffrey.hampton@saul.com<br>     adam.isenberg@saul.com<br>     turner.falk@saul.com<br>-and-<br><br>Mark Minuti (admitted *pro hac vice*)<br>Paige N. Topper (admitted *pro hac vice*)<br>Nicholas Smargiassi (admitted *pro hac vice*)<br>1201 N. Market Street, Suite 2300<br>Wilmington, DE 19801<br>Telephone: (302) 421-6800<br>Email: mark.minuti@saul.com<br>paige.topper@saul.com<br>     nicholas.smargiassi@saul.com<br><br>*Counsel for Debtors and Debtors in Possession* | By: /s/ Ellen E. Dew_____<br>Ellen E. Dew (MD Bar No. 28830)<br>Peter J. Artese (MD Bar No. 31258)<br>DLA Piper LLP US<br>650 S. Exeter Street, Suite 1100<br>Baltimore, MD 21201<br>Telephone: (410) 580-3000<br>Ellen.dew@us.dlapiper.com<br>Peter.artese@us.dlapiper.com<br><br>*Attorneys for Diamond Comics Distributors II LLC* |
|  |  |

8

VENABLE LLP

By: /s/ *Laura S. Bouyea*
Laura S. Bouyea (Fed. Bar No. 27812)
750 East Pratt Street, Suite 900
Baltimore, MD 21202
Telephone: (410) 244-7400
Email: lsbouyea@venable.com

and

MUNSCH HARDT KOPF & HARR, P.C.
Deborah M. perry (*admitted pro hac vice*)
500 N. Akard Street, Suite 4000
Dallas, TX 75201-6659
Telephone: (214) 855-7500
Email: dperry@munsch.com

*Attorneys for AIREIT Olive Branch DC LLC*

9