UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re:<br><br>DIAMOND COMIC DISTRIBUTORS, INC.,<br>EIN: 521243450,<br><br>       Debtor. | Case No. 25-10308-DER<br><br>Chapter 11 |

### MOTION OF ARA, INC. D/B/A LONE OAK PAYROLL
### FOR ALLOWANCE AND IMMEDIATE PAYMENT
### OF ADMINISTRATIVE EXPENSE CLAIM

ARA, Inc. d/b/a Lone Oak Payroll ("Lone Oak") files this motion under 11 U.S.C. § 503(b)(1) for allowance and immediate payment of an administrative expense claim for $94,894.48 for post-petition staffing services, which were actual, necessary costs and expenses of preserving the estate. In support of this motion, Lone Oak states:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

2. On January 14, 2025 ("Petition Date"), Diamond Comic Distributors, Inc. ("Debtor") filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code with this Court, commencing the above-captioned case number 25-10308-DER.

3. The Debtor was a distributor of books, graphic novels, trade paperback books, and other pop-culture books, toys, and merchandise. It operated primarily out of its distribution center in Olive Branch, Mississippi (the "Olive Branch Center").

#955032

4.      Before the Petition Date, the Debtor employed two temporary staffing companies to perform services at the Olive Branch Center: Xceeding Partnership Solutions and Elective Staffing MidSouth (the "Staffing Firms"). The Staffing Firms' agreements with the Debtor are attached as **Exhibit 1**.

5.      Lone Oak provides factor financing to the Staffing Firms and, pursuant to agreements with them, has acquired the Staffing Firm's rights to payment from the Debtor. Factor financing is short-term financing where a business sells its unpaid invoices (accounts receivable) to a third-party finance company, called a "factor," at a discount to receive immediate cash. Copies of the applicable agreements between Lone Oak and the Staffing Firms are attached as **Exhibit 2**.

6.      After the Petition Date, by agreement with the Debtor in possession, the Staffing Firms continued to provide post-petition staffing services for the Debtor at the Olive Branch Center. The agreements with the Debtor in possession are set forth in the letters executed by the Debtor's Chief Restructuring Officer and attached as **Exhibit 3**.

7.      For the post-petition period from January 14, 2025 to May 11, 2025, the Debtor benefited from the services provided by the Staffing Firms and satisfied the weekly invoices for those services by making payments to Lone Oak.

8.      The Staffing Firms also performed services to benefit the Debtor's estate for the week of May 12, 2025 to May 18, 2025. After issuing invoices for those services, the Staffing Firms and Lone Oak were informed that the invoices for that week should be split, allocating the period through May 15, 2025 to the Debtor and the period after May 15, 2025 to the purchaser of the Debtor's assets, Ad Populum. A copy of the email directing the invoice split is attached as **Exhibit 4**.

9.      In accordance with the Debtor's instructions, the Staffing Firms reissued invoices for the period through May 15, 2025. Those invoices, totaling $94,894.48, are attached as **Exhibit 5**. Despite multiple requests, the Debtor has neither satisfied the invoices, nor provided any explanation for its failure to pay.

10.     The $94,894.48 owed to Lone Oak represents actual costs and expenses of the estate. These expenses were incurred post-petition and necessary to preserve the Debtor's estate. Accordingly, the Court should afford administrative expense priority and immediately pay Lone Oak's claim for $94,894.48.

## RELIEF REQUESTED

11.     Lone Oak seeks the allowance and immediate payment of its claim for $94,894.48 as an administrative expense under § 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code for services rendered after the Petition Date that benefited the Debtor's estate.

## BASIS FOR RELIEF REQUESTED

12.     Lone Oak is entitled to an allowance and immediate payment of an administrative expense claim for the services the Staffing Firms provided and invoiced post-petition.

