Entered: October 17th, 2025
Signed: October 17th, 2025

**SO ORDERED**

FURTHER ORDERED, that in his role as Resolution Advocate, the Resolution Advocate shall retain the same immunity he has as a judge under federal law and common law from liability for any act or omission in connection with the mediation and from compulsory process to testify or produce documents in connection with the mediation.



DAVID E. RICE
U. S. BANKRUPTCY JUDGE

<br>

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc., *et al.*, | Chapter 11 |
| Debtors.[1] | (Jointly Administered) |

**ORDER ASSIGNING MATTERS TO THE BANKRUPTCY DISPUTE
RESOLUTION PROGRAM AND APPOINTING RESOLUTION ADVOCATE**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), the Official Committee of Unsecured Creditors (the "Committee"), JPMorgan Chase Bank, N.A. (the "Lender"), The Consignment Group,[2] the Ad Hoc Committee of Consignors[3] (the "Ad Hoc Committee") and Sparkle Pop, LLC ("Sparkle Pop", and together with the Debtors, the Committee, the Lender, The Consignment Group and Sparkle Pop, the "Parties") have requested submission

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585).  The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

[2] The Consignment Group consists of the following parties: (i) Aspen MLT, LLC a/k/a Aspen Comics, (ii) Black Mask Studios, LLC, (iii) DSTLRY Media, Inc., (iv) Dynamic Forces, Inc. a/k/a Dynamite Entertainment, (v) Heavy Metal International, LLC, (vi) Magnetic Press, LLC, (vii) Massive Publishing, LLC, (viii) Oni-Lion Forge Publishing Group, LLC f/k/a Oni Press, LLC, (ix) Panini UK Ltd., (x) Punk Bot Comic Books, LLC a/k/a Alien Books, (xi) The Penn State University a/k/a Graphic Mundi, (xii) Titan Publishing Group, Ltd., (xiii) Vault Storyworks, LLC a/k/a Vault Comics f/k/a Creative Mind, and (xiv) Dark Horse Comics, LLC.

[3] The Ad Hoc Committee consists of the following parties: (i) Ablaze, LLC, (ii) American Mythology Productions LLC, (iii) Avatar Press, Inc., (iv) Andrew Kafoury d/b/a Battle Quest Comics, (v) Bryan Seaton d/b/a Action Lab, (vi) Drawn & Quarterly Books Inc., (vii) Fantagraphics Books, Inc., (viii) Green Ronin Publishing LLC, (ix) Herman and Geer Communications, Inc. d/b/a Hermes Press, (x) Living the Line LLC, (xi) Paizo, Inc., (xii) UDON Entertainment Inc., and (xiii) Zenescope Entertainment, Inc.

56439420.6

of the following matters (collectively, the "Mediation Matters") to this Court's Bankruptcy Dispute Resolution Program (the "BDRP"):

- Motion Seeking Entry of an Order Requiring the Debtors to Assume or Reject Executory Contracts with Members of *Ad Hoc* Committee of Consignors; and For Related Relief [D.I. 679] (the "*Ad Hoc* Committee Motion");

- Motion Seeking Entry of an Order Requiring the Debtors to Assume or Reject Executory Contracts with Members of the Consignment Group; and For Related Relief [D.I. 747] (collectively with the *Ad Hoc* Committee Motion, the "Consignors' Motions");

- Debtors' Motion (I) to Enforce the Automatic Stay, (II) To Enforce the Sale Order, and (III) Granting Related Relief [D.I. 784] ("Stay Motion"), to the extent the relief requested was not resolved in the Consent Order Resolving, in Part, Debtors' Motion (I) to Enforce the Automatic Stay, (II) to Enforce the Sale Order, and (III) Granting Related Relief [D.I. 878] (the "Consent Order");

- Any and all claims related to the Consent Order, including, but not limited to claims raised in the Stay Moton and any objections or responses thereto;

- The adversary proceedings commenced by the Debtors against members of The Consignment Group and the Ad Hoc Committee (the "Adversary Proceedings");[4]

- Any administrative expense claims asserted by members of The Consignment Group or the Ad Hoc Committee;

- Any causes of action under chapter 5 of title 11 of the United States Code against members of The Consignment Group or the Ad Hoc Committee;

- Any and all claims related to the proceeds deposited by Sparkle Pop with the Court Registry pursuant to the Consent Order; and

- Any other related claims or causes of action between the Parties.

Therefore, it is, by the United States Bankruptcy Court for the District of Maryland,

ORDERED, that the Mediation Matters are referred to the BDRP; and it is further

---

[4] The applicable adversary proceedings are: (i) Adv. Proc. No. 25-00231; (ii) Adv. Proc. No. 25-00232; (iii) Adv. Proc. No. 25-00234; (iv) Adv. Proc. No. 25-00235; (v) Adv. Proc. No. 25-00236; (vi) Adv. Proc. No. 25-00237; (vii) Adv. Proc. No. 25-00238; (viii) Adv. Proc. No. 25-00240; (ix) Adv. Proc. No. 25-00242; (x) Adv. Proc. No. 25-00243; (xi) Adv. Proc. No. 25-00245; (xii) Adv. Proc. No. 25-00247; (xiii) Adv. Proc. No. 25-00248; (xiv) Adv. Proc. No. 25-00249; (xv) Adv. Proc. No. 25-00251; (xvi) Adv. Proc. No. 25-00252; (xvii) Adv. Proc. No. 25-00253; (xviii) Adv. Proc. No. 25-00255; (xix) Adv. Proc. No. 25-00256; (xx) Adv. Proc. No. 25-00257; (xxi) Adv. Proc. No. 25-00258; (xxii) Adv. Proc. No. 25-00259; (xxiii) Adv. Proc. No. 25-00261; and (xxiv) Adv. Proc. No. 25-00262.

ORDERED that any consignment vendor of the Debtors who is not one of the Parties may voluntarily participate in the BDRP contemplated by this Order; and it is further

ORDERED, that the Honorable Thomas J. Catliota is appointed as the resolution advocate under the BDRP (the "Resolution Advocate"); and it is further

ORDERED, that the Parties are directed to comply with the requirements of the BDRP as set forth in Local Bankruptcy Rule 9019-2 except to the extent the requirements are modified by the Resolution Advocate; and it is further

ORDERED, that the BDRP conference shall be completed by October 29, 2025; provided, however, that this deadline may be extended by a further Court order or by the Parties to the applicable Mediation Matter(s) if they stipulate to an extension in writing and file the stipulation with the Court; and it is further

ORDERED, that the Parties shall file a joint report regarding the status of the Mediation Matters no later than November 7, 2025; and it is further

ORDERED, that Debtors' counsel shall provide to the Resolution Advocate, within three business days from the date of this Order, a copy of this Order and the contact information for all Parties participating in the BDRP; and it is further

ORDERED, that any deadlines related to, or in connection with, the Mediation Matters are stayed pending completion of the BDRP and further order of the Court; and it is further

ORDERED, that the October 22, 2025 hearing on the Consignors' Motions is hereby continued, if necessary, to November 10, 2025 at 2:00 p.m., preserving the right to complete pending or contemplated discovery related thereto; and it is further

ORDERED, that the October 23, 2025 pre-trial conferences in the Adversary Proceedings are hereby continued, if necessary, to a date to be determined by the Court following completion of the BDRP.

**END OF ORDER**

56439420.6