IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re: | Chapter 11 |
| Diamond Comic Distributors, Inc., *et al.*,[1] | Case No. 25-10308 (DER) |
| Debtors. | (Jointly Administered) |

**CERTIFICATION REGARDING THIRD INTERIM APPLICATION OF TYDINGS & ROSENBERG LLP, AS LOCAL COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR SERVICES RENDERED AND EXPENSES INCURRED FOR THE PERIOD FROM JULY 1, 2025 THROUGH SEPTEMBER 30, 2025**

1. I am an attorney admitted to practice in the State of Marland and before this Court, and a Partner at the law firm of Tydings & Rosenberg LLP ("T&R"). T&R is a law firm with three offices, including an office in Baltimore, Maryland, located at 1 East Pratt Street, Suite 901, Baltimore, Maryland 21202.

2. I make this certification regarding the *Third Interim Application of Tydings & Rosenberg LLP, as Local Counsel for the Official Committee of Unsecured Creditors for Services Rendered and Expenses Incurred for the Period from July 1, 2025 through September 30, 2025* (the "Application") to certify to certain matters addressed in the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 203] (the "Interim Compensation Order").

3. Specifically, I have reviewed the interim period covered by the Application, and I hereby certify that such application complies with the Interim Compensation Order and the

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

3

applicable provisions of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "<u>Bankruptcy Code</u>"), the Federal Rules of Bankruptcy Procedures (the "<u>Bankruptcy Rules</u>") and the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland (the "<u>Local Bankruptcy Rules</u>"). In addition, I hereby certify that, in accordance with the Interim Compensation Order, and in connection with preparing the Application, T&R has made a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013* (the "<u>U.S. Trustee Guidelines</u>"). To that end, T&R specifically responds to certain questions identified in the U.S. Trustee Guidelines as follows:

<dl>

Question 1: Did T&R agree to any variations from, or alternatives to, T&R's standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.

<u>Answer</u>: No.

Question 2: If the fees sought in the Application as compared to the fees budgeted for the time period covered by the Application are higher by 10% or more, did T&R discuss the reasons for the variation with the client?

<u>Answer</u>: The fees sought in the Application are less than the fees budgeted in the revised DIP financing order for the time covered by such Application

Question 3: Have any of the professionals included in the Application varied their hourly rate based on geographic location of the bankruptcy case?

<u>Answer</u>: No.

Question 4: Does the Application include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices?

<u>Answer</u>: The Application includes time and fees related to reviewing or revising time records or preparing, reviewing or revising invoices in connection with the preparation of Monthly Fee Statements relating to the Application Period covered by the

4

Application T&R's third interim fee application.

Question 5: Does the Application include time for fees for reviewing time records to redact any privileged or other confidential information?

Answer: Yes.

Question 6: If the Application includes any rate increases since retention in these cases:

Answer: The Applications does not include any rate increases since retention in these cases.

Question 7: Did the client agree when retaining T&R to accept all future rate increases? If not, did T&R inform the client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

Answer: The client did not approve rate increases in advance but was notified at the outset of the engagement that T&R's hourly rates are reviewed and revised from time to time, as described in T&R's retention application.

Dated: October 30, 2025

Respectfully Submitted,

**TYDINGS & ROSENBERG LLP**

/s/ Stephen B. Gerald
Stephen B. Gerald (MD Fed Bar No. 26590)
1 East Pratt Street, Suite 901
Baltimore, Maryland 21202
Telephone: (410) 752-9700
Email: sgerald@tydings.com

*Local Counsel for the Official Committee of Unsecured Creditors*