IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc., *et al.*, | Chapter 11 |
| Debtors.[1] | (Jointly Administered) |
| | Re: D.I. 944 |

**DEBTORS' LIMITED OBJECTION TO MOTION OF ARA, INC. D/B/A
LOAN OAK PAYROLL FOR ALLOWANCE AND IMMEDIATE
PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their undersigned counsel, object (this "Objection") to the *Motion of ARA, Inc. d/b/a Loan Oak Payroll for Allowance and Immediate Payment of Administrative Expense Claim* [D.I. 944] (the "Motion") filed by ARA, Inc. d/b/a/ Loan Oak Payroll ("ARA") and state as follows:

**Objection**

1. The Debtors do not dispute the amount or allowance of the administrative claim requested in the Motion. Rather, the Debtors object to the immediate payment of the administrative claim sought in the Motion.

2. It is well established that the timing of payment of an administrative claim is left to the discretion of the court. *See In re Midway Airlines Corp.*, 406 F.3d 229, 242 (4th Cir. 2005) ("While an administrative expense under § 503(b) must be paid in cash on the effective date of the

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

plan in a chapter 11 proceeding, . . . bankruptcy courts have wide latitude in deciding whether to order payment prior to these deadlines."); *see also In re Glob. Home Prods., LLC*, No. 06-10340 (KG), 2006 WL 3791955, at * 3 (Bankr. D. Del. Dec. 21, 2006) (first citing *In re Garden Ridge Corp.*, 323 B.R. 136 (Bankr. D. Del. 2005); then citing *In re Colortex Indus., Inc.*, 19 F.3d 1371, 1348 (11th Cir. 1994)); *In re HQ Glob. Holdings, Inc.*, 282 B.R. 169, 173 (Bankr. D. Del. 2002) (first citing *In re Colortex Indus.*, 19 F.3d at 1384; then citing *In Verco Indus.*, 20 B.R. 664, 665 (B.A.P. 9th Cir. 1982) and *In re Baptist Med. Ctr. of N.Y., Inc.*, 52 B.R. 417, 421 (E.D.N.Y. 1985)).

3. One of the chief factors that courts consider when determining whether to order immediate payment of an administrative expense "is bankruptcy's goal of an orderly and equal distribution among creditors and the need to prevent a race to a debtor's assets." *In re Glob. Home Prods., LLC*, 2006 WL 3791955, at *3 (quoting *In re HQ Glob. Holdings, Inc.*, 282 B.R. at 175). To receive immediate payment an administrative claimant "must show that 'there is a necessity to pay and not merely that the Debtor has the ability to pay.'" *Id.* (internal citations omitted).

4. ARA has not demonstrated that it will suffer any hardship should it not receive immediate payment. Upon information and belief, ARA provides factor financing to Xceeding Partnership Solutions and Elective Staffing MidSouth (together, the "Staffing Firms"), which in turn provided staffing services to the Debtors. During the course of the Debtors' chapter 11 cases, the Staffing Firms received payment for substantially all the services they provided to the Debtors; the amount sought by the Motion represents amounts due for staffing services provided to the Debtors in the approximately one week period prior to the closing of the Debtors' asset sale to Sparkle Pop, LLC.

5. In support of its request for immediate payment, ARA merely asserts that the Staffing Firms provided postpetition services to the Debtors that remain unpaid. *See* Motion ¶ 18.

2

These assertions do not establish a particularized harm or prejudice sufficient to warrant immediate payment of ARA's claim.  *See In re ATP Oil & Gas Corp.*, No. 12-36187, 2014 WL 1047818, at *10 (Bankr. S.D. Tex. Mar. 18, 2014) (noting that, where an administrative claimant merely points out that it agreed to provide goods and services to a debtor in good faith and that the hardship on the claimant is "self-evident," the claimant has not shown sufficient hardship to compel immediate payment of its administrative claim).

