# EXHIBIT G

**Proposed Order**

56636549.2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc., *et al.*, | Chapter 11 |
| Debtors.[1] | (Jointly Administered) |
| | **Re: D.I.** |

**ORDER APPROVING THIRD INTERIM FEE APPLICATION OF SAUL EWING LLP,
COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
FROM JULY 1, 2025 THROUGH SEPTEMBER 30, 2025**

Upon consideration of the third interim fee application (the "Third Interim Fee Application")[2] of Saul Ewing LLP ("Saul Ewing"), counsel for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for allowance of compensation and reimbursement of expenses incurred for the period from July 1, 2025 through and including September 30, 2025 (the "Application Period"), pursuant to sections 330(a) and 331 of the

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Third Interim Fee Application.

56636549.2

Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure and Local Rule 2016-1 and Appendix D; and the Court having reviewed the Third Interim Fee Application and having found that the relief requested in the Third Interim Fee Application is in the best interests of the Debtors' estates, creditors and other parties-in-interest; and after due deliberation and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Third Interim Fee Application is APPROVED as set forth herein.

2. Saul Ewing is allowed and awarded compensation of $1,426,634.25 for services rendered to the Debtors during the Application Period.

3. Saul Ewing is allowed and awarded reimbursement of actual and necessary expenses of $30,669.46 incurred during the Application Period.

4. The Debtors are hereby authorized to remit payment to Saul Ewing all allowed amounts of fees and expenses approved by this Order, less any amounts already paid pursuant to the Interim Compensation Order.

5. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

**END OF ORDER**