IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re<br><br>Diamond Comic Distributors, Inc., *et al.*,<br><br>Debtors.[1] | Case No. 25-10308 (DER)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>Re: D.I. 747 |

**DEBTORS' OBJECTION TO CONSIGNMENT GROUP'S MOTION
SEEKING ENTRY OF ORDER REQUIRING THE DEBTORS TO
ASSUME OR REJECT EXECUTORY CONTRACTS WITH MEMBERS
OF THE CONSIGNMENT GROUP; AND FOR RELATED RELIEF**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by and through their undersigned counsel, hereby object to the Consignment Group's *Motion Seeking Entry of Order Requiring the Debtors to Assume Or Reject Executory Contracts With Members Of the Consignment Group; And for Related Relief* (the "Motion to Compel") [D.I. 747], and in opposition thereto respectfully state as follows:

1. They Consignment Group's Motion to Compel is almost identical to the motion to compel filed by the Ad Hoc Committee on August 1, 2025 [D.I. 679][2]. In fact, the Motion to Compel copies the Ad Hoc Committee's motion almost verbatim.

2. The Debtors accordingly incorporate, with respect to the Consignment Group's Motion to Compel, their objection [D.I. 738] (the "Prior Objection") to the Ad Hoc Committee's

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

[2] The Ad Hoc Committee's motion was styled *Motion Seeking Entry of an Order Requiring the Debtors to Assume or Reject Executory Contracts With Members of Ad Hoc Committee of Consignors; And For Related Relief*.

56439916.5

motion to compel. A true and correct copy of the Debtors' Prior Objection is attached hereto as **Exhibit 1** (without exhibits).

3. Due to several developments in these cases that have occurred since the Debtors filed their Prior Objection, which was on August 15, 2025, the Debtors hereby supplement their Prior Objection, as incorporated herein, with several additional points.

4. *First*, at the time the Debtors filed their Prior Objection, and at the time the Consignment Group's Motion to Compel was filed, there were questions as to whether the consigned inventory was appropriately safeguarded. Specifically, consignors had raised concerns regarding the sale of consigned inventory by Sparkle Pop, LLC ("Sparkle Pop"), which of course had no right to do so.

5. The Debtors have since filed a motion to enforce the automatic stay, which among other things sought an order of the Court directing Sparkle Pop from continuing to sell any consigned inventory. This motion was resolved by Consent Order entered September 19, 2025 [D.I. 878]. Under the terms of this Consent Order, Sparkle Pop is expressly prohibited from continuing to sell any consigned inventory, whether obtained from members of the Consignment Group, the Ad Hoc Committee, or otherwise. This Consent Order also requires Sparkle Pop to pay into the Registry of the Court all proceeds received in connection with the sale of consigned inventory, pending further order of the Court. The Consent Order also requires Sparkle Pop to provide an accounting of its sales of consigned inventory.

6. Since entry of the Consent Order, Sparkle Pop filed a Certification on September 17, 2025 [D.I. 889], certifying under of penalty of perjury, that it has removed all consigned inventory from is marketing materials and that it has ceased all sales of consigned inventory. Further, Sparkle Pop has provided counsel to the Debtors, he Consignment Group and the Ad Hoc

56439916.5

Committee with three (3) detailed accountings of its sale of consigned inventory certified by a Sparkle Pop officer. Finally, and consistent with the Consent Order, Sparkle Pop has made three (3) payments totaling $840,155 into the Court's Registry, representing the net sale proceeds of consigned inventory on hand as of May 15, 2025.[3]

7. **Second**, as a result of the Consignment Group's (and the Ad Hoc Committee's) procedural and due process objections to the *Debtors' Motion for Entry of an Order Approving (I) Procedures for Sale or Other Disposition of Consigned Inventory (II) Approving Sales or Other Disposition of Consigned Inventory Free and Clear of Liens, Claims, Interests or Encumbrances and (III) Granting Related Relief* [D.I. 531] (the "Consignment Motion"), the Court ruled that adversary proceedings are required for the Court to determine the various parties' competing interests in the consigned inventory. As a result of this ruling, the Debtors filed a series of adversary complaints against substantially all the members of the Consignment Group and the Ad Hoc Committee.

8. The Consignment Group should not be permitted to effectively moot these adversary proceedings by their Motion to Compel. As the Court no doubt suspects, the Debtors are not currently in a position to assume any of the contracts subject to the Motion to Compel. If the Court grants the Motion to Compel, the Debtors will have no choice but to reject these contracts. Based on the relief sought in the Motion to Compel, such a rejection could result in the immediate termination of the contracts and the consignors' reclamation of the underlying consigned inventory. See Motion to Compel, at par. 37. This outcome would wholly undermine

---

[3] As noted by the Debtors' counsel at the November 10, 2025 hearing, Sparkle Pop has not yet fully complied with the Consent Order, as it has failed to account for the sale of consigned inventory delivered after May 15, 2025. This issue was part of the Mediation (discussed herein). All parties' rights to enforce the Consent Order have been fully preserved.

