IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc., *et al.*, | Chapter 11 |
| Debtors.[1] | (Jointly Administered) |
| | Re: D.I. 1070 |

**DEBTORS' MOTION FOR EXPEDITED HEARING ON MOTION (A) FOR ENTRY OF ORDER APPROVING EIGHTH STIPULATION BETWEEN DEBTORS AND JPMORGAN CHASE BANK, N.A., AMENDING DIP CREDIT AGREEMENT AND (B) FOR APPROVAL OF ORDER (I) CONVERTING CASES FROM CHAPTER 11 TO CHAPTER 7 OF THE BANKRUPTCY CODE AS OF CONVERSION DATE, (II) APPROVING CERTAIN CONVERSION PROCEDURES (III) SETTING BAR DATE FOR FILING FINAL CHAPTER 11 FEE APPLICATIONS AND ESTABLISHING A HEARING THEREON, AND (IV) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") having filed contemporaneously herewith the *Debtors' Motion (A) For Entry of Order Approving Eighth Stipulation Between Debtors and JPMorgan Chase Bank, N.A., Amending Dip Credit Agreement and (B) For Approval of Order (I) Converting Cases From Chapter 11 To Chapter 7 of The Bankruptcy Code as of Conversion Date, (II) Approving Certain Conversion Procedures (IIi) Setting Bar Date For Filing Final Chapter 11 Fee Applications and Establishing a Hearing Thereon, and (IV) Granting Related Relief I* (the "Financing/Conversion Motion")[2], respectfully submit this motion (the "Motion to Shorten"), pursuant to sections 102(1) and 105 of title 11 of the United States Code (the "Bankruptcy Code"), rule 9006 of the Federal Rules of Bankruptcy

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

[2] Capitalized terms not otherwise defined herein are defined in the Financing/Conversion Motion.

Procedure (the "Bankruptcy Rules") and rules 9006-1 and 9013-6 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland (the "Local Bankruptcy Rules"), for entry of an order shortening the time for notice of the hearing to consider the Financing/Conversion Motion so that such motion may be considered by the Court at a hearing as soon as possible, with any objections to the Financing/Conversion Motion to be filed at or before the hearing. In support of this Motion to Shorten, the Debtors respectfully represent as follows:

### Relief Requested

1. The Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, shortening notice of the hearing to consider the Financing/Conversion Motion so that such motion can be heard on December 16, 2025, with any objections to be filed at or before the hearing.

### Jurisdiction and Venue

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and Standing Order 2012-05 from the United States District Court for the District of Maryland. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 102(1) and 105 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9006 and Local Bankruptcy Rules 9006-1 and 9013-6.

### Background

4. On January 14, 2025 (the "Petition Date"), the Debtors each commenced a case under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the chapter 11 cases. On January 29, 2025, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee").

5. A description of the Debtors' business as of the Petition Date and the reasons for commencing these cases are set forth in the *Declaration of Robert Gorin in Support of Chapter 11 Petitions and First Day Relief* [D.I. 20] (the "First Day Declaration").

### The Financing/Conversion Motion

6. The Financing/Conversion Motion has been filed substantially contemporaneously with this Motion to Expedite. As explained in greater detail in the Financing/Conversion Motion, the Debtors' debtor-in-possession lender, JPMorgan Chase Bank, N.A. (the "DIP Lender") has agreed to provide financing to the Debtors so that certain administrative expenses can be paid, in order to facility an orderly conversion of these cases to chapter 7. Such conversion is necessary because, other than with respect to the funding for which approval is sought in the Financing/Conversion Motion, the DIP Lender is no longer willing to fund the Debtors' cases in chapter 11.

### Basis for Relief Requested

7. Section 102(1) of the Bankruptcy Code provides that the phrase "after notice and hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances." 11 U.S.C. § 102(1). Section 105(a) of the Bankruptcy Code, in turn, authorizes the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

8. Pursuant to Bankruptcy Rule 9006(c), "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1).

In exercising such discretion, the court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Phila. Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting the commonality of such motions "given the accelerated time frame of bankruptcy proceedings").

9. Local Bankruptcy Rule 9006-1 provides that all motions be served at least twenty-one days before the hearing date. Md. L. Bankr. R. 9006-1. However, Local Bankruptcy Rule 9013-6 permits a movant to shorten notice with respect to any motion, provided that "the movant shall file contemporaneously a separate motion requesting that the Court shorten the time within which responses may be filed and/or requesting that the Court set an expedited hearing." Md. L.Bankr. R. 9013-6.

10. Here, cause exists to expedite the hearing on the Financing/Conversion Motion. Clearly, an orderly transfer of these cases to chapter 7 through the proposed debtor-in-possession financing, as described in the Financing/Conversion Motion, and the prompt subsequent conversion of these cases to chapter 7, is in the benefit of all creditors. That is, expedited consideration of the Financing/Conversion Motion will, subject to Court approval, permit such financing and conversion to occur as soon as possible, which is in the best interests of the estate.

11. For these reasons, the Debtors believe that expedited consideration of the Financing/Conversion Motion is warranted.

### Waiver of Memorandum of Law

12. Pursuant to Local Bankruptcy Rule 9013-2, the Debtors state that, in lieu of submitting a memorandum in support of this Motion, the Debtors will rely on the grounds and authorities set forth herein.

**Notice**

13. Notice of this Motion will be given to the following parties or, in lieu thereof, to their counsel: (i) the Office of the United States Trustee for the District of Maryland; (ii) the Committee; (iii) counsel to JPMorgan Chase Bank, N.A.; (iv) the Ad Hoc Committee of Consignors; (v) the Consignment Group; and (vi) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

**WHEREFORE**, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court deems just and warranted.

Dated: December 12, 2025

SAUL EWING LLP
By:/s/ *Jordan D. Rosenfeld*
Jordan D. Rosenfeld (MD Bar No. 13694)
1001 Fleet Street, 9th Floor
Baltimore, MD 21202
Telephone: (410) 332-8600
Email: jordan.rosenfeld@saul.com

-and-

Jeffrey C. Hampton (admitted *pro hac vice*)
Adam H. Isenberg (admitted *pro hac vice*)
Turner N. Falk (admitted *pro hac vice*)
1735 Market Street, Suite 3400
Philadelphia, PA 19103
Telephone: (215) 972-7777
Email: jeffrey.hampton@saul.com
          adam.isenberg@saul.com
          turner.falk@saul.com
-and-

Mark Minuti (admitted *pro hac vice*)
Paige N. Topper (admitted *pro hac vice*)
Nicholas Smargiassi (admitted *pro hac vice*)
1201 N. Market Street, Suite 2300
Wilmington, DE 19801

Telephone: (302) 421-6800
Email: mark.minuti@saul.com
paige.topper@saul.com
nicholas.smargiassi@saul.com

*Counsel for Debtors and Debtors in Possession*

56910153.2

6