**Exhibit B**

**Redline**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc., *et al.*, | Chapter 11 |
| Debtors.[1] | (Jointly Administered) |
| | Re: D.I. ~~__~~ **1070** |

**ORDER (I) APPROVING EIGHTH STIPULATION BETWEEN DEBTORS AND JPMORGAN CHASE BANK, N.A., AMENDING DIP CREDIT AGREEMENT, (II) CONVERTING CASES FROM CHAPTER 11 TO CHAPTER 7 OF THE BANKRUPTCY CODE AS OF CONVERSION DATE, (III) APPROVING CERTAIN CONVERSION PROCEDURES (IV) SETTING BAR DATE FOR FILING FINAL CHAPTER 11 FEE APPLICATIONS AND ESTABLISHING A HEARING THEREON, AND (V) GRANTING RELATED RELIEF**

Upon the Debtors' motion (the "Motion")[2] for the entry of an order (a) approving Eighth Stipulation between Debtors and JPMorgan Chase Bank, N.A., Amending DIP Credit Agreement and (b) (i) converting cases from chapter 11 to chapter 7 of the Bankruptcy Code as of the Conversion Date, (ii) approving certain conversion procedures, (iii) setting bar date for filing final chapter 11 fee applications and establishing a hearing thereon, and (iv) granting related

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585).  The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

[2] Capitalized terms used but not defined herein are defined in the Motion.

relief; and it appearing that the relief sought in the Motion and the entry of this Order is appropriate; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334; and it appearing that venue of these cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is reasonable and in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as provided herein.

2. The Eighth Stipulation, as attached hereby as Exhibit 1, is approved.  Subject to the modifications provided for and authorized by this Order, the Eighth Stipulation and the DIP Credit Agreement Amendment, the Final DIP Order and DIP Credit Agreement remain in full force and effect in accordance with their terms.  The Debtors and DIP Lender are authorized to enter into, perform, and consummate the transactions set forth in and contemplated under the Eighth Stipulation.  Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon its entry.   The Debtors and DIP Lender are authorized to take all actions that are necessary and appropriate to effectuate the relief granted in this Order.

3. Effective ~~as of~~at 11:59 p.m. on the fifth (5th) business day after the entry of this Order (the "Conversion Date"), pursuant to section 1112(a) of the Bankruptcy Code, the Debtors' chapter 11 cases shall be ~~deemed to have been~~ converted to cases under chapter 7 of the Bankruptcy Code.

4. The following Conversion Procedures are hereby approved:

(a) **Books and Records.** As soon as reasonably practicable, but in no event more than fourteen (14) days after the appointment of the chapter 7 trustee, the Debtors shall turn over or provide access to the chapter 7 trustee the books and records of the Debtors in the Debtors' possession and control, as required by Bankruptcy Rule 1019. For purposes hereof, the Debtors may provide copies (including electronic copies) of such books and records to the chapter 7 trustee, or instructions for locating and accessing such books and records, and may retain copies of such books and records to the extent necessary to complete the reports required herein.

(b) **Schedule of Unpaid Debts.** Within thirty (30) days of the Conversion Date, the Debtors shall file a schedule of unpaid debts incurred after commencement of the Debtors' Chapter 11 Cases, including the name and address of each creditor, as required by Bankruptcy Rule 1019 (as modified herein).

(c) **Final Report.** Within thirty (30) days after the Conversion Date, the Debtors shall file and transmit to the chapter 7 trustee a final report and account in accordance with Bankruptcy Rule 1019.

