## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
## (Baltimore Division)

| | |
|---|---|
| In re<br><br>Diamond Comic Distributors, Inc., *et al.*,<br><br>Debtors.[1] | Case No. 25-10308 (DER)<br><br>Chapter 7<br><br>(Jointly Administered) |

### APPLICATION FOR INDEMNIFICATION AND REIMBURSEMENT OF FEES AND EXPENSES INCURRED PRE-CONVERSION BY RAYMOND JAMES & ASSOCIATES, INC.

| | |
|---|---|
| Name of Applicant: | Raymond James & Associates, Inc. |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | Effective as of January 14, 2025 by Order Signed February 10, 2025 [D.I. 126] |
| Period for which Indemnification is Sought: | September 5, 2025 - December 31, 2025 |
| Amount of Compensation Sought for Indemnification: | $42,032.50 |
| Amount Previously Awarded and Unpaid (for period from May 1, 2025 - September 4, 2025) | $47,326.15 |
| Total Amount of Compensation Sought for Indemnification | $89,358.65 |

This is a:   ☐ monthly    ☐ interim    ☒ final application.

---

[1] The Debtors in these chapter 7 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

**PRIOR APPLICATIONS FOR INDEMNIFICATION FILED**

| Date Filed | Transaction Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 9/12/25 | Supplement to Final Application [D.I. 879][2] | $46,652.58 | $673.57 | $46,652.58 | $673.57 |

---

[2] Raymond James sought additional forms of compensation in its final fee application [D.I. 790], which was approved by the Court [D.I. 910].  The Debtors paid all other amounts due to Raymond James but failed to pay the amount awarded to Raymond James for indemnification.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re<br><br>Diamond Comic Distributors, Inc., *et al.*,<br><br>Debtors.[1] | Case No. 25-10308 (DER)<br><br>Chapter 7<br><br>(Jointly Administered) |

**APPLICATION FOR INDEMNIFICATION AND
REIMBURSEMENT OF FEES AND EXPENSES INCURRED
PRE-CONVERSION BY RAYMOND JAMES & ASSOCIATES, INC.**

Raymond James & Associates, Inc. ("Raymond James"), former investment banker for the above-captioned debtors (collectively, the "Debtors"), submits this application (this "Application") to request indemnification and reimbursement for the payment of fees, including reasonable attorneys' fees, and costs, incurred by Raymond James in defending the adversary proceeding captioned *Alliance Entertainment, LLC v. Diamond Comic Distributors, Inc. (In re Diamond Comic Distributors, Inc.)*, Adv. Proc. No. 25-00112 (DER) (Bankr. D. Md.) (the "Adversary Proceeding") from September 5, 2025 through December 31, 2025, pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland (the "Local Bankruptcy Rules"), the *Compensation Guidelines for Professionals in the United States Bankruptcy Court for the District of Maryland* (the "Compensation Guidelines"), and this Court's *Order (I) Approving*

---

[1] The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585).  The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

*Eighth Stipulation Between Debtors and JPMorgan Chase Bank, N.A., Amending DIP Credit Agreement, (II) Converting Cases from Chapter 11 to Chapter 7 of the Bankruptcy Code as of Conversion Date, (III) Approving Certain Conversion Procedures (IV) Setting Bar Date for Filing Final Chapter 11 Fee Applications and Establishing a Hearing Thereon, and (V) Granting Related Relief* [D.I. 1089] ("Conversion Order") entered December 19, 2025. In support of this Supplement to the Application, Raymond James respectfully represents as follows:

## Jurisdiction

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order 2012-05* from the United States District Court for the District of Maryland. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Application is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The bases for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 2016 and Local Bankruptcy Rule 2016-1.

## Background

**A.   The Chapter 11 Case**

3. On January 14, 2025 (the "Petition Date"), each Debtor commenced a case under chapter 11 of the Bankruptcy Code (these "Chapter 11 Cases").

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. On January 29, 2025, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee") [D.I. 90].

**B.   The Retention of Raymond James**

6. On January 17, 2025, the Debtors filed the *Debtors Application for Entry of an Order (I) Authorizing the Retention and Employment of Raymond James & Associates, Inc., as the*

2

*Debtors Investment Banker, Effective as of the Petition Date and (II) Granting Related Relief* [D.I. 67] (the "Raymond James Retention Application"). The Raymond James Retention Application sought an order authorizing the retention and employment of Raymond James as the Debtors' investment banker, effective as of the Petition Date.

