IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re: | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc., et al., | Chapter 7 |
| Debtors.[1] | (Jointly Administered) |

### TRUSTEE'S APPLICATION FOR AUTHORITY TO EMPLOY STEARNS, WEAVER, MILLER, WEISSLER, ALHADEFF & SITTERSON, P.A. AS BANKRUPTCY COUNSEL TO THE TRUSTEE

Morgan W. Fisher, the Chapter 7 Trustee, in the above-captioned cases (the "Trustee"), pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a), applies (the "Application") for authority to employ Stearns, Weaver, Miller, Weissler, Alhadeff & Sitterson, P.A. (the "Applicant" or "Stearns Weaver") as bankruptcy counsel in this case. In support of the Application, the Trustee relies on the Statement of Attorney Pursuant to Bankruptcy Rule 2014 (the "Dillworth Declaration") which is attached hereto as **Exhibit A**. In support thereof, the Trustee respectively represent as follows:

### Introduction

Upon his interim appointment, the Trustee immediately began securing the estate's assets and books and records and evaluating these cases. He consulted with the Debtors' counsel, the secured lender's counsel, the United States Trustee, and other parties in interest to understand the status of the cases upon conversion to chapter 7. As part of his initial assessment, the Trustee engaged Zvi Guttman as general counsel to assist him. The Trustee's initial determination is that

---

[1] The Debtors in these chapter 7 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585).

these chapter 7 cases are highly complex and extraordinary; this current Application to employ Stearns Weaver as bankruptcy counsel is the byproduct.

The Trustee inherited these cases with thirty-five pending adversary proceedings, $47 million (book value) of inventory, tens of millions of dollars of unfiled avoidance litigation, and over 29,000 creditors and parties in interest. This case requires a large, full-service law firm with expertise in both bankruptcy law and commercial litigation and after careful consideration, the Trustee has determined that Stearns Weaver is well-suited to assist the Trustee in his administration of the estates, including the complex commercial litigation related thereto. Simply put, it is the Trustee's business judgment that retaining Stearns Weaver offers the estates the best opportunity for a meaningful recovery. As set forth below, going forward, Mr. Guttman will transition to serving as local counsel and conflicts counsel as needed. Both Mr. Guttman and Stearns Weaver will coordinate closely to avoid any duplication of efforts.

## Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O).

## Background

2. On January 14, 2025 (the "Petition Date"), Diamond Comic Distributors, Inc., Comic Holdings, Inc., Comic Exporters, Inc., and Diamond Select Toys & Collectables (collectively, the "Debtors") each commenced a case under chapter 11 of the United States Bankruptcy Code. On January 16, 2025, the Court granted the Debtors' Motion for Joint Administration and ordered the Debtors' cases be jointly administered by the Court under *In re: Diamond Comic Distributors, Inc., et al.,* Case No. 25-10308-DER [ECF #41].

3. On December 12, 2025, the Debtors filed a *Motion to Convert Cases from Chapter 11 to Chapter 7 of the Bankruptcy Code* [ECF #1070].

4. On December 19, 2025, the Court entered an *Order* [ECF #1089], inter alia, converting these cases from chapter 11 to chapter 7 Code effective January 1, 2025.

5. On December 23, 2025, the United States Trustee's Office appointed the Trustee as interim trustee [ECF #1095].

6. On January 1, 2026, the Trustee became the duly appointed interim Chapter 7 Trustee for the Debtors' bankruptcy estates and is so acting pursuant to 11 U. S. C. §702(d).

7. Employment of bankruptcy counsel is necessary for the efficient administration of this case and to obtain maximum net recovery of assets for distribution to creditors.

## **Relief Requested**

8. By this Application, the Trustee seeks authority to employ Stearns Weaver as general bankruptcy counsel pursuant to the terms set forth in the Engagement Letter dated as of February 2, 2026 (the "Engagement Letter"), a true and correct copy of which is attached as **Exhibit B**. The Trustee seeks the employment of Stearns Weaver to represent his interests and perform services for the estate in connection with carrying out the Trustee's fiduciary duties and responsibilities under the Bankruptcy Code.

