**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | |
|---|---|
| In re:<br><br>Diamond Comic Distributors, Inc., *et al.*,<br><br>                 Debtors.[1] | Case No. 25-10308 (DER)<br><br>Chapter 7<br><br>(Jointly Administered) |
| Charlie Tyson, Dan Hirsch, and Robert Gorin,<br><br>                 Movants,<br><br>v.<br><br>Diamond Comic Distributors, Inc., *et al.*,<br><br>                 Debtors,<br><br>and<br><br>Morgan W. Fisher,<br><br>                 Chapter 7 Trustee,<br><br>                 Respondent. | |

**JOINT MOTION OF INDIVIDUAL DEFENDANTS FOR ENTRY**
**OF AN ORDER AUTHORIZING, AND TO THE EXTENT NECESSARY,**
**MODIFYING THE AUTOMATIC STAY TO ALLOW THE INSURER TO USE**
**PROCEEDS FROM DIRECTORS AND OFFICERS LIABILITY INSURANCE**
**POLICIES FOR DEFENSE COSTS AND GRANTING RELATED RELIEF**

Charlie Tyson ("Tyson") and Dan Hirsch ("Hirsch"), former co-Chief Executive Officers

of Alliance Game Distributors, which was an operating division of Diamond Comic Distributors,

Inc., and Robert Gorin ("Gorin," and together with Tyson and Hirsh, "Movants" or "Individual

---

[1]    The Debtors in these chapter 7 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc., 25-10311-DER (7457); Comic Exporters, Inc., 25-10309-DER (7458); and Diamond Select Toys & Collectibles, LLC, 25-10312-DER (6585).

Defendants"), co-Chief Restructuring Officer of the above-captioned debtors (collectively, the "Debtors"), hereby move pursuant to sections 105(a) and 362(d)(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland (the "Local Rules") seeking entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") authorizing, and to the extent necessary, modifying the automatic stay to allow Federal Insurance Company ("Chubb" or the "Insurer") to make or advance payments, including payment of Defense Costs pursuant to the terms and conditions of the D&O Policy (defined below). In support of this motion (the "Motion"), Movants respectfully state as follows:

**JURISDICTION AND VENUE**

1.        This Court has jurisdiction over this Motion pursuant to 11 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution. The Movants consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final judgment or order absent consent of the parties. The Movants do not consent to entry of a final judgment or order with respect to any other contested matter or adversary proceeding unless otherwise stated.

2.        Venue of this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.        The predicates for the relief sought herein are sections 105(a) and 362(d)(1) of the Bankruptcy Code, Federal Rule 4001, and Local Rule 4001-1.

## BACKGROUND

**A. The D&O Policy**

4. Prior to the filing of these Chapter 11 cases, Diamond Comic Distributors Inc., the Debtor-parent company, maintained certain standard claims-made, director and officer and entity liability coverage under terms of a policy (Policy Number J06607044) for the period from April 1, 2024 to April 1, 2025 (the "D&O Policy").  The Insurer issued the D&O Policy coverage to Diamond Comic Distributors, Inc.  A copy of the D&O Policy is attached hereto as **Exhibit B**.

5. The Insurer issued a Run-Off/Extension Endorsement With Successor Company and Windup Coverage (the "Run-Off Endorsement") extending the D&O Policy coverage through October 1, 2025, a copy of which is annexed to the Motion as **Exhibit C**.  The Run-Off Endorsement includes a 6-year run-off period.  *See id.*

6. Pursuant to the D&O Policy, there is an aggregate limit of liability of $1,000,000. *See* Ex. B.

7. The D&O Policy states, in relevant part, as follows:

**PAYMENT PRIORITY AND COVERAGE COORDINATION**

With respect to the **Liability Coverage Parts**:

(A) It is understood and agreed that any coverage provided under this Policy is principally intended to protect and benefit the **Insured Persons**. Accordingly, in the event that **Loss** for which an **Insured Person** has not been paid or indemnified; and any other **Loss**, are concurrently due under any **Liability Coverage Part**, the Company shall pay **Loss** as follows:

 (1) first, **Loss** for which an **Insured Person** has not been paid or indemnified;

 (2) second, if applicable, **Loss** for which an **Insured Person** has been indemnified by the **Organization**; or **Loss** incurred by a **Plan**;

 (3) third, if applicable, **Loss** incurred by an **Organization**; and

(4) with respect to whatever remaining amount of the Limit of Liability is available after payment under Paragraphs (A)(1) through (A)(3) above, any other **Loss** afforded coverage under any Insuring Clause or Coverage Extension.

*See id.* at XX.

