**<u>Exhibit A</u>**

Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re:<br><br>Diamond Comic Distributors, Inc., *et al.*,<br><br>Debtors.[1] | Case No. 25-10308 (DER)<br><br>Chapter 7<br><br>(Jointly Administered) |
| Charlie Tyson, Dan Hirsch, and Robert Gorin,<br><br>Movants,<br><br>v.<br><br>Diamond Comic Distributors, Inc., *et al.*,<br><br>Debtors,<br><br>and<br><br>Morgan W. Fisher,<br><br>Chapter 7 Trustee,<br><br>Respondent. | |

---

[1] The Debtors in these chapter 7 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc., 25-10311-DER (7457); Comic Exporters, Inc., 25-10309-DER (7458); and Diamond Select Toys & Collectibles, LLC, 25-10312-DER (6585).

**ORDER GRANTING JOINT MOTION OF INDIVIDUAL DEFENDANTS FOR ENTRY OF AN ORDER AUTHORIZING, AND TO THE EXTENT NECESSARY, MODIFYING THE AUTOMATIC STAY TO ALLOW THE INSURER TO USE PROCEEDS FROM DIRECTORS AND OFFICERS LIABILITY INSURANCE POLICIES FOR DEFENSE COSTS AND GRANTING RELATED RELIEF**

Upon the *Joint Motion of Individual Defendants for Entry of an Order Authorizing, and to the Extent Necessary, Modifying the Automatic Stay to Allow the Insurer to Use Proceeds from Directors and Officers Liability Insurance Policies for Defense Costs and Granting Related Relief* (the "Motion");[1] and it appearing that the relief sought in the Motion and the entry of this Order is appropriate; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334; and it appearing that venue of these cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b) on which the Court may enter a final order consistent with Article III of the United States Constitution; and this Court having determined that the relief requested in the Motion is reasonable and in the best interests of the Debtors, their estate, their creditors and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as provided herein.

2. The Insurer is authorized to make payments, including the advancement of Defense Costs (as defined in the D&O Policy), on behalf of the Movants in accordance with the terms of the D&O Policy, without further notice or relief of this Court.

---

[1] Capitalized terms used by not otherwise defined shall have the meaning ascribed to them in the Motion.

3. The automatic stay set forth in section 362 of the Bankruptcy Code, to the extent applicable, is modified to permit the Insurer to pay and/or advance Defense Costs consistent with their obligations under the D&O Policy.

4. Nothing in this Order shall modify or alter the rights and obligations provided for under the terms and provisions of the D&O Policy.

5. The Movants and Insurer are authorized to take all actions necessary or appropriate to implement the relief granted in this Order in accordance with the Motion.

6. This Order shall be immediately valid and fully effected upon its entry and the fourteen (14) day stay imposed by Bankruptcy Rule 4001(a) is waived.

7. The Court shall retain jurisdiction over all matters arising from or pertaining to the interpretation or implementation of this Order.

**END OF ORDER**