# **Exhibit C**

Run-Off Endorsement

PREMIUM BILL

Date: April 11, 2025

Insured:   DIAMOND COMIC DISTRIBUTORS INC.

Producer:   RCM&D INC
            11403 CRONRIDGE DR.-#270
            OWINGS MILLS, MD 21117-0664

Company:   Federal Insurance Company

THIS BILLING IS TO BE ATTACHED TO AND FORM A PART OF THE POLICY REFERENCED BELOW.

Policy Number:   J06607044

Policy Period:   04-01-2024 to 10-01-2025

NOTE: PLEASE RETURN THIS BILL WITH REMITTANCE AND NOTE HEREON ANY CHANGES. BILL WILL BE RECEIPTED AND RETURNED TO YOU PROMPTLY UPON REQUEST.

PLEASE REMIT TO PRODUCER INDICATED ABOVE. PLEASE REFER TO J06607044

| Product | Effective Date | Premium |
|---|---|---|
| The ForeFront Portfolio Runoff Premium |  | $95,000.00 |
| Total Amount Due |  | $95,000.00 |

WHEN REMITTING PLEASE INDICATE POLICY OR CERTIFICATE NUMBER

Form 26-10-0426 (Ed. 2/98)

CHUBB®

# SCHEDULE OF FORMS

| | |
|---|---|
| To be attached to and form part of Policy Number: J06607044 | Company: Federal Insurance Company |
| Policy Period : 04-01-2024 to 04-01-2025 | Issued to: DIAMOND COMIC DISTRIBUTORS INC. |

| Form Number | Edition Date | Form Title |
|---|---|---|
| General Terms and Conditions | | |
| MS-402910 | (04/25) | RUN-OFF EXTENSION ENDORSEMENT WITH SUCCESSOR COMPANY AND WINDUP COVERAGE |

PF-52881 (Ed.10-19)                                                                                                                   Page 1 of 1

CHUBB®

# RUN-OFF/EXTENSION ENDORSEMENT WITH SUCCESSOR COMPANY AND WINDUP COVERAGE

| Named Insured<br>DIAMOND COMIC DISTRIBUTORS INC. | | | Endorsement Number<br>5 |
|---|---|---|---|
| Policy Number<br>J06607044 | Policy Period<br>04-01-2024 | to   10-01-2025 | Effective Date of Endorsement<br>April 1, 2025 |
| Issued By<br>Federal Insurance Company | | | |

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**This endorsement modifies insurance provided under the following:**

**The ForeFront Portfolio
General Terms and Conditions**

In consideration of the premium charged, it is agreed that this Policy is amended as follows solely with respect to the following Coverage Parts (each a "**Selected Coverage Part**"):

Directors and Officers and Entity Liability

1. Item 2 of the Declarations is deleted and replaced with the following:

   **Item 2.**   **Policy Period**:

   From: 04-01-2024 To: 10-01-2025

   At 12:01 AM local time at the address shown above.

2. Section XIX, Termination of Policy, of the General Terms and Conditions, including any amendment by endorsement, is deleted and replaced with the following:

   This Policy may not be cancelled other than by, or on behalf of, the Company ten (10) days after receipt by the **Parent Organization** of a written notice of termination from the Company for failure to pay a premium when due, unless the premium is paid within such ten (10) day period. The entire premium for the **Run-Off Period** shall be deemed fully earned and non-refundable upon payment.

3. Section II, Definitions, of the General Terms and Conditions is amended to add the following:

   **Run-Off Date** means the earliest of the following:

   (A)   (i) the emergence from, finalization, dismissal, and/or completion of any bankruptcy of the **Parent Organization** pursuant to Chapter 7 and/or 11 of the U.S. bankruptcy law; or (ii) the commencement of, or conversion to, any bankruptcy case of the **Parent Organization** pursuant to Chapter 7 of the U.S. bankruptcy law;

   (B)   another entity, natural person or group of entities or natural persons acquires: (a) more than fifty percent (50%) of the outstanding securities or voting rights representing the present right; or (b) the right, pursuant to either written contract or the by-laws, charter, operating agreement or similar documents,

   to elect, appoint or exercise a majority control over the **Parent Organization's** directors, trustees, manager, member of the Board of Managers, or the functional or foreign equivalent positions of the **Parent Organization**;

   (C)   if occurring outside of a bankruptcy proceeding, the acquisition of all or substantially all of the **Parent Organization's** assets, by another entity, natural person or group of entities or natural persons, or the merger of the **Parent Organization** into or with another entity such that the **Parent Organization** is not the surviving entity; or

      (D)    the expiration of the **Policy Period**.

