UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | |
|---|---|
| IN RE: | Jointly Administered under Case No. 25-10308-DER |
| DIAMOND COMIC DISTRIBUTORS, INC., et al.[1] | Chapter 7 |
| Debtors. | |

**OBJECTION TO EMERGENCY MOTION TO EXTEND DEADLINE TO ASSUME OR REJECT EXECUTORY CONTRACTS RELATED TO CONSIGNED GOODS**

The members of the Consignment Group (the "Consignors"),[2] by and through their undersigned counsel, file this Objection (the "Objection") to the Emergency Motion to Extend Deadline to Assume or Reject Executory Contracts Related to Consigned Goods (the "365 Deadline Motion") filed by Morgan W. Fisher, Chapter 7 Trustee (the "Trustee"), stating as follows:

**LEGAL STANDARD**

A. Statutory Authority

11 U.S.C. §365 (b)

(1)  If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

(A)  cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than a penalty rate or penalty provision) relating to a default arising from any failure to perform

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585).

[2] The Consignors/Movants herein are: (i) Aspen MLT, LLC a/k/a Aspen Comics, (ii) Black Mask Studios, LLC, (iii) DSTLRY Media, Inc., (iv) Dynamic Forces, Inc. a/k/a Dynamite Entertainment, (v) Heavy Metal International, LLC, (vi) Magnetic Press, LLC, (vii) Massive Publishing, LLC, (viii) Oni-Lion Forge Publishing Group, LLC f/k/a Oni Press, LLC, (ix) Panini UK Ltd., (x) Punk Bot Comic Books, LLC a/k/a Alien Books, (xi) The Penn State University a/k/a Graphic Mundi, (xii) Titan Publishing Group, Ltd., (xiii) Vault Storyworks, LLC a/k/a Vault Comics f/k/a Creative Mind, and (xiv) Dark Horse Comics, LLC.

1

nonmonetary obligations under an unexpired lease of real property, if it is impossible for the trustee to cure such default by performing nonmonetary acts at and after the time of assumption, except that if such default arises from a failure to operate in accordance with a nonresidential real property lease, then such default shall be cured by performance at and after the time of assumption in accordance with such lease, and pecuniary losses resulting from such default shall be compensated in accordance with the provisions of this paragraph;

(B)     compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C)     provides adequate assurance of future performance under such contract or lease.

**11 U.S.C. §365 (d) (1)**

In a case under chapter 7 of this title, if the trustee does not assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such contract or lease is deemed rejected.

**11 U.S.C. §365 (d) (3)**

The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title. The court may extend, for cause, the time for performance of any such obligation that arises within 60 days after the date of the order for relief, but the time for performance shall not be extended beyond such 60-day period. This subsection shall not be deemed to affect the trustee's obligations under the provisions of subsection (b) or (f) of this section. Acceptance of any such performance does not constitute waiver or relinquishment of the lessor's rights under such lease or under this title.

### B. Business Judgment Standard

As set forth in In re Merry-Go-Round Enters., Inc., 180 F.3d 149, 162 (4th Cir. 1999), "purpose of a Chapter 7 case is to administer efficiently the liquidation of the estate for the benefit of the creditors." *Glados,* 83 F.3d. at 1365. To accomplish this often seemingly impossible task, the Chapter 7 trustee requires considerable discretion. "This discretion is reviewable by a bankruptcy court ..., but so long as the trustee acts reasonably and in the best interests of the estate, and so long as she obtains fair value for the property under the circumstances of the case, her choice of method of disposition will be respected." *In re Frezzo,* 217 B.R. 985, 989

(Bankr.E.D.Pa.1998) (citations omitted). *See also In re Persky,* 893 F.2d 15, 18 (2d Cir.1989) (commenting that a Chapter 7 trustee's discretion "is not unlimited and unreviewable").

