Entered: March 10th, 2026
Signed: March 9th, 2026

**SO ORDERED**



DAVID E. RICE
U. S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | |
|---|---|
| In re | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc., *et al.*, | Chapter 7 |
| Debtors.[1] | (Jointly Administered) |
| | **Re: D.I. 799** |

## ORDER APPROVING SECOND INTERIM FEE APPLICATION OF SAUL EWING LLP, COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM APRIL 1, 2025 THROUGH JUNE 30, 2025

Upon consideration of the second interim fee application (the "Second Interim Fee Application")[2] of Saul Ewing LLP ("Saul Ewing"), counsel for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for allowance of compensation and reimbursement of expenses incurred for the period from April 1, 2025 through and including June 30, 2025 (the "Application Period"), pursuant to sections 330(a) and 331 of the Bankruptcy Code,

---

[1] The Debtors in these cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Second Interim Fee Application.

Rule 2016 of the Federal Rules of Bankruptcy Procedure and Local Rule 2016-1 and Appendix D; and the Court having reviewed the Second Interim Fee Application and having found that the relief requested in the Second Interim Fee Application should be granted to the extent provided herein; and after due deliberation and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Second Interim Fee Application is APPROVED as set forth herein.

2. Saul Ewing is allowed and awarded compensation of $1,608,826.75 for services rendered to the Debtors during the Application Period.

3. Saul Ewing is allowed and awarded reimbursement of actual and necessary expenses of $29,917.08 incurred during the Application Period.

4. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

cc: All parties receiving CM/ECF service

**END OF ORDER**