**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | | |
|---|---|---|
| **In re:** | * | |
| | | **Case No. 25-10308-DER** |
| **Diamond Comic Distributors, Inc.,** *et. al*, | * | **(Jointly Administered)** |
| | | |
| **Debtors.**[1] | * | **Chapter 7** |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**TRUSTEE'S APPLICATION TO EMPLOY AND RETAIN
KRAMON & GRAHAM, P.A. AS SPECIAL LITIGATION COUNSEL
TO THE CHAPTER 7 TRUSTEE**

Morgan Fisher, the Chapter 7 Trustee in the above-captioned cases (the "Trustee"), files this application (the "Application") for entry of an order pursuant to §§ 327 and 328 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Trustee to retain and employ Kramon & Graham, P.A. ("K&G" or the "Applicant") as his special litigation counsel for the purpose of recovering funds, properties, or assets for the benefit of the bankruptcy estates in the Alliance Entertainment litigation.  In support of the Application, the Trustee submits the Declaration of David J. Shuster (the "Declaration") filed herewith, attached as **Exhibit A** and incorporated herein by reference, and respectfully represents as follows:

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

---

[1] The Debtors in these chapter 7 cases are: Diamond Comic Distributors, Inc.; Comic Holdings, Inc.; Comic Exporters, Inc.; and Diamond Select Toys & Collectibles, LLC.

2.      Venue of the Debtor's Chapter 11 case and this application is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested herein are §§ 327 and 328 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(b).

## BACKGROUND

4.      On January 14, 2025 (the "Petition Date"), Diamond Comic Distributors, Inc., Comic Holdings, Inc., Comic Exporters, Inc., and Diamond Select Toys & Collectibles, LLC (collectively, the "Debtors") each commenced a case (the "Bankruptcy Cases") under chapter 11 of the United States Bankruptcy Code.

5.      On January 16, 2025, the Court granted the Debtors' Motion for Joint Administration and ordered the Debtors' cases be jointly administered by the Court under *In re: Diamond Comic Distributors, Inc.*, 25-10308 [ECF No. 41].

6.      On December 12, 2025, the Debtors filed a Motion (A) For Entry of Order Approving Eighth Stipulation between Debtors and JPMorgan Chase Bank, N.A., Amending DIP Credit Agreement and (B) For Approval of Order (i) Converting Cases From Chapter 11 To Chapter 7 of the Bankruptcy Code as of the Conversion Date, (ii) Approving Certain Conversion Procedures, (iii) Setting Bar Date For Filing Final Chapter 11 Fee Applications and Establishing a Hearing Thereon, and (iv) Granting Related Relief (the "Motion to Convert") [ECF No. 1070].

7.      On December 19, 2025, this Court entered an Order granting the Debtor's Motion to Convert [*See* Order, ECF No. 1089].

8.      On December 23, 2025, the United States Trustee's Office appointed Morgan W. Fisher as Interim Trustee and Designation of Required Bond [ECF No. 1095].

9.    On January 1, 2026, Morgan W. Fisher became the duly appointed interim Chapter 7 Trustee for the Debtors' bankruptcy estates and is so acting pursuant to 11 U. S. C. §702(d).  The Trustee has accepted his appointment, has qualified, and is acting in that capacity.

10.    The Trustee seeks to employ K&G to represent him in the *Alliance Entertainment, LLC v. Diamond Comic Distributors, Inc., et al,* Adversary Proceeding No. 25-00112 (DER) matter (the "Alliance Litigation").  The Trustee has selected K&G as his special litigation counsel for the purpose of defending against Alliance's claims and recovering funds, properties, or assets for the benefit of the bankruptcy estates.

## RELIEF REQUESTED

11.    K&G's agreement to be employed in these cases is contingent upon the Court's approval of the Trustee's agreement for professional funding with JPMorgan Chase, i.e. the DIP funding agreement.

12.    By this Application, the Trustee seeks authority to employ K&G pursuant to § 328(a) of the Bankruptcy Code on a hybrid contingency basis as set forth in the "Compensation" section set forth below as his special litigation counsel and pursuant to the terms set forth in the Engagement Letter dated (the "Retention Agreement"), attached hereto as **Exhibit B**.  If and as the need arises, the Trustee may request that K&G perform additional services that will be set forth in one or more additional agreements between the Trustee and K&G.  As more fully set forth in the Retention Agreement and herein, the Trustee will engage K&G on a hybrid contingency fee basis, plus the reimbursement of reasonable out-of-pocket expenses and disbursements incurred in connection with the investigation and prosecution of claims.

