# EXHIBIT A

## DECLARATION

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | | |
|---|---|---|
| **In re:** | * | |
| | | **Case No. 25-10308-DER** |
| **Diamond Comic Distributors, Inc.,** *et. al*, | * | **(Jointly Administered)** |
| **Debtors.**[1] | * | **Chapter 7** |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DECLARATION OF DAVID J. SHUSTER PURSUANT TO RULES 2014(A)
AND 2016(B) OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE AND BANKRUPTCY RULE 2016-l(B) IN SUPPORT
OF THE APPLICATION TO EMPLOY AND RETAIN KRAMON & GRAHAM,
P.A. AS SPECIAL LITIGATION COUNSEL TO THE CHAPTER 7 TRUSTEE**

I, DAVID J. SHUSTER, hereby declare, pursuant to 28 U.S.C. § 1746 that the following statements are true and correct, to the best of my knowledge and belief after due inquiry as described herein:

1.      I am a principal of Kramon & Graham, P.A. ("K&G" or the "Firm"), a law firm that concentrates in complex litigation and trial work.

2.      I submit this Declaration in support of the application (the "Application") of the Chapter 7 Trustee (the "Trustee") for an order authorizing the Trustee to employ and retain K&G to represent him as special litigation counsel pursuant to and in compliance with§§ 327, 328(a), and 504 of the Bankruptcy Code, as well as to provide the disclosures required under Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule 2016-1(b).  Unless otherwise stated in this Declaration, I have personal knowledge of the facts hereinafter set forth.  To the extent any information disclosed herein requires amendment or modification upon K&G's completion of further

---

[1] The Debtors in these chapter 7 cases are: Diamond Comic Distributors, Inc.; Comic Holdings, Inc.; Comic Exporters, Inc.; and Diamond Select Toys & Collectibles, LLC.

analysis or as additional information becomes available, a supplemental declaration will be submitted to the Court.

3. K&G does not hold or represent any interest adverse to the Trustee, the Debtors, or the Debtors' bankruptcy estates. K&G is a disinterested person as that term is defined in §101(14) of the Bankruptcy Code. K&G has never represented the Trustee or the Debtors.

4. I have not served as an examiner in connection with these bankruptcy cases, nor has any member or attorney associated with K&G.

5. In connection with K&G's proposed retention by the Trustee, I caused a review to be undertaken to determine any connections that K&G may have with any creditors or parties-in-interest. In the ordinary course of its business, Kramon & Graham maintains a database for purposes of performing "conflicts checks." The database contains information regarding the Firm's present and past representations. Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), I obtained a list of entities identified in Rule 2014(a) for purposes of searching the aforementioned database and determining the connection(s) that K&G has with such entities or affiliates of such entities (collectively, the "Interested Entities").

6. The results of the search of the database show that K&G does not currently represent any Interested Entities and that K&G's prior representation of any Interested Entity, if any, was unrelated to the instant matter.

7. In addition, we routinely consult with clients or potential clients about potential or prospective matters that do not materialize. The database search would not necessarily reveal the existence of such consultations. However, the Firm's conflicts-check protocol does identify for all K&G attorneys the Interested Entities, giving all attorneys the opportunity to raise any concerns about the prospective engagement before the Firm agrees to undertake the engagement. In response to the conflicts-check protocol in the instant case, none of the Firm's

3

attorneys identified a conflict of interest relating to any Interested Party that would preclude the Firm from engaging in the instant representation.

8.      K&G has no connection with the U.S. Trustee or any person employed by the Office of the U.S. Trustee.

9.      K&G further states that pursuant to Bankruptcy Rule 2016(b), it has not shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, of counsel, associates and contract attorneys associated with K&G or (b) any compensation another person or party has received or may receive.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: April 9, 2026

/s/ *David J. Shuster*
David J. Shuster, Esquire
KRAMON & GRAHAM, P.A.
750 East Pratt Street, Suite 1100
Baltimore, Maryland 21202
Tel: (410) 347-7404
Fax: (410) 361-8229
Email: dshuster@kg-law.com

*Proposed Special Litigation Counsel
to Morgan Fisher, Chapter 7 Trustee*