# **EXHIBIT B**



**David J. Shuster**
410.347.7404
410.361.8229 Fax
dshuster@kg-law.com

Also admitted in DC

March 31, 2026

**VIA EMAIL**

Morgan Fisher, Esquire, Chapter 7 Trustee
Law Office of Morgan Fisher LLC
18 West Street
Annapolis, MD 21401-2421

> Re:  Terms of Engagement Applicable to *Alliance Entertainment, LLC v. Diamond Comic Distributors, Inc., et al.*, Adversary Proceeding No. 25-00112 (DER) matter ("Alliance Litigation")

Dear Mr. Fisher:

This letter memorializes the terms of your engagement of Kramon & Graham, P.A. ("K&G" or the "firm") as Special Litigation Counsel, to represent you, as Chapter 7 Trustee, in the Alliance Litigation. This engagement is subject to the Court's approval and subject to the the Court's approval of the Trustee's agreement for professional funding with JPMorgan Chase, i.e. the DIP funding agreement.

1. Scope and Term of Engagement

The scope of this engagement is limited to K&G serving as Special Litigation Counsel to the Trustee, as client, in the Alliance Litigation. The term of this engagement is for the period commencing upon the Court's approval of this engagement and terminating upon the Alliance Litigation's conclusion, whether by settlement, the granting of a dismissal or summary judgment before trial, or final adjudication and judgment on the merits at trial. This engagement does not include appeals, retrials, or new trials (a separate engagement agreement will be required for any such additional services). The Trustee will file an application under Section 328 of the Bankruptcy Code to retain K&G as Special Litigation Counsel pursuant to the terms of this engagement letter.

2. Hybrid Flat-Fee/Contingency-Fee Structure

a. Flat Fee

K&G is guaranteed a minimum total fee of $700,000 ("K&G Flat Fee") payable according to the following payment schedule: (i) upon K&G's entry of appearance: $100,000; (ii) 90 days after entry of appearance: $250,000; (iii) 180 days after entry of appearance: $250,000; and (iv) 270 days after entry of appearance: $100,000. The K&G Flat Fee shall be earned upon Court approval of its employment and represents the minimum amount of K&G's fee for this

Morgan Fisher, Esquire, Chapter 7
Trustee
March 31, 2026
Page 2

engagement. In the event the Alliance Litigation concludes with a gross recovery exceeding $2,800,000 before all scheduled Flat Fee installments becoming due, any remaining unpaid K&G Flat Fee installments shall be immediately due and payable upon such conclusion.

b.   <u>Potential Additional Contingency Fee</u>

In addition to the guaranteed K&G Flat Fee, K&G shall receive 25% of any gross recovery exceeding $2,800,000 (the amount at which 25% equals the K&G Flat Fee) ("K&G Contingency Fee"). For the avoidance of doubt: (i) if 25% of the gross recovery is less than or equal to $700,000 (i.e., gross recovery is $2,800,000 or less), the K&G Contingency Fee is $0, in which case K&G is not due an additional K&G Contingency Fee and, therefore, the total compensation to K&G equals the K&G Flat Fee alone; and (ii) if 25% of the gross recovery exceeds $700,000 (i.e., gross recovery exceeds $2,800,000), the K&G Contingency Fee equals 25% of the gross recovery minus $700,000, such that total compensation equals exactly 25% of the gross recovery if there is a recovery of $2,800,000 or greater. The gross recovery includes the Trustee's retention of the Deposit (as defined in the complaint filed in the Alliance Litigation) or any portion thereof. Also, if any portion of the recovery is in the form of a non-cash asset or property, the K&G Contingency Fee shall be based on the market value of such asset or property. *See Attachment A* for illustrations that show how the any additional K&G Contingency Fee is to be calculated. The K&G Contingency Fee, if any, shall be due and payable contemporaneously with, or promptly upon, the Trustee's receipt of any gross recovery giving rise to such fee.

3.   <u>Expenses</u>

The K&G Flat Fee and K&G Contingency Fee do not include expenses or costs incurred by K&G during the representation. Reimbursement of expenses are due to K&G without regard to the outcome of the Alliance Litigation and are in addition to the K&G Flat Fee and the K&G Contingency Fee. Such expenses typically include, but are not limited to: document reproduction charges; long distance charges; travel expenses; fees for reports; fees charged by experts or consultants; court filing fees; witness fees; fees for deposition transcripts and court reporters; fees for litigation support services (e.g., trial graphics); and postage and delivery fees. In cases involving e-discovery, where electronically stored information is produced by the client or any other parties in the matter and stored on the Firm's e-discovery platform (Relativity, currently), the client is responsible for the monthly storage fee charged by Relativity. The current monthly fee charged by Relativity is $8 per GB. Some of these costs may be advanced by K&G.

4.   <u>Document Retention</u>

When K&G's representation concludes, at the client's request K&G will return any original documents that the client furnished to K&G and will provide copies of any other documents in K&G's file. The client will pay the copy and delivery charges. K&G will not retain physical papers after the conclusion of the representation. Electronic copies will be maintained for seven years after which time the file may be destroyed without further notice to the client.

Kramon & Graham, P.A.  |  750 East Pratt Street  |  Suite 1100  |  Baltimore, Maryland 21202  |  410.752.6030  |  **www.kramonandgraham.com**

4923-6918-3386, v. 2

Morgan Fisher, Esquire, Chapter 7
Trustee
March 31, 2026
Page 3

5.      Other Terms

The firm reserves the right to terminate this engagement if at any time the firm concludes in its sole and absolute discretion that the engagement is not likely to be successful or not economically viable. The firm may also terminate the engagement for any other permissible reason in accordance with the applicable Rules of Professional Conduct. If permission from a court is necessary for withdrawal, the firm will promptly apply for it, and the client will engage new counsel to represent them.

The firm will provide you a written statement stating the outcome of the matter upon settlement or after the claim has been reduced to a judgment and showing the allocation and distribution of any recovery.

By signing this letter below, you authorize this firm to file an assignment with the plaintiff/counter-defendant in the Alliance Litigation and/or its insurance carrier for the firm's fee.

If this agreement is acceptable, please sign and return it to me at your earliest convenience. It is important that you understand all of the terms of this agreement; therefore, please let me know if you have any questions before signing.

Thank you for the opportunity to represent you.

Sincerely

/s/ David J. Shuster
David J. Shuster

DJS/DJS
cc:   Richard M. Goldberg, Esquire
      Jean E. Lewis, Esquire

UNDERSTOOD AND AGREED:

/s/ Morgan Fisher
Morgan Fisher, Chapter 7 Trustee

Kramon & Graham, P.A.  |  750 East Pratt Street  |  Suite 1100  |  Baltimore, Maryland 21202  |  410.752.6030  |  www.kramonandgraham.com

4923-6918-3386, v. 2