**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | | |
|---|---|---|
| In re: | * | |
| | | **Case No. 25-10308-DER** |
| **Diamond Comic Distributors, Inc.,** *et. al*, | * | **(Jointly Administered)** |
| Debtors.[1] | * | **Chapter 7** |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**TRUSTEE'S MOTION FOR ENTRY OF AN ADMINISTRATIVE ORDER PURSUANT TO 11 U.S.C. §§ 105, 328 AND 331 ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF CHAPTER 7 PROFESSIONALS**

Morgan Fisher, the Chapter 7 Trustee in the above-captioned cases (the "Trustee") respectively moves (the "Motion") for entry of an order, substantially in the form attached hereto, establishing procedures for interim compensation and reimbursement of expenses for the chapter 7 professionals. In support of this Motion, the Trustee respectfully state as follows.

**Jurisdiction and Venue**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The bases for the relief requested herein are sections 105(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2016-1 and *Appendix D* of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland (the "Local Bankruptcy Rules").

---

[1] The Debtors in these chapter 7 cases are: Diamond Comic Distributors, Inc.; Comic Holdings, Inc.; Comic Exporters, Inc.; and Diamond Select Toys & Collectibles, LLC.

**Background**

3.      On January 14, 2025 (the "Petition Date"), Diamond Comic Distributors, Inc., Comic Holdings, Inc., Comic Exporters, Inc., and Diamond Select Toys & Collectibles, LLC (collectively, the "Debtors") each commenced a case (the "Bankruptcy Cases") under chapter 11 of the United States Bankruptcy Code.

4.      On January 16, 2025, the Court granted the Debtors' Motion for Joint Administration and ordered the Debtors' cases to be jointly administered under In re: Diamond Comic Distributors, Inc., et. al., 25-10308 [ECF No. 41].

5.      On December 12, 2025, the Debtors filed a Motion (A) For Entry of Order Approving Eighth Stipulation between Debtors and JPMorgan Chase Bank, N.A., Amending DIP Credit Agreement and (B) For Approval of Order (i) Converting Cases From Chapter 11 To Chapter 7 of the Bankruptcy Code as of the Conversion Date, (ii) Approving Certain Conversion Procedures, (iii) Setting Bar Date For Filing Final Chapter 11 Fee Applications and Establishing a Hearing Thereon, and (iv) Granting Related Relief (the "Motion to Convert") [ECF No. 1070].

6.      On December 19, 2025, the Court entered an Order granting the Debtor's Motion to Convert [*See* Order, ECF No. 1089].

7.      On December 23, 2025, the United States Trustee's Office appointed Morgan Fisher as Interim Trustee and Designation of Required Bond. [ECF No. 1095.]

8.      On January 1, 2026, Morgan Fisher became the duly appointed interim Chapter 7 Trustee (the "Conversion Date") for the Debtors' bankruptcy estates and is so acting pursuant to 11 U. S. C. §702(d).  The Trustee has accepted his appointment, has qualified, and is acting in that capacity.

**Retention of Professionals**

9.      The Trustee has filed and anticipates filing additional applications to retain professionals in these chapter 7 cases, including (a) Law Offices of Zvi Guttman, P.A., as general bankruptcy counsel; (b) Larry Strauss, as tax advisor; (c) Kramon & Graham, P.A., as special litigation counsel; (d) Shapiro Sher as lead general bankruptcy counsel; and (e) SC&H Group, Inc. as financial advisor and litigation support consultant (each a "Professional," and collectively, the "Professionals").  The Professionals will be required to submit interim and final applications in accordance with sections 330 and 331 of the Bankruptcy Code.

10.      The Trustee anticipates that he may retain other professionals pursuant to sections 327 or 328 of the Bankruptcy Code during the course of these chapter 7 cases as the need arises.

