IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | * | |
| | | Case No. 25-10308-DER |
| Diamond Comic Distributors, Inc., *et. al*, | * | (Jointly Administered) |
| | | |
| Debtors.[1] | * | Chapter 7 |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

ADMINISTRATIVE ORDER PURSUANT TO 11 U.S.C. §§ 105, 328 AND 331
ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF CHAPTER 7 PROFESSIONALS

Upon the motion (the "Motion[2]") of Morgan W. Fisher, Chapter 7 Trustee (the "Trustee"), for entry of an order (this "Order") establishing procedures for interim compensation and reimbursement of expenses for Professionals; and it appearing that the relief requested is in the best interests of the Trustee, Debtors' estates, their creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and it appearing that the Motion is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the Motion and opportunity for objection having been given, with no objections or requests for hearing having been filed; and it appearing that no other notice need be given;

---

1 The Debtors in these chapter 7 cases are: Diamond Comic Distributors, Inc.; Comic Holdings, Inc.; Comic Exporters, Inc.; and Diamond Select Toys & Collectibles, LLC.

2 Capitalized terms used herein as defined terms and not otherwise defined shall have those meanings ascribed to them in the Motion.

and after due deliberation and sufficient cause therefor, it is, by the United States Bankruptcy Court for the District of Maryland, HEREBY

ORDERED, that the Motion is granted, and it is further,

ORDERED, that, except as may otherwise be provided in Orders of this Court that authorized the retention of specific professionals on different terms, all professionals employed under sections 327 or 1103 of the Bankruptcy Code (the "Professionals") in these cases may seek interim compensation in accordance with the following procedures:

(a)     No earlier than the 15th day of each calendar month, and no later than the last day of such calendar month, of each month following the month for which compensation is sought, each Professional will file with the Court and serve via facsimile, e-mail, overnight mail, or hand delivery, a monthly statement (the "Monthly Statement"), substantially in the form of Local attached to the Motion as Exhibit A, together with (i) the cover page referenced in paragraph (l) below and (ii) as an exhibit to each Monthly Statement, the detailed daily time entries and summaries of time normally submitted with an interim fee application (redacted as may be necessary and appropriate), as well as a detailed summary of all disbursements and expenses for which the Professional is seeking reimbursement (said detailed summary of all disbursements and expenses to be in conformity with paragraph C of *Appendix D* of the Local Bankruptcy Rules for the District of Maryland) on the following: (A) Trustee's counsel, Shapiro Sher Guinot & Sandler, 250 W. Pratt Street, Suite 2000, Baltimore, Maryland 21201, Attn: Richard M. Goldberg, Esquire (rmg@shapirosher.com); (410) 539-7611 (facsimile); (B) the Office of the United States Trustee for the District of Maryland, Attn: Hugh M. Bernstein (hugh.m.bernstein@usdoj.gov); (C) counsel to JPMorgan Chase Bank, N.A., Troutman Pepper Locke LLP, 111 Huntington Ave., 9th Floor, Boston, Massachusetts 02199, Attn: Jonathan W. Young (jonathan.young@troutman.com); and (E) such other parties as the Court may direct (collectively, the "Reviewing Parties");

(b)     In the event any of the Reviewing Parties has an objection to any portion of the Fees or Expenses sought in a particular Monthly Statement, based on a preliminary view that such fees and expenses are not properly allowable, they or it shall, on or before the fifteenth calendar day after the date of the filing of the Monthly Statement at issue, serve by facsimile, overnight mail or hand delivery upon the Professional whose Monthly Statement is objected to, and the other Reviewing Parties, a written "Notice of Objection to Fee Statement" setting forth, at a minimum, the specific items and amount of Fees and Expenses to which the Reviewing Party objects and the basis for the objection. Thereafter, the Professional can seek payment of objected to Fees and Expenses through the Professional's next interim fee application, as described below;

(c)     If no objection to any respective Professional's Monthly Statement is served by the deadline set forth in paragraph (b) above, the Trustee may pay

2

not later than the fifteenth (15th) calendar day after the last day on which any objections to the Monthly Statement were to be served and filed in accordance with paragraph (b) above, equal to the full amount of such Fees and Expenses less a 20% "Holdback" of the Fees;

(d)     If an objection to any respective Professional's Monthly Statement is served by the deadline set forth in paragraph (b) above, the Trustee shall pay the amount of such Fees and Expenses requested in the Monthly Statement less any amount objected to and less a 20% Holdback of the Fees not objected to, by not later than the fifteenth (15th) calendar day after the last day on which any objections to the Monthly Statement were to be served and filed in accordance with paragraph (b) above. If following the service of an objection to a Monthly Statement the Professional and the party serving the objection are able to resolve their dispute in whole or in part, the Professional may serve on the Reviewing Parties a notice describing the terms of the resolution and the Trustee may pay the balance of the Fees and/or Expenses no longer objected to (still applying a 20% Holdback as to Fees not subject to an objection) not later than the fifteenth (15th) calendar day after the date of service of the notice of resolution provided that such notice is served by facsimile, e-mail, overnight mail or hand delivery;

(e)     Each Professional may submit its first Monthly Statement no earlier than May 5, 2026.  This initial Monthly Statement shall cover the period from the Conversion Date through April 30, 2026.  Other than the first Monthly Statement submitted by each of the Professionals pursuant to this order, each Monthly Statement will cover a single calendar month, and Professionals may file Monthly Statements in the manner described above;

