Docusign Envelope ID: 64C45EF1-F98A-4105-BED3-6EF4EA754F35

**EXHIBIT AHC-2**

# SPARKLE POP, LLC

July 11, 2025

**CONFIDENTIAL**

Diamond Comic Distributors, Inc. & Diamond Select Toys & Collectibles, LLC
c/o Saul Ewing, LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Attn: Jeffrey Hampton

Getzler Henrich & Associates, LLC
295 Madison Avenue, 20th Floor
New York, NY 10017
Attn: Robert Gorin

RE:     **Sparkle Pop LLC's Offer to Purchase Debtors' Consignment Inventory**

Messrs. Hampton and Gorin:

Sparkle Pop, LLC ("**Buyer**"), is pleased to submit to you this letter of intent (the "**LOI**" or "**Letter of Intent**") to acquire all consignment inventory held by the Debtors (as defined in Exhibit A) that is the subject of the Debtor's Motion for Entry of an Order Approving (i) Procedures for Sale or Other Disposition of Consigned Inventory, (ii) Approving Sales or Other Disposition of Consigned Inventory Free and Clear of Liens, Claims, Interests or Encumbrances and (iii) Granting Related Relief ("**Consignment Inventory**") filed on or about June 25, 2025 as Docket No. 531 ("**Consignment Motion**") in an asset purchase transaction (the "**Transaction**"). Buyer and its advisors are prepared to move forward immediately to complete due diligence activities, draft the definitive sale documentation ("**Definitive Agreement**") and close the Transaction as promptly as possible. In this Letter of Intent, the Debtors and the Buyer may be referred to collectively as the "**Parties**."

1.      Purchased Assets. The Transaction will be conducted in accordance with 11 U.S.C. § 363, pursuant to which the Debtors will sell the Consigned Inventory free and clear of all liens, claims, encumbrances and interests to the Buyer.

2.      Proposed Terms. Attached as Exhibit A is a term sheet for the Transaction (the "**Term Sheet**"). The Term Sheet summarizes the Buyer's non-binding proposal with respect to the Transaction. Although it is the intent of the Parties that their discussions initially proceed based on the Term Sheet, the terms contained therein have not been agreed to by either Party, are not binding on either Party and are not intended to create rights in favor of any party with respect

Docusign Envelope ID: 64C45EF1-F98A-4105-BED3-6EF4EA754F35

to the Transaction. The Buyer and Debtors shall endeavor to incorporate the terms and conditions expressed in the Term Sheet into a mutually acceptable Definitive Agreement, and each Party shall use all commercially reasonable efforts to close the Transaction (the "**Closing**") within 15 days following the later of (i) court approval of the sale of Consigned Inventory or (ii) entry into the Definitive Documents (such date of Closing shall be referred to as the "**Closing Date**"). Notwithstanding the foregoing, the Parties shall have no obligation to consummate the transactions contemplated hereby unless and until a Definitive Agreement is reached. In the event a Definitive Agreement is signed, the Parties' obligations shall be subject in all respects to the satisfaction of the conditions contained therein. Neither Party hereto shall have any liability to the other if the Parties fail for any reason to execute a Definitive Agreement, or as a result of the termination of discussions by the Buyer at its sole discretion at any time and for any reason.

3. Confidentiality. Except as required by law, as required in connection with the Transaction, or as the Parties agree, this Letter of Intent will be kept strictly confidential, and neither Buyer nor Debtors nor their affiliates or representatives shall disclose Buyer's interest in the potential acquisition, or any of the terms and conditions thereof, except with respect to creditors and parties in interest who agree in writing to be bound by the Confidentiality Agreement (defined below). Buyer and Debtors have previously entered into a Non-Disclosure Agreement (the "**Confidentiality Agreement**"), which they hereby acknowledge to be in effect and which shall govern any disclosure made in connection with the Transaction.

4. Governing Law. This letter shall be governed by the laws of the State of Maryland applicable to contracts wholly executed and performed therein, without regard to the conflicts of laws principles thereof.

