**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | |
|---|---|
| In re<br><br>Diamond Comic Distributors, Inc., *et al.*,<br><br>Debtors.[1] | Case No. 25-10308 (DER)<br><br>Chapter 7<br><br>(Jointly Administered) |

<u>LIMITED OBJECTION TO MOTION OF SPARKLE POP, LLC FOR RELIEF FROM</u>
<u>THE AUTOMATIC STAY [DKT. 1265]</u>

The *Ad Hoc* Committee of Consignors (the "Consignors"),[2] by and through its undersigned counsel, files this limited Objection, and states:

1.       The Consignors object on a limited basis to the Motion of Sparkle Pop, LLC for Relief from the Automatic Stay [Dkt. 1265] (the "Motion").

2.       Through the Motion, Sparkle Pop, LLC ("Sparkle Pop") seeks relief from the automatic stay of 11 U.S.C. §362.

3.       This limited objection takes no position as to any property other than property delivered by the Consignors (the "Consignors' Stock").  This limited objection also does not oppose Sparkle Pop's ability to obtain stay relief, so long as the Consignors are permitted to immediately retrieve the Consignors' Stock at their own expense, subject to recoupment of those expenses as an administrative priority claim against the Debtor's estate under 11 U.S.C. §§503(b) and 726(b).

4.       First, with regard to §362(d)(2), Sparkle Pop has failed to allege that the estate of Diamond Comic Distributors, Inc. (the "Debtor") lacks equity in the property located at the Mississippi Facility, as that term is defined in the Motion. In accordance with §362(g)(1), Sparkle Pop bears the burden of evidence as to equity in the property.  While the Consignors

---

[1]   The Debtors in these chapter 11 cases along with the last four digits of the Debtors' federal tax identification numbers are: Diamond Comic Distributors, Inc. (3450); Comic Holdings, Inc. (7457); Comic Exporters, Inc. (7458); and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

[2]   The Consignors herein are: (i) Ablaze, LLC, (ii) American Mythology Productions LLC, (iii) Avatar Press, Inc., (iv) Andrew Kafoury dba Battle Quest Comics, (v) Bryan Seaton dba Action Lab, (vi) Drawn & Quarterly Books Inc., (vii) Fantagraphics Books, Inc., (viii) Green Ronin Publishing LLC, (ix) Herman and Geer Communications, Inc., dba Hermes Press, (x) Living the Line LLC, (xi) Paizo, Inc., (xii) UDON Entertainment Inc., and (xiii) Zenescope Entertainment, Inc.

assert that they remain title owners of the consignment stock that they delivered to the Debtor and which is located in the Mississippi (the "Consignors' Stock"), the Trustee has taken an opposite position and has asserted in the adversary proceedings that it filed against the Consignors that the estate has an interest in the Consignors' Stock that "…is property of the Debtor's estate within the meaning of section 541(a) of the Bankruptcy Code". (Adversary Complaint against Avatar Press, Inc., *e.g.*, Dkt. 3, ¶5, Adv. Case No.: 25-00385)

5.      As to §362(d)(1), Sparkle Pop alleges it is not adequately protected with regard to the Consignors' Stock.  (Motion, ¶¶ 8-19).

6.      Sparkle Pop's Motion seeks an order from this Court not just lifting the stay, but permitting Sparkle Pop to "…assert a warehouseman's lien on the consigned goods and/or take necessary steps, under applicable law (or with the consent of the parties), to arrange for these goods to be removed from the Mississippi Facility." (Motion, ¶19).

7.       It is not clear why Sparkle Pop believes it has any interest in the Consignors' Stock other than this single reference to a warehouseman's lien.  Typically, a party to an executory contract in a bankruptcy proceeding would first seek an order compelling the debtor to assume or reject the lease.  11 U.S.C. §365.

8.      Given that the Trustee neglected to timely assume the executory obligations set forth in the Transition Services Agreement (the "TSA") that, for purposes of the Motion, constitutes the rental agreement between the Debtor's estate and Sparkle Pop, the TSA is already rejected. (Order, Dkt. 1171).

9.      The TSA was negotiated and executed by the Debtor and Sparkle Pop – not the Consignors.  The Consignors are owed a duty by the Debtor to store the Consignors Stock at no expense to the Consignors, by virtue of the Consignors' respective Distribution Agreement terms.

