**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(BALTIMORE DIVISION)**

| | |
|---|---|
| In re: | Case No. 25-10308 (DER) |
| Diamond Comic Distributors, Inc., *et al.* | Chapter 7 |
| Debtors.[1] | (Jointly Administered) |
| | **Re: D.I. 1309** |

**RESERVATION OF RIGHTS OF JPMORGAN CHASE BANK, N.A.**
**TO THE JOINT MOTION TO APPROVE SETTLEMENT PURSUANT TO**
**FED. R. BANKR. P. 9019(A) (TRUSTEE AND AD HOC CONSIGNMENT GROUP)**

JPMorgan Chase Bank, N.A., as Prepetition Lender and DIP Lender (collectively, the "***Lender***"), by and through its undersigned counsel, hereby files this reservation of rights and (this "***Reservation of Rights***"), in connection with the *Joint Motion to Approve Settlement Pursuant to Fed. R. Bankr. P. 9019(a) (Trustee and Ad Hoc Consignment Group)* [Docket No. 1309] (the "***Joint Motion***") filed by Morgan W. Fisher, Chapter 7 Trustee for Diamond Comic Distributors, Inc., *et al.*, (the "***Trustee***") together with the consignors identified on Schedule 1 to **Exhibit A** attached to the Joint Motion (collectively, the "***Consignment Group Members***"). In support of this Reservation of Rights, the Lender respectfully states as follows:

**Background**

1. On January 14, 2025 (the "***Petition Date***"), each of the Debtors commenced a case under chapter 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "***Bankruptcy Code***").

[1] The Debtors in these chapter 11 cases and the last four (4) digits of each Debtor's federal taxpayer identification number are as follows: Diamond Comic Distributors, Inc. (3450), Comic Exporters, Inc (7457), Comic Holdings, Inc. (7458), and Diamond Select Toys & Collectibles, LLC (6585). The Debtors' mailing address is: 10150 York Road, Suite 300, Hunt Valley, Maryland 21030.

2. On February 19, 2025, the Court entered the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Senior Secured Financing and the Use of Cash Collateral; (II) Granting Adequate Protection; (III) Granting Liens and Superpriority Administrative Expense Claims; (IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief* [Docket No. 163] (the "***Final DIP Order***"), pursuant to which, among other things, the Debtors were granted authority to obtain senior secured postpetition financing pursuant to the terms and conditions of the Final DIP Order and that certain senior secured Debtor-in-Possession Credit Agreement, dated as of January 16, 2025 (as amended from time to time, the "***DIP Credit Agreement***"). The DIP Credit Agreement was subsequently amended ten (10) times pursuant to this Court's Orders Approving Stipulations Between Debtors and JPMorgan Chase Bank, N.A., Amending DIP Credit Agreement [Dkt. Nos. 243, 345, 409, 470, 569, 788, 982, & 1089].

3. On December 19, 2025, the Court entered an *Order (I) Approving Eighth Stipulation Between Debtors and JPMorgan Chase Bank, N.A. Amending DIP Credit Agreement, (II) Converting Cases From Chapter 11 to a Chapter 7 of the Bankruptcy Code as of Conversion Date, (III) Approving Certain Conversion Procedures (IV) Setting Bar Date for Filing Final Chapter 11 Fee Applications and Establishing a Hearing Thereon, And (V) Granting Related Relief* [Dkt. No. 1089] (the "***Conversion Order***") which, among other things, converted the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code pursuant to section 1112(a) of the Bankruptcy Code.

4. On December 31, 2025, the conversion date occurred. The Trustee was appointed effective 11:59 PM Eastern Standard Time, on December 31, 2025.

5. On April 29, 2026, the Court entered an *Order Approving Stipulation and Order Between JPMorgan Chase Bank, N.A. and Chapter 7 Trustee Authorizing Limited Borrowing and*

*Use of Cash Collateral By Chapter 7 Trustee* [Dkt. No. 1281] (the "***Stipulation***").[2]

**Reservation of Rights**

6. Pursuant to the Stipulation, the Consignment Proceeds, defined therein as any and all recoveries received by the Trustee in connection with the Consignment Litigation, whether by judgment, settlement, or otherwise, including the sale of any Consignment Inventory and any settlement with Sparkle Pop, are subject at all times to the Lender's first-priority DIP Lien and superpriority administrative expense claims, as set forth in the Final DIP Order and DIP Credit Agreement.

7. The Lender is generally supportive of the relief sought in the Joint Motion. The Lender expressly reserves all rights to ensure that any distribution of Consignment Proceeds arising from or related to the Joint Motion, including the $619,410.00 to be released from the Court Registry Escrow to the Trustee and any amounts released from the Sparkle Pop escrow, is made in accordance with the Consignment Litigation Payment Waterfall set forth in Section 3.2 of the Stipulation, including, without limitation, the Lender's right to receive seventy-five percent (75%) of remaining Consignment Proceeds after payment of (i) the Trustee Borrowings then outstanding, (ii) the Consignment Statutory Trustee Fee, and (iii) any approved Trustee Professional Fees in excess of the Trustee's Professionals Retainer.

8. As of August 26, 2026, the Lender holds an allowed claim in an amount not less than $6,541,667.19 in the aggregate under the Final DIP Order and DIP Credit Agreement, with interest, costs, and attorneys' fees continuing to accrue, and with such amount to be further increased to reflect the Trustee Borrowings made pursuant to the Stipulation. Stipulation, § 5.1. The Lender expressly reserves all rights, remedies, claims, and interests under the Final DIP Order,

[2] Capitalized terms used but not otherwise defined shall have the respective meanings ascribed to such terms in the Stipulation, Final DIP Order, DIP Credit Agreement, and/or the DIP Loan Documents.

the DIP Credit Agreement, the DIP Loan Documents, and the Stipulation, including the right to object to any proposed use, distribution, or allocation of Consignment Proceeds that does not comply with the payment waterfall and other requirements of the Stipulation, and to seek enforcement of the Lender's superpriority administrative expense claims and first-priority liens against all DIP Collateral, including any Consignment Proceeds recovered in connection with or arising from the settlement contemplated by the Joint Motion.

**WHEREFORE**, Lender expressly reserves the right to (a) raise any objection it may have with respect to the terms of the proposed Joint Motion, and (b) to be heard before the Court with respect to the entry of any order approving the Joint Motion and to raise additional arguments or objections in connection therewith.

Respectfully submitted,

DATED: August 26, 2026

*/s/ Katherine E. Culbertson*

Jonathan W. Young (admitted *pro hac vice*)
Toyja E. Kelley (Bar No. 26949)
Indira K. Sharma (Bar No. 28269)
Katherine E. Culbertson (admitted *pro hac vice*)
**TROUTMAN PEPPER LOCKE LLP**
401 9th Street, N.W., Suite 1000
Washington, D.C. 20001
Toyja.Kelley@troutman.com
Indira.Sharma@troutman.com
Jonathan.Young@troutman.com
Katherine.culbertson@troutman.com

**CERTIFICATE OF SERVICE**

I, Katherine E. Culbertson, hereby certify that, on the 25th day of August 2026, I caused a true and correct copy of the foregoing *Reservation of Rights* to be filed and served via CM/ECF on all parties who have registered for electronic service in these cases.

*/s/ Katherine E. Culbertson*