Entered: October 26th, 2026
Signed: October 23rd, 2026

**SO ORDERED**

FURTHER ORDERED, that the Chapter 7 Trustee shall serve this Order on all parties previously served with a copy of the Motion and file a certificate of service as required by this court's Order Regarding Bankruptcy Noticing Center Interruption entered on October 22, 2026. See Misc. No. 16-90000, Admin. Order 26-04 (Bankr. D. Md. 2026).

DAVID E. RICE
U. S. BANKRUPTCY JUDGE

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | | |
|---|---|---|
| **In re:** | * | |
| **Diamond Comic Distributors, Inc., *et. al*,** | * | **Case No. 25-10308-DER (Jointly Administered)** |
| **Debtors.**[1] | * | **Chapter 7** |

* * * * * * * * * * * * *

**CONSENT ORDER GRANTING JOINT MOTION TO APPROVE SETTLEMENT PURSUANT TO FED. R. BANKR. P. 9019(a) (TRUSTEE, SPARKLE POP LLC, AND PALIK CONSIGNMENT GROUP)**

UPON CONSIDERATION of the Joint Motion to Approve Settlement Pursuant to Federal Rule of Bankruptcy Procedure 9019(a) (the "**Motion**"), filed by Morgan W. Fisher, Chapter 7 Trustee (the "**Trustee**"), Sparkle Pop LLC ("**Sparkle Pop**"), and the consignors identified on Schedule 1 to **Exhibit A** to the Motion (each a "**Palik Consignment Group Member**" and collectively, the "**Palik Consignment Group**" and together with the Trustee and Sparkle Pop, collectively the "**Settling Parties**") of the Debtors[2] in the above-captioned cases; and any responses thereto, any hearing held thereon;

[1] The Debtors in these chapter 7 cases are: Diamond Comic Distributors, Inc.; Comic Holdings, Inc.; Comic Exporters, Inc.; and Diamond Select Toys & Collectibles, LLC.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Settlement Agreement.

**AND THE COURT FINDING THAT**:

A. As evidenced by the certificates of service filed with this Court: (i) proper, timely, adequate, and sufficient notice of the Motion has been given in accordance with §§ 102(1) of the Bankruptcy Code, Bankruptcy Rules 2002, 9019, and 9014, and Local Rules 2002-1 and 9019-1, to creditors and parties in interest; (ii) such notice constitutes good and sufficient notice of the Motion and the Settlement, and was good, sufficient, and appropriate notice under the circumstances; and (iii) no other or further notice of the Motion or the Settlement is or shall be required.

B. It has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C. The Trustee has: (i) properly and appropriately exercised his sound business judgment in determining that the Settlement and the actions to be taken thereunder are in the best interest of the Estates, creditors, and other parties in interest; and (ii) demonstrated good and sufficient business justification for the Settlement and the actions to be taken thereunder.

D. The Court has made such necessary and appropriate finding findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, as made applicable to this contested matter pursuant to Bankruptcy Rule 9014. To the extent any of the foregoing findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the foregoing conclusions of law constitute findings of fact, they are adopted as such.

E. And for good cause shown.

**NOW, THEREFORE**, it is by the United States Bankruptcy Court for the District of Maryland, hereby:

**ORDERED**, that the Motion be, and the same is hereby, GRANTED and all objections and responses to the Motion or the relief requested therein that have not been withdrawn, waived, settled, or resolved as stated on the record or herein are hereby overruled and denied on the merits; and it is further

**ORDERED**, that the Settlement (as defined in, and attached as **Exhibit A** to the Motion) is approved in its entirety. Thus, the failure to specifically include or refer to any particular provision of the Settlement in this Order shall not diminish or impair the effectiveness of such provision; provided, however, that to the extent any provision of this Order is inconsistent with the terms of the Settlement, the terms of this Order shall control; and it is further

**ORDERED**, that the Settlement and any related agreement, document or other instrument may be modified, amended, or supplemented by the Settling Parties thereto in accordance with the terms thereof, without further order of this Court; provided that any such modification, amendment, or supplement is not material, is consistent with this Order, and has the approval of the Settling Parties; and it is further

**ORDERED,** that the Settling Parties are authorized to take all actions necessary or appropriate to effectuate the terms of the Settlement and that they shall be, and hereby are, authorized to fully perform under, consummate, and implement the terms of the Settlement, including the filing of further pleadings and the execution and delivery of all instruments and documents that may be reasonably necessary, required or desirable to implement and effectuate the Settlement and the transactions contemplated therein; and it is further