13.     Section 503 of the Bankruptcy Code allows for the priority payment of administrative expenses for post-petition costs the debtor in possession incurred in preserving the estate. In relevant part, section 503 provides as follows:

> (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—
> (1)
> (A) the actual, necessary costs and expenses of preserving the estate including—
> (i) wages, salaries, and commissions for services rendered after the commencement of the case;

14. The overriding purpose for allowing payments of administrative expenses under section 503(b)(1)(A) is to facilitate the efforts by the debtors in possession to rehabilitate their businesses for the benefit of all the estates' creditors. *See Trustees of Amalgamated Ins. Fund v. McFarlin's, Inc.*, 789 F.2d 98, 14 Collier Bankr. Cas. 2d (MB) 1075, 7 Employee Benefits Cas. (BNA) 1426, Bankr. L. Rep. (CCH) P 71096 (2d Cir. 1986). "[A]n administrative expense claim will be allowed [under section 503(b)(1)(A) of the Bankruptcy Code] where the expense (1) arises post-petition; and (2) is beneficial to the Debtor's estate." *In re Lease-A-Fleet, Inc.*, 140 B.R. 840, 845 (Bankr. E.D. Pa. 1992). "[T]he terms of the agreement are entitled to treatment as an administrative expense where those terms serve to preserve and protect the estate." *Kaufman v. S and C Corp.,* 171 B.R.38, 41 (S.D. Tex. 1994) (citing *Isaac v. Temex Energy, Inc. (In re Amarex, Inc.),* 853 F.2d 1526, 1530 n.4 (10th Cir.1988)).

15. Here, the full amount owed to Staffing Firms for their post-petition services is entitled to treatment as an administrative expense. The Debtor's estate benefited from the Staffing Firm's services that facilitated the Debtor's ability to continue to conduct its distribution business through the Olive Branch Center while the Debtor was transitioning its income-generating operations to the asset purchaser. But for the services provided by the Staffing Firms, the Debtor could not have met its obligations to customers or its asset purchaser, Ad Populum, and the value of the Debtor's assets depended on the ability to maintain distribution operations.

16. Accordingly, the amounts owed to the Staffing Firms for post-petition services should be afforded administrative expense priority as a necessary cost and expense of preserving the Debtor's bankruptcy estate.

17. Lone Oak is the holder of the Staffing Firms' accounts receivable and entitled to collect on the invoices to the Debtor.

18. In addition to being afforded administrative expense priority, the claim for the Staffing Firms' post-petition services should be paid immediately. The Court has discretion to order immediate payment, and the circumstances here justified such a requirement. The services provided to the Debtor for which Lone Oak is entitled to payment were offered at a critical time in the transfer of the Debtor's assets to Ad Populum, and the Staffing Firms relied on course of post-petition dealings when agreeing to provide services at the transition. Now, the Staffing Firms (against which Lone Oak has recourse) and their owners (guarantors of the debt to Lone Oak) may be forced to apply their limited resources to cover the Lone Oak obligations, risking their ability to remain in business and continue to perform for Ad Populum.

19. The Debtor's professionals continue to apply for and receive compensation for the services they provide in the case. *See e.g.*, Seventh Monthly Fee Application for Compensation to Counsel for the Debtors (Doc. 923) (seeking on September 29, 2025 fees and expenses in the approximate amount of $650,000 for the services performed in one month). There is no justifiable basis to delay payment to critical post-petition vendors while other administrative claimants with substantially larger claims are paid on a current basis.

## LOCAL RULE 9013-2 STATEMENT

20. Pursuant to Local Rule 9013-2, Lone Oak will not be filing a separate memorandum with respect to this Motion, but will rely solely upon the grounds and authorities set forth in this Motion and any reply memorandum to be filed after the Debtor's response.

WHEREFORE, Lone Oak respectfully requests the Court to enter an order (i) allowing Lone Oak an administrative expense claim against the Debtor's estate in the amount of $94,894.48 for the expenses it incurred in performing post-petition services for the Debtor; (ii)

authorizing and directing the immediate payment to Lone Oak of such administrative expense claim; and (iii) granting any additional relief that may be just and proper.

                Respectfully submitted,

Dated:  October 10, 2025

/s/ *David G. Sommer*
David G. Sommer, Bar. No. 27581
Jared S. Dvornicky, Bar. No. 19157
Gallagher LLP
218 N. Charles Street, Suite 400
Baltimore, MD  21201
Telephone:  410-951-1414
dsommer@gallagherllp.com
jdvornicky@gallagherllp.com

*Counsel for ARA, Inc. d/b/a Lone Oak Payroll*

#955032

6