6.  ARA's unsubstantiated statement that the Staffing Firms "may be forced to apply their limited resources to cover the Lone Oak obligations, risking their ability to remain in business and continue to perform for Ad Populum" does not warrant immediate payment of ARA's administrative claim.  Motion ¶ 18.  ARA has offered no evidence as to the Staffing Firms' resources.  Moreover, even if ARA's assertion is true, the Motion still fails to identify any hardship that ARA, as the entity entitled to collect on the invoices to the Debtors, would suffer if the administrative claim is not paid immediately.  In fact, ARA acknowledges that it has recourse against the Staffing Firms and their owners for the unpaid invoices, and thus there is no need for immediate payment of ARA's claim.  *See id.*

7.  In addition, granting ARA's request for immediate payment of an administrative expense claim would be detrimental to other creditors.  Although the Debtors believe they have substantial sources of recovery to pay administrative and other creditors, the Debtors' estates currently have limited cash resources.  *See Order Approving Seventh Stipulation Between Debtors and JPMorgan Chase Bank, N.A., Amending DIP Credit Agreement* [D.I. 982], Exh. 1 (budget through November 15, 2025, reflecting less than $3,000,000 in total sources of cash, all of which are subject to DIP Agent's liens).  Compelling immediate payment of ARA's claim would only

3

encourage a race to the courthouse to the detriment of other creditors; and therefore, this request should be denied.

8. For the foregoing reasons, immediate payment of ARA's administrative expense claim is unwarranted and inappropriate. The Debtors request that the Court strike paragraph 3 of ARA's proposed order, which states "Within ten (10) days after the entry of this Order, the Debtor shall pay Lone Oak $94,894.48 in satisfaction of such allowed administrative expense claim." The Debtors further request that any order granting the Motion in part include the following language: "ARA's allowed administrative expense claim shall be entitled to payment in accordance with any plan of liquidation filed in these cases or a further order directing payment of ARA's allowed administrative expense claim."

## Waiver of Memorandum of Law

9. Pursuant to Local Bankruptcy Rule 9013-2, the Debtors state that, in lieu of submitting a memorandum in support of this Objection, the Debtors will rely on the grounds and authorities set forth herein.

## Notice

10. Notice of this Objection will be given to the following parties, or, in lieu thereof, to their counsel: (i) the Office of the United States Trustee for the District of Maryland; (ii) the Committee; (iii) counsel to JPMorgan Chase Bank, N.A.; (iv) counsel to ARA; (v) the Staffing Firms; and (vi) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested and the facts and circumstances of these chapter 11 cases, the Debtors submit that no other or further notice is necessary.

*[Remainder of Page Left Intentionally Blank]*

**Conclusion**

WHEREFORE, the Debtors respectfully request that the Court deny the Motion in part, as specified in paragraph 7 of this Objection, and grant such other and further relief as is just and proper.

Dated: October 31, 2025                **SAUL EWING LLP**

By: */s/ Jordan D. Rosenfeld*
Jordan D. Rosenfeld (MD Bar No. 13694)
1001 Fleet Street, 9th Floor
Baltimore, MD 21202
Telephone: (410) 332-8600
Email: jordan.rosenfeld@saul.com

-and-

Jeffrey C. Hampton (admitted *pro hac vice*)
Adam H. Isenberg (admitted *pro hac vice*)
Turner N. Falk (admitted *pro hac vice*)
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Email: jeffrey.hampton@saul.com
    adam.isenberg@saul.com
    turner.falk@saul.com

-and-

Mark Minuti (admitted *pro hac vice*)
Paige N. Topper (admitted *pro hac vice*)
Nicholas Smargiassi (admitted *pro hac vice*)
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
Telephone: (302) 421-6800
Email: mark.minuti@saul.com
    paige.topper@saul.com
    nicholas.smargiassi@saul.com

*Counsel for Debtors and Debtors in Possession*

56625117.3