56439916.5

the Debtors' adversary proceedings – which of course the consignors insisted the Debtors file. That is, the Debtors and their estates would be deprived from the very same due process that that the Consignment Group and the Ad Hoc Committee claimed was necessary in connection with the parties' disputes regarding the Debtors' Consignment Motion.

9. **Third**, the amounts asserted by the Consignment Group in its Motion to Compel, as being due and owing in the time period from the Debtors' bankruptcy filing through May 15, 2025 (just prior to the closing date on the Debtors' sale to Sparkle Pop), are materially overstated, and lack context.

10. Based on the information set forth in paragraph 19 of the Motion to Compel, the total stated amount due to the members of the Consignment Group for this time period is $675,069.95.[4] The great majority of this amount – $509,114.21 – was allegedly owed to one consignment creditor, Dynamic Forces, Inc. a/k/a Dynamite Entertainment ("Dynamic"). The amounts owed to Dynamic were fully satisfied by the set-off set forth in the *Consent Order Resolving, In Part, Motion of Dynamic Forces, Inc. For Administrative Claim* [D.I. 959]. After the effectuation of this set-off, only a small amount ($165,955.74)[5] is allegedly owed to the remaining members of the Consignment Group.

11. This amount (*i.e.*, $165,955.74) is relatively modest in the scope of these chapter 11 cases, particularly when one considers the payments that were made to the members of the

---

[4] According to the Motion to Compel, the following amounts are due to members of the Consignment Group for the period from the Debtors' bankruptcy filing to May 15, 2025: DSTLRY Media, Inc. ($20,022.72); Dynamic Forces, Inc. ($509,114.21); Heavy Metal International, LLC ($65,543.71); Magnetic Press, LLC ($27,378.28); Massive Publishing, LLC ($14,089.32); Oni-Lion Forge Publishing Group, LLC ($47,265.59); Panini UK Ltd. ($667.72); and Penn State University a/k/a Graphic Mundi ($9,000). The asserted amounts total $675,069.95.

[5] This number is calculated as follows: $675,069.95 - $509,114.21 = $165,955.74.

56439916.5

Consignment Group post-petition on account of post-petition consigned inventory sales. Including Dynamic Forces, Inc., these payments exceed $1,800,000.

12.  Stated differently, the contentions contained in the Consignment Group's Motion to Compel regarding amounts due for the period from the Debtor's bankruptcy filing until May 15, 2025 must be understood in context; although the members of the Consignment Group hold asserted administrative claims against the Debtors' estates, they have in fact received substantial payments post-petition. This of course does not negate the need for the Debtors to pay all allowed administrative claims in full. As the Court is aware, the Debtors are working diligently towards this end.

13.  By Order dated October 17, 2025 [D.I. 960] the consignment related issues in these cases were assigned to mediation (the "Mediation") before the Honorable Thomas J. Catliota. In conjunction with the Mediation, and the *Order Approving Seventh Stipulation Between Debtors and JPMorgan Chase Bank, N.A., Amending DIP Credit Agreement* [D. I. 982], $300,000 was placed into escrow to satisfy the post-Petition Date, pre-May 15, 2025 alleged claims of the Consignment Group and the Ad Hoc Committee if all consignment issues were settled. The Debtors are continuing to work in good faith to attempt to consensually resolve all consignment related issues.

14.  For these reasons, and for the reasons set forth in the Debtors' Prior Objection, the Consignment Group's Motion to Compel should be denied.

56439916.5

**WHEREFORE**, the Debtors respectfully request that the Court enter an order denying the Motion to Compel, and issue such other and further relief as the Court deems just and warranted.

Dated: December 4, 2025	**SAUL EWING LLP**

By:*/s/ Jordan D. Rosenfeld*
Jordan D. Rosenfeld (MD Bar No. 13694)
1001 Fleet Street, 9th Floor
Baltimore, MD 21202
Telephone: (410) 332-8600
Email: jordan.rosenfeld@saul.com

-and-

Jeffrey C. Hampton (admitted *pro hac vice*)
Adam H. Isenberg (admitted *pro hac vice*)
Turner N. Falk (admitted *pro hac vice*)
1735 Market Street, Suite 3400
Philadelphia, PA 19103-7504
Telephone: (215) 972-7777
Email: jeffrey.hampton@saul.com
	adam.isenberg@saul.com
	turner.falk@saul.com

-and-

Mark Minuti (admitted *pro hac vice*)
Paige N. Topper (admitted *pro hac vice*)
Nicholas Smargiassi (admitted *pro hac vice*)
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
Telephone: (302) 421-6800
Email: mark.minuti@saul.com
	paige.topper@saul.com
	nicholas.smargiassi@saul.com

*Counsel for Debtors and Debtors in Possession*

56439916.5