(d) **Claims.** Within fourteen (14) days of the Conversion Date, Omni shall (i) forward to the Clerk of this Court an electronic version of all imaged claims, both as individual .pdf files for each claim and also in larger groups (i.e., images of multiple claims per file) that the Clerk may upload to CM/ECF as necessary; (ii) upload the consolidated creditor mailing list into CM/ECF and file the consolidated matrix in each jointly administered case in lieu of a separate matrix for each Debtor; ~~and~~ (iii) docket a final claims register in the Debtors' chapter 11 cases~~.~~; (iv) provide the Clerk and chapter 7 trustee (when appointed) with an excel spreadsheet of the claims; and (v) provide the Clerk and chapter 7 trustee (when appointed) access to the claims register maintained by Omni via a password protected link. Public access to Omni's case website will cease fourteen (14) days from the entry of this Order unless Omni is retained by the chapter 7 trustee within that time and court approval of its employment is promptly sought and obtained thereafter.

(e) **Professional Fees.** Professionals shall submit Final Fee Applications in accordance with the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules, and orders of this Court by no later than thirty (30) days after the Conversion Date (the "Final Fee Application Deadline"). Objections, if any, to the Final Fee Applications shall be filed and served by no later than ~~fourteen~~twenty-one (~~14~~21) days after the Final Fee Application Deadline. A hearing to consider all timely filed Final Fee Applications, if needed, shall be ~~held on [_____], 2025 at [__]:[__]~~

3

~~a.m. (ET).~~ scheduled by the Court following submission of Final Fee Applications.

5. Subject to its compliance with the foregoing, on the Conversion Date, Omni shall be relieved of its responsibilities as the Debtors' claims and noticing agent and administrative agent in these chapter 11 cases and will have no further obligations to the Court, the Debtors, the interim or permanent chapter 7 trustee (once appointed), or any party in interest with respect to the Debtors' chapter 11 cases or the chapter 7 cases.

6. The Debtors shall cause the funds in the Mediation Escrow (as that term is defined in the Ninth Amendment to Debtor-In-Possession Credit Agreement) to be remitted to counsel for the members of the Ad Hoc Committee of Consignors ($156,000.00) and counsel to the members of the Consignment Group ($144,000.00) for distribution to the consignors in their respective groups (collectively, the "Consignors"). These distributions shall be applied to each Consignors' asserted administrative claims under section 503 of the Bankruptcy Code accrued prior to May 15, 2025, subject to the rights of these Consignors to seek further or additional administrative claims, all without prejudice to JPMorgan Chase Bank, N.A.'s, the Debtors', the chapter 7 trustee's, and the Consignors' rights, claims, defenses, positions and liens raised or to be raised in any contested matters or adversary proceeding regarding the stock delivered to the Debtors by the Consignors. If it is determined in the pending litigation between the Debtors, Consignors and JPMorgan Chase Bank, N.A., or any related proceedings, that the Consignors' respective administrative claims should be partially or completely disallowed, then the Consignors shall promptly return the disallowed portion of their distributions under this paragraph to the Trustee or other representative of the bankruptcy estates, and such returned

distributions shall be subject to JPMorgan Chase Bank, N.A.'s DIP Liens under the Final DIP Order—without the necessity of further filings or action by JPMorgan Chase Bank, N.A.

7. ~~6.~~ Effective upon the date of this Order, ~~pending the qualification of a permanent trustee under section 702 of the Bankruptcy Code,~~ all contested matters and adversary proceedings in the Debtors' bankruptcy cases are stayed ~~unless otherwise ordered by this Court~~ until February 16, 2026.

8. ~~7. Nothing~~ Other than the preservation of JPMorgan Chase Bank, N.A.'s liens on any distributions to be returned under paragraph 6 of this Order, nothing in paragraphs ~~3-8~~ 3–8 of this Order or the conversion of these chapter 11 cases to cases under chapter 7 of the Bankruptcy Code shall affect or modify the terms of the Final DIP Order, prejudice any person or entity's rights thereunder or relieve any person or entity of obligations thereunder. All rights, claims, remedies, defenses and obligations under and in connection with the Final DIP Order shall be reserved and preserved in their entirety.

9. ~~8.~~ The Court shall retain jurisdiction over disputes pertaining to this Order.