7. The engagement letter between Raymond James and the Debtors was attached to the Raymond James Retention Application as Exhibit B. *See* D.I. 67-2 (the "Engagement Letter"). Section 5 of the Engagement Letter provides that the Debtors will indemnify Raymond James according to the terms of Addendum A to the Engagement Letter. *See id.* Addendum A to the Engagement Letter provides, among other things, that the Debtors

> will indemnify, defend and hold harmless Raymond James & Associates, Inc. . . . from and against any and all (a) claims, actions . . . demands, . . . and proceedings of any kind or nature (collectively, the "Proceedings"), threatened, brought or established against [Raymond James] by any party . . ., and (b) losses, claims, judgments, penalties, fines, charges, costs (including professional or legal fees and other costs of litigation or other proceedings), damages, taxes, liabilities of any kind or nature, whether joint or several (collectively "Losses"), which [Raymond James] may suffer or incur under any statute, common law, contract, tort or otherwise (including, without limitation, all such Losses suffered or incurred in considering, preparing for, responding to, disputing or otherwise dealing with any actual or potential Proceedings, including any Proceeding brought in connection with [Raymond James'] right to be indemnified pursuant to this Addendum A), directly arising out of, relating to or in connection with (i) the [Engagement Letter], the services provided in connection with the [Engagement Letter], or the exercise Raymond James's rights under the [Engagement Letter] (including this Addendum A), (ii) any transaction referred to in the [Engagement Letter] or any transaction arising out of the transactions contemplated by the [Engagement Letter] . . . .

8. Addendum A also provides that the Debtors:

> will reimburse [Raymond James] for all reasonable costs and expenses (including, without limitation, fees and expenses of outside counsel) incurred by [Raymond James] (including all such costs and expenses incurred to enforce the terms of this Addendum A) as they are incurred in connection with investigating, preparing, defending or settling or otherwise relating to any threatened or pending Proceeding for which indemnification or contribution has or could be sought by [Raymond James] . . . .

3

9.  The retention of Raymond James, as investment banker to the Debtors, was approved on February 10, 2025, effective as of January 14, 2025, by this Court's *Order (I) Authorizing the Retention and Employment of Raymond James & Associates, Inc. as the Debtor's Investment Banker, Effective as of the Petition Date, and (II) Granting Related Relief* [D.I. 126] (the "Retention Order").

10. Paragraph 10 of the Retention Order provides as follows:

The Indemnification Provisions set forth in the Engagement Letter are approved, subject during the pendency of these chapter 11 cases to the following:

a. Subject to the provisions of subparagraphs (b) and (c) below, the Debtors are authorized to indemnify, contribute, or reimburse, and shall indemnify, contribute, or reimburse Raymond James for any claims arising from, related to, or in connection with services to be provided by Raymond James as specified in the Application, but not for any claim arising from, related to, or in connection with Raymond James's post-petition performance of any other services other than those in connection with the engagement, unless such postpetition services and the indemnification, contribution, or reimbursement therefor are approved by this Court;

b. The Debtors shall have no obligation to indemnify Raymond James, or provide contribution or reimbursement to Raymond James, for any claim or expense that is either: (i) judicially determined (the determination having become final and non-appealable) to have arisen from Raymond James's gross negligence, willful misconduct, breach of fiduciary duty, if any, bad faith, or self-dealing; (ii) for a contractual dispute in which the Debtors allege the breach of Raymond James's contractual obligations, unless this Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and hearing pursuant to subparagraph (c) below, to be a claim or expense for which Raymond James should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter as modified by this Order; and

c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, Raymond James believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, or reimbursement obligations under the Engagement Letter (as modified by this Order), including, without limitation, the advancement of defense costs, Raymond James must file

4

an application in this Court, and the Debtors may not pay any such amounts to Raymond James before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by Raymond James for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Raymond James. All parties in interest shall retain the right to object to any demand by Raymond James for indemnification, contribution or reimbursement, and not as a provision limiting the duration of the Debtors' obligation to indemnify Raymond James.