## **Scope of Services**

9. Specifically, the Trustee seeks authorization to employ Stearns Weaver as bankruptcy counsel to assist, advise, and represent the Trustee with respect to the following categories: financing negotiations, advice respecting operations of the debtor's business, initiating and/or prosecuting adversary proceedings and other litigation, prosecuting and defending existing

and future litigation, and advising with respect to the liquidation, sale and/or assumption and assignment of property of the estate.

### Stearns Weaver's Qualifications

10. The Trustee has selected Stearns Weaver to represent him due to its extensive experience in all aspects of bankruptcy cases, bankruptcy and commercial litigation, and corporate and commercial law. Lead attorney for this engagement will be Drew Dillworth, Esq., who in addition to legal experience in insolvency matters, including related complex commercial litigation, has also served as a chapter 7 panel trustee in the Southern District of Florida since 2002. The Trustee previously retained Mr. Dillworth and Stearns Weaver to represent the estate in another complex chapter 7 case before this Court with a successful result. Based on the circumstances of this case, the Trustee believes that Stearns Weaver is well positioned to represent the bankruptcy estates' interests zealously and free of conflict.

11. Since the conversion date, Stearns Weaver has been working with the Trustee to secure the assets of the estate and get up to speed on pending contested matters and numerous adversary proceedings. In connection therewith, and notwithstanding the pendency of its retention, Stearns Weaver has met with the Trustee and the estates' various constituents on numerous occasions by phone, video conference, and in-person. Stearns Weaver has also scheduled additional in-person and video conference meetings with the Trustee and other constituents to investigate the pre-conversion affairs of the Debtors and assist the Trustee in his administration of these estates.

12. As a result of those efforts to date, Stearns Weaver possesses in-depth knowledge of these converted chapter 7 estates including the various legal disputes with the consignors and bidders for the debtors' assets. Accordingly, the Trustee believes that Stearns Weaver possesses

the necessary background and knowledge to address the existing and potential legal issues that may arise in the context of these chapter 7 cases.

13. The Trustee has also selected Stearns Weaver as his attorneys because of the Firm's extensive general experience, knowledge, and expertise, including Stearns Weaver's recognized expertise in the field of debtors' protections, creditors' rights, and the administration of cases under the Bankruptcy Code. For example, Stearns Weaver currently represents or has represented, among others, the following constituents in bankruptcy courts around the country: Jack W. Nicklaus as the largest unsecured creditor in In re GBI Services, Inc. et al. (Bankr. D. Del); Oxford Restructuring Advisors as the liquidating trustee in In re CPESAZ Liquidating, Inc, et al. (Bankr. C.D. Cal.) and In re OGGUSA, Inc., et al. (Bankr. E.D. Ky.); Morgan Fisher as chapter 7 trustee in In re Kaiser (Bankr. D. Md.); Drew M. Dillworth as receiver and liquidating trustee in In re Bal Harbour Quarzo, LLC (Bankr. S.D. Fla.) and chapter 7 trustee in In re Ginn (Bankr. S.D. Fla.) and In re Exim Brickell (Bankr. S.D. Fla.); Soneet R. Kapila as chapter 7 trustee in In re Odyssey Engines, LLC, et al. ( Bankr. S.D. Fla.) and In re Edelstein (Bankr. S.D. Fla.); Joel Tabas as chapter 7 trustee in In re Nestor (Bankr. S.D. Fla.) and In re Windley Key, LLC (Bankr. S.D. Fla.) and In re Stone (Bankr. S.D. Fla.); Alan M. Grochal as receiver in In re Fundamental Long Term Health Case, Inc. (Bankr. M.D. Fla.); Maria Yip as chapter 7 trustee in In re Right Choice Vending (Bankr. S.D. Fla.) and In re Ocean 4660 (Bankr. S.D. Fla.); as well as various officers and directors in insolvency related litigation, including In re EXCO Resources, Inc., et al., (Bankr. S.D. Tex.), In re VG Liquidation, Ltd. (Bankr. D. Del.), In re T3M, Inc., (Bankr. C.D. Cal.), In re Fansteel Foundry Corp (Bankr. S.D. Iowa), In re Superior Linen, LLC, (Bankr. D. Nev.), In re Connect Transport, LLC, et al., (Bankr. N.D. Tex), In re Lifestyle Lift Holding, Inc., et al., (Bankr. E.D.