8.      The D&O Policy further provides that "Bankruptcy or insolvency of any Insured shall not relieve the [Insurer] of its obligations[.]"  *See id.* at VII (A).  The D&O Policy also provides that if an acquisition of the Parent Organization occurs during the Policy Period "any **Liability Coverage Part**, shall continue until the expiration of the current **Policy Period**, solely for **Matters** for **Wrongful Acts**, or **Matters** arising out of the facts or circumstances, first occurring prior to such event[.]"  *See id.* at X.

**B.  The Chapter 11 Cases**

9.      On January 14, 2025, each Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

10.     The Debtors continue to be in the possession and control of their assets and properties in accordance with sections 1107 and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases.

11.     On January 29, 2025, the Office of the United States Trustee for the District of Maryland appointed an Official Committee of Unsecured Creditors [Docket No. 90].

**C.  The Adversary Proceeding**

12.     On April 29, 2025, Alliance Entertainment, LLC ("AENT") commenced an adversary proceeding, Case No. 25-00112 (the "Adversary Proceeding") by the filing and service of a complaint (the "Complaint") [Adv. Docket No. 1] against the Debtors, Raymond James & Associates, Inc. ("Raymond James"), Getzler Henrich & Associates LLC ("Getzler Henrich"), and each of the Individual Defendants (together, the "Defendants").

13.    On June 30, 2025, each of the Defendants filed a motion to dismiss and/or joinder to a motion to dismiss counts II through V of the Complaint (together, the "Motions to Dismiss") [Adv. Docket Nos. 16, 17, 19, 20, 24].

14.    On November 21, 2025, the Court entered its order denying the Motions to Dismiss [Adv. Docket No. 53].

15.    On December 1, 2025, the Debtors filed an answer to the Complaint with counterclaims [Adv. Docket No. 55].

16.    On December 8, 2025, each of the remaining Defendants filed an answer to the Complaint [Adv. Docket Nos. 57, 58, 59].

**D.  Conversion of the Chapter 11 Cases to Chapter 7**

17.    On December 12, 2025, the Debtors filed *Debtors' Motion (A) For Entry of Order Approving Eighth Stipulation Between Debtors and JPMorgan Chase Bank, N.A., Amending DIP Credit Agreement and (B) For Approval of Order (I) Converting Cases from Chapter 11 to Chapter 7 of the Bankruptcy Code as of Conversion Date, (II) Approving Certain Conversion Procedures, (III) Setting Bar Date for Filing Final Chapter 11 Fee Applications and Establishing a Hearing Thereon, and (IV) Granting Related Relief* (the "Motion to Convert") [Docket No. 1070].

18.    On December 16, 2025, a hearing was held on the Motion to Convert.  During that hearing, the Court granted the Motion to Convert.

19.    On December 19, 2025, the Court entered an *Order (I) Approving Eighth Stipulation Between Debtors and JPMorgan Chase Bank, N.A., Amending DIP Credit Agreement, (II) Converting Cases From Chapter 11 to Chapter 7 of the Bankruptcy Code as of Conversion Date, (III) Approving Certain Conversion Procedures (IV) Setting Bar Date for Filing Final*

*Chapter 11 Fee Applications and Establishing a Hearing Thereon, and (V) Granting Related Relief* (the "Conversion Order") [Docket No. 1089].

20.    Effective as of the date of the Conversion Order, "all contested matters and adversary proceedings in the Debtors' bankruptcy cases are stayed until February 16, 2026." *See* Conversion Order ¶ 7.

21.    On December 23, 2025, the Court entered the *Appointment of Interim Trustee and Designation of Required Bond* appointing Morgan W. Fisher, Esq. as interim chapter 7 trustee for the Debtors' estates [Docket No. 1095].

22.    Effective December 31, 2025, the Chapter 11 Cases were converted to cases under Chapter 7 of the Bankruptcy Code and Morgan W. Fisher was appointed as the Debtors' Chapter 7 trustee.

## RELIEF REQUESTED

23.    By this Motion, the Movants seek entry of an order from this Court pursuant to sections 105(a) and 362(d)(1) of the Bankruptcy Code, Bankruptcy Rule 4001, and Local Rule 4001-1(a) authorizing, and to the extent necessary, modifying the automatic stay to allow the Insurer to make or advance payments of Defense Costs (as that term is defined in the D&O Policy) in accordance with the D&O Policy, to or on behalf of, the Movants pursuant to the terms and conditions of such policy, and (b) granting related relief.

## ARGUMENT

24.    The Court should grant the relief requested in this Motion and allow the Insurer to pay the Defense Costs of the Movants as directors and officers of the Debtors covered by the D&O Policy.  In the first instance, the Movants submit that the proceeds of the D&O Policy are not subject to the automatic stay because such proceeds are not property of the estate.  The Payment

Priority and Coverage Coordination provision of the D&O Policy establishes that Insured Persons get paid first thereunder.  Specifically, the D&O Policy states in relevant part that, "in the event that Loss for which an Insured Person has not been paid or indemnified[,]" the Insurer shall first pay "Loss for which an Insured Person has not been paid or indemnified." *See* Ex. B.  The proceeds from the D&O Policy belong to the non-Debtor Movants.  Notwithstanding, and even if the proceeds of the D&O Policy are subject to the automatic stay, there is sufficient "cause" under the circumstances here to modify the stay to permit the Insurer to make or advance payments, including payment of Defense Costs, pursuant to the terms of the D&O Policy.