    **Run-Off Period** means the 6 year period commencing as of **Run-Off Date**.

    **Successor Company** means: Entity to be named later, but solely in its capacity as a successor of the **Organization**.

    **Windup Wrongful Act** means any **Wrongful Act** by any **Insured Person** while carrying out responsibilities in the windup or liquidation of the **Organization**.

4. Effective the **Run-Off Date**, the following shall apply:

    (a) Section II, Definitions, of the General Terms and Conditions is amended to add the following:

    The first sentence in the definition of **Organization** is amended to add "and its **Successor Company**" at the end thereof.

    (b) The Aggregate Limit of Liability applicable to the **Run-Off Period** shall be as set forth in Item 4(A) of the Declarations for each applicable **Selected Coverage Part**, subject in all events to any available Limit of Liability for any Shared Coverage Part. The purchase of the **Run-Off Period** shall not increase or reinstate any applicable Limit of Liability, which shall be the maximum aggregate liability of the Company for the **Policy Period** and **Run-Off Period**, combined.

    (c) Any reference to "**Policy Period**," including any amendment by endorsement, is deleted throughout the Policy and replaced with "**Run-Off Period**".

    (d) Item 3 of the Declarations, including any amendment by endorsement, is deleted.

    (e) Any reference to "Extended Reporting Period", including any amendment by endorsement, is deleted throughout the Policy.

    (f) Exclusion (A)(6) in Section IV, Exclusions, of the Directors & Officers and Entity Liability Coverage Part, if applicable, shall not apply to **Claims** brought by or on behalf of the **Successor Company** or any natural person **Insured** thereof acting in his or her capacity as such.

    (g) Section X, Acquisition of the Parent Organization, of the General Terms and Conditions, including any amendment by endorsement, is deleted.

    (h) The Company shall not be liable under any **Selected Coverage Part** of this Policy for **Loss** on account of any **Matter** based upon, arising from or in consequence of any **Wrongful Act** (other than a **Related Wrongful Act**) taking place on or after the **Run-Off Date**; provided that this Exclusion shall not apply to any **Matter** for a **Windup Wrongful Act** tacking place on or after the **Run-Off Date.**

    For purposes of this Exclusion, **Related Wrongful Act** means any **Wrongful Act** (other than a **Windup Wrongful Act)** that took place on or after the **Run-Off Date** that has as a common nexus any fact, circumstance, situation, event, transaction, cause, or series of related facts, circumstances, situations, events, transactions, or causes, with any **Wrongful Act** that took place prior to the **Run-Off Date**.

    (i) In no event shall this Policy provide any coverage for the **Successor Company**, in any capacity, other than its capacity as a successor of the **Organization**.

    (j) The obligations of the **Organization** to the Company under this Policy, including but not limited to Sections VIII, Indemnification, Subrogation and Recourse, XIV, Notice, and XXIII, Role of Parent Organization, of the General Terms and Conditions; and the Sections of Reporting and Defense and Settlement in each **Selected Coverage Part** shall be binding upon the **Successor Company**; provided, however, that the **Successor Company** shall not be bound to fulfill any **Organization's** indemnification obligations to each **Insured Person**, under Section VIII of the Policy, in the event that such obligations are rejected in connection with any bankruptcy of the **Parent Organization** pursuant to Chapter 11 of the U.S. bankruptcy law.

  (k) Nothing in this endorsement shall affect coverage for any **Matter** made during the immediately preceding **Policy Period** and properly reported to the Company pursuant to the terms and conditions of each **Selected Coverage Part**.

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_____
Authorized Representative