# ARGUMENT

**A. The Trustee Has No Ability to Assume Due to the Estate's Inability to Cure Defaults, and Rejection Is the Only Possible Outcome – No Extension Is Needed to Delay an Inevitable Rejection.**

The last filed Monthly Operating Report in the Chapter 11 proceedings for the period ending November 30, 2025 indicates cash on hand of $1,308,292.00. The Monthly Operating Report further indicates the following as the Asset and Liability Status of Diamond Comic Distributors, Inc.:

| | Part 2: Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month |
|---|---|---|
| a. | Accounts receivable (total net of allowance) | $0 |
| b. | Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c. | Inventory   (Book ◯   Market ◯   Other ◉   (attach explanation)) | $0 |
| d | Total current assets | $10,642,272 |
| e. | Total assets | $10,642,272 |
| f. | Postpetition payables (excluding taxes) | $10,074,904 |
| g. | Postpetition payables past due (excluding taxes) | $4,064,448 |
| h. | Postpetition taxes payable | $4,594 |
| i. | Postpetition taxes past due | $4,594 |
| j. | Total postpetition debt (f+h) | $10,079,498 |
| k. | Prepetition secured debt | $0 |
| l. | Prepetition priority debt | $604,284 |
| m. | Prepetition unsecured debt | $38,211,484 |
| n. | Total liabilities (debt) (j+k+l+m) | $48,895,266 |
| o. | Ending equity/net worth (e-n) | $-38,252,994 |

This should be considered in contrast to the claims asserted by the Consignors against the Debtor, exclusive of any still unpaid administrative claims, as follows:

| Consignor | Petition Disclosable Economic Interest in Case |
|---|---|
| Aspen Mlt, Inc | $1,890.50 (Scheduled Amount) |
| Black Mask Studios | $2,000.15 (Scheduled Amount) |
| Creative Mind Energy | $12,878.62 (Scheduled Amount) |

3

| | |
|---|---|
| Dark Horse Comics, Inc | $86,927.11 (Proof of Claim No. 692) |
| DSTLRY Media | $65,013.15 (Scheduled Amount) |
| Dynamic Forces, Inc | $244,201.44 (Proof of Claim No. 680) |
| Graphic Mundi - PSU Press | $15,523.33 (Scheduled Amount) |
| Heavy Metal Entertainment | $363.37 (Scheduled Amount) |
| Magnetic Press LLC | $51,067.53 (Proof of Claim No. 684) |
| Massive Publishing LLC | $40,700.69 (Proof of Claim No. 703) |
| Oni-LF Publishing Group, LLC | $179,942.40 (Proof of Claim No. 682) |
| Panini UK Ltd | $4,993.05 (Scheduled Amount) |
| Punk Bot Comic Books, LLC | $122,006.87 (Proof of Claim No. 509) |
| Titan Publishing Group Ltd | $413,898.17 (Proof of Claim No. 49) |
| Total | $1,241,450.29 |

The foregoing represents only prepetition claims of the Consignment Group, comprising 14 of the approximately 128 total consignment vendors in the case, and exclusive of the Ad Hoc Committee of Consignment Vendors also parties to litigation before this Court. Accordingly, the Debtor's estate has no current means by which to assume the executory contracts without exhausting all of the estate's cash on hand and is asking to Court to extend the deadline to assume or reject executory contracts without the intention or means or ever being able to do so. For these reasons, rejection of the executory contracts is the only and inevitable outcome and no extension of time is required for what is otherwise a foregone conclusion.

B. **The Trustee Has Not Sought Permission to Operate the Business and There Is No Justifiable Business Reason to Ever Assume The Distribution Agreements for a Non-Operating Business**

Further, as indicated in the 365 Deadline Motion, the Debtor and Consignors are Parties to various distribution agreements for the supply and sale of consigned inventory. The consigned goods are stored in a warehouse located in Olive Branch Mississippi (the "Olive Branch Warehouse"), which facility is leased by Sparkle Pop, LLC ("Sparkle Pop"). The consigned goods have been stored at the Olive Branch Warehouse since the Debtor's sale of substantially all of its assets to Sparkle Pop in May of 2025, effectively holding the property of the Consignors hostage. The Debtor has no employees or means of conducting any ongoing business. The Trustee has further not sought permission from the Court to operate the Debtor's business. The Trustee is unable to run a consignment based distribution business for comic books, graphic novels and collectibles under these circumstances. Accordingly, there is no justifiable business reason for ever assuming the executory contracts of the Consignors. Rejection is the only plausible option .