13.    The Trustee believes that the Debtors have viable defenses to the Alliance claims and that the estates have viable, significant claims against Alliance.  The Trustee believes that the

potential recovery for the Debtors' bankruptcy estates in the Alliance Litigation could be significant.

14. The Trustee believes that employment of K&G as his special litigation counsel to represent him is in the best interests of the Debtors' estates. To the best of the Trustee's knowledge, K&G is qualified to serve as special counsel pursuant to § 327(e) of the Bankruptcy Code.

15. K&G is one of Maryland's most highly-regarded boutique litigation law firms, specializing in complex litigation and trial work, including extensive bankruptcy litigatio, and contingency plaintiff's side litigation and general complex commercial litigation. K&G repeatedly places lawyers in Chambers USA, Super Lawyers and other such rating systems. Chambers USA has recognized K&G as being in the top band of Maryland law firms for Commercial Litigation. Additionally, K&G has had extensive experience and success representing bankruptcy trustees in this Court.

## COMPENSATION

16. Pursuant to the terms of the Retention Agreement and subject to the approval of the Court (and the JPMorgan Chase Stipulation which provides funding to pay the K&G hybrid contingency fee arrangement), K&G will be retained on a hybrid contingency fee basis, as follows:

   a. To the extent the K&G's efforts in any result in a recovery of money (*e.g.*, through a cash settlement or the recovery of funds through the successful resolution of a lawsuit), K&G will receive a minimum total fee of $700,000.00 ("K&G Flat Fee"). (*See*, **Ex. B**)

   b. In addition to the K&G Flat Fee, the Firm will receive a contingency fee equal to 25% of the gross recovery exceeding $2,800,000.00. (*See*, **Ex. B**)

4

17.     The Trustee submits that the terms and conditions agreed upon by K&G and the Trustee are substantially similar, if not identical, to those that would be entered into between K&G and other clients under similar circumstances in a competitive market for legal services.  K&G's employment in this Court (for other trustees) has been approved multiple times on other contingency fee arrangements.

18.     Regardless of the outcome of their representation, the Trustee has also agreed to reimburse K&G for all actual out-of-pocket expenses incurred on the Trustee's behalf, such as for document reproduction charges, long-distance charges, travel expenses, fees for reports, fees charged by experts, court-filing fees, fees for deposition transcripts and court reports, and postage and delivery fees.  K&G will charge the Trustee for these expenses in a manner and at rates consistent with charges made generally to the firm's other clients, seeking to minimize such expenses charged to the Trustee.

19.     The Trustee understands that K&G must apply to the Court for final allowance of compensation and reimbursement of expenses in accordance with the terms of the Retention Agreement (**Ex. B**), § 328(a) of the Bankruptcy Code, and all other applicable guidelines or rules.

### KRAMON & GRAHAM IS A "DISINTERESTED PERSON"

20.     The Trustee believes that K&G does not hold any interest adverse to the Debtors' estates and, while employed by the Trustee, will not represent any person having an interest adverse to the Debtors' estates.  The Trustee believes that K&G is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code.  *See* Declaration to that effect attached hereto as **Ex. A**.

21.     The Trustee believes that the employment of K&G is necessary and in the best interests of the Debtors' estates, enabling the Trustee to carry out his fiduciary duties under the Bankruptcy Code.

## STATEMENT PURSUANT TO LOCAL BANKRUPTCY RULE 9013-2

22.     Pursuant to Rule 9013-2 of the Local Bankruptcy Rules of the  United States Bankruptcy Court for the District of Maryland, the Trustee states that, in lieu of submitting a memorandum in support of this Application, he will rely solely upon the grounds and  authorities set forth herein.