**Relief Requested**

11.      By this Motion, the Trustee seeks entry of an order pursuant to sections 105(a) and 331 of the Bankruptcy Code establishing an orderly, regular process for the allowance and payment of compensation (the "Fees") and reimbursement of reasonable, necessary expenses (the "Expenses") for attorneys and other professionals whose retentions are approved by this Court pursuant to sections 327, 328, or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code, on terms that satisfy the requirements of Bankruptcy Rule 2016 and Rule 2016-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland.

12.      Pursuant to Section 331 of the Bankruptcy Code, all professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the Court permits. In addition, section 105(a) of the Bankruptcy Code

authorizes the Court to issue any order "necessary or appropriate to carry out the provisions of this title," thereby codifying the bankruptcy court's inherent equitable powers.

13.     The Trustee proposes that the monthly payment of compensation and reimbursement of expenses of the Professionals (the "Compensation Procedures") be structured as follows:

(a)     No earlier than the 15th day of each calendar month, and no later than the last day, of such calendar month following the month for which compensation is sought, each Professional will file with the Court and serve via facsimile, e-mail, overnight mail, or hand delivery, a monthly statement (the "Monthly Statement"), substantially in the form attached hereto as **Exhibit A**, together with (i) the cover page referenced in paragraph (l) below and (ii) as an exhibit to each Monthly Statement, the detailed daily time entries and summaries of time normally submitted with an interim fee application (redacted as may be necessary and appropriate), as well as a detailed summary of all disbursements and expenses for which the Professional is seeking reimbursement (the detailed summary of all disbursements and expenses shall be in conformity with paragraph C of *Appendix D* of the Local Bankruptcy Rules for the District of Maryland) on the following: ( A ) Trustee's counsel, Shapiro Sher Guinot & Sandler, 250 W. Pratt Street, Suite 2000, Baltimore, Maryland 21201, Attn: Richard M. Goldberg, Esquire (rmg@shapirosher.com); (410) 539-7611 (facsimile); (B) the Office of the United States Trustee for the District of Maryland, Attn: Hugh M. Bernstein (hugh.m.bernstein@usdoj.gov); (C) counsel to JPMorgan Chase Bank, N.A., Troutman Pepper Locke LLP, 111 Huntington Ave., 9th Floor, Boston, Massachusetts 02199, Attn: Jonathan W. Young (jonathan.young@troutman.com); and (E) such other parties as the Court may direct (collectively, the "Reviewing Parties");

(b)     In the event any of the Reviewing Parties has an objection to any portion of the Fees or Expenses sought in a particular Monthly Statement, based on a preliminary view that such fees and expenses are not properly allowable, they or it shall, on or before the fifteenth calendar day after the date of the filing of the Monthly Statement at issue, serve by facsimile, overnight mail or hand delivery upon the Professional whose Monthly Statement is objected to, and the other Reviewing Parties, a written "Notice of Objection to Fee Statement" setting forth, at a minimum, the specific items and amount of Fees and Expenses to which the Reviewing Party objects and the basis for the objection. Thereafter, the Professional can seek payment of objected to Fees and Expenses through the Professional's next interim fee application, as described below;

(c)     If no objection to any respective Professional's Monthly Statement is served by the deadline set forth in paragraph (b) above, the Trustee may pay the full amount of such Fees and Expenses less a 20% "Holdback" of the Fees, not later than the fifteenth (15th) calendar day after the last day on which any objections to the Monthly Statement were to be served and filed in accordance with paragraph (b) above.  The Trustee's payment of such

fees shall also be consistent with any TIP (trustee in possession) financing order entered by the Court;

(d)        If an objection to any respective Professional's Monthly  Statement is served by the deadline set forth in paragraph (b) above, the Trustee shall pay the amount of such Fees and Expenses requested in the Monthly Statement less any amount objected to and less a 20% Holdback of the Fees not objected to, by not later than the fifteenth (15th) calendar day after the last day on which any objections to the Monthly Statement were to be served and filed in accordance with paragraph (b) above. If following the service of an objection to a Monthly Statement the Professional and the party serving the objection are able to resolve their dispute in whole or in part, the Professional may serve on the Reviewing Parties a notice describing the terms of the resolution and the Trustee may pay the balance of the Fees and/or Expenses no longer objected to (still applying a 20% Holdback as to Fees not subject to an objection) not later than the fifteenth calendar day after the date of service of the notice of resolution provided that such notice is served by facsimile, e-mail, overnight mail or hand delivery;