(f)     Neither an objection nor a failure to object shall prejudice a party's right to object to an interim or final fee application on any ground. Resolution of an objection shall not constitute a waiver of a party's right to object to an interim or final fee application, nor shall it prejudice the right of a Professional to seek full allowance of the balance of all fees and expenses in an interim or final fee application;

(g)     The monthly Fees and Expenses paid pursuant to Monthly Statements under this Order shall not be deemed allowed or disallowed for purposes of sections 330 or 331 of the Bankruptcy Code. Rather, for each "Fee Period" set forth in paragraph (i) below, each Professional shall file with the Court and serve on the Reviewing Parties an application for interim approval and allowance of the Fees and Expenses requested pursuant to section 331 of the Bankruptcy Code (the "Interim Fee Applications") and in conformity with *Appendix D* to the Local Bankruptcy Rules for the District of Maryland; and serve notice of the filing of such Interim Fee Application on the Reviewing Parties as well as parties who have requested notice pursuant to Federal Bankruptcy Rule 2002;

(h)     If a Professional fails to serve a Monthly Statement timely, said Professional may not incorporate it into the next Monthly Statement, but the Professional may seek said fees in the next Interim Fee Application;

(i)     Each Professional shall file its first Interim Fee Application covering the period from the Conversion Date through and including April 30, 2026 on or before May 31, 2026.  Thereafter, each Interim Fee Application will cover one of three Fee Periods set forth below. An Objection to an Interim Fee

3

Application shall be filed on or before the 25th day of the month following the filing and serving of the Interim Fee Application. The three (3) Fee Periods and the deadlines for filing, or objecting to an Interim Fee Application for each such Fee Period are as follows:

| Fee Period | Deadline to File Interim Fee Application | Deadline to File Objection to Interim Fee Application |
| --- | --- | --- |
| January 1st – April 30th | May 31st | June 25th |
| May 1st – August 31st | September 30th | October 25th |
| September 1st – December 31st | January 31st | February 25th |

(j)      If a Professional fails to file and serve an Interim Fee Application timely, then said Professional may incorporate said fees into the next Interim Fee Application, but the Professional may not receive payment on any intervening Monthly Statements until the next Interim Fee Application is filed;

(k)      Each Professional's Monthly Statement and Interim Fee Application shall be divided into discrete service categories in conformity with *Appendix D* to the Local Bankruptcy Rules for the District of Maryland or as otherwise agreed upon by the United States Trustee and the Professional;

(l)      Each Monthly Statement and Interim Fee Application shall be accompanied by a summary sheet substantially in the form attached to the Motion as Exhibit B;

(m)      If a Professional's application to be employed is pending but has not yet been granted by the Court, said Professional shall nonetheless timely submit all Monthly Statements and Interim Fee Applications during such pendency; however, all payments under said Monthly Statements and Interim Fee Applications shall be held back by the Trustee pending approval by the Court of the employment of said Professional;

(n)      Upon the agreement of a Professional and an objecting party, a deadline for objecting to a Monthly Statement or an Interim Fee Application may be extended with respect to such Professional without further Order of the Court, provided that notice of such agreement is served on the other Reviewing Parties and, in the case of an objection to an Interim Fee Application, filed with the Court on or before the deadline. Except as otherwise set forth herein, the terms and provisions of this Order may only be modified or amended by further Order of the Court;

(o)      Where the Trustee's Professionals utilize the services of a third party copy service to reproduce and/or serve pleadings or other papers in these proceedings, the Trustee may directly pay (in advance or upon invoice) said third parties for said services, including among other things, any associated postage, overnight delivery or other charges, and thereafter report said expense on the Trustee's monthly reports. Alternatively, said third party copy service charges may be paid by the Trustee's Professionals and included for reimbursement in their next Monthly Statement or Interim Fee Application.

4

ORDERED, that all monthly Fees and Expenses paid pursuant to this Order shall be subject to the provisions of sections 330 and 331 of the Bankruptcy Code. Further, such monthly Fees and Expenses are reviewable and subject to revision before and at the end of the cases in accordance with section 330 of the Bankruptcy Code. In any proceedings conducted under section 330, nothing contained in this Order shall be deemed to change the burden of proof under applicable law. The United States Trustee, the Trustee, JPMorgan Chase Bank, N.A., and other parties in interest may object to the final allowance under section 330 of all or any part of the amounts requested, including those amounts already awarded and those amounts subject to holdback; and it is further,

ORDERED, that notwithstanding Bankruptcy Rule 6004, 7062, or 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further,

ORDERED, that the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

cc:     Morgan W. Fisher, Esquire
        c/o Law Offices of Morgan Fisher LLC
        18 West St
        Annapolis, MD 21401
        *Chapter 7 Trustee*

        Richard M. Goldberg, Esquire
        Shapiro Sher Guinot & Sandler
        250 West Pratt St., Suite 2000
        Baltimore, MD 21201
        *Proposed General Bankruptcy Counsel for Chapter 7 Trustee*

        Zvi Guttman, Esquire
        The Law Offices of Zvi Guttman, P.A.
        600 Reisterstown Rd, Suite 308
        Pikesville, MD 21208
        *General Bankruptcy Counsel for Chapter 7 Trustee*

Office of the United States Trustee
101 West Lombard Street, Suite 2625
Baltimore, Maryland 21201

**END OF ORDER**