5. Letter of Intent Only. This document is an expression of the intent of the Parties only, and nothing herein shall create any legally binding obligation (except as to those matters referred to in paragraphs 3-6 & 8, which shall be binding). No obligations, other than under paragraphs 3-6 & 8, shall arise unless and until mutually satisfactory definitive agreements concerning the proposed Transaction described herein shall have been entered into by Buyer and Debtors. Neither party shall make a claim against, or be liable to, the other party or its affiliates or agents for any damages, including (without limitation) lost profits or injury to business reputation, resulting from the continuation or abandonment of negotiations hereunder, including the consequences thereof.

6. Expenses. Each party will bear its own expenses in connection with the Transaction contemplated hereby, whether or not such Transaction is consummated.

7. Counterparts. This Letter of Intent may be executed in any number of counterparts (which may be effectively delivered by facsimile or other electronic means), any one of which need not contain the signatures of more than one party, but all of such counterparts together shall constitute one agreement.

Please contact me at Joel@necaonline.com if you have any questions regarding the content of this Letter of Intent. Otherwise, please indicate the concurrence of Debtors with this Letter of Intent by executing two copies of it in the space provided below and returning one such copy to me at your earliest convenience. I look forward to the successful completion of the Transaction contemplated by this Letter of Intent.

Sincerely,

Sparkle Pop, LLC

Signed by:

By: *Joel Weinshanker*

Name: Joel Weinshanker

Title: Sole Member

AGREED TO AND ACCEPTED

Diamond Comic Distributors, Inc.
Comic Holdings, Inc.; Comic Exporters, Inc.
Diamond Select Toys and Collectibles, LLC

By: _____
Name:
Title:

Docusign Envelope ID: 64C45EF1-F98A-4105-BED3-6EF4EA754F35

<u>**This document is for discussion purposes only and does not constitute a binding agreement between the parties. The terms of any transaction between the parties will be subject to the negotiation, execution and delivery of definitive agreements satisfactory to the parties and receipt of any other approvals and conditions. Unless and until a definitive agreement is executed by the parties, neither party is under any legal obligation of any kind with respect to any transaction relating to substantially all of the assets of Debtors except for matters specifically agreed to in that certain confidentiality agreement between the Parties. Until such a definitive agreement is executed by both parties, either party may determine not to proceed with the proposed transaction at any time and for any reason. This document and its terms are confidential, and neither party shall disclose the existence of this document or its terms without the prior written consent of the other party.**</u>

## EXHIBIT A

### SUMMARY OF NON BINDING TERMS

| | |
|---|---|
| Debtor/Seller: | Diamond Comic Distributors, Inc.; Comic Holdings, Inc.; Comic Exporters, Inc,; and Diamond Select Toys and Collectibles, LLC (and with its affiliated debtors, the "**Debtors**") |
| Buyer: | Sparkle Pop, LLC |
| Purchase Price: | US$1,000,000 (all cash) at Closing. |
| | Debtors will not be liable to pay for any further costs for shipment and processing of Debtors' Consignment Inventory located at the Olive Branch, Mississippi after the date of execution of the Definitive Agreement, which value the Buyer estimates to be approximately US$100,000. |
| Purchased Assets: | The Purchased Assets shall include all Consignment Inventory which shall be conveyed free and clear of all liens, claims and encumbrances. |
| Conditions to Closing: | Orders of the United States Bankruptcy Court for the District of Maryland (the "**Bankruptcy Court**") will have been entered, in form and substance satisfactory to Buyer (the "**Sale Orders**"), which will include (i) a finding that the proposed Transaction is in good faith and otherwise satisfied the provisions of section 363, including section 363(m), of the Bankruptcy Code; (ii) authorization and approval of the |

4

proposed Transaction pursuant to the definitive sale documentation; and (iii) a provision that the Consigned Inventory are being transferred free and clear of all liens, claims, encumbrances and interests to the Buyer.

The Sale Orders shall have become final orders of the Bankruptcy Court.

Receipt of all material third party consents and approvals.

Closing/Approval Schedule: The Buyer's objective is to close the Transaction as soon as reasonably practicable with a targeted closing date of July 31, 2025.

Buyer Protections: Upon the receipt of another offer for the Consigned Inventory, the Debtors shall provide notice of the offer, including the amount of the offer and the assets proposed to be acquired, to the Buyer and the Buyer shall have the right to increase its purchase price or otherwise revise its bid to a bid that is higher or otherwise better than the noticed offer.