10.      The Consignors have derived no value from Sparkle Pop's continued storage of the Consignors' Stock; to the contrary, the Consignors have continued suffering losses related to diminution of value and litigation expense in trying, for the past nine months, to extract their

property (in which they have legal title) from the Mississippi Warehouse, which efforts have been repeatedly blocked by the Debtor.

11.    The Consignors are ready, willing, and able to retrieve the Consignors Stock from the warehouse upon reasonable notice of at least thirty (30) calendar days.  They will "pick and pack" and ship the Consignors' Stock at their own expense, and they retain and do not waive their collective right to assert any resulting expenses as additional administrative claims against the Debtor's estate arising out of their respective distribution agreements with the Debtor.  This would be at no additional cost to Sparkle Pop and would achieve what Sparkle Pop seeks – to have the stock cleared promptly from the Mississippi Facility.

12.    To the extent the Trustee intends to continue pursuing a finding that the Debtor's estate has any interest in the Consigned Stock, the Trustee will be able to pursue any such claims without prejudice to its legal position – this will permit the Trustee to continue pursuing its claims in the Consignors' Stock, should the Trustee choose to continue bearing the administrative burden of so doing in light of his business judgment as to the Consignors' Stock's value to the estate.

13.    If ultimately the Trustee prevails in its adversary proceedings against the Consignors, it can arrange to have the Consignors' Stock picked, packed, and shipped as may be directed by the Trustee upon entry of a non-appealable order finding that the Debtor does, in fact, have interests in the Consignors' Stock that are superior to the Consignors' claimed rights.

14.    Finally, while Sparkle Pop argues that it holds a valid interest in the goods under Mississippi, it bears the burden on this claim because it relates directly to the requisite finding that the Debtor lacks any equity in the Consignors' Stock.  (Motion, ¶ 28)

15.    Sparkle Pop cannot establish that it holds a valid interest in the goods because under Mississippi law, it would need to first establish that the Debtor has continuing authority to require Sparkle Pop to store or sell the Consignors' Stock.  Miss. Code Ann. §75-7-210.  This is because Sparkle Pop's purported lien is not effective against "a person with a prior legal or perfected security interest in the goods *unless that person entrusted the goods to the bailor with authority to store or sell them.*"  Id*., §75-7-209.  The Consignors never entrusted Sparkle Pop to

store the Consignors' Stock.  If the TSA and the Consignors' distribution agreements are in fact rejected, then the Debtor and the Trustee have no authority to entrust Sparkle Pop with the storage of the Consignors' Stock until and unless the Trustee prevails in the pending Consignor adversary proceedings.

16.     Mississippi law also prevents Sparkle Pop from obtaining a lien on any goods that it "unjustifiably refuses to deliver."  Id., §75-7-209(e).  The Consignors have never been given the chance to retrieve their Consignors' Stock; to the contrary, if the automatic stay relief is granted, the Consignors will immediately enforce a demand that Sparkle Pop deliver the Consignors' Stock to them to the extent that there is no longer any interest of the Debtor in the Consignors' Stock.  In this case, Sparkle Pop cannot refuse to deliver the Consignors' Stock to the Consignors, particularly because Sparkle Pop will have an administrative claim against the Debtor for any unpaid rent or other post-conversion damages, and thus will have no right to steal the Consignors' Stock by claiming a lien on that which the Consignors never agreed to let Sparkle Pop store.

17.     Although the Consignors take no current position on the Debtor's right to move the Consignors' Stock to another location, certainly Sparkle Pop has failed to demonstrate that the Debtor would refuse to do so in light of the rejected TSA.  In other words, if the Trustee is able to secure another location for storage at a lower rate, it should be given that chance upon proper notification and approval of this Court.

18.     Furthermore, before obtaining any lien, Sparkle Pop would (assuming it obtains relief from the automatic stay) be required to give the Consignors *and the Debtor* an opportunity to pay the itemized claim prior to the purposed sale of any such goods in which Sparkle Pop claims an interest.  Id., §75-7-210. To the extent that the Consignors choose to pay the past-due charges that Sparkle Pop claims it is owed, then the Consignors would have an administrative post-conversion priority claim against the Debtor in the same amount.

19.     The Debtor may have defenses as to the alleged storage costs, which would need to be resolved in this Court.  Furthermore, even if the Trustee were to fully abandon all of the

Consigned Stock, then the Consignors are entitled to retrieve their goods prior to Sparkle Pop enforcing any alleged lien on the goods. Id., §75-7-210

20. The Consignors support the requested stay relief to the extent that it enables the Consignors to pick, pack, and ship the Consignors' Stock out of the Mississippi Facility to prevent further and continuing loss to the Debtor and to the Consignors.