**ORDERED**, that any party that is engaged to destroy any of the Consignment Inventory with regard to the Settlement terms shall, promptly after destruction, provide a certificate of destruction to the respective Palik Consignment Group Member to evidence the destruction of the

respective property, which certificate shall be in accordance with industry standards; and it is further

**ORDERED**, that the Palik Consignment Group are hereby granted Chapter 11 administrative expense claims under 11 U.S.C. § 503(b) as set forth in the Settlement, which claims shall be subordinated as provided therein; and it is further

**ORDERED**, that the Court Registry Escrow shall be released to the Trustee in accordance with the terms of the Settlement and this Consent Order; and it is further

**ORDERED**, that upon approval of the Trustee's settlement agreement with the Ad Hoc Consignment Group by order of this Court and after the funds in the Court Registry Escrow are released to the Trustee, that the Trustee shall disburse to Sparkle Pop $308,890.00 with the remainder of such funds being paid to the Trustee in accordance with the terms of the Settlement and this Consent Order; and it is further

**ORDERED**, that the SP Escrow shall be released to Sparkle Pop in accordance with the terms of the Settlement and this Consent Order; and it is further

**ORDERED**, that the Distribution Agreements of the Palik Consignment Group shall be deemed rejected under § 365 of the Bankruptcy Code upon the Effective Date of the Settlement and terminated in their entirety; and it is further

**ORDERED**, that within ten (10) days after entry of this Order becoming a Final Approval Order, the Trustee shall file notices of dismissal in the CG Adversary Proceedings as to the Palik Consignment Group; and within ten (10) days after the Effective Date, the Trustee shall file a notice of dismissal of the Denial Order Appeal (if not already resolved); and it is further

**ORDERED**, that within ten (10) days after entry of this Order becoming a Final Approval Order, the Trustee shall file a notice of abandonment pursuant to Bankruptcy Code § 554 as to all Consigned Inventory in the Warehouse belonging to the Palik Consignment Group; and it is further

**ORDERED**, that within ten (10) days after entry of this Order becoming a Final Approval Order, the Trustee shall assign to Sparkle Pop (i) all rights, title, and interest in and to the Consigned Inventory covered by the Default Judgments; (ii) all rights, title, and interest in and to the Consigned Inventory covered by the Image Comics settlement; and (iii) all of the Trustee's and the Estates' rights, title, and interests, without representation or warranty of any kind, against the inventory of consignors other than consignors included in either the Order granting the Ad Hoc Motion or the Approval Order, including, without limitation, Digital Manga, Image Comics, Net Comics, and Valiant Entertainment; and it is further

**ORDERED**, that the releases set forth in the Settlement are approved in their entirety; and it is further

**ORDERED**, that Sparkle Pop's indemnification obligations as set forth in the Settlement are approved; and it is further

**ORDERED**, that, this Order and the Settlement shall be binding in all respects upon the Settling Parties, the Debtors, all creditors of the Debtors and all interested parties affected hereby, and upon the successors and assigns of any of the foregoing; and it is further

**ORDERED**, that this Court shall retain sole and exclusive jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

**AGREED AND CONSENTED TO:**

_/s/Craig M. Palik_
Craig M. Palik, Fed. Bar No. 15254
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
Email: cpalik@mhlawyers.com
***Counsel to the Palik Consignment Group***

*/s/Jodie E. Bekman*
Jodie E. Bekman, Fed. Bar No. 26004
Gordon Feinblatt LLC
1001 Fleet Street, Suite 700
Baltimore, MD 21202
Email: jbekman@gfrlaw.com
***Counsel to Sparkle Pop LLC***

*/s/Zvi Guttman*
Zvi Guttman, Fed. Bar No. 06902
The Law Offices of Zvi Guttman, P.A.
Post Office Box 32308
Baltimore, Maryland 21282
Tel: (410) 580-0500
Email: Zvi@zviguttman.com
***Counsel to Morgan W. Fisher, Chapter 7 Trustee***

*/s/ Richard M. Goldberg*
Richard M. Goldberg, Fed. Bar No. 07994
Daniel J. Zeller, Fed. Bar No. 28107
SHAPIRO SHER GUINOT & SANDLER
250 W. Pratt Street, Suite 2000
Baltimore, Maryland 21201
Tel: 410-385-4274
Fax: 410-539-7611
Email: rmg@shapirosher.com
djz@shapirosher.com
***General Bankruptcy Counsel to Morgan W. Fisher, Chapter 7 Trustee***

I HEREBY CERTIFY that the terms of the copy of the consent order submitted to the Court are identical to those set forth in the original consent order; and the signatures represented by the /s/___________ on this copy reference the signatures of consenting parties on the original consent order.