**END OF ORDER**

<u>Exhibit 1</u>

**Eighth Stipulation**

Case 25-10308   Doc 1088-2   Filed 12/19/25   Page 7 of 13

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc., *et al.*, | Chapter 11 |
| Debtors.[1] | (Jointly Administered) |

**EIGHTH STIPULATION BETWEEN DEBTORS AND JPMORGAN CHASE BANK, N.A., AMENDING DIP CREDIT AGREEMENT**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") and JPMorgan Chase Bank, N.A. (the "DIP Lender", and together with the Debtors, the "Parties"), hereby stipulate and agree (this "Eighth Stipulation") as follows:

**WHEREAS**, on January 14, 2025, the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Court") and, since filing their petitions for relief, have continued to manage their businesses and assets as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

**WHEREAS**, on February 19, 2025, the Bankruptcy Court entered its *Final Order (I) Authorizing the Debtors to Obtain Postpetition Senior Secured Financing and the Use of Cash Collateral; (II) Granting Adequate Protection; (III) Granting Liens and Superpriority Administrative Expense Claims; (IV) Modifying the Automatic Stay; and (V) Granting Related Relief* [D.I. 163] (the "Final DIP Order") pursuant to which, among other things, the Debtors

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

were granted authority to obtain senior secured postpetition financing pursuant to the terms and conditions of the Final DIP Order and that certain senior secured Debtor-in-Possession Credit Agreement, dated as of January 16, 2025 (as amended from time to time, the "DIP Credit Agreement").

**WHEREAS**, on March 19, 2025, the Bankruptcy Court entered the Order Approving Stipulation Between Debtors and JPMorgan Chase Bank, N.A., Amending DIP Credit Agreement, on April 17, 2025, the Bankruptcy Court entered the Order Approving Second Stipulation Between Debtors and JPMorgan Chase Bank, N.A., Amending DIP Credit Agreement, on May 1, 2025, the Bankruptcy Court entered the Order Approving Third Stipulation Between Debtors and JPMorgan Chase Bank, N.A., Amending DIP Credit Agreement, on May 30, 2025, the Bankruptcy Court entered the Order Approving Fourth Stipulation Between Debtors and JPMorgan Chase Bank, N.A., Amending DIP Credit Agreement, on July 3, 2025, the Bankruptcy Court entered the Order Approving Fifth Stipulation Between Debtors and JPMorgan Chase Bank, N.A., Amending DIP Credit Agreement, on August 27, 2025, the Bankruptcy Court entered the Order Approving Sixth Stipulation Between Debtors and JPMorgan Chase Bank, N.A., Amending DIP Credit Agreement, and on October 23, 2025, the Bankruptcy Court entered the Order Approving Seventh Stipulation Between Debtors and JPMorgan Chase Bank, N.A., Amending DIP Credit Agreement.

**WHEREAS**, the Debtors have requested, among other things, a further extension of the Maturity Date under the DIP Credit Agreement and Final DIP Order and limited and specified additional funding to bridge the Debtors' chapter 11 cases to conversion to cases under chapter 7 of the Bankruptcy Code.

**WHEREAS**, the DIP Lender is prepared to (i) consent to a short further extension of the

Maturity Date to the date that the Debtors' chapter 11 cases convert to cases under chapter 7 (the "Conversion Date"), (ii) to provide limited and specified additional funding in accordance with the DIP Credit Agreement Amendment for payment of specified administrative expenses before the Conversion Date, and (iii) amend, among other things, the definitions of Maturity Date and Maximum DIP Facility Amount under the DIP Credit Agreement and Final DIP Order—all in accordance with and subject to the terms of the DIP Credit Agreement Amendment (as defined below) and the terms and conditions of this Eighth Stipulation and the approval of the Bankruptcy Court.