11. Paragraph 11 of the Retention Order further provides:

In the event that during the pendency of these chapter 11 cases, Raymond James requests reimbursement for any attorneys' fees or expenses, the invoices and supporting time records from such attorneys shall be included in Raymond James's fee applications, and such invoices and time records shall be paid in compliance with the Local Bankruptcy Rules, the Compensation Guidelines, and standards of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorney's services satisfy section 330(a)(3)(C) of the Bankruptcy Code. Notwithstanding the foregoing, Raymond James shall be reimbursed for legal fees incurred in connection with these chapter 11 cases only to the extent permitted under applicable law and the decisions of this Court.

## C. The Adversary Proceeding

12. On April 10, 2025, the Debtors executed an asset purchase agreement ("<u>AENT APA</u>") for the sale of substantially all of their domestic assets to Alliance Entertainment, LLC ("<u>AENT</u>"). On April 11, 2025, this Court entered an order approving the sale of substantially all of the Debtors' domestic assets to AENT. *See* D.I. 335. On April 23, 2025, AENT asserted that a material adverse change had occurred under the AENT APA and terminated the AENT APA, effective April 24, 2025.

13. On April 29, 2025, AENT filed the Adversary Proceeding, asserting claims against the Debtors, their restructuring advisors and executives, and Raymond James. Specifically, AENT alleges that the Debtors fraudulently induced AENT into executing the AENT APA and alleges

5

that Raymond James aided and abetted in that alleged fraudulent conduct. Raymond James vehemently denies the allegations asserted by AENT in the Adversary Proceeding.

D.  **Demand for Indemnification and Reimbursement and Engagement of Counsel.**

14. On May 13, 2025, Raymond James issued a demand for indemnification to the Debtors under the terms of the Engagement Letter and Addendum A, seeking indemnification and reimbursement of all fees and costs, including attorneys' fees, incurred by Raymond James in defending itself in the Adversary Proceeding. Raymond James engaged Ballard Spahr LLP ("Ballard Spahr") as counsel to represent it in the Adversary Proceeding.

E.  **Defense of Raymond James in the Adversary Proceeding.**

15. Since being retained to defend Raymond James in the Adversary Proceeding, Ballard Spahr has zealously, yet efficiently, defended Raymond James, including, among other things: (i) drafting and filing a motion to dismiss ("Motion to Dismiss") the claims against Raymond James asserting theories independent of those asserted by the other defendants [Adv. D.I. 24]; (ii) reviewing AENT's omnibus opposition to the defendants' various motions to dismiss and then drafting and filing a reply ("Reply") in support of the Motion to Dismiss [Adv. D.I. 43]; (iii) preparing argument in support of the Motion to Dismiss and attend and arguing at the hearing on the Motion to Dismiss [Adv. D.I. 52]; and (iv) drafting and filing an answer ("Answer") on behalf of Raymond James [Adv. D.I. 57].

F.  **Prior Award of Compensation for Indemnification.**

16. On September 26, 2025, this Court entered its *Order Granting Application for Compensation of Raymond James & Associates, Inc., as Investment Banker for the Debtors and Debtors in Possession, as Supplemented* [D.I. 910] ("September Order"). Among other things, Paragraph 4 of the September Order provided:

6

Raymond James is allowed the sum of $47,326.15 for costs and fees incurred in defending the adversary proceeding captioned *Alliance Entertainment, LLC v. Diamond Comic Distributors, Inc. (In re Diamond Comic Distributors, Inc.)*, Adv. Proc. No. 25-00112 (DER) (Bankr. D. Md.) (the "Adversary Proceeding"). The amounts allowed in this Order are without prejudice to the right of Raymond James to seek further amounts for defense costs or indemnification arising from or related to the Adversary Proceeding.

17. Although Raymond James was awarded $47,326.15 in defense costs in the September Order, the Debtors failed to pay those defense costs.

**G.    Conversion of Debtors' Cases.**

18. The Court entered the Conversion Order on December 19, 2025. Paragraph 3 of the Conversion Order provides that the "Conversion Date" is the fifth business day following entry of the Conversion Order. Therefore, the Conversion Date was December 31, 2025.