Mich.), In re Cereplast, Inc., (Bankr. S.D. Ind.), and In re Green Field Energy Services, Inc., et al., (Bankr. D. Del.).

14.     The Trustee has been informed that Mr. Dillworth, as well as other partners of, counsel to, and associates of Stearns Weaver who will be employed in these chapter 7 cases, are members in good standing of the Bar of the States of Florida and Illinois, and the United States District Courts for the Middle and Southern District of Florida, the Northern District of Illinois, and the Northern District of Indiana, as well as the United States Bankruptcy Courts for the Middle and Southern Districts of Florida, and the United States Court of Appeals for the Eleventh Circuit. Applications for admission pro hac vice for Mr. Dillworth and other Stearns Weaver attorneys to practice before this Court will be filed contemporaneously with this Application.

15.     Accordingly, Stearns Weaver is both well qualified and uniquely able to represent the Trustee in these chapter 7 cases in an efficient and effective manner.

## No Duplication of Services

16.     Stearns Weaver will work with Mr. Guttman and the Trustee's other professionals to ensure a clear delineation of each firm's respective roles in connection with representation of the Trustee in these chapter 7 cases to prevent duplication of services and ensure these chapter 7 cases are administered in the most efficient fashion possible.  In that regard, Stearns Weaver and Mr. Guttman have informed the Trustee that Stearns Weaver will take the lead on the services set forth in paragraph 9 above.  Mr. Guttman's duties will include, among other tasks: (i) providing Maryland law expertise, including advising the Trustee and Stearns Weaver on issues of local practice and the Local Bankruptcy Rules; (ii) communicating with the Court and the Office of the United States Trustee for the District of Maryland with respect to the Trustee's filings and these chapter 7 cases; (iii) preparing, reviewing, commenting on, and coordinating the filing of various

pleadings; (iv) appearing in court on behalf of the Trustee; and (v) to the extent necessary, serving as lead counsel to the Trustee with respect to matters or parties as to which Stearns Weaver has a conflict and determines that it cannot (or should not) represent the Trustee (where Mr. Guttman does not similarly have a conflict).

**Stearns Weaver's Disinterestedness**

17. To the best of the Trustee's knowledge, the partners of, counsel to, and associated of Stearns Weaver do not have any connection with or any interest adverse to the Debtors, their creditors, or any other party in interest, or their respective attorneys and accountants, and has no connection with the United States Trustee, or any person employed in the office of the United States Trustee, except as may be set forth in the Dillworth Declaration.

18. Stearns Weaver, its members and associates are "disinterested persons" within the meaning of 11 U.S.C. § 101(14) and are eligible to serve as bankruptcy counsel for the Trustee.

19. As required by Fed. R. Bankr. P. 2014, a verified statement attesting to the foregoing is attached hereto. *See* **Ex. A**, Dillworth Declaration.

**Professional Compensation**

20. Stearns Weaver has agreed to provide legal services to the Trustee based on the amount of time devoted to a matter at hourly rates for the particular professional involved, in increments of one-tenth of one hour. The Applicant's rates are subject to annual adjustment to reflect economic and market conditions. As of the filing of this Application, the hourly rates for the professionals at Stearns Weaver are as follows:

| | |
|---|---|
| Partners: | $650.00 to $975.00 per hour |
| Associates: | $350.00 to $625.00 per hour |
| Paralegals: | $200.00 to $325.00 per hour |

21. The Trustee proposes to pay Stearns Weaver compensation for services rendered, subject to further application and approval of this Court under 11 U.S.C. §§ 328(b) and 330.

**Statement Pursuant to Local Bankruptcy Rule 9013-2**

22. Pursuant to Rule 9013-2 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland, the Trustee states that, in lieu of submitting a memorandum in support of this Application, he will rely solely upon the grounds and authorities set forth herein.