25.     Unless the case is promptly resolved, it is anticipated that the entire D&O Policy will likely be depleted in Defense Costs expended to cover the legal fees of the two law firms that have been separately retained to represent the Individual Defendants in the Adversary Proceeding. As such, the Insurer should be authorized to expend the full amount of coverage to the Movants under the D&O Policy.  Accordingly, and in order to provide sufficient comfort to the Insurer to make any payments pursuant to the terms of the D&O Policy, which the Insurer has requested as a condition to paying the fees and expenses of the Movants they are entitled to receive under the D&O Policy, the Movants respectfully request that the Court enter the Proposed Order.

**I.     The Proceeds Of The D&O Policy Are Not Property Of The Estates And Thus, Not Subject To The Automatic Stay**

26.     The term "property of the estate" found in section 541(a) of the Bankruptcy Code is defined broadly, *see Fluharty v. Phil. Indemnity Co. (In re Levine)*, 130 F.4th 86, 90 (4th Cir. 2025), and courts typically find that the debtor's liability insurance policies themselves fall within the definition of estate property.  *In re Allied Digital Techs. Corp.*, 306 B.R. 505, 509 (Bankr. D. Del. 2004).

27.    Notwithstanding the broad definition of "property of the estate" found in section 541(a), that provision "is not intended to expand the debtor's rights against others beyond what rights existed at the commencement of the case."  *See In re Bronikowski*, 569 B.R. 48, 51 (W.D.N.C. 2017); *see also In re Downey Fin. Corp.*, 428 B.R. 595, 607 (Bankr. D. Del. 2010).  As such, courts generally find that the *proceeds* of directors and officers liability insurance policies do not necessarily belong to the estate even where the underlying insurance policies themselves are property of the estate.  *See In re Louisiana World Exposition, Inc.*, 832 F.2d 1391, 1400 (5th Cir. 1987) ("[T]he liability proceeds payable to the directors and officers are not part of the bankrupt's estate."); *see also In re Downey Fin. Corp.*, 428 B.R. at 603 ("[W]hen the liability insurance policy only provides direct coverage to the directors and officers, courts generally hold that the proceeds are not property of the estate."); *SN Liquidation, Inc. v. Icon Int'l, Inc. (In re SN Liquidation, Inc.)*, 388 B.R. 579, 584 (Bankr. D. Del. 2008); *Miller v. McDonald (In re World Health Alternatives, Inc.)*, 369 B.R. 805, 811 (Bankr. D. Del. 2007); *In re Allied Digital Techs., Corp.*, 306 B.R. at 509 (noting that the proceeds of insurance policies providing direct coverage to directors and officers "are not property of the estate because the proceeds are payable to the directors and officers not the estate"); *Hovis v. The Ages Grp., L.P. (In re Air S. Airlines, Inc.)*, Nos. Civ.A. 97-07229-W, 99-80037-W, 1999 WL 33486098, at **5-6 (Bankr. D.S.C. 1999) (finding that simply because the debtor owned the insurance policy and the policy itself was part of its estate did not mean that the debtor too had an interest in the insurance proceeds).  "[W]ere the Court to hold that the Policy proceeds are property of the estate and, thus, subject to the automatic stay, the [debtor] would have 'greater rights in the [Policy proceeds] than the debtor had before filing for bankruptcy.'"  *In re Downey Fin. Corp.*, 428 B.R. at 608; *see also Thomas v. Universal Am. Mortg.*, Nos. Civ.A. 97-3995, 97-4001, 97-4123, 97-5408, 1998 WL 57523, at *4

8

(E.D. Pa. 1998) (citations omitted), *aff'd sub nom. In re Thomas*, 182 F.3d 904 (3d Cir. 1999) (the "owner of an insurance policy cannot obtain greater rights to the proceeds of that policy … by merely filing a bankruptcy petition").

28.     When deciding whether proceeds of a directors and officers insurance policy are property of the estate, courts will analyze the facts of a particular case and look to "the language and scope of the specific policies at issue."  *See In re Oaktree Med. Centre, LLC*, 634 B.R. 937, 939 (Bankr. D.S.C. 2021); *see also In re Beach First Nat'l Bancshares, Inc.*, 451 B.R. 406, 409 (Bankr. D.S.C. 2011) ("[M]ost courts require, as a starting point, a debtor to have a direct interest in the proceeds in order for proceeds to qualify as property of the estate.").