C. **Rent Has Not Been Paid at the Olive Branch Mississippi Warehouse Since November of 2025 and The Trustee has No Ability to Cure the Rent Default, Creating More Administrative Expense and Further Complicating the Return of the Goods**

The Debtor sublets storage space from Sparle Pop at a monthly cost of approximately $144,000.00. Upon information and belief, and based upon the testimony of Robert Gorin at the Section 341 Meeting of Creditors in this Chapter 7 case, storage last fees paid to Sparkle Pop were for the month of November 2025. As of March 1, 2026, $576,000 in estimated additional accrued post-petition storage fees will have accrued as an administrative expense in this case. The Trustee is asking the Court to continue this for an indefinite period of time in order to permit the litigation with the Consignors to play out, potentially for the next 8 to 12 months. The creation of additional administrative expense with a probability that it may never be paid creates further issues with

respect to the ultimate return of the goods to the Consignors upon rejection. The Consignors are validly concerned that they may have to bear this expense if it cannot be paid.

### D. The Motion is Silent as to the Trustee's Ability to Ensure that Goods Stored at Olive Branch Warehouse Remain Secure and Insured Against Loss

Of additional concern is that the 365 Deadline Motion fails to indicate the efforts or assurances of the Trustee to maintain the Consignor's goods securely or with adequate insurance in place. At minimum the Consignor's goods should be held in safekeeping and free of the risk of any loss.

### WAIVER OF MEMORANDUM OF LAW

Pursuant to Local Rule 9013-2, the Consignors state that, in lieu of submitting a memorandum in support of this Motion, the Consignors will rely on the grounds and authorities set forth herein.

### CONCLUSION

WHEREFORE, the members of the Consignment Group respectfully request that the Court enter an order denying the 365 Deadline Motion and for such other relief as this Court deems just and appropriate.

Dated: February 25, 2026                                   Respectfully Submitted,

/s/ Craig M. Palik
Craig M. Palik, Esquire (Bar No 15254)
Justin P. Fasano, Esquire
Janet M. Nesse, Esquire
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770 T: (301) 441-2420
cpalik@mhlawyers.com
jfasano@mhlawyers.com
jnesse@mhlawyers.com

Attorneys for Aspen MLT, LLC, a/k/a Aspen Comics,
Black Mask Studios, LLC,

Dark Horse Comics, Inc
DSTLRY Media, Inc.,
Dynamic Forces, Inc. a/k/a Dynamite Entertainment,
Heavy Metal International, LLC,
Magnetic Press, LLC,
Massive Publishing, LLC,
Oni-Lion Forge Publishing Group, LLC f/k/a Oni Press, LLC,
Panini UK Ltd.,
Punk Bot Comic Books, LLC a/k/a Alien Books,
The Penn State University a/k/a Graphic Mundi,
Titan Publishing Group, Ltd. and
Vault Storyworks, LLC a/k/a Vault Comics f/k/a Creative Mind Energy

**CERTIFICATE OF SERVICE**

       I hereby certify that on February 25, 2026, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the Motion Seeking Entry of an Order Requiring the Debtors to Assume or Reject Executory Contracts with Members of the Consignment Group; and for Related Relief will be served electronically by the Court's CM/ECF system on the following:

Adam Fletcher afletcher@bakerlaw.com
Adam H Isenberg adam.isenberg@saul.com
Andrew Brown abrown@klestadt.com
Ashley N Fellona ashley.fellona@saul.com janice.mast@saul.com
Brent C. Strickland bstrickland@whitefordlaw.com mbaum@whitefordlaw.com,brent-strickland-3227@ecf.pacerpro.com
Bruce S. Nathan bnathan@lowenstein.com
C. Kevin Kobbe kevin.kobbe@us.dlapiper.com docketing-baltimore-0421@ecf.pacerpro.com
Catherine Keller Hopkin chopkin@yvslaw.com  pgomez@yvslaw.com, kreese@yvslaw.com, vmichaelides@yvslaw.com, yvslawcmecf@gmail.com, hopkincr39990@notify.bestcase.com
Chelsea R Frankel cfrankel@lowenstein.com
Christopher J. Giaimo christopher.giaimo@squirepb.com christopher.giaimo@squirepb.com, christopher-j-giaimo-6409@ecf.pacerpro.com
Craig Palik cpalik@mhlawyers.com cpalik@ecf.inforuptcy.com, Palik.CraigR92003@notify.bestcase.com mevans@mhlawyers.com, cmartin@mhlawyers.com
Daniel Jack Blum jack.blum@polsinelli.com lsuprum@polsinelli.com, delawaredocketing@polsinelli.com
David W.T. Daniels ddaniels@perkinscoie.com docketnyc@perkinscoie.com, nvargas@perkinscoie.com, KMcClure@perkinscoie.com, rleibowitz@perkinscoie.com
Dennis J. Shaffer dshaffer@tydings.com scalloway@tydings.com,mhickman@tydings.com,jlee@tydings.com
Elizabeth Anne Scully escully@bakerlaw.com
Emily Devan edevan@milesstockbridge.com
Eric George Korphage korphagee@whiteandwilliams.com
Gary H. Leibowitz gleibowitz@coleschotz.com pratkowiak@coleschotz.com,bankruptcy@coleschotz.com,lmorton@coleschotz.com
Gianfranco Finizio gfinizio@lowenstein.com
Hugh M. (UST) Bernstein hugh.m.bernstein@usdoj.gov
Indira Kavita Sharma indira.sharma@troutman.com katherine.culbertson@troutman.com, jonathan.young@troutman.com, david.ruediger@troutman.com, errol.chapman@troutman.com, toyja.kelley@troutman.com
Jan Berlage JBerlage@GHSLLP.com tcollins@ghsllp.com
Jeffrey C. Hampton jeffrey.hampton@saul.com
Jonathan A. Grasso jgrasso@yvslaw.com pgomez@yvslaw.com,r39990@notify.bestcase.com
Jordan Rosenfeld jordan.rosenfeld@saul.com
Jung Yong Lee jlee@milesstockbridge.com mhickman@tydings.com
Justin Philip Fasano jfasano@mhlawyers.com jfasano@ecf.courtdrive.com, tmackey@mhlawyers.com, mevans@mhlawyers.com, cmartin@mhlawyers.com, Fasano.JustinR92003@notify.bestcase.com

Laura Skowronski Bouyea lsbouyea@venable.com dmdierdorff@venable.com
Mark Minuti mark.minuti@saul.com robyn.warren@saul.com
heilmanl@ballardspahr.com, ambroses@ballardspahr.com, zarnighiann@ballardspahr.com, carolod@ballardspahr.com, cromartie@ballardspahr.com, stammerk@ballardspahr.com
Michael Papandrea mpapandrea@lowenstein.com
Nicholas Smargiassi nicholas.smargiassi@saul.com
Nikolaus F. Schandlbauer nick.schandlbauer@arlaw.com lianna.sarasola@arlaw.com
Paige Noelle Topper paige.topper@saul.com
Richard L. Costella rcostella@tydings.com
scalloway@tydings.com,zjones@tydings.com,swilliams@tydings.com
Scott Prince sprince@bakerlaw.com
Stephen B. Gerald sgerald@tydings.com
Steven Gregory Polard steven.polard@ropers.com loriann.zullo@ropers.com, calendar-LAO@ropers.com
Thomas K. Bredar thomas.bredar@wilmerhale.com
andrew.goldman@wilmerhale.com,benjamin.loveland@wilmerhale.com,yolande.thompson@wilmerhale.com
Toyja E. Kelley toyja.kelley@lockelord.com
Turner Falk turner.falk@saul.com tnfalk@recap.email,Veronica.Marchiondo@saul.com
US Trustee - Baltimore USTPRegion04.BA.ECF@USDOJ.GOV
Zvi Guttman zvi@zviguttman.com zviguttman@gmail.com, zviguttman@outlook.com, MD55@ecfcbis.com
Morgan Fisher mwf@morganfisherlaw.com>
Drew Dillworth DDillworth@stearnsweaver.com
Eric Silver esilver@stearnsweaver.com
Matthew Graham <mgraham@stearnsweaver.com
Carmen Veguilla <cveguilla@stearnsweaver.com>

       /s/ Craig M. Palik
       Craig M. Palik