## CONCLUSION

WHEREFORE, the Trustee requests that this Court:

A.     That this Application be granted;

B.     That the Court enter an Order, substantially in the form attached hereto, authorizing the Trustee to employ and retain Kramon & Graham as special litigation counsel to the Trustee pursuant to §§ 327 and 328 of the Bankruptcy Code, with compensation and reimbursement of expenses to be paid pursuant to the terms of the Retention Agreement attached hereto as **Ex. B**; and

C.     That Morgan Fisher, the Chapter 7 Trustee, be granted such other and further relief as is just and equitable.

6

Dated: April 9, 2026

/s/ *Richard M. Goldberg*
Richard M. Goldberg, Bar No. 07994
Daniel J. Zeller, Bar No. 28107
SHAPIRO SHER GUINOT & SANDLER
250 W. Pratt Street, Suite 2000
Baltimore, Maryland 21201
Tel: 410-385-4274
Fax: 410-539-7611
Email: rmg@shapirosher.com
        djz@shapirosher.com

*Proposed General Bankruptcy Counsel to Morgan
Fisher, Chapter 7 Trustee*

## <u>CERTIFCATE OF SERVICE</u>

I HEREBY CERTIFY that on the 9th day of April, 2026, I reviewed the Court's CM/ECF

system and it reports that an electronic copy of the foregoing will be served electronically by the

Court's CM/ECF system on the following:

-Sam Alberts   sam.alberts@dentons.com, docket.general.lit.wdc@dentons.com
-Peter J Artese peter.artese@us.dlapiper.com
-Jodie E. Bekman       jbekman@gfrlaw.com, dferguson@gfrlaw.com
-Jan Berlage   JBerlage@GHSLLP.com, tcollins@ghsllp.com
-Hugh M. (UST) Bernstein   hugh.m.bernstein@usdoj.gov
-Daniel Jack Blum     jack.blum@polsinelli.com,
lsuprum@polsinelli.com; delawaredocketing@polsinelli.com
-Laura Skowronski Bouyea   lsbouyea@venable.com, dmdierdorff@venable.com
-Thomas K. Bredar     thomas.bredar@wilmerhale.com,
andrew.goldman@wilmerhale.com; benjamin.loveland@wilmerhale.com;
yolande.thompson@wilmerhale.com
-Andrew Brown       abrown@klestadt.com
-Matthew G. Brushwood       mbrushwood@barley.com, dkline@barley.com
-Darek Bushnaq       dsbushnaq@venable.com
-Richard L. Costella   rcostella@tydings.com,
scalloway@tydings.com; MYoung@tydings.com; zjones@tydings.com;
swilliams@tydings.com
-Katherine Elizabeth Culbertson       katherine.culbertson@troutman.com
-David W.T. Daniels   ddaniels@perkinscoie.com,
docketnyc@perkinscoie.com; nvargas@perkinscoie.com; KMcClure@perkinscoie.com;
rleibowitz@perkinscoie.com
-G. David Dean       ddean@coleschotz.com, PRatkowiak@coleschotz.com
-Mark L Desgrosseilliers       desgross@chipmanbrown.com, fusco@chipmanbrown.com
-Emily Devan  edevan@milesstockbridge.com
-Ellen E. Dew  ellen.dew@us.dlapiper.com
-Turner Falk   turner.falk@saul.com,
tnfalk@recap.email; Veronica.Marchiondo@saul.com
-Justin Philip Fasano  jfasano@mhlawyers.com,
jfasano@ecf.courtdrive.com; tmackey@mhlawyers.com; mevans@mhlawyers.com;
cmartin@mhlawyers.com; Fasano.JustinR92003@notify.bestcase.com
-Ashley N Fellona       ashley.fellona@saul.com, janice.mast@saul.com
-Gianfranco Finizio   gfinizio@lowenstein.com
-Adam Fletcher       afletcher@bakerlaw.com
-Chelsea R Frankel   cfrankel@lowenstein.com
-Jeremy S. Friedberg  jeremy@friedberg.legal, ecf@friedberg.legal
-Stephen B. Gerald   sgerald@tydings.com
-Christopher J. Giaimo       christopher.giaimo@squirepb.com,
christopher.giaimo@squirepb.com; christopher-j-giaimo-6409@ecf.pacerpro.com