(e)        Each Professional may submit its first Monthly Statement no earlier than May 5, 2026.  This initial Monthly Statement shall cover the period from the Conversion Date through April 30, 2026.  Other than the first Monthly Statement submitted by each of the Professionals pursuant to this order, each Monthly Statement will cover a single calendar month, and Professionals may file Monthly Statements in the manner described above;

(f)        Neither an objection nor a failure to object shall prejudice a  party's right to object to an interim or final fee application on any  ground. Resolution of an objection shall not constitute a  waiver of a party's right to object to an interim or final fee application, nor shall it prejudice the right of a Professional to seek full allowance of the balance of all fees and expenses in an interim or final fee application;

(g)        The monthly Fees and Expenses paid pursuant to  Monthly Statements under this Order shall not be deemed allowed or disallowed for purposes of sections 330 or 331 of the Bankruptcy Code. Rather, for each "Fee Period" set forth in paragraph (i) below, each Professional shall file with the Court and serve on the Reviewing Parties an application for interim approval and allowance of the Fees and Expenses requested pursuant to section 331 of the Bankruptcy Code (the "Interim Fee Applications") and in conformity with *Appendix D* to the Local Bankruptcy Rules for the District of Maryland; and serve notice of the filing of such Interim Fee Application on the Reviewing Parties as well as parties who have requested notice pursuant to Federal Bankruptcy Rule 2002;

(h)        If a Professional fails to serve a Monthly Statement timely, that Professional may not incorporate it into the next Monthly Statement, but the Professional may seek such fees in the next Interim Fee Application;

(i)        Each Professional shall file its first Interim Fee  Application covering the period from the Conversion Date through and including April 30, 2026 on or before May 31, 2026.  Thereafter, each Interim Fee Application will cover one of three Fee Periods set forth below. An Objection to an Interim Fee Application shall be filed on or before the 25th day  of  the  month  following the  filing  and  serving  of  the  Interim Fee Application. The three (3) Fee

Periods and the deadlines for filing, or objecting to an Interim Fee Application for each such Fee Period are as follows:

| Fee Period | Deadline to File Interim Fee Application | Deadline to File Objection to Interim Fee Application |
|---|---|---|
| January 1st – April 30th | May 31st | June 25th |
| May 1st – August 31st | September 30th | October 25th |
| September 1st – December 31st | January 31st | February 25th |

(j)      If a Professional fails to file and serve an Interim Fee Application timely, then the Professional may incorporate such fees into the next Interim Fee Application, but the Professional may not receive payment on any intervening Monthly Statements until the next Interim Fee Application is filed;

(k)      Each Professional's Monthly Statement and Interim Fee Application shall be divided into discrete service categories in conformity with *Appendix D* to the Local Bankruptcy Rules for the District of Maryland or as otherwise agreed upon by the United States Trustee and the Professional;

(l)      Each Monthly Statement and Interim Fee Application shall be accompanied by a summary sheet substantially in the form attached hereto as **Exhibit B**;

(m)      If a Professional's application to be employed is pending but has not yet been granted by the Court, such Professional shall nonetheless timely submit all Monthly Statements and Interim Fee Applications during such pendency; however, all payments under such Monthly Statements and Interim Fee Applications shall be held back by the Trustee pending approval by the Court of the employment of that Professional;

(n)      Upon the agreement of a Professional and an objecting party, a deadline for objecting to a Monthly Statement or an Interim Fee Application may be extended with respect to such Professional without further Order of the Court, provided that notice of such agreement is served on the other Reviewing Parties and, in the case of an objection to an Interim Fee Application, filed with the Court on or before the deadline. Except as otherwise set forth herein, the terms and provisions of this Order may only be modified or amended by further Order of the Court;

(o)      If a Professional utilizes the services of a third party copy service to reproduce and/or serve pleadings or other papers in these proceedings, the Trustee may directly pay (in advance or upon invoice) said third parties for said services, including among other things, any associated postage, overnight delivery or other charges, and thereafter report said expense on the Debtors' monthly reports. Alternatively, said third party copy service charges may be paid by the Trustee's Professionals and included for reimbursement in their next Monthly Statement or Interim Fee Application.