WHEREFORE, the Consignors respectfully request that any Order granting the Motion (i) contain a provision that authorizes the Consignors to pick, pack, and ship their respective consignment stock from the Mississippi Warehouse at the Consignors' expense, within thirty (30) days of entry of such an Order; which such costs will constitute administrative expense claims in accordance with §§503(b) and 726(b), to the extent that the Trustee prevails in the pending adversary proceeding actions against the respective Consignors; (ii) authorize the Consignors to store the respective stock at the same rates currently being charged by Sparkle Pop to the Debtor, which such storage will constitute an administrative expense claim under §§503(b) and 726(b) to the extent that the Trustee prevails in the pending adversary proceedings against the Consignors; (iii) not contain any language impairing any right of the Consignors with regard to any liens asserted by Sparkle Pop under Mississippi or other applicable law.

Dated: April 28, 2026

Respectfully submitted,

_____/s/ Catherine Keller Hopkin_____
Catherine Keller Hopkin (28257)
YVS Law, LLC
185 Admiral Cochrane Drive, Suite 130
Annapolis, Maryland 21401
(443) 569-0788
chopkin@yvslaw.com

Counsel for the *Ad Hoc* Committee of Consignors

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, on the 28th day of April 2026, notice of filing the foregoing Limited Objection was served by CM/ECF to those parties listed on the docket as being entitled to such electronic notices, which parties are identified on the attached service list.