*/s/Richard M. Goldberg*
Richard M. Goldberg

cc: Craig M. Palik, Esquire
Jodie E. Bekman, Esquire
Zvi Guttman, Esquire
Richard M. Goldberg, Esquire
Daniel J. Zeller, Esquire

Attached CM/ECF Service List

**END OF ORDER**

# CM/ECF SERVICE LIST

**Corinne Donohue Adams** cadams@yvslaw.com, cadams@yvslaw.com;jbeckman@yvslaw.com;pgomez@yvslaw.com;vmichaelides@yvslaw.com;r39990@notify.bestcase.com
**Sam Alberts** sam.alberts@dentons.com, docket.general.lit.wdc@dentons.com
**Peter J Artese** peter.artese@us.dlapiper.com
**Jodie E. Bekman** jbekman@gfrlaw.com, dferguson@gfrlaw.com
**Jan Berlage** JBerlage@GHSLLP.com, tcollins@ghsllp.com
**Hugh M. (UST) Bernstein** hugh.m.bernstein@usdoj.gov
**Daniel Jack Blum** jack.blum@polsinelli.com, lsuprum@polsinelli.com;delawaredocketing@polsinelli.com
**Laura Skowronski Bouyea** lsbouyea@venable.com, dmdierdorff@venable.com
**Thomas K. Bredar** thomas.bredar@wilmerhale.com, andrew.goldman@wilmerhale.com;benjamin.loveland@wilmerhale.com;yolande.thompson@wilmerhale.com
**Matthew G. Brushwood** mbrushwood@barley.com, dkline@barley.com
**Darek Bushnaq** dsbushnaq@venable.com
**Brian A. Coleman** brian.coleman@faegredrinker.com
**Richard L. Costella** rcostella@tydings.com, myoung@tydings.com;pcoolbaugh@tydings.com
**Katherine Elizabeth Culbertson** katherine.culbertson@troutman.com
**David W.T. Daniels** david.daniels@ashurstperkins.com, docketnyc@perkinscoie.com;nvargas@perkinscoie.com;KMcClure@perkinscoie.com;rleibowitz@perkinscoie.com
**G. David Dean** ddean@coleschotz.com, PRatkowiak@coleschotz.com
**Mark L Desgrosseilliers** desgross@chipmanbrown.com, fusco@chipmanbrown.com
**Emily Devan** edevan@milesstockbridge.com
**Ellen E. Dew** ellen.dew@us.dlapiper.com
**Turner Falk** turner.falk@saul.com, tnfalk@recap.email;Veronica.Marchiondo@saul.com
**Justin Philip Fasano** jfasano@mhlawyers.com, jfasano@ecf.courtdrive.com;tmackey@mhlawyers.com;mevans@mhlawyers.com;cmartin@mhlawyers.com;Fasano.JustinR92003@notify.bestcase.com
**Ashley N Fellona** ashley.fellona@saul.com, janice.mast@saul.com
**Gianfranco Finizio** gfinizio@lowenstein.com
**Morgan W. Fisher** trustee@morganfisherlaw.com, MD65@ecfcbis.com;fisher@premierremote.com
**Chelsea R Frankel** cfrankel@lowenstein.com
**Jeremy S. Friedberg** jeremy@friedberg.legal, ecf@friedberg.legal
**Stephen B. Gerald** sgerald@tydings.com
**Christopher J. Giaimo** christopher.giaimo@squirepb.com, christopher.giaimo@squirepb.com;christopher-j-giaimo-6409@ecf.pacerpro.com
**Joshua Glikin** jglikin@shulmanrogers.com, abogert@shulmanrogers.com,mdicarlo@shulmanrogers.com
**Richard Marc Goldberg** rmg@shapirosher.com, ejd@shapirosher.com
**Jonathan A. Grasso** jgrasso@yvslaw.com, pgomez@yvslaw.com;r39990@notify.bestcase.com
**Zvi Guttman** zvi@zviguttman.com, zviguttman@gmail.com,zviguttman@outlook.com,MD55@ecfcbis.com
**Jeffrey C. Hampton** jeffrey.hampton@saul.com
**Catherine Keller Hopkin** chopkin@yvslaw.com, pgomez@yvslaw.com;kreese@yvslaw.com;vmichaelides@yvslaw.com;yvslawcmecf@gmail.com;hopkincr39990@notify.bestcase.com
**James R. Irving** james.irving@dentons.com
**Adam H Isenberg** adam.isenberg@saul.com