**NOW, THEREFORE**, subject to the approval of the Bankruptcy Court, the Parties hereby stipulate and agree as follows

1. The Parties shall enter into an amendment (the "DIP Credit Agreement Amendment") to the DIP Credit Agreement in the form of Exhibit A attached hereto, providing for, among other things, amended definitions of Maturity Date and Maximum DIP Facility Amount under the DIP Credit Agreement and Final DIP Order. The Parties shall file the executed DIP Credit Agreement Amendment on the docket in these cases.

2. The DIP Credit Agreement Amendment and the Debtors' related rights to borrow shall be deemed authorized and approved pursuant to section 364 of the Bankruptcy Code effective upon the Bankruptcy Court's entry of the Stipulation Order.

3. Subject to the modifications provided for and authorized by the Stipulation Order, this Eighth Stipulation and the DIP Credit Agreement Amendment, the Final Order and DIP Credit Agreement remain in full force and effect in accordance with their terms, and the Debtors reaffirm and ratify all of such terms.

4. Each Party is duly authorized and empowered to execute this Eighth Stipulation.

5. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Eighth Stipulation or the Stipulation Order.

6. All of the recitals set forth above are incorporated by reference as if fully set forth herein.  This Eighth Stipulation constitutes the complete express agreement of the Parties concerning the subject matter hereof.

7. Each Party has participated in and jointly consented to the drafting of this Eighth Stipulation and any claimed ambiguity shall not be construed for or against either Party on account of such drafting.

| | |
|---|---|
| **SAUL EWING LLP** | **TROUTMAN PEPPER LOCKE LLP** |
| *Jordan D. Rosenfeld* | *Jonathan W. Young* |
| Jordan D. Rosenfeld (MD Bar No. 13694) | Toyja E. Kelley |
| 1001 Fleet Street, 9th Floor | Indira K. Sharma |
| Baltimore, MD 21202 | Jonathan W. Young |
| Telephone: (410) 332-8600 | 401 9th Street, N.W., Suite 1000 |
| Email: jordan.rosenfeld@saul.com | Washington, D.C. 20004 |
| | Tel: (202) 274-2950 |
| -and- | Email: Toyja.Kelley@troutman.com |
| | Indira.Sharma@troutman.com |
| Jeffrey C. Hampton (admitted *pro hac vice*) | Jonathan.Young@troutman.com |
| Adam H. Isenberg (admitted *pro hac vice*) | |
| Turner N. Falk (admitted *pro hac vice*) | -and- |
| 1735 Market Street, Suite 3400 | |
| Philadelphia, PA 19103 | David L. Ruediger |
| Telephone: (215) 972-7777 | 111 Huntington Avenue |
| Email: jeffrey.hampton@saul.com | Boston, MA 02199 |
| adam.isenberg@saul.com | Tel: (617) 239-0100 |
| turner.falk@saul.com | Email: David.Ruediger@troutman.com |
| | |
| -and- | *Counsel for JPMorgan Chase Bank, N.A.* |
| | |
| Mark Minuti (admitted *pro hac vice*) | |
| Paige N. Topper (admitted *pro hac vice*) | |
| Nicholas Smargiassi (admitted *pro hac vice*) | |
| 1201 N. Market Street, Suite 2300 | |
| Wilmington, DE 19801 | |
| Telephone: (302) 421-6800 | |
| Email: mark.minuti@saul.com | |
| paige.topper@saul.com | |
| nicholas.smargiassi@saul.com | |
| | |
| *Counsel for Debtors and Debtors in Possession* | |

| | |
|---|---|
| **Summary report:** <br> **Litera Compare for Word 11.14.0.42 Document comparison done on 12/19/2025 10:23:25 AM** | |
| **Style name:** Default Style | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://saul.cloudimanage.com/firmdms/56870394/10 - Diamond - Motion to Convert.docx | |
| **Modified DMS:** iw://saul.cloudimanage.com/firmdms/56870394/14 - Diamond - Motion to Convert.docx | |
| **Changes:** | |
| Add | 16 |
| Delete | 15 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 31 |