19. Paragraph 4(e) of the Conversion Order provides:

**Professional Fees.** Professionals shall submit Final Fee Applications in accordance with the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules, and orders of this Court by no later than thirty (30) days after the Conversion Date (the "Final Fee Application Deadline"). Objections, if any, to the Final Fee Applications shall be filed and served by no later than twenty-one (21) days after the Final Fee Application Deadline. A hearing to consider all timely filed Final Fee Applications, if needed, shall be scheduled by the Court following submission of Final Fee Applications.

20. In accordance with the Conversion Order, Raymond James is submitting this Application to see an award of all defense costs incurred in the Adversary Proceeding through December 31, 2025.

21. On December 23, 2025, the Office of the United States Trustee ("U.S. Trustee") appointed Morgan W. Fisher as the chapter 7 trustee ("Trustee") for the Debtors. *See* D.I. 1095.

## Relief Requested

22. By this Application, Raymond James requests that the Court enter an order in substantially the form attached to this Application (the "Proposed Order") awarding Raymond

7

James $42,032.50, reflecting the fees and costs incurred by Raymond James in defending itself in the Adversary Proceeding from September 5, 2025 through December 31, 2025 (*i.e.* the Conversion Date) and subject to indemnification and reimbursement under the terms of Raymond James' engagement letter with the Debtors and the Retention Order. Raymond James further requests that the order granting this Application specify that the defense costs incurred by Raymond James through the Conversion Date are entitled to priority treatment under sections 503(b), 507(a)(2), and 726.

A.     **Defense Costs Incurred**

23.    As indicated above, this Court previously awarded Raymond James $47,326.15 in defense costs incurred by Raymond James through September 4, 2025 that were never paid by the Debtors. Between September 5, 2025 and December 31, 2025, Raymond James incurred an additional $41,207.15 in fees related to the Adversary Proceeding subject to indemnification by the Debtors' estates under the terms of the Engagement Letter and Retention Order.

24.    Ballard Spahr agreed to reduce its hourly rates by 15%, excluding the hourly rates of attorney Nicholas J. Brannick, whose hourly rate is below market. The fees incurred by Ballard Spahr, and requested through this Supplement, are summarized in the following table:

| Professional | Position | Department | Year Admitted | Hourly Rate | Hours Billed | Total Billed |
|---|---|---|---|---|---|---|
| Matthew G. Summers | Partner | Bankruptcy | 2000 | $926.50 | 18.50 | $17,140.25 |
| Nicholas J. Brannick | Counsel | Bankruptcy | 2005 | $580.00 | 41.00 | $23,780.00 |
| **Total For Attorneys** | | | | | **59.50** | **$40,920.25** |
| Kimberlee P. Stammer | Paralegal | Litigation | _ | $318.75 | 0.50 | $159.40 |
| Rebecca Weidman | Paralegal | Bankruptcy | - | $318.75 | 0.40 | $127.50 |
| **Total for Paralegals** | | | | | **0.90** | **$286.88** |

8

25. Attached to this Supplement as **Exhibit 1** are redacted time entries describing the work performed by Ballard Spahr attorneys and paralegals and enumerating the costs incurred by Ballard Spahr in representing Raymond James in the Adversary Proceeding from September 5, 2025 through December 31, 2025.

26. Raymond James, through Ballard Spahr, has also incurred certain costs, including costs associated with electronic research, mailings and travel expense reimbursement. Those costs total $825.35 and are identified on the invoices attached as Exhibit 1.

27. Raymond James submits that the fees and costs incurred by Ballard Spahr in defending Raymond James in the Adversary Proceeding are reasonable and necessary and, in accordance with Sections 328 and 330, Raymond James seeks the allowance of such fees and costs, consistent with the terms of the Engagement Letter, Retention Order, Conversion Order and Bankruptcy Code.

**Lodestar Analysis**

35. The Compensation Guidelines require the inclusion of a "lodestar" analysis, analyzing and discussing the factors identified in *Johnson v. Georgia Highway Express, Inc.*, 448 F.2d 714 (5th Cir. 1974) and adopted by the Fourth Circuit in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (4th Cir. 1978), *Anderson v. Morris*, 658 F.2d 246 (4th Cir. 1978) and *Harman v. Levin*, 772 F.2d 1150 (4th Cir. 1985).