WHEREFORE, the Trustee requests that this Court:

A. Authorize the employment of Stearns Weaver as the Trustee's bankruptcy counsel;

B. Authorize the Trustee to compensate Stearns Weaver for reasonable, actual and necessary fees and expenses in connection with representation of the Trustee in this case, subject to further application and approval of this Court; and

C. Grant such other and further relief as is just and appropriate under the circumstances.

DATE: February 5, 2026               Respectfully Submitted,

　　　　　　　　　　　　　　　　　　 /s/ Morgan W. Fisher
　　　　　　　　　　　　　　　　　　Morgan W. Fisher (Bar No., 28711)
　　　　　　　　　　　　　　　　　　The Law Offices of Morgan Fisher, LLC
　　　　　　　　　　　　　　　　　　18 West Street
　　　　　　　　　　　　　　　　　　Annapolis, Maryland 21401
　　　　　　　　　　　　　　　　　　mwf@morganfisherlaw.com
　　　　　　　　　　　　　　　　　　(410) 626-6111
　　　　　　　　　　　　　　　　　　*Chapter 7 Trustee*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2026, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the forgoing Application, Verified Statement of Drew Dillworth, and Proposed Order will be served electronically by the Court's CM/ECF system on the following:

- Sam Alberts    sam.alberts@dentons.com, docket.general.lit.wdc@dentons.com
- Peter J Artese    peter.artese@us.dlapiper.com
- Jodie E. Bekman    jbekman@gfrlaw.com, dferguson@gfrlaw.com
- Jan Berlage    JBerlage@GHSLLP.com, tcollins@ghsllp.com
- Hugh M. (UST) Bernstein    hugh.m.bernstein@usdoj.gov
- Daniel Jack Blum    jack.blum@polsinelli.com, lsuprum@polsinelli.com;delawaredocketing@polsinelli.com
- Laura Skowronski Bouyea    lsbouyea@venable.com, dmdierdorff@venable.com
- Thomas K. Bredar    thomas.bredar@wilmerhale.com, andrew.goldman@wilmerhale.com;benjamin.loveland@wilmerhale.com;yolande.thompson@wilmerhale.com
- Andrew Brown    abrown@klestadt.com
- Matthew G. Brushwood    mbrushwood@barley.com, dkline@barley.com
- Darek Bushnaq    dsbushnaq@venable.com
- Richard L. Costella    rcostella@tydings.com, scalloway@tydings.com;MYoung@tydings.com;zjones@tydings.com;swilliams@tydings.com
- Katherine Elizabeth Culbertson    katherine.culbertson@troutman.com
- David W.T. Daniels    ddaniels@perkinscoie.com, docketnyc@perkinscoie.com;nvargas@perkinscoie.com;KMcClure@perkinscoie.com;rleibowitz@perkinscoie.com
- G. David Dean    ddean@coleschotz.com, PRatkowiak@coleschotz.com
- Mark L Desgrosseilliers    desgross@chipmanbrown.com, fusco@chipmanbrown.com
- Emily Devan    edevan@milesstockbridge.com
- Ellen E. Dew    ellen.dew@us.dlapiper.com
- Turner Falk    turner.falk@saul.com, tnfalk@recap.email;Veronica.Marchiondo@saul.com
- Justin Philip Fasano    jfasano@mhlawyers.com, jfasano@ecf.courtdrive.com;tmackey@mhlawyers.com;mevans@mhlawyers.com;cmartin@mhlawyers.com;Fasano.JustinR92003@notify.bestcase.com
- Ashley N Fellona    ashley.fellona@saul.com, janice.mast@saul.com
- Gianfranco Finizio    gfinizio@lowenstein.com
- Adam Fletcher    afletcher@bakerlaw.com
- Chelsea R Frankel    cfrankel@lowenstein.com
- Jeremy S. Friedberg    jeremy@friedberg.legal, ecf@friedberg.legal
- Stephen B. Gerald    sgerald@tydings.com
- Christopher J. Giaimo    christopher.giaimo@squirepb.com, christopher.giaimo@squirepb.com;christopher-j-giaimo-6409@ecf.pacerpro.com
- Joshua Glikin    JGlikin@shulmanrogers.com, abogert@shulmanrogers.com,tlewis@shulmanrogers.com