29.     The Court should find that the proceeds of the D&O Policy here are not property of the estate.  The D&O Policy includes an order of payment provision expressly stating that the coverage afforded to the directors and officers must be paid first.  Any coverage available to the Debtors is subordinated to the coverage available to the directors and officers under the D&O Policy.  Because the proceeds of the D&O Policy are not property of the estate, the automatic stay does not apply with respect to the use of such proceeds for the Defense Costs of the Movants.  Accordingly, and to provide assurance to the Insurer, the Court should enter the Proposed Order authorizing the Insurer to make or advance payments, including payment of Defense Costs, to the Movants in accordance with the D&O Policy.

## II.     Alternatively, To The Extent The Automatic Stay Applies, Cause Exists To Modify The Stay To Allow The Insurer To Pay Defense Costs

30.     In the alternative, and to the extent that some or all proceeds of the D&O Policy may be deemed estate property, "cause" exists under section 362(d)(1) of the Bankruptcy Code to modify the automatic stay to allow the Insurer to pay Defense Costs in connection with the Adversary Proceeding and any other covered Claims that may arise.

31.     Courts have the authority to modify the automatic stay upon a showing of "cause." 11 U.S.C. § 362(d)(1).  The Bankruptcy Code does not define what constitutes "cause" under section 362(d)(1), other than a lack of adequate protection, so courts must determine whether cause exists to lift the stay on a case-by-case basis by examining the totality of circumstances.  *See Robbins v. Robbins (In re Robbins)*, 964 F.2d 342, 345 (4th Cir. 1992); *see also Claughton v. Mixson*, 33 F.3d 4, 5 (4th Cir. 1994); *In re Corotoman Inc.*, No. 2:19-bk-20134, 2021 WL 1248341, at *7 (Bankr. S.D.W.V. Mar. 31, 2021) ("[T]he term 'cause' is a broad and flexible concept which permits a bankruptcy court, as a court of equity, to respond to inherently fact-sensitive situations.") (internal citations omitted).  In considering the totality of the circumstances, the Court "is accorded considerable discretion in evaluating the competing interests [of the parties]."  *In re Bell*, 476 B.R. 168, 179 (Bankr. E.D. Pa. 2012) ("[I]n some cases, … the equities of freeing the creditor from the restraint of the automatic stay may outweigh the potential negative impact that such relief would have on the bankruptcy process."); *see also In re Robins*, 964 F.2d at 345 ("A decision to lift the automatic stay under section 362 of the Code is within the discretion of the bankruptcy judge[.]").

32.     When deciding whether cause has been shown to lift the stay, "the court must balance potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied."  *The Fairville Co. v. Ramkaran (In re Ramkaran)*, 315 B.R. 361, 364 (D. Md. 2004) (citing *In re Robins*, 964 F.2d at 345).  It is not uncommon for courts to grant stay relief to allow payment of defense costs or settlement costs to directors and officers.  *See In re Allied Digital Techs., Corp.*, 306 B.R. at 513; *In re Downey Fin. Corp.*, 428 B.R. at 609; *see also In re MG Glob. Holdings Ltd.*, 469 B.R. 177, 192-93 (Bankr. S.D.N.Y. 2012) ("Lifting the automatic stay to permit [the insurer] to advance defense costs on behalf of the Individual Insureds would not severely prejudice the Debtors' estate.

But failure to do so would significantly injure the Individual Insureds, whose defense costs are covered by the [insurance policies]."); *In re RC Liquidating Co.*, No. 05-50475 C-11, 2007 WL 329183, at *2 (Bankr. M.D.N.C. Jan. 31, 2007) (finding cause existed to grant stay relief even though payment of defense costs to the individual insureds would reduce the proceeds otherwise available for the debtor under the policy because "[o]ne or more of the Defendants are insureds under the Policy and, as such, have contractual rights provided under the policy," which include payment of defense costs); *Exec. Risk Indemnity v. Boston Regional Med. Ctr., Inc. (In re Boston Regional Med. Ctr., Inc.)*, 285 B.R. 87, 96 (Bankr. D. Mass. 2002) (recognizing that non-debtor, co-insured had an immediate need for payment of proceeds from the relevant policy and failure to disburse defense costs in time to provide a defense causes the value and function of the coverage to be lost); *In re CyberMedica, Inc.*, 280 B.R. 12, 18 (Bankr. D. Mass. 2002).

33.     It is difficult to see how modifying the stay here would result in any great prejudice to the Debtors or their estates.  As discussed *infra*, the D&O Policy contains a priority of payment provision which subordinates the Debtors' rights in the proceeds of such policy to those of the directors and officers.  Indeed, the Insurer is contractually required to pay the Defense Costs incurred by the Movants and other Insured Persons before they may use the remaining Insurance Proceeds, if any, for other Insureds, including the Debtors.  Therefore, even if the Debtors have some conceivable interest in the proceeds of the D&O Policy, it is certainly not strong enough that they would suffer "great prejudice" from modifying the stay.