-Joshua Glikin JGlikin@shulmanrogers.com,
abogert@shulmanrogers.com, tlewis@shulmanrogers.com
-Jonathan A. Grasso jgrasso@yvslaw.com,
pgomez@yvslaw.com; r39990@notify.bestcase.com
-Zvi Guttman zvi@zviguttman.com,
zviguttman@gmail.com, zviguttman@outlook.com, MD55@ecfcbis.com
-Jeffrey C. Hampton   jeffrey.hampton@saul.com
-Jason F Hoffman      jhoffman@bakerlaw.com
-Catherine Keller Hopkin      chopkin@yvslaw.com,
pgomez@yvslaw.com; kreese@yvslaw.com; vmichaelides@yvslaw.com;
yvslawcmecf@gmail.com; hopkincr39990@notify.bestcase.com
-James R. Irving      james.irving@dentons.com
-Adam H Isenberg     adam.isenberg@saul.com
-Harry Conrad Jones  HJones@coleschotz.com,
bankruptcy@coleschotz.com; pratkowiak@coleschotz.com
-Lawrence A. Katz    lkatz@hirschlerlaw.com,
chall@hirschlerlaw.com; aklena@hirschlerlaw.com
-Toyja E. Kelley     Toyja.Kelley@troutman.com
C. Kevin Kobbe       kevin.kobbe@us.dlapiper.com, docketing-baltimore-
0421@ecf.pacerpro.com
-Eric George Korphage        korphagee@whiteandwilliams.com
-Jung Yong Lee       jlee@milesstockbridge.com, mhickman@tydings.com
-Gary H. Leibowitz   gleibowitz@coleschotz.com,
pratkowiak@coleschotz.com; bankruptcy@coleschotz.com; lmorton@coleschotz.com
-Thomas J. McKee     mckeet@gtlaw.com, Karrie.Barbaro@gtlaw.com, thomas--mckee-
0902@ecf.pacerpro.com
-Mark Minuti  mark.minuti@saul.com, robyn.warren@saul.com
-Randy Moonan        rmoonan@sillscummis.com
-William Fuller Moss  william.moss@friedberg.legal
-Bruce S. Nathan     bnathan@lowenstein.com
-Janet M. Nesse      jnesse@mhlawyers.com,
jfasano@mhlawyers.com; cpalik@mhlawyers.com;
jnesse@ecf.inforuptcy.com;tmackey@mhlawyers.com; cmartin@mhlawyers.com;
kfeig@mhlawyers.com
-Craig Palik    cpalik@mhlawyers.com, cpalik@ecf.inforuptcy.com;
Palik.CraigR92003@notify.bestcase.com; mevans@mhlawyers.com;
cmartin@mhlawyers.com
-Michael Papandrea    mpapandrea@lowenstein.com
-Steven Gregory Polard        steven.polard@ropers.com,
loriann.zullo@ropers.com; calendar-LAO@ropers.com
-Scott Prince   sprince@bakerlaw.com
-Jonathan Gary Rose   jonathan.rose@us.dlapiper.com
-Jordan Rosenfeld     jordan.rosenfeld@saul.com
-Nikolaus F. Schandlbauer     nick.schandlbauer@arlaw.com, lianna.sarasola@arlaw.com
-Dennis J. Shaffer dshaffer@tydings.com,
scalloway@tydings.com; MYoung@tydings.com

9

-Indira Kavita Sharma indira.sharma@troutman.com,
katherine.culbertson@troutman.com; jonathan.young@troutman.com;
david.ruediger@troutman.com; errol.chapman@troutman.com;
toyja.kelley@troutman.com
-Nicholas Smargiassi  nicholas.smargiassi@saul.com
-David Sommer          dsommer@gallagherllp.com,
ceyler@gejlaw.com; gomara@gejlaw.com; csalce@gejlaw.com; mkobylski@gejlaw.com
-Brent C. Strickland bstrickland@whitefordlaw.com,
mbaum@whitefordlaw.com;  brent-strickland-3227@ecf.pacerpro.com
-Matthew G. Summers          summersm@ballardspahr.com,
branchd@ballardspahr.com; heilmanl@ballardspahr.com;
ambroses@ballardspahr.com;zar
nighiann@ballardspahr.com; carolod@ballardspahr.com; cromartie@ballardspahr.com;
stammerk@ballardspahr.com; brannickn@ballardspahr.com
-S. Jason Teele           steele@sillscummis.com
-Paige Noelle Topper  paige.topper@saul.com
-US Trustee - Baltimore USTPRegion04.BA.ECF@USDOJ.GOV


/s/ *Richard M. Goldberg*
Richard M. Goldberg