14.      The proposed procedures will enable the Trustee to monitor costs of administration closely, maintain level cash flow availability, and implement efficient cash

6

management procedures. Moreover, these procedures will allow the Court and key parties in interest to ensure the reasonableness and necessity of the compensation and reimbursement sought pursuant to such procedures.

15.     The Trustee notes that a similar order to that being sought here was entered during the pendency of the Chapter 11 cases.

16.     The Trustee submits that the efficient administration of the chapter 7 cases will be significantly aided by establishing the foregoing interim compensation and expense reimbursement procedures. Accordingly, the relief requested is in the best interests of the Trustee, the Debtors estates, and its creditors.

17.     The proposed procedures are similar to those approved in this and other districts.[2] *See*, *e.g.*, *In re Diamond Comic Distributors, Inc., et al.* (these cases pre-conversion); *Novation Companies, Inc., et al.*, Case No. 16-19745 (DER) (Bankr. D. Md. July 25, 2016); *TMST, Inc. et al.* Case No. 09-17787 (NVA) (Bankr. D. Md. May 1, 2009), *In re TVI Corp., et al.*, Case No. 09-15677 (Bankr. D. Md. April 30, 2009); *In re Mattress Discounters Corp., et al.*, Case No. 08-21642 (TJC) (Bankr. D. Md. Nov. 10, 2008); *In re Luminent Mortgage Capital, Inc., et al.*, Case No. 08-21389 (DWK) (Bankr. D. Md. Oct. 22, 2008); *In re Fieldstone Mortgage Co.*, Case No. 07-21814 (JFS) (Bankr. D. Md. Jan. 23, 2008); *In re Barwood, Inc., et al.*, Case No. 07-10860 (WIL) (Bankr. D. Md. Mar. 5, 2007); *In re Boyds Collection, Ltd., et al.*, Case No. 05-43793 (DWK) (Bankr. D. Md. Nov. 2, 2005); *In re USGen New England, Inc.*, Case No. 03-30465 (PM) (Bankr. D. Md. July 24, 2003). *See also In re Quebecor World (USA), Inc. et al.*, Case No. 08-10152 (JMP) (Bankr. S.D.N.Y. Feb. 13,

---

[2]  Because of the voluminous nature of the unreported orders cited herein, they are not attached to this Motion. Copies of these orders are available upon request of Trustee's counsel.

2008); *In re Silicon Graphics, Inc., et al.*, Case No. 06-10977 (BRL) (Bankr. S.D.N.Y. May 31, 2006).

#### Notice

18. Notice of this Motion will be given to the following parties by ECF: (i) the Office of the United States Trustee for the District of Maryland; (ii) counsel to JPMorgan Chase Bank, N.A. and (iii) any party that has entered an appearance by counsel. In light of the nature of the relief requested, the Trustee submits that no other or further notice is necessary.

#### Statement Pursuant to Local Bankruptcy Rule 9013-2

19. Pursuant to Rule 9013-2 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland, the Trustee states that, in lieu of submitting a memorandum in support of this Motion, they will rely solely upon the grounds and authorities set forth herein.