                     /s/ Catherine Keller Hopkin
                   Catherine Keller Hopkin

6

**The following parties received CM/ECF notice of the filing:**

- Sam Alberts - sam.alberts@dentons.com, docket.general.lit.wdc@dentons.com
- Peter J Artese - peter.artese@us.dlapiper.com
- Jodie E. Bekman - jbekman@gfrlaw.com, dferguson@gfrlaw.com
- Jan Berlage - JBerlage@GHSLLP.com, tcollins@ghsllp.com
- Hugh M. (UST) Bernstein - hugh.m.bernstein@usdoj.gov
- Daniel Jack Blum - jack.blum@polsinelli.com, lsuprum@polsinelli.com;delawaredocketing@polsinelli.com
- Laura Skowronski Bouyea - lsbouyea@venable.com, dmdierdorff@venable.com
- Thomas K. Bredar - thomas.bredar@wilmerhale.com, andrew.goldman@wilmerhale.com;benjamin.loveland@wilmerhale.com;yolande.thompson@wilmerhale.com
- Matthew G. Brushwood - mbrushwood@barley.com, dkline@barley.com
- Darek Bushnaq - dsbushnaq@venable.com
- Richard L. Costella - rcostella@tydings.com, myoung@tydings.com;pcoolbaugh@tydings.com
- Katherine Elizabeth Culbertson - katherine.culbertson@troutman.com
- David W.T. Daniels - ddaniels@perkinscoie.com, docketnyc@perkinscoie.com;nvargas@perkinscoie.com;KMcClure@perkinscoie.com;rleibowitz@perkinscoie.com
- G. David Dean - ddean@coleschotz.com, PRatkowiak@coleschotz.com
- Mark L Desgrosseilliers - desgross@chipmanbrown.com, fusco@chipmanbrown.com
- Emily Devan - edevan@milesstockbridge.com
- Ellen E. Dew - ellen.dew@us.dlapiper.com
- Turner Falk - turner.falk@saul.com, tnfalk@recap.email;Veronica.Marchiondo@saul.com
- Justin Philip Fasano - jfasano@mhlawyers.com, jfasano@ecf.courtdrive.com; tmackey@mhlawyers.com; mevans@mhlawyers.com;cmartin@mhlawyers.com;Fasano.JustinR92003@notify.bestcase.com
- Ashley N Fellona - ashley.fellona@saul.com, janice.mast@saul.com
- Gianfranco Finizio - gfinizio@lowenstein.com
- Morgan W. Fisher - trustee@morganfisherlaw.com, MD65@ecfcbis.com;fisher@premierremote.com
- Chelsea R Frankel - cfrankel@lowenstein.com
- Jeremy S. Friedberg - jeremy@friedberg.legal, ecf@friedberg.legal
- Stephen B. Gerald - sgerald@tydings.com
- Christopher J. Giaimo - christopher.giaimo@squirepb.com, christopher.giaimo@squirepb.com;christopher-j-giaimo-6409@ecf.pacerpro.com
- Joshua Glikin - jglikin@shulmanrogers.com, abogert@shulmanrogers.com,mdicarlo@shulmanrogers.com
- Richard Marc Goldberg - rmg@shapirosher.com, ejd@shapirosher.com
- Jonathan A. Grasso - jgrasso@yvslaw.com, pgomez@yvslaw.com;r39990@notify.bestcase.com
- Zvi Guttman - zvi@zviguttman.com, zviguttman@gmail.com,zviguttman@outlook.com,MD55@ecfcbis.com
- Jeffrey C. Hampton - jeffrey.hampton@saul.com
- Catherine Keller Hopkin - chopkin@yvslaw.com, pgomez@yvslaw.com; kreese@yvslaw.com; vmichaelides@yvslaw.com; yvslawcmecf@gmail.com;hopkincr39990@notify.bestcase.com
- James R. Irving - james.irving@dentons.com
- Adam H Isenberg - adam.isenberg@saul.com
- Anthony Jankoski - anthony.jankoski@faegredrinker.com
- Harry Conrad Jones - HJones@coleschotz.com, bankruptcy@coleschotz.com;pratkowiak@coleschotz.com
- Lawrence A. Katz - lkatz@hirschlerlaw.com, chall@hirschlerlaw.com;aklena@hirschlerlaw.com
- Toyja E. Kelley - Toyja.Kelley@troutman.com
- C. Kevin Kobbe - kevin.kobbe@us.dlapiper.com, docketing-baltimore-0421@ecf.pacerpro.com
- Eric George Korphage - korphagee@whiteandwilliams.com
- Jung Yong Lee - jlee@milesstockbridge.com, mhickman@tydings.com
- Gary H. Leibowitz - gleibowitz@coleschotz.com, pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;lmorton@coleschotz.com
- Thomas J. McKee - mckeet@gtlaw.com, Karrie.Barbaro@gtlaw.com,thomas--mckee-0902@ecf.pacerpro.com
- Mark Minuti - mark.minuti@saul.com, robyn.warren@saul.com
- Randy Moonan - rmoonan@sillscummis.com
- William Fuller Moss - william.moss@friedberg.legal
- Bruce S. Nathan - bnathan@lowenstein.com
- Janet M. Nesse - jnesse@mhlawyers.com, jfasano@mhlawyers.com;cpalik@mhlawyers.com;jnesse@ecf.inforuptcy.com;tmackey@mhlawyers.com;cmartin@mhlawyers.com;kfeig@mhlawyers.com
- Craig Palik - cpalik@mhlawyers.com, cpalik@ecf.inforuptcy.com; Palik.CraigR92003@notify.bestcase.com; mevans@mhlawyers.com; cmartin@mhlawyers.com
- Michael Papandrea - mpapandrea@lowenstein.com
- Steven Gregory Polard - steven.polard@ropers.com, loriann.zullo@ropers.com;calendar-LAO@ropers.com
- Jonathan Gary Rose - jonathan.rose@us.dlapiper.com
- Jordan Rosenfeld - jordan.rosenfeld@saul.com
- Nikolaus F. Schandlbauer - nick.schandlbauer@arlaw.com, lianna.sarasola@arlaw.com
- Dennis J. Shaffer - dshaffer@tydings.com, scalloway@tydings.com;MYoung@tydings.com
- Indira Kavita Sharma - indira.sharma@troutman.com, katherine.culbertson@troutman.com; jonathan.young@troutman.com;david.ruediger@troutman.com;errol.chapman@troutman.com;toyja.kelley@troutman.com
- Nicholas Smargiassi - nicholas.smargiassi@saul.com
- David Sommer - dsommer@gallagherllp.com, ceyler@gejlaw.com;gomara@gejlaw.com;csalce@gejlaw.com;mkobylski@gejlaw.com
- Brent C. Strickland - bstrickland@whitefordlaw.com, mbaum@whitefordlaw.com;brent-strickland-3227@ecf.pacerpro.com
- Matthew G. Summers - summersm@ballardspahr.com, branchd@ballardspahr.com;heilmanl@ballardspahr.com;ambroses@ballardspahr.com;zarnighiann@ballardspahr.com;carolod@ballardspahr.com;cromartie@ballardspahr.com;stammerk@ballardspahr.com;brannickn@ballardspahr.com
- S. Jason Teele - steele@sillscummis.com
- Paige Noelle Topper - paige.topper@saul.com
- US Trustee - Baltimore - USTPRegion04.BA.ECF@USDOJ.GOV