**Anthony Jankoski** ajankoski@whitefordlaw.com
**Harry Conrad Jones** HJones@coleschotz.com, bankruptcy@coleschotz.com;pratkowiak@coleschotz.com
**Lawrence A. Katz** lkatz@hirschlerlaw.com, ydover@hirschlerlaw.com;aklena@hirschlerlaw.com
**Toyja E. Kelley** Toyja.Kelley@troutman.com
**C. Kevin Kobbe** kevin.kobbe@us.dlapiper.com, docketing-baltimore-0421@ecf.pacerpro.com
**Eric George Korphage** korphagee@whiteandwilliams.com
**Jung Yong Lee** jlee@milesstockbridge.com, mhickman@tydings.com
**Gary H. Leibowitz** gleibowitz@coleschotz.com, pratkowiak@coleschotz.com;bankruptcy@coleschotz.com;lmorton@coleschotz.com
**Jean Evelyn Lewis** jlewis@kg-law.com, swisthoff@kg-law.com
**Thomas J. McKee** mckeet@gtlaw.com, Karrie.Barbaro@gtlaw.com,thomas mckee-0902@ecf.pacerpro.com
**Mark Minuti** mark.minuti@saul.com, robyn.warren@saul.com
**Randy Moonan** rmoonan@sillscummis.com
**William Fuller Moss** william.moss@friedberg.legal
**Bruce S. Nathan** bnathan@lowenstein.com
**Janet M. Nesse** jnesse@mhlawyers.com, jfasano@mhlawyers.com;cpalik@mhlawyers.com;jnesse@ecf.inforuptcy.com;tmackey@mhlawyers.com;cmartin@mhlawyers.com;kfeig@mhlawyers.com;BKrell@mhlawyers.com
**Craig Palik** cpalik@mhlawyers.com, cpalik@ecf.inforuptcy.com;Palik.CraigR92003@notify.bestcase.com;mevans@mhlawyers.com;cmartin@mhlawyers.com
**Michael Papandrea** mpapandrea@lowenstein.com
**Steven Gregory Polard** steven.polard@ropers.com, loriann.zullo@ropers.com;calendar-LAO@ropers.com
**Jonathan Gary Rose** jonathan.rose@us.dlapiper.com
**Jordan Rosenfeld** jordan.rosenfeld@saul.com
**Nikolaus F. Schandlbauer** nick.schandlbauer@arlaw.com, lianna.sarasola@arlaw.com
**Dennis J. Shaffer** dshaffer@tydings.com, scalloway@tydings.com;MYoung@tydings.com
**Indira Kavita Sharma** indira.sharma@troutman.com, katherine.culbertson@troutman.com;jonathan.young@troutman.com;david.ruediger@troutman.com;errol.chapman@troutman.com;toyja.kelley@troutman.com
**David J. Shuster** dshuster@kg-law.com, ssohn@kg-law.com
**Nicholas Smargiassi** nicholas.smargiassi@saul.com, sean.kenny@saul.com
**David Sommer** dsommer@gallagherllp.com, ceyler@gejlaw.com;csalce@gejlaw.com;mkobylski@gejlaw.com
**Brent C. Strickland** bstrickland@whitefordlaw.com, mbaum@whitefordlaw.com;brent-strickland-3227@ecf.pacerpro.com
**Matthew G. Summers** summersm@ballardspahr.com, branchd@ballardspahr.com;heilmanl@ballardspahr.com;ambroses@ballardspahr.com;zarnighiann@ballardspahr.com;carolod@ballardspahr.com;cromartie@ballardspahr.com;stammerk@ballardspahr.com;brannickn@ballardspahr.com
**S. Jason Teele** steele@sillscummis.com
**Paige Noelle Topper** paige.topper@saul.com
**US Trustee - Baltimore** USTPRegion04.BA.ECF@USDOJ.GOV