36. The twelve "lodestar" factors adopted by the Fourth Circuit are: (a) the time and labor expended; (b) the novelty and difficulty of the questions presented; (c) the skill required to properly perform the legal services; (d) the preclusion of other employment by the attorney due to acceptance of a case; (e) the customary fee for like work; (f) whether the fee is fixed or contingent (g) the time limitations imposed by the client or circumstances; (h) the amount involved and the

results obtained; (i) the experience, reputation, and ability of the attorney; (j) the desirability or "undesirability" of the case; (k) the nature and length of the professional relationship with the client; and (*l*) awards in similar cases. *Johnson*, 488 F.2d at 717-719.

37. Each of the lodestar factors establish the reasonableness of the fees and expenses requested in this supplement.

    a. <u>The Time and Labor Expended</u>.  As shown in the table found in Paragraph 24 above, Ballard Spahr devoted 60.40 hours, having a value of $41,207.15. Additionally, as shown above, the vast majority of the work done by Ballard Spahr (68.9% of attorney time) was performed by the attorney with the lowest hourly rate.

    b. <u>Novelty and Difficulty of the Questions Presented</u>.  As illustrated in the Motion to Dismiss, Reply and Answer, the issues arising in Ballard Spahr's defense of Raymond James in the Adversary Proceeding are complex, involving questions of state and federal law to be addressed by this Court.

    c. <u>The Skill Required to Properly Perform the Legal Services</u>.  Ballard Spahr attorneys were required to utilize their skill, knowledge and experience to effectively advocate for Raymond James in the Adversary Proceeding.

    d. <u>The Preclusion of Other Employment</u>.  Ballard Spahr has not been precluded from representing other clients because of its representation of Raymond James but has performed work on this matter in lieu of work on other matters at which Ballard Spahr could have charged undiscounted rates.

e.  <u>The Customary Fee for Like Work</u>. The hourly rates charged by Ballard Spahr that were discounted by 15%, except for the hourly rate of Mr. Brannick, which is below market rate for an attorney with his experience. Ballard Spahr believes that its hourly rates in this matter are at or below those charged by estate professionals in this case.

f.  <u>Whether the Fee is Fixed or Contingent</u>.  All fees sought by Ballard Spahr are based on the hourly rates identified herein, subject to the Retention Order.  Ballard Spahr's fees are not contingent on the outcome of any particular event.

g.  <u>The Time Limitations Imposed by the Client or Circumstances</u>.  Ballard Spahr was under modest time constraints to familiarize itself with the issues in the Debtors' bankruptcy cases related to AENT, the AENT APA, and the legal issues raised in the Complaint.

h.  <u>The Amount Involved and Results Obtained</u>.  AENT has sought the disallowance or disgorgement of all of Raymond James' fees in the Complaint (relief to which it is unequivocally not entitled and has no standing to seek) and the return of the $8.5 million provided by AENT to the Debtors.

i.  <u>The Experience, Reputation, and Ability of the Attorneys</u>.  Ballard Spahr was selected by Raymond James due to its extensive experience and reputation in bankruptcy proceedings throughout the United States.

j.  <u>The Desirability or Undesirability of the Case</u>.  This factor is not applicable.

  k. <u>The Nature and Length of the Professional Relationship Between the Attorney and the Client</u>.  Ballad Spahr has represented Raymond James in various matters for at least the last seven years.

  l. <u>Awards in Similar Cases</u>.  The fees requested by Raymond James for the services performed by Ballard Spahr are consistent with the fees requested in similar chapter 11 proceedings, including these cases.

## Certificate of Compliance and Waiver

38. The undersigned representative of Raymond James certifies that he has reviewed the requirements of Local Rule 2016-1 and that this Application substantially complies with that Local Rule. To the extent that this Application does not comply in all respects with the requirements of Local Rule 2016-1, Raymond James believes that such deviations are not material and respectfully requests that any such requirements be waived.

## Notice

39. Raymond James has provided notice of this Supplement to the following parties or their respective counsel: (i) the Debtors; (ii) the U.S. Trustee; (iii) the Trustee; (iv) the Committee; and (v) any party that, as of the filing of this Supplement, have requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002. Raymond James submits that, in light of the nature of the relief requested, no further notice need be given.