-Jonathan A. Grasso    jgrasso@yvslaw.com, pgomez@yvslaw.com;r39990@notify.bestcase.com
-Zvi Guttman    zvi@zviguttman.com, zviguttman@gmail.com,zviguttman@outlook.com,MD55@ecfcbis.com
-Jeffrey C. Hampton    jeffrey.hampton@saul.com
-Jason F Hoffman    jhoffman@bakerlaw.com
-Catherine Keller Hopkin    chopkin@yvslaw.com, pgomez@yvslaw.com;kreese@yvslaw.com;vmichaelides@yvslaw.com;yvslawcmecf@gmail.com;hopkincr39990@notify.bestcase.com
-James R. Irving    james.irving@dentons.com
-Adam H Isenberg    adam.isenberg@saul.com
-Harry Conrad Jones    HJones@coleschotz.com, bankruptcy@coleschotz.com;pratkowiak@coleschotz.com
-Lawrence A. Katz    lkatz@hirschlerlaw.com, chall@hirschlerlaw.com;aklena@hirschlerlaw.com
-Toyja E. Kelley    Toyja.Kelley@troutman.com
C. Kevin Kobbe    kevin.kobbe@us.dlapiper.com, docketing-baltimore-0421@ecf.pacerpro.com
-Eric George Korphage    korphagee@whiteandwilliams.com
-Jung Yong Lee    jlee@milesstockbridge.com, mhickman@tydings.com
-Gary H. Leibowitz    gleibowitz@coleschotz.com, pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;lmorton@coleschotz.com
-Thomas J. McKee    mckeet@gtlaw.com, Karrie.Barbaro@gtlaw.com,thomas--mckee-0902@ecf.pacerpro.com
-Mark Minuti    mark.minuti@saul.com, robyn.warren@saul.com
-Randy Moonan    rmoonan@sillscummis.com
-William Fuller Moss    william.moss@friedberg.legal
-Bruce S. Nathan    bnathan@lowenstein.com
-Janet M. Nesse    jnesse@mhlawyers.com, jfasano@mhlawyers.com;cpalik@mhlawyers.com;jnesse@ecf.inforuptcy.com;tmackey@mhlawyers.com;cmartin@mhlawyers.com;kfeig@mhlawyers.com
-Craig Palik    cpalik@mhlawyers.com, cpalik@ecf.inforuptcy.com;Palik.CraigR92003@notify.bestcase.com;mevans@mhlawyers.com;cmartin@mhlawyers.com
-Michael Papandrea    mpapandrea@lowenstein.com
-Steven Gregory Polard    steven.polard@ropers.com, loriann.zullo@ropers.com;calendar-LAO@ropers.com
-Scott Prince    sprince@bakerlaw.com
-Jonathan Gary Rose    jonathan.rose@us.dlapiper.com
-Jordan Rosenfeld    jordan.rosenfeld@saul.com
-Nikolaus F. Schandlbauer    nick.schandlbauer@arlaw.com, lianna.sarasola@arlaw.com
-Dennis J. Shaffer    dshaffer@tydings.com, scalloway@tydings.com;MYoung@tydings.com
-Indira Kavita Sharma    indira.sharma@troutman.com, katherine.culbertson@troutman.com;jonathan.young@troutman.com;david.ruediger@troutman.com;errol.chapman@troutman.com;toyja.kelley@troutman.com

-Nicholas Smargiassi    nicholas.smargiassi@saul.com
-David Sommer    dsommer@gallagherllp.com, ceyler@gejlaw.com;gomara@gejlaw.com;csalce@gejlaw.com;mkobylski@gejlaw.com
-Brent C. Strickland    bstrickland@whitefordlaw.com, mbaum@whitefordlaw.com;brent-strickland-3227@ecf.pacerpro.com
-Matthew G. Summers    summersm@ballardspahr.com, branchd@ballardspahr.com;heilmanl@ballardspahr.com;ambroses@ballardspahr.com;zarnighiann@ballardspahr.com;carolod@ballardspahr.com;cromartie@ballardspahr.com;stammerk@ballardspahr.com;brannickn@ballardspahr.com
-S. Jason Teele    steele@sillscummis.com
-Paige Noelle Topper    paige.topper@saul.com
-US Trustee - Baltimore    USTPRegion04.BA.ECF@USDOJ.GOV

                                                      */s/ Morgan W. Fisher*
                                                      Morgan W. Fisher

#14436405 v1