34.     Additionally, even assuming that granting the requested relief would cause some conceivable hardship to the Debtors (which it would not), the hardship to the Movants by maintenance of the stay considerably outweighs any hardship to the Debtors.  The Movants will,

in fact, suffer a very real and imminent harm given the current litigation underway which has already generated, and will continue to generate, significant defense costs.

35.     The claims being litigated against the Movants are significant fraud allegations (which the Movants dispute in the entirety).  Like the directors and officers in *CyberMedica*, the Movants "are in need *now* of their contractual right to payment of defense costs and may be harmed if disbursements are not presently made to fund their defenses of the [Adversary] Complaint." 280 B.R. at 18.  There should be no delay in payment of the Defense Costs on behalf of the Movants.  Considering the severity of the fraud claims being asserted against the Movants in the Adversary Proceeding, the motion practice that has already taken place, and the fact that the parties are about to enter the discovery phase of litigation, the proceeds of the D&O Policy to be used for Defense Costs will be quickly exhausted.  The coverage under the D&O Policy is a bargained-for right of the Movants and a material benefit to their employment.  The Movants will suffer irreparable hardships if they are deprived coverage to pay their lawyers and, in turn, are unable to maintain a meaningful defense.  *See In re Allied Digital Techs. Corp.*, 306 B.R. at 514 (finding relief from stay appropriate where individual defendants would be "prevented from conducting a meaningful defense" without insurance proceeds, and the "directors and officers bargained for this coverage").

36.     When considering the totality of the circumstances here, any potential hardship or prejudice of the Debtors if the requested relief is granted is far outweighed by the hardship and prejudice that would befall the Movants should such relief be denied.  As such, this Court should find that "cause" exists to modify the automatic stay to the extent necessary to permit the Insurer to make or advance payments, including payment of Defense Costs, under the terms of the D&O Policy.

## WAIVER OF BANKRUPTCY RULE 4001(a)(4)

37.     Given the nature of the relief requested herein, the Movants respectfully request a waiver of the 14-day stay under Bankruptcy Rule 4001(a)(4).  Pursuant to Bankruptcy Rule 4001(a)(4), "[u]nless the court orders otherwise, an order granting a motion for relief from the automatic stay … is stayed for 14 days after it is entered."  FED. R. BANKR. P. 4001(a)(4).  For the foregoing reasons described above, the relief requested is essential to prevent potential irreparable damage to the Movants.

## WAIVER OF MEMORANDUM OF LAW

38.     Pursuant to Local Rule 9013-2, this Motion relies solely on the authorities cited herein in lieu of submitting a separate memorandum of law.

**WHEREFORE**, the Movants respectfully request that this Court enter an order, substantially in the form of the Proposed Order (a) authorizing, and to the extent necessary, modifying the automatic stay to allow the Insurer to make or advance payments, including payment of Defense Costs in accordance with the D&O Policy, to or on behalf of, the Movants pursuant to the terms and conditions of such policy, and (b) granting related relief.

*[Signature page to follow]*

13

Dated:  February 17, 2026

**COLE SCHOTZ P.C.**

 By: */s/ H.C. Jones, III*
H.C. Jones, III, Esq. (Bar No. 20064)
1201 Wills Street, Suite 320
Baltimore, MD 21231
Telephone: (410) 230-0660
Facsimile: (410) 230-0667
hjones@coleschotz.com
    -and-
G. David Dean, Esq. (Bar No. 26987)
500 Delaware Avenue, Suite 600
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117
ddean@coleschotz.com
     -and-
Kori L. Pruett, Esq. (admitted *pro hac vice*)
Court Plaza North
25 Main Street
Hackensack, NJ 07601
Telephone: (201) 489-3000
Facsimile: (201) 489-1536
kpruett@coleschotz.com

*Counsel for Defendants Charlie Tyson and*
*Dan Hirsch*

**CHIPMAN BROWN CICERO & COLE, LLP**

By: */s/ Mark L. Desgrosseilliers*
Mark L. Desgrosseilliers (Bar No. 25945)
Robert A. Weber (Bar No. 10105)
Kelly E. Rowe (Bar No. 31726)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, DE 19801
Telephone: (302) 295-0191
desgross@chipmanbrown.com
weber@chipmanbrown.com
rowe@chipmanbrown.com

*Counsel for Defendant Robert Gorin*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

|  |  |
|---|---|
| In re:<br><br>Diamond Comic Distributors, Inc., *et al.*,<br><br>Debtors.[1] | Case No. 25-10308 (DER)<br><br>Chapter 7<br><br>(Jointly Administered) |
| Charlie Tyson, Dan Hirsch, and Robert Gorin,<br><br>Movants,<br><br>v.<br><br>Diamond Comic Distributors, Inc., *et al.*,<br><br>Debtors,<br><br>and<br><br>Morgan W. Fisher,<br><br>Chapter 7 Trustee,<br><br>Respondent. |  |