WHEREFORE, for the reasons set forth herein, the Trustee respectfully requests that this Court enter an order, substantially in the form attached hereto, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: April 9, 2026

/s/ Richard M. Goldberg
Richard M. Goldberg, Bar No. 07994
Daniel J. Zeller, Bar No. 28107
SHAPIRO SHER GUINOT & SANDLER
250 W. Pratt Street, Suite 2000
Baltimore, Maryland 21201
Tel: 410-385-4277
Email: rmg@shapirosher.com
        djz@shapirosher.com

*Proposed General Bankruptcy Counsel for Morgan W. Fisher, Chapter 7 Trustee*

8

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 9th day of April, 2026, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing will be served electronically by the Court's CM/ECF system on the following:

-Sam Alberts   sam.alberts@dentons.com, docket.general.lit.wdc@dentons.com
-Peter J Artese peter.artese@us.dlapiper.com
-Jodie E. Bekman       jbekman@gfrlaw.com, dferguson@gfrlaw.com
-Jan Berlage   JBerlage@GHSLLP.com, tcollins@ghsllp.com
-Hugh M. (UST) Bernstein   hugh.m.bernstein@usdoj.gov
-Daniel Jack Blum      jack.blum@polsinelli.com,
lsuprum@polsinelli.com; delawaredocketing@polsinelli.com
-Laura Skowronski Bouyea   lsbouyea@venable.com, dmdierdorff@venable.com
-Thomas K. Bredar      thomas.bredar@wilmerhale.com,
andrew.goldman@wilmerhale.com; benjamin.loveland@wilmerhale.com;
yolande.thompson@wilmerhale.com
-Andrew Brown          abrown@klestadt.com
-Matthew G. Brushwood       mbrushwood@barley.com, dkline@barley.com
-Darek Bushnaq        dsbushnaq@venable.com
-Richard L. Costella   rcostella@tydings.com,
scalloway@tydings.com; MYoung@tydings.com; zjones@tydings.com;
swilliams@tydings.com
-Katherine Elizabeth Culbertson       katherine.culbertson@troutman.com
-David W.T. Daniels   ddaniels@perkinscoie.com,
docketnyc@perkinscoie.com; nvargas@perkinscoie.com; KMcClure@perkinscoie.com;
rleibowitz@perkinscoie.com
-G. David Dean         ddean@coleschotz.com, PRatkowiak@coleschotz.com
-Mark L Desgrosseilliers       desgross@chipmanbrown.com, fusco@chipmanbrown.com
-Emily Devan edevan@milesstockbridge.com
-Ellen E. Dew ellen.dew@us.dlapiper.com
-Turner Falk   turner.falk@saul.com,
tnfalk@recap.email; Veronica.Marchiondo@saul.com
-Justin Philip Fasano  jfasano@mhlawyers.com,
jfasano@ecf.courtdrive.com; tmackey@mhlawyers.com; mevans@mhlawyers.com;
cmartin@mhlawyers.com; Fasano.JustinR92003@notify.bestcase.com
-Ashley N Fellona      ashley.fellona@saul.com, janice.mast@saul.com
-Gianfranco Finizio    gfinizio@lowenstein.com
-Adam Fletcher         afletcher@bakerlaw.com
-Chelsea R Frankel     cfrankel@lowenstein.com
-Jeremy S. Friedberg  jeremy@friedberg.legal, ecf@friedberg.legal
-Stephen B. Gerald     sgerald@tydings.com
-Christopher J. Giaimo         christopher.giaimo@squirepb.com,
christopher.giaimo@squirepb.com; christopher-j-giaimo-6409@ecf.pacerpro.com