## Conclusion

WHEREFORE, Raymond James respectfully requests the Court enter the Proposed Order: (i) granting this Application and awarding Raymond James $42,032.50; (ii) allowing the amounts awarded to Raymond James as an administrative claim pursuant to sections 503(b), 507(a)(1) and

12

726 of the Bankruptcy Code, and (iii) granting such other and further relief to Raymond James as the Court deems just and proper.

Dated: January 26, 2026

Respectfully Submitted,

RAYMOND JAMES & ASSOCIATES, INC.

*/s/ Geoffrey Richards*
Geoffrey Richards
Senior Managing Director – Investment Banking

## CERTIFICATE OF SERVICE

Matthew G. Summers certifies that on January 26, 2026, the *Final Application for Compensation and Indemnification of Raymond James & Associates, Inc.* was served upon all parties receiving notice through the Court's CM/ECF electronic filing system, including the following:

Sam Alberts sam.alberts@dentons.com, docket.general.lit.wdc@dentons.com
Peter J Artese peter.artese@us.dlapiper.com
Jodie E. Bekman jbekman@gfrlaw.com, dferguson@gfrlaw.com
Jan Berlage JBerlage@GHSLLP.com, tcollins@ghsllp.com
Hugh M. (UST) Bernstein hugh.m.bernstein@usdoj.gov
Daniel Jack Blum jack.blum@polsinelli.com, lsuprum@polsinelli.com, delawaredocketing@polsinelli.com
Laura Skowronski Bouyea lsbouyea@venable.com, dmdierdorff@venable.com
Thomas K. Bredar thomas.bredar@wilmerhale.com, andrew.goldman@wilmerhale.com, benjamin.loveland@wilmerhale.com, yolande.thompson@wilmerhale.com
Andrew Brown abrown@klestadt.com
Matthew G. Brushwood mbrushwood@barley.com, dkline@barley.com
Darek Bushnaq dsbushnaq@venable.com
Richard L. Costella rcostella@tydings.com, scalloway@tydings.com, MYoung@tydings.com, zjones@tydings.com, swilliams@tydings.com
Katherine Elizabeth Culbertson katherine.culbertson@troutman.com
David W.T. Daniels ddaniels@perkinscoie.com, docketnyc@perkinscoie.com, nvargas@perkinscoie.com, KMcClure@perkinscoie.com, rleibowitz@perkinscoie.com
G. David Dean ddean@coleschotz.com, PRatkowiak@coleschotz.com
Mark L Desgrosseilliers desgross@chipmanbrown.com, fusco@chipmanbrown.com
Emily Devan edevan@milesstockbridge.com
Ellen E. Dew ellen.dew@us.dlapiper.com
Turner Falk turner.falk@saul.com, tnfalk@recap.email, Veronica.Marchiondo@saul.com
Justin Philip Fasano jfasano@mhlawyers.com, jfasano@ecf.courtdrive.com, tmackey@mhlawyers.com, mevans@mhlawyers.com, cmartin@mhlawyers.com, Fasano.JustinR92003@notify.bestcase.com
Ashley N Fellona ashley.fellona@saul.com, janice.mast@saul.com
Gianfranco Finizio gfinizio@lowenstein.com
Morgan W. Fisher trustee@morganfisherlaw.com, MD65@ecfcbis.com, fisher@premierremote.com
Adam Fletcher afletcher@bakerlaw.com
Chelsea R Frankel cfrankel@lowenstein.com
Jeremy S. Friedberg jeremy@friedberg.legal, ecf@friedberg.legal
Stephen B. Gerald sgerald@tydings.com
Christopher J. Giaimo christopher.giaimo@squirepb.com,