## CERTIFICATE OF SERVICE

I, H.C. Jones III, hereby certify that on the 17th day of February, 2026, I caused a true and correct copy of the *Joint Motion of Individual Defendants for Entry of an Order Authorizing, and to the Extent Necessary, Modifying the Automatic Stay to Allow the Insurer to Use Proceeds from Directors and Officers Liability Insurance Policies for Defense Costs and Granting Related Relief* (the "Motion") to be served electronically through the Court's CM/ECF system upon those parties registered to receive such notifications and listed on Service List A below, and via First-Class, postage prepaid on the parties listed on Service List B below.

*/s/ H.C. Jones III*
H.C. Jones III

---

[1] The Debtors in these chapter 7 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc., 25-10311-DER (7457); Comic Exporters, Inc., 25-10309-DER (7458); and Diamond Select Toys & Collectibles, LLC, 25-10312-DER (6585).

## SERVICE LIST A

- Sam Alberts    sam.alberts@dentons.com, docket.general.lit.wdc@dentons.com
- Peter J Artese    peter.artese@us.dlapiper.com
- Jodie E. Bekman    jbekman@gfrlaw.com, dferguson@gfrlaw.com
- Jan Berlage    JBerlage@GHSLLP.com, tcollins@ghsllp.com
- Hugh M. (UST) Bernstein    hugh.m.bernstein@usdoj.gov
- Daniel Jack Blum    jack.blum@polsinelli.com,
  lsuprum@polsinelli.com;delawaredocketing@polsinelli.com
- Laura Skowronski Bouyea    lsbouyea@venable.com, dmdierdorff@venable.com
- Thomas K. Bredar    thomas.bredar@wilmerhale.com,
  andrew.goldman@wilmerhale.com;benjamin.loveland@wilmerhale.com;yolande.thomps
  on@wilmerhale.com
- Matthew G. Brushwood    mbrushwood@barley.com, dkline@barley.com
- Darek Bushnaq    dsbushnaq@venable.com
- Richard L. Costella    rcostella@tydings.com,
  myoung@tydings.com;pcoolbaugh@tydings.com
- Katherine Elizabeth Culbertson    katherine.culbertson@troutman.com
- David W.T. Daniels    ddaniels@perkinscoie.com,
  docketnyc@perkinscoie.com;nvargas@perkinscoie.com;KMcClure@perkinscoie.com;rle
  ibowitz@perkinscoie.com
- G. David Dean    ddean@coleschotz.com, PRatkowiak@coleschotz.com
- Mark L Desgrosseilliers    desgross@chipmanbrown.com, fusco@chipmanbrown.com
- Emily Devan    edevan@milesstockbridge.com
- Ellen E. Dew    ellen.dew@us.dlapiper.com
- Turner Falk    turner.falk@saul.com,
  tnfalk@recap.email;Veronica.Marchiondo@saul.com
- Justin Philip Fasano    jfasano@mhlawyers.com,
  jfasano@ecf.courtdrive.com;tmackey@mhlawyers.com;mevans@mhlawyers.com;cmarti
  n@mhlawyers.com;Fasano.JustinR92003@notify.bestcase.com
- Ashley N Fellona    ashley.fellona@saul.com, janice.mast@saul.com
- Gianfranco Finizio    gfinizio@lowenstein.com
- Morgan W. Fisher    trustee@morganfisherlaw.com,
  MD65@ecfcbis.com;fisher@premierremote.com
- Adam Fletcher    afletcher@bakerlaw.com
- Chelsea R Frankel    cfrankel@lowenstein.com
- Jeremy S. Friedberg    jeremy@friedberg.legal, ecf@friedberg.legal
- Stephen B. Gerald    sgerald@tydings.com
- Christopher J. Giaimo    christopher.giaimo@squirepb.com,
  christopher.giaimo@squirepb.com;christopher-j-giaimo-6409@ecf.pacerpro.com
- Joshua Glikin    JGlikin@shulmanrogers.com,
  abogert@shulmanrogers.com,mdicarlo@shulmanrogers.com