9

-Joshua Glikin JGlikin@shulmanrogers.com, abogert@shulmanrogers.com, tlewis@shulmanrogers.com
-Jonathan A. Grasso jgrasso@yvslaw.com, pgomez@yvslaw.com; r39990@notify.bestcase.com
-Zvi Guttman zvi@zviguttman.com, zviguttman@gmail.com, zviguttman@outlook.com, MD55@ecfcbis.com
-Jeffrey C. Hampton   jeffrey.hampton@saul.com
-Jason F Hoffman      jhoffman@bakerlaw.com
-Catherine Keller Hopkin       chopkin@yvslaw.com, pgomez@yvslaw.com; kreese@yvslaw.com; vmichaelides@yvslaw.com; yvslawcmecf@gmail.com; hopkincr39990@notify.bestcase.com
-James R. Irving       james.irving@dentons.com
-Adam H Isenberg      adam.isenberg@saul.com
-Harry Conrad Jones  HJones@coleschotz.com, bankruptcy@coleschotz.com; pratkowiak@coleschotz.com
-Lawrence A. Katz     lkatz@hirschlerlaw.com, chall@hirschlerlaw.com; aklena@hirschlerlaw.com
-Toyja E. Kelley       Toyja.Kelley@troutman.com
C. Kevin Kobbe        kevin.kobbe@us.dlapiper.com, docketing-baltimore-0421@ecf.pacerpro.com
-Eric George Korphage        korphagee@whiteandwilliams.com
-Jung Yong Lee        jlee@milesstockbridge.com, mhickman@tydings.com
-Gary H. Leibowitz    gleibowitz@coleschotz.com, pratkowiak@coleschotz.com; bankruptcy@coleschotz.com; lmorton@coleschotz.com
-Thomas J. McKee     mckeet@gtlaw.com, Karrie.Barbaro@gtlaw.com, thomas--mckee-0902@ecf.pacerpro.com
-Mark Minuti  mark.minuti@saul.com, robyn.warren@saul.com
-Randy Moonan        rmoonan@sillscummis.com
-William Fuller Moss  william.moss@friedberg.legal
-Bruce S. Nathan      bnathan@lowenstein.com
-Janet M. Nesse       jnesse@mhlawyers.com, jfasano@mhlawyers.com; cpalik@mhlawyers.com; jnesse@ecf.inforuptcy.com;tmackey@mhlawyers.com; cmartin@mhlawyers.com; kfeig@mhlawyers.com
-Craig Palik    cpalik@mhlawyers.com, cpalik@ecf.inforuptcy.com; Palik.CraigR92003@notify.bestcase.com; mevans@mhlawyers.com; cmartin@mhlawyers.com
-Michael Papandrea   mpapandrea@lowenstein.com
-Steven Gregory Polard        steven.polard@ropers.com, loriann.zullo@ropers.com; calendar-LAO@ropers.com
-Scott Prince   sprince@bakerlaw.com
-Jonathan Gary Rose  jonathan.rose@us.dlapiper.com
-Jordan Rosenfeld     jordan.rosenfeld@saul.com
-Nikolaus F. Schandlbauer     nick.schandlbauer@arlaw.com, lianna.sarasola@arlaw.com
-Dennis J. Shaffer dshaffer@tydings.com, scalloway@tydings.com; MYoung@tydings.com

-Indira Kavita Sharma indira.sharma@troutman.com,
katherine.culbertson@troutman.com; jonathan.young@troutman.com;
david.ruediger@troutman.com; errol.chapman@troutman.com;
toyja.kelley@troutman.com
-Nicholas Smargiassi  nicholas.smargiassi@saul.com
-David Sommer          dsommer@gallagherllp.com,
ceyler@gejlaw.com; gomara@gejlaw.com; csalce@gejlaw.com; mkobylski@gejlaw.com
-Brent C. Strickland bstrickland@whitefordlaw.com,
mbaum@whitefordlaw.com;  brent-strickland-3227@ecf.pacerpro.com
-Matthew G. Summers          summersm@ballardspahr.com,
branchd@ballardspahr.com; heilmanl@ballardspahr.com;
ambroses@ballardspahr.com;zar
nighiann@ballardspahr.com; carolod@ballardspahr.com; cromartie@ballardspahr.com;
stammerk@ballardspahr.com; brannickn@ballardspahr.com
-S. Jason Teele          steele@sillscummis.com
-Paige Noelle Topper  paige.topper@saul.com
-US Trustee - Baltimore USTPRegion04.BA.ECF@USDOJ.GOV


*/s/ Richard M. Goldberg*
Richard M. Goldberg

11