christopher.giaimo@squirepb.com, christopher-j-giaimo-6409@ecf.pacerpro.com
Joshua Glikin JGlikin@shulmanrogers.com, abogert@shulmanrogers.com, tlewis@shulmanrogers.com
Jonathan A. Grasso jgrasso@yvslaw.com, pgomez@yvslaw.com, r39990@notify.bestcase.com
Zvi Guttman zvi@zviguttman.com, zviguttman@gmail.com, zviguttman@outlook.com, MD55@ecfcbis.com
Jeffrey C. Hampton jeffrey.hampton@saul.com
Jason F Hoffman jhoffman@bakerlaw.com
Catherine Keller Hopkin chopkin@yvslaw.com, pgomez@yvslaw.com, kreese@yvslaw.com, vmichaelides@yvslaw.com, yvslawcmecf@gmail.com, hopkincr39990@notify.bestcase.com
James R. Irving james.irving@dentons.com
Adam H Isenberg adam.isenberg@saul.com
Harry Conrad Jones HJones@coleschotz.com, bankruptcy@coleschotz.com, pratkowiak@coleschotz.com
Lawrence A. Katz lkatz@hirschlerlaw.com, chall@hirschlerlaw.com, aklena@hirschlerlaw.com
Toyja E. Kelley Toyja.Kelley@troutman.com
C. Kevin Kobbe kevin.kobbe@us.dlapiper.com, docketing-baltimore0421@ecf.pacerpro.com
Eric George Korphage korphagee@whiteandwilliams.com
Jung Yong Lee jlee@milesstockbridge.com, mhickman@tydings.com
Gary H. Leibowitz gleibowitz@coleschotz.com, pratkowiak@coleschotz.com, bankruptcy@coleschotz.com, lmorton@coleschotz.com
Thomas J. McKee mckeet@gtlaw.com, Karrie.Barbaro@gtlaw.com, thomas--mckee0902@ecf.pacerpro.com
Mark Minuti mark.minuti@saul.com, robyn.warren@saul.com
Randy Moonan rmoonan@sillscummis.com
William Fuller Moss william.moss@friedberg.legal
Bruce S. Nathan bnathan@lowenstein.com
Janet M. Nesse jnesse@mhlawyers.com, jfasano@mhlawyers.com, cpalik@mhlawyers.com, jnesse@ecf.inforuptcy.com, tmackey@mhlawyers.com, cmartin@mhlawyers.com, kfeig@mhlawyers.com
Craig Palik cpalik@mhlawyers.com, cpalik@ecf.inforuptcy.com, Palik.CraigR92003@notify.bestcase.com, mevans@mhlawyers.com, cmartin@mhlawyers.com
Michael Papandrea mpapandrea@lowenstein.com
Steven Gregory Polard steven.polard@ropers.com, loriann.zullo@ropers.com, calendar-LAO@ropers.com
Scott Prince sprince@bakerlaw.com
Jonathan Gary Rose jonathan.rose@us.dlapiper.com
Jordan Rosenfeld jordan.rosenfeld@saul.com
Nikolaus F. Schandlbauer nick.schandlbauer@arlaw.com, lianna.sarasola@arlaw.com
Dennis J. Shaffer dshaffer@tydings.com, scalloway@tydings.com, MYoung@tydings.com
Indira Kavita Sharma indira.sharma@troutman.com,

3

katherine.culbertson@troutman.com, jonathan.young@troutman.com, david.ruediger@troutman.com, errol.chapman@troutman.com, toyja.kelley@troutman.com
Nicholas Smargiassi nicholas.smargiassi@saul.com
David Sommer dsommer@gallagherllp.com, ceyler@gejlaw.com, gomara@gejlaw.com, csalce@gejlaw.com, mkobylski@gejlaw.com
Brent C. Strickland bstrickland@whitefordlaw.com, mbaum@whitefordlaw.com, brentstrickland-3227@ecf.pacerpro.com
Matthew G. Summers summersm@ballardspahr.com, branchd@ballardspahr.com, heilmanl@ballardspahr.com, ambroses@ballardspahr.com, zarnighiann@ballardspahr.com, carolod@ballardspahr.com, cromartie@ballardspahr.com, stammerk@ballardspahr.com, brannickn@ballardspahr.com
S. Jason Teele steele@sillscummis.com
Paige Noelle Topper paige.topper@saul.com
US Trustee - Baltimore USTPRegion04.BA.ECF@USDOJ.GOV

                              **BALLARD SPAHR LLP**

                              */s/ Matthew G. Summers*
                              Matthew G. Summers (Fed. Bar No. 26572)