- Jonathan A. Grasso    jgrasso@yvslaw.com,
  pgomez@yvslaw.com;r39990@notify.bestcase.com
- Zvi Guttman    zvi@zviguttman.com,
  zviguttman@gmail.com,zviguttman@outlook.com,MD55@ecfcbis.com
- Jeffrey C. Hampton    jeffrey.hampton@saul.com
- Jason F Hoffman    jhoffman@bakerlaw.com
- Catherine Keller Hopkin    chopkin@yvslaw.com,
  pgomez@yvslaw.com;kreese@yvslaw.com;vmichaelides@yvslaw.com;yvslawcmecf@g
  mail.com;hopkincr39990@notify.bestcase.com
- James R. Irving    james.irving@dentons.com
- Adam H Isenberg    adam.isenberg@saul.com
- Harry Conrad Jones    HJones@coleschotz.com,
  bankruptcy@coleschotz.com;pratkowiak@coleschotz.com
- Lawrence A. Katz    lkatz@hirschlerlaw.com,
  chall@hirschlerlaw.com;aklena@hirschlerlaw.com
- Toyja E. Kelley    Toyja.Kelley@troutman.com
- C. Kevin Kobbe    kevin.kobbe@us.dlapiper.com, docketing-baltimore-
  0421@ecf.pacerpro.com
- Eric George Korphage    korphagee@whiteandwilliams.com
- Jung Yong Lee    jlee@milesstockbridge.com, mhickman@tydings.com
- Gary H. Leibowitz    gleibowitz@coleschotz.com,
  pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;lmorton@coleschotz.com
- Thomas J. McKee    mckeet@gtlaw.com, Karrie.Barbaro@gtlaw.com,thomas--mckee-
  0902@ecf.pacerpro.com
- Mark Minuti    mark.minuti@saul.com, robyn.warren@saul.com
- Randy Moonan    rmoonan@sillscummis.com
- William Fuller Moss    william.moss@friedberg.legal
- Bruce S. Nathan    bnathan@lowenstein.com
- Janet M. Nesse    jnesse@mhlawyers.com,
  jfasano@mhlawyers.com;cpalik@mhlawyers.com;jnesse@ecf.inforuptcy.com;tmackey
  @mhlawyers.com;cmartin@mhlawyers.com;kfeig@mhlawyers.com
- Craig Palik    cpalik@mhlawyers.com,
  cpalik@ecf.inforuptcy.com;Palik.CraigR92003@notify.bestcase.com;mevans@mhlawye
  rs.com;cmartin@mhlawyers.com
- Michael Papandrea    mpapandrea@lowenstein.com
- Steven Gregory Polard    steven.polard@ropers.com,
  loriann.zullo@ropers.com;calendar-LAO@ropers.com
- Scott Prince    sprince@bakerlaw.com
- Jonathan Gary Rose    jonathan.rose@us.dlapiper.com
- Jordan Rosenfeld    jordan.rosenfeld@saul.com
- Nikolaus F. Schandlbauer    nick.schandlbauer@arlaw.com, lianna.sarasola@arlaw.com

- Dennis J. Shaffer    dshaffer@tydings.com,
  scalloway@tydings.com;MYoung@tydings.com
- Indira Kavita Sharma    indira.sharma@troutman.com,
  katherine.culbertson@troutman.com;jonathan.young@troutman.com;david.ruediger@troutman.com;errol.chapman@troutman.com;toyja.kelley@troutman.com
- Nicholas Smargiassi    nicholas.smargiassi@saul.com
- David Sommer    dsommer@gallagherllp.com,
  ceyler@gejlaw.com;gomara@gejlaw.com;csalce@gejlaw.com;mkobylski@gejlaw.com
- Brent C. Strickland    bstrickland@whitefordlaw.com,
  mbaum@whitefordlaw.com;brent-strickland-3227@ecf.pacerpro.com
- Matthew G. Summers    summersm@ballardspahr.com,
  branchd@ballardspahr.com;heilmanl@ballardspahr.com;ambroses@ballardspahr.com;zarnighiann@ballardspahr.com;carolod@ballardspahr.com;cromartie@ballardspahr.com;stammerk@ballardspahr.com;brannickn@ballardspahr.com
- S. Jason Teele    steele@sillscummis.com
- Paige Noelle Topper    paige.topper@saul.com
- US Trustee - Baltimore    USTPRegion04.BA.ECF@USDOJ.GOV

## <u>SERVICE LIST B</u>

Morgan W. Fisher
The Law Offices of Morgan Fisher, LLC
18 West Street
Annapolis, MD 21401

Hugh M. (UST) Bernstein
Office of U.S. Trustee
101 W. Lombard Street, Suite 2625
Baltimore, MD 21201

Jordan D. Rosenfeld
Ashley N Fellona
Saul Ewing LLP
1001 Fleet Street, 9th Floor
Baltimore, MD 21202

Drew M. Dillworth
Stearns, Weaver, Miller, Weissler, Alhadeff &
Sitterson, P.A.
150 West Flagler Street, Suite 2200
Miami, FL 33130

Mark Minuti
Nicholas Smargiassi
Paige Noelle Topper
Saul Ewing LLP
1201 N Market Street, Suite 2300
PO Box 1266
Wilmington, DE 19899

Adam H Isenberg
Jeffrey C. Hampton
Turner Falk
Saul Ewing LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102

Diamond Comic Distributors, Inc.
10150 York Road, Suite 300
Hunt Valley, MD 21030

Comic Exporters, Inc.
10150 York Road, Suite 300
Hunt Valley, MD 21030

Comic Holdings, Inc.
10150 York Road, Suite 300
Hunt Valley, MD 21030

Diamond Select Toys & Collectibles, LLC
10150 York Road, Suite 300
Hunt Valley, MD 21030

William M. Gaines, Agent, Inc.
c/o Lanning G. Bryer
1040 Avenue of the Americas
New York, NY 10018

Jamilla Justine Willis
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY 10020

William M. Gaines, Agent Inc.
3975 Little John Drive
c/o Cathy Gaines Mifsud, President
York, PA 17408

Angela Veach
6604 Grant Cover
Olive Branch, MS 38654

TwoMorrows Publishing
10407 Bedfordtown Drive
c/o John Morrow
Raleigh, NC 27614

Angela Veach
1146 Windermere Run
O'Fallon, IL 62269

Zvi Guttman
The Law Offices of Zvi Guttman, P.A.
P.O. Box 32308
Baltimore, MD 21282

Sara L. Chenetz
Perkins Coie LLP
1888 Century Park E, Suite 1700
Los Angeles, CA 90067-1721

Oscar N. Pinkas
Nathan A. Haynes
Greenberg Traurig, LLP
One Vanderbilt Avenue
New York, NY 10017

Jonathan W. Young
David Ruediger
Katherine Culbertson
Troutman Pepper Locke LLP
111 Huntington Ave., 9th Floor
Boston, MA 02199

Katherine Culbertson
Troutman Pepper Locke LLP
111 South Wacker Drive, Suite 4100
Chicago, IL 60606

Deborah M. Perry
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street, Suite 4000
Dallas, TX 75201-6659

Thomas J. McKee Jr.
Greenberg Traurig, LLP
1750 Tysons Blvd. #1000
McLean, VA 22102

Gregory Stuhlman
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, DE 19801

Larry Strauss
Larry Strauss Esq. & Associates
2310 Smith Ave.
Baltimore, MD 21209

New York State Department of Taxation and
Finance
Bankruptcy Unit
P.O. Box 5300
Albany, NY 12205-5300

Molten Core Media, LLC dba Magma Comix
3130 Whittier St.
c/o Denton J. Tipton
San Diego, CA 92106

Abstract Studio, Inc.
c/o Robyn Moore
PO Box 271487
Houston, TX 77277

Sara Chenetz
Perkins Coie LLP
1888 Century Park East, Suite 1700
Los Angeles, CA 90067

Graphitti Designs
33159 Camino Capistrano Suite G.
c/o Robert W. Chapman
San Juan Capistrano, CA 92675

Jeffrey Kramer
Sills Cummis & Gross P.C.
One Riverfront Plaza
Newark, NJ 07102

Stephen B Gerald
Tydings & Rosenberg LLP
1 East Pratt Street, Suite 901
Baltimore, MD 21202

Anthony Brown
Office of the Attorney General
200 St Paul St
Baltimore, MD 21202-2202

Oscar N. Pinkas
Nathan A. Haynes
Greenberg Traurig, LLP
One Vanderbilt Avenue
New York, NY 10017

TN Dept of Revenue
c/o TN Attorney General's Office
Bankruptcy Division
PO Box 20207
Nashville, TN 37202-0207

Skyrush Marketing, Inc.
80 Orville Dr.
Attn: Andrew Aiello
Bohemia, NY 11716

NBM Publishing Inc.
300 E. 54th Street 12c
Attn: Terry Nantier
New York, NY 10022

Jane Davidson
Nolan Heimann LLP
16000 Ventura Boulevard, Suite 1200
Encino, CA 91436

Nicholas J. Brannick
Ballard Spahr LLP
919 N. Market Street, 11th Floor
Wilmington, DE 19801

Junior Dufort
Perkins Coie LLP
700 Thirteenth Street N.W., Suite 800
Washington, D.C. 20005

James Irving
3500 PNC Tower
101 South Fifth Street
Louisville, KY 40202

Dara Chesley
NECA, LLC
603 Sweetland Ave
Hillside, NJ 07205

6

Jason Koral
641 Lexington Avenue, 13th Floor
New York, NY 10022

Liminal Esports LLC
1500 Chagrin River Road #361
Gates Mills, OH 44040

Nikolaus F Schandlbauer, Esq
Lauren A Baio, Esq
Adams and Reese LLP
20 F St, Ste 500
Washington, D.C. 20001

Chris Robinson
22 Atlantic Ave
Long Branch, NJ 07740

Chubb
PO Box 716
Portland, ME 04104

Integrated Connection LLC
306 6th Ave SE
Cedar Rapids, IA 52401